1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOJI SANIEFAR (SBN 233330)
SANIEFAR LAW
1220 Howard Avenue, Suite 200
Burlingame, CA  94010
Tel: (650) 581-0025
Email: moji@saniefarlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

FATEMEH SANIEFAR,

　　　　Plaintiff,

vs.

RONALD D. MOORE, TANYA E. MOORE,
KENNETH RANDOLPH MOORE,
MAREJKA SACKS, ELMER LEROY FALK,
ZACHERY M. BEST, MOORE LAW FIRM, a
California Professional Corporation, MISSION
LAW FIRM, a California Professional
Corporation, GEOSHUA LEVINSON, RICK
D. MOORE, WEST COAST CASP AND ADA
SERVICES, a California Corporation, RONNY
LORETO, and DOES 1 THROUGH 100,
inclusive

　　　　Defendants.

Case No.:

COMPLAINT FOR DECLARATORY
RELIEF, INJUNCTION AND DAMAGES
PURSUANT TO THE RACKETEER
INFLUENCED AND CORRUPT
PRACTICES ACT

18 U.S.C. §§ 1962 (c) and (d), 1964 (a) and
(c), 1341 and 1343

Demand for Jury Trial

Complaint; Demand for Jury Trial

## INTRODUCTION

1.    Plaintiff Fatemeh Saniefar pleads as follows against Defendants Tanya Moore, Kenneth Randolph Moore, Marejka Sacks, Leroy Falk, Zachery Best, Moore Law Firm, Mission Law Firm, Geoshua Levinson, Rick D. Moore, West Coast CASp and ADA Services, Ronald Moore, Ronny Loreto, and DOES 1 through 100, (collectively referred to herein as "Defendants")

## JURISDICTION AND VENUE

2.    The sole claim for relief in the Complaint arises under the Racketeering and Corrupt Practices Act, 18 U.S.C. §§ 1961 (1) (B), 1962 (c) and (d), 1964 (a) and (c), 1341 and 1343.  This Court has original subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

3.    The Court has personal jurisdiction over all Defendants because:  (a) Defendants Tanya Moore, Kenneth Randolph Moore, Marejka Sacks, Leroy Falk, Zachery Best, Geoshua Levinson, Rick D. Moore, Ronald Moore, and Ronny Loreto reside and work in California and (b) Defendants Moore Law Firm and Mission Law Firm are registered California Professional Corporations, and Defendant West Coast CASp and ADA Services is a registered California Corporation.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred or had effects in this District and because Defendants LeRoy Falk, Geoshua Levinson, Rick D. Moore, Ronald Moore, Ronny Loreto, and West Coast CASp and ADA Services live and/or conduct business in this District.

## THE DEFENDANTS

5.    Plaintiff is informed and believes, and thereon alleges, that Defendant Ronald D. Moore is a plaintiff in several cases prosecuted by Defendants Moore Law Firm and Mission Law Firm for alleged violations of the ADA and related state law claims.  Plaintiff is informed and believes, and thereon alleges, that Defendant Ronald Moore lives in Clovis, California and is the brother of Defendant Kenneth Randolph Moore.

6.    Plaintiff is informed and believes, and thereon alleges, that Defendant Tanya E. Moore is a

licensed California attorney whose legal practice primarily, if not solely, includes filing complaints under the Americans with Disabilities Act (the "ADA") and related state law claims. Plaintiff is informed and believes, and thereon alleges, that Defendant Tanya Moore is the President of Defendant Moore Law Firm and Secretary of Defendant Mission Law Firm.  Plaintiff is informed and believes, and thereon alleges, that Defendant Tanya Moore is or was married to Defendant Kenneth Randolph Moore and is the mother of Defendant Geoshua Levinson.

7.      Plaintiff is informed and believes, and thereon alleges, that Defendant Kenneth Randolph Moore (also known as "Randy Moore") is a licensed California attorney who was a principal and partner at Defendant Moore Law Firm and whose litigation practice from approximately 2010 primarily, if not solely, concerned alleged violations of the ADA and related state law claims. Plaintiff is informed and believes, and thereon alleges, that Defendant Randy Moore is or was married to Defendant Tanya Moore and is the brother of Defendant Ronald Moore.  Plaintiff is informed and believes, and thereon alleges, that Defendant Randy Moore is the principal and leader of Defendant Moore Law Firm and its successor Defendant Mission Law Firm.

8.      Plaintiff is informed and believes, and thereon alleges, that Defendant Marejka Sacks is a paralegal at Defendants Moore Law Firm and Mission Law Firm and is engaged in providing paralegal and legal services in the filing and prosecution of complaints under the ADA and related state law.

9.      Plaintiff is informed and believes, and thereon alleges, that Defendant Elmer Leroy Falk (also known as "Leroy Falk") is a licensed California attorney who is the President of Defendant Mission Law Firm, which law firm is primarily, if not solely, involved in filing complaints alleging violations of the ADA and related state law.

10.    Plaintiff is informed and believes, and thereon alleges, that Defendant Zachary M. Best (also known as "Zak Best") is a licensed California attorney who practices at Defendant Mission Law Firm, which firm is primarily, if not solely, involved in filing complaints alleging violations of the ADA and related state law claims.

11.    Plaintiff is informed and believes, and thereon alleges that Defendant Moore Law Firm is a California Professional Corporation which does business in San Jose, California at 332 N. Second

1    Street and which primarily, if not solely, is involved in filing complaints alleging violations of the

2    ADA and related state law claims.  Plaintiff is informed and believes, and thereon alleges, that the

3    majority of Defendant Moore Law Firm's ADA filings have taken place in this judicial district.

4    12.    Plaintiff is informed and believes, and thereon alleges that Defendant Mission Law Firm is a

5    California Professional Corporation doing business in San Jose, California at 332 N. Second

6    Street and which primarily, if not solely, is involved in filing complaints alleging violations of the

7    ADA and related state law claims.  Plaintiff is informed and believes, and thereon alleges, that the

8    majority, approximately 1,400, of Defendant Mission Law Firm's ADA filings have taken place

9    in this judicial district.

10   13.    Plaintiff is informed and believes, and thereon alleges, that Defendant Geoshua Levinson is

11   a California licensed Certified Access Specialist ("CASp") who acts as a consultant, percipient

12   witness, and expert in Defendant Ronald Moore's ADA cases and other cases prosecuted by

13   Defendants Moore Law Firm and Mission Law Firm.  Plaintiff is informed and believes, and

14   thereon alleges, that Defendant Geoshua Levinson is the President of Defendant West Coast

15   CASp and ADA Services ("West Coast CASp") which is listed on the California Secretary of

16   State's office as doing business at 18463 E. Kings Canyon Road in Sanger, California.  Plaintiff is

17   informed and believes, and thereon alleges, that Defendant Levinson is the step-son of Defendant

18   Randy Moore and son of Defendant Tanya Moore.

19   14.    Plaintiff is informed and believes, and thereon alleges, that Defendant Rick D. Moore is

20   employed by Defendant West Coast CASp to perform covert and unauthorized inspections of

21   facilities for Defendants Moore Law Firm and Mission Law Firm to assist in the filing of ADA

22   complaints.  Plaintiff is informed and believes, and thereon alleges, that Defendant Rick Moore

23   resides in Fresno, California and is the nephew of Defendant Randy Moore.

24   15.    Plaintiff is informed and believes, and thereon alleges, that Defendant West Coast CASp

25   and ADA Services is a California Corporation registered with the California Secretary of State

26   with a business address of 18463 E. Kings Canyon Road in Sanger, California.  Plaintiff is

27   informed and believes, and thereon alleges, that Defendant West Coast CASp's primary function

28   is to perform covert and unauthorized inspections of facilities for Defendants Moore Law Firm

1  and Mission Law Firm to assist in the filing of ADA complaints.

