Tanya E. Moore, SBN 206683
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
Email: service@mission.legal

Attorney for Defendants,
Mission Law Firm, Moore Law Firm,
West Coast CASp & ADA Services,
Kenneth Randolph Moore, Geoshua Levinson,
Rick D. Moore, Ronald D. Moore, Ronny Loreto,
Elmer LeRoy Falk, and Marejka Sacks

Tanya E. Moore, SBN 206683
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
Email: service@mission.legal

Defendant in pro se

Zachary M. Best, SBN 166035
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
Email: service@mission.legal

Defendant in pro se

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FATEMEH SANIEFAR,<br><br>    Plaintiff,<br><br>vs.<br><br>RONALD D. MOORE, et al.,<br><br>    Defendants. | No. 1:17-cv-00823-LJO-BAM<br><br>**DEFENDANTS' *EX PARTE* REQUEST TO EXTEND RESPONSIVE PLEADING DEADLINE BY SEVEN DAYS (L.R. 144(c)); ORDER**<br><br>*(Declaration of Tanya E. Moore filed concurrently herewith)*<br><br>Current Deadline:   January 19, 2018<br>Requested Deadline:   January 26, 2018 |

Defendants make this *ex parte* request pursuant to Local Rule 144(c) to extend the deadline to respond to Plaintiff's First Amended Complaint from January 19, 2018 to January 26, 2018 for the reasons set forth below. Defendants have received no response from Plaintiff's counsel regarding their requested extension, and therefore make this request *ex parte* directly to the Court. (Declaration of Tanya E. Moore, filed herewith ("Moore Decl."), ¶¶ 3-4.)

On December 1, 2018, this Court granted Defendants' motions to dismiss Plaintiff's RICO action, but granted Plaintiff leave to amend within 20 days of the Court's Order. (ECF No. 29.) On December 21, 2017, the Court further granted the Parties' stipulated request to extend the deadline for Plaintiff to file her First Amended Complaint to January 3, 2018, and the deadline for Defendants to file their responsive pleading to January 19, 2018. (ECF No. 31.) Plaintiff timely filed her amended complaint. (ECF No. 33.)

On Friday, January 12, 2018, the Ninth Circuit Court of Appeals issued its decision in the matter of *Moore v. Millennium Acquisitions, LLC, et al.*, Ninth Circuit Case Number 16:15531 ("*Millennium*"), which was an appeal by the *Millennium* defendants from a judgment in favor of plaintiff, Ronald Moore, in the Eastern District of California case number 1:14-cv-01402-DAD-SAB. A copy of that decision is attached as Exhibit A to the Moore Declaration.

The Ninth Circuit affirmed the district court's grant of summary judgment to Ronald Moore on the issue of Ronald Moore's disability, finding that no factual dispute as to Ronald Moore's disability was created by the video surveillance the *Millennium* defendants relied upon to discredit Ronald Moore's disability:

> The evidence on which Millennium relies is not to the contrary. Millennium points to surveillance footage showing Moore walking short distances and a declaration from Dr. Miller, a physician who once treated Moore, indicating that Moore's wheelchair is not "medically necessary." But Moore does not dispute that he is capable of walking unassisted. Rather, he maintains that he uses a wheelchair because walking unaided is painful and difficult. Evidence that Moore physically can walk but chooses to use a wheelchair as a mobility aid does not raise a material factual dispute as to whether Moore is disabled under the ADA. *See Bragdon v. Abbott*, 524 U.S. 624, 641 (1998).

(Moore Decl., Exhibit A at p. 3.)

Upon receiving this decision, Defendants, through attorney Tanya Moore, immediately contacted Plaintiff's counsel that same date (January 12, 2018) and requested, amongst other things relevant to the Ninth Circuit's decision, that Plaintiff agree to extend their responsive pleading deadline as Defendants need to research and evaluate the impact of the Ninth Circuit's decision on this matter. (Moore Decl., ¶ 3.) Defendants received no response to this request, and, through attorney Tanya Moore, again contacted Plaintiff's counsel on Monday, January 15, 2018 and advised that if no response was received by close of business that day, Defendants would make a request for the extension directly to the Court on January 16, 2018. No response was received. (Moore Decl., ¶ 4.)

Good cause exists to grant this request because Defendants believe that Plaintiff may be foreclosed from reasserting that Ronald Moore is disabled on the grounds of collateral estoppel because Defendants believe that the evidence will demonstrate that the *Millennium* defendants stand in privity with Plaintiff here, Fatemeh Saniefar. However, Defendants need time to research and investigate this belief before briefing the matter to the Court in any argument that this action should be dismissed with prejudice. No Scheduling Order has issued in this matter, and the Scheduling Conference is not until April 9, 2018.

Defendants therefore respectfully request that they be given an additional week to respond to Plaintiff's First Amended Complaint.

| | |
|---|---|
| Dated: January 16, 2018 | */s/ Tanya E. Moore*<br>Tanya E. Moore<br>Attorney for Defendants<br>Mission Law Firm, Moore Law Firm, West Coast CASp & ADA Services, Kenneth Randolph Moore, Geoshua Levinson, Rick D. Moore, Ronald D. Moore, Ronny Loreto, Elmer LeRoy Falk, and Marejka Sacks |
| Dated: January 16, 2018 | */s/ Tanya E. Moore*<br>Tanya E. Moore<br>Defendant in pro se |
| Dated: January 16, 2018 | */s/ Zachary M. Best*<br>Zachary M. Best<br>Defendant in pro se |

**ORDER**

On January 16, 2018, Defendants submitted the instant *ex parte* request for an extension of time to file their responsive pleading to the first amended complaint. Defendants explain that additional time is needed to research the impact of the Ninth Circuit Court of Appeals decision in the matter of *Moore v. Millennium Acquisitions, LLC, et al.*, Case No. 16-15531, which was issued on January 12, 2018. (Doc. No. 36.)

On January 17, 2018, Plaintiff opposed the *ex parte* request, arguing that Defendants have not presented any basis for the extension of time because, amongst other things, the same information contained in the Ninth Circuit's decision was previously available to Defendants, although at the trial court level, and no new arguments have been raised by the decision for Defendants' consideration. (Doc. No. 37.)

Having considered the parties' arguments, the Court finds good cause for an extension of time to allow Defendants an opportunity to assess the impact, if any, that the Ninth Circuit's recent decision may have on this action. Plaintiff has not identified any prejudice resulting from the brief seven-day extension of time requested by Defendants, and the Court finds none. Accordingly, Defendants' *ex parte* request is GRANTED, and the deadline for all Defendants to file their responsive pleading is extended to January 26, 2018. No further extensions of time shall be granted absent a showing of good cause.

IT IS SO ORDERED.

Dated: **January 17, 2018**   /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE