UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATEMEH SANIEFAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RONALD D. MOORE, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00823-LJO-BAM<br><br>**ORDER REGARDING PRIVILEGE LOG**<br><br>(Doc. No. 135) |

  Currently pending before the Court is Defendants' request to produce a categorical privilege log. The request originally was submitted to the Court through its informal discovery dispute resolution procedure. However, following an informal conference with the parties on March 29, 2019, the Court determined that Defendants' request was not amenable to informal resolution, and set the matter for hearing on April 19, 2019. (Doc. No. 135.)

  On April 12, 2019, Defendants filed their brief asserting that a document-by-document privilege log is unduly burdensome for the requests at issue, which are limited to email communications, and they should be permitted to submit a "categorical" privilege log for internal law firm communications. (Doc. No. 137.) Plaintiff also submitted a brief in opposition, contending that the nature of this action requires a detailed privilege log. (Doc. No. 138.)

  Having considered the briefs and record on file, the Court found the matter capable of resolution without oral argument. Therefore, the hearing set for April 19, 2019, was vacated, and

1

the matter submitted on the papers pursuant to Local Rule 230(g). For the reasons discussed below, Defendants' request to submit a categorical privilege log shall be DENIED.

**I.  Background**

Plaintiff brings this action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, against Defendants Ronald D. Moore, Tanya E. Moore, Kenneth Randolph ("Randy") Moore, Marejka Sacks, Elmer Leroy Falk, Zachary M. Best, Moore Law Firm, Mission Law Firm, Geoshua Levinson, Rick D. Moore, West Coast CASp and ADA Services ("West Coast CASp"), Ronny Loreto and Does 1-100. Plaintiff's action stems from allegations that Defendants are each part of a criminal enterprise that uses fraudulent Americans with Disabilities Act ("ADA") actions, predicated on false allegations of disability, injury and standing, to collect quick settlements from California businesses and citizens. Plaintiff alleges that the scheme is accomplished through predicate acts of mail fraud and wire fraud.[1]

On March 1, 2019, Plaintiff filed a motion to compel Defendants to provide supplemental responses, documents and a privilege log in response to Plaintiff's Request for Production of Documents, Set One. (Doc. No. 119.)

On March 18, 2019, with the assistance of the parties' letter briefs, the Court held an informal discovery dispute conference to address issues raised by the motion to compel. As to the production of documents, Plaintiff complained that Defendants had produced only a handful of documents and had asserted attorney-client privilege or work product protection for the remainder of the requested documents but had failed to produce a privilege log. Plaintiff also asserted that any protection for attorney-client privilege or attorney-work product had been waived based on the crime fraud exception, and Defendants should be ordered to produce the requested documents. Defendants countered that Plaintiff had failed to establish or explain how the crime fraud exception applied to any of the ADA cases for which Plaintiff sought the production of documents. Defendants also claimed that Plaintiff's requests were overbroad, burdensome and harassing as they

---

[1] To state a claim for mail and wire fraud, a plaintiff must establish, in addition to the other elements of a RICO claim, "(1) a scheme or artifice devised with (2) the specific intent to defraud and (3) use of the United States mail or interstate telephone wires in furtherance thereof." *Orr v. Bank of Am.*, 285 F.3d 764, 782 (9th Cir. 2002).

2

sought production of all documents and communications ever exchanged between a law firm, its clients and its staff regarding approximately 250 to 1,400 plus ADA lawsuits. Plaintiff clarified at the conference that the initial requests had been narrowed to the 250 cases prosecuted by Ronald Moore. After considering the parties' arguments, the Court continued the hearing on the motion to compel, and directed the parties to meet and confer on the following issues: (1) narrowing the scope of Plaintiff's document requests; (2) Defendants' possible rolling production of a privilege log; (3) the terms of a protective order; (4) whether witnesses and evidence would be presented at the hearing regarding the crime-fraud exception; and (5) preparation of a joint statement re discovery disagreement. (Doc. No. 128.)

Following the conference, in an effort to limit the scope of the requests, Plaintiff provided Defendants with a tentative list of proposed categories of documents related to two *Moore v. Saniefar* matters filed by Ronald Moore against Plaintiff in 2014 and 2017 ("Saniefar ADA cases"). (Doc. 138-2, Declaration of Moji Saniefar at ¶ 10 and Ex. C.)

