MOJI SANIEFAR, Cal. Bar. No. 233330
SANIEFAR LAW
7469 Mission St., 2nd Fl.
Daly City, CA 94014
Tel: (650) 581-0025
moji@saniefarlaw.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RAYMOND C. MARSHALL, Cal. Bar No. 83717
GREGORY F. HURLEY, Cal. Bar No. 126791
WHITNEY A. HODGES, Cal. Bar No. 273080
rmarshall@sheppardmullin.com
ghurley@sheppardmullin.com
whodges@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    415.434.9100
Facsimile:     415.434.3947

Attorneys for Plaintiff FATEMEH SANIEFAR

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| FATEMEH SANIEFAR,<br><br>            Plaintiff,<br><br>vs.<br><br>RONALD D. MOORE, TANYA E. MOORE, KENNETH RANDOLPH MOORE, MAREJKA SACKS, ELMER LEROY FALK, ZACHARY M. BEST, MOORE LAW FIRM, a California Professional Corporation, MISSION LAW FIRM, a California Professional Corporation, GEOSHUA LEVINSON, RICK D. MOORE, WEST COAST CASP AND ADA SERVICES, a California Corporation, RONNY LORETO, and DOES 1 THROUGH 100, inclusive,<br><br>            Defendants. | Case No. 1:17-cv-00823-LJO-BAM<br><br>PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE HEARING DATE ON DEFENDANTS' MOTION TO COMPEL<br><br>Hon. Barbara A. McAuliffe<br><br>Hearing Date: June 21, 2019<br><br>Hearing Time: 9:00 a.m. |

-1-

Plaintiff Fatemeh Saniefar files this Ex Parte Application to Continue the Hearing Date on Defendants' Motion to Compel (the "Application") currently unilaterally set for hearing by Defendants on June 21, 2019 to July 12, 2019. This Application is based on principles of judicial efficiency and economy and serves to preserve both the Court's already overburdened resources and the respective Parties' resources given that there is currently pending an evidentiary hearing on Plaintiff's Motion for Sanctions ("Motion") set to take place on June 17, 2019. The issues presented in Plaintiff's Motion and the severe sanctions sought by way of that Motion, which includes terminating sanctions, may result in changing the landscape of the case and may have consequences against those Defendants who remain. Indeed, the outcome of Plaintiff's Motion may result in broad sweeping implications on Defendants which may serve to undermine their motion to compel in full.

In light of the severity of the sanctions sought by Plaintiff which will be heard and possibly adjudicated at the June 17, 2019 evidentiary hearing, Plaintiff believes that a brief one month delay is both reasonable and warranted by the procedural posture of the case. Again, Plaintiff's request will serve to conserve the Court's and the Parties' resources and neither party faces any prejudice by a brief delay.

In advance of filing the instant Application, on May 30, 2019, Plaintiff requested that Defendants agree to continue the hearing date on their motion to compel until after Plaintiff's Motion for Sanctions was heard and adjudicated on June 17, 2019. *See* Declaration of Moji Saniefar ("Saniefar Decl.") ¶ 4, Ex. A. On June 3, 2019, Plaintiff again inquired whether Defendants would be willing to continue the date on their motion to compel, and on June 4, 2019, Defendants again refused. *See id.*

At the status conference held in this matter on May 30, 2019, for which Plaintiff's counsel unfortunately failed to attend due to an inadvertent error, the Honorable Barbara McAuliffe questioned Defendants' counsel whether it made sense to continue the hearing on his clients' motion to compel until after the Honorable Lawrence O'Neill made a ruling on Plaintiff's sanctions motion scheduled for June 17, 2019. *See* Saniefar Decl., ¶ 5, Ex. B, at 3-4. In response, Defendant's counsel, in part, stated that Plaintiff's counsel intended to move the hearing date on

her Motion for Sanctions, and as such, there was no need to continue the hearing date on Defendants' motion to compel. *See id*.

Defendants' counsel's statements were misleading since although the possibility of moving the hearing date had admittedly been discussed, at the time of the status conference, the Parties were at an impasse in terms of agreeing on a future date on Plaintiff's Motion. *See* Saniefar Decl., ¶ 6. The Parties were ultimately unable to agree on a date to continue the hearing on Plaintiff's Motion and Plaintiff's counsel determined that the June 17, 2019 hearing date must remain.

Therefore, and as set forth in detail above, it is prudent to continue the hearing date on Defendants' Motion to Compel to July 19, 2019, as it not only serves to conserve the Court's and the Parties' resources but, should the Court grant Plaintiff's Motion for Sanctions, in whole or in part, the landscape of the case will change and may serve to moot some, if not all, of the issues presented in Defendants' motion to compel.

Plaintiff therefore respectfully requests that the hearing date for Defendants' Motion to Compel be moved from June 21, 2019 to July 19, 2019, or any time thereafter as the Court deems appropriate.

Respectfully Submitted,

Dated: June 7, 2019

SANIEFAR LAW
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Moji Saniefar*
MOJI SANIEFAR
RAYMOND C. MARSHALL
GREGORY F. HURLEY
WHITNEY A. HODGES
Attorneys for Plaintiff
FATEMEH SANIEFAR