MOJI SANIEFAR, Cal. Bar. No. 233330
SANIEFAR LAW
7469 Mission St., 2nd Fl.
Daly City, CA 94014
Tel: (650) 581-0025
moji@saniefarlaw.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RAYMOND C. MARSHALL, Cal. Bar No. 83717
GREGORY F. HURLEY, Cal. Bar No. 126791
HAYLEY S. GRUNVALD, Cal. Bar No. 227909
JULIE BAUMAN, Cal. Bar No. 301489
rmarshall@sheppardmullin.com
ghurley@sheppardmullin.com
hgrunvald@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone:    415.434.9100
Facsimile:    415.434.3947

Attorneys for Plaintiff Fatemeh Saniefar

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| FATEMEH SANIEFAR,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD D. MOORE, TANYA E. MOORE, KENNETH RANDOLPH MOORE, MAREJKA SACKS, ELMER LEROY FALK, ZACHARY M. BEST, MOORE LAW FIRM, a California Professional Corporation, MISSION LAW FIRM, a California Professional Corporation, GEOSHUA LEVINSON, RICK D. MOORE, WEST COAST CASP AND ADA SERVICES, a California Corporation, RONNY LORETO, and DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No. 1:17-cv-00823-LJO-BAM<br><br>**PLAINTIFF FATEMEH SANIEFAR'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT HER MOTION FOR SANCTIONS**<br><br>Judge: Hon. Lawrence J. O'Neill<br>Hearing Date: June 17, 2019<br>Time: 1:30 p.m.<br>Location: Courtroom 4, 7th Floor |

**TO THE HON. LAWRENCE J. O'NEILL, UNITED STATES DISTRICT COURT JUDGE, THE PLAINTIFF AND HER ATTORNEYS OF RECORD REQUEST,** Pursuant to Federal Rule of Evidence 201, that the Court take judicial notice of civil minutes issued by the Northern District of California in *Francisca Moralez v. City of Oakland, et al.*, Case No. 17cv7268 (the "Oakland Action"), on June 11, 2019 and entered on June 13, 2019.

Plaintiff Saniefar requests that the Court take judicial notice of the following document attached hereto:

1. **Exhibit 1**: Civil Minutes issued by District Judge William H. Orrick of the Northern District of California on June 11, 2019, in *Francisca Moralez v. City of Oakland, et al.*, Case No. 17cv7268, following a Case Management Conference held before the Court on June 11, 2019.

## I. DISCUSSION

Federal Rule of Evidence 201(b) provides that a court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

In the afternoon of June 13, 2019, Plaintiff's counsel reviewed the docket of the Oakland Action, given its significance to the instant case, as detailed in Plaintiff's June 10, 2019 supplemental brief, and discovered that District Judge William H. Orrick issued Civil Minutes on June 11, 2019 (and entered on the docket on June 13, 2019) detailing a Case Management Conference held on June 11, 2019 to address and evaluate the conflicts issues raised by the City of Oakland in its Supplemental Case Management Statement" ("CMC Statement") filed on June 4, 2019.  (*See* Saniefar Decl., ¶ 2, Exh. A; Dkt. 167-1.).

As is relevant to the instant matter, Judge Orrick states in relevant part:

> The Court expresses astonishment at the conflicts disclosed to the City of Oakland by its lawyers for the first time before the commencement of a mediation on March 29, 2019.  The City's counsel, Gordon Rees Scully Mansukhani, LLP, hired the son

of plaintiff's counsel Tanya Moore, Geoshua Levinson, as its Certified Accessibility Specialist, without disclosing the obvious conflict to the City. More astoundingly, Gordon Rees Scully Mansukhani, LLP accepted the representation to defend plaintiff's attorneys Tanya Moore and Zachary Best, and Geoshua Levinson, in Saniefar v. Moore in the Eastern District of California in November, 2018 without disclosing that representation to the City. The plaintiff in Saniefar v. Moore alleges that over the last decade, Moore, Best, and Levinson have been operating a criminal enterprise organized around bringing fraudulent ADA cases. The case at bar is an ADA case. The lawyer present at the case management conference from Gordon Rees Scully Mansukhani, LLP, who had not been involved in the case until a few days before the conference, said that her firm created an ethical wall between the lawyers on the two cases and thought that resolved any conflict issue. *Really?*

The Court is appalled at the ethical judgment described. It implicates the conduct of all the parties and lawyers. Rectifying the alleged access issue with the City should have been plaintiff's counsels' primary concern, and yet they have sat on their hands with knowledge of the conflicts described above as this case stalled. Whether the conflicts are waivable, required consent, or could not be waived, Gordon Rees Scully Mansukhani, LLP should certainly have informed their client (in this case, the City) as soon as it made the remarkable decisions to hire the son of plaintiff's counsel as its disability access expert and to represent plaintiff's counsel in litigation involving troubling accusations about how counsel handle cases similar to the one at bar. And the City's delay since March 29, 2019 in deciding whether these conflicts require terminating Gordon Rees Scully Mansukhani, LLP is inexplicable.

*See* Exhibit 1 to Request for Judicial Notice attached hereto.

Judge Orrick's statements and findings in the June 11, 2019 Civil Minutes are not only disturbing, but given his findings regarding GRSM's gross conflict of interest, it is of paramount importance to evaluate at the June 17, 2019 hearing, whether GRSM may have an automatic disqualifying conflict as to the RICO Defendants and whether its ability to continue their representation in this matter is compromised.

Without attention to this issue as an initial matter, Plaintiff will suffer extreme prejudice if subsequent to the hearing on her Motion for Sanctions, Defendants raise the issue of conflict and attempt to vacate or appeal any findings that the Court makes on Plaintiff's Motion for Sanctions. Therefore, in the interest of protecting Plaintiff from any future prejudice should Defendants claim an automatic disqualification of GRSM or claim that GRSM had a personal stake in the Sanctions Motion and may not have acted in their best interest, Plaintiff respectfully requests that the Court take judicial notice of Judge Orrick's findings and order to the extent that it may affect this RICO litigation.

Dated: June 13, 2019

SANIEFAR LAW

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Moji Saniefar*
MOJI SANIEFAR
RAYMOND MARSHALL
GREGORY F. HURLEY
HAYLEY S. GRUNVALD
JULIE BAUMAN

Attorneys for Plaintiff Fatemeh Saniefar

# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

## CIVIL MINUTES

| **Date:** June 11, 2019 | **Time:** 11 minutes<br>2:09 p.m. to 2:20 p.m. | **Judge:** WILLIAM H. ORRICK |
|---|---|---|
| **Case No.:** 17-cv-07268-WHO | **Case Name:** Moralez v. City of Oakland | |

**Attorney for Plaintiff:**    Zachary M. Best
**Attorneys for Defendants:**   Jason M. Allen and Robyn A. Leonard

**Deputy Clerk:** Jean Davis                  **Court Reporter:** FTR Recording

### PROCEEDINGS

Case Management Conference conducted.  The Court has required counsel to be present because of the lack of progress of the case and the conflict issues raised by the City of Oakland.  The parties have submitted six stipulations to continue the mediation that was originally set for August 2018.

Regarding the status of the case, counsel indicated that the joint inspection was completed last year, that a list of barriers has been provided to defendant, but that the repairs necessary to bring the site into compliance remain in dispute.  No progress has been made since the joint inspection.

The Court expresses astonishment at the conflicts disclosed to the City of Oakland by its lawyers for the first time before the commencement of a mediation on March 29, 2019.  The City's counsel, Gordon Rees Scully Mansukhani, LLP, hired the son of plaintiff's counsel Tanya Moore, Geoshua Levinson, as its Certified Accessibility Specialist, *without disclosing the obvious conflict to the City*.  More astoundingly, Gordon Rees Scully Mansukhani, LLP accepted the representation to defend plaintiff's attorneys Tanya Moore and Zachary Best, and Geoshua Levinson, in *Saniefar v. Moore* in the Eastern District of California in November, 2018 *without disclosing that representation to the City*.  The plaintiff in *Saniefar v. Moore* alleges that over the last decade, Moore, Best, and Levinson have been operating a criminal enterprise organized around bringing fraudulent ADA cases.  The case at bar is an ADA case.  The lawyer present at the case management conference from Gordon Rees Scully Mansukhani, LLP, who had not been involved in the case until a few days before the conference, said that her firm created an ethical wall between the lawyers on the two cases and thought that resolved any conflict issue.  *Really?*

The Court is appalled at the ethical judgment described.  It implicates the conduct of all the parties and lawyers.  Rectifying the alleged access issue with the City should have been plaintiff's counsels' primary concern, and yet they have sat on their hands with knowledge of the conflicts described above as this case stalled.  Whether the conflicts are waivable, required

consent, or could not be waived, Gordon Rees Scully Mansukhani, LLP should certainly have informed their client (in this case, the City) as soon as it made the remarkable decisions to hire the son of plaintiff's counsel as its disability access expert and to represent plaintiff's counsel in litigation involving troubling accusations about how counsel handle cases similar to the one at bar.  And the City's delay since March 29, 2019 in deciding whether these conflicts require terminating Gordon Rees Scully Mansukhani, LLP is inexplicable.

A Further Case Management Conference set for **July 9, 2019 at 2:00 p.m**., which all counsel shall personally attend.  By July 2, 2019 the parties should file a joint case management statement indicating how the Gordon Rees Scully Mansukhani, LLP conflict of interest issues have been resolved and setting out a schedule to move this litigation forward out of the morass in which it currently sits.