UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATEMEH SANIEFAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TANYA E. MOORE, et al.,<br><br>　　　　Defendants. | No. 1:17-cv-00823-LJO-BAM<br><br>**ORDER VACATING HEARING SET FOR JULY 17, 2019**<br>(Doc. No. 187)<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO PROVIDE FURTHER RESPONSES TO REQUEST FOR PRODUCTION, SET ONE AND FURTHER DISCLOSURES**<br><br>(Doc. No. 152) |

Currently before the Court is the motion of Defendants Moore Law Firm, P.C., Tanya E. Moore, Ronald D. Moore, Zachary M. Best, Marejka Sacks, Mission Law Firm A.P.C., Rick D. Moore, West Coast Casp and ADA Services and Ronny Loreto[1] ("Defendants") to compel Plaintiff Fatemeh Saniefar ("Plaintiff") to provide further responses to Request for Production, Set One and to further amend her initial disclosures. (Doc. 152.) On July 3, 2019, the parties filed a Joint Statement Re Discovery Disagreement. (Doc. 185.) Plaintiff also filed a separate

---

[1] Pursuant to order of the Court, the answers of Defendants Kenneth Randolph Moore and Geoshua Levinson have been stricken and the Clerk of the Court subsequently entered default against them. (Docs. 176, 183.)

1

declaration of counsel in support of the joint statement. (Doc. 186.)

The Court deems the matter suitable for determination without hearing and oral argument and the matter is submitted upon the record and briefs. Local Rule 230(g). Accordingly, the hearing currently set for July 17, 2019, is VACATED.

Having considered the record on file and the briefs on file, Defendants' motion to compel is DENIED.

**Background**

On May 29, 2019, Defendants filed the instant motion seeking an order to compel Plaintiff to provide further responses to Request for Production, Set One, and to further amend her disclosures. (Doc. 152.) Defendants noticed the motion hearing for June 21, 2019. (Id.) Due to the press of business, the Court continued the hearing to July 10, 2019. (Doc. 164.)

On July 3, 2019, the parties filed a Joint Statement re Discovery Disagreement, totaling more than 260 pages inclusive of exhibits. (Doc. 185.) The discovery disagreement reportedly concerns two primary issues: (1) Plaintiff's Rule 26 disclosures identifying approximately 680 witnesses likely to have discoverable information; and (2) Plaintiff's responses to Defendants' document requests. (Id. at 2.)

Given the extensive joint statement, and due to the press of business, the Court continued the hearing to July 17, 2019. The Court further directed the parties to continue their meet and confer efforts to resolve the issues raised in the motion to compel. (Doc. 187.)

The deadline to complete non-expert discovery is September 6, 2019. (Doc. 146.)

**Discussion**

**I.   Request for Further Supplemental Witness Disclosures**

As the first substantive issue, Defendants request that the Court require Plaintiff to reduce the number of witnesses identified in her First Supplemental Initial Disclosures.

On September 8, 2017, Plaintiff served her initial disclosures and identified 26 witnesses, most of whom were either defendants, worked for the law firm defendants, were somehow related to defendants or were litigants in other lawsuits against the Moore Law Firm. (Doc. 185 at 10, Ex. A.) Subsequently, on October 16, 2018, Plaintiff served her First Supplemental Initial

2

Disclosures, which identified approximately 654 witnesses. (Id.; Ex. B.) In relevant part, Plaintiff's First Supplemental Initial Disclosures stated:

> Based on information currently available to Plaintiff, the individuals below are likely to have discoverable information that Plaintiff may use to support the claims in this action. By indicating the general subject matter in the possession of the listed individuals below, Plaintiff does not limit the right to call any individual or entity listed to testify concerning other issues or subjects. In making these disclosures, Plaintiff does not waive the right to object, pursuant to applicable federal and local rules, to discovery of information from any of the individuals listed below, including, without limitation, by deposition, based on the attorney-client privilege, the common interest privilege, work product protection, or any other applicable rule, law or privilege.
>
> The individuals listed below may be used by Plaintiff to prove Defendants' fraud in the filing and prosecution of manufactured ADA claims against California businesses, business and property owners, and business and property managers.
>
> [654 witnesses thereafter identified by name only]

(Doc. 185-2, Ex. B.)

<u>Defendants' Position</u>

Defendants now contend that Plaintiff's disclosure of over 654 witnesses is unreasonable and burdensome, fails to properly provide a single address or telephone for these witnesses, and provides only "a generic statement as to what each of the witnesses will be testifying about." (Doc. 185 at 17.)

To support their contention that Plaintiff's disclosure is unreasonable, Defendants point out that the Federal Rules of Civil Procedure contemplate no more than ten depositions. Fed. R. Civ. P. 30(a)(2)(A)(i). Defendants argue that this limitation provides insight into what is presumptively reasonable.

To support their contention that Plaintiff's supplemental disclosure is deficient because it does not provide sufficient information regarding the scope of witness testimony, Defendants cite to <u>Forte v. Cty. of Merced</u>, No. 1:11-cv-00318-AWI-BAM, 2014 WL 4745923, at *4 (E.D. Cal. Sept. 23, 2014) for the proposition that "while a party is not required to provide a detailed narrative of the potential witness' knowledge, the Rule 26(a)(1)(A) disclosure should provide enough information that would allow the opposing party to help focus the discovery that is needed and to determine whether a deposition of a particular person identified as a potential

3

witness might be necessary." (citation omitted). Defendants argue that Plaintiff's conclusory statement that the witnesses will be used to prove her fraud claim is improper and the Rule should not be used to create a "needle in a haystack" approach to discovery.

Defendants claim that they are unable to evaluate whether any of the witnesses has information relevant to Plaintiff's claims, asserting that the crux of this action concerns whether Ronald Moore is disabled and whether he went to Zlfred's restaurant. Defendants note that Plaintiff has identified individuals "who appear to have either been defendants in ADA lawsuits brought by Ronald Moore and/or attorney who represented those defendants," but because Plaintiff has not properly identified the subject matter of their testimony, they cannot evaluate their relevance. Defendants also cannot understand how these individuals assist in proving that Ronald Moore is not disabled or that he did not visit the businesses that he sues.

Finally, Defendants assert that Plaintiff has made no effort to provide a single address or telephone number for any of the 654 witnesses as required.

Plaintiff's Position

In summary, Plaintiff's counter that the Rule 26 initial disclosure requirement does not circumscribe the number of individuals that may be disclosed as having discoverable information. Plaintiff also asserts that given the nature and type of case at issue here, there may be several hundred individuals that may have discoverable information. Plaintiff disagrees with Defendants' attempt to narrow this action to only Ronald Moore's two cases against Zlfred's, noting that this action includes not only Ronald Moore's disability and his alleged visits to Zlfred's, but also allegations of a pattern of racketeering conduct by 12 Defendants over the course of 10 years and including approximately 2,000 ADA lawsuits filed throughout the State of California. (Doc. 185 at 20.)

Plaintiff further counters that Defendants cannot feign ignorance of the witnesses' relevance to the litigation. Per Plaintiff, it has been conveyed to Defendants during the meet and confer process that the supplemental witnesses "are all ADA defendants and their attorneys who have been targeted by the criminal enterprise as alleged in Plaintiff's FAC." (Id. at 19.) Plaintiff therefore asserts that these witnesses are "all victims of Defendant Tanya Moore's illegal scheme

4

to extort money from ADA defendants and with whom Defendant Tanya Moore has engaged in mail and wire fraud in the prosecution of fraudulent ADA cases." (Id.)

As to the absence of phone numbers and addresses, Plaintiff's report that this information is already in Defendants' possession since Defendant filed litigation against these witnesses and have files related to the litigation that include the contact information for those defendants and their attorneys. Plaintiff notes that Defendants refused to provide Plaintiff with the exact same information in response to Plaintiff's request for production of documents based on an assertion that they were barred from doing so based on confidentiality agreements and that the information was equally available to Plaintiff and Defendants.

Analysis and Ruling

Defendants' objections to Plaintiff's supplemental initial disclosures appear to be three-fold: (1) Plaintiff has disclosed too many witnesses; (2) Plaintiff has failed to provide a statement as to what each witness will testify about, and Defendants cannot ascertain their relevance; and (3) Plaintiff has failed to provide addresses and telephone numbers for each of the witnesses.

First, as to the number of witnesses disclosed, there is nothing in the initial disclosure requirements of Federal Rule of Civil Procedure 26(a) circumscribing the number of witnesses that a party may identify. In relevant part, Rule 26(a)(1) states:

> [A] party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discovery information –along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Fed. R. Civ. P. 26(a)(1)(A)(i). Although the Federal Rules of Civil Procedure set forth a presumptive limit of 10 depositions, such a limit may be altered either by stipulation or court order. Fed. R. Civ. P. 26(b)(2)(A), 30(a)(2).

Defendants' attempt to limit this action to Plaintiff's claims involving only Zlfred's restaurant is not persuasive. Based on the allegations in the operative First Amended Complaint, this action encompasses a pattern of racketeering activity involving the filing and prosecution of ADA lawsuits since approximately 2009. (Doc. 33, First Amended Complaint at ¶¶ 29, 134.) Thus, identification and disclosure of persons involved in the relevant lawsuits is warranted. In

that instance, it is not inconceivable that the number of potential witnesses well-exceeds that of standard litigation.

Second, as to the proposed testimony of these witnesses, Plaintiff has clearly stated that it she may rely on these witnesses "to prove Defendants' fraud in the filing and prosecution of manufactured ADA claims against California businesses, business and property owners, and business and property managers." Further, Plaintiff has repeatedly informed Defendants that these witnesses are all ADA defendants and their attorneys who allegedly were targeted by the criminal enterprise asserted in the First Amended Complaint. Indeed, Plaintiff has represented that these individuals are all "alleged victims of Defendant Tanya Moore's illegal scheme to extort money from ADA defendants and with whom Defendant Tanya Moore has engaged in mail and wire fraud in the prosecution of fraudulent ADA cases." (Doc. 185 at 19.)

Defendants' claim that they cannot ascertain the relevance of these individuals or of their proposed testimony is disingenuous. Moreover, Defendants acknowledge that the individuals identified in the Plaintiff's supplemental disclosures "appear to have either been defendants in ADA lawsuits brought by Ronald Moore and/or attorney who represented those defendants." Given Defendants involvement in those lawsuits, they are clearly cognizant of the potential relevance and testimony of the identified individuals, and likely are more familiar with the facts and circumstances of those actions than Plaintiff.

Third, as to Defendants' assertion that they do not have addresses and/or phone numbers for the witnesses identified by Plaintiff in her supplemental disclosures also is disingenuous. At a minimum, contact information for counsel and parties in lawsuits brought by Defendant Tanya Moore or any of the defendants is within Defendants' possession and/or case files. Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit discovery that can be obtained from some other source that is more convenient, less burdensome, or less expensive).

For these reasons, Defendants' motion to compel relative to Plaintiff's supplemental initial disclosures is DENIED.

///

///

6

## II. Request for Production of Documents

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 26(b), the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information within the scope of discovery need not be admissible in evidence to be discoverable. Id. However, the court must limit the extent of discovery if it determines that (1) the discovery sought is unreasonably cumulative, duplicative or can be obtained from other source that is more convenient, less burdensome, or less expensive, (2) the party seeking discovery has had ample opportunity to obtain the information by discovery, or (3) the proposed discovery is outside the permissible scope. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1).

### B. Defendants' Motion to Compel Production

Defendants seek to compel further responses to Requests for Production Nos. 116, 117, 122, 123, 125, 126, 130, and 131.

**Requests for Production Nos. 116 and 117**

**REQUEST FOR PRODUCTION NO. 116**:
All DOCUMENTS supporting the damages allegedly suffered by YOU as a result of the conduct YOU accuse Defendants of as alleged in ¶¶ 206-209 and ¶¶ 227-230 of YOUR FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**
Responding Party incorporates her Preliminary Statement, Objections to Definitions and the General Objections as though fully stated herein. Responding Party objects to this request to the extent that it calls for information or documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Responding Party objects to this request because it calls for a legal and/or expert opinion or conclusion. Responding Party further objects to this request because it is vague and overly broad as to scope. Subject to

and without waiving the foregoing objections, and based upon Responding Party's understanding of this request, Responding Party responds as follows.

Responding Party is willing to meet and confer with Propounding Parties regarding the scope of this request.

**REQUEST FOR PRODUCTION NO. 117**:
All DOCUMENTS supporting YOUR claim for exemplary damages as alleged in ¶ 211 and ¶ 232 of YOUR FAC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117**:
Responding Party incorporates her Preliminary Statement, Objections to Definitions and the General Objections as though fully stated herein. Responding Party objects to this request to the extent that it calls for information or documents protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege. Responding Party objects to this request because it calls for a legal and/or expert opinion or conclusion. Responding Party objects to this request because it is vague, unintelligible and overly broad as to scope. Subject to and without waiving the foregoing objections, and based upon Responding Party's understanding of this request, Responding Party responds as follows.

Responding Party is willing to meet and confer with Propounding Parties regarding the scope of this request.

Defendants' Position

Defendants contend that Plaintiff has failed to provide any documentation to support her claim for damages, including her claim that she has incurred over $300,000 in legal fees defending the two underlying ADA actions and over $60,000 in expert fees and contractor expenses in the underlying ADA actions.

Plaintiff's Position

Plaintiff asserts that she has not refused to produce documents supporting her damages claim. Rather, Plaintiff has indicated that this information would be provided as part of Plaintiff's Motion for Default Judgment as to Defendants Randy Moore and Geoshua Levinson with a full accounting of Plaintiff's RICO damages (applicable to all Defendants), fees and costs. Plaintiff anticipates this motion to be filed with the Court on or before July 15, 2019.

Analysis and Ruling

Plaintiff has represented that she will produce a full accounting of her damages, fees and costs in her impending Motion for Default Judgement as to Defendants Randy Moore and Geoshua Levison. Based on Plaintiff's representation, Defendants' motion to compel further

responses to Request for Production No. 116 and No. 117 is DENIED as moot.

**Request for Production No. 122**

**REQUEST FOR PRODUCTION NO. 122**:
All DOCUMENTS reflecting communications between YOU (or YOUR attorneys) and attorney H. Ty Kharazi.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 122**:
Responding Party incorporates her Preliminary Statement, Objections to Definitions and the General Objections as though fully stated herein. Responding Party objects to this request because it seeks information or documents protected by the work product doctrine, attorney-client privilege, any other applicable privilege, or seeks documents which have been prepared in anticipation of litigation and trial of this matter. Responding Party further objects to this request because it is vague, overly broad, unduly burdensome and oppressive as it seeks documents that are irrelevant to the subject matter of this action making the request harassing and vexatious. Responding Party further objects to this request because it is vague, overly broad, compound and unintelligible and not limited in scope as it requests all communications without any limitations with and between attorneys.

Defendants' Position

Defendants explain that H. Ty Kharazi is an attorney who has represented several former clients of the Mission/Moore Law Firms who sued those firms for breach of fee agreement, fraud and other claims. Defendants indicate that Plaintiff has identified four of these disabled persons as witnesses in this RICO case, Jesus Sosa, Daniel Delgado, Natividad Gutierrez, and Jesus Morales. Defendants argue that if Mr. Kharazi provided Plaintiff or her counsel with any evidence that Defendants engaged in racketeering or other illegal misconduct related to the former clients, such documentation would be directly relevant to Plaintiff's claims and Defendants' defenses. Defendants assert that to the extent Plaintiff's counsel has communicated or exchanged documents with Mr. Kharazi, there is no evidence their communications are privileged. Defendants therefore contend that Plaintiff should be compelled to produce all non-privileged communications with Mr. Kharazi and otherwise provide a detailed privilege log for any privileged documents.

Plaintiff's Position

According to Plaintiff, Defendants amended their request as follows: "All DOCUMENTS reflecting communications between YOU (or YOUR attorneys) and attorney H. Ty Kharazi regarding the claims in YOUR complaint(s) against Defendants in the instant action." (Doc. 185

9

at 28.) Plaintiff contends that even as revised, Defendants' request is procedurally improper and forbidden by the Federal Rules, irrelevant, burdensome and oppressive so as to constitute harassment of Plaintiff and her counsel.

Plaintiff argues that if Defendants continue to request documents directly from Plaintiff's current litigation counsel, they must issue a subpoena pursuant to Rule 45 and be prepared to defend the propriety of that action under Rule 11 and in response to a motion for a protective order.

With respect to the request as to Plaintiff's communications with Mr. Kharazi, Plaintiff contends that any such request is privileged. However, without waiving that objection, Plaintiff's counsel has stated that if the request is limited to Plaintiff, then she "will amend her responses to indicate that there are no such documents." (Doc. 185 at 30.)

With respect as to the request directed at Plaintiff's counsel, Plaintiff contends that despite the fact that the request is improper it also seeks protected attorney work-product.

Analysis and Ruling

As to the request directed at Plaintiff, Defendants' motion to compel is DENIED. Plaintiff has represented that no such documents exist regarding the claims in her complaint against Defendants in the instant action. Plaintiff shall be required to amend her response.

As to the request directed at Plaintiff's counsel, Defendants' motion to compel also is DENIED. Plaintiff's counsel is not a party to this action and Defendants' effort to seek documents from Plaintiff's counsel under Federal Rule of Civil Procedure 34 is procedurally inappropriate. Rule 34 only permits requests for production directed at parties to the litigation. Fed. R. Civ. P. 34(a); Carmona v. D'Alessandro, 2015 WL 4395001, at *2 (E.D. Cal. July 16, 2015) ("Defendant's counsel is not a party to this action, and Rule 33 and Rule 34 of the Federal Rules of Civil Procedures only permits interrogatories and requests for production of documents to be propounded to parties.").

Even if proper, however, Defendants' request appears to seek protected work product from opposing counsel. Pursuant to Federal Rule of Civil Procedure 26(b)(3), a party generally "may not discover documents and tangible things that are prepared in anticipation of litigation or

for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Those materials may be discovered if they are otherwise discoverable under Rule 26(b)(1) and the party "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i), (ii). The requesting party must make a substantial showing that it is unable through its own efforts to obtain needed information. Admiral Ins. Co. v. U.S. Dist. Court for Dist. of Ariz., 881 F.2d 1486, 1494 (9th Cir. 1989). The conditional protections afforded by the work-product rule prevent exploitation of a party's efforts in preparing for litigation. Admiral Ins. Co., 881 F.2d at 1494; Hewlett–Packard Co. v. Bausch & Lomb, Inc., 116 F.R.D. 533, 538 (N.D.Ca.1987) (principal function of work-product rule is to force each side to do its own work). Investigations specifically commissioned for the purpose of obtaining information for use in a specific litigation are work product. See Hickman v. Taylor, 329 U.S. 495, 511 (1947) ("Proper preparation of a client's case demands that [s]he assemble information, sift what [s]he considers to be the relevant from the irrelevant facts, [and] prepare h[er] legal theories....").

Here, Defendants have not demonstrated that they have a substantial need for these materials or that they cannot obtain materials involving former clients of the Mission/Moore Law firms who were or are represented by Mr. Kharazi in breach of contract/fraud lawsuits against those firms through other means, such as through those lawsuits.

**Request for Production No. 123**

**REQUEST FOR PRODUCTION NO. 123**:
All DOCUMENTS reflecting the fee agreement between YOU and H. Ty Kharazi.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123**:
Responding Party incorporates her Preliminary Statement, Objections to Definitions and the General Objections as though fully stated herein. Responding Party objects to this request because it seeks information or documents protected by the work product doctrine, attorney-client privilege, any other applicable privilege, or seeks documents which have been prepared in anticipation of litigation and trial of this matter. Responding Party further objects to this request because it is vague, overly broad, unduly burdensome and oppressive as it seeks documents that are irrelevant to the subject matter of this action making the request harassing and vexatious. Responding Party further objects to this request because it is vague, overly broad, compound and unintelligible and not limited in

11

scope as it requests all communications without any limitations with an attorney.

Defendants' Position

Defendants contend that to the extent Mr. Kharazi briefly represented Plaintiff in the underlying ADA action, his fee agreement is not privileged and would be relevant evidence of Plaintiff's alleged damages.

Plaintiff's Position

Plaintiff reports that this request was amended as follows: "All DOCUMENTS reflecting the fee agreement between YOU and H. Ty Kharazi related to the Prior Litigation." (Doc. 185 at 36.) Plaintiff contends that this request is not relevant. However, if it is directed to Plaintiff's damages, Plaintiff reiterates that she will be providing responsive information regarding damages in connection with her motion for default judgment, which she anticipates will be filed on July 15, 2019.

Analysis and Ruling

Defendants' motion to compel a further response to this request is DENIED as moot. Plaintiff intends to provide documents supporting her damages calculation in support of her motion for default judgment.

**Request for Production No. 125**:

**REQUEST FOR PRODUCTION NO. 125**:
All DOCUMENTS reflecting any communications between YOU and any individual regarding the Prior Litigation (other than YOUR attorneys).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125**:
Responding Party incorporates her Preliminary Statement, Objections to Definitions and the General Objections as though fully stated herein. Responding Party objects to this request because it seeks information or documents protected by the work product doctrine, attorney-client privilege, any other applicable privilege, and seeks documents which have been prepared in anticipation of litigation and trial of this matter. Responding Party further objects to this request to the extent that it asks for private or confidential information. Responding Party also objects to this request because it is vague, overly broad, unduly burdensome and oppressive as it seeks documents that are irrelevant to the subject matter of this action and is not limited in scope or as to time, therefore making this request harassing ad vexatious.

Defendants' Position

Defendants challenge Plaintiff's assertedly boilerplate objections and clarify that they are

seeking communications only involving Plaintiff, not her attorneys. Defendants also contend that Plaintiff has failed to produce any of her communications with third parties regarding the underlying ADA actions.

Plaintiff's Position

Plaintiff asserts that Defendants amended this request as follows: "All DOCUMENTS reflecting any communications between Fatemeh Saniefar and any individual regarding the Prior Litigation (other than YOUR attorneys)." (Doc. 185 at 38.) Based on this revision, Plaintiff indicates that she will update her response to this request to indicate that there are no documents in her custody, possession or control responsive to this request.

Analysis and Ruling

As Plaintiff intends to update her response to this request, and in the absence of responsive documents in her custody, possession or control, Defendants' motion to compel a further response is DENIED.

**Request for Production No. 126**:

REQUEST FOR PRODUCTION NO. 126:
All DOCUMENTS reflecting any communications between YOU and any individual (other than YOUR attorneys) regarding this lawsuit.

RESPONSE TO REQUEST FOR PRODUCTION NO. 126:
Responding Party incorporates her Preliminary Statement, Objections to Definitions and the General Objections as though fully stated herein. Responding Party objects to this request because it seeks information or documents protected by the work product doctrine, attorney-client privilege, any other applicable privilege, and seeks documents which have been prepared in anticipation of litigation and trial of this matter. Responding Party further objects to this request to the extent that it asks for private or confidential information. Responding Party also objects to this request because it is vague, overly broad, unduly burdensome and oppressive as it seeks documents that are irrelevant to the subject matter of this action and is not limited in scope or as to time, therefore making this request harassing ad vexatious.

Defendants' Position

Defendants challenge Plaintiff's assertedly boilerplate objections and assert that they are only seeking communications involving Plaintiff, not her attorneys. Defendants also contend that Plaintiff has failed to produce any of her communications with third parties regarding the instant RICO action.

Plaintiff's Position

Plaintiff asserts that Defendants amended this request as follows: "All DOCUMENTS reflecting any communications between Fatemeh Saniefar and any individual (other than YOUR attorneys) regarding this lawsuit." (Doc. 185 at 40.) Based on this revision, Plaintiff indicates that she will update her response to this request to indicate that there are no documents in her custody, possession or control responsive to this request.

Analysis and Ruling

As Plaintiff intends to update her response to this request, and in the absence of responsive documents in her custody, possession or control, Defendants' motion to compel a further response is DENIED.

**Request for Production No. 130**:

**REQUEST FOR PRODUCTION NO. 130**:
All statements and communications of any and all witnesses including any and all statements of Plaintiff(s) and Defendant(s), including taped recordings, whether transcribed or not, as well as all written statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130**:
Responding Party incorporates her Preliminary Statement, Objections to Definitions and the General Objections as though fully stated herein. Responding Party objects to this request because it seeks information or documents protected by the work product doctrine, attorney-client privilege, any other applicable privilege, or seeks documents which have been prepared in anticipation of litigation and trial of this matter. Responding Party further objects because witnesses are equally available to Propounding Parties. Responding Party further objects to this request because it is vague, overly broad, unduly burdensome and oppressive as it seeks documents that are irrelevant to the subject matter of this action, and requests all statements and communications without any limitations as to scope, time or persons, which therefore makes the request harassing and vexatious. Responding Party further objects to this request because it is vague as the terms "Plaintiff(s)" and Defendant(s)" are undefined.

Defendants' Position

Defendants challenge Plaintiff's apparent boilerplate objections. Defendants contend that Plaintiff has improperly refused to produce copies of any witness statements regarding this case and if Plaintiff possesses any statements from the witnesses listed in the initial and supplemental disclosures, then those statements should be produced. Defendants clarify that they are seeking

14

statements made by Defendants or third parties, not Plaintiff or the work product of her attorneys.

Plaintiff's Position

Plaintiff represents that the request for production has been modified as follows: "All statements of Defendant(s) <u>or third party witnesses</u>, including taped recordings, whether transcribed or not, as well as all written statements (<u>not including attorney notes</u>)." (Doc. 185 at 43.) Based on this revised request, Plaintiff asserts that she will update her response to indicate that there are no documents in her custody, possession or control that have not already been produced to Plaintiff or that are otherwise available from public sources.

Analysis and Ruling

As Plaintiff intends to update her response to this request, and in the absence of responsive documents in her custody, possession or control, Defendants' motion to compel a further response is DENIED.

**Request for Production No. 131**

**REQUEST FOR PRODUCTION NO. 131**:
All DOCUMENTS reflecting any communications between YOU or YOUR attorneys and any entity named as a defendant (including that defendant's agent or attorney) in any lawsuit filed by defendants Moore Law Firm, P.C. and Mission Law Firm, A.P.C.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131**:
Responding Party incorporates her Preliminary Statement, Objections to Definitions and the General Objections as though fully stated herein. Responding Party objects to this request because it seeks information or documents protected by the work product doctrine, attorney-client privilege, any other applicable privilege, and seeks documents which have been prepared in anticipation of litigation and trial of this matter. Responding Party further objects because defendants in prior ADA lawsuits are equally available to Propounding Parties. Responding Party further objects to this request because it is vague, overly broad, unduly burdensome and oppressive as it seeks "any" communications and "any" entity in "any" lawsuit between multiple attorneys. Responding Party objects to this request because it seeks documents that are irrelevant to the subject matter of this action, and does not contain any scope as to the documents requested, therefore making the request harassing and vexatious. Responding Party further objects because this request is duplicative of Request No. 120.

Defendants' Position

Defendants challenge Plaintiff's assertedly boilerplate objections. Defendants also argue that communications between Plaintiff (or her counsel) and any third-party businesses previously sued by the Moore Law Firm are not privileged and Plaintiff has failed to prepare a privilege log.

1 Defendants assert that they have a substantial need for Plaintiff and her counsel to provide any evidence or communications they have received from third parties about this case. Defendants believe that they cannot obtain these materials by other means as Plaintiff's witnesses appear to be attorneys and their clients involved in prior ADA lawsuits with the Moore Law Firm. Defendants anticipate that many of these witnesses will refuse to provide information without legal compulsion and that conducting more 650+ depositions or issuing 650+ subpoenas would be a complete waste of time if Plaintiff already knows that the majority of these witnesses have no relevant information. Defendants conclude that if Plaintiff and her counsel have already received evidence from certain witnesses, Plaintiff should be required to produce that evidence and those non-privileged communications so that Defendants may evaluate which of the 650+ witnesses should be deposed without the unnecessary waste of anyone's time and expense.

Plaintiff's Position

Plaintiff contends that this request is procedurally improper because it is a request for production of documents aimed at Plaintiff's current litigation counsel and seeks attorney work product. Plaintiff contends that if Defendants continue to request documents directly from Plaintiff's current litigation counsel, they must issue a subpoena pursuant to Rule 45 and be prepared to defend the propriety of their action under Rule 11 and in response to a motion for a protective order.

With respect to the request as to Plaintiff in her individual capacity, she is willing to amend her response to indicate that there are no such documents. With respect as to the request directed at Plaintiff's counsel, Plaintiff contends that despite the fact that the request is improper it also seeks protected attorney work-product.

///
///
///
///
///

Analysis and Ruling

As to the request directed at Plaintiff, Defendants' motion to compel is DENIED. Plaintiff has represented that no such documents exist, and Plaintiff shall be required to amend her response. As to the request directed at Plaintiff's counsel, Defendants' motion to compel also is DENIED for the reasons stated above regarding Request for Production No. 122.

IT IS SO ORDERED.

Dated: **July 16, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE