# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FATEMEH SANIEFAR,** | Case No. 1:17-cv-00823-LJO-BAM |
| **Plaintiffs,** | **ORDER GRANTING DEFENDANTS'** |
| v. | **MOTION FOR RECONSIDERATION AND REQUIRING ADDITIONAL** |
| **RONALD D. MOORE,** *et al.*, | **SUPPLEMENTAL DISCLOSURES (ECF NO. 188, 189)** |
| **Defendant.** | |

The Court has received and reviewed the papers filed in connection with Defendants' request for reconsideration, ECF No. 189, including the underlying order issued by the magistrate judge, ECF No. 188, that is the subject of the request, as well as Plaintiff's response, ECF No. 191, and the supplemental declaration of Plaintiff's counsel, ECF No. 198. In its August 15, 2019 Minute Order, ECF No. 196, the Court expressed concerned that Plaintiff's supplemental initial disclosures, ECF No. 185-3, simply has listed every ADA defendant sued by Defendants, and then named those people as witnesses without knowing anything else about their case(s).

In her supplemental declaration, Plaintiff's counsel explains, generally, that she and co-counsel are examining publicly available documents from the underlying ADA cases and determining from those document reviews whether and how each underlying ADA lawsuit serves as evidence of Defendants' alleged racketeering activities:

> The FAC details the litigation activities of Defendants in support of Plaintiff's mail and wire fraud allegations which span from approximately 2009 to the present and which, as of Plaintiff's filing of her complaint, included approximately 1,400 ADA lawsuits and several thousand witnesses including ADA defendants (and their attorneys) who are potential witnesses in this matter. As a result of the breadth of Defendants' ten-year long ADA litigation activities that form the bases of the allegations in the FAC, my colleagues and I have undertaken significant efforts in reviewing, evaluating and analyzing publicly available

1

> information, including that displayed on the Court's PACER system, for the purpose of reducing the potential pool of thousands of witnesses and to make trial of this matter more manageable.
>
> Throughout the course of preparing for, and prosecuting, this RICO action, I (and my colleagues) have downloaded several hundred ADA complaints filed by Defendants, conducted a detailed review and analyzation of each complaint (and associated case and docket) and prepared notes and charts for each which serve to evidence Defendants' racketeering. I estimate that my colleagues and I have spent hundreds of hours performing these tasks. Should the Court require additional details of the specifics of the work performed by counsel for Plaintiff, which I believe constitute work-product, I would respectfully request such details be provided to the Court in camera.

ECF No. 196 at ¶¶ 6-7.

While the Court will take counsel, an officer of the Court, at her word that a great deal of time has been spent reviewing the relationship between each underlying ADA action and the claims in this case, this still does not solve the underlying problem: that stapling a phone book to the designation of witnesses circumvents the right the Defendants have to discovery. The Court finds that the practical effect of Plaintiff's generic disclosure is to give no usable answer, as an *in camera* submission about the work provided amounts to no additional information available to Defendants.

Notably, it is not inherently obvious how the named witnesses (defendants in underlying ADA actions) will contribute evidence to support Plaintiff's racketeering allegations, which, among other things, involve allegations that Defendants: (1) based ADA lawsuits on the false allegation that Ronald Moore is disabled; (2) premised standing in those lawsuits on the false allegation that Ronald Moore visited the establishments in question; and (3) supplemented allegations in those lawsuits with information gained through covert inspection of the premises by persons other than the named plaintiff. Plaintiff's conclusory disclosure that "the individuals listed below may be used by Plaintiff to prove Defendants' fraud in the filing and prosecution of manufactured ADA claims against California businesses, business and property owners, and business and property managers," is insufficient. Viewed in the context of the entire case, more is required. *Sender v. Mann,* 225 F.R.D. 645, 651 (D. Colo. 2004)

(disclosure must be "reasonable under the circumstances, focusing on the facts that are alleged with particularity in the pleadings") (internal quotation omitted); *see also Am. Family Mut. Ins. Co. v. Kline*, No. 4:10-CV-00321-RP-RAW, 2011 WL 13232555, at *2 (S.D. Iowa Apr. 21, 2011) ("A subject description which says, in substance, the witnesses have knowledge of everything about the claims and defenses . . . does not, in the Court's judgment, fairly comply with the rule."). The Court is also mindful of the practical implications of such a generic disclosure:

> Constrained by the numerical limit on depositions imposed under Rule 30(a)(2) and by proportionality factors expressly incorporated in Fed. R. Civ. P. 26(b)(1), opposing counsel is confronted with a real dilemma if the mere mention of an individual's name during a deposition discharges a party's disclosure and supplementation obligations. A risk-averse party must either expend time and money taking a deposition that could prove worthless, or risk surprise at trial. *Cf. Sender*, 225 F.R.D. at 656 (Rule 26(e) "disclosures must be sufficiently detailed to allow [the opposing party] to make intelligent decisions regarding how [it] will efficiently use the limited number of depositions permitted under the Rule 16 scheduling order").

*Poitra v. Sch. Dist. No. 1 in the Cty. of Denver*, 311 F.R.D. 659, 667 (D. Colo. 2015).

Accordingly, Defendants' motion for reconsideration is GRANTED. Plaintiff shall supplement her initial disclosures within fourteen (14) days to provide a reasonable explanation as to how the named witnesses are connected to the claims in their case. The Court will not at this time dictate or attempt to predict what might be "reasonable," in light of the information in Plaintiff's possession. However, failure to respond appropriately and timely risks Plaintiff having no witnesses at all, or only those witnesses for whom Plaintiff substantially responds to this requirement. This order is not intended to preclude the possibility that any disclosures Plaintiff plans to make in connection with the up-coming hearing on the pending discovery dispute will address (and therefore moot) the above concern.

IT IS SO ORDERED.

Dated: **August 23, 2019**         **/s/ Lawrence J. O'Neill**
                                    UNITED STATES CHIEF DISTRICT JUDGE