ROGER M. MANSUKHANI (SBN: 164463)
DAVID L. JONES (SBN: 112307)
STEVEN R. INOUYE (SBN: 245024)
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendants
Moore Law Firm, P.C.; Tanya E. Moore;
Ronald D. Moore; Zachary M. Best;
Marejka Sacks; Mission Law
Firm, A.P.C.; E. LeRoy Falk;
Rick D. Moore; West Coast CASp
and ADA Services and Ronny Loreto

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATEMEH SANIEFAR<br><br>Plaintiff,<br><br>vs.<br><br>RONALD D. MOORE, TANYA E. MOORE, KENNETH RANDOLPH MOORE, MAREJKA SACKS, ELMER LEROY FALK, ZACHARY M. BEST, MOORE LAW FIRM, a California Professional Corporation, MISSION LAW FIRM, a California Professional Corporation, GEOSHUA LEVINSON, RICK D. MOORE, WEST COAST CASP AND ADA SERVICES, a California Corporation, RONNY LORETO, and DOES 1 THROUGH 100, inclusive<br><br>Defendants. | CASE NO. 1:17-cv-00823-LJO-BAM<br><br>**DEFENDANTS' NOTICE OF AND MOTION FOR SUMMARY JUDGMENT AND/OR MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: November 14, 2019<br>Time: 8:30 a.m.<br>Dept: 4<br>Judge: The Hon. Lawrence J. O'Neill |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 14, 2019, at 8:30 a.m. in Courtroom 4, 7th Floor of the above entitled Court, located at 2500 Tulare Street, Fresno, California, Defendants Moore Law Firm, P.C., Tanya E. Moore, Ronald D. Moore, Marejka Sacks, Mission Law Firm, A.P.C., Rick D. Moore, West Coast Casp and ADA Services, and Ronny Loreto ("Defendants")

will and hereby do move this Court under Fed.R.Civ.P. Rule 56, for summary judgment and partial summary judgment, and an order adjudicating the following claims for relief in the First Amended Complaint ("Complaint") filed by Plaintiff Saniefar:

(1) Defendants are entitled to partial summary judgment of Issue No. 1: Ronald Moore is disabled and substantially limited in his ability to walk.

(2) Defendants are entitled to partial summary judgment of Issue No. 2: Ronald Moore visited Zlfred's restaurant on April 14, 2014 with his family.

(3) Defendants are entitled to partial summary judgment of Issue No. 3: Zlfred's restaurant had admitted ADA violations which it fixed after Ronald Moore filed suit.

(4) Defendants are entitled to partial summary judgment of Issue No. 4: The Law Firms' practice is always to begin investigating claims after they are first reported by the client.

(5) Defendants are entitled to partial summary judgment of Issue No. 5: The Law Firm investigators only conduct prefiling inspections after the clients visit in order to verify whether those reported violations exist.

(6) Defendants are entitled to partial summary judgment of Issue No. 6: Defendants Tanya Moore and Marejka Sacks believed Ronald Moore visited Zlfred's and was substantially limited in his ability to walk.

(7) Defendants are entitled to partial summary judgment of Issue No. 7: The Law Firms have a pattern of prosecuting legitimate lawsuits on Ronald Moore's behalf after conducting similar due diligence over many years.

(8) Defendants are entitled to partial summary judgment of Issue No. 8: Marejka Sacks was an employee who continues to believe that the law firms only filed valid ADA lawsuits.

(9) Defendants are entitled to partial summary judgment of Issue No. 9: Rick Moore was an investigator who only inspected businesses after the law firm clients

DEFENDANTS' NOTICE OF AND MOTION FOR SUMMARY JUDGMENT AND/OR MOTION FOR PARTIAL SUMMARY JUDGMENT

visited and reported violations.

(10) Defendants are entitled to partial summary judgment of Issue No. 10: Ronny Loreto never participated in any scheme and did not submit any receipts to the law firms.

(11) Defendants are entitled to partial summary judgment with respect to Plaintiff's First Cause of Action under the Racketeer Influenced and Corrupt Practices Act ("RICO") based upon Issue Nos. 1 to 10.

(12) Defendants are entitled to summary adjudication with respect to Plaintiff's Second Cause of Action for Conspiracy to Violate Racketeer Influenced and Corrupt Practices Act based upon Issue Nos. 1 to 10.

(13) Defendants are entitled to summary judgment of Plaintiff's First Cause of Action and Second Cause of Action based upon Issue Nos. 1 to 12.

These motions are brought pursuant to Rule 56 of the Federal Rules of Civil Procedure, and are based on this Notice of Motions and Motions, along with the concurrently filed and served Memorandum of Points and Authorities; Separate Statement of Undisputed Facts; Declarations of Tanya Moore, Marejka Sacks, Ronald Moore, Rick Moore, Ronny Loreto, David Guthrie, Whitney Law, Kathy Powell, Meylin Solozobal, and Steven Inouye, Esq.; and the Appendix of Exhibits; as well as the pleadings, files and other matters on record in this action or that may be presented to the Court at these motions' hearing. Oral argument is requested.

Dated: October 10, 2019           GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Steve. R. Inouye*
Roger M. Mansukhani
David L. Jones
Steven R. Inouye
Attorneys for Defendants
Moore Law Firm, P.C., Tanya E. Moore, Ronald D. Moore, Zachary M. Best, Marejka Sacks, Mission Law Firm, A.P.C., E. LeRoy Falk, Rick D. Moore, West Coast Casp and ADA Services, and Ronny Loreto

-3-
DEFENDANTS' NOTICE OF AND MOTION FOR SUMMARY JUDGMENT AND/OR MOTION FOR PARTIAL SUMMARY JUDGMENT