FLIMROGER M. MANSUKHANI (SBN: 164463)
DAVID L. JONES (SBN: 112307)
STEVEN R. INOUYE (SBN: 245024)
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendants
Moore Law Firm, P.C.; Tanya E. Moore;
Kenneth Randolph Moore; Ronald D. Moore;
Zachary M. Best; Marejka Sacks; Mission Law
Firm, A.P.C.; E. LeRoy Falk; Geoshua
Levinson; Rick D. Moore; West Coast CASp
and ADA Services; and Ronny Loreto

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATEMEH SANIEFAR<br><br>Plaintiff,<br><br>vs.<br><br>RONALD D. MOORE, TANYA E. MOORE, KENNETH RANDOLPH MOORE, MAREJKA SACKS, ELMER LEROY FALK, ZACHARY M. BEST, MOORE LAW FIRM, a California Professional Corporation, MISSION LAW FIRM, a California Professional Corporation, GEOSHUA LEVINSON, RICK D. MOORE, WEST COAST CASP AND ADA SERVICES, a California Corporation, RONNY LORETO, and DOES 1 THROUGH 100, inclusive<br><br>Defendants. | CASE NO. 1:17-cv-00823-LJO-BAM<br><br>**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION**<br><br>Date: November 14, 2019<br>Time: 8:30 a.m.<br>Courtroom: 4, 7th Floor<br>Judge: Hon. Lawrence J. O'Neill |

Pursuant to Local Rule 260(a), Defendants Ronald D. Moore; Tanya E. Moore; Marejka Sacks; Moore Law Firm, P.C.; Mission Law Firm, A.P.C.; Rick D. Moore; West Coast CASp and ADA Services, a California Corporation; and Ronny Loreto ("Defendants"), provide the following Statement of Undisputed Facts in support of their motion for summary judgment/summary adjudication.

/ / /

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | **ISSUE 1: RONALD MOORE IS DISABLED AND IS SUBSTANTIALLY LIMITED IN HIS ABILITY TO WALK** | |
| 1. | Since around 2003, Ronald began to experience pain in his neck, back, and knees. | Ronald Decl. ¶ 2. |
| 2. | During this period, Ronald was diagnosed as having degenerative disc disease and chronic pain syndrome. | Ronald Decl. ¶ 2. Tanya Decl. ¶ 375, Exhibit 123 (Lynn Moore Depo). Tanya Decl. ¶ 376, Exhibit 124 (Rhonda Moore Depo). |
| 3. | Ronald's pain levels fluctuate, but he always feels some degree of pain. | Ronald Decl. ¶ 2. Tanya Decl. ¶ 375, Exhibit 123 (Lynn Moore Depo). Tanya Decl. ¶ 376, Exhibit 124 (Ronda Moore Depo). |
| 4. | On a "good day" when his pain is lower, Ronald ventures out of his home, but on "bad days" when his pain is higher he seldom leaves his home. | Ronald Decl. ¶ 2. Ronny Loreto Decl., ¶ 6. Tanya Decl. ¶ 375, Exhibit 123 (Lynn Moore Depo). Tanya Decl. ¶ 376, Exhibit 124 (Rhonda Moore Depo). Tanya Decl. ¶ 377, Exhibit 125 (Ronny Loreto Depo). |
| 5. | When Ronald first began experiencing pain, he took significant amounts of narcotics, but that resulted in difficulty in his personal life. | Ronald Decl. ¶ 3. Tanya Decl. ¶ 375, Exhibit 123 (Lynn Moore Depo). |
| 6. | In 2014 and for several years thereafter, Ronald switched to over-the-counter medication to try to manage his pain. | Ronald Decl. ¶ 3. Tanya Decl. ¶ 375, Exhibit 123 (Lynn Moore Depo). |
| 7. | Ronald also began experiencing problems with instability and dizziness in the early to mid-2000s. | Ronald Decl. ¶ 4. Tanya Decl. ¶ 375, Exhibit 123 (Lynn Moore Depo). |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 8. | During this time period, Ronald was diagnosed with hydrocephalus, or "water on the brain." | Ronald Decl. ¶ 4.<br><br>Tanya Decl. ¶ 375, Exhibit 123 (Lynn Moore Depo).<br><br>Tanya Decl. ¶ 376, Exhibit 124 (Rhonda Moore Depo). |
| 9. | Since that time, Ronald has felt unstable when he attempts to walk or stand – he can get dizzy very quickly and feel unstable. | Ronald Decl. ¶ 4.<br><br>Tanya Decl. ¶ 375, Exhibit 123 (Lynn Moore Depo).<br><br>Tanya Decl. ¶ 376, Exhibit 124 (Rhonda Moore Depo). |
| 10. | Ronald understood from conversations with his doctors that unless he underwent surgery to put a device in his head to drain the water, his instability would not improve. | Ronald Decl. ¶ 4.<br><br>Tanya Decl. ¶ 375, Exhibit 123 (Lynn Moore Depo). |
| 11. | Ronald chose not to undergo this surgery, and thus he continues to experience dizziness and instability. | Ronald Decl. ¶ 4.<br><br>Tanya Decl. ¶ 375, Exhibit 123 (Lynn Moore Depo). |
| 12. | As a result of his pain and instability, Ronald began using a wheelchair in around 2005 – long before he filed his first ADA lawsuit in 2009. | Ronald Decl. ¶ 5. |
| 13. | While Ronald can walk at times, he risks falling when he does so, and therefore, he seldom chooses to walk without any assistance. | Ronald Decl. ¶ 5.<br><br>Tanya Decl. ¶ 375, Exhibit 123 (Lynn Moore Depo).<br><br>Tanya Decl. ¶ 377, Exhibit 125 (Ronny Loreto Depo).<br><br>Inouye Decl. ¶ 1, Exhibit 130 (Jason Loreto Depo). |
| 14. | When Ronald is not using a wheelchair, such as when he is inside his home, he usually uses his cane, furniture, walls, and the like to provide him stability. | Ronald Decl. ¶ 5.<br><br>Tanya Decl. ¶ 375, Exhibit 123 (Lynn Moore Depo).<br><br>Tanya Decl. ¶ 377, Exhibit 125 (Ronny Loreto Depo). |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | | Inouye Decl. ¶ 1, Exhibit 130 (Jason Loreto Depo). |
| 15. | Even when Ronald chooses to walk with support, he cannot do so for long periods of time because he fatigues easily from the pain, and needs to sit. | Ronald Decl. ¶ 6.<br><br>Tanya Decl. ¶ 375, Exhibit 123 (Lynn Moore Depo).<br><br>Inouye Decl. ¶ 1, Exhibit 130 (Jason Loreto Depo). |
| 16. | Ronald usually drives himself to his destinations, and keeps his wheelchair in the back of his vehicle. | Ronald Decl. ¶ 7.<br><br>Tanya Decl. ¶ 377, Exhibit 125 (Ronny Loreto Depo).<br><br>Inouye Decl. ¶ 1, Exhibit 130 (Jason Loreto Depo). |
| 17. | Ronald retrieves his wheelchair upon arriving to his destination, using his cane to get to the back of his vehicle, or occasionally, using his hand alongside his vehicle to maintain stability. | Ronald Decl. ¶ 7.<br><br>Tanya Decl. ¶ 377, Exhibit 125 (Ronny Loreto Depo).<br><br>Inouye Decl. ¶ 1, Exhibit 130 (Jason Loreto Depo). |
| 18. | On or about August 13, 2007 (years before Ronald filed his first ADA lawsuit), Ronald's treating physician at the time, Patrick Yun Kee C. Kan, M.D., provided him with a medical note which explained his diagnosis as follows:<br><br>"This is to certify that Mr. Moore suffers from hx of hydrocephalus, B knee arthritis, degenerative disc disease of the lower back, cervical radiculopathy and chronic pain syndrome since 2002 and is ongoing." | Ronald Decl. ¶ 4; Ex. 1-2. |
| 19. | At his attorney Tanya Moore's request, Ronald provided Tanya with the letter from Dr. Kan reflecting these diagnoses in around 2009. | Tanya Decl. ¶ 8; Ex. 1-2. |
| 20. | After reviewing Dr. Kan's medical note, Tanya Moore developed a belief that Ronald Moore was disabled and relied upon the note before agreeing to | Tanya Decl. ¶ 8; Ex. 1-2. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | represent him in lawsuits brought under the ADA. | |
| 21. | In 2011, the Moore Law Firm reviewed copies of Ronald's medical records. | Tanya Decl. ¶ 10, Exhibit 2. |
| 22. | Ronald's medical records also included a letter from his neurologist, Dr. Brian H. Clauge, M.D. addressed to his physician Dr. Kevin Wingert, M.D. dated September 21, 2011 which stated in pertinent part as follows:<br><br>"I had the pleasure of seeing [Ronald Moore] on 09/21/[2011] for consideration of the possibility of occult hydrocephalus. This patient is rather complicated as you know. … One of his complaints was he had sudden unsteadiness. Symptoms would be up and down. … He was complaining of severe dizziness and Dr. Brant did an MRI scan suggesting hydrocephalus and recommended a shunt. … He still has episodes of unsteadiness wherein he feels as though he is on a ship rocking up and down, but no true vertigo. … He does have chronic disability, having been injured years ago. He has chronic back pain. He has lost over 80 pounds in the last year, but at times uses a wheelchair. … His main complaint is episodic unsteadiness. He did have a recent MRI scan and he was confused by the report that suggested that he really had cerebral atrophy rather than hydrocephalus. … I suspect he probably has hydrocephalus ex vacuo … " | Tanya Decl. ¶ 10, Exhibit 2. |
| 23. | After reviewing Ronald Moore's medical records, Tanya Moore and Marejka Sacks maintained a belief that Ronald Moore was disabled and Tanya Moore relied upon the records in continuing to represent him in legal actions. | Tanya Decl. ¶ 10, Exhibit 2.<br><br>Marejka Sack Decl., ¶ 25. |
| 24. | Ronald's attorney, Tanya, understood that Saniefar was disputing Ronald's disability in the underlying action. | Tanya Decl. ¶ 11. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 25. | In response, Tanya decided that it was best to obtain a medical expert to offer independent testimony confirming Ronald's disability. | Tanya Decl. ¶ 11. |
| 26. | Tanya retained American Medical Experts ("AME"), an expert witness service she had never before worked with, to identify an expert capable of evaluating Ronald's medical records, and someone familiar with hydrocephalus. | Tanya Decl. ¶ 11.<br><br>Marejka Sacks Decl., ¶ 26. |
| 27. | AME provided an expert report to Tanya, and ultimately revealed the expert as Dr. Mark Levin, also an individual Tanya had never before known. | Tanya Decl. ¶ 12.<br><br>Marejka Sacks Decl., ¶ 27. |
| 28. | On or about July 28, 2015, Dr. Mark Levin, M.D. prepared an expert report in the Zlfred's action which stated, in pertinent part, as follows:<br><br>"In my opinion with a reasonable degree of medical certainty, Mr. Moore is substantially limited in his ability to walk and a wheelchair would help ameliorate his pain, and that a cane would assist on occasion. In my opinion and based on the records reviewed and the interview with Mr. Moore, as well as my experience and training, Mr. Moore has been 100% disabled since 2008 because of above symptoms. Maximum medical improvement was reached in 2008 and no farther (sic) improvement is expected." | Tanya Decl. ¶ 12, Exhibit 3. |
| 29. | Tanya Moore and Marejka Sacks reviewed Dr. Levin's expert report in the course of Ronald's representation and concluded that Ronald's claim that he was substantially limited in his ability to walk was well supported. | Tanya Decl. ¶ 12, Exhibit 3.<br><br>Marejka Sacks Decl., ¶ 27. |
| 30. | Tanya has also personally witnessed Ronald using a wheelchair for mobility and complaining of pain. | Tanya Decl. ¶ 9. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 31. | Sacks has also personally witnessed Ronald using a wheelchair for mobility and complaining of pain. | Marejka Sacks Decl., ¶¶ 20-21. |
| 32. | Rick Moore ("Rick") has personally witnessed Ronald using a wheelchair or case for mobility and struggling with pain and instability for many years. | Rick Decl. ¶ 2. |
| 33. | Ronny Loreto ("Loreto") has personally witnessed Ronald using a wheelchair for mobility and struggling with pain for many years. | Ronny Loreto Decl., ¶¶ 5, 8-9. |
| 34. | Ronald's daughter and his estranged wife, both of whom have known Ronald since before his disability and have intimate knowledge of Ronald's progressive physical demise, have witnessed and testified to Ronald's difficulty walking and how he has struggled with increasing pain and instability. | Tanya Decl. ¶ 375, Exhibit 123 (Lynn Moore Depo).<br><br>Tanya Decl. ¶ 376, Exhibit 124 (Rhonda Moore Depo). |
| 35. | And Ronald's grandsons, Ronny and Jason Loreto, have also witnessed and testified to their grandfather's struggle with pain and maintaining his balance, and have watched their grandfather consistently use a wheelchair for mobility when out in public. | Ronny Loreto Decl., ¶¶ 5, 8-9.<br><br>Tanya Decl. ¶ 377, Exhibit 125 (Ronny Loreto Depo).<br><br>Inouye Decl. ¶ 1, Exhibit 130 (Jason Loreto Depo). |
| 36. | Saniefar retained private investigators Nick and Raymond Franco to surveil Ronald over a period of three months and over 77 hours. | Tanya Decl. ¶¶ 370 – 374, Exhibits 121 and 122. |
| 37. | The investigators testified that to their knowledge, Ronald had no idea he was being watched, and yet every time he left his house to go out in public, he brought his wheelchair. | Tanya Decl. ¶¶ 370 – 374, Exhibits 121 and 122. |
| 38. | The investigators testified that Ronald would arrive at a location and park, get out of his vehicle using his cane, go to the back of his vehicle, retrieve the wheelchair, then use the wheelchair to travel to his destination. | Tanya Decl. ¶¶ 370 – 374, Exhibits 121 and 122. |
| 39. | In fact, the investigators testified that this was always the case when Ronald travelled to a public place. | Tanya Decl. ¶¶ 370 – 374, Exhibits 121 and 122. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| **ISSUE 2: RONALD MOORE VISITED ZLFRED'S RESTAURANT ON APRIL 14, 2014 WITH HIS FAMILY** | | |
| 40. | **Moore v. Saniefar (aka Zlfred's)**:On April 14, 2014, Ronald, his now estranged wife, Lynn Moore, and two grandsons, Ronny Loreto and Jason Loreto, visited Zlfred's restaurant located at 4030 North Blackstone Avenue in Fresno, California ("Zlfred's"). | Ronald Decl. ¶ 17, Exhibits 9-3 through 9-8 and Exhibit 9-36.<br><br>Ronny Loreto Decl., ¶¶ 15.<br><br>Inouye Decl. ¶ 1, Exhibit 130 (Jason Loreto Depo 90:24-25; 91:1-6). |
| 41. | After exiting his vehicle and transferring to his wheelchair, Ronald encountered various conditions relating to his use of a wheelchair that prevented him from enjoying full and equal access to the restaurant ("Barriers"). | Ronald Decl. ¶¶ 19-20, Exhibit 9-6 and 9-7.<br><br>Ronny Loreto Decl., ¶¶ 15-16.<br><br>Tanya Decl. ¶ 377, Exhibit 125 (Ronny Loreto Depo). |
| 42. | Ronald and his family ate at Zlfred's, and their four meals together cost $85.57, and came to $98.00 after adding a tip, as reflected on the Zlfred's receipt. | Ronald Decl. ¶ 17, Exhibit 9-3 |
| 43. | Ronald charged these meals on his credit card, a charge that is reflected on Ronald's own credit card statement for the account with the same last four digits of the credit card seen on the receipt. | Ronald Decl. ¶ 17, Exhibits 9-5 and 9-36. |
| 44. | Within a week of his April 14, 2014 visit to Zlfred's, Ronald informed his attorneys at the Moore Law Firm about the Barriers he encountered at Zlfred's by sending them his receipt, as well as a questionnaire answering 41 questions in hand-written form that detailed Ronald's visit ("the Questionnaire"). | Ronald Decl. ¶ 17, Exhibit 9-3; Exhibits 9-6 and 9-7.<br><br>Tanya Decl. ¶ 17. |
| 45. | The receipt and Questionnaire were received and reviewed by paralegal Whitney Law at the Moore Law Firm on April 21, 2014. | Whitney Law Decl. ¶ 14; Exhibit 9-3, Exhibit 9-6 to 9-7. |
| 46. | On the Questionnaire, Ronald also reported that he had dined at Zlfred's on three prior occasions. | Ronald Decl. ¶¶ 18-19, Exhibits 9-6 and 9-7. |
| 47. | The Questionnaire also identified who he had dined with, the purpose of his | Ronald Decl. ¶ 19, Exhibits 9-6 and 9-7. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | visit, and all the inaccessible conditions he had encountered at Zlfred's. | |
| 48. | On April 22, 2014, Moore Law Firm, P.C. acknowledged Ronald Moore's inquiry regarding his April 14, 2014 experience at Zlfred's and promised to investigate Ronald's claims. | Tanya Decl. ¶ 32, Exhibit 9-8. |
| 49. | After reviewing the Questionnaire and receipt provided by Ronald, Tanya instructed Ms. Law to prepare the Barrier Memo itemizing each of the inaccessible conditions at Zlfred's Ronald had reported on the Questionnaire. | Tanya Decl. ¶ 32, Exhibit 9-9 to 9-10.<br><br>Whitney Law Decl. ¶ 15; Exhibit 9-9 to 9-10. |
| 50. | On April 28, 2014, Ms. Law created a "barrier memo" from Ronald Moore's questionnaire listing in summary form the problems Ronald Moore reported he encountered during his April 14, 2014 visit to Zlfred's. | Whitney Law Decl. ¶ 15; Exhibit 9-9 to 9-10. |
| 51. | On April 28, 2014, Ms. Law provided the Barrier Memo to Geoshua Levinson. with instructions to visit Zlfred's, take photographs of the ten conditions identified in the Barrier Memo as appropriate, and to indicate whether the identified conditions existed. | Whitney Law Decl. ¶ 16; Exhibit 9-11 to 9-12.<br><br>Tanya Decl. ¶ 33. |
| 52. | Levinson completed the Barrier Memo and sent it along with the photographs he took to the Moore Law Firm for review by Ms. Law on July 7, 2014. | Tanya Decl. ¶ 34, Exhibits 9-10 to 9-11.<br><br>Whitney Law Decl. ¶ 16; Exhibit 9-11 to 9-12. |
| 53. | Levinson's completed Barrier Memo confirmed nine out of ten conditions Ronald Moore reported on his questionnaire he encountered. | Tanya Decl. ¶ 34, Exhibits 9-10 to 9-11.<br><br>Whitney Law Decl. ¶ 16; Exhibit 9-11 to 9-12. |
| 54. | After his inspection of Zlfred's, Levinson did *not* confirm Ronald Moore's report that the checkout counter at Zlfred's was too high. | Tanya Decl. ¶ 34, Exhibits 9-10 to 9-11.<br><br>Whitney Law Decl. ¶ 16; Exhibit 9-11 to 9-12. |
| 55. | After consulting with Tanya, Ms. Law then provided instructions to another legal assistant in the firm regarding drafting the complaint. | Tanya Decl. ¶ 34.<br><br>Whitney Law Decl. ¶ 16. |
| 56. | Ms. Law reviewed the complaint after it was drafted, and she provided it to Tanya for final review and comment. | Whitney Law Decl. ¶ 16. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 57. | Tanya went over the complaint with Ronald, and then sent it to Ronald for his review and verification. | Tanya Decl. ¶ 48; Exhibit 9-14 to 9-23. Whitney Law Decl. ¶ 17. |
| 58. | Because the investigator did not confirm Ronald Moore's claim regarding the height of the counter, Moore Law Firm did <u>not</u> include that claim in the complaint. | Tanya Decl. ¶ 34. |
| 59. | Ronald signed the verification on July 8, 2014, returned it to the Moore Law Firm. | Tanya Decl. ¶ 48; Exhibit 9-14 to 9-23. |
| 60. | On July 8, 2014, Moore Law Firm caused a complaint to be filed on behalf of Ronald Moore and against Fatemah Saniefar and others, captioned *Ronald Moore v. Fatemah Saniefar, et al.,* and thereafter assigned E.D. Cal. Case No. 1:14-cv-01067-SKO ("the Federal Action"). | Tanya Decl. ¶ 48; Exhibit 9-14 to 9-23. |
| 61. | The Federal Action alleged that Ronald "requires the use of a wheelchair when travelling about in public" and that he is "'physically disabled' as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws." | Tanya Decl. ¶ 48; Exhibit 9-14 to 9-23. |
| 62. | The Federal Action also alleged that Ronald personally visited Zlfred's and encountered the nine Barriers that had been confirmed by Levinson. | Tanya Decl. ¶ 48; Exhibit 9-14 to 9-23. |
| 63. | Notably, the complaint did *not* include the tenth claim Ronald identified on his Questionnaire regarding the counter height – which Tanya and Levinson found not to be supported. | Tanya Decl. ¶ 48; Exhibit 9-14 to 9-23. |
| 64. | In December 2014, Ronald hired a California Certified Access Specialist ("CASp") expert, Michael Bluhm, to inspect Zlfred's pursuant to a Rule 34 of the Federal Rules of Civil Procedure Demand for Inspection. | Tanya Decl. ¶ 48. |
| 65. | Mr. Bluhm identified other conditions at Zlfred's that would interfere with access to the restaurant by individuals with mobility impairments, and he prepared a | Tanya Decl. ¶ 48. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | report of his findings for the Moore Law Firm. | |
| 66. | After reviewing Mr. Bluhm's report, Tanya caused a First Amended Complaint ("FAC") to be drafted and filed to include these additionally discovered conditions, which FAC was filed on January 29, 2015. | Tanya Decl. ¶ 48; Exhibit 9-24 to 9-35. |
| 67. | Subsequent to the filing of the FAC, Saniefar undertook remedial work at Zlfred's to address all the Barriers in the FAC. | Tanya Decl. ¶ 378, Exhibit 125 |
| 68. | In November 2016 – nearly two years after the FAC was filed – Saniefar filed a Motion for Summary Judgment on the basis that all the ADA violations identified in the FAC had been voluntarily repaired and the federal claims had become moot. | Tanya Decl. ¶ 381, Exhibit 126. |
| 69. | In March 2017, the district court granted Saniefar's motion for summary judgment on the ground the federal claim had been rendered moot by Saniefar's remedial efforts and new policies. | Tanya Decl. ¶ 382, Exhibit 127. |
| 70. | The district court refused to continue to exercise supplemental jurisdiction over Ronald's remaining state law claims, but dismissed those claims without prejudice to Ronald's ability to re-file them in state court. | Tanya Decl. ¶ 382, Exhibit 127. |
| 71. | On April 21, 2017, Ronald filed a complaint against Saniefar in the Fresno County Superior Court, case number 17CECG01361, for damages under the Unruh Civil Rights Act arising from his encounter with the inaccessible conditions he identified in the Federal Action (the "State Action"). | Tanya Decl. ¶ 383. |
| 72. | On May 10, 2018, Saniefar filed a Motion for Summary Judgment on the basis that Ronald had failed to serve them with certain notices pursuant to legislation enacted in October 2015, well after the Federal Action, but before the State Action. | Tanya Decl. ¶ 384. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 73. | The state court granted Saniefar's Motion for Summary Judgment on this procedural basis and dismissed the State Action on or about July 26, 2018. | Tanya Decl. ¶ 385. |
| 74. | The merits of Ronald's claims were never reached in the Federal Action or the State Action. | Tanya Decl. ¶ 386. |
| | **ISSUE 3: ZLFRED'S RESTAURANT HAD ADMITTED ADA VIOLATIONS WHICH IT FIXED AFTER RONALD MOORE FILED SUIT** | |
| 75. | Ronald Moore's lawsuit against Saniefar alleged that he encountered the following inaccessible conditions at Zlfred's:<br><br>a) Plaintiff parked in a designated accessible parking space at the Facility, but found that his parked vehicle itself obstructed the ramp that led to the sidewalk. It was difficult for Plaintiff to maneuver around his vehicle to go up and down the ramp.<br><br>b) The entrance to the restaurant was heavy and had a raised threshold. This made it difficult for Plaintiff to open the door, and to keep it open while he attempted to overcome the threshold.<br><br>c) Plaintiff needed to the use the restroom while visiting the Facility, but the stall within the men's restroom lacked necessary wheelchair clearances, and Plaintiff could not get his wheelchair into it. Plaintiff required his grandson's assistance to make his way into the stall and onto the toilet.<br><br>d) The toilet inside of the stall lacked grab bars, further making it difficult for Plaintiff to use the toilet.<br><br>e) The plumbing below the lavatory in the restroom was exposed, causing | Tanya Decl. ¶¶ 48, 377, Exhibit 9-24 through 9-35. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | Plaintiff to fear that he would burn his legs on the pipes.<br><br>f) The counter in the men's restroom lacked proper knee clearances, making it difficult for Plaintiff to reach the soap dispenser.<br><br>g) The hand dryer in the men's restroom was out of reach for Plaintiff due to its height.<br><br>h) The men's restroom doorway lacked proper maneuvering clearances on the inside of the restroom and Plaintiff became trapped when trying to leave the restroom. Plaintiff had to call out his grandson to help him.<br><br>i) Plaintiff could not locate an accessible table and was forced to sit at a table that was improperly configured, such that he could not pull his wheelchair all the way up to the table. He was forced to sit at an uncomfortable distance from the table for the duration of his meal. | |
| 76. | Fatemah Saniefar stipulated that most of the conditions identified in SUF No. 75 above existed. | Tanya Decl. ¶ 379, Exhibit 126. |
| 77. | Ronald Moore's CASp expert inspected Zlfred's and confirmed the existence of the conditions Ronald Moore encountered during his April 14, 2014 visit to Zlfred's as alleged in his complaint. | Tanya Decl. ¶ 380, Exhibit 127. |
| 78. | Saniefar's expert never contested the existence of the conditions Ronald Moore encountered during his April 14, 2014 visit to Zlfred's. | Tanya Decl. ¶ 381. |
| | **ISSUE 4:  THE LAW FIRMS' PRACTICE IS ALWAYS TO BEGIN INVESTIGATING CLAIMS *AFTER* THEY ARE FIRST REPORTED BY THE CLIENT** | |
| 79. | In around 2009, the Moore Law Firm added the ADA practice to its existing criminal/administrative practice. | Tanya Decl. ¶ 3. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 80. | Initially, the firm only asked clients to provide receipts of their visits to businesses where they encountered a condition(s) that interfered with their access on account of their disability. | Tanya Decl. ¶ 15.<br><br>Meylin Solozobal Decl. ¶ 4.<br><br>Kathy Powell Decl. ¶ 5. |
| 81. | At that time, the firm would receive the client's receipt, usually in the mail or via facsimile, and would then call the client to find out what problems had been encountered. | Tanya Decl. ¶ 17.<br><br>Meylin Solozobal Decl. ¶ 4.<br><br>Kathy Powell Decl. ¶ 5. |
| 82. | The firm would take notes during this conversation, and the client would be sent a letter stating that their claim would be investigated. | Meylin Solozobal Decl. ¶ 5. |
| 83. | Thereafter, Kenneth Randolph Moore ("Randy"), Tanya, and/or Levinson would visit the business to confirm and document the conditions. | Meylin Solozobal Decl. ¶ 8.<br><br>Tanya Decl. ¶ 35. |
| 84. | By 2011, the firm began requiring its clients to provide written notes explaining their experience at the businesses they visited, not just their receipts. | Tanya Decl. ¶ 17.<br><br>Meylin Solozobal Decl. ¶ 10.<br><br>Kathy Powell Decl. ¶ 5.<br><br>Marejka Sacks Decl., ¶ 13. |
| 85. | Sometime in 2013, the firm provided its clients questionnaires to be completed, questions that guided the client in identifying with particularity the details of his or her visit to the business. | Tanya Decl. ¶ 23.<br><br>David Guthrie Decl. ¶ 6.<br><br>Whitney Law Decl. ¶ 12.<br><br>Meylin Solozobal Decl. ¶ 11.<br><br>Kathy Powell Decl. ¶ 5. |
| 86. | And in 2013, the firm began preparing the Barrier Memos and providing them to its investigators (usually Levinson, and later, Rick) for use during the investigation of the business. | Tanya Decl. ¶ 26.<br><br>David Guthrie Decl. ¶ 6.<br><br>Whitney Law Decl. ¶¶ 9-12.<br><br>Kathy Powell Decl. ¶ 10.<br><br>Rick Decl., ¶ 3. |
| 87. | After an investigation was undertaken, the responsible attorney would determine whether the claims presented | David Guthrie Decl. ¶ 6.<br><br>Tanya Decl. ¶ 35. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | by its clients were sufficiently supported to warrant the filing of a lawsuit. | Kathy Powell Decl. ¶ 10.<br><br>Whitney Law Decl. ¶ 12, Exhibit 4. |
| 88. | If the claims did not warrant a lawsuit or if the attorney otherwise did not want to file a lawsuit, the firm sent the client a letter rejecting the case. | David Guthrie Decl. ¶ 6.<br><br>Tanya Decl. ¶ 35.<br><br>Kathy Powell Decl. ¶ 11.<br><br>Whitney Law Decl. ¶ 12, Exhibit 4. |
| 89. | If the attorney believed the client's claims warranted a lawsuit, a paralegal prepared the complaint to be reviewed by the attorney and then sent it to the client for review. | David Guthrie Decl. ¶ 6.<br><br>Tanya Decl. ¶ 35.<br><br>Whitney Law Decl. ¶ 12, Exhibit 4. |
| 90. | Once the complaint was approved by the client, the complaint was filed. | David Guthrie Decl. ¶ 6.<br><br>Tanya Decl. ¶ 35.<br><br>Whitney Law Decl. ¶ 12, Exhibit 4. |
| 91. | The law firm's practice of processing client claims was memorialized in a written checklist created by the firm's paralegal, Whitney Law, who was the person primarily responsible for pre-filing tasks in 2013. | Whitney Law Decl. ¶ 12; Exhibit 4.<br><br>Tanya Decl. ¶ 28, Exhibit 4.<br><br>David Guthrie Decl. ¶ 6, Exhibit 4. |
| 92. | Ms. Law provided this checklist to the other paralegals and legal assistants at the firm who were involved in pre-filing matters for their use as well. | Whitney Law Decl. ¶ 12; Exhibit 4. |
| 93. | That checklist continues to reflect the process of the firm to today. | Whitney Law Decl. ¶ 12; Exhibit 4. |
| 94. | Ms. Law also maintains a database of all potential cases that have been rejected by the Moore Law Firm (and Mission Law Firm) since she joined the firm in January 2013. | Whitney Law Decl. ¶¶ 13; Exhibit 8. |
| 95. | Out of the 450+ claims submitted to the Law Firms by Ronald Moore from 2009 to the present, at least 200 were rejected by the Moore Law Firm. | Tanya Decl. ¶ 31, Exhibit 6, Exhibit 7, Exhibit 8.<br><br>Whitney Law Decl. ¶ 13; Exhibit 8. |
| 96. | When clients do not provide sufficient information as to the inaccessible conditions they encounter at businesses, | Tanya Moore Decl., 35.<br><br>Kathy Powell Decl. ¶¶ 8, 12, Exhibit 5. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | the Law Firms obtain additional information or refuse to file a lawsuit | Whitney Law Decl. ¶ 5. |
| 97. | The Law Firms do not agree to include claims in a complaint they were unable to verify via an independent investigation of the business or sufficient evidence provided by their client. | Tanya Decl. ¶ 35.<br><br>Kathy Powell Decl. ¶ 11.<br><br>Whitney Law Decl. ¶¶ 18- 20. |
| 98. | In the lawsuits filed by the Law Firms on behalf of Ronald Moore, the Law Firms did not agree to include items in the complaint they were unable to verify via an independent investigation of the business or sufficient evidence provided by Ronald Moore. | Tanya Decl. ¶ 35.<br><br>Kathy Powell Decl. ¶¶ 8, 11, Exhibit 5.<br><br>Whitney Law Decl. ¶¶ 18- 20. |
| 99. | In April 2012, the Moore Law Firm's paralegal, Kathy Powell, spoke to Ronald Moore and his now estranged wife, Lynn Moore, to explain that Ronald Moore needed to provide more information about his visits to businesses in order for the firm to properly investigate his claims as well as prepare complaints. | Kathy Powell Decl. ¶ 8, Exhibit 5. |
| 100. | Kathy Powell wrote to Ronald Moore in April 2012 to confirm her conversation with Ronald and Lynn Moore regarding the firm's practice of requiring Ronald Moore to provide his notes and comments of his experiences at the businesses he visited in addition to his receipts, stating, in pertinent part, as follows:<br><br>"Per out telephone conversation, I am enclosing copies for the first few pages of the complaints recently filed on your behalf against property owners and business owners.<br><br>The paragraphs beginning 'While visiting …, Plaintiff personally encountered the following barriers' comes from your experiences. The list of items (a), (b), (c), etc. following each | Tanya Decl., ¶ 25, Exhibit 5-2.<br><br>Kathy Powell Decl. ¶ 8, Exhibit 5. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | of these paragraphs are the words I take from your notes and comments. If receipts come in blank, I will give you a call and get your comments. (Another note: all receipts must be dated either by the facility or you and include the address of the Facility.) Without comments, I can't send our investigator out to investigate for violations or proceed with any action against any entity.<br><br>On occasion, I will need better details or have additional comments after looking at the photographs provided by the investigation to clarify your complaints in the complaint. I will call you on those occasions." | |
| 101. | Ronny Loreto has never obtained or provided receipts to the Law Firms on behalf of Ronald Moore for *any* reason, including any receipts for businesses. | Tanya Decl., ¶ 36.<br><br>Ronny Loreto Decl., ¶¶ 3, 18-19.<br><br>Whitney Law Decl, ¶ 21.<br><br>Kathy Powell Decl., ¶ 14. |

**ISSUE 5: THE LAW FIRMS' INVESTIGATORS ONLY CONDUCT PRE-FILING INSPECTIONS *AFTER* THE CLIENTS VISIT IN ORDER TO *VERIFY* WHETHER THOSE REPORTED VIOLATIONS EXIST**

**General Practice**

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 102. | The Law Firms hire investigators to conduct pre-filing inspections after the clients visit in order to verify whether those reported violations exist. | Tanya Moore Decl. ¶¶ 26, 35.<br>Whitney Law Decl, ¶¶ 4-11.<br><br>Meylin Solozobal Decl. ¶¶ 4-9.<br><br>Rick Decl., ¶¶ 5-8. |
| 103. | Pre-filing investigators only visit businesses after they are provided with barrier memos or other information from the Law Firms detailing what their client experienced. | Tanya Moore Decl. ¶¶ 26, 35.<br><br>Rick Decl., ¶¶ 5-8.<br><br>Whitney Law Decl, ¶¶ 4-11.<br><br>Meylin Solozobal Decl. ¶¶ 4-9. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | | |
| 104. | Investigators also visit the businesses sued *after* the lawsuit is filed to determine if additional conditions relating to the plaintiff's disability exist at the business that were not encountered by the client. | Tanya Moore Decl. ¶¶ 26, 35. |
| 105. | If additional post-filing conditions relating to a plaintiff's disability are identified by investigators, the Law Firms will amend the complaints to include these additionally discovered barriers. | Tanya Moore Decl. ¶ 35. |
| **ISSUE NO. 6: DEFENDANTS TANYA MOORE AND MAREJKA SACKS BELIEVED RONALD MOORE VISITED ZLFRED'S AND WAS SUBSTANTIALLY LIMITED IN HIS ABILTIY TO WALK** | | |
| 106. | Tanya Moore and Marejka Sacks, relied upon the information provided by Ronald Moore and believed that he visited Zlfred's and encountered the conditions he complained of. | Tanya Decl., ¶ 32, Exhibit 9-3 and Exhibit 9-6 to 9-7.<br><br>Marejka Sacks Decl., ¶ 24. |
| 107. | Tanya Moore and Marejka Sacks believed and relied upon the information provided by Ronald Moore that he was substantially limited in his ability to walk. | Tanya Decl., ¶¶ 7-9, Exhibit 1.<br><br>Marejka Sacks Decl., ¶¶ 24-27. |
| 108. | Tanya Moore and Marejka Sacks reviewed Ronald Moore's medical documents and based upon that review, believed Ronald Moore to be disabled. | Tanya Decl., ¶¶ 8-10, Exhibit 1 and 2.<br><br>Marejka Sacks Decl., ¶¶ 24-27. |
| 109. | Tanya Moore and Marejka Sacks witnessed Ronald Moore's disability and use of a wheelchair, but Tanya Moore also required a doctor's verification of his disability prior to filing any lawsuits on his behalf. | Tanya Decl., ¶ 8, Exhibit 1.<br><br>Marejka Sacks Decl., ¶¶ 20-21. |
| 110. | Tanya Moore and Marejka Sacks reviewed the testimony from Dr. Levin regarding Ronald Moore's disability, and believed Ronald Moore to be disabled. | Tanya Decl., ¶¶ 11-12, Exhibit 3.<br><br>Marejka Sacks Decl., ¶¶ 26-27. |
| | | |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | **ISSUE NO. 7: THE LAW FIRMS HAVE A PATTERN OF PROSECUTING LEGITIMATE LAWSUITS ON RONALD MOORE'S BEHALF AFTER CONDUCTING SIMILAR DUE DILIGENCE OVER MANY YEARS**<br><br>**100+ Lawsuits Saniefar Selected To Bring To Trial in this RICO Action (Alphabetical Order)** | |
| 111. | Saniefar agreed to limited the scope of her claims against Defendants in this RICO action from approximately 2,000 underlying cases to about 95 of Ron's cases which were identified in Plaintiff's Supplemental Response to Special Interrogatories dated September 6, 2019. | Inouye Decl., ¶ 2, Exhibit 131-11 to 131-13. |
| 112. | **Moore v. A & A Tarzana Plaza Limited Partnership, Big Lots Stores, Inc., an Ohio Corporation; PNS Stores, Inc., A California Corporation; Surinder K. Dhanda, aka Surinder Pal Kaur Dhanda, dba Clovis Fair Deal Liquor.** On or around May of 2012, the firm received Ronald Moore's receipt and notes/questionnaire from his visits to Clovis Fair Deal Liquor & Market and Big Lots. | Tanya Decl., ¶ 49; Exhibits 10-2 and 10-3; 10-4 through 10-7; 10-8, 10-9 and 10-10 through 10-15. |
| 113. | After receiving this information from Ronald Moore, the firm confirmed that barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶ 50. |
| 114. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 51; Exhibit 10-16; Exhibit 10-17 to 10-19; Exhibit 10-20 through 10-31. |
| 115. | **Moore v. A & K Partnership, Mohsinhussein dba Primos Family Market; Rosalinda Morales dba Tacos La Piedad.** On or around February 18, 2014 the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Primos Family Market and Tacos La Piedad. | Tanya Decl., ¶¶ 52; Exhibits 11-3 and 11-4; Exhibits 11-20 through 21, and 11-22 through 23; Exhibit 11-2. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 116. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 53; Exhibit 11-5 through 6. |
| 117. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 53; Exhibit 11-5 through 6. |
| 118. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 53; Exhibit 11-5 through 6. |
| 119. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 54; Exhibit 11-7; Exhibit 11-8 through 11-19. |
| 120. | **Moore v. AJCA 0929, LLC; PEK CC, Inc. dba Taft Hwy Chevron; Chevron U.S.A. Inc. dba Chevron Station #209125; Ravinder Dhaliwal dba Subway 27425.** On or around February 24, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Subway and Taft Highway Chevron Facilities. | Tanya Decl., ¶¶ 55; Exhibits 12-2 and 12-5; Exhibits 12-6 through 12-9; Exhibit 12-3. |
| 121. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 56; Exhibit 12-10 and 12-11. |
| 122. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 56; Exhibit 12-10 and 12-11. |
| 123. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 56; Exhibit 12-10 and 12-11. |
| 124. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid | Tanya Decl., ¶¶ 57; Exhibit 12-4; Exhibit 12-13 through 12-23. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | case and decided to file a disability lawsuit on his behalf. | |
| 125. | **Moore v. Albashah dba 1 Start Mini Mart.** On or around February 18, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to 1 Star Mini Mart. | Tanya Decl., ¶¶ 58; Exhibit 13-2; Exhibit 13-3 and 13-4; Exhibit 13-5. |
| 126. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 59; Exhibit 13-6 and 13-7. |
| 127. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 59; Exhibit 13-6 and 13-7. |
| 128. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 59; Exhibit 13-6 and 13-7. |
| 129. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 60; Exhibit 13-8 and 13-19 through 13-26; Exhibit 13-9 through 13-18. |
| 130. | **Moore v. AMI LTD, A California Limited Partnership; Big 5 Corp. dba Big 5 Sporting Goods.** On or around July 31, 2013, the firm received Ronald Moore's receipt from his visits to Big 5 of September 14 and September 26, 2012. | Tanya Decl., ¶¶ 60; Exhibit 14-2; Exhibit 14-3; Exhibit 14-4 through 14-5. |
| 131. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 62; Exhibit 14-6 and 14-7 |
| 132. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 62; Exhibit 14-6 and 14-7. |
| 133. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 62; Exhibit 14-6 and 14-7. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 134. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 63; Exhibit 14-8 through 14-17. |
| 135. | **Moore v. Singh dba Gas N Save.** On or around January 14, 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Gas N Save. | Tanya Decl., ¶¶ 64; Exhibit 15-2; Exhibit 15-3 through 15-4; Exhibit 15-5. |
| 136. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 65; Exhibit 15-6. |
| 137. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 65; Exhibit 15-6. |
| 138. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 65; Exhibit 15-6. |
| 139. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 66; Exhibit 15-7; Exhibit 15-8 through 15-18. |
| 140. | **Moore v. Armey, Gill dba Arco.** On or around August 12, 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Arco. | Tanya Decl., ¶¶ 67; Exhibit 16-2; Exhibit 16-3 through 16-4. |
| 141. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 68; Exhibit 16-5. |
| 142. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 68; Exhibit 16-5. |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 143. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 68; Exhibit 16-5. |
| 144. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 69; Exhibit 16-6 through 16-14; Exhibit 16-15 through 16-24. |
| 145. | **Moore v. B & S Fresh Investments (Bobby Salazar's).** On or around September of 2010, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Bobby Salazar's. | Tanya Decl., ¶¶ 70; Exhibit 17-2. |
| 146. | After receiving this information from Ronald Moore, I called him to obtain information regarding his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 71. |
| 147. | The firm then conducted investigation to confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 71. |
| 148. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 72; Exhibit 17-3; Exhibit 17-4 to 17-7; Exhibit 17-8 to 17-20. |
| 149. | **Moore v. Jasvinder Singh Bhangu dba A-1 Liquor.** On or around February 28, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to A-1 Liquors. | Tanya Decl., ¶¶ 73; Exhibit 18-2; Exhibit 18-3 through 18-4; Exhibit 18-5. |
| 150. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 74; Exhibit 18-6. |
| 151. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 74; Exhibit 18-6. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 152. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 74; Exhibit 18-6. |
| 153. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 75; Exhibit 18-7 through 18-15; Exhibit 18-16 through 18-25. |
| 154. | **Moore v. Beal Properties, Inc., A California Corporation, Chahal dba Johnny Quik #117.** Between April of 2012 and end of 2013, the firm received several of Ronald Moore's receipts and notes/questionnaire from his visit to Johnny Quik 117. | Tanya Decl., ¶¶ 76; Exhibit 19-2 through 19-5; Exhibit 19-6 through 19-7; Exhibit 19-8. |
| 155. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 77; Exhibit 19-9 through 19-10; Exhibit 19-11 through 19-12. |
| 156. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 77; Exhibit 19-9 through 19-10; Exhibit 19-11 through 19-12. |
| 157. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 77; Exhibit 19-9 through 19-10; Exhibit 19-11 through 19-12. |
| 158. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 78; Exhibit 19-13; Exhibit 19-14 through 19-23; Exhibit 19-24 through 19-34. |
| 159. | **Moore v. Beal Properties, Inc.; Singh dba Johnny Quik #155.** On or around August 9, 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Johnny Quik #155. | Tanya Decl., ¶¶ 79; Exhibit 20-2; Exhibit 20-3 through 20-4. |
| 160. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 80; Exhibit 20-5; Exhibit 20-6. |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 161. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 80; Exhibit 20-5; Exhibit 20-6. |
| 162. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 80; Exhibit 20-5; Exhibit 20-6. |
| 163. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 81; Exhibit 20-7 through 20-12; Exhibit 20-13 through 20-22. |
| 164. | **Moore v. Singh Bhaurla dba Elite Liquors & Van Ness Investment Company.** On or around August 12, 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Elite Liquors. | Tanya Decl., ¶¶ 82; Exhibit 21-2; Exhibit 21-3 through 21-4. |
| 165. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 83; Exhibit 21-5. |
| 166. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 83; Exhibit 21-5. |
| 167. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 83; Exhibit 21-5. |
| 168. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 84; Exhibit 21-6 through 21-15. |
| 169. | **Moore v. Borrelli; Rivera dba El Ranchito Bakery.** On or around June 10, 2014 the firm received Ronald Moore's receipt and notes/questionnaire from his visit to El Ranchito Bakery. | Tanya Decl., ¶¶ 85; Exhibit 22-3; Exhibit 22-4 through 22-5; Exhibit 22-6. |
| 170. | After receiving this information from Ronald Moore, the firm created a | Tanya Decl., ¶¶ 86; Exhibit 22-7. |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | |
| 171. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 86; Exhibit 22-7. |
| 172. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 86; Exhibit 22-7. |
| 173. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 87; Exhibit 22-8 through 22-16; Exhibit 22-27 through 22-26. |
| 174. | **Moore v. Hassan Chaibi, dba Sunrise Mini Mart.** On or around March 28, 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Sunrise Mini Mart. | Tanya Decl., ¶¶ 88; Exhibit 23-2; Exhibit 23-3 through 23-4; Exhibit 23-5. |
| 175. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 89; Exhibit 23-6; Exhibit 23-7. |
| 176. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 89; Exhibit 23-6; Exhibit 23-7. |
| 177. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 89; Exhibit 23-6; Exhibit 23-7. |
| 178. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 90; Exhibit 23-8 through 23-18. |
| 179. | **Moore v. Chan's Cedar Chinese Food, LLC.** On or around February 5, 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Chan's Cedar Chinese Food. | Tanya Decl., ¶¶ 91; Exhibit 24-2; Exhibit 24-3 through 24-4; Exhibit 24-5. |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 180. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 92; Exhibit 24-6 through 24-8; Exhibit 24-9 through 24-11. |
| 181. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 92; Exhibit 24-6 through 24-8; Exhibit 24-9 through 24-11. |
| 182. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 92; Exhibit 24-6 through 24-8; Exhibit 24-9 through 24-11. |
| 183. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 93; Exhibit 24-15; Exhibit 24-16 through 24-35; Exhibit 24-36 through 24-47. |
| 184. | **Moore v. Cisneros dba Serrano Chipotle Mexican Restaurant.** On or around February 2012, the firm received Ronald Moore's receipts and notes/questionnaire from his visit to Serrano Chipotle. | Tanya Decl., ¶¶ 94; Exhibit 25-2 through 25-5; Exhibit 25-2 through 25-5. |
| 185. | After receiving this information from Ronald Moore, the firm investigated and confirmed the barriers Ronald Moore encountered as legally valid. | Tanya Decl., ¶¶ 95 |
| 186. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 96; Exhibit 25-6 through 25-15. |
| 187. | **Moore v. Cloud, Rodas, dba K&C House of Donuts.** Between May of 2010 and end of 2012, the firm received several Ronald Moore's receipts and notes/questionnaire from his visits to House of Donuts. | Tanya Decl., ¶¶ 97; Exhibit 26-2 through 26-3; Exhibits 26-4 through 26-6; Exhibit 26-7 and 26-8. |
| 188. | After receiving this information from Ronald Moore, the firm engaged an investigator in order to inspect the business and confirm whether or not the | Tanya Decl., ¶¶ 98. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | barriers identified by Ronald Moore were legally valid. | |
| 189. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 99; Exhibit 26-9 through 26-19; Exhibit 26-20 through 26-30. |
| 190. | **Moore v. CST California Stations, Inc., dba Valero California Retail Company.** On or around July 1, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Valero Gas Station. | Tanya Decl., ¶¶ 100; Exhibit 27-2; Exhibit 27-3 through 27-4; Exhibit 27-5. |
| 191. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 101; Exhibit 27-6 through 27-8. |
| 192. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 101; Exhibit 27-6 through 27-8. |
| 193. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 101; Exhibit 27-6 through 27-8. |
| 194. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 102; Exhibit 27-9; Exhibit 27-10 through 27-19. |
| 195. | **Moore v. DeSantis; Avonce dba M-N-M Shear & Clipper Cuts; Singh dba Squire Liquor.** On or around February 11, 2014, the firm received Ronald Moore's receipts and notes/questionnaire from his visit to MNM Shear & Clipper Cuts and Squire Liquor. | Tanya Decl., ¶¶ 103; Exhibit 28-2; Exhibit 28-3 through 28-6; Exhibit 28-7. |
| 196. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 104; Exhibit 28-8 through 28-9. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 197. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 104; Exhibit 28-8 through 28-9. |
| 198. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 104; Exhibit 28-8 through 28-9. |
| 199. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 105; Exhibit 28-10 through 28-20. |
| 200. | **Moore v. Singh Dhaliwal dba Fresno Gas & Liquor**. On or around July 1, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Fresno Gas & Liquor. | Tanya Decl., ¶¶ 106; Exhibit 29-2; Exhibit 29-3 through 29-4; Exhibit 29-5. |
| 201. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 107; Exhibit 29-6; Exhibit 29-7. |
| 202. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 107; Exhibit 29-6; Exhibit 29-7. |
| 203. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 107; Exhibit 29-6; Exhibit 29-7. |
| 204. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 108; Exhibit 29-8; Exhibit 29-9 through 29-18. |
| 205. | **Moore v. Dhillon (Fig Tree Liquor, Baskin-Robbins).** On or around March 11, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visits to Baskin-Robbins and Fig Tree Liquor. | Tanya Decl., ¶¶ 109; Exhibit 30-2 and 30-3; Exhibit 30-4 through 30-8. |
| 206. | After receiving this information from Ronald Moore, the firm created a | Tanya Decl., ¶¶ 110; Exhibit 30-9 through 30-11. |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | |
| 207. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 110; Exhibit 30-9 through 30-11. |
| 208. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 110; Exhibit 30-9 through 30-11. |
| 209. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 111; Exhibit 30-12; Exhibit 30-13 through 30-24. |
| 210. | **Moore v. Dhillon Brothers, No. 1, LLC, Rascon dba The Green Mile Smoke Shop; Wong dba Bamboo Garden Restaurant, Save Mart Supermarkets.** On or around March 11, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Bamboo Garden Restaurant and The Green Mile Smokeshop. | Tanya Decl., ¶¶ 112; Exhibit 31-2; Exhibit 31-3; Exhibit 31-4; Exhibits 31-5 through 31-10; Exhibit 31-11. |
| 211. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 113; Exhibit 31-12 through 31-14. |
| 212. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 113; Exhibit 31-12 through 31-14. |
| 213. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 113; Exhibit 31-12 through 31-14. |
| 214. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 114; Exhibit 31-15 through 31-23; Exhibit 31-24 through 31-35. |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 215. | **Moore v. Dollar Tree Stores, Inc.** On or around June of 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Dollar Tree Store. | Tanya Decl., ¶¶ 115; Exhibit 32-2 through 32-3; Exhibit 32-4 through 32-5. |
| 216. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 116; Exhibit 32-6 through 32-7. |
| 217. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 116; Exhibit 32-6 through 32-7. |
| 218. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 116; Exhibit 32-6 through 32-7. |
| 219. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 117; Exhibit 32-10 through 32-19. |
| 220. | **Moore v. Karakashian dba Dollar Place.** On or around July 3, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Dollar Place. | Tanya Decl., ¶¶ 118; Exhibit 33-2; Exhibit 33-3 through 33-4; Exhibit 33-5. |
| 221. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 119; Exhibit 33-6; Exhibit 33-7. |
| 222. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 119; Exhibit 33-6; Exhibit 33-7. |
| 223. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 119; Exhibit 33-6; Exhibit 33-7. |
| 224. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid | Tanya Decl., ¶¶ 120; Exhibit 33-8; Exhibit 33-9 through 33-18. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | case and decided to file a disability lawsuit on his behalf. | |
| 225. | **Moore v. El Toro Partners, Inc. dba El Toro Café.** On or around May 29, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to El Toro Cafe. | Tanya Decl., ¶¶ 121; Exhibit 34-2; Exhibit 34-3 through 34-5; Exhibit 34-6. |
| 226. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 122; Exhibit 34-7 through 34-8. |
| 227. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 122; Exhibit 34-7 through 34-8. |
| 228. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 122; Exhibit 34-7 through 34-8. |
| 229. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 123; Exhibit 34-9; Exhibit 34-10 through 34-20. |
| 230. | **Moore v. Shop N Save.** On or around August 9, 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Shop N Save Liquor. | Tanya Decl., ¶¶ 124; Exhibit 35-2; Exhibit 35-3. |
| 231. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 125; Exhibit 35-5 through 35-6. |
| 232. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 125; Exhibit 35-5 through 35-6. |
| 233. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 125; Exhibit 35-5 through 35-6. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 234. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 126; Exhibit 35-7 through 35-15; Exhibit 35-16 through 35-25. |
| 235. | **Moore v. Elite Vapor Shop, Inc., Bullard Palm Investors.** On or around July 1, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Elite Vapor Shop. | Tanya Decl., ¶¶ 127; Exhibit 36-2; Exhibit 36-3 through 36-4; Exhibit 36-5. |
| 236. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 128; Exhibit 36-6 through 36-7. |
| 237. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 128; Exhibit 36-6 through 36-7. |
| 238. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 128; Exhibit 36-6 through 36-7. |
| 239. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 129; Exhibit 36-8; Exhibit 36-9 through 36-18. |
| 240. | **Moore v. E-Z-N Quick.** On or around March of 2012, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to EZ N Quick. | Tanya Decl., ¶¶ 130; Exhibit 37-2 and 37-3; Exhibits 37-2 and 37-4. |
| 241. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 131; Exhibit 37-5. |
| 242. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 131; Exhibit 37-5. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 243. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 131; Exhibit 37-5. |
| 244. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 132; Exhibit 37-6; Exhibit 37-7 through 37-16. |
| 245. | **Moore v. Fajita Fiesta Mexican Grill & Cantina.** On or around August of 2010, the firm received Ronald Moore's receipt and notes/questionnaire from his visits to Fajita Fiesta. | Tanya Decl., ¶¶ 133; Exhibits 38-2 and 38-6; Exhibit 38-3 through 38-6; Exhibit 38-7, and 38-8. |
| 246. | After receiving this information from Ronald Moore, the firm confirmed validity of his claims about encountering barriers during his visit to the business and filed a complaint. | Tanya Decl., ¶¶ 134 |
| 247. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 135; Exhibit 38-9. |
| 248. | **Moore v. Fouy Chau dba Donut Nation.** On or around October of 2010 the firm received Ronald Moore's receipts and notes/questionnaire from his visits to Donut Nation. | Tanya Decl., ¶¶ 136; Exhibits 39-2, 39-5 and 39-6; Exhibit 39-2 through 39-6; Exhibit 39-8. |
| 249. | After receiving this information from Ronald Moore, the firm confirmed accuracy of his claims about barriers he encountered during his visits to the business and filed a complaint on his behalf. | Tanya Decl., ¶¶ 137. |
| 250. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 138; Exhibit 39-7. |
| 251. | **Moore v. Fresno Shaw Blackstone, LLC, Bertao Family Industries, Inc. dba Papa Murphy's, Al Bawadi, Inc. dba Elbasha Mediterranean Grill,** | Tanya Decl., ¶¶ 139; Exhibit 40-2; Exhibit 40-3 through 40-17. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | **Dimas Manuel Inc., dba Ramos Furniture, Ali Abdullah, dba USA Furniture.** On or around February 2013, the firm received several Ronald Moore's receipt and notes/questionnaire from his visits to Papa Murphy's, El Basha, Ramos Furniture and USA Furniture. | |
| 252. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 140; Exhibit 40-12. |
| 253. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 140; Exhibit 40-12. |
| 254. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 140; Exhibit 40-12. |
| 255. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 141; Exhibit 40-18 through 40-26; Exhibit 40-27 through 40-42. |
| 256. | However, Tanya also rejected Ronald's request to file a lawsuit against Casual Male XL and Furniture One facilities. | Tanya Decl., ¶¶ 141; Exhibit 40-43. |
| 257. | **Moore v. Gharibeh dba Abe's Liquor & Food.** On or around July 1, 2014, my office received Ronald Moore's receipt and notes/questionnaire from his visit to Abe's Liquor Food. | Tanya Decl., ¶¶ 142; Exhibit 41-2; Exhibit 41-3 through 41-4; Exhibit 41-5. |
| 258. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 143; Exhibit 41-6. |
| 259. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 143; Exhibit 41-6. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 260. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 143; Exhibit 41-6. |
| 261. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 144; Exhibit 41-7; Exhibit 41-8 through 41-17. |
| 262. | **Moore v. Ghuman, dba Johnny Quik #143.** On or around February 21, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Johnny Quik #143. | Tanya Decl., ¶¶ 145; Exhibit 42-2; Exhibit 42-3 through 43-4; Exhibit 42-5. |
| 263. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 146; Exhibit 42-6. |
| 264. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 146; Exhibit 42-6. |
| 265. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 146; Exhibit 42-6. |
| 266. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 147; Exhibit 42-7; Exhibit 42-8 through 42-18. |
| 267. | **Moore v. Gong & Young, Inc. Tshjian, Inc. dba Baskin-Robbins, Dhillon Holdings, LTD, dba Stop n Save Liquor**. Between 2010 and 2014, the firm received Ronald Moore's receipts and notes/questionnaire from his visit to Stop-n-Save Liquor, Baskin-Robbins, Yellow Dog Signs and Graphics, Win Wah Chinese Restaurant. | Tanya Decl., ¶¶ 148; Exhibit 43-2 through 43-6; Exhibit 43-7 through 43-14. |
| 268. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his | Tanya Decl., ¶¶ 149; Exhibit 43-16 through 43-17 Exhibit 43-15 |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | claims about encountering barriers during his visit to the business. | |
| 269. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 149; Exhibit 43-16 through 43-17 Exhibit 43-15 |
| 270. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 149; Exhibit 43-16 through 43-17 Exhibit 43-15. |
| 271. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 150; Exhibit 43-18 through 43-26; Exhibit 43-27 through 43-48. |
| 272. | **Moore v. Gong's Market (Chapala).** On or around December 16, 2010, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Chapala. | Tanya Decl., ¶¶ 151; Exhibit 44-2; Exhibit 44-2; Exhibit 44-3 and 44-5. |
| 273. | After receiving this information from Ronald Moore, the firm confirmed accuracy of the claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 152. |
| 274. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 153; Exhibit 44-4. |
| 275. | **Moore v. Gulamali (Kwik Korner Liquor).** On or around December of 2012, the firm received Ronald Moore's receipts and notes/questionnaire from his visit to Kwik Korner. | Tanya Decl., ¶¶ 154; Exhibit 45-3; Exhibit 45-2 ; Exhibits 45-3 through 45-5; Exhibit 45-6 through 45-8. |
| 276. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 155; Exhibit 45-9; Exhibit 45-10. |
| 277. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not | Tanya Decl., ¶¶155; Exhibit 45-9; Exhibit 45-10. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | the barriers identified by Ronald Moore were legally valid. | |
| 278. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 155; Exhibit 45-9; Exhibit 45-10. |
| 279. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 156; Exhibit 45-11; Exhibit 45-12 through 45-21. |
| 280. | **Moore v. Hadjis (Madera Mini Mart)** On or around June 30, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Madera Mini Mart. | Tanya Decl., ¶¶ 157; Exhibit 46-2; Exhibit 47-3 through 46-4; Exhibit 46-5. |
| 281. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 158; Exhibit 46-6. |
| 282. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 158; Exhibit 46-6. |
| 283. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 158; Exhibit 46-6. |
| 284. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 159; Exhibit 46-7 through 46-17. |
| 285. | **Moore v. Hamid, dba California Market.** On or around 2012-2013, the firm received Ronald Moore's receipts and notes/questionnaire from his visits to California Market. | Tanya Decl., ¶¶ 160; Exhibits 47-2 through 47-4; Exhibits 47-5 through 47-11; Exhibit 47-11. |
| 286. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 161; Exhibit 47-13 through 47-15; Exhibit 47-16 through 47-17. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---------|------|---------------------|
| 287. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 161; Exhibit 47-13 through 47-15; Exhibit 47-16 through 47-17. |
| 288. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 161; Exhibit 47-13 through 47-15; Exhibit 47-16 through 47-17. |
| 289. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 162; Exhibit 47-18; Exhibit 47-19 through 47-28; Exhibit 47-29 through 47-39. |
| 290. | **Moore v. Heim (Shell aka Mexicali Market).** On or around June 19, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Shell. | Tanya Decl., ¶¶ 163; Exhibit 48-2; Exhibit 48-4 through 48-5; Exhibit 48-3. |
| 291. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 164; Exhibit 48-6. |
| 292. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 164; Exhibit 48-6. |
| 293. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 164; Exhibit 48-6. |
| 294. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 165; Exhibit 48-7. |
| 295. | **Moore v. Hernandez (Leonor's Barber shop).** On or around February 11, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Leonor's Barber Shop. | Tanya Decl., ¶¶ 166; Exhibit 49-2 through 49-3; Exhibit 49-4 through 49-5; Exhibit 49-6. |
| 296. | After receiving this information from Ronald Moore, the firm created a | Tanya Decl., ¶¶ 167; Exhibit 49-7. |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | |
| 297. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 167; Exhibit 49-7. |
| 298. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 167; Exhibit 49-7. |
| 299. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 168; Exhibit 49-8; Exhibit 49-9 through 49-18. |
| 300. | **Moore v. Hinds Investments (Sierra Vista Shopping Center Pets Mart, CVS, Big 5, Smart & Final).** In 2012 the firm received multiple Ronald Moore's receipts and notes/questionnaire from his visits to Big 5, Banfield Pet Hospital, Leslie's Pool Supplies, O'Reilly's, CVS Pharmacy, Smart & Final, Petsmart, Marshalls, all located in Sierra Vista. | Tanya Decl., ¶¶ 169; Exhibit 50-1 through 50-20; Exhibit 50-4, 50-6, 50-8, 50-10, 50-16, 50-20. |
| 301. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 170; Exhibit 50-21, 50-23 through 50-58; Exhibit 50-59 through 50-69; Exhibit 50-70 through 50-83. |
| 302. | **Moore v. Hinds Investments (Tang Dynasty).** On or around March 22, 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Tang Dynasty and Office Max. | Tanya Decl., ¶¶ 171; Exhibits 51-2 and 51-3; Exhibit 51-4 through 51-8; Exhibit 51-9. |
| 303. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 172; Exhibit 51-12 to 51-13. |
| 304. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not | Tanya Decl., ¶¶ 172; Exhibit 51-12 to 51-13. |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | the barriers identified by Ronald Moore were legally valid. | |
| 305. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 172; Exhibit 51-12 to 51-13. |
| 306. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf against Tang Dynasty. | Tanya Decl., ¶¶ 173; Exhibit 51-10. |
| 307. | However, Tanya decided to reject Ronald's request for representation in the Office Max case. | Tanya Decl., ¶¶ 173; Exhibit 51-10; Exhibit 51-11. |
| 308. | **Moore v. Horanian (Clinton Street Clippers, Pizza Hut).** On or around June 10, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Clinton Street Clippers and Pizza Hut. | Tanya Decl., ¶¶ 174; Exhibit 52-2 through 52-4; Exhibit 52-5 through 52-8; Exhibit 52-9. |
| 309. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 175; Exhibit 52-10 through 52-11. |
| 310. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 175; Exhibit 52-10 through 52-11. |
| 311. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 175; Exhibit 52-10 through 52-11. |
| 312. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 176; Exhibit 53-2 and 53-3; Exhibit 53-4 through 53-6. |
| 313. | After receiving this information from Ronald Moore, the firm contacted him and conducted an intake about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 178; Exhibit 53-7 through 53-8. |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 314. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 178; Exhibit 53-9 through 53-10. |
| 315. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 178; Exhibit 53-9 through 53-10. |
| 316. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 178; Exhibit 53-9 through 53-10. |
| 317. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 179; Exhibit 53-11; Exhibit 53-12. |
| 318. | **Moore v. Jouda (California Chevron).** On or around February 21, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to California Chevron. | Tanya Decl., ¶¶ 180; Exhibit 54-2; Exhibit 54-3 through 54-4; Exhibit 54-5. |
| 319. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 181; Exhibit 54-6 through 54-7. |
| 320. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 181; Exhibit 54-6 through 54-7. |
| 321. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 181; Exhibit 54-6 through 54-7. |
| 322. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 182; Exhibit 54-8 through 54-16; Exhibit 54-17 through 54-26. |
| 323. | **Moore v. Kaur (Harry's Liquor).** On or around June 30, 2014, the firm received Ronald Moore's receipt and | Tanya Decl., ¶¶ 183; Exhibit 55-2; Exhibit 55-3 through 55-4; Exhibit 55-5. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | notes/questionnaire from his visit to Harry's Liquor. | |
| 324. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 184; Exhibit 55-6. |
| 325. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 184; Exhibit 55-6. |
| 326. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 184; Exhibit 55-6. |
| 327. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 185; Exhibit 55-7; Exhibit 55-8 through 55-17. |
| 328. | **Moore v. Kaur (Parkway Mini Mart).** On or around 2013 and 2014, the firm received Ronald Moore's several receipts and notes/questionnaire from his visits to Parkway Mini Mart. | Tanya Decl., ¶¶ 186; Exhibit 56-2 through 56-4; Exhibit 56-5 through 56-6; Exhibit 56-7. |
| 329. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 187; Exhibit 56-8 through 56-9. |
| 330. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 187; Exhibit 56-8 through 56-9. |
| 331. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 187; Exhibit 56-8 through 56-9. |
| 332. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 188; Exhibit 56-10; Exhibit 56-11 through 56-20. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---------|------|---------------------|
| 333. | **Moore v. Kijima (Kijima Restaurant).** On or around 2011, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Kijima Restaurant. | Tanya Decl., ¶¶ 189; Exhibit 57-2; Exhibit 57-2; Exhibit 57-3. |
| 334. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 190; Exhibit 57-4. |
| 335. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 190; Exhibit 57-4. |
| 336. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 190; Exhibit 57-4. |
| 337. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 191; Exhibit 57-8 through 57-14. |
| 338. | **Moore v. Ky (Doughnuts to Go).** On or around September 2010, the firm received Ronald Moore's receipt from his visit to Doughnuts to Go. | Tanya Decl., ¶¶ 192; Exhibit 58-2. |
| 339. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 193; Exhibit 58-3; Exhibit 58-4 through 58-7. |
| 340. | **Moore v. La Hacienda Market.** On or around June 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to La Hacienda Market. | Tanya Decl., ¶¶ 194; Exhibit 59-2; Exhibit 59-3; Exhibit 59-4. |
| 341. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 195; Exhibit 59-5. |
| 342. | The firm then provided the Barrier Memo to an investigator in order to visit | Tanya Decl., ¶¶ 195; Exhibit 59-5. |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | |
| 343. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 195; Exhibit 59-5. |
| 344. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 196. |
| 345. | **Moore v. Lambetecchio (Pho 2006).** On or around February 18, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Pho 2006. | Tanya Decl., ¶¶ 197; Exhibit 60-2; Exhibit 60-3 through 60-4; Exhibit 60-5. |
| 346. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 198; Exhibit 60-6 through 60-7. |
| 347. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 198; Exhibit 60-6 through 60-7. |
| 348. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 198; Exhibit 60-6 through 60-7. |
| 349. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 199; Exhibit 60-8 through 60-16; Exhibit 60-17 through 60-26. |
| 350. | **More v. Las Islitas Restaurant, Inc. (Mariscos Las Islitas).** On or around February 21, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Mariscos Las Islitas. A | Tanya Decl., ¶¶ 200; Exhibit 61-2; Exhibit 61-3 through 61-4; Exhibit 61-5. |
| 351. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his | Tanya Decl., ¶¶ 201; Exhibit 61-6 through 61-7. |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | claims about encountering barriers during his visit to the business. | |
| 352. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 201; Exhibit 61-6 through 61-7. |
| 353. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 201; Exhibit 61-6 through 61-7. |
| 354. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 202; Exhibit 61-8 through 61-18. |
| 355. | **Moore v. Leingang (KFC).** On or around August 31, 2010, the firm received Ronald Moore's receipts from his visits to KFC. | Tanya Decl., ¶¶ 203; Exhibit 62-2 through 62-3; Exhibit 62-4. |
| 356. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 204; Exhibit 62-4. |
| 357. | **Moore v. Lucido (Thai Chili).** On or around July 1, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Thai Chili. | Tanya Decl., ¶¶ 205; Exhibit 63-2; Exhibit 63-3 through 63-4; Exhibit 63-5. |
| 358. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ |
| 359. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ |
| 360. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 206; Exhibit 63-6; Exhibit 63-7. |
| 361. | Based upon the information the firm received from Ronald Moore, the | Tanya Decl., ¶¶ 207; Exhibit 63-8; Exhibit 63-9 through 63-19. |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | |
| 362. | **Moore v. Madanat Investments LLC (Las Cazuelas, A Quality Food Liquor).** On or around August 20, 2013 and February 18, 2014, the firm received Ronald Moore's receipts and notes/questionnaire from his visit to Las Cazuelas Mexican Restaurant and A Quality Food Store. | Tanya Decl., ¶¶ 208; Exhibit 64-2 and 64-3; Exhibit 64-4 through 64-7; Exhibit 64-8. |
| 363. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 209; Exhibit 64-9 through 64-10. |
| 364. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 209; Exhibit 64-9 through 64-10. |
| 365. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 209; Exhibit 64-9 through 64-10. |
| 366. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 210; Exhibit 64-11 through 64-23. |
| 367. | **Moore v. Manjal (Central Food).** On or around August 9, 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Central Food. | Tanya Decl., ¶¶ 211; Exhibit 65-2; Exhibit 65-3 through 65-4. |
| 368. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 212; Exhibit 65-5. |
| 369. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 212; Exhibit 65-5. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 370. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 212; Exhibit 65-5. |
| 371. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 213; Exhibit 65-6 through 65-14; Exhibit 65-15 through 65-25. |
| 372. | **Moore v. Mann (Johnny Quik #109).** On or around August 9, 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Johnny Quik #109. | Tanya Decl., ¶¶ 214; Exhibit 66-2; Exhibit 66-3 through 66-4. |
| 373. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 215; Exhibit 66-5 through 66-6. |
| 374. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 215; Exhibit 66-5 through 66-6. |
| 375. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 215; Exhibit 66-5 through 66-6. |
| 376. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 216; Exhibit 66-7 through 66-15; Exhibit 66-16 through 66-25. |
| 377. | **Moore v. Millennium Acquisitions, LLC (Arco am/pm).** On or around April 21, 2014, the firm received Ronald Moore's receipts and notes/questionnaire from his visits to Arco am/pm. | Tanya Decl., ¶¶ 217; Exhibit 67-2 through 67-3; Exhibit 67-4 through 67-5. |
| 378. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 218; Exhibit 67-6. |
| 379. | The firm then provided the Barrier Memo to an investigator in order to visit | Tanya Decl., ¶¶ 218; Exhibit 67-6. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | |
| 380. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 218; Exhibit 67-6. |
| 381. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 219; Exhibit 67-8 through 67-19. |
| 382. | **Moore v. Mohamed (La Princesa Market).** On or around December 14, 2012, and then in March of 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to La Princesa Market. | Tanya Decl., ¶¶ 220; Exhibit 68-2 through 68-4; Exhibits 68-4 through 68-7; Exhibit 68-8 through 68-10. |
| 383. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 221; Exhibit 68-11; Exhibit 68-12. |
| 384. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 221; Exhibit 68-11; Exhibit 68-12. |
| 385. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 221; Exhibit 68-11; Exhibit 68-12. |
| 386. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 222; Exhibit 68-13 through 68-22. |
| 387. | **Moore v. Monetary management of California, Inc. (Leslie's Poolmart, Inc., Money Mart).** On or around July 2, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Money Mart and Leslie's Pool Supplies. | Tanya Decl., ¶¶ 223; Exhibit 69-2 and 69-3; Exhibit 69-4 through 69-7; Exhibit 69-8. |
| 388. | After receiving this information from Ronald Moore, the firm created a | Tanya Decl., ¶¶ 224; Exhibit 69-9 through 69-10. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | |
| 389. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 224; Exhibit 69-9 through 69-10. |
| 390. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 224; Exhibit 69-9 through 69-10. |
| 391. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case against Money Mart and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 225; Exhibit 69-11; Exhibit 69-12 through 69-21. |
| 392. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore did not have a case against Leslie's Pool Supplies and sent him a letter rejecting Leslie's case. | Tanya Decl., ¶¶ 226; Exhibit 69-22. |
| 393. | **Moore v. Nagi (La Buena Market).** On or around December 17, 2012, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to La Buena Market. | Tanya Decl., ¶¶ 227; Exhibit 70-2; Exhibit 70-3 through 70-4; Exhibit 70-5. |
| 394. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 228; Exhibit 70-6 through 70-7. |
| 395. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 228; Exhibit 70-6 through 70-7. |
| 396. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 228; Exhibit 70-6 through 70-7. |
| 397. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid | Tanya Decl., ¶¶ 229; Exhibit 70-8 through 70-15; Exhibit 70-16 through 70-25. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | case and decided to file a disability lawsuit on his behalf. | |
| 398. | **Moore v. Nimatex Co. (Arco).** On or around May 30, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Arco. | Tanya Decl., ¶¶ 230; Exhibit 71-2; Exhibit 71-3 through 71-4; Exhibit 71-5. |
| 399. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ |
| 400. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ |
| 401. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 231; Exhibit 71-6 through 71-7. |
| 402. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 232; Exhibit 71-8 through 71-16; Exhibit 71-17 through 71-27. |
| 403. | **Moore v. Park (Big Stop Food Mart).** On or around February 11, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Big Stop Food Mart. | Tanya Decl., ¶¶ 233; Exhibit 72-2; Exhibit 72-3 through 72-4; Exhibit 72-5. |
| 404. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 234; Exhibit 72-6 through 72-7. |
| 405. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 234; Exhibit 72-6 through 72-7. |
| 406. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 234; Exhibit 72-6 through 72-7. |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 407. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 235; Exhibit 72-8 through 72-16; Exhibit 72-17 through 72-27. |
| 408. | **Moore v. Piccolos Pizza Inc. (Papa Murphy).**  On or around November 2010, the firm received Ronald Moore's receipt from his visit to Papa Murphy's. | Tanya Decl., ¶¶ 236; Exhibit 73-2. |
| 409. | After receiving this information from Ronald Moore, the firm confirmed whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 237 |
| 410. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 238 |
| 411. | **Moore v. Pondicherry (Johnny Quik #161).**  On or around 2011, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Johnny Quik #161. | Tanya Decl., ¶¶ 239; Exhibit 74-2 and 74-3; Exhibit 74-2 through 74-3. |
| 412. | After receiving this information from Ronald Moore, the firm confirmed whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 240. |
| 413. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 241; Exhibit 74-4 through 74-12; Exhibit 74-13 through 74-21. |
| 414. | **Moore v. Prolo Family Clovis LLC (MGA Liquor).**  On or around July of 2014, the firm received Ronald Moore's receipts and notes/questionnaire from his visits to MGA Liquor. | Tanya Decl., ¶¶ 242; Exhibit 75-2 and 75-3; Exhibit 75-4 through 75-9; Exhibit 75-10. |
| 415. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 243; Exhibit 75-11. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 416. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 243; Exhibit 75-11. |
| 417. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 243; Exhibit 75-11. |
| 418. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 244; Exhibit 75-12; Exhibit 75-13 through 75-22. |
| 419. | **Moore v. QFS Incorporated (Shell).** On or around June 10, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Shell. | Tanya Decl., ¶¶ 245; Exhibit 76-2 through 76-4; Exhibit 76-5 through 76-6; Exhibit 76-7. |
| 420. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 246; Exhibit 76-8. |
| 421. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 246; Exhibit 76-8. |
| 422. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 246; Exhibit 76-8. |
| 423. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 247; Exhibit 76-9; Exhibit 76-10 through 76-19. |
| 424. | **Moore v. Refai (USA Liquors).** On or around May 29, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to USA Liquors. | Tanya Decl., ¶¶ 248; Exhibit 77-2; Exhibit 77-3 through 77-4; Exhibit 77-5. |
| 425. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his | Tanya Decl., ¶¶ 249; Exhibit 77-6; Exhibit 77-7 through 77-8. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | claims about encountering barriers during his visit to the business. | |
| 426. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 249; Exhibit 77-6; Exhibit 77-7 through 77-8. |
| 427. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 249; Exhibit 77-6; Exhibit 77-7 through 77-8. |
| 428. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 250; Exhibit 77-9. |
| 429. | **Moore v. Robinson Oil.** In 2010, the firm received Ronald Moore's receipts and notes/questionnaire from his visit to Rotten Robbie. | Tanya Decl., ¶¶ 251; Exhibit 78-2 through 78-4. |
| 430. | After receiving this information from Ronald Moore, the firm investigated his claims and determined that the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 252. |
| 431. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 253; Exhibit 78-5 to 78-31. |
| 432. | **Moore v. Rose & Ybarra Restaurants, Inc. (Dollar Fifty Store & Ryan's Place).** On or around 2010, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Dollar Fifty and Ryan's Place. | Tanya Decl., ¶¶ 254; Exhibit 79-2 through 79-4; Exhibit 79-2 through 79-4. |
| 433. | After receiving this information from Ronald Moore, the firm confirmed that the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 255. |
| 434. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid | Tanya Decl., ¶¶ 256; Exhibit 79-5 through 79-27. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | case and decided to file a disability lawsuit on his behalf. | |
| 435. | **Moore v. Rowell Family LLC (Express Grill, Bingo Donuts).** On or around July 1, 2014, the firm received Ronald Moore's receipts and notes/questionnaire from his visits to Express Grill and Bingo Donuts. | Tanya Decl., ¶¶ 257; Exhibits 80-2 and 80-3; Exhibit 80-4 through 80-9; Exhibit 80-10. |
| 436. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 258; Exhibit 80-11 and 80-12; Exhibit 80-13 through 80-14. |
| 437. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 258; Exhibit 80-11 and 80-12; Exhibit 80-13 through 80-14. |
| 438. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 258; Exhibit 80-11 and 80-12; Exhibit 80-13 through 80-14. |
| 439. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 259; Exhibit 80-15; Exhibit 80-16 through 80-27. |
| 440. | **Moore v. Ruiz (Chile My Corona).** On or around December 15, 2011 and then in 2014 the firm received Ronald Moore's receipts and notes/questionnaire from his visit to Chile My Corona. | Tanya Decl., ¶¶ 260; Exhibit 82-2; Exhibit 81-3 through 81-4; Exhibit 81-5. |
| 441. | After receiving this information from Ronald Moore, the firm confirmed that the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 261. |
| 442. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 262; Exhibit 81-6; Exhibit 81-7 through 81-15. |
| 443. | **Moore v. Sarantos (Clovis 500 Club).** On or around February 18, 2014, the firm received Ronald Moore's receipt | Tanya Decl., ¶¶ 263; Exhibit 82-2; Exhibit 82-3 through 82-4; Exhibit 82-5. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | and notes/questionnaire from his visit to Clovis 500 Club. | |
| 444. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 264; Exhibit 82-6 through 82-9. |
| 445. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 264; Exhibit 82-6 through 82-9. |
| 446. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 264; Exhibit 82-6 through 82-9. |
| 447. | Although the firm initially rejected the case, based on the additional information the firm received from Ronald Moore, the investigator and other sources, Tanya came to believe that Ronald Moore had valid case and decided to accept representation and file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 265; Exhibit 82-10 through 82-19; Exhibit 82-20. |
| 448. | **Moore v. Schiff (Frosty Queen).** On or around July 1, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Frosty Queen. | Tanya Decl., ¶¶ 266; Exhibit 83-2; Exhibit 83-3 through 83-4; Exhibit 83-5. |
| 449. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 267; Exhibit 83-6. |
| 450. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 267; Exhibit 83-6. |
| 451. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 267; Exhibit 83-6. |
| 452. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid | Tanya Decl., ¶¶ 268; Exhibit 83-7; Exhibit 83-8 through 83-18. |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | case and decided to file a disability lawsuit on his behalf. | |
| 453. | **Moore v. Sekhon (Cedar Market).** On or around May 30, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Cedar Market. | Tanya Decl., ¶¶ 269; Exhibit 84-2; Exhibit 84-3 through 84-4; Exhibit 84-5. |
| 454. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 270; Exhibit 84-7; Exhibit 84-6. |
| 455. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 270; Exhibit 84-7; Exhibit 84-6. |
| 456. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 270; Exhibit 84-7; Exhibit 84-6. |
| 457. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf | Tanya Decl., ¶¶ 271; Exhibit 84-8; Exhibit 84-9 through 84-18. |
| 458. | **Moore v. Shaw Blackstone Center LLC (Lamps Plus, Skechers, Port of Subs).** On or around March of 2013, the firm received Ronald Moore's receipts and notes/questionnaire from his visits to Papa Murphy's, Skechers and Port of Subs. | Tanya Decl., ¶¶ 272; Exhibit 85-2 through 85-3, 85-5 through 85-9; Exhibit 85-4, 85-7 through 85-16. |
| 459. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 273; Exhibit 85-17 through 85-26. |
| 460. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 273; Exhibit 85-17 through 85-26. |
| 461. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 273; Exhibit 85-17 through 85-26. |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 462. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 274; Exhibit 85-27; Exhibit 85-28 through 85-41; Exhibit 85-42 through 85-55; Exhibit 85-56 through 69. |
| 463. | **Moore v. Simone (Madera Family Mart).** On or around July 1, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Madera Family Mart. | Tanya Decl., ¶¶ 275; Exhibit 86-2; Exhibit 86-3 through 86-4; Exhibit 86-5. |
| 464. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 276; Exhibit 86-6. |
| 465. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 276; Exhibit 86-6. |
| 466. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 276; Exhibit 86-6. |
| 467. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 277. |
| 468. | **Moore v. Singh (El Bajio & Buy Rite).** On or around 2012 and 2013, the firm received Ronald Moore's receipts and notes/questionnaire from his visits to El Bajio and Buy Rite. | Tanya Decl., ¶¶ 278; Exhibit 87-2 through 87-9; Exhibit 87-7, 87-9 through 87-16; Exhibit 87-17 through 87-20. |
| 469. | After receiving this information from Ronald Moore, the firm confirmed that barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 279. |
| 470. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 280; Exhibit 87-21; Exhibit 87-22 through 87-33. |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 471. | **Moore v. Singh (Ernie's Liquor).** On or around September 13, 2010, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Ernie's Liquor. | Tanya Decl., ¶¶ 281; Exhibit 88-2; Exhibit 88-3 through 88-4. |
| 472. | After receiving this information from Ronald Moore, the firm confirmed that the barriers encountered by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 282. |
| 473. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 283; Exhibit 88-5. |
| 474. | **Moore v. Singh (Handi Stop).** On or around June 11, 2014 the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Handi Stop. | Tanya Decl., ¶¶ 284; Exhibit 89-2 Exhibit 89-3 and 89-4; Exhibit 89-5 through 89-6. |
| 475. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 285; Exhibit 89-7. |
| 476. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 285; Exhibit 89-7. |
| 477. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 285; Exhibit 89-7. |
| 478. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 286; Exhibit 89-8 through 89-16; Exhibit 89-17 through 89-25; |
| 479. | **Moore v. Singh (K&A Liquor).** On or around March 6, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to K & A Liquor. | Tanya Decl., ¶¶ 287; Exhibit 90-2; Exhibit 90-3 through 90-4; Exhibit 90-5. |
| 480. | After receiving this information from Ronald Moore, the firm created a | Tanya Decl., ¶¶ 288; Exhibit 90-6. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | |
| 481. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 288; Exhibit 90-6. |
| 482. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 288; Exhibit 90-6. |
| 483. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 289; Exhibit 90-7 through 90-16. |
| 484. | **Moore v. Singh (PB Liquor Food).** On or around February 18, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to PB Liquor. | Tanya Decl., ¶¶ 290; Exhibit 91-2; Exhibit 91-3 through 91-4; Exhibit 91-5. |
| 485. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ |
| 486. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ |
| 487. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 291; Exhibit 91-6; Exhibit 91-7. |
| 488. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 292; Exhibit 91-8; Exhibit 91-9 through 91-18. |
| 489. | **Moore v. Singh (Quik Stop Mini Mart).** On or around July 1, 2014 the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Quik Stop Mini Mart. | Tanya Decl., ¶¶ 293; Exhibit 92-2; Exhibit 92-3 through 92-4; Exhibit 92-5. |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 490. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 294; Exhibit 92-6. |
| 491. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 294; Exhibit 92-6. |
| 492. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 294; Exhibit 92-6. |
| 493. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 295; Exhibit 92-7; Exhibit 92-8 through 92-17. |
| 494. | **Moore v. Singh (Sukis Auto Shop Gas).** On or around March 25, 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Sukis Auto Shop Gas. | Tanya Decl., ¶¶ 296; Exhibit 93-2; Exhibit 93-3 through 93-4; Exhibit 93-5. |
| 495. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 297; as Exhibit 93-6. |
| 496. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 297; Exhibit 93-6. |
| 497. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 297; Exhibit 93-6. |
| 498. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 298; Exhibit 93-7 through 93-15; Exhibit 93-16 through 93-25. |
| 499. | **Moore v. SNL Corp. (Quickway Food Store).** On or around February 11, 2014, the firm received Ronald Moore's | Tanya Decl., ¶¶ 299; Exhibit 94-2; Exhibit 94-3 through 94-4; Exhibit 94-5. |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | receipt and notes/questionnaire from his visit to Quickway Food Store. | |
| 500. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 300; Exhibit 94-6 through 94-7. |
| 501. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 300; Exhibit 94-6 through 94-7. |
| 502. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 300; Exhibit 94-6 through 94-7. |
| 503. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 301; Exhibit 94-8; Exhibit 94-10 through 94-20. |
| 504. | **Moore v. Songu (B & B Liquor).** On or around July 1, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to B&B Liquor. | Tanya Decl., ¶¶ 302; Exhibit 95-2; Exhibit 95-3 through 95-4; Exhibit 95-5. |
| 505. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 303; Exhibit 95-6. |
| 506. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 303; Exhibit 95-6. |
| 507. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 303; Exhibit 95-6. |
| 508. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 304; Exhibit 95-7; Exhibit 95-8 through 95-17. |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 509. | **Moore v. Soto (La Enchilada).**   On or around August 20, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to La Enchilada. | Tanya Decl., ¶¶ 305; Exhibit 96-2; Exhibit 96-3 through 96-6; Exhibit 96-7. |
| 510. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 306; Exhibit 96-8. |
| 511. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 306; Exhibit 96-8. |
| 512. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 306; Exhibit 96-8. |
| 513. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 307; Exhibit 96-9; Exhibit 96-10 through 96-19. |
| 514. | **Moore v. Singh (Stop n Shop).**   On or around 2010, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Stop n Shop. | Tanya Decl., ¶¶ 308; Exhibit 97-2 through 97-3. |
| 515. | After receiving this information from Ronald Moore, the firm confirmed that the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 309. |
| 516. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf | Tanya Decl., ¶¶ 310; Exhibit 97-4. |
| 517. | **Moore v. Sunflower Clovis Investors, LLC (Bobby Salazar's Taqueria).**  On or around August 13, 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Bobby Salazar's. | Tanya Decl., ¶¶ 311; Exhibit 98-2; Exhibit 98-3 through 98-4. |
| 518. | After receiving this information from Ronald Moore, the firm created a | Tanya Decl., ¶¶ 312; Exhibit 98-5. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | |
| 519. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 312; Exhibit 98-5. |
| 520. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 312; Exhibit 98-5. |
| 521. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 313; Exhibit 98-6; Exhibit 98-7 through 98-16. |
| 522. | **Moore v. Sunrise Square (Arsenio's).** On or around May 14, 2012, the firm received Ronald Moore's receipts and notes/questionnaire from his visits to Liquor King, Tandoori Night, Arsenio's. | Tanya Decl., ¶¶ 314; Exhibits 99-2 through 99-3; Exhibit 99-2 through 99-3; Exhibit 99-4 through 99-5. |
| 523. | After receiving this information from Ronald Moore, the firm confirmed his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 315. |
| 524. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 316; Exhibit 99-6 through 99-14; Exhibit 99-15 through 99-28. |
| 525. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, I rejected the case against Tandoori Night. | Tanya Decl., ¶¶ 316; Exhibit 99-29. |
| 526. | **Moore v. Talwandi & Son Inc. (Bottle House Liquor).** On or around May 30, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Bottle House Liquor. | Tanya Decl., ¶¶ 317; Exhibit 100-2; Exhibit 100-3 through 100-4; Exhibit 100-5. |
| 527. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 318; Exhibit 100-6. |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 528. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 318; Exhibit 100-6. |
| 529. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 318; Exhibit 100-6. |
| 530. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 319; Exhibit 100-7; Exhibit 100-8 through 100-18. |
| 531. | **Moore v. The Pep Boys Manny Moe & Jack of California, Inc. (3655 N. Blackstone, Fresno)** On or around May 2012, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Pep Boys. | Tanya Decl., ¶¶ 320; Exhibit 101-2; Exhibit 101-2. |
| 532. | After receiving this information from Ronald Moore, the firm confirmed that barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 321. |
| 533. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 322; Exhibit 101-3. |
| 534. | **Moore v. The Pep Boys Manny Moe & Jack of California, Inc. (693 W. Shaw Ave, Clovis).** On or around May 29, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Pep Boys. | Tanya Decl., ¶¶ 323; Exhibit 102-2; Exhibit 102-3 and 102-4; Exhibit 102-5. |
| 535. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ |
| 536. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not | Tanya Decl., ¶¶ |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | the barriers identified by Ronald Moore were legally valid. | |
| 537. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 324; Exhibit 102-6. |
| 538. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 325; Exhibit 102-7 through 102-15; Exhibit 102-16 through 102-25. |
| 539. | **Moore v. Times Square Holdings, LLC (Kar Wah Restaurant, JK Cigarettes, Big Lots, Plaza Ventana).** On or around March of 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Plaza Ventana, Kar Wah Restaurant, Big Lots, JK Cigarettes. | Tanya Decl., ¶¶ 326; Exhibit 103-2 through 103-6; Exhibit 103-7 through 103-18. |
| 540. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 327; Exhibit 103-19 through 103-20; Exhibit 103-21 through 103-22. |
| 541. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 327; Exhibit 103-19 through 103-20; Exhibit 103-21 through 103-22. |
| 542. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 327; Exhibit 103-19 through 103-20; Exhibit 103-21 through 103-22. |
| 543. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 328; Exhibit 103-23 through 103-40; Exhibit 103-41 through 103-51. |
| 544. | **Moore v. Toledo (Toledito's Mexican Restaurant).** On or around August 12, 2013, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Toledito's Mexican Restaurant. | Tanya Decl., ¶¶ 329; Exhibit 104-2; Exhibit 104-3 through 104-4. |
| 545. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his | Tanya Decl., ¶¶ 330; Exhibit 104-5. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | claims about encountering barriers during his visit to the business. | |
| 546. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 330; Exhibit 104-5. |
| 547. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 330; Exhibit 104-5. |
| 548. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 331; Exhibit 104-6 through 104-14; Exhibit 104-15 through 104-23. |
| 549. | **Moore v. Topoozian (Kevin & Alex Liquor Deli).** On or around July 1, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Kevin & Alex Liquor Deli. | Tanya Decl., ¶¶ 332; Exhibit 105-2; Exhibit 105-3 through 105-4; Exhibit 105-5. |
| 550. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 333; Exhibit 105-6 Exhibit 105-7. |
| 551. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 333; Exhibit 105-6 Exhibit 105-7. |
| 552. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 333; Exhibit 105-6 Exhibit 105-7. |
| 553. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 334; Exhibit 105-8; Exhibit 105-9 through 105-19. |
| 554. | **Moore v. Torigian (Andre's Liquor).** On or around 2012 and 2013, the firm received Ronald Moore's receipts and notes/questionnaire from his visits to Andre's Liquor. | Tanya Decl., ¶¶ 335; Exhibit 106-2 and 106-3; Exhibit 106-2 and 106-4. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---------|------|---------------------|
| 555. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 336; Exhibit 106-5. |
| 556. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 336; Exhibit 106-5. |
| 557. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 336; Exhibit 106-5. |
| 558. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 337; Exhibit 106-6; Exhibit 106-7 through 106-17. |
| 559. | **Moore v. Trini's Oil, Inc. (Trinis Beacon).** On or around August 15, 2013, and then again on or around 2014, the firm received Ronald Moore's receipts and notes/questionnaire from his visit to Trinis Beacon. | Tanya Decl., ¶¶ 338; Exhibit 107-2 and 107-3; Exhibit 107-4 and 107-5. |
| 560. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 339; Exhibit 107-6. |
| 561. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 339; Exhibit 107-6. |
| 562. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 339; Exhibit 107-6. |
| 563. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 340; Exhibit 107-8 through 107-15; Exhibit 107-16 through 107-25. |
| 564. | **Moore v. Victoria Fresno Realty, LLC (King of Kabob).** On or around 2010, | Tanya Decl., ¶¶ 341; Exhibit 108-2; Exhibit 108-3; Exhibit 108-4. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | the firm received Ronald Moore's receipt and notes/questionnaire from his visit to King of Kabob. | |
| 565. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 342; Exhibit 108-5. |
| 566. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 342; Exhibit 108-5. |
| 567. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 342; Exhibit 108-5. |
| 568. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 343; Exhibit 108-6 Exhibit 108-7 through 108-17. |
| 569. | **Moore v. Villa Mart, Inc.** On or around 2010 and also in 2013, the firm received Ronald Moore's receipts and notes/questionnaire from his visits to Villa Food Mart. | Tanya Decl., ¶¶ 344; Exhibit 109-2 and 109-3; Exhibit 109-2 and 109-3; Exhibit 109-4. |
| 570. | After receiving this information from Ronald Moore, the firm confirmed his claims about encountering barriers during his visit to the business were legally valid. | Tanya Decl., ¶¶ 345. |
| 571. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 346; Exhibit 109-7 through 109-17; Exhibit 109-6. |
| 572. | **Moore v. Vituma Properties, LLC (KFC).** On or around June 19, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to KFC. | Tanya Decl., ¶¶ 347; Exhibit 110-2; Exhibit 110-3 through 110-4; Exhibit 110-5. |
| 573. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his | Tanya Decl., ¶¶ 348; Exhibit 110-6 through 110-7. |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | claims about encountering barriers during his visit to the business. | |
| 574. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 348; Exhibit 110-6 through 110-7. |
| 575. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 348; Exhibit 110-6 through 110-7. |
| 576. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 349; Exhibit 110-8 Exhibit 110-9 through 110-19. |
| 577. | **Moore v. Vohra (Arco).** On or around June 11, 2014, the firm received Ronald Moore's receipts and notes/questionnaire from his visits to Arco. | Tanya Decl., ¶¶ 350; Exhibit 111-2 and 111-3; Exhibit 111-4 and 111-5; Exhibit 111-6. |
| 578. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 351; Exhibit 111-7 and 111-8. |
| 579. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 351; Exhibit 111-7 and 111-8. |
| 580. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 351; Exhibit 111-7 and 111-8. |
| 581. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 352; Exhibit 111-9; Exhibit 111-10 through 111-20. |
| 582. | **Moore v. Westfield Investment & Associates LLC (Robertito's Taco Shop).** On or around May 14, 2012 and again in late 2013, the firm received Ronald Moore's receipt and | Tanya Decl., ¶¶ 353; Exhibit 112-2; Exhibit 112-3 through 112-4; Exhibit 112-5 and 112-6. |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | notes/questionnaire from his visit to Robertito's Taco Shop. | |
| 583. | After receiving this information from Ronald Moore, the firm confirmed that the barriers identified by Ronald Moore were legally valid | Tanya Decl., ¶¶ 354. |
| 584. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 355; Exhibit 112-7; Exhibit 112-8 through 112-16. |
| 585. | **Moore v. Wong (Toby's Vapes and More).** On or around July 1, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to Toby's Vapes and More. | Tanya Decl., ¶¶ 356; Exhibit 113-2; Exhibit 113-3 through 113-4; Exhibit 113-5. |
| 586. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 357; Exhibit 113-6. |
| 587. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 357; Exhibit 113-6. |
| 588. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 357; Exhibit 113-6. |
| 589. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 358; Exhibit 113-7 through 113-17. |
| 590. | **Moore v. Zamzami (City Wide Market).** On or around May 30, 2014, the firm received Ronald Moore's receipt and notes/questionnaire from his visit to City Wide Market. | Tanya Decl., ¶¶ 359; Exhibit 114-2; Exhibit 114-3 and 114-4; Exhibit 114-5. |
| 591. | After receiving this information from Ronald Moore, the firm created a "Barrier Memo" which summarized his claims about encountering barriers during his visit to the business. | Tanya Decl., ¶¶ 360; Exhibit 114-6. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 592. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Ronald Moore were legally valid. | Tanya Decl., ¶¶ 360; Exhibit 114-6. |
| 593. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 360; Exhibit 114-6. |
| 594. | Based upon the information the firm received from Ronald Moore, the investigator and other sources, Tanya believed that Ronald Moore had valid case and decided to file a disability lawsuit on his behalf. | Tanya Decl., ¶¶ 361; Exhibit 114-7; Exhibit 114-8 through 114-17. |
| 595. | **Lobato v. Garcia (Teazar World Tea Market).** On or around April 29, 2015, the firm received Rachel Lobato's receipt and notes/questionnaire from her visit to Teazer World Tea Market. | Tanya Decl., ¶¶ 363; Exhibit 115-2; Exhibit 115-3 through 115-16; Exhibit 115-17. |
| 596. | After receiving this information from Rachel Lobato, the firm created a "Barrier Memo" which summarized her claims about encountering barriers during her visit to the business. | Tanya Decl., ¶¶ 364; Exhibit 115-18. |
| 597. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Rachel Lobato were legally valid. | Tanya Decl., ¶¶ 364; Exhibit 115-18. |
| 598. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 364; Exhibit 115-18. |
| 599. | Based upon the information the firm received from Rachel Lobato, the investigator and other sources, Tanya believed that Rachel Lobato had valid case and decided to file a disability lawsuit on her behalf. | Tanya Decl., ¶¶ 365; Exhibit 115-19 through 115-23; Exhibit 115-24 through 115-34. |
| 600. | **Lobato v. Lopez (El Campesino Mexican Restaurant).** On or around April 10, 2015, the firm received Rachel Lobato's receipt and notes/questionnaire from her visit to El Campesino Mexican Restaurant. | Tanya Decl., ¶¶ 366; Exhibit 116-2; Exhibit 116-3 through 116-6; Exhibit 116-7. |
| 601. | After receiving this information from Rachel Lobato, the firm created a | Tanya Decl., ¶¶ 367; Exhibit 116-8 through 116-9. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| | "Barrier Memo" which summarized her claims about encountering barriers during her visit to the business. | |
| 602. | The firm then provided the Barrier Memo to an investigator in order to visit the business and confirm whether or not the barriers identified by Rachel Lobato were legally valid. | Tanya Decl., ¶¶ 367; Exhibit 116-8 through 116-9. |
| 603. | The investigator returned the Barrier Memo to the firm with the right column completed with his findings. | Tanya Decl., ¶¶ 367; Exhibit 116-8 through 116-9. |
| 604. | Based upon the information the firm received from Rachel Lobato, the investigator and other sources, Tanya believed that Rachel Lobato had valid case and decided to file a disability lawsuit on her behalf. | Tanya Decl., ¶¶ 368; Exhibit 116-10 through 116-14; Exhibit 116-15 through 116-25. |
| 605. | **Receipts for Lawsuits Against Over 130 Other Businesses:** Ronald Moore provided the law firm with receipts, notes and/or questionnaires for lawsuits against over 130 other businesses that he sued in California. | Tanya Decl., ¶¶ 369; Exhibit 117, 118, 119 and 120. |
| 606. | To the extent any of Ronald's other receipts, notes or questionnaires cannot be located at this time, they were likely misplaced given the lapse of time from 2009 to the present. | Tanya Decl., ¶¶ 369. |
| | **ISSUE NO. 8: MAREJKA SACKS WAS AN EMPLOYEE WHO CONTINUES TO BELIEVE THAT THE FIRMS ONLY FILED VALID ADA LAWSUITS** | |
| 607. | Sacks began working as a paralegal for the Moore Law Firm in September 2010 at a rate of $20 per hour. | Sacks Decl. ¶ 7. |
| 608. | Sacks accepted this position in part because her father was disabled, and she had witnessed first-hand how difficult the built environment was for him to navigate. | Sacks Decl. ¶¶ 4 -5. |
| 609. | Sacks only worked as a firm employee under the supervision of attorneys Tanya Moore, K. Randolph Moore, and Zachary M. Best. | Sacks Decl. ¶ 7. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 610. | Sacks did not interact with investigators during the prefiling stages, or draft complaints, but based upon the information she received and reviewed *after* the lawsuits were filed, Sacks at all times believed that the law firm clients visited the businesses against whom legal actions were filed. | Sacks Decl. ¶¶ 12-19. |
| 611. | Based upon the information she received and reviewed, Sacks always believed that the law firm initiated cases after a client first sent the firm receipts and notes of his or her visit. | Sacks Decl. ¶ 18. |
| 612. | Based upon the information she received and reviewed, Sacks always believed that each and every client of the firm is disabled. | Sacks Decl. ¶ 18. |
| 613. | Sacks' belief that the firm only filed valid lawsuits is based upon reviewing medical records, observing the process of firm employees receiving receipts from clients, seeing email exchanges between attorneys and other paralegals evaluating cases, being asked if certain conditions encountered by the client are worth pursuing, observing that quite a few cases were rejected, reviewing client Questionnaires (after lawsuits are filed), and sometimes reviewing client photographs showing the client at the business. | Sacks Decl. ¶ 18. |
| 614. | Sacks did not have any substantive involvement in the Zlfred's action until well after it was filed, but based upon the information she received and reviewed, Sacks always believed that Ronald Moore visited Zlfred's before the law firm began its investigation. | Sacks Decl. ¶¶ 23-25. |
| 615. | Based upon the information she received and reviewed, Sacks always believed that Ronald Moore was disabled. | Sacks Decl. ¶ 24. |

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 616. | In her limited interactions with Ronald Moore, Sacks witnessed Ronald Moore using a cane or wheelchair at all times, and that Mr. Moore struggled with a great deal of pain. | Sacks Decl. ¶¶ 20-22. |
| 617. | Sacks was not involved in the management or the decision making at the law firms. | Sacks Decl. ¶¶ 32-33. |
| 618. | Sacks has never had any contact or communications with Ronny Loreto. | Sacks Decl. ¶ 34. |
| **ISSUE NO. 9: RICK MOORE WAS AN INVESTIGATOR WHO ONLY INSPECTED BUSINESSES AFTER THE FIRM CLIENTS VISITED AND REPORTED VIOLATIONS** | | |
| 619. | Rick Moore also has no knowledge of or involvement in any fraudulent scheme. | Rick Decl., ¶¶ 2-13. |
| 620. | Rick Moore began working as an investigator for the Moore Law Firm in December 2014. | Rick Decl., ¶ 3. |
| 621. | During the course of his work, the firm would send him a Barrier Memo which contained a list of conditions he was told the firm's client had complained about at the business. | Rick Decl., ¶ 5. |
| 622. | He would go to the business, make observations and take measurements, and take photographs of the conditions identified on the Barrier Memo. | Rick Decl., ¶ 4. |
| 623. | At no time has Rick ever investigated a business for the Moore Law Firm, Mission Law Firm, their employees, agents, investigators, clients or anyone else, that he believed or knew the law firm's client did not visit. | Rick Decl., ¶ 8. |
| 624. | At all times Rick believed the Barrier Memos accurately reflected conditions the law firm's clients had specifically complained about experiencing. | Rick Decl., ¶¶ 3-8. |
| 625. | Based upon the information he received and reviewed, Rick always believed that he began his investigation a client sent the firm receipts and notes of his or her visit. | Rick Decl., ¶¶ 3-8. |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

| SUF No. | FACT | SUPPORTING EVIDENCE |
|---|---|---|
| 626. | Based upon his personal observations, Rick has always believed that his uncle Ronald Moore was had difficulty walking due to his pain and instability. | Rick Decl., ¶ 2. |
| 627. | Rick also had no involvement in investigating the Zlfred's restaurant. | Rick Decl., ¶ 13. |
| **ISSUE NO. 10: RONNY LORETO NEVER PARTICIPATED IN ANY SCHEME AND DID NOT SUBMIT ANY RECEIPTS TO THE LAW FIRMS** | | |
| 628. | Ronny Loreto ("Ronny") similarly has no knowledge of or participation in any fraudulent scheme. | Ronny Loreto Decl., ¶¶ 2-20. |
| 629. | Around sometime in 2012 or early 2013, Ronny began living with his grandfather, Ronald Moore, when Ronny was about 14 or 15 years old. | Ronny Loreto Decl., ¶ 4. |
| 630. | Ronny frequently assisted his grandfather visit local businesses when they were living together in 2014. | Ronny Loreto Decl., ¶¶ 7-8. |
| 631. | Ronny observed that Ronald used a wheelchair or cane whenever they went out in public. | Ronny Loreto Decl., ¶ 9. |
| 632. | Ronny further observed Ronald to be frequently in pain and struggling to move around the house. | Ronny Loreto Decl., ¶ 5. |
| 633. | Based upon the information his personal observations and the information he received, Ronny has always believed that his uncle Ronald Moore had difficulty walking. | Ronny Loreto Decl., ¶¶ 4-8. |
| 634. | Ronny visited Zlfred's with his grandfather, grandmother and brother in April 2014. | Ronny Loreto Decl., ¶ 15. |
| 635. | Ronny assisted his grandfather using and exiting the bathroom at Zlfred's. | Ronny Loreto Decl., ¶¶ 15-16. |
| 636. | Ronny has never used his grandfather's credit card without him present. | Ronny Loreto Decl., ¶¶ 12-13. |
| 637. | Ronny has never provided any receipts from his own purchases or his grandfather's purchases to anyone at the Moore Law Firm or Mission Law Firm. | Ronny Loreto Decl., ¶¶ 18-19. |
| 638. | Ronny has never provided any written information about his visits to business to anyone at the Moore Law Firm or Mission Law Firm. | Ronny Loreto Decl., ¶¶ 18-19. |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

Dated: October 10, 2019        GORDON REES SCULLY MANSUKHANI, LLP

By:     */s/ Steven R. Inouye*
        Roger M. Mansukhani
        David L. Jones
        Steven R. Inouye
        Attorneys for Defendants
        Moore Law Firm, P.C., Tanya E. Moore, Kenneth
        Randolph Moore, Ronald D. Moore, Zachary M.
        Best, Marejka Sacks, Mission Law Firm, A.P.C., E.
        LeRoy Falk, Geoshua Levinson, Rick D. Moore,
        West Coast Casp and ADA Services, and Ronny
        Loreto