ROGER M. MANSUKHANI (SBN: 164463)
DAVID L. JONES (SBN: 112307)
STEVEN R. INOUYE (SBN: 245024)
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendants
Moore Law Firm, A.P.C., Tanya E. Moore,
Kenneth Randolph Moore, Ronald D. Moore,
Zachery M. Best, Marejka Sacks, Mission Law
Firm, A.P.C., Elmer Leroy Falk, Geoshua
Levinson, Rick D. Moore, West Coast Casp and
ADA Services, and Ronny Loreto

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATEMEH SANIEFAR<br><br>Plaintiff,<br><br>vs.<br><br>RONALD D. MOORE, TANYA E. MOORE, KENNETH RANDOLPH MOORE, MAREJKA SACKS, ELMER LEROY FALK, ZACHARY M. BEST, MOORE LAW FIRM, a California Professional Corporation, MISSION LAW FIRM, a California Professional Corporation, GEOSHUA LEVINSON, RICK D. MOORE, WEST COAST CASP AND ADA SERVICES, a California Corporation, RONNY LORETO, and DOES 1 THROUGH 100, inclusive<br><br>Defendants. | CASE NO. 1:17-cv-00823-LJO-BAM<br><br>**DECLARATION OF DAVID GUTHRIE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION**<br><br>Date: November 14, 2019<br>Time: 8:30 a.m.<br>Dept: 4<br>Judge: The Hon. Lawrence J. O'Neill |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

I, David Guthrie, declare as follows:

1. I am over the age of 18 years, and a resident of the State of California. I am not a party to this action. I have personal knowledge of the following facts and if called as a witness, could and would testify competently thereto.

2. I obtained my paralegal certification in December 2012, and I began working for the Moore Law Firm, P.C., as a paralegal in March 2013. I continue to work for the Moore Law Firm, P.C. as a paralegal now.

3. Before working at the Moore Law Firm, I was a police officer for the City of Santa Clara for 28 years. I retired from the police force in good standing in February 2010.

4. My job functions at the Moore Law Firm (and through the time it was the Mission Law Firm), have been to interview clients regarding their experience with access at businesses they visit, researching the clients' claims, drafting complaints, corresponding with opposing counsel, corresponding with process servers, and preparing miscellaneous documents relating to service of process.

5. Specifically, I followed the process on the checklist attached to the Appendix as Exhibit 4, which list I keep and refer to.

6. As shown on Exhibit 4, I use the following process in all cases the firm receives from clients: I receive client notes and receipt from their visit to businesses; scan the notes and receipt to Dropbox; place the original receipt and notes in the "client receipts binder;" open the case in Clio (our law firm's software); send a "receipt letter" to client acknowledging that we received their receipt and notes and that we will investigate their claim to determine if a lawsuit will be filed on their claim; set a task in Clio to interview the client; review the client notes and Google map/street view of the location to familiarize myself with the facility; call the client to go over in detail their experiences, eliciting as necessary additional barriers they may have encountered; evaluate whether the barriers are sufficient to proceed with filing claim; if sufficient, draft a Barrier Memo which is a list of the conditions the client encountered at the business; email the Barrier Memo to the investigator; assign a task for attorney to review the

DECL. DAVID GUTHRIE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

photographs and Barrier Memo once it is received back from the investigator; confer with attorney to see if a complaint will be filed; if a complaint is to be filed, send a fee agreement to the client and set a task for the complaint to be drafted; if the attorney instructs that no complaint will be filed, send a letter to the client advising that we have rejected their claim, but that the client should seek other counsel if he or she wants to pursue the case because there is a statute of limitations that applies to their case.

7. If requested by an attorney, I would also obtain medical records when we evaluated certain new clients in order to confirm their disability with a medical professional. I would obtain an authorization from the prospective client along with a list of their medical providers, then send to the providers a request for medical information. Once the medical records are received, I provided them to the assigned attorney to evaluate.

8. In my over six years of working at the Moore Law Firm and Mission Law Firm, my experience was consistent that all cases were initiated *after* the firm receives a request to file a lawsuit from a client and the client provides a receipt or other information about his or her visit. I have never requested that anyone investigate any business for ADA violations or barriers unless a client has already provided the firm with information confirming his or her prior visit. I would never send an investigator to a business to evaluate ADA violations without a client first having gone there, and I have never received any direction or instructions from anyone at the Moore Law Firm, Mission Law Firm, or anyone else to do so.

9. In all my time at the Moore Law Firm, I never heard anything that gave me reason to believe that clients do not go to the businesses they sue.

10. For the entire time I have worked at the firm, the practice of the firm has always been to thoroughly investigate a client's claims, and to be sure that his or her visit was well documented, and that his or her claims warranted filing a lawsuit. The rejection letters that are sent fully validate this procedure since there are many cases the law firm does not accept.

11. I have always understood my responsibilities to include ensuring that only fully meritorious claims are pursued on behalf of our clients. From fully documenting the client's

visit, to verifying his or her claims, to satisfying ourselves that the client will return to the business, the firm has always insisted on very thorough investigation and verification of client's claims.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. This declaration was signed by me in Santa Clara, California, on the date set forth below.

Dated: Oct 9, 2019

*David Guthrie*
David Guthrie (Oct 9, 2019)
David Guthrie

DECL. DAVID GUTHRIE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION