ROGER M. MANSUKHANI (SBN: 164463)
DAVID L. JONES (SBN: 112307)
STEVEN R. INOUYE (SBN: 245024)
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendants
Moore Law Firm, A.P.C., Tanya E. Moore,
Kenneth Randolph Moore, Ronald D. Moore,
Zachery M. Best, Marejka Sacks, Mission Law
Firm, A.P.C., Elmer Leroy Falk, Geoshua
Levinson, Rick D. Moore, West Coast Casp and
ADA Services, and Ronny Loreto

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATEMEH SANIEFAR<br><br>Plaintiff,<br><br>vs.<br><br>RONALD D. MOORE, TANYA E. MOORE, KENNETH RANDOLPH MOORE, MAREJKA SACKS, ELMER LEROY FALK, ZACHARY M. BEST, MOORE LAW FIRM, a California Professional Corporation, MISSION LAW FIRM, a California Professional Corporation, GEOSHUA LEVINSON, RICK D. MOORE, WEST COAST CASP AND ADA SERVICES, a California Corporation, RONNY LORETO, and DOES 1 THROUGH 100, inclusive<br><br>Defendants. | CASE NO. 1:17-cv-00823-LJO-BAM<br><br>**DECLARATION OF DEFENDANT RICK D. MOORE IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ SUMMARY ADJUDICATION**<br><br>Date: November 14, 2019<br>Time: 8:30 a.m.<br>Dept: 4<br>Judge: The Hon. Lawrence J. O'Neill |

-1-
DECL. RICK D. MOORE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

I, Rick D. Moore, declare as follows:

1. I am over the age of 18 years, and a resident of the State of California. I am a defendant in this action. I have personal knowledge of the following facts and if called as a witness, could and would testify competently thereto.

2. Ronald Moore ("Ron") is my uncle. While I don't get the opportunity to see him very often, he has visited my home in Fresno several times over the years. I have been to his house when he lived in Clovis on multiple occasions as well as gone on some family trips which he attended. Although I do not know the full extent of his disabilities (as he does not talk about them with me), I have observed that he uses a wheelchair and will use a cane when walking shorter distances. When Ron uses cane to walk, he seems to be in frequent pain and seems prone to instability. There have been several instances where I felt the need to grab and hold him when it looked like he may fall due to his instability.

3. In about December 2014, I began working with the Moore Law Firm to conduct investigations of businesses its clients had visited. I was given the business name and address, as well as a list of conditions I was told the law firm's client had complained about at the business, usually in an email with an attachment. That information was given to me on a document called a "Barrier Memo." The Barrier Memo would list conditions, and there was a column on the right for me to say whether the condition was "valid." I would go to the business, make observations and take measurements, and take photographs of the conditions. I would then send the completed Barrier Memo and photographs back to the firm via Dropbox.

4. From December 2014 to today, I continue to do such investigation work for the Moore Law Firm, including when the Moore Law Firm became Mission Law Firm. I am not a Certified Access Specialist ("CASp"), and have no formal training in federal or state access laws. My work involves taking basic measurements as requested by the law firm and taking photographs. These are things anyone who can use a tape measure and level could do.

5. At no time have I ever investigated a business for the Moore Law Firm, Mission Law Firm, their employees, agents, investigators, clients or anyone else, that I believed or knew

-2-
DECL. RICK D. MOORE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

the law firm's client did not first visit. At all times I performed investigative work for the Moore Law Firm and Mission Law Firm, I did not visit a business until I was given a Barrier Memo and instructions to do an investigation in order to verify a client's claims. My sole objective was to review the conditions provided to me on the Barrier Memo.

6. On many occasions, I was given Barrier Memos with conditions I could not validate. I did not feel I needed to try to validate the conditions, only provide an objective report of what conditions existed at the business.

7. At all times I believed the Barrier Memos accurately reflected conditions the law firm's clients had specifically complained about experiencing. My belief was supported by the fact that once I arrived at the subject business, the condition complained about was usually easy to identify, which would seem unlikely if no one had ever before been to the business. Even when the condition did not appear to present an illegal condition, it was still easy to identify and document.

8. At no time have I ever visited a business for the purpose of identifying access barriers to form the basis of a legal action for a disabled person who had never gone there before. Likewise, I have never visited a business for the purpose of obtaining a receipt to give to any other disabled person to use to falsely say that the person who filed the complaint had gone to the business.

9. I work primarily with the firm's paralegal, Whitney Law, but I have also worked with the firm's paralegal David Guthrie. At times I have also spoken with attorney Tanya Moore.

10. Initially, I was trained as an inspector by Geoshua Levinson and was employed by West Coast CASp and ADA Services. My current employer is Robert Ferris Investigations.

11. I have not worked with Marejka Sacks. I have not communicated by email, text, or telephone with Marejka Sacks. Marejka Sacks has not provided me any instructions regarding my visits to any businesses. I have not communicated with Marejka Sacks regarding my findings at businesses I investigate at the request of the Moore Law Firm or Mission Law Firm.

12. I have not worked with Zachary Best. I have not communicated by email, text, or

-3-
DECL. RICK D. MOORE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION

telephone with Zachary Best. Zachary Best has not provided me any instructions regarding my visits to any businesses. I have not communicated with Zachary Best regarding my findings at businesses I investigate at the request of the Moore Law Firm or Mission Law Firm.

13. I did not investigate Zlfred's restaurant in Fresno, California, and to the best of my knowledge and recollection, I have never been there. The first I had heard of the restaurant was around the time I was deposed in an action by Ronald Moore against Zlfred's restaurant. I believe that took place in around July 2015.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. This declaration was signed by me in Fresno, California on the date set forth below.

Dated: Sep 24, 2019

Rick Moore (Sep 24, 2019)

Rick D. Moore