2  16.    Plaintiff is informed and believes, and thereon alleges, that Defendant Ronny Loreto is the

3  grandson of, and resides with, Defendant Ronald Moore.  Plaintiff is informed and believes, and

4  thereon alleges, that Defendant Loreto assists Defendants Moore Law Firm and Mission Law

5  Firm by providing false testimony regarding alleged visits with his grandfather, Defendant Ronald

6  Moore, to establishments that are sued by Defendants Moore Law Firm and Mission Legal on

7  behalf of Defendant Ronald Moore for supposed violations of the ADA and related state law.

8  17.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 100, inclusive,

9  have or are actively conspiring with one or all of the named Defendants in carrying out the acts

10  alleged herein.  Plaintiff is currently unaware of the identity of the persons and/or entities named

11  as DOES 1 through 100 and will amend this Complaint as the identity of these unknown DOE

12  Defendants is revealed.

## GENERAL ALLEGATIONS

### The Conspiracy

15  18.    Plaintiff is informed and believes, and thereon alleges, that all Defendants named herein,

16  including DOE Defendants working for or with Defendants Moore Law Firm and Mission Law

17  Firm have formed a criminal enterprise by using the Americans with Disabilities Act, Title III

18  ("ADA") to institute actions based on false allegations of disability, injury, and standing to collect

19  quick settlements from California businesses and citizens.

20  19.    Plaintiff is informed and believes, and thereon alleges that each member of the criminal

21  enterprise (as more fully described herein), helps to further the scheme to make money for all

22  involved in the conspiracy at the expense of California businesses and citizens, most of whom are

23  small business owners and immigrants to this country and cannot afford legal representation.

24  20.    Plaintiff is informed and believes, and thereon alleges that for most businesses and business

25  owners sued by Defendant Moore Law Firm and Mission Law Firm, it is cheaper to settle than to

26  litigate the merits of the action.

27  21.    Plaintiff is informed and believes, and thereon alleges that knowing the propensity of small

28  "mom-and-pop" establishments to settle cases early to avoid distraction to their business and

costly litigation, Defendants have perverted the purpose of the ADA and related state laws for their own greed and financial gain.  Plaintiff further is informed and believes, and thereon alleges that, in fact, the evidence will show that most of the businesses sued by Defendants have not undertaken any improvements to their facilities to become ADA compliant.

22.    Plaintiff is informed and believes, and thereon alleges that the lawsuits initiated by the criminal enterprise lack merit, are frivolous and vexatious because of false assertions regarding allegations of disabilities, visits to establishments, encounter of barriers, and intent to return. Plaintiff is informed and believes, and thereon alleges, without such false statements, Defendants would be unable to prosecute any of the ADA cases they file because they would fail to plead standing sufficient to establish a right to a claim under the ADA and related state law.

23.    Directly as a result of the criminal enterprise, Defendants, and each of them, have caused damages to Plaintiff.

24.    On April 14, 2014, Defendant Ronald Moore claims to have visited Zlfred's Restaurant ("Zlfred's") and allegedly suffered "difficulty, discomfort or embarrassment" as a result of encountering barriers based on his alleged disability.  In July 2014, Defendant Ronald Moore sued Zlfred's, including Fatemeh Saniefar (the Plaintiff herein) as a defendant in that action, as a result of alleged discrimination under the ADA.  That case was *Moore v. Saniefar, et al.*, case number 1:14-cv-01067-SKO ("the Prior Litigation") and filed in the Eastern District of California.  The Prior Litigation was terminated in April 2017 when the defendants in that matter, including Fatemeh Saniefar (the Plaintiff herein), obtained summary judgment in their favor.

25.    Based on the discovery performed in the Prior Litigation, Plaintiff is informed and believes, and thereon alleges, that Defendant Ronald Moore's allegations made in the Prior Litigation were false and that each Defendant named herein was, and continues to be, involved in a criminal enterprise through the use of interstate mail and wire channels to commit fraud on Plaintiff and others similarly situated.

26.    For example, Plaintiff is informed and believes, and thereon alleges, that although Defendant Ronald Moore has testified under oath in declarations and his deposition that he is unable to stand and walk without assistance, this is entirely false.  Contrary to his sworn

testimony, Plaintiff is informed and believes, and thereon alleges, that Defendant Ronald Moore can indeed walk by himself, without the use of a cane, person or object on which to lean.  At various times from March to April 2015, Defendant Ronald Moore has been taped during surveillance walking by himself and without any aid.

27.    Plaintiff is further informed and believes, and thereon alleges, that in the Prior Litigation, Defendant Ronald Moore also falsely testified about his encounter of barriers at Zlfred's on April 14, 2014.   For example, Defendant Ronald Moore testified that on two occasions on April 14, 2014, he got stuck in the bathroom at Zlfred's and had to "holler" so loudly for help, that his grandson was able to hear him all the way from where he was sitting in the dining room of the restaurant, and went to his rescue.  Plaintiff's witnesses have testified that this never happened.

28.    Plaintiff is informed and believes, and thereon allege that Defendants have actively conspired, participated and joined in aiding and abetting a racketeering enterprise whose activities affect interstate commerce within the meaning of 18 U.S.C. §§ 1961 (1) (B), 1341 and 1343 (relating to mail and wire fraud) and by operating, managing or otherwise being actively involved by aiding and abetting in the enterprise through a pattern of racketeering activities in conspiring schemes designed to defraud the public, and principally to defraud Plaintiff, all in violation of 18 U.S.C. § 1962 (c) and (d).

## The Criminal Enterprise

**Defendants Randy Moore, Tanya Moore and Marejka Sacks Lead the Criminal Enterprise.**

29.    Plaintiff is informed and believes, and thereon alleges that in or around 2009, Defendant Moore Law Firm, operated by Defendants Randy Moore and Tanya Moore, began suing California businesses and residents under the Americans with Disabilities Act and related state law for the purpose of extracting quick settlements.

30.    Plaintiff is informed and believes, and thereon alleges that Defendant Moore Law Firm has been filing literally hundreds of disability related litigation (approximately 1,400) on behalf of Defendant Ronald Moore and others since approximately 2009.

31.    Plaintiff is informed and believes, and thereon alleges that during this time, Defendant Moore Law Firm has filed on behalf of Defendant Ronald Moore over 250 cases in the Eastern

1   District of California and approximately 10 cases in the Northern District of California.

2   32.    Plaintiff is informed and believes, and thereon alleges that the criminal enterprise was

3   initially masterminded by Defendant Randy Moore, who then recruited his wife Defendant Tanya

4   Moore and employee, Defendant Marejka Sacks, to join the enterprise (collectively, "the

5   Ringleaders").

6   33.    Plaintiff is informed and believes, and thereon alleges that since that time, and continuing

7   until today, the enterprise is still masterminded by the trio of Defendants Randy Moore, Tanya

8   Moore and Marejka Sacks and has grown to include other family members, friends and lackeys

9   looking to profit in the money-raking enterprise, without regard to the fraudulent means used.

10  34.    Plaintiff is informed and believes, and thereon alleges, that the day-to-day activities to

11  support the fraudulent enterprise complained of herein is conducted by Tanya Moore and Marejka

12  Sacks who are the operators-in-fact of the activities of Defendants Moore Law Firm and Mission

13  Law Firm.

14  35.    Plaintiff is informed and believes, and thereon alleges, that Defendant Randy Moore still

15  directs the operations of Defendants Moore Law Firm and Mission Law firm.  Plaintiff is

16  informed and believes, and thereon alleges, that Defendant Randy Moore is a lawyer licensed in

17  the State of California and a member of the California State Bar.

18  36.    Plaintiff is informed and believes, and thereon alleges, that Defendant Tanya Moore is a

19  practicing lawyer licensed in the State of California and a member of the California State Bar.

20  Plaintiff is further informed and believes, and thereon alleges, that Defendant Tanya Moore

21  prosecutes ADA litigation on behalf of Defendant Ronald Moore (and numerous other persons)

22  and in the process, prepares, submits and signs (i) false pleadings and declarations filed with the

23  court, (ii) false discovery responses that is submitted to defense counsel, and (iii) correspondence

24  containing falsities to defense counsel and courts on behalf of her ADA clients.

25  37.    Plaintiff is informed and believes, and thereon alleges, that Defendant Marejka Sacks is a

26  senior paralegal at Defendants Moore Law Firm and Mission Law Firm.  Plaintiff is further

27  informed and believes, and thereon alleges, that Defendant Marejka Sacks performs the bulk of

28  the legal work for Defendants Moore Law Firm and Mission Law Firm, although she is not a

1    licensed attorney.

2    38.   Plaintiff is informed and believes, and thereon alleges, that Defendant Marejka Sacks

3    prepares the majority of the pleadings (which contain falsities) to be filed in court, engages in

4    telephonic and electronic meet-and-confer sessions with opposing counsel, prepares and submits

5    false discovery responses, and prepares and submits correspondence containing falsities to

6    defense counsel on behalf of the ADA clients of Defendants Moore Law Firm and Mission Law

7    Firm.  Plaintiff is informed and believes, and thereon alleges, that Defendant Marejka Sacks is

8    fully aware of the falsities contained in the documents that she prepares, produces, submits and

9    files.

10                   **The Fraudulent Scheme Involves the Filing of False ADA Claims**

11   39.   Plaintiff is informed and believes, and thereon alleges, that when the conspiracy first began

12   in approximately 2009, Defendants Randy Moore and Tanya Moore held meetings in Fresno,

13   California to recruit persons to act as ADA plaintiffs.  Plaintiff is informed and believes, and

14   thereon alleges, that in these meetings, Defendants Randy Moore and Tanya Moore advise

15   potential plaintiffs that they will be given a finder's fee for every complaint that they agree to

16   appear as named plaintiffs.

17   40.   Plaintiff is informed and believes, and thereon alleges, that Defendants Randy Moore and

18   Tanya Moore advise would-be ADA plaintiffs that they need not worry about actually

19   experiencing any difficulty, discomfort or embarrassment at the establishments to be sued.

20   Plaintiff is informed and believes, and thereon alleges, that Defendants Randy Moore and Tanya

21   Moore tell would-be ADA plaintiffs that investigators working for Defendants Moore Law Firm

22   and Mission Law Firm will find violations at the business establishments to be sued and that

23   Defendants Moore Law Firm and Mission Law Firm will supplement the complaint with these

24   violations on behalf of a would-be plaintiff.

25   41.   Plaintiff is informed and believes, and thereon alleges, that one (or a combination) of the

26   following Defendants, including Defendants Randy Moore, Tanya Moore, Geoshua Levinson (of

27   Defendant West Coast CASp), and/or Rick D. Moore (of Defendant West Coast CASp) visit the

28   establishments to be sued prior to filing of a complaint to covertly gather information to be used

1    in supplementing the ADA complaint (to be filed on behalf of a would-be ADA plaintiff) to

2    include violations of the ADA that allegedly caused the would-be ADA plaintiff difficulty,

3    discomfort, or embarrassment, even though such "difficulty, discomfort, or embarrassment" never

4    occurred and was never experienced by the named ADA plaintiff.

5    42.   Plaintiff is informed and believes, and thereon alleges, that Defendants Tanya Moore,

6    Marejka Sacks and DOE Defendants receive the information from the undercover investigation

7    contained in Paragraph 41 above and, based on such information, prepare the ADA complaints to

8    be filed in federal court.

9    43.   Plaintiff is informed and believes, and thereon alleges, that Defendants Tanya Moore,

10   Marejka Sacks and DOE Defendants have full knowledge that the allegations referring to the

11   ADA plaintiff's personally encountering barriers and experiencing "difficulty, discomfort or

12   embarrassment" are false and that the ADA complaint includes allegations that have been

13   supplemented by information from representatives of Defendants Moore Law Firm and Mission

14   Law Firm from an undercover investigation, and not actually experienced by the ADA plaintiff.

15   **Defendants Randy Moore and Tanya Moore Enlist Family Member, Ronald Moore, to Join**

16   **the Enterprise and Act as an ADA Plaintiff in Mass ADA Filings.**

17   44.   Plaintiff is informed and believes, and thereon alleges, that Defendants Randy Moore and

18   Tanya Moore conspired with Defendant Ronald Moore, who is the brother of Defendant Randy

19   Moore, to assist them in the filing of false complaints under the ADA for the purpose of extorting

20   California businesses into quick settlements.

21   45.   Plaintiff is informed and believes, and thereon alleges, that sometime in 2010, Defendants

22   Randy Moore and Tanya Moore recruited Defendant Ronald Moore to begin mass-filing ADA

23   litigation in the Northern and Eastern Federal Judicial Districts of California.

24   46.   Plaintiff is informed and believes, and thereon alleges, that at the time that Defendants

25   Randy and Tanya Moore approached Defendant Ronald Moore with this offer, Defendant Ronald

26   Moore had no job and was in desperate need of money.  Plaintiff is informed and believes, and

27   thereon alleges, that Defendants Randy Moore and Tanya Moore took advantage of Defendant

28   Ronald Moore's desperate emotional and financial condition.

47.   Plaintiff is informed and believes and thereon alleges that Defendants Randy Moore and Tanya Moore promised Defendant Ronald Moore that he would be given $1,000 for each ADA complaint for which he agreed to be the named plaintiff and which resulted in a settlement.

48.   Plaintiff is informed and believes, and thereon alleges, that Defendants Randy Moore and Tanya Moore, never informed Defendant Ronald Moore that a legitimate ADA plaintiff was entitled to a minimum of $4,000 in statutory damages under California law.  Plaintiff is further informed and believes, and thereon alleges, that Defendants Randy Moore, Tanya Moore, and Moore Law Firm, pocketed the bulk of the statutory damages paid by settling defendants, in addition to pocketing legal fees and costs.

49.   Plaintiff is informed and believes, and thereon alleges, that Defendants Randy Moore and Tanya Moore also told Defendant Ronald Moore that he would not need to report any of the monies received from the ADA litigation to federal and state taxing authorities or to federal and state social services agencies.  Plaintiff is informed and believes, and thereon alleges, that as a result of this advice, Defendant Ronald Moore never reported any of the monies received from the ADA litigation to the Internal Revenue Service or California Franchise Tax Board.  Plaintiff is further informed and believes, and thereon alleges, that Defendant Ronald Moore, also never reported any of the monies received from the ADA litigation to the Social Security Administration or California Department of Health and Human Services and, in fact, continued to receive federal and/or state assistance although he was earning at least $1,000 per ADA case he settled, or approximately $260,000.

50.   Plaintiff is informed and believes, and thereon alleges, that after Defendant Ronald Moore agreed to join the conspiracy, Defendants Tanya Moore, Randy Moore, and Marejka Sacks ("the Ringleaders") began mass filing ADA complaints in the Eastern and Northern Judicial Districts of California on behalf of Defendant Ronald Moore which included false claims about the extent of Defendant Ronald Moore's disability, his alleged visits to the business establishments being sued, false claims regarding encountering barriers, false claims regarding having suffered "difficulty, discomfort, or embarrassment," and false claims regarding his intent to return to the business establishment in an effort to establish standing.

51.   Plaintiff is informed and believes, and thereon alleges, that Defendants Tanya Moore, Randy Moore, and Marejka Sacks also filed false verifications with the courts on behalf of Defendant Ronald Moore.

52.   Plaintiff is further informed and believes, and thereon alleges, that Defendants Tanya Moore, Randy Moore, and Marejka Sacks also filed false declarations on behalf of Defendant Ronald Moore and submitted holographic and electronic signatures on behalf of Defendant Ronald Moore that did not belong to him, nor were known, nor authorized, by him.

53.   For example, Plaintiff is informed and believes, and thereon alleges, that on January 25, 2011, the Moore Law Firm filed a false declaration purporting to be reviewed, approved and signed by Ronald Moore for the purpose of opposing a motion to dismiss an ADA complaint filed in the Northern District.  Plaintiff is informed and believes, and thereon alleges, that the declaration was prepared by Defendant Marejka Sacks, filed with the Court by Defendant Tanya Moore, and reviewed and approved for filing by Defendant Randy Moore of Defendant Moore Law Firm, whose name appeared as legal representative on the pleading.

54.   Plaintiff is further informed and believes, and thereon alleges, that the declaration contained a false statement about Defendant Ronald Moore's residency to support his standing to maintain the ADA litigation.  Plaintiff is informed and believes, and thereon alleges, that the court heavily relied on the false declaration in denying the request for a motion to dismiss the ADA lawsuit.

55.   In a deposition on May 18, 2015, Defendant Ronald Moore reviewed the declaration that was submitted containing the false statement (as described in Paragraph 54 above) and testified that the information provided to the court in the declaration was untrue.

56.   Plaintiff is further informed and believes, and thereon alleges, that in numerous verified complaints, and in sworn testimony, Defendant Ronald Moore has testified that he is disabled and requires the use of a wheelchair for mobility and that he is unable to walk without the risk of falling unless he uses a cane, an object for support, or obtains the assistance of another person.

57.   On May 18, 2015, Defendant Ronald Moore testified under oath that he does not use a wheelchair at his home and that his home has not been made handicap-accessible.  Plaintiff is informed and believes, and thereon alleges, that Defendant Ronald Moore has further stated at

1   various times that he achieves mobility at his home by leaning on walls, using his cane, or

2   obtaining physical support from family members.

3   58.    Contrary to the representations regarding Defendant Ronald Moore's disability made under

4   oath, and the representations of his attorneys and attorneys' agents, video surveillance directly

5   contradicts Defendant Ronald Moore's testimony and the claims made in his various lawsuits.

6   Undercover surveillance performed from March 2015 to May 2015, shows Ronald Moore

7   walking, kicking, hopping, and bending, and all for an extended period of time without any need

8   for support or showing any signs of discomfort or hesitance in doing so.

9   **Defendant Ronald Moore's Grandson, Defendant Ronny Loreto, Agrees to Participate in**

10   **the Conspiracy and Provides False Testimony to Support the Claims Made in His**

11   **Grandfather's ADA Complaints.**

12   59.    Plaintiff is informed and believes, and thereon alleges, that Defendant Ronny Loreto, who is

13   Defendant Ronald Moore's grandson, is further part of the criminal enterprise complained of

14   herein and has also provided false information under sworn testimony to assist Defendants Ronald

15   Moore, Tanya Moore, Randy Moore, Moore Law Firm and Mission Law Firm in prosecuting

16   ADA cases for financial gain.

17   60.    Plaintiff is informed and believes, and thereon alleges, that Defendants Tanya Moore and

18   Randy Moore have enlisted the assistance and agreement of Defendant Ronny Loreto in

19   prosecuting false complaints on behalf of Defendant Ronald Moore.

20   61.    Plaintiff is informed and believes, and thereon alleges, that Defendant Ronny Loreto is

21   named in numerous complaints as accompanying his grandfather, Defendant Ronald Moore, to

22   Defendant Ronald Moore's alleged visits to business establishments that are later sued under the

23   ADA.

24   62.    Plaintiff is informed and believes, and thereon alleges, that in many instances, Defendant

25   Loreto visits establishments in lieu of his grandfather, Defendant Ronald Moore, for the purpose

26   of using Defendant Ronald Moore's credit card to make purchases, collect receipts, and submit

27   such receipts to Defendant Moore Law Firm to use in filing complaints under the ADA on behalf

28   of Defendant Ronald Moore.

63.    Plaintiff is informed and believes, and thereon alleges, that Defendant Loreto provides these receipts to Defendants Marejka Sacks, Tanya Moore and Moore Law Firm, who use the receipts for evidence to support the false allegations in future-filed ADA complaints on behalf of Defendant Ronald Moore.

64.    Plaintiff is informed and believes, and thereon alleges, that Defendant Ronny Loreto has also falsely testified regarding Defendant Ronald Moore's alleged visit to Zlfred's Restaurant on April 14, 2014 as a basis to support a complaint filed and prosecuted by Defendants Moore Law Firm and Mission Law Firm on behalf of Defendant Ronald Moore.

65.    Plaintiff is informed and believes, and thereon alleges, that Defendant Ronny Loreto falsely testified about the following details (which Plaintiff's witnesses dispute) regarding Defendant Ronald Moore's alleged visit to Zlfred's on April 14, 2014 to assist Defendants Ronald Moore, Moore Law Firm and Mission Law Firm establish standing and damages in the Prior Litigation:

- that Defendant Ronald Moore got stuck in the bathroom of Zlfred's Restaurant causing him to yell loudly on two separate occasions from the bathroom for Defendant Ronny Loreto, who was in the main dining room of the restaurant, to hear him and come to his rescue;
- that Defendant Ronald Moore yelled so loudly that everyone in the restaurant heard it; and
- that Defendant Ronald Moore picked up the tab of another table on the night of his alleged April 14, 2014 visit to Zlfred's thereby making his bill unusually high and outside the realm of possibility for the items allegedly ordered by Defendant Ronald Moore's table at Zlfred's.

66.    Plaintiff is informed and believes, and thereon alleges, that Defendant Ronny Loreto also falsely testified regarding his alleged visits to establishments with Defendant Ronald Moore on May 31, 2014 wherein Defendant Ronald Moore allegedly went to 9 facilities in the course of one day, suing a restaurant and a barbershop in Fresno and then another restaurant, an ice cream parlor, 4 mini marts/gas stations, and a cigar shop in Madera.

67.    Plaintiff is informed and believes, and thereon alleges, that Defendant Ronny Loreto falsely testified regarding Defendant Ronald Moore's standing for the visits described in Paragraph 66 above, by falsely claiming that he accompanied Defendant Ronald Moore to each of these establishments because of an emergency substance abuse intervention meeting to be conducted by

1    Defendant Ronald Moore in Madera on that particular day.

2    68.    Plaintiff is informed and believes, and thereon alleges, that Ronald Moore is not, and has

3    never been, a substance abuse interventionist, nor counselor and that the false testimony provided

4    by Defendant Ronny Loreto was provided under sworn testimony for the purpose of assisting

5    Defendants Ronald Moore, Moore Law Firm and Mission Law Firm establish false claims in

6    Defendant Ronald Moore's ADA litigation for the purpose of extorting settlements from the

7    business establishments being sued.

8         **Defendants Geoshua Levinson (Defendant Tanya Moore's Son), West Coast CASp and**

9              **ADA Services and Rick D. Moore Agree to Join the Criminal Enterprise to Provide**

10             **Additional Support for False Claims in ADA Complaints Made by the Enterprise.**

11   69.    Plaintiff is informed and believes, and thereon alleges, that Defendant Geoshua Levinson,

12   son of Defendant Tanya Moore, is a certified California Access Specialist ("CASp"), Certification

13   #380, with the State of California, Division of State Architect.

14   70.    Plaintiff is informed and believes, and thereon alleges, that Defendant Levinson is the

15   president and owner of West Coast CASp and ADA Services ("West Coast CASp"), a registered

16   California corporation.  Plaintiff is informed and believes, and thereon alleges, that Defendant

17   Levinson is the only CASp working for Defendant West Coast CASp.

18   71.    Plaintiff is informed and believes, and thereon alleges, that Defendant Rick Moore is

19   employed by Defendant West Coast CASp, although he is not a licensed CASp.

20   72.    Plaintiff is informed and believes, and thereon alleges, that Defendant Rick Moore is the

21   nephew of Defendant Randy Moore and was raised by Defendant Randy Moore in San Jose,

22   California from adolescence until early adulthood.

23   73.    Plaintiff is informed and believes, and thereon alleges, that the California Secretary of State

24   lists the agent for service of process for Defendant West Coast CASp as Geoshua Levinson with a

25   service and entity address of 18463 E. Kings Canyon Road in Sanger, California.  Plaintiff is

26   informed and believes, and thereon alleges, that this property is, in fact, a residential property that

27   is owned by Defendants Randy Moore and Tanya Moore and does not operate any business

28   activity.

74.    Plaintiff is informed and believes, and thereon alleges, that Defendant West Coast CASp, in fact, operates out of the same address as Defendants Moore Law Firm and Mission Law Firm, at 302 N. Second Street in San Jose, California.

75.    Plaintiff is informed and believes, and thereon alleges, that Defendants Levinson, West Coast CASp and Rick Moore play a crucial role in the enterprise and the functioning of the conspiracy alleged herein, and their participation is necessary to the scheme as they provide information to be included as false allegations in the ADA complaints filed by Defendants Moore Law Firm and Mission Law Firm.

76.    Plaintiff is informed and believes, and thereon alleges, that Defendant West Coast CASp primarily provides services to Defendants Moore Law Firm and Mission Law Firm by conducting undercover investigations unbeknownst to businesses to provide information to Defendants Marejka Sacks, Tanya Moore, Moore Law Firm and Mission Law Firm to draft false allegations on behalf of ADA plaintiffs to include in the complaints filed in federal courts.

77.    Plaintiff is informed and believes, and thereon alleges, that Defendants Geoshua Levinson and Rick Moore assist in the criminal enterprise complained of herein by receiving communication directly from Defendants Tanya Moore and Marejka Sacks of Defendants Moore Law Firm and Mission Law Firm regarding business establishments that are future targets of ADA lawsuits to be filed by Defendants Moore Law Firm and Mission Law Firm.

78.    Plaintiff is informed and believes, and thereon alleges, that based on the communication by Defendants Tanya Moore and Marejka Sacks of Defendants Moore Law Firm and Mission Law Firm, Defendants Geoshua Levinson and Rick Moore go to the named business establishments to generate evidence for Defendants Moore Law Firm and Mission Law Firm for use in subsequent ADA complaints.

79.    Plaintiff is informed and believes, and thereon alleges, that Defendants Levinson and Rick Moore provide evidence for use by Defendant Moore Law Firm and Mission Law Firm in the following ways:

- provide receipts for services or goods from business establishments that are then forwarded
  to Defendants Moore Law Firm and Mission Law Firm to use for subsequent ADA

complaints on behalf of ADA plaintiffs for the purpose of falsely establishing standing; and

• provide photographic and testimonial evidence of alleged barriers at business establishments that are used by Defendants Moore Law Firm and Mission Law Firm as a basis to allege an ADA plaintiff having encountered barriers and experienced "difficulty, discomfort or embarrassment" for the purpose of falsely establishing standing.

80. Plaintiff is informed and believes, and thereon alleges, that Defendants Levinson and Rick Moore know that the evidence collected during their covert inspections of businesses that is forwarded to Defendants Tanya Moore and Marejka Sacks of Defendants Moore Law Firm and Mission Law Firm will be used to prepare false allegations to include in future ADA complaints filed in federal courts on behalf of various ADA plaintiffs, including Defendant Ronald Moore.

81. Plaintiff is informed and believes, and thereon alleges, that the information provided by Defendants Levinson, Rick Moore and West Coast CASp, is used by Defendants Marjeka Sacks, Tanya Moore, Zak Best, Moore Law Firm and Mission Law Firm and DOE Defendants to prepare reports, declarations, letters, discovery responses and complaints containing false information in support of subsequent ADA litigation on behalf of various ADA plaintiffs, including Defendant Ronald Moore in the Prior Litigation.

82. Plaintiff is further informed and believes, and thereon alleges, that Defendants Geoshua Levinson and Rick Moore also provide false testimony in depositions and declarations on behalf of the ADA plaintiffs of Defendants Moore Law Firm and Mission Law Firm regarding their covert inspections of facilities and the reason for their visits to the facilities.

83. Plaintiff is informed and believes, and thereon alleges, that Defendants Levinson and Rick Moore receive compensation from their participation in the enterprise, in that the more undercover investigations they conduct, the more money they make from the scheme.

84. Plaintiff is informed and believes, and thereon alleges, that Defendants Tanya Moore, Geoshua Levinson and Rick Moore all visited Zlfred's restaurant prior to filing the complaint in the Prior Litigation for the purpose of performing a covert inspection and generating information to include as false allegations in the complaint in the Prior Litigation.

85.   Plaintiff is informed and believes, and thereon alleges, that the information obtained by Defendants Levinson, Tanya Moore and Rick Moore regarding Zlfred's in the Prior Litigation was provided to Defendant Marejka Sacks, who prepared false allegations attributed to Defendant Ronald Moore in the ADA complaint in the Prior Litigation.

86.   Plaintiff is informed and believes, and thereon alleges, that Defendants Geoshua Levinson and Rick Moore knew that the information that they provided regarding the findings from their covert investigations of Zlfred's was used by Defendant Moore Law Firm to prepare false allegations to include in Defendant Ronald Moore's ADA complaint.

87.   Plaintiff is further informed and believes, and thereon alleges, that Defendants Geoshua Levinson and Rick Moore also knew that the allegations in Ronald Moore's complaints regarding his disability are false because growing up, they have seen Defendant Ronald Moore as a family member and know the true state of Defendant Ronald Moore's physical condition.

88.   Plaintiff is informed and believes, and thereon alleges, that Defendant West Coast CASp falsely advertised on its website that it helps Californians "comply with Access Standards for Federal ADA and the California Building Code."  Plaintiff is further informed and believes, and thereon alleges, that Defendant West Coast CASp also falsely advertised that its inspectors have surveyed "thousands of facilities" and that they can help to "[p]revent drive-by lawsuits."

89.   Plaintiff is informed and believes, and thereon alleges, that, in fact, Defendant West Coast CASp's representations on its website were false when made because, as late as March 2016, Defendant Levinson testified under oath in a deposition that he had never been hired independently by a third-party business to perform any CASp inspections.

90.   Plaintiff is further informed and believes, and thereon alleges, that on September 23, 2015, Defendant Levinson provided a signed declaration in a court proceeding which contained false testimony regarding his experience helping California businesses comply with accessibility laws and falsely stated that he had performed CASp inspections for California businesses, when, in fact, his sole operations consisted of working for Defendant Moore Law Firm and assisting it in the filing of false ADA complaints.

91.   Plaintiff is informed and believes, and thereon alleges, that sometime in or about March of

2016, Defendant Levinson was admonished by the California Department of State Architect, (which governs CASps), and was forced to remove the false advertising promoted on Defendant West Coast CASp's website.

92.    Plaintiff is informed and believes, and thereon alleges, that although Defendant Levinson has a legal and ethical responsibility to California businesses and residents based on his CASp certification with the State of California, (and indeed holds himself out in the public eye as a certified California CASp), his loyalty is to the criminal enterprise complained of herein.

93.    For example, Plaintiff is informed and believes and thereon alleges that on September 12, 2016, Defendant Tanya Moore of Defendant Moore Law Firm, filed an ADA complaint on behalf of Jose Trujillo for an alleged visit to a business operated and/or owned by Prince's Superette in Visalia, California.

94.    Plaintiff is informed and believes, and thereon alleges that on or around September 30, 2016, after being served Jose Trujillo's ADA complaint, Prince's Superette hired Defendant Geoshua Levinson of Defendant West Coast CASp to perform a CASp inspection on the defendant's property.

95.     Plaintiff is informed and believes, and thereon alleges, that counsel for Prince's Superette was <u>unaware</u> that Defendants Geoshua Levinson and West Coast CASp were, in fact, affiliated with the adverse party in the matter, Jose Trujillo and Defendants Tanya Moore and Moore Law Firm.

96.    Plaintiff is further informed and believes, and thereon alleges, that Prince's Superette did not know that Defendant Levinson's company, Defendant West Coast CASp, had already performed an undercover investigation on Prince's Superette's facility on behalf of Jose Trujillo at the request of Defendants Marejka Sacks and Tanya Moore of Defendant Moore Law Firm, who then used the information generated by Defendant West Coast CASp to file an action against Prince's Superette containing false allegations.

97.    Plaintiff is informed and believes, and thereon alleges, that Defendant Levinson failed to inform Prince's Superette of these gross conflicts of interest, and, instead, intentionally, and in violation of his business and ethical obligations, hid the fact that he was affiliated with

1   Defendants Tanya Moore and Moore Law Firm and that his company, Defendant West Coast

2   CASp had already performed a covert investigation on Princess Superette on behalf of Jose

3   Trujillo, the party suing Prince's Superette.

4   **Upon Revelation of the Fraudulent Scheme, the Assets of Defendant Moore Law Firm are**

5   **Transferred to a New Entity, Defendant Mission Law Firm, Which Has Recruited**

6   **Defendants LeRoy Falk and Zachary Best in the Criminal Enterprise.**

7   98.   Plaintiff is informed and believes, and thereon alleges, that beginning in late 2015 to early

8   2016, the fraudulent activities of Defendants Randy Moore, Tanya Moore and Moore Law Firm

9   became publicly known as their fraudulent operations were broadcast in regional and national

10  news media, including on ABC News in Fresno and 60 Minutes, nationally.

11  99.   Plaintiff is further informed and believes, and thereon alleges that also in 2016, various

12  ADA plaintiffs that were used by Defendants Randy Moore, Tanya Moore and Moore Law Firm

13  sued Defendants Randy Moore, Tanya Moore and Moore Law Firm for fraud and breach of

14  contract for filing ADA complaints and negotiating settlements without their full knowledge and

15  consent, among other things.

16  100.  Plaintiff is informed and believes, and thereon alleges, that as a result of the public

17  revelation of Defendants' fraudulent practices, on or about November 2016, the assets and

18  operations of Defendant Moore Law Firm were transferred to a new entity called Mission Law

19  Firm, PC.

20  101.  Plaintiff is informed and believes, and thereon alleges, that Defendant Mission Law Firm

21  continues to work out of the same location as Defendant Moore Law Firm and employs most, if

22  not all, of Defendant Moore Law Firm's employees, including Defendants Tanya Moore and

23  Marejka Sacks and other DOE Defendants.

24  102.  Plaintiff is further informed and believes, and thereon alleges that the daily operations of

25  Defendant Mission Law Firm is still performed by Defendants Marejka Sacks and Tanya Moore.

26  103.  Plaintiff is informed and believes, and thereon alleges, that Defendant Tanya Moore is listed

27  as the Secretary of Defendant Mission Law Firm and Defendant LeRoy Falk is listed as the

28  President of Defendant Mission Law Firm.

104.  Plaintiff is informed and believes, and thereon alleges, that Defendant LeRoy Falk is a practicing member of the California State Bar.

105.  Plaintiff is informed and believes, and thereon alleges, that Defendant LeRoy Falk is a close friend of Defendants Randy Moore, Tanya Moore and Ronald Moore.

106.  Plaintiff is informed and believes, and thereon alleges, that Defendants Randy Moore and Tanya Moore approached Defendant LeRoy Falk and recruited Defendant Falk to join the criminal enterprise complained of herein.

107.  Plaintiff is informed and believes, and therein alleges, that Defendants Randy Moore, Tanya Moore and LeRoy Falk agreed that all assets of Defendant Moore Law Firm would be transferred to a new entity, Defendant Mission Law Firm, and Defendant LeRoy Falk would be named as President of Defendant Mission Law Firm.

108.  Plaintiff is informed and believes, and thereon alleges, that in exchange for taking responsibility for the operations of Defendant Mission Law Firm and the risks of running a business based on the commission of fraudulent acts as alleged herein, Defendant LeRoy Falk receives a percentage of the earnings from the lucrative ADA litigation practice of Defendant Mission Law Firm.

109.  Plaintiff is informed and believes, and thereon alleges, that Defendant LeRoy Falk knows, or should know in the exercise of reasonable care as a licensed attorney and President of Defendant Mission Law Firm, that the ADA complaints filed by Defendant Mission Law Firm contain falsities regarding the ADA plaintiffs' alleged disability, visit to establishments, encounter with barriers, and intent to return so as to establish standing under the ADA and related state law.

110.  In particular, Plaintiff is informed and believes, and thereon alleges, that Defendant LeRoy Falk knew, or in the exercise of reasonable care as a practicing and licensed attorney and President of Defendant Mission Law Firm, should have known, that the verified complaint and sworn testimony of Defendant Ronald Moore that Defendant Mission Law Firm continued to offer and argue in prosecution of Defendant Ronald Moore's ADA action against Plaintiff in the Prior Litigation were false as a result of the evidence revealed in the discovery conducted in the

Prior Litigation.

111.  In fact, Plaintiff is informed and believes, and thereon alleges that Defendant LeRoy Falk is a close friend of Defendant Ronald Moore and knows that Defendant Ronald Moore's allegations and testimony offered throughout litigation of ADA claims prosecuted by Defendant Mission Law Firm on behalf of Defendant Ronald Moore regarding the extent of Defendant Ronald Moore's alleged disabilities are false.

112.  However, Plaintiff is informed and believes, and thereon alleges that Defendant LeRoy Falk knowingly disregards the falsities offered by Defendant Mission Law Firm in prosecuting false ADA claims because he receives a portion of the monies received from the settling defendants in the ADA litigation.

113.  Plaintiff is informed and believes, and thereon alleges, that Defendant Mission Law Firm has employed the legal services of Defendant Zachary Best (also known as "Zak Best").

114.  Plaintiff is informed and believes, and thereon alleges, that Defendant Zak Best is a licensed attorney and member of the California State Bar.

115.  Plaintiff is informed and believes, and thereon alleges, that Defendant Zak Best has agreed to participate in the criminal enterprise in exchange for receiving compensation from the lucrative ADA litigation of Defendant Mission Law Firm.

116.  Plaintiff is informed and believes, and thereon alleges, that Defendant Zak Best has taken over the role of filing Defendant Mission Law Firm's numerous complaints under the ADA and related state laws since approximately November 2016 to the present day.  However, Plaintiff is informed and believes, and thereon alleges, that the Ringleaders (Defendants Randy Moore, Tanya Moore and Marejka Sacks) still direct and perform the majority of the daily activities of Defendant Mission Law Firm and that Defendant Zak Best takes direction from the Ringleaders and performs any and all tasks ordered by the Ringleaders to accomplish the goals of the enterprise.

117.  Plaintiff is informed and believes, and thereon alleges, that Defendant Zak Best knows, or should know in the exercise of reasonable care as a practicing attorney of Defendant Mission Law Firm and the lead attorney in many of Defendant Mission Law Firm's ADA cases, that the ADA

complaints filed by Defendant Mission Law Firm contain falsities regarding the ADA plaintiffs' alleged disability, visit to establishments, encounter with barriers, and intent to return to establish standing under the ADA and related state law.

118.  In particular, Plaintiff is informed and believes, and thereon alleges, that Defendant Zak Best knew, or in the exercise of reasonable care as a practicing and licensed attorney of Defendant Mission Law Firm and one of the lead attorneys in the Prior Litigation, should have known, that the verified complaint and sworn testimony of Defendant Ronald Moore that he continued to offer and argue in prosecution of Defendant Ronald Moore's ADA action against Plaintiff in the Prior Litigation were false as a result of the evidence revealed in the discovery conducted in the Prior Litigation.

119.  Plaintiff is informed and believes, and thereon alleges, that Defendant Zak Best ignored his duty of candor to the Court, and for his own financial gain, agreed to participate in the criminal enterprise without regard to his ethical responsibilities.

120.  As a result, Plaintiff is informed and believes and thereon alleges that Defendant Zak Best knowingly continued to offer and argue in court pleadings, court filings, and correspondence with opposing counsel, false statements regarding Defendant Ronald Moore's alleged disability, visit to Zlfred's, encounter with barriers, and intent to return to establish standing under the ADA and related state law for the purpose of benefitting from a portion of any money paid by defendants in the Prior Litigation to Defendant Ronald Moore.

## FIRST CAUSE OF ACTION

### Racketeer Influenced and Corrupt Practices Act

### 18 U.S.C. §§ 1961 (1) (B), 1962 (c) and (d), 1964 (a) and (c), 1341 and 1343

### As to all Defendants

121.  Plaintiff re-alleges and incorporates herein by this reference the allegations in Paragraphs 1 through 120 above as though fully set forth herein.

122.  Plaintiff is informed and believes, and thereon alleges, that all named and DOE Defendants have engaged in a pattern of fraud and deception by participating in the preparation, drafting, filing and prosecution of ADA lawsuits based on falsities in verified complaints in violation of

the Racketeer Influenced and Corrupt Practices Act ("RICO").

123.  Plaintiff is informed and believes, and thereon alleges, that all named and DOE Defendants have participated, and continue to participate, in a racketeering enterprise (the "Enterprise"), as defined in 18 U.S.C. § 1961 (4) by the forming of a "group of individuals associated-in-fact" to create schemes to defraud the public, and specifically to defraud Plaintiff as alleged herein.

124.  Plaintiff is informed and believes, and thereon alleges, that the racketeering Enterprise advanced and further promoted the Defendants' wrongful acts and unlawful activities by unlawfully initiating, prosecuting and supporting false claims thereby deriving income directly or indirectly from a closed end pattern of criminal acts, constituting a racketeering activity.

125.  Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 100 knew, or should have known, of the closed end patterns of racketeering activities at the hands of those individuals involved in the association-in-fact enterprise, and with said knowledge accepted and received from the association-in-fact enterprise income derived from the closed-end criminal acts that formed a pattern of racketeering activities.

126.  Plaintiff is informed and believes, and thereon alleges, that Defendants are operating and benefiting with the income derived directly or indirectly from closed-end criminal acts that formed a pattern of racketeering activities and continues in an open-ended pattern of carrying on with the specified unlawful activities which affect interstate commerce.

127.  Plaintiff is informed and believes, and thereon alleges, that the unlawful activities promoted and advanced by the group of individuals associated in fact constitute criminal acts or predicate acts that advanced a pattern of racketeering activities as defined, and in violation of 18 U.S.C. §§ 1341 and 1343 (relating to mail and wire fraud), as alleged herein, and by operating, managing or otherwise being actively involved by aiding and abetting in the enterprise through open-ended patterns of criminal acts which constitutes racketeering activities in conspiring schemes designed to defraud the public, and principally to defraud Plaintiff, all in violation of 18 U.S.C. § 1962 (c) and (d) as alleged herein.

128.  Plaintiff is informed and believes, and thereon alleges, that violation of 18 U.S.C. §§ 1961 (1) (B), 1962 (c) and (d), 1341 and 1343 continues to this day on an open-ended pattern of

1  criminal acts by the actions of the Enterprise in using the U.S. Mail, telephone and internet

2  services to transfer information that is fraudulent by means of a closed-end pattern of racketeering

3  by Defendants which constitutes an unlawful activity and an advancement of the racketeering

4  Enterprise.

5  129.  Plaintiff is informed and believes, and thereon alleges, that the racketeering Enterprise

6  deprived Plaintiff of monies entitling Plaintiff to damages pursuant to 18 U.S.C. § 1964 (c).

7  **Mail Fraud**

8  130.  Plaintiff is informed and believes, and thereon alleges, that commencing in approximately

9  2010 to the present, all named Defendants and Does 1 through 100 devised a scheme or artifice to

10  defraud the public, and principally, to defraud Plaintiff of money and property by means of false

11  or fraudulent pretenses and representations

12  131.  Plaintiff is informed and believes, and thereon alleges, that Defendants, in their roles and

13  involvement as alleged in this Complaint, periodically used the U.S. Mail to submit receipts,

14  reports, signatures, verifications, declarations, complaints, discovery, correspondence, and other

15  documents containing false information ("Sham Documents") related to the litigation being

16  prosecuted.  Plaintiff is informed and believes, and thereon alleges, that the U.S. Mail was used to

17  submit the Sham Documents by Defendants to each other, to Plaintiff and Plaintiff's counsel, to

18  the Court, and to other members of the public in the course of litigating and prosecuting ADA

19  cases.

20  132.  Plaintiff is informed and believes, and thereon alleges, that the contents of the Sham

21  Documents contained false statements in violation of law.  Plaintiff is informed and believes, and

22  thereon alleges, that the Sham Documents, at a minimum, included information that was used to

23  falsely establish Defendant Ronald Moore's disability, visits to the facilities being sued, the

24  existence and encounter of barriers, and intent to return in a sham effort to establish standing

25  under the ADA.

26  133.  Plaintiff is informed and believes, and thereon alleges, that the false or fraudulent pretenses

27  and representations were ultimately delivered to Plaintiff and the court through periodic

28  documents or correspondence.

134.  Plaintiff is informed and believes, and thereon alleges, that Defendants prepared the Sham Documents that contained the false pretenses and representations and submitted and delivered said Sham Documents to each other, Plaintiff, and the court by placing a true copy of the Sham Document in a sealed envelope addressed to one or more of Defendants, Plaintiff's counsel, and the court.

135.  Plaintiff is informed and believes, and thereon alleges, that Defendants then placed the envelope(s) for collection and processing for mailing in their normal course of business in which Defendants were familiar, the documents were then placed for collection and mailing and deposited in the ordinary course of business with the United States Postal Services, with postage fully prepaid.  Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them used the United States Postal Service to perpetrate their fraudulent schemes, all in violation of Title 18 U.S.C. §§ 1961 (1) (B), 1962 (c) and (d), and 1341.

136.  Plaintiff is informed and believes, and thereon alleges, that all named and DOE Defendants had knowledge of their participation in providing and preparing the falsities contained in the Sham Documents as alleged herein, and that the Sham Documents were being used in supporting false ADA complaints in federal court, and in particular, in the Prior Litigation against Plaintiff.

137.  In particular, Plaintiff is informed and believes, and thereon alleges, that Defendants Tanya Moore, Randy Moore, LeRoy Falk and Zak Best are dully licensed to practice law, and had knowledge, or should have had knowledge, due to the profession that they are in, that the Sham Documents submitted in prosecution of the Prior Litigation to Plaintiff's counsel and the court were indeed fraudulent.

138.  Plaintiff is informed and believes, and thereon alleges, that violation of 18 U.S.C. § 1341 for mail fraud continues to this day on an open-ended pattern of criminal acts by the actions of the Enterprise in using the U.S. Mail to transfer information that is fraudulent by means of a closed-end pattern of racketeering by Defendants which constitutes an unlawful activity and an advancement of the racketeering Enterprise.

**Wire Fraud**

139.  Plaintiff is informed and believes, and thereon alleges, that all named and DOE Defendants

in their roles and involvement as alleged in this Complaint, periodically used U.S. wire services to submit the Sham Documents related to the litigation being prosecuted.  Plaintiff is informed and believes, and thereon alleges, that U.S. wire services were used to submit the Sham Documents by Defendants to each other, to Plaintiff and Plaintiff's counsel, to the Court, and to other members of the public in the course of litigating and prosecuting ADA cases.

140.  Plaintiff is informed and believes, and thereon alleges, that Defendants also used U.S. wire services to conduct telephone calls with each other, opposing counsel (including Plaintiff's counsel), witnesses, and the court to communicate false information for the advancement of the conspiracy as alleged herein.

141.  Plaintiff is informed and believes, and thereon alleges, that Defendants also used U.S. wire services to submit electronic mail to each other, opposing counsel (including Plaintiff's counsel), witnesses and the court to communicate false information for the advancement of the conspiracy.

142.  Plaintiff is informed and believes, and thereon alleges, that the contents of the Sham Documents submitted via wire services, as well as the phone calls and electronic mail used (the "Communications"), by the Defendants contained false statements in violation of law.  Plaintiff is informed and believes, and thereon alleges, that the Sham Documents and Communications, at a minimum, included information that was used to falsely establish Defendant Ronald Moore's disability, visits to the facility being sued, the existence and encounter of barriers, and intent to return to the facility in a sham effort to establish standing under the ADA.

143.  Plaintiff is informed and believes, and thereon alleges, that the false or fraudulent pretenses and representations were delivered and/or communicated to Plaintiff through periodic documents, correspondence and contacts.

144.  Plaintiff is informed and believes, and thereon alleges, that Defendants prepared the Sham Documents, and engaged in the Communications, that contained false pretenses and representations, and submitted and delivered said Sham Documents and Communications to each other, Plaintiff's counsel, and the court, by e-mailing a true copy of the Sham Documents, or using telephone or electronic services to engage in the Communications,  addressed to one or more of the Defendants, Plaintiff's counsel, and the court.

145.  Plaintiff is informed and believes, and thereon alleges, that Defendants used electronic services, such as e-mails, in the normal course of business in which Defendants were familiar. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, used the electronic services to perpetrate their fraudulent schemes, all in violation of Title 18 U.S.C. §§ 1961 (1) (B), 1962 (c) and (d) and 1343.

146.  Plaintiff is informed and believes, and thereon alleges, that Defendants used wire services, such as telephonic and cellular use, in the normal course of business in which Defendants were familiar to make inquiries or respond to the Sham Documents and Communications with each other, Plaintiff, and the court and that the fraud would be confirmed and upheld by Defendants through use of wire services.

147.  Plaintiff is informed and believes, and thereon alleges, that all named and DOE Defendants had knowledge of their participation in providing and preparing the falsities contained in the Sham Documents and Communications as alleged herein, and that the Sham Documents and Communications were being used in supporting false ADA complaints in federal court, and in particular, in the Prior Litigation against Plaintiff.

148.  In particular, Plaintiff is informed and believes, and thereon alleges, that Defendants Tanya Moore, Randy Moore, LeRoy Falk and Zak Best are dully licensed to practice law, and had knowledge, or should have had knowledge, due to the profession that they are in, that the Sham Documents and Communications submitted in prosecution of the Prior Litigation to Plaintiff's counsel and the court were indeed fraudulent.

149.  Plaintiff is informed and believes, and thereon alleges, that violation of 18 U.S.C. § 1343 for wire fraud continues to this day on an open-ended pattern of criminal acts by the actions of the enterprise in using wire services to transfer information that is fraudulent by means of a closed-end pattern of racketeering by Defendants which constitutes an unlawful activity and an advancement of the racketeering Enterprise.

150.  The racketeering activities set forth herein caused damage to Plaintiff in that the racketeering Enterprise deprived Plaintiff of monies in violation of 18 U.S.C. §§ 1961 (1) (B), 1962 (c) and (d), 1964 (c), 1341, and 1343.

1   151.  The named and DOE Defendants, and each of them, are each jointly and severally liable to

2   Plaintiff for damages, costs and attorney's fees as alleged herein.

3   152.  As a direct and proximate result of the actions of Defendants and each of them, Plaintiff has

4   been damaged (including general and consequential damages) in an amount to be determined at

5   trial, which includes, but is not limited to, financial losses and damages incurred as a result of

6   Defendants' fraud uncovered throughout the course of the Prior Litigation, case number 1:14-cv-

7   01067-SKO, filed in the Eastern District of California.  Plaintiff's financial losses and damages as

8   a result of Defendants' fraud includes, but is not limited to, amounts paid for investigative

9   services to uncover the fraud of the enterprise, amounts paid to consultants, experts and

10   contractors as a result of the false statements made by the enterprise, amounts paid for  litigation

11   costs and expenses incurred in defending against the false allegations made in the Prior Litigation,

12   and attorney's fees incurred in defending against the false allegations made in the Prior Litigation.

13   153.  As a further direct and proximate result of the actions of Defendants and each of them per

14   law, Plaintiff is entitled to triple damages for all harm caused to them.

15   154.  As a further direct and proximate result of the actions of Defendants and each of them, due

16   to their willful, malicious, despicable, fraudulent and unlawful actions, Plaintiff requests

17   exemplary damages in the form of punitive damages in an amount according to proof at the time

18   of trial.

19   155.  As a further direct and proximate result of the actions of Defendants' acts, Plaintiff is

20   entitled to interest on all consequential and general damages at the legal rate of 10% per annum,

21   until judgment is collected, should Plaintiff prevail in this immediate action.

22   156.  As a further direct and proximate result of Defendants' acts, Plaintiff is entitled to costs and

23   reasonable attorney's fees according to proof at the time of trial for prosecuting this action.

24   157.  And for that other and further relief the Court may deem just and proper

25                                           **PRAYER**

26          WHEREFORE Plaintiff seeks judgment be entered in favor of Plaintiff and against

27    Defendants, and each of them, as follows:

28   1.       Declaration that the conspiracy, and the conduct in furtherance of the conspiracy, between

1     the Defendants violates 18 U.S.C., § 1962 (c);

2  2.  Declaration that the conspiracy, and the conduct in furtherance of the conspiracy, between

3     the Defendants violates 18 U.S.C., § 1962 (d);

4  3.  Declaration that the conspiracy, and the conduct in furtherance of the conspiracy, between

5     the Defendants violates 18 U.S.C., § 1341;

6  4.  Declaration that the conspiracy, and the conduct in furtherance of the conspiracy, between

7     the Defendants violates 18 U.S.C., § 1343;

8  5.  Enjoining Defendants, and each of them, pursuant to 18 U.S.C., § 1964 (a) from further

9     violations of 18 U.S.C., § 1962 by issuing appropriate orders, including, but not limited to:

10     (1) ordering divestment of any interest, direct or indirect, in any enterprise; (2) imposing

11     reasonable restrictions on the future activities or investments of any person, including, but

12     not limited to, prohibiting any person from engaging in the same type of endeavor as the

13     enterprise engaged in; and (3) ordering dissolution or reorganization of any enterprise;

14  6.  Plaintiff is entitled to general damages according to proof at trial;

15  7.  Plaintiff is entitled to consequential damages according  to proof at the time of trial;

16  8.  Plaintiff is entitled to treble damages as provided in 18 U.S.C. § 1964 (c) in an amount to

17     be proved at time of trial;

18  9.  Plaintiff is entitled to damages in the form of interest at the legal rate of 10% interest per

19     annum on all general and consequential damages according to proof at time of trial;

20  10.  Plaintiff is entitled to costs and attorney's fees; and

21  11.  Plaintiff is entitled to any other amounts which the Court deems proper and just.

22

23  Dated:  June 20, 2017                    SANIEFAR LAW

24                                          /s/ Moji Saniefar

25                                          Moji Saniefar
                                            Attorneys for Plaintiff, Fatemeh Saniefar

26

27

28

1

**DEMAND FOR JURY TRIAL**

2          Plaintiff Fatemeh Saniefar hereby demands a jury trial as provided by Rule 38(a) of the

3    Federal Rules of Civil Procedure.

4

5    Dated:  June 20, 2017                          SANIEFAR LAW

6                                                   /s/ Moji Saniefar

7                                                   Moji Saniefar
                                                    Attorneys for Plaintiff, Fatemeh Saniefar
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28