Nevertheless, during the meet and confer process in advance of the hearing, the parties were unable to resolve issues regarding the reduced scope of Plaintiff's discovery requests and the scope and form of Defendants' privilege log. Therefore, on March 29, 2019, the Court held an informal discovery dispute conference. At the conference, Plaintiff affirmed that the dispute before the Court was limited to the privilege log for the two prior Saniefar ADA cases. Plaintiff asserted that a privilege log for the Saniefar ADA cases was necessary to assist in preparation of any motion to compel based on the crime-fraud exception. Defendants indicated that even as limited to the Saniefar ADA cases, there were approximately 8,000 e-mail documents for which creating a privilege log would be overburdensome. Because the issue of Defendants' privilege log was not amenable to informal resolution based on the parties' limited letter briefs and arguments, the Court set the matter for hearing. In advance of the hearing, the Court directed Plaintiff to provide search terms to narrow down the 8,000 e-mails. The Court also directed the parties to submit concise briefs identifying the narrowed requests for production at issue, the search terms provided, the resulting number of responsive documents, the scope and form of the privilege log contemplated by Federal Rule of Civil Procedure 26(b)(5), and the burden, if any, of preparing a document-by-

document privilege log. Additionally, the Court vacated the hearing on the pending motion to compel (Doc. No. 135.)

On April 12, 2019, the parties submitted their briefing. (Doc. Nos. 137, 138.) The parties dispute the scope and form of the privilege log for law firm e-mails and related documents regarding the two underlying ADA cases Defendants prosecuted against Plaintiff in 2014 and 2017.[2] Defendants assert that creating "a 'document-by-document' privilege log for thousands upon thousands of law firm e-mails and related documents" is overly burdensome. (Doc. No. 137 at 2.) Defendants therefore contend that they should be permitted to submit a categorical privilege log. In contrast, Plaintiff asserts that a document-by-document privilege log is required under Federal Rule of Civil Procedure 26(b)(5) because of the nature of this RICO action, which concerns fraudulent and racketeering conduct committed directly by the attorney defendants and their accomplices in providing legal services. (Doc. No. 138 at 5.)

**A.     Defendants' Position**

As background, Defendants explain that in an effort to compromise, they recently provided Plaintiff with a 425 item "document-by-document" privilege log with respect to "case file" documents, and they also produced 20,000 pages of non-privileged documents. (Doc. No. 137 at 2.) However, Defendants report that there are approximately 7,500 other documents referred to as "e-mails" (i.e., electronic communications, attachments or other documents) for which Defendants claim that preparing a detailed privilege log would be unreasonable and overly burdensome. Defendants also note that while Plaintiff provided proposed search terms to narrow the responsive documents, those terms triggered 96% of the original documents. Defendants therefore believe they should be permitted to create, for all internal law firm e-mails, a categorical privilege log which identifies the number of documents withheld, the date ranges for the communications, and a declaration indicating that the e-mails were exchanged between law firm employees in connection the two underlying ADA actions. Defendants also are willing to provide a "document-by-document" privilege log for "email" communications with any non-employees, including with the

---

[2] Plaintiff has reserved her right to bring additional motions as to other requests that have been outstanding since October 2018.

4

firm's client Ronald Moore, third party investigators and experts. (*Id.* at 9.)

In proposing the categorical privilege log for all internal law firm e-mails, Defendants argue that a "document-by-document" privilege log is overly burdensome and is not required by Federal Rule of Civil Procedure 26(b)(5). Defendants also argue that Plaintiff has not established a reasonable likelihood that the crime-fraud exception applies to allow for *in camera* review of any privileged documents. Instead, Defendants claim that the request for a document-by-document privilege log is an unfocused fishing expedition that Defendants should not be forced to finance.

### B. Plaintiff's Position

Plaintiff concedes that Defendants have produced a privilege log for the 2,000 "case files."[3] However, Plaintiff points out that these files ultimately contained only 425 privileged documents, not the 2,000 privileged documents as was previously claimed by Defendants to argue burden. Plaintiff also points out that Defendants not only have failed to produce the non-privileged "case files" (presumably, approximately 1,575 documents) as of April 12, but also failed to produce these non-privileged documents four months ago in response to Plaintiff's discovery requests.[4]

With regard to the approximately 7,500-8,000 "e-mails," Plaintiff confirms submission of search terms to narrow the scope and volume of privileged e-mails. However, when Defendants were asked to disclose the number of privileged e-mails, they were unable to do so, claiming that not all, but most of the e-mails would be privileged, and an exact amount would not be known until the review was completed. (Doc. No. 138 at 4.) Plaintiff complains that although Defendants received Plaintiff's document requests in October 2018, they had not engaged in a meaningful review of documents until after Plaintiff filed her motion to compel and the parties participated in discovery conferences with the Court.

As to the scope of the privilege log, Plaintiff contends that the nature of this case requires a detailed privilege log, not a categorical log. Plaintiff acknowledges that the bulk of documents requested from Defendants will necessarily include privileged and work-product material because

---

[3] Plaintiff variously refers to these documents as "client files" or "case files." For ease of understanding, the Court refers to these documents as "case files."
[4] If Defendants have not already done so, Defendants shall produce the non-privileged documents from the "case files" within seven (7) days of the date of this Order.

the mail and wire fraud claims are directed at two law firms and its lawyers, investigators and legal staff in the prosecution of fraudulent ADA claims. Plaintiff contends, however, that lawyers should not be permitted to use the attorney-client privilege and work product doctrine to shield their allegedly criminal conduct, noting that the crime-fraud exception allows for a waiver of such protection. Plaintiff asserts that, as the proponent of the exception, she has no access to privileged material, making the ability to review a detailed privilege log critical in order to challenge any asserted privilege or protection.

**II. Legal Standard**

Rule 26(b)(5) of the Federal Rules of Civil Procedure provides that when a party withholds information otherwise discoverable under the rules by claiming that it is privileged or subject to protection as trial preparation material, the party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5).

Rule 26(b)(5) does not expressly require the production of a "document-by-document" privilege log. *See Patriot Rail Corp. v. Sierra Railroad Company*, 2016 WL 1213015, at *1 (E.D. Cal. Mar. 20, 2016). Rather, as the Advisory Committee commented:

> The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.

Fed. R. Civ. P. 26, Advisory Committee Notes to 1993 Amendments. However, the Ninth Circuit has recognized that one method of expressly claiming attorney-client privilege or work product protection is a document-by-document privilege log. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir.1992) (finding that one of the means to sufficiently establish the attorney-client privilege is a privilege log identifying for each document the following information: "(a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been

furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated"). Blanket assertions of the attorney-client privilege are "extremely disfavored." *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992). Rather, "[t]he privilege must ordinarily be raised as to each record sought to allow the court to rule with specificity" *Id.*; *see also United States v. El Paso Co.*, 682 F.2d 530, 541–42 (5th Cir.1982) (attempt to invoke privilege rejected, due in part to the failure to "particularize its assertion of the privilege" with respect to each specific document), cert. denied, 466 U.S. 944, 104 S.Ct. 1927, 80 L.Ed.2d 473 (1984).

**III. Discussion**

As indicated above, Defendants contend that creating a document-by-document privilege log for internal law firm e-mails collected from individual law firm employees, including Tanya Moore, Zachary Best, Marejka Sacks, Whitney Law, David Guthrie, Isaac Medrano, and Jessica Mendoza, is "an extremely time-consuming process" and is "unreasonable and overly burdensome." (Doc. No. 137 at 9.) Defendants further contend that nothing in Rule 26(b)(5) requires a line-by-line privilege log, particularly where it would be "unduly burdensome and inappropriate." (*Id.* at 7.)

Defendants have not established to the Court's satisfaction that creating a document-by-document privilege log would be unduly burdensome. Although Defendants have identified approximately 7,500 responsive documents, they do not provide *any* information as to how many of those documents are purportedly protected by the attorney-client privilege or work product doctrine and would have to be included in a privilege log. Indeed, there is no assertion from Defendants that all 7,500 of the documents are protected or that they have completed even a cursory review of the documents to assess such privilege or protection.

Defendants have relied heavily on *In re Imperial Corp. of Am. v. Shields,* 174 F.R.D. 475 (S.D. Cal. 1997) ("*Shields*") to suggest that the court should not require them to produce a document-by-document privilege log and they instead should be allowed to create a categorical privilege log. (Doc. No. 137 at 7-8.) The Court does not find Defendants' reliance on *Shields* persuasive. In *Shields*, the district court found that the creation of a document-by-document

7

1 privilege log of documents to be "unreasonable and overly burdensome" because the case involved
2 multiple parties (approximately 50) and law firms (approximately 20) and "hundreds of thousands,
3 if not millions, of documents." *Id.* at 478-79. The burdensome nature of discovery in *Shields* is
4 not presented here, where the document requests have been narrowed in scope, potentially resulting
5 in only a few thousand documents subject to a claimed privilege, not the "hundreds of thousands"
6 or "millions" contemplated in *Shields*. Additionally, as Plaintiff points out, *Shields* did not involve
7 the same type or number of defendants or the same allegations of a RICO enterprise that included
8 law firm defendants charged with mail and wire fraud. Importantly, even the *Shields* court
9 recognized that a document-by-document privilege log "has been, undoubtedly will, and should
10 remain, the traditional format." *Id.* at 478.

11 Defendants also have claimed that a categorical privilege log should be permitted because
12 Plaintiff has not established a reasonable likelihood that the crime-fraud exception applies in order
13 to allow for *in camera* review. (Doc. No. 137 at 4-5.) Defendants argument, suggesting that
14 Plaintiff should have presented evidence that the crime-fraud exception applies, misses the mark.
15 (*Id.* at 5 ) ("Yet, Plaintiff should not have filed this lawsuit unless she already had evidence that the
16 crime-fraud exception applies since it is allegedly a key component of her case."). In *United States*
17 *v. Zolin*, 491 U.S. 554, 565 (1989), the Supreme Court held that *in camera* review of privileged
18 information may be used to establish whether the crime-fraud exception applies. The Court set forth
19 a two-step analysis for determining whether *in camera* review is appropriate. First, there must be a
20 showing of a factual basis adequate to support a good faith belief by a reasonable person that *in*
21 *camera* review may reveal evidence to establish that the crime-fraud exception applies. *Id.* at 572.
22 If this showing is made, then the district court has the discretion to conduct an *in camera* review.
23 *Id.* Contrary to Plaintiff's suggestion, a *prima facie* showing of crime-fraud is not required before
24 an *in camera* inspection is appropriate. *In re Grand Jury Investigation*, 974 F.2d at 1073 (citations
25 omitted). Rather, as the Ninth Circuit has clarified, "*Zolin* requires only a factual showing sufficient
26 to support a reasonable, good-faith belief that review of the privileged documents 'may *reveal*
27 *evidence* to establish the claim that the crime fraud exception applies.'" *Id.* (emphasis in original).
28 At this juncture, the absence of a privilege log—categorical or otherwise—renders it

impossible for Plaintiff to request that the Court conduct an *in camera* review of any documents for which a privilege or protection is asserted. Moreover, courts and parties addressing the crime-fraud exception generally have required a detailed privilege log to assist in review. *See*, *e.g.*, *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118, 134 (D.D.C. 2005) (to assess whether the crime-fraud exception applied to documents submitted for *in camera* review, court required "a reasonably detailed privilege log"); *JPMorgan Chase Bank, N.A. v. Winget*, 2017 U.S. Dist. LEXIS 103115, at *35 (E.D. Mich. Jul. 5, 2017) (noting privilege log containing sufficient detail beyond conclusory allegations will help party "to determine whether the crime-fraud exception to any claim of privilege applies"); *Promed, Inc. v. Pavlas*, 2012 U.S. Dist. LEXIS 167367, at *4-*5 (S.D. Ga. Nov. 26, 2012) (court found it could not assess whether crime-fraud exception applied based on "summary privilege log" and required party asserting privilege to submit a more detailed log, setting forth the following information as to each responsive document or communication: (1) the nature of the document or communication; (2) the date of the document or communication; (3) its source; (4) the intended recipient; (5) each individual or entity that received it; (6) the purpose for which it was prepared; (7) the nature of the privilege asserted; and (8) sufficient facts to allow the Court to assess whether the document or communication falls within the privilege").

After careful consideration, the Court finds that Defendants have not established that creating a document-by-document privilege log would be unduly burdensome as to Plaintiff's narrowed request. A document-by-document privilege log is both appropriate and reasonable under the facts presented with respect to the e-mails at issue.

**III.  Conclusion and Order**

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Within thirty (30) days from the date of this Order, Defendants shall produce all non-privileged all law firm e-mails and related documents regarding Plaintiff's two underlying ADA lawsuits, along with a detailed privilege log for all such e-mails for which they claim attorney-client or work product protection.

2. The privilege log must minimally contain the following information: (1) the nature of the document or communication; (2) the date of the document or communication; (3) its source;

9

(4) the intended recipient; (5) each individual or entity that received it; (6) the purpose for which it was prepared; (7) the nature of the privilege asserted; and (8) sufficient facts to allow the Court to assess whether the document or communication falls within the privilege;

3. The Court sets a telephonic status conference regarding discovery on **May 30, 2019, at 10:00 AM in Courtroom 8 (BAM) before the undersigned.** The parties may appear at the conference with each party using the following dial-in number and access code: dial-in number 1-877-411-9748; access code 3190866; and

4. Failure to comply with this order may result in the imposition of sanctions, including evidentiary sanctions.

IT IS SO ORDERED.

Dated: **April 23, 2019**              /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE