# Exhibit 8

| ADA | | | | | | | |
|---|---|---|---|---|---|---|---|
| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
| | | | | | | | |
| 728 | Moore | Angelos Restaurant | 41830 | | Tollhouse | Shaver Lake | Rejected |
| 404 | Moore | Arco | 466 | | Academy | Sanger | Rejected |
| | | | | | | | |
| 405 | Moore | Borders | 7722 | N | Blackstone | Fresno | Rejected |
| 739 | Moore | Borders | 50 | | University | Los Gatos | Rejected |
| 142 | Moore | California Café Los Gatos | 50 | | University | Los Gatos | Rejected |
| | Moore | First(1st) String Sports | 1830 | | Clovis | Clovis | Rejected |

EX. 8-2

MLF0056344

| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | Moore | Fresh & Easy | | | Willow | Fresno | Rejected |
| | Moore | Gilroy Chevron | 5887 | | Monterey | Gilroy | Rejected |
| | Moore | GoodNite Inn | 485 | | Veterans | Redwood City | Rejected |
| | Moore | Grocery Outlet | 1848 | S | Clovis | Clovis | Rejected |
| | | | | | | | |
| | Moore | Home Depot | 845 | W | Shaw | Clovis | Rejected |
| | Moore | Home Depot | 4864 | E | Kings Canyon | Fresno | Rejected |
| | | | | | | | |
| 789 | Moore | Inang's Kitchen | 75 | | Bullard | Clovis | Rejected |
| | Moore | Jacks Gas/Valero | 1736 | | Belmont | Fresno | Rejected |
| | | | | | | | |
| | Moore | Johnny Quik #135 | 5993 | E | Belmont | Fresno | Rejected |
| | Moore | Johnny Quik | 1799 | | Bullard | Clovis | Rejected |
| | | | | | | | |
| | Moore | Luxury Nails | 6736 | N | Cedar | Fresno | Rejected |
| | | | | | | | |
| | Moore | McDonalds | 5608 | E | Ashlan | Fresno | Rejected |

EX. 8-3

MLF0056345

| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | Moore | McDonalds | 1248 | N | Blackstone | Fresno | Rejected |
| | | | | | | | |
| | Moore | Me-N-Ed's Pizza | 26161 | | Jensen | Sanger | Rejected |
| | Moore | Me-N-Ed's Pizza | 5630 | E | Kings Canyon | Fresno | Rejected |
| | Moore | Orchard Hardware Supply | 147 | W | Shaw | Clovis | Rejected |
| | | | | | | | |
| | Moore | Quiznos | 195 | W | Shaw | Clovis | Rejected |
| | | | | | | | |
| | Moore | Quiznos | 1380 | | Pacheco | Los Banos | Rejected |
| | | | | | | | |
| | Moore | Rio Grill | 124 | | Shaw | Clovis | Rejected |
| | Moore | Sal's Mexican Restaurant | 2163 | | Park | Selma | Rejected |
| | | | | | | | |
| | Moore | Seven (7) Eleven | 1170 | | Clovis | Clovis | Rejected |
| | Moore | Seven (7) Eleven | 188 | N | 6th | San Jose | Rejected |
| 841 | Moore | 7-Eleven | 603 | | Pacheco | Los Banos | Rejected |
| | Moore | Seventy (76) Gas Station | 601 | | Leavesley | Gilroy | Rejected |
| | Moore | Shalaby Ent. | 3089 | E | Tulare | Fresno | Rejected |
| | | | | | | | |
| | Moore | Shell | 1021 | | Shaw | Fresno | Rejected |
| | Moore | Shaver Lake Food & Gas | 41801 | | Tollhouse | Shaver Lake | Rejected |

EX. 8-4

MLF0056346

| | | | ADA | | | | |
|---|---|---|---|---|---|---|---|
| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
| | Moore | S & K Mini Mart | 13025 | E | Shaw | Fresno | Rejected |
| | Moore | Starbucks | 1380 | E | Pacheco | Los Banos | Rejected |
| | Moore | Supercuts 9485 | 435 | N | Clovis | Clovis | Rejected |
| | Moore | Super Liquor | 4430 | W | Ashlan | Fresno | Rejected |
| | Moore | Super Express 76 | 304 | | Sunnyside | Clovis | Rejected |
| | Moore | Takken Shoes | 549 | E | Shaw | Fresno | Rejected |
| | Moore | USA Gas & Grocery | 2929 | N | Blackstone | Fresno | Rejected |
| | Moore | Valero | 890 | | Coleman | San Jose | Rejected |
| | Moore | Vons Store | 3100 | | Fowler | Clovis | Rejected |
| | Moore | Xpress Liquor | 471 | | Effie | Fresno | Rejected |

EX. 8-5

MLF0056347

| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
|--------|-----------|------------------|---------|-----|--------|------|--------|
| | | | | | | | ADA |
| 897 | Moore | Yukon Jacks Log Cabin | 342 | N | Clovis | Clovis | Rejected |
| | Moore | Chevron | 825 | E | Dunne | Morgan Hill | Rejected |
| | Moore | Cigarettes 4-Less #22 | 1341 | E | Pacheco | Los Banos | Rejected |
| | Moore | Shell | 850 | | Pacheco Pass | Gilroy | Rejected |
| | Moore | Main Street Café | 1052 | | G | Reedley | Rejected |
| | Moore | Polanco Enterprises | 602 | W | San Carlos | San Jose | Rejected |
| | Moore | Save Mart | 1337 | E | Pacheco | Los Banos | Rejected |
| | Moore | Fastrip Food Store | 850 | | Academy | Sanger | Rejected |
| | Moore | Starbucks | 1900 | | El Camino Real | Redwood City | Rejected |
| | Moore | Wine Cellar | 50 | | University | Los Gatos | Rejected |
| | Moore | Seven (7) Eleven | 657 | N | Santa Cruz | Los Gatos | Rejected |
| | Moore | Double D's Sports Grill | 354 | N | Santa Cruz | Los Gatos | Rejected |

MLF0056348

| ADA | | | | | | | |
|---|---|---|---|---|---|---|---|
| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
| | Moore | Grant Grove | 5755 | E | Kings Canyon | Fresno | Rejected |

MLF0056349

| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
|---|---|---|---|---|---|---|---|
| | | | | | ADA | | |
| | Moore | Cell Max | 10123 | | Wolfe | Cupertino | Rejected |
| 826 | Moore | Robertito's Taco Shop | 2623 | | Tuolumne | Fresno | Rejected |
| | | | | | | | |
| | Moore | Silver Dollar | 333 | E | Shaw | Fresno | Rejected |
| 733 | Moore | Kwik Serve (formerly Arco 54391) | 1785 | W | Shaw | Fresno | Rejected |
| | | | | | | | |
| | Moore | Win Wah Chinese Restaurant | 731 | E | Bullard | Fresno | Rejected |
| | Moore | Susie's Deals | 4085 | E | Ashlan | Fresno | Rejected |
| | | | | | | | |
| | Moore | Kwik Serve Market | 825 | | Annadale | Sanger | Rejected |
| | Moore | Royal Palace | 969 | | Herndon | Clovis | Rejected |
| | Moore | Tahoe Joes Famous Steak | 7006 | N | Cedar | Fresno | Rejected |
| | Moore | Sal's Mexican Restaurant | 7476 | N | Fresno | Fresno | Rejected |
| 1256 | Moore | Burger King | 820 | | Herndon | Clovis | Rejected |
| | Moore | Rite Aid | 1317 | | Pacheco | Los Banos | Rejected |

EX. 8-8

MLF0056350

| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
|---|---|---|---|---|---|---|---|
| | | | | | | ADA | |
| | Moore | Yogurt | 2950 | E | Nees | Fresno | Rejected |
| | Moore | Smokehouse | 1231 | | Van Ness | Fresno | Rejected |
| | Moore | Subway | 50 | W | Bullard | Clovis | Rejected |
| | Moore | McDonalds | 1055 | | Herndon | Clovis | Rejected |
| | Moore | Mateos | 1540 | E | Nees | Fresno | Rejected |
| | Moore | Valli Gas & Car Wash | 1029 | | Academy | Sanger | Rejected |
| | Moore | My Slice Pizza | 7012 | N | Maple | Fresno | Rejected |
| | Moore | Subway | 7505 | N | Willow | Fresno | Rejected |
| 827 | Moore | Robertito's Taco Shop | 333 | N | Abby | Fresno | Rejected |
| | Moore | Sierra Vista Cinema 16 | 1300 | | Shaw | Clovis | Rejected |
| 751 | Moore | Clovis 8 Movies | 2301 | | Villa | Clovis | Rejected |
| | Moore | Ihop | 3020 | | Tulare | Fresno | Rejected |

EX. 8-9

MLF0056351

| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
|---|---|---|---|---|---|---|---|
| | Moore | La Posada | 311 | | Pollasky | Clovis | Rejected |

EX. 8-10

MLF0056352

| ADA | | | | | | | |
|---|---|---|---|---|---|---|---|
| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
| | Moore | ToysRus | 751 | S | Winchester | San Jose | Rejected |
| | Moore | Ventura Super Market | 3232 | E | Ventura | Fresno | Rejected |
| | Moore | Clovis Hookah & Cigarettes | 1820 | | Shaw | Fresno | Rejected |
| | Moore | Guadalajara | 1365 | N | Willow | Clovis | Rejected |
| | Moore | Figueroa's Jewerly Repair | 860 | | Fulton Mall | Fresno | Rejected |
| 774 | Moore | Flamous Grill | 75 | | Bullard | Clovis | Rejected |
| | Moore | North India Bar & Grill | 80 | W | Shaw | Clovis | Rejected |

MLF0056353

| ADA | | | | | | | |
|---|---|---|---|---|---|---|---|
| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
| | Moore | Little Caesars Pizza | 1820 | W | Shaw | Clovis | Rejected |
| 729 | Moore | Apple Annies Restaurant | 1165 | N | Blackstone | Tulare | Rejected |
| | Moore | Reli Liquor | 5034 | | Maroa | Fresno | Rejected |
| 734 | Moore | Bag O Bag | 4205 | E | Olive | Fresno | Rejected |
| | Moore | Dollar Tree Stores | 930 | | Herndon | Clovis | Rejected |
| | Moore | Vons | 1650 | | Herndon | Clovis | Rejected |
| | Moore | In-N-Out | 382 | N | Clovis | Clovis | Rejected |
| | Moore | DD's Discount | 5663 | E | Kings Canyon | Fresno | Rejected |

MLF0056356

| ADA | | | | | | | |
|---|---|---|---|---|---|---|---|
| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
| | Moore | Hotel Current | 5325 | E | Pacific Coast Highway | Long Beach | Rejected |

MLF0056358

EX. 8-13

| ADA | | | | | | | |
|---|---|---|---|---|---|---|---|
| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
| | Moore | Mi Casa es su Casa | 296 | E | 17th | Costa Mesa | Rejected |
| | Moore | Royal Palace | 950 | | Herndon | Clovis | Rejected |
| | Moore | Forestiere's Place | 401 | | Clovis | Fresno | Rejected |
| | Moore | Taco Surf | 115 | | Main | Seal Beach | Rejected |
| | Moore | Tacos El Pariente | 3639 | N | Blackstone | Fresno | Rejected |

MLF0056359

| ADA | | | | | | | |
|---|---|---|---|---|---|---|---|
| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
| | Moore | Petsmart | 470 | | Shaw | Clovis | Rejected |
| | Moore | Styles Expo | 2327 | N | Fresno | Fresno | Rejected |

MLF0056361

| ADA | | | | | | | |
|---|---|---|---|---|---|---|---|
| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
| | Moore | CVS Pharmacy | 920 | | Herndon | Clovis | Rejected |
| | Moore | Sizzler | 3121 | W | Shaw | Fresno | Rejected |
| | Moore | Olive Garden | 389 | | Shaw | Clovis | Rejected |
| | Moore | Fastrip Food Store | 432 | S | Madera | Kerman | Rejected |
| 740 | Moore | Bubble Clean | 405 | N | Clovis | Clovis | Rejected |
| | Moore | Valero | 4514 | W | Shaw | Fresno | Rejected |
| | Moore | Clovis Recycling | 710 | | Jefferson | Clovis | Rejected |
| | Moore | The Original Jimmy John's | 435 | N | Clovis | Clovis | Rejected |

| | | ADA | | | | |
|---|---|---|---|---|---|---|
| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
| | Moore | Fastrip Food Store | 4798 | E | Clinton | Fresno | Rejected |
| | Moore | Hardtke World of Baseball | 541 | | Division | Campbell | Rejected |
| | Moore | Rotten Robbie #33 | 3471 | | Lafayette | Santa Clara | Rejected |
| 1249 | Moore | Burlington Coat Factory | 5630 | N | Blackstone | Fresno | Rejected |
| | Moore | Tandoori Night | 6751 | N | Blackstone | Fresno | Rejected |
| 1258 | Moore | Japanese Kitchen | 711 | W | Shaw | Clovis | Rejected |
| | Moore | Fallas Discount Store | 5243 | N | Blackstone | Fresno | Rejected |
| | Moore | Furniture One | 5054 | N | Blackstone | Fresno | Rejected |
| | Moore | Payless | 5404 | N | Blackstone | Fresno | Rejected |
| | Moore | Cigarettes & Cigars | 7773 | N | 1st | Fresno | Rejected |
| | Moore | Havana House | 40 | E | Shaw | Fresno | Rejected |
| | Moore | Casual Men XL | 5048 | N | Blackstone | Fresno | Rejected |
| | Moore | Fresno Coin & Jewelry | 4646 | N | Blackstone | Fresno | Rejected |
| | Moore | USA Furniture | 1715 | N | Blackstone | Fresno | Rejected |
| | Moore | Sunrise Market | 1589 | N | Fruit | Fresno | Rejected |
| | Moore | Parts Unlimited | | N | Blackstone | Fresno | Rejected |
| | Moore | Wells Fargo | 75 | | Shaw | Clovis | Rejected |
| 1294 | Moore | Baskin Robbins | 950 | | Herndon | Clovis | Rejected |
| | Moore | Sushi Day | 7745 | N | 1st | Fresno | Rejected |
| | Moore | Café Oaxaca Panderia | 1160 | | Clovis | Clovis | Rejected |

EX. 8-17

MLF0056363

| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| 1662 | Moore | Bobs Liquor | 944 | N | Alta | Dinuba | Rejected |
| | Moore | El Realito De Oro | 518 | S | Gateway | Madera | Rejected |
| | | | | | | | |
| | Moore | Taco Shack | 1011 | N | Fresno | Fresno | Rejected |
| | | | | | | | |
| 1401 | Moore | Ross | 3043 | W | Shaw | Fresno | Rejected |

EX. 8-18

| ADA | | | | | | | |
|---|---|---|---|---|---|---|---|
| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
| | Moore | Restore | 1631 | | Railroad | Clovis | Rejected |

MLF0056365

| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | Moore | Johnny Quik #163 | 5993 | E | Belmont | Fresno | Rejected |
| 1700 | Moore | Discount Cig & Tobacco | 1432 | N | Cedar | Fresno | Rejected |
| | | | | | | | |
| 1707 | Moore | Arco | 1216 | | Clovis | Clovis | Rejected |
| | Moore | Carroll's Tire-Clovis | 611 | | Clovis | Clovis | Rejected |
| | | | | | | | |
| | Moore | Wienerschnitzel | 7373 | N | Blackstone | Fresno | Rejected |
| | Moore | Keg & Cork Liquor | 3057 | E | Ashlan | Fresno | Rejected |
| | Moore | R-N Super Market | 6745 | N | Cedar | Fresno | Rejected |
| | Moore | Fallas Discount Store | 3011 | N | Cedar | Fresno | Rejected |
| 1768 | Moore | Pool Kingdom | 660 | | Barstow | Clovis | Rejected |

MLF0056367

| ADA | | | | | | | |
|---|---|---|---|---|---|---|---|
| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
| | Moore | Oaxaca Restaurant & Tiendita | 4773 | E | Belmont | Fresno | Rejected |
| 1874 | Moore | Star Food Mart | 2407 | N | Fruit | Fresno | Rejected |
| 1879 | Moore | Kay's Liquor | 3475 | E | Belmont | Fresno | Rejected |
| 1882 | Moore | Pho 99 | 3141 | E | McKinley | Fresno | Rejected |
| 1884 | Moore | Arco | 2810 | W | Clinton | Fresno | Rejected |
| 1667 | Moore | Family Dollar | 1922 | | Clovis | Clovis | Rejected |
| 1893 | Moore | Goodfellas Pizza | 3402 | N | Blackstone | Fresno | Rejected |
| 1893 | Moore | Cricket | 3602 | N | Blackstone | Fresno | Rejected |
| 1893 | Moore | Tom Ken English's | 3402 | N | Blackstone | Fresno | Rejected |
| 1898 | Moore | Arco am/pm #82072 | 6020 | N | Blackstone | Fresno | Rejected |
| | Moore | Ventura Food and Liquor | 3114 | E | Ventura | Fresno | Rejected |
| 1903 | Moore | Famous Dave's | 7603 | N | Blackstone | Fresno | Rejected |
| 1905 | Moore | Ace Liquor & Food Store | 4710 | E | Kings Canyon | Fresno | Rejected |
| | Moore | Clovis Post Office | 655 | | Minnewawa | Clovis | Rejected |

EX. 8-21

MLF0056369

| | | | | ADA | | | |
|---|---|---|---|---|---|---|---|
| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
| | Moore | Valero Corner Store | 816 | | Clovis | Clovis | Rejected |
| | Moore | Ideal Mini Mart | 13033 | | Parlier | Parlier | Rejected |
| 1395 | Moore | Burlington Coat Factory | 70 | W | Shaw | Clovis | Rejected |
| | Moore | Flying J #613 | 17047 | | Zachary | Bakersfield | Rejected |
| 1933 | Moore | Donuts To Go | 938 | N | Alta | Dinuba | Rejected |
| 1391 | Moore | Big 5 | 3356 | | Floral | Selma | Rejected |
| 1721 | Moore | Army Surplus Sales | 1715 | E | Belmont | Fresno | Rejected |
| 1894 | Moore | HomeTown Buffet | 3744 | N | Blackstone | Fresno | Rejected |
| 876 | Moore | Toledo's Mexican Restaurant | 7315 | N | Blackstone | Fresno | Rejected |

MLF0056370

| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
|--------|-----------|------------------|---------|-----|--------|------|--------|
| | | ADA | | | | | |
| 1991 | Moore | Script Life Pharmacy | 255 | W | Herndon | Clovis | Rejected |
| 1993 | Moore | 97 Plus Store | 2464 | N | Marks | Fresno | Rejected |
| 1997 | Moore | Bulldog Liquor | 4968 | N | Cedar | Fresno | Rejected |
| 2004 | Moore | Red Ruby Salon | 1778 | W | Bullard | Fresno | Rejected |
| 2004 | Moore | Bobbi Dazzlers Baby Boutique | 1766 | W | Bullard | Fresno | Rejected |
| 2005 | Moore | Express Graphics | 3759 | W | Shaw | Fresno | Rejected |
| 1893 | Moore | Fade Shop (Manchester Mall) | 3302 | N | Blackstone | Fresno | Rejected |
| 1893 | Moore | RadioShack | 3402 | N | Blackstone | Fresno | Rejected |
| 2009 | Moore | Maria's Taco Shop | | | | | Rejected |
| 1893 | Moore | Sears | 1901 | E | Shields | Fresno | Rejected |
| 2013 | Moore | Arco am/pm | 2801 | W | Clinton | Fresno | Rejected |
| 2261 | Moore | Aerus Electrolux | 5341 | N | Blackstone | Fresno | Rejected |

MLF0056371

| ADA | | | | | | | |
|---|---|---|---|---|---|---|---|
| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
| 2024 | Moore | Circle C Market | 16246 | E | Kings Canyon | Sanger | Rejected |
| 2027 | Moore | FedEx Office | 2011 | E | Prosperity | Tulare | Rejected |
| | | | | | | | |
| 1885 | Moore | Phatmanz Alley | 200 | W | Shaw | Clovis | Rejected |
| 1383 | Moore | City Heart #2 | 7 | | Bullard | Clovis | Rejected |
| 2055 | Moore | Royal Vapes | 4613 | | Tulare | Fresno | Rejected |
| 2056 | Moore | Tower Smoke 2 | 2055 | | Peach | Clovis | Rejected |
| 1272 | Moore | D & L Roses | 20 | E | Shaw | Fresno | Rejected |
| 1580 | Moore | OfficeMax | 2044 | W | Shaw | Fresno | Rejected |
| 2060 | Moore | Punjabi Bazar | 4177 | W | Shaw | Fresno | Rejected |
| 2061 | Moore | Leslie's Pool Supplies | 3249 | W | Shaw | Fresno | Rejected |
| 2064 | Moore | Best Cuts | 3225 | W | Shaw | Fresno | Rejected |
| 2064 | Moore | FoodMaxx | 3241 | W | Shaw | Fresno | Rejected |
| 2064 | Moore | Gifts & More | 3225 | W | Shaw | Fresno | Rejected |
| 2064 | Moore | Hon's Chinese Restaurant | 3209 | W | Shaw | Fresno | Rejected |
| 2064 | Moore | Little Caesar's | 3209 | W | Shaw | Fresno | Rejected |
| 736 | Moore | Tom's Barber Shop | 5781 | N | 1st | Fresno | Rejected |

MLF0056372

| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
|---|---|---|---|---|---|---|---|
| 2095 | Moore | TGIVape | 711 | W | Shaw | Clovis | Rejected |
| 2110 | Moore | Leslie's | 490 | | Shaw | Clovis | Rejected |
| 2111 | Moore | Chile My Corona | 3828 | E | Belmont | Fresno | Rejected |

MLF0056373

EX. 8-25

| Clio # | Plaintiff | Name of Facility | Address | Dir | Street | City | Status |
|---|---|---|---|---|---|---|---|
| 2152 | Moore | Fresno Vapor | 1526 | | Clovis | Clovis | Rejected |

MLF0056374

# Exhibit 9

**Allen O. Clyde, DPM**
**General Podiatric Medicine/Foot Surgery**
688 Medical Center Drive, Suite 106, Clovis, CA 93611
Phone (559) 297-8604  Fax (559) 297-0625



8-17-11

Dear Dr. Wingert,

Ronald Moore was seen initially today, c/o painful burning sensation both feet. This has been a problem for several months duration and getting worse.

Vascular status of the foot is wnl. No contributing medical illnesses related to the foot. No meds other than Vit. NKDA. No Hx of trauma to the feet. Hx of ETOH abuse.

Working diag of NEUROPATHY ETIOLOGY UNCERTAIN.

Tx consisted of Rx for Neurontin 400mg disp 60 sig one tab BID. To rto in 3 wks for f/u or sooner prn.

Sincerely,

Allen Clyde DPM

MLF0039497

ILFREDDS INC.
4030 N. BLACKSTONE AVE.
FRESNO, CA 93726

Merchant ID: 021600005
Term ID: 0001

## Sale

MSTRCARD
XXXXXXXXXXXX7245
Entry Method: Swiped
Apprvd: Online    Batch#: 000001
04/14/14                19:41:39

Inv#: 00000012 Appr Code: 25625Z

Amount:           $      85.57
Tip:

Total:        _____
              98.00
              -------------------

Customer Copy

THANK YOU FOR YOUR BUSINESS!

MLF0039194

EX. 9-3

MLF0039195

YEM KABOB
4030 N BLACKSTONE
FRESNO, CA. 9372
359-441-7050

## SALE

Server #: 000001

REF#: 00000013

Batch #: 068
04/30/15                     14:46:36
APPR CODE: 09129B
Trace: 13
VISA                          Swiped
************4008               **/**

**AMOUNT**        $18.95

**TIP**      $ _____

**TOTAL**    $ _____

APPROVED

THANK YOU

05/2une *197

EX. 9-4



## Account Summary

| Trans. date | Post date | Description | Amount |
|---|---|---|---|

**Payments, Credits and Adjustments**

| | 04/21 | PAYMENT THANK YOU | |

**Standard Purchases**



| 04/15 | 04/15 | ZLFRED'S INC.    FRESNO    CA | $98.00 |

**American Airlines AAdvantage® Miles**

**AAdvantage® Miles Reported to American Airlines:**
Purchase Miles
Bonus Miles
**Accumulated This Month**

» Visit aa.com/aadvantage to redeem miles, book flights and much more

American Airlines reserves the right to change the AAdvantage program and its terms and conditions at anytime without notice, and to end the AAdvantage program with six months notice. Any such changes may affect your ability to use the awards or mileage credits that you have accumulated. Unless specified, AAdvantage miles earned through this promotion/offer do not count toward elite status qualifications or Million Miler status. American Airlines is not responsible for products or services offered by other participating companies. For complete details about the AAdvantage program, visit www.aa.com/aadvantage. AAdvantage, AAdvantage with Scissor Eagle design and Million Miler are marks of American Airlines, Inc.

### Enjoy added flexibility and more destinations with enhanced Reduced Mileage Awards.

With Reduced Mileage Awards, you can fly using 7,500 less AAdvantage miles when redeeming to select destinations. And now you have even more flexibility. Redeem for one way or round trip ticket options and you'll have access to new destinations updated every other month.

» Visit aa.com/rma for more information

citi    American Airlines AAdvantage®

See Directory of Services for details.    3AAV013413

1. What is the name of the Facility? _ZIFReDS_

2. When did you visit the Facility? _4/4/44_ (Date) _7:30_ (Time)

3. What is the address of the Facility? _4030 N Blackstone Ave FResno_

4. Was this your first visit to the Facility? _no_

5. How many times have you visited the Facility? _3_ If more than one visit, please list the date and time if you know it. _3_

6. What was the purpose of your visit? _To eat_

7. Who accompanied you to the Facility? _My wife and grandsons_

8. What car did you drive to the Facility? _mine_

9. Did you drive yourself of did you get a ride from someone else? _I Drove_

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _IN D/P spot_

11. Was it difficult for you to park there? _yes_

12. Why? _Because it Blocked the Ramp_

13. How did you unload from your vehicle? _Door_

14. What side of the vehicle did you unload from? Driver or passenger? _Driver_

15. Did anyone help you to transfer onto your wheelchair? _My grandson_

16. What problems did you encounter transferring onto your wheelchair?

    _None_

17. Which way did you go from the parking to the entrance of the Facility? _to Ramp_

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

    _yes Ramp Has a half Curb and was Blocked By my Car_

19. Did you encounter any problems opening the door? Describe why. _yes Door Heavy Trashlold_

20. Did you have any problems inside the Facility? Describe. _yes_

MLF0039518

EX. 9-6

_____

_____

_____

21. What did you purchase (or what meal did you have there). Describe: _4 meals_

_____

22. Have you used the restroom at the Facility? _yes_

23. Why did you need to use the restroom? _Had to go_

24. Did you use the sink? _yes not wrapped_

25. Any problems? _yes two doors got stuck in Door Leaving_

26. Did you use the urinal? _____

27. Did you use the toilet? _No Hand Rails could not get my chair into_ Stall _grandson Helped me_

28. Did you use the toilet paper? _yes_

29. Did you use paper towels? _Hand Dryer High_

30. Did you use the soap dispenser? _Counter Low hard to get to soap_

31. Did you have any problem maneuvering inside the restroom? _yes I got stuck trying to Leave had to yell to get my grandsons to help me got out of Restroom_

32. Where did you sit? _table_

33. Was there any seating provided inside the Facility? _yes_

34. Was it wheelchair accessible? _NO_

35. Where you comfortable at the table? _NO Legs in way had to set why Back_

36. Did you use the counter to pay for purchase? _yes_

37. Which counter did you use? _only one_

38. Was the counter accessible? _NO Had to have my Grandson come give them my card and sign it very very high_

39. Which way did you go after you left the Facility? _out Doors lady held door for me to car_

40. Any problems getting back to your vehicle? _Just car in way of Ramps_

41. Any problems transferring from your wheelchair to your vehicle? _No grandson did it_

42. If you have any additional information you believe would assist us in evaluating this inquiry.

MLF0039519

EX. 9-7



# MOORE LAW FIRM
### PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

April 22, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, CA 93612

RE:     ADAI No.     01959
        ZIfred's (4030 N Blackstone Ave, Fresno CA 93726)

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF0039480

EX. 9-8

01959 Free under notes,

**BARRIER MEMO**

**ADAI No. :**   01959

**Case Name:**   Moore v. Zifred's

**Address:**   4030 N. Blackstone, Fresno

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Parking in designated space blocks the ramp<br><br>Ramp has a "half curb" | Plaintiff parked in a designated accessible parking space at the Facility, but found that his parked vehicle obstructed the ramp to access the sidewalk. It was difficult for him to maneuver around his vehicle to go up and down the ramp, which was also improperly configured. | |
| Heavy door/threshold | The entrance door was heavy and had a raised threshold. It was difficult for Plaintiff to open the door and to hold it open as he attempted to overcome the threshold. | |
| Restroom stall lacks clearance | Plaintiff needed to use the restroom while at the Facility. The stall within the men's restroom lacked necessary wheelchair clearances, and Plaintiff could not get his wheelchair into the stall, causing him to require his grandson's assistance to make his way into the stall and to the toilet. | |
| Toilet lacks grab bars | The toilet lacked grab bars, making it difficult for Plaintiff to use the toilet. | |
| Lavatory plumbing exposed | The plumbing below the lavatory in the restroom was exposed, causing Plaintiff to fear that he would burn his legs on the pipes. | |
| Soap out of range/counter low | The counter in the restroom lacked proper knee clearances, making it difficult for Plaintiff to reach the soap dispenser. | |
| Hand dryer high | The hand dryer in the restroom was too high, making it difficult for Plaintiff to reach. | |
| Lack of clearance at restroom exit/set of two doors | The restroom entrance/exit lacked proper maneuvering clearance on the inside and Plaintiff became trapped when trying to leave the restroom. Plaintiff had to call out to his grandson to help him | |

1

MLF0039196

| | get out of the restroom. | |
|---|---|---|
| No accessible table | Plaintiff could not locate an accessible table and was forced to sit at a table that was improperly configured, where he could not pull his wheelchair all the way up to the table. He was forced to sit at an uncomfortable distance from the table for the duration of his meal. | |
| Counter too high | The transaction counter was too high and Plaintiff could not reach up to hand his credit card to the cashier or sign his receipt. He had to have his grandson complete the transaction and sign the receipt. | |

MLF0039197

EX. 9-10

**BARRIER MEMO**

ADAI No. :     01959

Case Name:    Moore v. Zlfred's

Address:      4030 N. Blackstone, Fresno

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Parking in designated space blocks the ramp<br><br>Ramp has a "half curb" | Plaintiff parked in a designated accessible parking space at the Facility, but found that his parked vehicle obstructed the ramp to access the sidewalk. It was difficult for him to maneuver around his vehicle to go up and down the ramp, which was also improperly configured. | Yes |
| Heavy door/threshold | The entrance door was heavy and had a raised threshold. It was difficult for Plaintiff to open the door and to hold it open as he attempted to overcome the threshold. | Yes |
| Restroom stall lacks clearance | Plaintiff needed to use the restroom while at the Facility. The stall within the men's restroom lacked necessary wheelchair clearances, and Plaintiff could not get his wheelchair into the stall, causing him to require his grandson's assistance to make his way into the stall and to the toilet. | Yes |
| Toilet lacks grab bars | The toilet lacked grab bars, making it difficult for Plaintiff to use the toilet. | Yes |
| Lavatory plumbing exposed | The plumbing below the lavatory in the restroom was exposed, causing Plaintiff to fear that he would burn his legs on the pipes. | YEs |
| Soap out of range/counter low | The counter in the restroom lacked proper knee clearances, making it difficult for Plaintiff to reach the soap dispenser. | YEs |
| Hand dryer high | The hand dryer in the restroom was too high, making it difficult for Plaintiff to reach. | Yes |
| Lack of clearance at restroom exit/set of two doors | The restroom entrance/exit lacked proper maneuvering clearance on the inside and Plaintiff became trapped when trying to leave the restroom. Plaintiff had to call out to his grandson to help him | Yes |

1

MLF0039198

| | get out of the restroom. | |
|---|---|---|
| No accessible table | Plaintiff could not locate an accessible table and was forced to sit at a table that was improperly configured, where he could not pull his wheelchair all the way up to the table. He was forced to sit at an uncomfortable distance from the table for the duration of his meal. | Yes |
| Counter too high | The transaction counter was too high and Plaintiff could not reach up to hand his credit card to the cashier or sign his receipt. He had to have his grandson complete the transaction and sign the receipt. | No. |

MLF0039199

EX. 9-12



# MOORE LAW FIRM
### PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

July 10, 2014

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

RE:   ADAI No.    01959
*Saniefar (Zlfred's)*
*4030 N Blackstone Ave, Fresno CA 93726*

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

*Dictated but not read.*
*Sent without signature to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

Enclosure:  Fee Agreement

MLF0039434

EX. 9-13

1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: tanya@moorelawfirm.com

5  Attorneys for Plaintiff
   Ronald Moore

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  RONALD MOORE,                    ) No.
                                     )
12          Plaintiff,               ) **COMPLAINT ASSERTING DENIAL OF**
                                     ) **RIGHT OF ACCESS UNDER**
13      vs.                          ) **AMERICANS WITH DISABILITIES ACT**
                                     ) **FOR INJUNCTIVE RELIEF,**
14  FATEMAH SANIEFAR dba ZLFRED'S;   ) **DECLARATORY RELIEF, DAMAGES,**
    GHOLAMREZA SANIEFAR dba          ) **ATTORNEYS' FEES AND COSTS (ADA)**
15  ZLFRED'S; ZLFRED'S, INC., a California )
    corporation; ALIREZA SANIEFAR, Trustee )
16  of the BOST TRUST;               )
                                     )
17                                   )
            Defendants.              )
18                                   )
                                     )
19  _____)

20                       I. SUMMARY

21      1.      This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

22  discrimination at the building, structure, facility, complex, property, land, development, and/or

23  surrounding business complex known as:

24              Zlfred's
                4030 N. Blackstone Avenue
25              Fresno, CA 93726
                (hereafter "the Facility")
26

27      2.      Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

28  costs, against FATEMAH SANIEFAR dba ZLFRED'S; GHOLAMREZA SANIEFAR dba

*Moore v. Saniefar, et al.*
Complaint
                            Page 1

MLF0039435

EX. 9-14

1   ZLFRED'S; ZLFRED'S, INC., a California corporation; ALIREZA SANIEFAR, Trustee of

2   the BOST TRUST (hereinafter collectively referred to as "Defendants"), pursuant to the

3   Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related

4   California statutes.

5                          **II.    JURISDICTION**

6         3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

7   claims.

8         4.     Supplemental jurisdiction for claims brought under parallel California law –

9   arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

10        5.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

11                          **III.    VENUE**

12        6.     All actions complained of herein take place within the jurisdiction of the United

13   States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.

14   § 1391(b), (c).

15                          **IV.    PARTIES**

16        7.     Defendants own, operate, and/or lease the Facility, and consist of a person (or

17   persons), firm, and/or corporation.

18        8.     Plaintiff requires the use of a wheelchair when traveling about in public.

19   Consequently, Plaintiff is "physically disabled," as defined by all applicable California and

20   United States laws, and a member of the public whose rights are protected by these laws.

21                          **V.    FACTS**

22        9.     The Facility is a public accommodation facility, open to the public, which is

23   intended for nonresidential use and whose operation affects commerce.

24       10.     Plaintiff visited the Facility and encountered barriers (both physical and

25   intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

26   goods, services, privileges and accommodations offered at the Facility. Plaintiff personally

27   encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

28   about April 14, 2014:

MLF0039436

EX. 9-15

a) Plaintiff parked in a designated accessible parking space at the Facility, but found that his parked vehicle itself obstructed the ramp that led to the sidewalk. It was difficult for Plaintiff to maneuver around his vehicle to go up and down the ramp.

b) The entrance to the restaurant was heavy and had a raised threshold. This made it difficult for Plaintiff to open the door, and to keep it open while he attempted to overcome the threshold.

c) Plaintiff needed to the use the restroom while visiting the Facility, but the stall within the men's restroom lacked necessary wheelchair clearances, and Plaintiff could not get his wheelchair into it. Plaintiff required his grandson's assistance to make his way into the stall and onto the toilet.

d) The toilet inside of the stall lacked grab bars, further making it difficult for Plaintiff to use the toilet.

e) The plumbing below the lavatory in the restroom was exposed, causing Plaintiff to fear that he would burn his legs on the pipes.

f) The counter in the men's restroom lacked proper knee clearances, making it difficult for Plaintiff to reach the soap dispenser.

g) The hand dryer in the men's restroom was out of reach for Plaintiff due to its height.

h) The men's restroom doorway lacked proper maneuvering clearances on the inside of the restroom and Plaintiff became trapped when trying to leave the restroom. Plaintiff had to call out his grandson to help him.

i) Plaintiff could not locate an accessible table and was forced to sit at a table that was improperly configured, such that he could not pull his wheelchair all the way up to the table. He was forced to sit at an uncomfortable distance from the table for the duration of his meal.

11. The barriers identified in paragraph 10 herein are only those that Plaintiff

*Moore v. Saniefar, et al.*
Complaint

MLF0039437

EX. 9-16

1   personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist

2   at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once

3   such additional barriers are identified as it is Plaintiff's intention to have all barriers which

4   exist at the Facility and relate to his disabilities removed to afford him full and equal access.

5       12.   Plaintiff was, and continues to be, deterred from visiting the Facility because

6   Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

7   accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

8   Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

9   once the barriers are removed.

10      13.   Defendants knew, or should have known, that these elements and areas of the

11  Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

12  the physically disabled. Moreover, Defendants have the financial resources to remove these

13  barriers from the Facility (without much difficulty or expense), and make the Facility

14  accessible to the physically disabled. To date, however, Defendants refuse to either remove

15  those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

16      14.   At all relevant times, Defendants have possessed and enjoyed sufficient control

17  and authority to modify the Facility to remove impediments to wheelchair access and to

18  comply with the 2010 Standards for Accessible Design and the California Code of Regulations

19  Title 24. Defendants have not removed such impediments and have not modified the Facility to

20  conform to accessibility standards. Defendants have intentionally maintained the Facility in its

21  current condition and have intentionally refrained from altering the Facility so that it complies

22  with the accessibility standards.

23      15.   Plaintiff further alleges that the (continued) presence of barriers at the Facility is

24  so obvious as to establish Defendants' discriminatory intent. On information and belief,

25  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

26  to relevant building standards; disregard for the building plans and permits issued for the

27  Facility; conscientious decision to maintain the architectural layout (as it currently exists) at

28  the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

*Moore v. Saniefar, et al.*
Complaint

MLF0039438

EX. 9-17

property continues to exist in its non-compliant state. Plaintiff further alleges, on information and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

## VI.   FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16.     Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.     Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

21.     Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.     In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required

MLF0039439

EX. 9-18

1  services available through alternative methods, which are readily achievable.

2  <u>Failure to Design and Construct an Accessible Facility</u>

3       23.    Plaintiff alleges on information and belief that the Facility was designed and

4  constructed (or both) after January 26, 1992 – independently triggering access requirements

5  under Title III of the ADA.

6       24.    The ADA also prohibits designing and constructing facilities for first occupancy

7  after January 16, 1993, that aren't readily accessible to, and usable by, individuals with

8  disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

9       25.    Here, Defendants violated the ADA by designing and constructing (or both) the

10  Facility in a manner that was not readily accessible to the physically disabled public –

11  including Plaintiff – when it was structurally practical to do so.[1]

12  <u>Failure to Make an Altered Facility Accessible</u>

13       26.    Plaintiff alleges on information and belief that the Facility was modified after

14  January 26, 1992, independently triggering access requirements under the ADA.

15       27.    The ADA also requires that facilities altered in a manner that affects (or could

16  affect) its usability must be made readily accessible to individuals with disabilities to the

17  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's

18  primary function also requires making the paths of travel, bathrooms, telephones, and drinking

19  fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

20       28.    Here, Defendants altered the Facility in a manner that violated the ADA and

21  was not readily accessible to the physically disabled public – including Plaintiff – to the

22  maximum extent feasible.

23  <u>Failure to Modify Existing Policies and Procedures</u>

24       29.    The ADA also requires reasonable modifications in policies, practices, or

25  procedures, when necessary to afford such goods, services, facilities, or accommodations to

26  individuals with disabilities, unless the entity can demonstrate that making such modifications

27

28  ────────────────
[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a
private attorney general under either state or federal statutes.

*Moore v. Saniefar, et al.*
Complaint
                        Page 6

MLF0039440

1    would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

2        30.    Here, Defendants violated the ADA by failing to make reasonable modifications

3    in policies, practices, or procedures at the Facility, when these modifications were necessary to

4    afford (and would not fundamentally alter the nature of) these goods, services, facilities, or

5    accommodations.

6        31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney

7    fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

8        32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants

9    violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

10   **VII.   SECOND CLAIM**

11   **Unruh Act**

12       33.    Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for

13   this claim.

14       34.    California Civil Code § 51 states, in part, that: All persons within the

15   jurisdiction of this state are entitled to the full and equal accommodations, advantages,

16   facilities, privileges, or services in all business establishments of every kind whatsoever.

17       35.    California Civil Code § 51.5 also states, in part that: No business establishment

18   of any kind whatsoever shall discriminate against any person in this state because of the

19   disability of the person.

20       36.    California Civil Code § 51(f) specifically incorporates (by reference) an

21   individual's rights under the ADA into the Unruh Act.

22       37.    Defendants' aforementioned acts and omissions denied the physically disabled

23   public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges

24   and services in a business establishment (because of their physical disability).

25       38.    These acts and omissions (including the ones that violate the ADA) denied,

26   aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

27       39.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

28   minimum damages of four thousand dollars ($4,000) for each offense.

*Moore v. Saniefar, et al.*
Complaint

MLF0039441

EX. 9-20

40. Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41. Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

43. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

44. Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

45. Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

### IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3. Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

4. Attorneys' fees, litigation expense, and costs of suit.[2]

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Saniefar, et al.*
Complaint

MLF0039442

EX. 9-21

5.   Interest at the legal rate from the date of the filing of this action.

6.   For such other and further relief as the Court deems proper.

Dated: July 8, 2014                    MOORE LAW FIRM, P.C.


                                       */s/ Tanya E. Moore*
                                       Tanya E. Moore
                                       Attorneys for Plaintiff
                                       Ronald Moore

*Moore v. Saniefar, et al.*
Complaint

MLF0039443

EX. 9-22

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:  July 8, 2014            /s/  Ronald Moore
                               Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                               /s/ Tanya E. Moore
                               Tanya E. Moore, Attorney for
                               Plaintiff, Ronald Moore

*Moore v. Saniefar, et al.*
*Verification*

MLF0039444

EX. 9-23

1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: tanya@moorelawfirm.com

5  Attorneys for Plaintiff
   Ronald Moore

6

7

8                 **UNITED STATES DISTRICT COURT**

9                **EASTERN DISTRICT OF CALIFORNIA**

10

11 RONALD MOORE,                          ) No. 1:14-cv-01067-SKO
                                          )
12            Plaintiff,                   ) **FIRST AMENDED COMPLAINT**
                                          ) **ASSERTING DENIAL OF RIGHT OF**
13       vs.                               ) **ACCESS UNDER AMERICANS WITH**
                                          ) **DISABILITIES ACT FOR INJUNCTIVE**
14 FATEMAH SANIEFAR dba ZLFRED'S;          ) **RELIEF, DECLARATORY RELIEF,**
   GHOLAMREZA SANIEFAR dba                 ) **DAMAGES, ATTORNEYS' FEES AND**
15 ZLFRED'S; ZLFRED'S, INC., a California   ) **COSTS (ADA)**
   corporation; ALIREZA SANIEFAR, Trustee  )
16 of the BOST TRUST;                      )
                                          )
17                                         )
              Defendants.                  )
18                                         )
                                          )
19 _____ )

20                      **I. SUMMARY**

21       1.    This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

22 discrimination at the building, structure, facility, complex, property, land, development, and/or

23 surrounding business complex known as:

24            Zlfred's
              4030 N. Blackstone Avenue
25            Fresno, CA 93726
              (hereafter "the Facility")
26

27       2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

28 costs, against FATEMAH SANIEFAR dba ZLFRED'S; GHOLAMREZA SANIEFAR dba

*Moore v. Saniefar, et al.*
First Amended Complaint
                              Page 1

MLF0039445

EX. 9-24

ZLFRED'S; ZLFRED'S, INC., a California corporation; ALIREZA SANIEFAR, Trustee of the BOST TRUST (hereinafter collectively referred to as "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II.   JURISDICTION

3.   This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.   Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.   Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

6.   All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.   PARTIES

7.   Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8.   Plaintiff requires the use of a wheelchair when traveling about in public. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.   FACTS

9.   The Facility is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.   Plaintiff visited the Facility and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. Plaintiff personally encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or about April 14, 2014:

*Moore v. Saniefar, et al.*
First Amended Complaint

MLF0039446

EX. 9-25

a)   Plaintiff parked in a designated accessible parking space at the Facility, but found that his parked vehicle itself obstructed the ramp that led to the sidewalk. It was difficult for Plaintiff to maneuver around his vehicle to go up and down the ramp.

b)   The entrance to the restaurant was heavy and had a raised threshold. This made it difficult for Plaintiff to open the door, and to keep it open while he attempted to overcome the threshold.

c)   Plaintiff needed to the use the restroom while visiting the Facility, but the stall within the men's restroom lacked necessary wheelchair clearances, and Plaintiff could not get his wheelchair into it. Plaintiff required his grandson's assistance to make his way into the stall and onto the toilet.

d)   The toilet inside of the stall lacked grab bars, further making it difficult for Plaintiff to use the toilet.

e)   The plumbing below the lavatory in the restroom was exposed, causing Plaintiff to fear that he would burn his legs on the pipes.

f)   The counter in the men's restroom lacked proper knee clearances, making it difficult for Plaintiff to reach the soap dispenser.

g)   The hand dryer in the men's restroom was out of reach for Plaintiff due to its height.

h)   The men's restroom doorway lacked proper maneuvering clearances on the inside of the restroom and Plaintiff became trapped when trying to leave the restroom. Plaintiff had to call out his grandson to help him.

i)   Plaintiff could not locate an accessible table and was forced to sit at a table that was improperly configured, such that he could not pull his wheelchair all the way up to the table. He was forced to sit at an uncomfortable distance from the table for the duration of his meal.

11.   The barriers identified in paragraph 10 herein are only those that Plaintiff

*Moore v. Saniefar, et al.*
First Amended Complaint

Page 3

MLF0039447

EX. 9-26

personally encountered. It is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access. Specifically, Plaintiff is aware of the following barriers which exist at the Facility and relate to his disabilities:

a) A properly configured and identified accessible route of travel from the public way to the designated accessible building entrance is not provided.

b) The exterior routes of travel contain excessive cross slopes.

c) The route of travel along the west entry walkway contains changes in level that exceed the maximum allowable height.

d) The route of travel from the designated accessible parking stall to the entry walkway is excessively sloped and does not comply with the requirements for a curb ramp.

e) Proper tow-away signage is not provided.

f) The proper number of accessible parking stalls is not provided.

g) No properly configured and identified van-accessible parking stall is provided.

h) The designated accessible parking stall and access aisle that are provided lack proper signage and pavement markings.

i) The designated accessible parking stall and access aisle that are provided contain cracked and uneven surfaces.

j) The main building entrance lacks a proper smooth surface on the bottom of the push side of the doors.

k) The main building entrance threshold exceeds the maximum allowable height.

l) The north building entrance door requires excessive force to operate and its sweep speed is not properly adjusted.

m) The north building entrance lacks proper maneuvering clearances at the pull side of the door.

*Moore v. Saniefar, et al.*
First Amended Complaint

Page 4

MLF0039448

EX. 9-27

n)   The bench seating waiting area does not have a proper clear floor space for persons in wheelchairs located clear of the route of travel.

o)   A properly configured accessible portion of the transaction counter is not provided.

p)   Items and accessories provided on the transaction counter are not positioned within proper reach ranges.

q)   Properly configured accessible seating spaces are not provided in the main dining area and are not properly distributed amongst the different types of seating offered at the Facility.

r)   No properly configured accessible seating spaces are provided in the exterior dining area.

s)   A properly configured accessible portion of the bar counter is not provided and no accessible seating space is provided at the bar counter.

t)   Routes of travel through the north dining area lack proper clear width.

u)   The raised platform within the bar/north dining area is not accessible by way of platform lift or ramp.

v)   The floor mats throughout the public areas of the Facility are unsecured.

w)   The passageway and doorway leading to the men's restroom lack proper clear width.

x)   Proper signage is not provided at the entrance to the men's restroom.

y)   The men's restroom lavatory lacks proper knee clearances.

z)   The plumbing beneath the men's restroom lavatory is not properly insulated.

aa)  The men's restroom urinals are positioned with the urinal rims and flush controls too high.

bb)  The men's restroom designated accessible toilet compartment door is not self-closing.

cc)  The men's restroom designated accessible toilet compartment lacks

MLF0039449

EX. 9-28

1    proper door pull hardware.

2    dd)    The men's restroom designated accessible toilet compartment lacks
3           proper turning clearances, maneuvering clearances, and clear floor
4           space.

5    ee)    The toilet paper dispenser in the men's restroom designated accessible
6           toilet compartment is improperly positioned.

7    ff)    The grab bars in the men's restroom designated accessible toilet
8           compartment are improperly configured and positioned.

9    gg)    The toilet seat cover dispenser in the men's restroom designated
10          accessible toilet compartment lacks proper clear floor space.

11   hh)    The coat hook in the men's restroom designated accessible toilet
12          compartment is positioned too high.

13   ii)    The mirror, soap dispensers, and paper towel dispensers in the men's
14          restroom are positioned too high.

15   12.    Plaintiff was, and continues to be, deterred from visiting the Facility because
16   Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and
17   accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.
18   Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility
19   once the barriers are removed.

20   13.    Defendants knew, or should have known, that these elements and areas of the
21   Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to
22   the physically disabled. Moreover, Defendants have the financial resources to remove these
23   barriers from the Facility (without much difficulty or expense), and make the Facility
24   accessible to the physically disabled. To date, however, Defendants refuse to either remove
25   those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

26   14.    At all relevant times, Defendants have possessed and enjoyed sufficient control
27   and authority to modify the Facility to remove impediments to wheelchair access and to
28   comply with the 1991 ADA Accessibility Guidelines and/or the 2010 Standards for Accessible

MLF0039450

EX. 9-29

1  Design. Defendants have not removed such impediments and have not modified the Facility to
2  conform to accessibility standards. Defendants have intentionally maintained the Facility in its
3  current condition and have intentionally refrained from altering the Facility so that it complies
4  with the accessibility standards.

5      15.     Plaintiff further alleges that the (continued) presence of barriers at the Facility is
6  so obvious as to establish Defendants' discriminatory intent. On information and belief,
7  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere
8  to relevant building standards; disregard for the building plans and permits issued for the
9  Facility; conscientious decision to maintain the architectural layout (as it currently exists) at
10 the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'
11 property continues to exist in its non-compliant state. Plaintiff further alleges, on information
12 and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the
13 Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

14               **VI.    FIRST CLAIM**

15          **Americans with Disabilities Act of 1990**

16          Denial of "Full and Equal" Enjoyment and Use

17     16.     Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for
18 this claim.

19     17.     Title III of the ADA holds as a "general rule" that no individual shall be
20 discriminated against on the basis of disability in the full and equal enjoyment (or use) of
21 goods, services, facilities, privileges, and accommodations offered by any person who owns,
22 operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

23     18.     Defendants discriminated against Plaintiff by denying Plaintiff "full and equal
24 enjoyment" and use of the goods, services, facilities, privileges and accommodations of the
25 Facility during each visit and each incident of deterrence.

26          Failure to Remove Architectural Barriers in an Existing Facility

27     19.     The ADA specifically prohibits failing to remove architectural barriers, which
28 are structural in nature, in existing facilities where such removal is readily achievable. 42

*Moore v. Saniefar, et al.*
First Amended Complaint

MLF0039451

EX. 9-30

1  U.S.C. § 12182(b)(2)(A)(iv).

2      20.     When an entity can demonstrate that removal of a barrier is not readily

3  achievable, a failure to make goods, services, facilities, or accommodations available through

4  alternative methods is also specifically prohibited if these methods are readily achievable. Id.

5  § 12182(b)(2)(A)(v).

6      21.     Here, Plaintiff alleges that Defendants can easily remove the architectural

7  barriers at the Facility without much difficulty or expense, and that Defendants violated the

8  ADA by failing to remove those barriers, when it was readily achievable to do so.

9      22.     In the alternative, if it was not "readily achievable" for Defendants to remove

10  the Facility's barriers, then Defendants violated the ADA by failing to make the required

11  services available through alternative methods, which are readily achievable.

12                    Failure to Design and Construct an Accessible Facility

13      23.     Plaintiff alleges on information and belief that the Facility was designed and

14  constructed (or both) after January 26, 1992 – independently triggering access requirements

15  under Title III of the ADA.

16      24.     The ADA also prohibits designing and constructing facilities for first occupancy

17  after January 16, 1993, that aren't readily accessible to, and usable by, individuals with

18  disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

19      25.     Here, Defendants violated the ADA by designing and constructing (or both) the

20  Facility in a manner that was not readily accessible to the physically disabled public –

21  including Plaintiff – when it was structurally practical to do so.[1]

22                      Failure to Make an Altered Facility Accessible

23      26.     Plaintiff alleges on information and belief that the Facility was modified after

24  January 26, 1992, independently triggering access requirements under the ADA.

25      27.     The ADA also requires that facilities altered in a manner that affects (or could

26  affect) its usability must be made readily accessible to individuals with disabilities to the

27

28  _____

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a
private attorney general under either state or federal statutes.

*Moore v. Saniefar, et al.*
First Amended Complaint

MLF0039452

EX. 9-31

1    maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's

2    primary function also requires making the paths of travel, bathrooms, telephones, and drinking

3    fountains serving that area accessible to the maximum extent feasible. Id.

4         28.    Here, Defendants altered the Facility in a manner that violated the ADA and

5    was not readily accessible to the physically disabled public – including Plaintiff – to the

6    maximum extent feasible.

7                    Failure to Modify Existing Policies and Procedures

8         29.    The ADA also requires reasonable modifications in policies, practices, or

9    procedures, when necessary to afford such goods, services, facilities, or accommodations to

10   individuals with disabilities, unless the entity can demonstrate that making such modifications

11   would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

12        30.    Here, Defendants violated the ADA by failing to make reasonable modifications

13   in policies, practices, or procedures at the Facility, when these modifications were necessary to

14   afford (and would not fundamentally alter the nature of) these goods, services, facilities, or

15   accommodations.

16        31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney

17   fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

18        32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants

19   violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

20                    **VII.   SECOND CLAIM**

21                         **Unruh Act**

22        33.    Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for

23   this claim.

24        34.    California Civil Code § 51 states, in part, that: All persons within the

25   jurisdiction of this state are entitled to the full and equal accommodations, advantages,

26   facilities, privileges, or services in all business establishments of every kind whatsoever.

27        35.    California Civil Code § 51.5 also states, in part that: No business establishment

28   of any kind whatsoever shall discriminate against any person in this state because of the

*Moore v. Saniefar, et al.*
First Amended Complaint

MLF0039453

EX. 9-32

1    disability of the person.

2         36.    California Civil Code § 51(f) specifically incorporates (by reference) an

3    individual's rights under the ADA into the Unruh Act.

4         37.    Defendants' aforementioned acts and omissions denied the physically disabled

5    public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges

6    and services in a business establishment (because of their physical disability).

7         38.    These acts and omissions (including the ones that violate the ADA) denied,

8    aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

9         39.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

10   minimum damages of four thousand dollars ($4,000) for each offense.

11        40.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

12   ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

13   § 52(a).

14                              **VIII. THIRD CLAIM**

15                **Denial of Full and Equal Access to Public Facilities**

16        41.    Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for

17   this claim.

18        42.    Health and Safety Code § 19955(a) states, in part, that: California public

19   accommodations or facilities (built with private funds) shall adhere to the provisions of

20   Government Code § 4450.

21        43.    Health and Safety Code § 19959 states, in part, that: Every existing (non-

22   exempt) public accommodation constructed prior to July 1, 1970, which is altered or

23   structurally repaired, is required to comply with this chapter.

24        44.    Plaintiff alleges the Facility is a public accommodation constructed, altered, or

25   repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code

26   § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

27        45.    Defendants' non-compliance with these requirements at the Facility aggrieved

28   (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

*Moore v. Saniefar, et al.*
First Amended Complaint
                              Page 10

MLF0039454

1 | Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

2 | <div align="center">**IX.  PRAYER FOR RELIEF**</div>

3 | WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

4 | 1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

5 | 2.     Declaratory relief that Defendants violated the ADA for the purposes of Unruh

6 |        Act damages.

7 | 3.     Statutory minimum damages under section 52(a) of the California Civil Code

8 |        according to proof.

9 | 4.     Attorneys' fees, litigation expense, and costs of suit.[2]

10 | 5.     Interest at the legal rate from the date of the filing of this action.

11 | 6.     For such other and further relief as the Court deems proper.

Dated: January 22, 2015              MOORE LAW FIRM, P.C.

*/s/ Tanya E. Moore*
Tanya E. Moore
Attorneys for Plaintiff
Ronald Moore

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Saniefar, et al.*
First Amended Complaint

MLF0039455

EX. 9-34

1

## VERIFICATION

2

3        I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the

4   foregoing First Amended Complaint and know the contents thereof. The same is true of my

5   own knowledge, except as to those matters which are therein alleged on information and belief,

6   and as to those matters, I believe them to be true.

7        I verify under penalty of perjury that the foregoing is true and correct.

8

9

10  Dated: January 22, 2015                 /s/ Ronald Moore

11                                          Ronald Moore

12  I attest that the original signature of the person whose electronic signature is shown above is
    maintained by me, and that his concurrence in the filing of this document and attribution of his
13  signature was obtained.

14

15                                          /s/ Tanya E. Moore
                                            Tanya E. Moore, Attorney for
16                                          Plaintiff, Ronald Moore

17

18

19

20

21

22

23

24

25

26

27

28

*Moore v. Saniefar, et al.*
First Amended Complaint
                                    Page 12

MLF0039456

EX. 9-35



RONALD D MOORE




CHASE

P.O. BOX 15123
WILMINGTON, DE
19850-5123

Payment Due Date:                                    06/18/15
New Balance:
Minimum Payment:
Account number: 4266 4413 0650 4008

$_____                        Amount Enclosed
Make your check payable to: Chase Card Services

RONALD D MOORE
██ N TERRACE AVE
CLOVIS CA 93012-041

CARDMEMBER SERVICE
PO BOX 94014
PALATINE IL 60094-4014

5000 160 28   20313066040085



CHASE

Manage your account online:    Customer Service:    Mobile: Visit chase.com
www.chase.com/freedom          1-800-524-3880        on your mobile browser

### ACCOUNT SUMMARY

Account Number: 4266 8413 0650 4008

Previous Balance
Payment, Credits
Purchases
Cash Advances
Balance Transfers
Fees Charged
Interest Charged
New Balance

Opening/Closing Date          04/25/15 - 05/21/15
Credit Limit
Available Credit
Cash Access Line
Available for Cash

Past Due Amount
Balance over the Credit Limit

### PAYMENT INFORMATION

New Balance
Payment Due Date                              06/18/15
Minimum Payment Due

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $35.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | | |

If you would like information about credit counseling services, call 1-866-797-2885.

### CHASE FREEDOM: ULTIMATE REWARDS® SUMMARY

Previous points balance
+ 1% (1 Pt/$1 earned on all purchases
+ 1% (1 Pt/$1 on Ultimate Rewards level
= Total points available for redemption

Redeeming your points for Cash Back rewards is easy! For example, 2,000 points = a $20 Cash Back rewards. To review your reward options visit chase.com/myrewards.

You always earn unlimited 1% cash back on all your purchases. Activate new bonus categories every quarter. You'll earn an additional 4% cash back for a total of 5% cash back on up to $1,500 in combined bonus category purchases each quarter. Activate for free at chase.com/freedom, visit a Chase branch or call the number on the back of your card.

### ACCOUNT ACTIVITY

| Date of Transaction | Merchant Name or Transaction Description | $ Amount |
|---|---|---|
| **PAYMENTS AND OTHER CREDITS** | | |
| 05/03 | Payment Thank You - Image Check | |
| **PURCHASES** | | |
| 04/30 | YEM KABOB FRESNO CA | 21.00 |
| **INTEREST CHARGED** | | |
| 05/21 | PURCHASE INTEREST CHARGE | |
| | TOTAL INTEREST FOR THIS PERIOD | |



**This Statement is a Facsimile - Not an original**

continues

MOORE0127

EX. 9-36

MLF 0024609

# Exhibit 10



Fda list

CLOVIS FAIR DEAL
LIQUOR & MARKET

DATE 04/14/2012 SAT    TIME 19:14

| LOTTERY | | $2.00 |
| LOTRY PD | | -2.00 |
| REG CIGS T1 | | $2.79 |
| TAX1 | | $0.22 |
| TOTAL | | :$3.01 |
| CASH | | $3.01 |
| CLERK 1 | 912270 | 00000 |

No marked Parking
No Signs
no Ramp.
There is a piece
of wood to use
as a Ramp.
Doors
Tabled
Counter

483 W. Shaw Ave
Clovis, CA 93612

**Valley**
**YellowPages.**
*The better book... Since 1115.*

MyYP.com

MLF0046086



# BIGLOTS!

BIG LOTS STORES - #4156
SHAW VILLAGE S/C
456 W SHAW AVE
CLOVIS CA 93612-3207
559-323-8075

04/22/2012                   6:24:40 PM PDT
Trans.: 1271                   Store: 04156
Res.: 001                        Till:Jul1
Cashier: 818622            Sales: 818622

SALE



0415600112712012042

LANTERN MINI 9 LED 4AA Y          5.00 T
  270010929
               1 @ 5.00
BLACK EYE PENCILS                 2.00 T
  120086580
               1 @ 2.00
Sub-Total
  CA 7.975% Taxable      7.00           7.00
  CA 7.975% Tax          0.56
Total Sales Tax
                                       0.56

Total                                  7.56
      Cash
Total Tender            8.00
Change Due                             8.00
                                      -0.44

Thank you for shopping at Big Lots!

Sign up for Buzz Club Rewards at
        www.biglots.com

   Retain this receipt for
   return or exchange

*Ramp Comes out into the Road.*

**MLF0046089**

EX. 10-3

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE
ADAI No. 1387
**Big Lots** (Facility) 456 W. Shaw Ave, Clovis CA 93612

1. What is the name of the Facility? _Big Lots_

2. When did you visit the Facility? _1/3/13_(Date) _530 pm_(Time) _you have Region ok_

3. What is the address of the Facility? _456 W shaw Ave Clovis Ca_

4. Was this your first visit to the Facility? _No_

5. How many times have you visited the Facility? _A few_ If more than one visit, please list the date and time if you know it. _____

6. What was the purpose of your visit? _Birthday present_

7. Who accompanied you to the Facility? _myself_

8. What car did you drive to the Facility? _mine_

9. Did you drive yourself of did you get a ride from someone else? _I Drove_

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _Just to the Right of Front Door_

11. Was it difficult for you to park there? _No signs_

12. Why? _Ramp gos into street And into parking space_

13. How did you unload from your vehicle? _Rear_

14. What side of the vehicle did you unload from? Driver or passenger? _Driver_

15. Did anyone help you to transfer onto your wheelchair? _No_

16. What problems did you encounter transferring onto your wheelchair?
_Getting out of car Ramp in space uneven_

17. Which way did you go from the parking to the entrance of the Facility? _Forward_

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.
_Ramp Into Street and into Access Issle_

19. Did you encounter any problems opening the door? Describe why. _No_

20. Did you have any problems inside the Facility? Describe. _Bathroom Door Isslee were Blocked._

MLF0029416

EX. 10-4

*Could not turn Around in Essle*

21. What did you purchase (or what meal did you have there). Describe: *Wind chains phona chargur*

22. Have you used the restroom at the Facility? *Yes*

23. Why did you need to use the restroom? *Had too*

24. Did you use the sink? *Yes*

25. Any problems? *Sink was not wrapped*

26. Did you use the urinal? *N/o*

27. Did you use the toilet? *Yes*

28. Did you use the toilet paper? *Yes it was far away from toilet*

29. Did you use paper towels? *Yes*

30. Did you use the soap dispenser? *Yes*

31. Did you have any problem maneuvering inside the restroom? *Opening Bathroom Door*

32. Where did you sit?

33. Was there any seating provided inside the Facility? *No*

34. Was it wheelchair accessible? *Not Really*

35. Where you comfortable at the table? *N/A*

36. Did you use the counter to pay for purchase? *Yes*

37. Which counter did you use? *One next to Door*

38. Was the counter accessible? *Could not see credit card Reader*

39. Which way did you go after you left the Facility? *Forward*

40. Any problems getting back to your vehicle? *Yes Unlocking my car wheel Chenfell off Ramp*

41. Any problems transferring from your wheelchair to your vehicle? *Just neural Ramp Walking Back to car Door*

42. If you have any addition information you believe would assist us in evaluating this inquiry.

MLF0029417

1. What is the name of the Facility? _Clovis Fair Deal_

2. When did you visit the Facility? _____ (Date) _____ (Time)

3. What is the address of the Facility? _456 w shaw ave clovis ca_

4. Was this your first visit to the Facility? _No_

5. How many times have you visited the Facility? _Few_ If more than one visit, please list the date and time if you
   know it. _____

6. What was the purpose of your visit? _Chew_

7. Who accompanied you to the Facility? _____

8. What car did you drive to the Facility? _Mine_

9. Did you drive yourself of did you get a ride from someone else? _Me_

10. Where did you park when you arrived at the Facility?  Describe a specific location where you parked your
    vehicle. _In Front of Store_

11. Was it difficult for you to park there? _No parking spaces no signs_

12. Why? _____

13. How did you unload from your vehicle? _Rear_

14. What side of the vehicle did you unload from? Driver or passenger? _Driver_

15. Did anyone help you to transfer onto your wheelchair? _No_

16. What problems did you encounter transferring onto your wheelchair?

    _None_

17. Which way did you go from the parking to the entrance of the Facility? _Forward_

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

    _Ramp is a piece of wood on the curb_

19. Did you encounter any problems opening the door? Describe why. _Door opens l out ward_

20. Did you have any problems inside the Facility? Describe. _Could not get soda cups_
    _where to far back could not Reach Then soda mech to high_

MLF0029418

EX. 10-6

_____

_____

21. What did you purchase (or what meal did you have there).  Describe: *Show Chips*

_____

22. Have you used the restroom at the Facility? _No_

23. Why did you need to use the restroom? _____

24. Did you use the sink? _____

25. Any problems? _____

26. Did you use the urinal? _____

27. Did you use the toilet? _____

28. Did you use the toilet paper? _____

29. Did you use paper towels? _____

30. Did you use the soap dispenser? _____

31. Did you have any problem maneuvering inside the restroom? _____

32. Where did you sit? _N/A_

33. Was there any seating provided inside the Facility? _N/A_

34. Was it wheelchair accessible? _____

35. Where you comfortable at the table? _____

36. Did you use the counter to pay for purchase? _Yes_

37. Which counter did you use? _H/c counter_

38. Was the counter accessible? _Hard to sign credit card. had to ask person next to me to move so I could get close enough_

39. Which way did you go after you left the Facility? _Forward to wood Ramp to sign_

40. Any problems getting back to your vehicle? _Ramp goes into a parking space_

41. Any problems transferring from your wheelchair to your vehicle? _No_

42. If you have any addition information you believe would assist us in evaluating this inquiry.

MLF0029419



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

July 30, 2012

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
Attorney at Law

Marejka Sacks
Paralegal

Ronald Moore
80 N. Hughes
Clovis, CA 93612

Re:   **_Receipts_**

Dear Mr. Moore:

This letter is to inform you that we have received your request to file lawsuits on your behalf and the receipts you provided for the following Facilities:

1. Kerman Carnitas;
2. Robertito's Taco Shop;
3. Radio Shack;
4. Bob's Liquor;
5. Supercuts;
6. Arco;
7. Smart & Final;
8. Arsenio's Mexican Food;
9. Six Star 76, 1;
10. El Realito De Oro;
11. El Bajio;
12. Buy Rite;
13. Firebaugh Mart, 1;
14. Las Canago Restaurant;
15. Super Burger;
16. City Hart #2;
17. Clovis Fair Deal Liquor Market;
18. Best Buy Liquor;
19. Big Lots;
20. Kings Market;
21. Dollar Tree Stores, Inc;
22. Burger King;
23. Big 5 Sporting Goods #376;
24. Dave's Liquor & Gas;
25. Wendy's Old Fashion Hamburgers Store #437;
26. Airport Liquor;
27. Ross Dress For Less;
28. Bobby Salazar's;
29. Cal-Fresno Oils Union  76 Twin Stations;
30. Das Palas.

MLF0046308

Please be advised that we will investigate the barriers to access encountered by you and advise you within three weeks if we decide to accept these cases.

Thank you for sending us this information. If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

*Dictated but not read.*
*Sent to avoid delay.*

Tanya Moore
Attorney at Law

TM/mg

MLF0046309

EX. 10-9



# MOORE LAW FIRM
### P R O F E S S I O N A L   C O R P O R A T I O N

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

December 13, 2012

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

Mr. Ronald Moore
80 N. Hughes Ave.
Clovis, CA 93612

**RE:   ADAI No. 1387**
*Big Lots* ( **Facility), 456 W. Shaw Ave., Clovis, CA**

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above referenced facility along with the reciept of purchase you provied.

In order for us to evaluate the inquiry and determine if you have a cause of action under the ADA and applicable California statutes, we must first obtain information from you regarding the barriers you encountered at the time of your visit to the Facility.

Please complete the questionnaire provided with this letter. Please provide specific details. This information will assist us in in documenting the existence of the barriers at the Facility.

Your complete and prompt response to this questionnaire is crucial. Please be advised that we will not be able to proceed with this case until we receive the completely filled out questionnaire.

Kindest regards,

*Tanya Moore*

Tanya Moore
Attorney at Law

TM/mb

Enclosure:     Public Accomodation Visit Questionnaire

MLF0029410

EX. 10-10

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE
ADAI No. 1387
**Big Lots** (Facility) 456 W. Shaw Ave, Clovis CA 93612

1. What is the name of the Facility? _____

2. When did you visit the Facility? _____(Date) _____(Time)

3. What is the address of the Facility?_____

4. Was this your first visit to the Facility? _____

5. How many times have you visited the Facility? _____ If more than one visit, please list the date and time if you know it. _____

6. What was the purpose of your visit? _____

7. Who accompanied you to the Facility? _____

8. What car did you drive to the Facility?_____

9. Did you drive yourself of did you get a ride from someone else? _____

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _____

11. Was it difficult for you to park there? _____

12. Why? _____

13. How did you unload from your vehicle? _____

14. What side of the vehicle did you unload from? Driver or passenger? _____

15. Did anyone help you to transfer onto your wheelchair? _____

16. What problems did you encounter transferring onto your wheelchair?

_____

17. Which way did you go from the parking to the entrance of the Facility? _____

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

_____

19. Did you encounter any problems opening the door? Describe why. _____

20. Did you have any problems inside the Facility? Describe. _____

MLF0029411

EX. 10-11

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE
ADAI No. 1387
*Big Lots* (Facility) 456 W. Shaw Ave, Clovis CA 93612

_____

_____

21. What did you purchase (or what meal did you have there). Describe: _____

_____

22. Have you used the restroom at the Facility?_____

23. Why did you need to use the restroom? _____

24. Did you use the sink? _____

25. Any problems? _____

26. Did you use the urinal? _____

27. Did you use the toilet? _____

28. Did you use the toilet paper?_____

29. Did you use paper towels?_____

30. Did you use the soap dispenser?_____

31. Did you have any problem maneuvering inside the restroom? _____

32. Where did you sit? _____

33. Was there any seating provided inside the Facility? _____

34. Was it wheelchair accessible? _____

35. Where you comfortable at the table?_____

36. Did you use the counter to pay for purchase? _____

37. Which counter did you use? _____

38. Was the counter accessible? _____

39. Which way did you go after you left the Facility? _____

40. Any problems getting back to your vehicle? _____

41. Any problems transferring from your wheelchair to your vehicle? _____

42. If you have any addition information you believe would assist us in evaluating this inquiry.

MLF0029412

EX. 10-12



# MOORE LAW FIRM
### PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE December 13, 2012
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

Mr. Ronald Moore
80 N. Hughes Ave.
Clovis, CA 93612

      RE:   **ADAI No. 1387**
            *Clovis Fair Deal Liquor & Market* ( Facility)
            **456 W. Shaw Ave., Clovis, CA**

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above referenced facility along with the reciept of purchase you provided.

In order for us to evaluate the inquiry and determine if you have a cause of action under the ADA and applicable California statutes, we must first obtain information from you regarding the barriers you encountered at the time of your visit to the Facility.

Please complete the questionnaire provided with this letter. Please provide specific details. This information will assist us in in documenting the existence of the barriers at the Facility.

Your complete and prompt response to this questionnaire is crucial. Please be advised that we will not be able to proceed with this case until we receive the completely filled out questionnaire.

Kindest regards,

*Tanya Moore*

Tanya Moore
Attorney at Law

TM/mb

Enclosure:    Public Accomodation Visit Questionnaire

MLF0029413

1. What is the name of the Facility? _____

2. When did you visit the Facility? _____(Date) _____(Time)

3. What is the address of the Facility?_____

4. Was this your first visit to the Facility? _____

5. How many times have you visited the Facility? _____ If more than one visit, please list the date and time if you

   know it. _____

6. What was the purpose of your visit? _____

7. Who accompanied you to the Facility? _____

8. What car did you drive to the Facility?_____

9. Did you drive yourself of did you get a ride from someone else? _____

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your

    vehicle. _____

11. Was it difficult for you to park there? _____

12. Why? _____

13. How did you unload from your vehicle? _____

14. What side of the vehicle did you unload from? Driver or passenger? _____

15. Did anyone help you to transfer onto your wheelchair? _____

16. What problems did you encounter transferring onto your wheelchair?

    _____

17. Which way did you go from the parking to the entrance of the Facility? _____

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

    _____

19. Did you encounter any problems opening the door? Describe why. _____

20. Did you have any problems inside the Facility? Describe. _____

MLF0029414

_____

_____

21. What did you purchase (or what meal did you have there).  Describe: _____

_____

22. Have you used the restroom at the Facility?_____

23. Why did you need to use the restroom? _____

24. Did you use the sink? _____

25. Any problems? _____

26. Did you use the urinal? _____

27. Did you use the toilet? _____

28. Did you use the toilet paper?_____

29. Did you use paper towels?_____

30. Did you use the soap dispenser?_____

31. Did you have any problem maneuvering inside the restroom? _____

32. Where did you sit? _____

33. Was there any seating provided inside the Facility? _____

34. Was it wheelchair accessible? _____

35. Where you comfortable at the table?_____

36. Did you use the counter to pay for purchase? _____

37. Which counter did you use? _____

38. Was the counter accessible? _____

39. Which way did you go after you left the Facility? _____

40. Any problems getting back to your vehicle? _____

41. Any problems transferring from your wheelchair to your vehicle? _____

42. If you have any addition information you believe would assist us in evaluating this inquiry.

MLF0029415



# MOORE LAW FIRM
### PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

December 13, 2012

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

Mr. Ronald Moore
80 N. Hughes Ave.
Clovis, CA 93612

**RE:**     **ADAI No. 1387**
         *Big Lots* and *Clovis Fair Deal Liquor & Market* (Facilities)
         **456 W. Shaw Ave., Clovis, CA**

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facilities. If you visit the facilities again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for these matters. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

*Tanya Moore*

Tanya Moore
Attorney at Law

TM/mb

Enclosure: Fee Agreement

MLF0029409

EX. 10-16



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

February 13, 2013

Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

Re:   **ADAI No. 01387**
      *Moore v. A & A Tarzana Plaza Limited Partnership, et al.*

Dear Mr. Moore:

Enclosed for your review is a Complaint in your claim against Big Lots/Clovis Fair Deal Market for your review prior to filing. Please specifically review Paragraph 10 for factual accuracy and promptly call us if we need to make any changes.

As you know, you are required by law to now sign a verification that will be attached to every complaint we file on your behalf. If the Complaint is factually accurate, please **sign AND date** the enclosed Verification then scan or fax it back to us, or return it in the enclosed postage-paid envelope, at your earliest convenience so that we may file your claim as soon as possible.

Thank you for your attention and we look forward to your response.

Sincerely,

Whitney Law
Paralegal

Enclosures

MLF0029420

EX. 10-17

1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: tanya@moorelawfirm.com

5  Attorneys for Plaintiff
   RONALD MOORE

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  RONALD MOORE,                      ) No.
                                       )
12          Plaintiff,                 ) COMPLAINT ASSERTING DENIAL OF
                                       ) RIGHT OF ACCESS UNDER
13     vs.                             ) AMERICANS WITH DISABILITIES ACT
                                       ) FOR INJUNCTIVE RELIEF,
14  A & A TARZANA PLAZA LIMITED        ) DECLARATORY RELIEF, DAMAGES,
    PARTNERSHIP, a California Limited   ) ATTORNEYS' FEES AND COSTS (ADA)
15  Partnership; BIG LOTS STORES, INC., an )
    Ohio Corporation; PNS STORES, INC., a )
16  California Corporation; SURINDER K. )
    DHANDA, aka SURINDER PAL KAUR      )
17  DHANDA, dba CLOVIS FAIR DEAL       )
    LIQUOR,                            )
18                                     )
                                       )
19          Defendants.                )
                                       )
20                                     )
                                       )
21  _____)

22                           I. SUMMARY

23          1.      This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

24  discrimination at the building, structure, facility, complex, property, land, development,

25  and/or surrounding business complex known as:

26          a)      Big Lots
                    456 West Shaw Avenue
27                  Clovis, CA 93612
                    (hereafter "Big Lots Facility")
28  //

MLF0029421

EX. 10-18

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 2/17/13

_____
Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

*/s/ Tanya E. Moore*
_____
Tanya E. Moore, Attorney for
Plaintiff, Ronald Moore

*Ronald Moore v. A & A Tarzana Plaza Limited Partnership, et al.*

MLF0029432

EX. 10-19



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

February 20, 2013

Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

**Re:** **ADAI No. 01387**
*Moore v. A & A Tarzana Plaza Limited Partnership, et al.*
**Case No. 1:13-cv-00252-LJO-BAM**

Dear Mr. Moore:

Enclosed please find a copy of the filed Complaint in the above-captioned matter for your records.

Sincerely,

Whitney Law
Paralegal

Enclosures

MLF0029433

EX. 10-20

1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: tanya@moorelawfirm.com

5  Attorneys for Plaintiff
   RONALD MOORE
6

7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11  RONALD MOORE,                    ) No.
                                     )
12          Plaintiff,               ) COMPLAINT ASSERTING DENIAL OF
                                     ) RIGHT OF ACCESS UNDER
13      vs.                          ) AMERICANS WITH DISABILITIES ACT
                                     ) FOR INJUNCTIVE RELIEF,
14  A & A TARZANA PLAZA LIMITED      ) DECLARATORY RELIEF, DAMAGES,
    PARTNERSHIP, a California Limited ) ATTORNEYS' FEES AND COSTS (ADA)
15  Partnership; BIG LOTS STORES, INC., an )
    Ohio Corporation; PNS STORES, INC., a  )
16  California Corporation; SURINDER K.     )
    DHANDA, aka SURINDER PAL KAUR   )
17  DHANDA, dba CLOVIS FAIR DEAL     )
    LIQUOR,                          )
18                                   )
                                     )
19          Defendants.              )
                                     )
20                                   )
                                     )
21  _____)

22                      I. SUMMARY

23      1.      This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

24  discrimination at the building, structure, facility, complex, property, land, development,

25  and/or surrounding business complex known as:

26          a)      Big Lots
                    456 West Shaw Avenue
27                  Clovis, CA 93612
                    (hereafter "Big Lots Facility")
28  //

*Ronald Moore v. A & A Tarzana Plaza Limited Partnership, et al.*                    Complaint

                            Page 1

MLF0029434

EX. 10-21

b)     Clovis Fair Deal Market
488 West Shaw Avenue
Clovis, CA 93612
(hereafter "Fair Deal Market Facility")

Each of the facilities identified above shall be collectively referred to hereinafter as "the Facilities."

2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against A & A TARZANA PLAZA LIMITED PARTNERSHIP, a California Limited Partnership; BIG LOTS STORES, INC., an Ohio Corporation; PNS STORES, INC., a California Corporation; SURINDER K. DHANDA, aka SURINDER PAL KAUR DHANDA, dba CLOVIS FAIR DEAL LIQUOR (hereinafter collectively referred to as "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II.    JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.    VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.    PARTIES

7.     Defendants own, operate, and/or lease the Facilities, and consist of a person (or persons), firm, and/or corporation.

8.     Plaintiff requires the use of a wheelchair when traveling about in public. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

MLF0029435

EX. 10-22

## V.   FACTS

9.     The Facilities are public accommodation facilities, open to the public, which are intended for nonresidential use and whose operation affects commerce.

10.     Plaintiff visited the Facilities and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facilities.  Plaintiff personally encountered the following barriers at the Facilities during Plaintiff's visit(s) to the Facilities:

a)     During Plaintiff's visit to the Big Lots Facility on January 3, 2013, Plaintiff parked in a space designated as accessible immediately to the right of the access aisle and ramp at the main entrance to the Big Lots Facility. The ramp was located within the access aisle, which made it difficult for Plaintiff to unload from the driver's side of his vehicle and get into his wheelchair. When Plaintiff left the Big Lots Facility and rolled down the ramp to enter the parking lot, he rolled directly into the path of a vehicle driving in the lane of traffic within the parking lot.

b)     The ramp at the Big Lots Facility was unevenly sloped, had unprotected edges, and was blocked by trash cans on the sidewalk. Plaintiff had difficulty maneuvering his wheelchair up and down the ramp due to these dangerous conditions. When Plaintiff was attempting to get into his vehicle from his wheelchair, his wheelchair rolled off the unprotected side of the ramp.

c)     The aisles within the Big Lots Facility were extremely narrow and were blocked by merchandise, making it difficult for Plaintiff to maneuver around the store in his wheelchair.

d)     The men's restroom door at the Big Lots Facility was extremely heavy, and was difficult for Plaintiff to open from his wheelchair.

e)     The toilet paper within the men's restroom at the Big Lots Facility was located extremely far away from the toilet, such that it was difficult for

*Ronald Moore v. A & A Tarzana Plaza Limited Partnership, et al.*                    Complaint

MLF0029436

EX. 10-23

1            Plaintiff to reach.

2      f)       The pipes under the sink within the men's restroom at the Big Lots

3            Facility were exposed, causing Plaintiff to have to sit very far back from

4            the sink to wash his hands for fear his legs would be burned by the hot

5            water inside the pipes.

6      g)       The credit card reader at the Big Lots Facility was located extremely

7            high on the counter. The cashier had to run the credit card through the

8            credit card reader for Plaintiff because Plaintiff could not reach it from

9            his wheelchair.

10      h)      During Plaintiff's visit to the Fair Deal Market Facility on January 3,

11            2013, Plaintiff was unable to locate an accessible parking space at the

12            Fair Deal Market Facility. Plaintiff was forced to park in a space that

13            was not designated as accessible in front of the Fair Deal Market

14            Facility, which lacked an access aisle.

15      i)        The ramp to the sidewalk closest to Plaintiff's parking space at the

16            Fair Deal Market Facility was made of wood and was extremely steep,

17            making it difficult for Plaintiff to roll up and down in his wheelchair.

18      j)       Plaintiff attempted to get a soda from the self-serve soda fountain at

19            the Fair Deal Market Facility; however, Plaintiff discovered that the

20            soda cups were stored very far back on the counter and the soda

21            dispensers were located extremely high. Plaintiff could not reach the

22            soda cups or the soda dispenser and was forced to leave the Facility

23            without buying a soda.

24      k)      Plaintiff paid for his purchase at the designated-accessible portion of

25            the cashier counter within the Fair Deal Market Facility, which was

26            extremely narrow and was partially blocked by merchandise sitting on

27            the counter. It was difficult for Plaintiff to sign his credit card receipt

28            on the narrow counter, while Plaintiff had to ask the person standing

MLF0029437

EX. 10-24

next to him in line to move so that Plaintiff could pull his wheelchair close enough to sign, which was embarrassing.

11.     The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered.  Plaintiff is presently unaware of other barriers which may in fact exist at the Facilities and relate to his disabilities.  Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facilities and relate to his disabilities removed to afford him full and equal access.

12.     Plaintiff was, and continues to be, deterred from visiting the Facilities because Plaintiff knows that the Facilities' goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.  Plaintiff enjoys the goods and services offered at the Facilities, and will return to the Facilities once the barriers are removed.

13.     Defendants knew, or should have known, that these elements and areas of the Facilities were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Defendants have the financial resources to remove these barriers from the Facilities (without much difficulty or expense), and make the Facilities accessible to the physically disabled.  To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.     At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facilities to remove impediments to wheelchair access and to comply with the 2010 Standards for Accessible Design and the California Code of Regulations Title 24.  Defendants have not removed such impediments and have not modified the Facilities to conform to accessibility standards.  Defendants have intentionally maintained the Facilities in their current condition and have intentionally refrained from altering the Facilities so that they comply with the accessibility standards.

15.     Plaintiff further alleges that the (continued) presence of barriers at the

*Ronald Moore v. A & A Tarzana Plaza Limited Partnership, et al.*                    Complaint

MLF0029438

EX. 10-25

1  Facilities is so obvious as to establish Defendants discriminatory intent.  On information and

2  belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal

3  to adhere·to relevant building standards; disregard for the building plans and permits issued

4  for the Facilities; conscientious decision to maintain the architectural layout (as it currently

5  exists) at the Facilities; decision not to remove barriers from the Facilities; and allowance

6  that Defendants' property continues to exist in its non-compliance state.  Plaintiff further

7  alleges, on information and belief, that the Facilities are not in the midst of a remodel, and

8  that the barriers present at the Facilities are not isolated (or temporary) interruptions in access

9  due to maintenance or repairs.

10  ### VI.    FIRST CLAIM

11  **Americans with Disabilities Act of 1990**

12  Denial of "Full and Equal" Enjoyment and Use

13      16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

14  this claim.

15      17.    Title III of the ADA holds as a "general rule" that no individual shall be

16  discriminated against on the basis of disability in the full and equal enjoyment (or use) of

17  goods, services, facilities, privileges, and accommodations offered by any person who owns,

18  operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

19      18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

20  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

21  Facilities during each visit and each incident of deterrence.

22      Failure to Remove Architectural Barriers in an Existing Facility

23      19.    The ADA specifically prohibits failing to remove architectural barriers, which

24  are structural in nature, in existing facilities where such removal is readily achievable.  42

25  U.S.C. § 12182(b)(2)(A)(iv).

26      20.    When an entity can demonstrate that removal of a barrier is not readily

27  achievable, a failure to make goods, services, facilities, or accommodations available through

28  alternative methods is also specifically prohibited if these methods are readily achievable.

*Ronald Moore v. A & A Tarzana Plaza Limited Partnership, et al.*                    Complaint

MLF0029439

EX. 10-26

1   Id. § 12182(b)(2)(A)(v).

2       21.     Here, Plaintiff alleges that Defendants can easily remove the architectural

3   barriers at the Facility without much difficulty or expense, and that Defendants violated the

4   ADA by failing to remove those barriers, when it was readily achievable to do so.

5       22.     In the alternative, if it was not "readily achievable" for Defendants to remove

6   the Facilities' barriers, then Defendants violated the ADA by failing to make the required

7   services available through alternative methods, which are readily achievable.

8                   Failure to Design and Construct an Accessible Facility

9       23.     Plaintiff alleges on information and belief that the Facilities were designed

10  and constructed (or both) after January 26, 1992 – independently triggering access

11  requirements under Title III of the ADA.

12      24.     The ADA also prohibits designing and constructing facilities for first

13  occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

14  with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).

15      25.     Here, Defendants violated the ADA by designing and constructing (or both)

16  the Facilities in a manner that was not readily accessible to the physically disabled public –

17  including Plaintiff – when it was structurally practical to do so.[1]

18                   Failure to Make an Altered Facility Accessible

19      26.     Plaintiff alleges on information and belief that the Facilities were modified

20  after January 26, 1992, independently triggering access requirements under the ADA.

21      27.     The ADA also requires that facilities altered in a manner that affects (or could

22  affect) its usability must be made readily accessible to individuals with disabilities to the

23  maximum extent feasible.  42 U.S.C. § 12183(a)(2).  Altering an area that contains a

24  facility's primary function also requires making the paths of travel, bathrooms, telephones,

25  and drinking fountains serving that area accessible to the maximum extent feasible.  Id.

26      28.     Here, Defendants altered the Facilities in a manner that violated the ADA and

27  was not readily accessible to the physically disabled public – including Plaintiff – to the

28

---

[1] General under either state or federal statues

*Ronald Moore v. A & A Tarzana Plaza Limited Partnership, et al.*                    Complaint

Page 7

MLF0029440

EX. 10-27

1  maximum extent feasible.

2  <u>Failure to Modify Existing Policies and Procedures</u>

3      29.    The ADA also requires reasonable modifications in policies, practices, or

4  procedures, when necessary to afford such goods, services, facilities, or accommodations to

5  individuals with disabilities, unless the entity can demonstrate that making such

6  modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

7      30.    Here, Defendants violated the ADA by failing to make reasonable

8  modifications in policies, practices, or procedures at the Facilities, when these modifications

9  were necessary to afford (and would not fundamentally alter the nature of) these goods,

10  services, facilities, or accommodations.

11      31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief,

12  attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

13      32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that

14  Defendants violated the ADA in order to pursue damages under California's Unruh Civil

15  Rights Act or Disabled Persons Act.

16          **VII.   SECOND CLAIM**

17          **Unruh Act**

18      33.    Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for

19  this claim.

20      34.    California Civil Code § 51 states, in part, that: All persons within the

21  jurisdiction of this state are entitled to the full and equal accommodations, advantages,

22  facilities, privileges, or services in all business establishments of every kind whatsoever.

23      35.    California Civil Code § 51.5 also states, in part that: No business

24  establishment of any kind whatsoever shall discriminate against any person in this state

25  because of the disability of the person.

26      36.    California Civil Code § 51(f) specifically incorporates (by reference) an

27  individual's rights under the ADA into the Unruh Act.

28      37.    Defendants' aforementioned acts and omissions denied the physically

*Ronald Moore v. A & A Tarzana Plaza Limited Partnership, et al.*        Complaint

MLF0029441

1  disabled public – including Plaintiff – full and equal accommodations, advantages, facilities,

2  privileges and services in a business establishment (because of their physical disability).

3      38.    These acts and omissions (including the ones that violate the ADA) denied,

4  aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

5      39.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

6  minimum damages of four thousand dollars ($4,000) for each offense.

7      40.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

8  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

9  § 52(a).

10  **VIII. THIRD CLAIM**

11  **Denial of Full and Equal Access to Public Facilities**

12      41.    Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for

13  this claim.

14      42.    Health and Safety Code § 19955(a) states, in part, that:  California public

15  accommodations or facilities (built with private funds) shall adhere to the provisions of

16  Government Code § 4450.

17      43.    Health and Safety Code § 19959 states, in part, that:  Every existing (non-

18  exempt) public accommodation constructed prior to July 1, 1970, which is altered or

19  structurally repaired, is required to comply with this chapter.

20      44.    Plaintiff alleges the Facilities are public accommodations constructed, altered,

21  or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government

22  Code § 4450 (or both), and that the Facilities were not exempt under Health and Safety Code

23  § 19956.

24      45.    Defendants' non-compliance with these requirements at the Facilities

25  aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities.

26  Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety

27  Code § 19953.

28  //

MLF0029442

EX. 10-29

## IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3.     Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

4.     Attorneys' fees, litigation expense, and costs of suit.[2]

5.     Interest at the legal rate from the date of the filing of this action.

6.     For such other and further relief as the Court deems proper.

Dated: February 19, 2013                    MOORE LAW FIRM, P.C.

                                            /s/ Tanya E. Moore
                                            Tanya E. Moore
                                            Attorneys for Plaintiff,
                                            Ronald Moore

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Ronald Moore v. A & A Tarzana Plaza Limited Partnership, et al.*                    Complaint

MLF0029443

EX. 10-30

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 2/17/13                                    _Ronald Moore_
                                                  Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

/s/ Tanya E. Moore
Tanya E. Moore, Attorney for
Plaintiff, Ronald Moore

_Ronald Moore v. A & A Tarzana Plaza Limited Partnership, et al._

MLF0029444

EX. 10-31

# Exhibit 11

February 18, 2014

Mr. Ronald Moore
80 N. Hughes Ave.
Clovis, CA 93612

RE:     **ADAI No. 1873**

**A & K Partnership (Primos Family Market, Tacos La Piedad)**

**2709/2717 N. Hughes Ave, Fresno, CA 93705**

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF056441

PRIMOS FAMILY MARKET
2717 N HUGHES
FRESNO CA 93705
559-246-9036

Terminal #:                00008001
SEP 29, 13                  11:48 AM

VISA
###########4008
SALE                      REF#:006
BATCH #: 874              AUTH #: 040168
RRN: 327237567025

AMOUNT                    $4.21

          APPROVED

       CUSTOMER COPY

MLF0034723

EX. 11-3

TACOS LA PIEDAD
2709 N.HUGHES AVE
FRESNO, CA 93705

09/29/2013                    11:46:04
Merchant ID:         00000000. 75787
Terminal ID:              02?:.4750
334249728885

CREDIT CARD

VISA SALE

CARD #              XXXXXX*XXXXX4008
INVOICE                          0014
Batch #:                       000496
Approval Code:                 081548
Entry Method:                  Swiped
Mode:                          Online

PRE-TIP AMT                    $19.46

TIP                            $22.00

TOTAL AMOUNT

CUSTOMER COPY

MLF0034727

EX. 11-4

**BARRIER MEMO**

ADAI No. :     01873

Case Name:     Moore v. A & K Partnership (Primos Family Market, Tacos La Piedad)

Address:     2709/2717 N. Hughes Ave, Fresno, CA 93705

| Barrier | Description | Is it a valid barrier?<br>Y / N |
|---|---|---|
| Primo: Poorly Marked Handicap Spot | The facility had no signs indicating where the designated handicap spot was located which made it difficult for the plaintiff to find parking. | Y |
| Primo: Off Centered Ramp | The ramp leading to the facility did not line up exactly with the access aisle. This made it awkward and difficult for the plaintiff to maneuver himself in order to get up the ramp without falling off. | Y |
| Primo: Cracked and Uneven Pavement | The pavement all around the facility was littered with cracks and holes. This made it extremely difficult for the plaintiff's wheel chair to move along safely and easily. | Y |
| Primo: High Threshold | The threshold at the entrance to the facility was extremely high which forced the plaintiff to try and pop up his chair a few times to make it over. This action, however, often causes the plaintiff to hit his knuckles on the door frame which is both painful and embarrassing. | Y |
| Primo: Narrow Aisles | All of the aisles in the facility were too narrow for the plaintiff to travel through without knocking items off of the shelves or getting stuck so he was not able to access the merchandise he wanted. | Y |
| Primo: High Counter | The counter in the facility was exceptionally high and the plaintiff had to sign the receipt on his lap because he could not reach the counter. | Y |
| Tacos: Cracked Pavement | The pavement around the facility was cracked and punctured with small holes. In result, the plaintiff's wheel chair became unstable as he tried to wheel across the uneven path towards the facility. | Y |
| Tacos: Steep Ramp | The ramp leading to the facility was very steep which caused him to get stuck at the top. Luckily, the plaintiff's wife helped him up the rest of the way. | Y |
| Tacos: Heavy Door at Entrance | The door to the entrance of the facility was heavy for the plaintiff to open while in his wheel chair and even more difficult to hold open while wheeling himself inside. The plaintiff's wife saw him struggle and opened the door for the plaintiff as he wheeled himself inside. | Y |

1

MLF0034707

EX. 11-5

| | | |
|---|---|---|
| <u>Tacos:</u> High Threshold | The threshold to the facility was too high for the plaintiff to simply wheel over. So, the plaintiff was forced to try and pop up his chair a few times in an attempt to make it over the threshold. This action however, often causes the plaintiff to hit his knuckles on the door frame which is both painful and embarrassing. | Y |
| <u>Tacos:</u> Narrow Aisles | The aisles between the tables were so narrow that the plaintiff could not fit through them and was forced to ask other customers to make room for him to pass. Also, the plaintiff had to ask a worker to move a table for him that was in his route of travel. In result, the plaintiff spent the entirety of his visit to this facility in embarrassment. | Y |
| <u>Tacos:</u> Sink not Wrapped | The sink in the restroom of the facility was not wrapped which prevented the plaintiff from wheeling up to the counter for fear of burning his legs on the hot pipes underneath the sink counter. | Y |
| <u>Tacos:</u> Restroom Door Heavy | The door to the restroom of the facility was very heavy for the plaintiff to open and to hold open while wheeling himself inside. | Y |
| <u>Tacos:</u> Restroom Stall Door does not Close | The door to the restroom stall did not close on its own and the plaintiff was forced to hook the door with his cane and then latch it shut. | Y |
| <u>Tacos:</u> Not Accessible Seating | The plaintiff was not able to wheel up to the table completely and therefore had to eat his meal from a tray in his lap. This was extremely uncomfortable and embarrassing. | Y |
| <u>Tacos:</u> High Counter | The counter in the facility was very high and the plaintiff had to sign the receipt in his lap because he could not reach the counter. | Y |

2

MLF0034708

EX. 11-6



**MOORE**
**LAW FIRM, P.C.**

October 15, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

Re: ADAI No.   01873
A & K Partnership (Primos Family Market, Tacos La Piedad)
2709/2717 N. Hughes Ave, Fresno, CA 93705

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

*Tanya Moore*

Tanya E. Moore

TEM:cd

Enclosure: Fee Agreement

MLF0034709

EX. 11-7

1 | Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
2 | 332 North Second Street
San Jose, California 95112
3 | Telephone (408) 298-2000
Facsimile (408) 298-6046
4 | E-mail: tanya@moorelawfirm.com

5 | Attorneys for Plaintiff
Ronald Moore

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA**

10

11 | RONALD MOORE,                          ) No.
12 |                  Plaintiff,            ) **COMPLAINT ASSERTING DENIAL OF**
13 |        vs.                            ) **RIGHT OF ACCESS UNDER**
                                          ) **AMERICANS WITH DISABILITIES ACT**
14 | A & K PARTNERSHIP, a California General ) **FOR INJUNCTIVE RELIEF,**
15 | Partnership; ABDULGALIL FADHL         ) **DECLARATORY RELIEF, DAMAGES,**
     MOHSINHUSSEIN dba PRIMOS FAMILY       ) **ATTORNEYS' FEES AND COSTS (ADA)**
16 | MARKET; ROSALINDA MORALES dba         )
     TACOS LA PIEDAD;                      )
17 |                                       )
18 |                  Defendants.          )
19 | _____)

20 | **I. SUMMARY**

21 |        1.      This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

22 | discrimination at the building, structure, facility, complex, property, land, development, and/or

23 | surrounding business complex known as:

24 |              a)      Primos Family Market
25 |                      2717 North Hughes Avenue
                          Fresno, CA 93705
26 |                      (hereafter "the Primos Facility")

27 |              b)      Tacos La Piedad
28 |                      2709 North Hughes Avenue
                          Fresno, CA 93705
                          (hereafter "the Tacos Facility")

*Moore v. A & K Partnership, et al.*
Complaint

Page 1

MLF0034710

EX. 11-8

1  Each of the facilities identified above shall be collectively hereafter referred to as "the

2 Facilities."

3  2. Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

4 costs, pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.)

5 ("ADA") and related California statutes, against:

6    a) A & K PARTNERSHIP, a California General Partnership (hereinafter

7      "the Landlord Defendant");

8    b) ABDULGALIL FADHL MOHSINHUSSEIN dba PRIMOS FAMILY

9      MARKET (hereinafter "the Primos Defendant"); and

10    c) ROSALINDA MORALES dba TACOS LA PIEDAD (hereinafter "the

11      Tacos Defendant").

12  The Primos Defendant and the Tacos Defendant are collectively referred to herein as

13 "the Tenant Defendants," and together with the Landlord Defendant, collectively the

14 "Defendants."

## II. JURISDICTION

16  3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

17 claims.

18  4. Supplemental jurisdiction for claims brought under parallel California law –

19 arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

20  5. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

22  6. All actions complained of herein take place within the jurisdiction of the United

23 States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.

24 § 1391(b), (c).

## IV. PARTIES

26  7. Plaintiff believes, and thereon alleges, that the Landlord Defendant owns,

27 operates, and/or leases the real property consisting of the real property and common areas of

28 the Facilities as well as the physical structures thereon (including the buildings in which each

MLF0034711

EX. 11-9

1   of the individual Tenant Defendants' Facilities is located), and consist of a person (or persons),

2   firm, or corporation. Plaintiff further believes, and thereon alleges, that the Landlord Defendant

3   leases the respective Facilities to the Tenant Defendants as follows:

4          a)     The Primos Defendant owns, operates, and/or leases the Primos Facility,

5                and leases the Primos Facility from the Landlord Defendant; and

6          b)     The Tacos Defendant owns, operates, and/or leases the Tacos Facility,

7                and leases the Tacos Facility from the Landlord Defendant.

8       8.     Plaintiff is substantially limited in his ability to walk, and must use a wheelchair

9   for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable

10   California and United States laws, and is a member of the public whose rights are protected by

11   these laws.

12                    **V.    FACTS**

13       9.     The Facilities are open to the public, intended for non-residential use, and their

14   operation affects commerce. The Facilities are therefore a public accommodation as defined by

15   applicable state and federal laws.

16       10.    Plaintiff visited the Facilities and encountered barriers (both physical and

17   intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

18   goods, services, privileges and accommodations offered at the Facilities. Plaintiff personally

19   encountered the following barriers at the Facilities during Plaintiff's visits to the Facilities on

20   or about September 29, 2013:

21          a)     The designated accessible parking at the Facility lacked proper

22                identifying signage and pavement markings, making it difficult for

23                Plaintiff to find a parking space.

24          b)     Plaintiff ultimately parked in a designated accessible parking space near

25                the Primos Facility. The pavement at and around Plaintiff's parking

26                space was cracked and uneven, which made it difficult for him to

27                transfer between his vehicle and his wheelchair and to maneuver toward

28                the building entrances.

*Moore v. A & K Partnership, et al.*
Complaint

MLF0034712

EX. 11-10

1      c)    The ramp from the parking lot to the sidewalk near Plaintiff's parking space was an improperly configured built-up curb ramp, which did not meet up with the sidewalk along the full width of the access aisle. It was difficult for Plaintiff to maneuver up the ramp and onto the sidewalk without his wheelchair rolling down the sloped edges of the ramp and into the curb.

d)    The entrance to the Primos Facility had a raised threshold, which Plaintiff was required to pop his front wheels up a few times in order to overcome.

e)    The aisles inside the Primos Facility lacked necessary wheelchair clearances, preventing Plaintiff from maneuvering freely around the store to get the merchandise he wanted for fear of knocking merchandise off the shelves or getting stuck in the aisles.

f)    The transaction counter at the Primos Facility was too high for Plaintiff to reach to sign his receipt. He was accordingly forced to sign the receipt on his lap, which was difficult.

g)    The curb ramp near the Tacos Facility was steep and difficult for Plaintiff to ascend, causing him to require assistance from his wife.

h)    The entrance to the Tacos Facility had a heavy door in addition to a raised threshold, and Plaintiff was unable to hold the door open long enough to maneuver over the threshold and into the restaurant. His wife had to hold the door open for him while he again popped his front wheels up in order to overcome the threshold.

i)    The tables at the Tacos Facility were positioned close together and there was insufficient clearance between them for Plaintiff to maneuver through. Plaintiff had to ask other patrons to move, and an employee to move a table out of the route of travel, so that he could pass by.

j)    The transaction counter at the Tacos Facility was too high for Plaintiff to

MLF0034713

EX. 11-11

1    sign his receipt on the counter and, once again, he had to sign on his lap.

2          k)    Plaintiff could not locate an accessible table at the Tacos Facility and
3               had to sit at a table that was improperly configured, preventing him from
4               pulling his wheelchair up close to the table. As a result, he had to sit at a
5               distance from the table and eat his meal from a tray on his lap, which
6               was difficult, uncomfortable and embarrassing.

7          l)    The door to the men's restroom at the Tacos Facility was heavy and
8               difficult for Plaintiff to open.

9          m)    The door to the stall in the men's restroom at the Tacos Facility was not
10              self-closing. In order to close the door behind himself, Plaintiff had to
11              maneuver around inside the stall so that he could hook the door with his
12              cane and pull it closed, which was difficult.

13         n)    The plumbing beneath the lavatory in the men's restroom at the Tacos
14              Facility was not properly insulated, causing Plaintiff to fear that he
15              would burn his legs on the pipes while washing his hands.

16       11.    The barriers identified in paragraph 10 herein are only those that Plaintiff
17   personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist
18   at the Facilities and relate to his disabilities. Plaintiff will seek to amend this Complaint once
19   such additional barriers are identified as it is Plaintiff's intention to have all barriers which
20   exist at the Facilities and relate to his disabilities removed to afford him full and equal access.

21       12. Plaintiff was, and continues to be, deterred from visiting the Facilities because
22   Plaintiff knows that the Facilities' goods, services, facilities, privileges, advantages, and
23   accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.
24   Plaintiff enjoys the goods and services offered at the Facilities, and will return to the Facilities
25   once the barriers are removed.

26       13.    Defendants knew, or should have known, that these elements and areas of the
27   Facilities were inaccessible, violate state and federal law, and interfere with (or deny) access to
28   the physically disabled. Moreover, Defendants have the financial resources to remove these

*Moore v. A & K Partnership, et al.*
Complaint

MLF0034714

EX. 11-12

1   barriers from the Facilities (without much difficulty or expense), and make the Facilities

2   accessible to the physically disabled. To date, however, Defendants refuse to either remove

3   those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

4        · 14.   At all relevant times, Defendants have possessed and enjoyed sufficient control

5   and authority to modify the Facilities to remove impediments to wheelchair access and to

6   comply with the 1991 ADA Accessibility Guidelines and/or the 2010 Standards for Accessible

7   Design. Defendants have not removed such impediments and have not modified the Facilities

8   to conform to accessibility standards. Defendants have intentionally maintained the Facilities

9   in their current condition and have intentionally refrained from altering the Facilities so that

10  they comply with the accessibility standards.

11       15.   Plaintiff further alleges that the (continued) presence of barriers at the Facilities

12  is so obvious as to establish Defendants discriminatory intent. On information and belief,

13  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

14  to relevant building standards; disregard for the building plans and permits issued for the

15  Facilities; conscientious decision to maintain the architectural layout (as it currently exists) at

16  the Facilities; decision not to remove barriers from the Facilities; and allowance that

17  Defendants' property continues to exist in its non-compliant state. Plaintiff further alleges, on

18  information and belief, that the Facilities are not in the midst of a remodel, and that the barriers

19  present at the Facilities are not isolated (or temporary) interruptions in access due to

20  maintenance or repairs.

21               **VI.   FIRST CLAIM**

22          **Americans with Disabilities Act of 1990**

23          <u>Denial of "Full and Equal" Enjoyment and Use</u>

24       16.   Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

25  this claim.

26       17.   Title III of the ADA holds as a "general rule" that no individual shall be

27  discriminated against on the basis of disability in the full and equal enjoyment (or use) of

28  goods, services, facilities, privileges, and accommodations offered by any person who owns,

*Moore v. A & K Partnership, et al.*
Complaint

MLF0034715

EX. 11-13

1  operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

2      18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

3  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

4  Facilities during each visit and each incident of deterrence.

5              Failure to Remove Architectural Barriers in an Existing Facility

6      19.    The ADA specifically prohibits failing to remove architectural barriers, which

7  are structural in nature, in existing facilities where such removal is readily achievable. 42

8  U.S.C. § 12182(b)(2)(A)(iv).

9      20.    When an entity can demonstrate that removal of a barrier is not readily

10 achievable, a failure to make goods, services, facilities, or accommodations available through

11 alternative methods is also specifically prohibited if these methods are readily achievable. Id.

12 § 12182(b)(2)(A)(v).

13     21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

14 barriers at the Facilities without much difficulty or expense, and that Defendants violated the

15 ADA by failing to remove those barriers, when it was readily achievable to do so.

16     22.    In the alternative, if it was not "readily achievable" for Defendants to remove

17 the Facilities' barriers, then Defendants violated the ADA by failing to make the required

18 services available through alternative methods, which are readily achievable.

19              Failure to Design and Construct an Accessible Facility

20     23.    Plaintiff alleges on information and belief that the Facilities were designed and

21 constructed (or both) after January 26, 1992 – independently triggering access requirements

22 under Title III of the ADA.

23     24.    The ADA also prohibits designing and constructing facilities for first occupancy

24 after January 16, 1993, that aren't readily accessible to, and usable by, individuals with

25 disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

26     25.    Here, Defendants violated the ADA by designing and constructing (or both) the

27 Facilities in a manner that was not readily accessible to the physically disabled public –

28

MLF0034716

EX. 11-14

1  including Plaintiff – when it was structurally practical to do so.[1]

2  <u>Failure to Make an Altered Facility Accessible</u>

3  26.  Plaintiff alleges on information and belief that the Facilities were modified after
4  January 26, 1992, independently triggering access requirements under the ADA.

5  27.  The ADA also requires that facilities altered in a manner that affects (or could
6  affect) its usability must be made readily accessible to individuals with disabilities to the
7  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's
8  primary function also requires making the paths of travel, bathrooms, telephones, and drinking
9  fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

10  28.  Here, Defendants altered the Facilities in a manner that violated the ADA and
11  was not readily accessible to the physically disabled public – including Plaintiff – to the
12  maximum extent feasible.

13  <u>Failure to Modify Existing Policies and Procedures</u>

14  29.  The ADA also requires reasonable modifications in policies, practices, or
15  procedures, when necessary to afford such goods, services, facilities, or accommodations to
16  individuals with disabilities, unless the entity can demonstrate that making such modifications
17  would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

18  30.  Here, Defendants violated the ADA by failing to make reasonable modifications
19  in policies, practices, or procedures at the Facilities, when these modifications were necessary
20  to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or
21  accommodations.

22  31.  Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney
23  fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

24  32.  Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants
25  violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

26

27

28

---

[1] Nothing within this complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. A & K Partnership, et al.*
Complaint

MLF0034717

EX. 11-15

## VII.   SECOND CLAIM

### Unruh Act

33.   Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.   California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.   Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.   Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.   Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.   Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of

*Moore v. A & K Partnership, et al.*
Complaint

MLF0034718

EX. 11-16

1   Government Code § 4450.

2      43.   Health and Safety Code § 19959 states, in part, that: Every existing (non-

3   exempt) public accommodation constructed prior to July 1, 1970, which is altered or

4   structurally repaired, is required to comply with this chapter.

5      44.   Plaintiff alleges the Facilities are public accommodations constructed, altered,

6   or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government

7   Code § 4450 (or both), and that the Facilities were not exempt under Health and Safety Code

8   § 19956.

9      45.   Defendants' non-compliance with these requirements at the Facilities aggrieved

10   (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

11   Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

12                     **IX.   PRAYER FOR RELIEF**

13      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

14      1.   Injunctive relief, preventive relief, or any other relief the Court deems proper.

15      2.   Declaratory relief that Defendants violated the ADA for the purposes of Unruh

16         Act damages.

17      3.   Statutory minimum damages under section 52(a) of the California Civil Code

18         according to proof.

19      4.   Attorneys' fees, litigation expense, and costs of suit.[2]

20      5.   Interest at the legal rate from the date of the filing of this action.

21      6.   For such other and further relief as the Court deems proper.

22   Dated: October 13, 2014          MOORE LAW FIRM, P.C.

23

24                          /s/ Tanya E. Moore
                            Tanya E. Moore
25                          Attorneys for Plaintiff
                            Ronald Moore
26

27

28
_____
[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. A & K Partnership, et al.*
Complaint

                     Page 10

MLF0034719

EX. 11-17

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.


Dated: October 13, 2014          /s/ Ronald Moore
                                 Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                 /s/ Tanya E. Moore
                                 Tanya E. Moore, Attorney for
                                 Plaintiff, Ronald Moore


*Moore v. A & K Partnership, et al.*
*Verification*

MLF0034720

EX. 11-18

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: __10/13/14__                    _Ronald Moore_ (signature)
                                        Ronald Moore

*Ronald Moore v. A & K Partnership (Primos Family Market, Tacos La Piedad)*

MLF0034724

EX. 11-19

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

ADA No. _____

(Facility)

1. What is the name of the Facility? _Primo Family Market_

2. When did you visit the Facility? _9/29/13_ (Date) _1140pm_ (Time)

3. What is the address of the Facility? _2717 N Hughes Fresno CA_

4. Was this your first visit to the Facility? _No_

5. How many times have you visited the Facility? _?_ If more than one visit, please list the date and time if you know it. _?_

6. What was the purpose of your visit? _Smokes_

7. Who accompanied you to the Facility? _Lynn John_

8. What car did you drive to the Facility? _mine_

9. Did you drive yourself of did you get a ride from someone else? _I drive_

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _In D/P spot_

11. Was it difficult for you to park there? _yes_

12. Why? _Sign Ramp Street_

13. How did you unload from your vehicle? _mine_

14. What side of the vehicle did you unload from? Driver or passenger? _Drive_

15. Did anyone help you to transfer onto your wheelchair? _yes John_

16. What problems did you encounter transferring onto your wheelchair?

_yes payment AM Broke up_

17. Which way did you go from the parking to the entrance of the Facility? _Up Acess to Ramp_

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

_Ramp did not line up with Acess Isle_

19. Did you encounter any problems opening the door? Describe why. _Trashold_

20. Did you have any problems inside the Facility? Describe. _yes_

MLF0034721

EX. 11-20

_All the Issle were to small to get Down_

21. What did you purchase (or what meal did you have there). Describe: _Smokes_

22. Have you used the restroom at the Facility? _No_

23. Why did you need to use the restroom? _____

24. Did you use the sink? _____

25. Any problems? _____

26. Did you use the urinal? _____

27. Did you use the toilet? _____

28. Did you use the toilet paper? _____

29. Did you use paper towels? _____

30. Did you use the soap dispenser? _____

31. Did you have any problem maneuvering inside the restroom? _____

32. Where did you sit? _N/A_

33. Was there any seating provided inside the Facility? _N/A_

34. Was it wheelchair accessible? _No_

35. Where you comfortable at the table? _N/A_

36. Did you use the counter to pay for purchase? _Yes_

37. Which counter did you use? _only one_

38. Was the counter accessible? _No Very Very Very High Had to sign receipt on my Lap_

39. Which way did you go after you left the Facility? _out to Ramp to car_

40. Any problems getting back to your vehicle? _Payment Ramp Holes_

41. Any problems transferring from your wheelchair to your vehicle? _They put chair in Car for me to many Hole it would Have fallen_

42. If you have any additional information you believe would assist us in evaluating this inquiry.

MLF0034722

EX. 11-21

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

ADA. No.

(Facility)

1. What is the name of the Facility? *Tacos La Piedad*

2. When did you visit the Facility? *7/29/13* (Date) *11:46 Am* (Time)

3. What is the address of the Facility? *2709 N Hughes Fresno Ca.*

4. Was this your first visit to the Facility? *Yes*

5. How many times have you visited the Facility? _____ If more than one visit, please list the date and time if you know it. _____

6. What was the purpose of your visit? *To Eat*

7. Who accompanied you to the Facility? *Lynn And Jhon*

8. What car did you drive to the Facility? *Mine*

9. Did you drive yourself of did you get a ride from someone else? *I Drove*

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. *In D/P spot*

11. Was it difficult for you to park there? *Yes*

12. Why? *Hole in pavement cracks everywhere.*

13. How did you unload from your vehicle? *Rear*

14. What side of the vehicle did you unload from? Driver or passenger? *Driver*

15. Did anyone help you to transfer onto your wheelchair? *Yes*

16. What problems did you encounter transferring onto your wheelchair?

*pot Hole's CRACKS*

17. Which way did you go from the parking to the entrance of the Facility? *to Access Ramp*

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe. *Ramp Very Very Steep had to have Help To get up it got stuck going up Lynn had to Help me.*

19. Did you encounter any problems opening the door? Describe why. *Door Heavy Thishold*

20. Did you have any problems inside the Facility? Describe *Yes Issles to small*

MLF0034725

EX. 11-22

people Had to move so I could get By Also when leaving they had to move tables so I could get out

**21. What did you purchase (or what meal did you have there). Describe:** Food meals

**22. Have you used the restroom at the Facility?** Yes

**23. Why did you need to use the restroom?** Had to go

**24. Did you use the sink?** Yes

**25. Any problems?** Sink not Wrapped. Bathroom Door Very Heavy Door Does not close.

**26. Did you use the urinal?**

**27. Did you use the toilet?** Yes

**28. Did you use the toilet paper?** Yes

**29. Did you use paper towels?** Yes

**30. Did you use the soap dispenser?** Yes

**31. Did you have any problem maneuvering inside the restroom?**

**32. Where did you sit?** Table

**33. Was there any seating provided inside the Facility?** Yes

**34. Was it wheelchair accessible?** No I had to seat with A platter in my lap so Food Did not go All over me.

**35. Where you comfortable at the table?** NO

**36. Did you use the counter to pay for purchase?** Yes

**37. Which counter did you use?** only one

**38. Was the counter accessible?** No Very Very High Had to sign in my lap

**39. Which way did you go after you left the Facility?** out to Ramp to car

**40. Any problems getting back to your vehicle?** Ramp pavement street Holes

**41. Any problems transferring from your wheelchair to your vehicle?** Show Hard to put chair in car for me

**42. If you have any additional information you believe would assist us in evaluating this inquiry.**

MLF0034726

EX. 11-23

# Exhibit 12

SALE RECEIPT
Storre #27425        tkc 02/06/14 18:58:39
Subway Sandwiches & Salads
1999 Taft Hwy
Bakersfield                      CA 9311
661-827-0472
Trans# 175 Clerk 49  Tania
Dwr1 TRDT 020614 Reg-ID REG-MAIN
                    Receipt # 0000000000
                  Receipt# MENU  PLU
--- ITEM --- QTY         5.00  MENU  10328
Pastrami  Gr  1  T  T  $  5.00

          SUBTOTAL $    5.00
          Sales Tx $    0.36
                      -------
TAKE-OUT **TOTAL $     5.36
CredCardAMT TEND $     5.36
                      -------
     CHANGE DUE$       0.00

http://www.subway.com for more info

    Approval No: 05537B
    Reference No: 403602215348
    Acquired: Swipe
    Account No: ************4008
    Card Issuer: Visa
    Amount: $5.36

Take our 1-minute Survey at
www.tellsubway.com and receive a free
cookie.  Keep your receipt and write
your unique coupon code
here

Host Order ID: 626-147-148755

February 24, 2014

Mr. Ronald Moore
80 N. Hughes Ave.
Clovis, CA 93612

> **RE:** **ADAI No. 01907**
> **Taft Highway Chevron/Subway (1999 Taft Highway,**
> **Bakersfield, CA)**

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF056512



# MOORE LAW FIRM
### PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

May 12, 2014

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

RE: ADAI No. 01907
AJCA 0929, LLC (Taft Highway Chevron/Subway)
*1999 Taft Highway, Bakersfield, CA*

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

*Dictated but not read.*
*Sent without signature to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

Enclosure: Fee Agreement

MLF056513

EX. 12-4

```
02/06/2014 7:52:17 PM
Register: 2 Trans #: 6444 Op ID: 8675
Your cashier: KYLE

LG BIC                            $1.79
          Subtotal =             $1.79
               Tax =             $0.13
             Total =             $1.92
        Change Due =             $0.00
                                 $1.92
Credit
XXXXXXXXXXXX4370, MASTERCARD
INVOICE E/2527627
AUTH 074732
Learn how to
EARN REWARDS
```

```
TAFT HIGHWAY CHEVRON
1999 TAFT HWY
BAKERSFIELD CA
U0209125
02/06/2014 6:59:32 PM
Register: 2 Trans #: 6443 Op ID: 8675
Your cashier: KYLE

CANDY                            $1.19
GRIZZLY                          $2.99
          Subtotal =             $4.18
               Tax =             $0.22
             Total =             $4.40
        Change Due =             $0.00
                                 $4.40
Credit
XXXXXXXXXXXX4370, MASTERCARD
INVOICE E/2527626
AUTH 017132
Learn how to
EARN REWARDS
with a Chevron
```

MLF0052752

EX. 12-5

1. What is the name of the Facility? Subway

2. When did you visit the Facility? 2/6/14 (Date) 6:50 (Time)

3. What is the address of the Facility? 1999 Taft Highway, Bakersfild, CA

4. Was this your first visit to the Facility? NO

5. How many times have you visited the Facility? ? If more than one visit, please list the date and time if you know it. ?

6. What was the purpose of your visit? Get something to eat

7. Who accompanied you to the Facility?

8. What car did you drive to the Facility? Mine

9. Did you drive yourself of did you get a ride from someone else? I Drove

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. In spot next to ramp

11. Was it difficult for you to park there? Yes

12. Why? No DP Parking

13. How did you unload from your vehicle? Rear

14. What side of the vehicle did you unload from? Driver or passenger? Driver

15. Did anyone help you to transfer onto your wheelchair? No

16. What problems did you encounter transferring onto your wheelchair?

Roadwas reelly cracked and uneven

17. Which way did you go from the parking to the entrance of the Facility? to Access Issle

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

Ramp goes into road and access isle

19. Did you encounter any problems opening the door? Describe why. yes

20. Did you have any problems inside the Facility? Describe. ~~~~~~

*could not see what I could put on my sandwich condiments to high to see*

21. What did you purchase (or what meal did you have there). Describe: A Sub Sandwich

22. Have you used the restroom at the Facility? Yes

23. Why did you need to use the restroom? had to go

24. Did you use the sink? Yes

25. Any problems? Sink High

26. Did you use the urinal? No

27. Did you use the toilet? Yes

28. Did you use the toilet paper? yes

29. Did you use paper towels? No used Dryer Very High

30. Did you use the soap dispenser?

31. Did you have any problem maneuvering inside the restroom?

32. Where did you sit? No where I could sit

33. Was there any seating provided inside the Facility? Yes

34. Was it wheelchair accessible? No

35. Where you comfortable at the table? No table I could sit at had to eat in my car

36. Did you use the counter to pay for purchase? Yes

37. Which counter did you use? Subway counter

38. Was the counter accessible? No stuff in front of counter couldn't reach to sign receipt

39. Which way did you go after you left the Facility? to the Left to Ramp

40. Any problems getting back to your vehicle? Ramp and Pavment

41. Any problems transferring from your wheelchair to your vehicle? Cracked and uneven

42. If you have any additional information you believe would assist us in evaluating this inquiry.

MLF0037468

EX. 12-7

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

ADAI No.

(Facility)

1. What is the name of the Facility? _Taft Highway Chevron_

2. When did you visit the Facility? _2/6/14_ (Date) _6:59_ (Time)

3. What is the address of the Facility? _1999 Taft Highway Bakersfield, CA_

4. Was this your first visit to the Facility? _NO_

5. How many times have you visited the Facility? _?_ If more than one visit, please list the date and time if you know it. _?_

6. What was the purpose of your visit? _Cheer_

7. Who accompanied you to the Facility? _____

8. What car did you drive to the Facility? _Mine_

9. Did you drive yourself of did you get a ride from someone else? _I Drove_

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _In spot next to ramp_

11. Was it difficult for you to park there? _Yes_

12. Why? _NO DP Parking_

13. How did you unload from your vehicle? _Rear_

14. What side of the vehicle did you unload from? Driver or passenger? _Driver_

15. Did anyone help you to transfer onto your wheelchair? _NO_

16. What problems did you encounter transferring onto your wheelchair?

_Road was really cracked and uneven_

17. Which way did you go from the parking to the entrance of the Facility? _In Access isle_

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

_Ramp goes into road and access isle_

19. Did you encounter any problems opening the door? Describe why. _Yes_

20. Did you have any problems inside the Facility? Describe. _Yes Drinks to high_

MLF0037469

EX. 12-8

and hot food was I couldn't see it so I hard to

go to Subway to get something to eat

21. What did you purchase (or what meal did you have there). Describe: Soda, candy and

Chew

22. Have you used the restroom at the Facility? Yes

23. Why did you need to use the restroom? had to go

24. Did you use the sink? Yes

25. Any problems? Sink was high

26. Did you use the urinal? NO

27. Did you use the toilet? Yes

28. Did you use the toilet paper? Yes

29. Did you use paper towels? No used air dryer and it was very high

30. Did you use the soap dispenser? Yes

31. Did you have any problem maneuvering inside the restroom? Yes door didn't close and neither did the stall door

32. Where did you sit? N/A

33. Was there any seating provided inside the Facility? N/A

34. Was it wheelchair accessible? NO

35. Where you comfortable at the table? N/A

36. Did you use the counter to pay for purchase? Yes

37. Which counter did you use?

38. Was the counter accessible? No had to sign receipt in my lap because I couldn't reach counter

39. Which way did you go after you left the Facility? to the Left to Ramp

40. Any problems getting back to your vehicle? Ramp and pavement

41. Any problems transferring from your wheelchair to your vehicle? Cracked and uneven

42. If you have any additional information you believe would assist us in evaluating this inquiry.

MLF0037470

EX. 12-9

**BARRIER MEMO**

ADAI No. :       01907

Case Name:      Moore v. Subway/Taft Highway Chevron

Address:        1999 Taft Highway, Bakersfield

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| No designated accessible parking | Plaintiff was unable to find a designated accessible parking space. He parked in a space near the ramp, and the surface of the parking space was cracked and uneven, making it difficult for him to transfer. | **Yes, there is a parking space designated only by an ISA on the ground next to the ramp.** |
| Built up curb ramp | The ramp was an improperly configured built up curb ramp, and Plaintiff feared that his wheelchair would roll off the sloped sides of the ramp. | **Yes, it is a built up curb ramp** |
| Chevron - Drinks and hot food too high | Plaintiff wanted to purchase food and drink at Chevron, but the drinks and hot food were too high for him to reach. He was forced to go to Subway to get his meal. | Yes |
| Restroom sink high | The lavatory in the restroom was high and difficult for Plaintiff to reach to wash his hands. | **No** |
| Air dryer in restroom high | The hand dryer in the restroom was high and it was difficult for Plaintiff to use. | Yes |
| Stall door not self-closing | The stall door in the restroom was not self-closing and it was difficult for Plaintiff to close the door himself. | Yes |
| Chevron – counter high | The transaction counter at the Chevron was too high, and Plaintiff was forced to sign his receipt on his lap. | No |
| Subway – Could not see sandwich items | The service counter at Subway was too high and it obstructed Plaintiff's view of the sandwich ingredients. | It was and they have a very tiny (18 inches or less) area available for transactions at the transaction counter |
| Subway – no accessible table | Plaintiff was unable to find an accessible table at the Subway and was forced to eat in his car. | Yes |

1

MLF0037435

EX. 12-10

| | | |
|---|---|---|
| Subway – counter obstructed | The transaction counter at Subway was obstructed by items in front of the counter and Plaintiff could not reach to sign his receipt. | Yes |

MLF0037436

EX. 12-11



# MOORE LAW FIRM
### PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

May 12, 2014

**K. RANDOLPH MOORE**
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

    RE:    ADAI No.    01907
                *AJCA 0929, LLC (Taft Highway Chevron/Subway)*
                *1999 Taft Highway, Bakersfield, CA*

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

*Dictated but not read.*
*Sent without signature to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

Enclosure: Fee Agreement

MLF056513

EX. 12-12

1   Tanya E. Moore, SBN 206683
    MOORE LAW FIRM, P.C.
2   332 North Second Street
    San Jose, California 95112
3   Telephone (408) 298-2000
    Facsimile (408) 298-6046
4   E-mail:  tanya@moorelawfirm.com

5   Attorneys for Plaintiff
    Ronald Moore

6

7

8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  RONALD MOORE, | ) No. |
| 12         Plaintiff, | ) **COMPLAINT ASSERTING DENIAL OF** |
| 13     vs. | ) **RIGHT OF ACCESS UNDER**<br>) **AMERICANS WITH DISABILITIES ACT** |
| 14  AJCA 0929, LLC; PEK CC, INC. dba TAFT | ) **FOR INJUNCTIVE RELIEF,** |
| 15  HWY CHEVRON; CHEVRON U.S.A. INC.<br>    dba CHEVRON STATION #209125; | ) **DECLARATORY RELIEF, DAMAGES,**<br>) **ATTORNEYS' FEES AND COSTS (ADA)** |
| 16  RAVINDER DHALIWAL dba SUBWAY<br>    #27425; | )<br>) |
| 17 | )<br>) |
| 18        Defendants. | )<br>) |

19

20                      **I.  SUMMARY**

21       1.     This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

22  discrimination at the building, structure, facility, complex, property, land, development,

23  and/or surrounding business complex known as:

24          a)    Taft Hwy Chevron/Chevron Station #209125
               1999 Taft Highway
25               Bakersfield, CA 93313
               (hereafter "the Chevron Facility")
26

27          b)    Subway #27425
               1999 Taft Highway
28               Bakersfield, CA 93313
               (hereafter "the Subway Facility")

*Moore v. AJCA 0929, LLC, et al.*
Complaint

MLF0037471

EX. 12-13

1       Each of the facilities identified above shall be collectively hereafter referred to as

2 "the Facilities."

3       2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

4 costs, pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.)

5 ("ADA") and related California statutes, against:

6          a)    AJCA 0929, LLC (hereinafter "the Landlord Defendant");

7          b)    PEK CC, INC. dba TAFT HWY CHEVRON; CHEVRON U.S.A.

8                 INC. dba CHEVRON STATION #209125 (hereinafter collectively

9                 "the Chevron Defendants"); and

10        c)    RAVINDER DHALIWAL dba SUBWAY #27425 (hereinafter "the

11                 Subway Defendant").

12       The Chevron Defendants and the Subway Defendant are collectively referred to

13 herein as "the Tenant Defendants," and together with the Landlord Defendant, collectively

14 the "Defendants."

## II.    JURISDICTION

16       3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for

17 ADA claims.

18       4.    Supplemental jurisdiction for claims brought under parallel California law –

19 arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

20       5.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.    VENUE

22       6.    All actions complained of herein take place within the jurisdiction of the

23 United States District Court, Eastern District of California, and venue is invoked pursuant to

24 28 U.S.C. § 1391(b), (c).

## IV.    PARTIES

26       7.    Plaintiff believes, and thereon alleges, that the Landlord Defendant owns,

27 operates, and/or leases the real property consisting of the real property and common areas of

28 the Facilities as well as the physical structures thereon (including the buildings in which each

*Moore v. AJCA 0929, LLC, et al.*
Complaint

MLF0037472

EX. 12-14

1  of the individual Tenant Defendants' Facilities is located), and consists of a person (or

2  persons), firm, or corporation. Plaintiff further believes, and thereon alleges, that the

3  Landlord Defendant leases the respective Facilities to the Tenant Defendants as follows:

a)   The Chevron Defendants own, operate, and/or lease the Chevron

Facility, and leases the Chevron Facility from the Landlord Defendant;

and

b)   The Subway Defendant owns, operates, and/or leases the Subway

Facility, and leases the Subway Facility from the Landlord Defendant.

8.   Plaintiff requires the use of a wheelchair when traveling about in public.

Consequently, Plaintiff is "physically disabled," as defined by all applicable California and

United States laws, and is a member of the public whose rights are protected by these laws.

## V.   FACTS

9.   The Facilities are public accommodations, open to the public, which are

intended for nonresidential use and whose operation affects commerce.

10.   Plaintiff visited the Facilities on or about February 6, 2014 and

encountered barriers (both physical and intangible) that interfered with, if not outright

denied, Plaintiff's ability to use and enjoy the goods, services, privileges and

accommodations offered at the Facilities.   Plaintiff personally encountered the following

barriers at the Facilities during Plaintiff's visits to the Facilities:

a)   Plaintiff was unable to locate a designated accessible parking space at

the Facilities. He parked in a space near the ramp from the parking lot

to the sidewalk leading to the entrances of the Facilities. The pavement

at Plaintiff's parking space was cracked, creating an uneven surface

which made it difficult to transfer between his vehicle and his

wheelchair.

b)   The ramp to the sidewalk was an improperly configured built-up curb

ramp, and Plaintiff feared that his wheelchair would roll off the sloped

sides of the ramp.

*Moore v. AJCA 0929, LLC, et al.*
Complaint

Page 3

MLF0037473

EX. 12-15

    c)    Plaintiff initially visited the Chevron Facility and wanted to purchase food and drink there; however, the drinks and hot food were too high for him to reach. He was forced to go to the Subway Facility to purchase his meal instead.

    d)    The stall door in the men's restroom was not self-closing. It was difficult for Plaintiff to maneuver inside the stall to close the door behind him.

    e)    The hand dryer in the men's restroom was positioned too high, making it difficult for Plaintiff to dry his hands after washing them.

    f)    The service counter at the Subway Facility was too high, obstructing Plaintiff's view of the sandwich ingredients. It was difficult for Plaintiff to order his sandwich with the toppings he wanted because he couldn't see the various items offered.

    g)    The transaction counter at the Subway Facility was improperly configured and items in front of the counter obstructed Plaintiff's approach, preventing him from reaching the counter to sign his receipt.

    h)    Plaintiff was unable to find an accessible table at the Subway Facility. Without a place to sit and eat inside, he was forced to take his sandwich back to his vehicle and eat it there.

11.    The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facilities and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facilities and relate to his disabilities removed to afford him full and equal access.

12.    Plaintiff was, and continues to be, deterred from visiting the Facilities because Plaintiff knows that the Facilities' goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

*Moore v. AJCA 0929, LLC, et al.*
Complaint

MLF0037474

EX. 12-16

1  Plaintiff enjoys the goods and services offered at the Facilities, and will return to the

2  Facilities once the barriers are removed.

3      13.   Defendants knew, or should have known, that these elements and areas of the

4  Facilities were inaccessible, violate state and federal law, and interfere with (or deny) access

5  to the physically disabled.  Moreover, Defendants have the financial resources to remove

6  these barriers from the Facilities (without much difficulty or expense), and make the

7  Facilities accessible to the physically disabled.  To date, however, Defendants refuse to either

8  remove those barriers or seek an unreasonable hardship exemption to excuse non-

9  compliance.

10     14.   At all relevant times, Defendants have possessed and enjoyed sufficient

11  control and authority to modify the Facilities to remove impediments to wheelchair access

12  and to comply with the 2010 Standards for Accessible Design and the California Code of

13  Regulations Title 24.  Defendants have not removed such impediments and have not

14  modified the Facilities to conform to accessibility standards.  Defendants have intentionally

15  maintained the Facilities in their current condition and have intentionally refrained from

16  altering the Facilities so that they comply with the accessibility standards.

17     15.   Plaintiff further alleges that the (continued) presence of barriers at the

18  Facilities is so obvious as to establish Defendants discriminatory intent.  On information and

19  belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal

20  to adhere to relevant building standards; disregard for the building plans and permits issued

21  for the Facilities; conscientious decision to maintain the architectural layout (as it currently

22  exists) at the Facilities; decision not to remove barriers from the Facilities; and allowance

23  that Defendants' property continues to exist in its non-compliance state.  Plaintiff further

24  alleges, on information and belief, that the Facilities are not in the midst of a remodel, and

25  that the barriers present at the Facilities are not isolated (or temporary) interruptions in access

26  due to maintenance or repairs.

27  ///

28  ///

*Moore v. AJCA 0929, LLC, et al.*
Complaint

Page 5

MLF0037475

EX. 12-17

## VI.   FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

16.   Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.   Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facilities during each visit and each incident of deterrence.

#### Failure to Remove Architectural Barriers in an Existing Facility

19.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.   Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facilities without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.   In the alternative, if it was not "readily achievable" for Defendants to remove the Facilities' barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

#### Failure to Design and Construct an Accessible Facility

23.   Plaintiff alleges on information and belief that the Facilities were designed

*Moore v. AJCA 0929, LLC, et al.*
Complaint

MLF0037476

EX. 12-18

1  and constructed (or both) after January 26, 1992 – independently triggering access

2  requirements under Title III of the ADA.

3       24.    The ADA also prohibits designing and constructing facilities for first

4  occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

5  with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).

6       25.    Here, Defendants violated the ADA by designing and constructing (or both)

7  the Facilities in a manner that was not readily accessible to the physically disabled public –

8  including Plaintiff – when it was structurally practical to do so.[1]

9                    Failure to Make an Altered Facility Accessible

10      26.    Plaintiff alleges on information and belief that the Facilities were modified

11  after January 26, 1992, independently triggering access requirements under the ADA.

12      27.    The ADA also requires that facilities altered in a manner that affects (or could

13  affect) its usability must be made readily accessible to individuals with disabilities to the

14  maximum extent feasible.  42 U.S.C. § 12183(a)(2).  Altering an area that contains a

15  facility's primary function also requires making the paths of travel, bathrooms, telephones,

16  and drinking fountains serving that area accessible to the maximum extent feasible. Id.

17      28.    Here, Defendants altered the Facilities in a manner that violated the ADA and

18  was not readily accessible to the physically disabled public – including Plaintiff – to the

19  maximum extent feasible.

20                  Failure to Modify Existing Policies and Procedures

21      29.    The ADA also requires reasonable modifications in policies, practices, or

22  procedures, when necessary to afford such goods, services, facilities, or accommodations to

23  individuals with disabilities, unless the entity can demonstrate that making such

24  modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

25      30.    Here, Defendants violated the ADA by failing to make reasonable

26  modifications in policies, practices, or procedures at the Facilities, when these modifications

27  were necessary to afford (and would not fundamentally alter the nature of) these goods,

28

*Moore v. AJCA 0929, LLC, et al.*
Complaint

Page 7

MLF0037477

EX. 12-19

1   services, facilities, or accommodations.

2        31.   Plaintiff seeks all relief available under the ADA (i.e., injunctive relief,

3   attorneys' fees, costs, legal expense) for these aforementioned violations.   42 U.S.C. §

4   12205.

5        32.   Plaintiff seeks a finding from this Court (i.e., declaratory relief) that

6   Defendants violated the ADA in order to pursue damages under California's Unruh Civil

7   Rights Act.

8              **VII.   SECOND CLAIM**

9                 **Unruh Act**

10       33.   Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for

11   this claim.

12       34.   California Civil Code § 51 states, in part, that:   All persons within the

13   jurisdiction of this state are entitled to the full and equal accommodations, advantages,

14   facilities, privileges, or services in all business establishments of every kind whatsoever.

15       35.   California Civil Code § 51.5 also states, in part that:   No business

16   establishment of any kind whatsoever shall discriminate against any person in this state

17   because of the disability of the person.

18       36.   California Civil Code § 51(f) specifically incorporates (by reference) an

19   individual's rights under the ADA into the Unruh Act.

20       37.   Defendants' aforementioned acts and omissions denied the physically

21   disabled public – including Plaintiff – full and equal accommodations, advantages, facilities,

22   privileges and services in a business establishment (because of their physical disability).

23       38.   These acts and omissions (including the ones that violate the ADA) denied,

24   aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

25       39.   Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

26   minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

27       40.   Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

28

---

[1] Nothing within this complaint should be construed as an allegation that Plaintiff is bringing this action as a

*Moore v. AJCA 0929, LLC, et al.*
Complaint

Page 8

1  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

2  § 52(a).

### VIII. THIRD CLAIM

#### Denial of Full and Equal Access to Public Facilities

41.     Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.     Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

43.     Health and Safety Code § 19959 states, in part, that:  Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

44.     Plaintiff alleges the Facilities are public accommodations constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facilities were not exempt under Health and Safety Code § 19956.

45.     Defendants' non-compliance with these requirements at the Facilities aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

### IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3.     Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

---

private attorney general under either state or federal statutes.

*Moore v. AJCA 0929, LLC, et al.*
Complaint

MLF0037479

EX. 12-21

1      4.      Attorneys' fees, litigation expense, and costs of suit.[2]

2      5.      Interest at the legal rate from the date of the filing of this action.

3      6.      For such other and further relief as the Court deems proper.

Dated: May 9, 2014                  MOORE LAW FIRM, P.C.

                                          */s/ Tanya E. Moore*
                                          Tanya E. Moore
                                          Attorneys for Plaintiff
                                          Ronald Moore

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. AJCA 0929, LLC, et al.*
Complaint

MLF0037480

EX. 12-22

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:__May 9, 2014____          _/s/ Ronald Moore____
                                 Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                        /s/ Tanya E. Moore_____
                        Tanya E. Moore, Attorney for
                        Plaintiff, Ronald Moore

*Moore v. AJCA 0929, LLC, et al.*
*Verification*

MLF0037481

EX. 12-23

# Exhibit 13

STAR MINI MART
4306 N BLACKSTONE AVE
FRESNO, CA 93726

02/05/2014                    14:21:15
MID: 000000003465157    TID: 05258822
329345768991

CREDIT CARD

VISA SALE

CARD #              XXXXXXXXXXXX4008
INVOICE                        0023
Batch #:                     000236
Approval Code:               03491B
Entry Method:                Swiped
Mode:                        Online

SALE AMOUNT              $52.94

THANK YOU FOR YOUR BUSINESS!

CUSTOMER COPY

MLF0037059

EX. 13-2

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE
ADAI No.
(Facility)

1. What is the name of the Facility? 1 Star Mini Mart

2. When did you visit the Facility? 2/5/14 (Date) 2:20 (Time)

3. What is the address of the Facility? 4206 N. Blackstone Ave. Fresno Cali.

4. Was this your first visit to the Facility? No

5. How many times have you visited the Facility? ? If more than one visit, please list the date and time if you know it. ?

6. What was the purpose of your visit? Gas and drinks

7. Who accompanied you to the Facility? Grandson Ronny

8. What car did you drive to the Facility? Mine

9. Did you drive yourself of did you get a ride from someone else? I Drove

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. in DP Parking

11. Was it difficult for you to park there? Not Really

12. Why?

13. How did you unload from your vehicle? Rear

14. What side of the vehicle did you unload from? Driver or passenger? Driver

15. Did anyone help you to transfer onto your wheelchair? Grandson Ronny

16. What problems did you encounter transferring onto your wheelchair?
Road was uneven

17. Which way did you go from the parking to the entrance of the Facility? Up ramp to door

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.
No route of travel ramp goes into street and is steep

19. Did you encounter any problems opening the door? Describe why. Door heavy high threshold

20. Did you have any problems inside the Facility? Describe. Yes could only fit down one isle

MLF0037056

EX. 13-3

Drinks were too low to reach couldn't fit threw most isles

21. What did you purchase (or what meal did you have there). Describe: Drinks and gas

22. Have you used the restroom at the Facility? Yes

23. Why did you need to use the restroom? had to go

24. Did you use the sink? Yes

25. Any problems? too high

26. Did you use the urinal? NO

27. Did you use the toilet? Yes

28. Did you use the toilet paper? Yes & seat covers out of reach

29. Did you use paper towels? Yes

30. Did you use the soap dispenser? Yes

31. Did you have any problem maneuvering inside the restroom? Yes Not Much

32. Where did you sit? N/A

33. Was there any seating provided inside the Facility? N/A

34. Was it wheelchair accessible? NO

35. Where you comfortable at the table? N/A

36. Did you use the counter to pay for purchase? Yes

37. Which counter did you use? Only one For gas station

38. Was the counter accessible? No Couldn't reach had to sign receipt in my lap on my wallet

39. Which way did you go after you left the Facility? Down ramp towards car

40. Any problems getting back to your vehicle? Yes ramp is steep

41. Any problems transferring from your wheelchair to your vehicle? Not Much grandson brought me to my door

42. If you have any additional information you believe would assist us in evaluating this inquiry.

MLF0037057

EX. 13-4

February 18, 2014

Mr. Ronald Moore
80 N. Hughes Ave.
Clovis, CA 93612

RE:    **ADAI No. 1899**
        **#1 Star Mini Mart (4206 N. Blackstone Ave., Fresno,
        CA 93726)**

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding
potentially filing a lawsuit on your behalf against the above-referenced facility
along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of
action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF0037058

EX. 13-5

ADAI No. :    01899

Case Name:    Moore v. #1 Star Mini Mart

Address:    4206 N. Blackstone Ave, Fresno

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Route through parking lot uneven | Plaintiff parked in the designated accessible parking space. The surface of the parking lot along the route from the parking space toward the entrance was uneven, which made it difficult for Plaintiff to maneuver. | Yes, the built up ramp in the parking space brand new one. |
| Built-up curb ramp; steep | The curb ramp from the parking lot to the sidewalk leading to the entrance of the Facility was an improperly configured built-up curb ramp, which was steep and difficult for Plaintiff to maneuver his wheelchair up and down. | Yes, no edges, not protected, warped surface; looks steep |
| Door heavy; raised threshold | The entry door was heavy and had a raised threshold. It was difficult for Plaintiff to maneuver his wheelchair over the threshold while holding the heavy door open. | Possible, but I think his problem was also struggling with the rugs in front the of the entrance on both sides |
| Aisles narrow | The aisles within the Facility lacked necessary wheelchair clearances, making it difficult for Plaintiff to maneuver around the store. He could only fit his wheelchair down one of the aisles. | I did not see that as a problem |
| Drinks too low | The drinks in the refrigerator were too low for Plaintiff to reach. | What? Why is that a problem? Do not include |
| Lavatory in restroom too high | The lavatory in the restroom was too high, making it difficult for Plaintiff to reach up to wash his hands. | Probably high, but the main problem configuration of the lavatory not allowing access to it and approach to it obstructed by a |

1

MLF0037025

EX. 13-6

| | large cabinet |
|---|---|
| Toilet seat covers out of reach | The toilet seat covers in the restroom were positioned out of Plaintiff's reach, preventing him from using them. | Yes |
| Counter too high | The transaction counter was too high for Plaintiff to reach up to sign his receipt on the counter. He was forced to sign his receipt in his lap. | Did not see that. |

2

MLF0037026

EX. 13-7



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

July 2, 2014

**K. RANDOLPH MOORE**
ESQUIRE
AND FOUNDER

*Tanya E. Moore*
*Attorney at Law*

*Marejka Sacks*
*Paralegal*

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

RE:   **ADAI No.      01899**
      **Albashah (#1 Star Mini Mart)**
      *4206 N. Blackstone Ave., Fresno, CA 93726*

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records.  Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

*Dictated but not read.*
*Sent without signature to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

Enclosure:  Fee Agreement

MLF0037038

EX. 13-8

Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: tanya@moorelawfirm.com

Attorneys for Plaintiff
Ronald Moore

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE, | No. |
| Plaintiff, | **COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |
| vs. | |
| AHMED ALBASHAH dba 1 STAR MINI MART; ANDRE TORIGIAN, Trustee of the TAKOOHI AND ANDRE TORIGIAN TRUST; TAKOOHI TORIGIAN, Trustee of the TAKOOHI AND ANDRE TORIGIAN TRUST; | |
| Defendants. | |

## I. SUMMARY

1.     This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> 1 Star Mini Mart
> 4206 North Blackstone Avenue
> Fresno, CA 93726
> (hereafter "the Facility")

2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against AHMED ALBASHAH dba 1 STAR MINI MART; ANDRE TORIGIAN,

MLF0037047

EX. 13-9

1   Trustee of the TAKOOHI AND ANDRE TORIGIAN TRUST; and TAKOOHI TORIGIAN,

2   Trustee of the TAKOOHI AND ANDRE TORIGIAN TRUST (hereinafter collectively referred

3   to as "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C.

4   §§ 12101 et seq.) ("ADA") and related California statutes.

## II.   JURISDICTION

6   3.   This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

7   claims.

8   4.   Supplemental jurisdiction for claims brought under parallel California law –

9   arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

10   5.   Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

12   6.   All actions complained of herein take place within the jurisdiction of the United

13   States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.

14   § 1391(b), (c).

## IV.   PARTIES

16   7.   Defendants own, operate, and/or lease the Facility, and consist of a person (or

17   persons), firm, and/or corporation.

18   8.   Plaintiff requires the use of a wheelchair when traveling about in public.

19   Consequently, Plaintiff is "physically disabled," as defined by all applicable California and

20   United States laws, and a member of the public whose rights are protected by these laws.

## V.   FACTS

22   9.   The Facility is a public accommodation facility, open to the public, which is

23   intended for nonresidential use and whose operation affects commerce.

24   10.   Plaintiff visited the Facility and encountered barriers (both physical and

25   intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

26   goods, services, privileges and accommodations offered at the Facility. Plaintiff personally

27   encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

28   about February 5, 2014:

*Moore v. Albashah, et al.*
Complaint

MLF0037048

a)     Plaintiff parked in the designated accessible parking space at the Facility. The parking space and access aisle had a cracked and uneven surface, which made it difficult for Plaintiff to maneuver toward the ramp.

b)     The ramp from the parking lot to the sidewalk leading to the entrance of the Facility was an improperly configured built-up curb ramp, which was steep and located within the access aisle. It was difficult for Plaintiff to maneuver his wheelchair up and down the steep ramp and he feared that his wheelchair would roll off the sloped edges.

c)     The entry door was heavy and had a raised threshold, with loose floor mats positioned at the landings. It was difficult for Plaintiff to maneuver into the entrance while holding the heavy door open.

d)     The lavatory in the restroom was improperly configured and lacked proper clear space in front of it, which made it hard for Plaintiff to reach the faucet handles.

e)     The toilet seat covers in the restroom were positioned out of Plaintiff's reach, which prevented him from using them.

11.     The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12.     Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

13.     Defendants knew, or should have known, that these elements and areas of the

*Moore v. Albashah, et al.*
Complaint

MLF0037049

EX. 13-11

1  Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to
2  the physically disabled. Moreover, Defendants have the financial resources to remove these
3  barriers from the Facility (without much difficulty or expense), and make the Facility
4  accessible to the physically disabled. To date, however, Defendants refuse to either remove
5  those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

6      14.    At all relevant times, Defendants have possessed and enjoyed sufficient control
7  and authority to modify the Facility to remove impediments to wheelchair access and to
8  comply with the 2010 Standards for Accessible Design and the California Code of Regulations
9  Title 24. Defendants have not removed such impediments and have not modified the Facility to
10 conform to accessibility standards. Defendants have intentionally maintained the Facility in its
11 current condition and have intentionally refrained from altering the Facility so that it complies
12 with the accessibility standards.

13     15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility is
14 so obvious as to establish Defendants' discriminatory intent. On information and belief,
15 Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere
16 to relevant building standards; disregard for the building plans and permits issued for the
17 Facility; conscientious decision to maintain the architectural layout (as it currently exists) at
18 the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'
19 property continues to exist in its non-compliant state. Plaintiff further alleges, on information
20 and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the
21 Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

22                 **VI.    FIRST CLAIM**
23             **Americans with Disabilities Act of 1990**
24             <u>Denial of "Full and Equal" Enjoyment and Use</u>

25     16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for
26 this claim.

27     17.    Title III of the ADA holds as a "general rule" that no individual shall be
28 discriminated against on the basis of disability in the full and equal enjoyment (or use) of

MLF0037050

EX. 13-12

1   goods, services, facilities, privileges, and accommodations offered by any person who owns,

2   operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

3       18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

4   enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

5   Facility during each visit and each incident of deterrence.

6                Failure to Remove Architectural Barriers in an Existing Facility

7       19.    The ADA specifically prohibits failing to remove architectural barriers, which

8   are structural in nature, in existing facilities where such removal is readily achievable. 42

9   U.S.C. § 12182(b)(2)(A)(iv).

10       20.    When an entity can demonstrate that removal of a barrier is not readily

11   achievable, a failure to make goods, services, facilities, or accommodations available through

12   alternative methods is also specifically prohibited if these methods are readily achievable. Id.

13   § 12182(b)(2)(A)(v).

14       21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

15   barriers at the Facility without much difficulty or expense, and that Defendants violated the

16   ADA by failing to remove those barriers, when it was readily achievable to do so.

17       22.    In the alternative, if it was not "readily achievable" for Defendants to remove

18   the Facility's barriers, then Defendants violated the ADA by failing to make the required

19   services available through alternative methods, which are readily achievable.

20                Failure to Design and Construct an Accessible Facility

21       23.    Plaintiff alleges on information and belief that the Facility was designed and

22   constructed (or both) after January 26, 1992 – independently triggering access requirements

23   under Title III of the ADA.

24       24.    The ADA also prohibits designing and constructing facilities for first occupancy

25   after January 16, 1993, that aren't readily accessible to, and usable by, individuals with

26   disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

27       25.    Here, Defendants violated the ADA by designing and constructing (or both) the

28   Facility in a manner that was not readily accessible to the physically disabled public –

*Moore v. Albashah, et al.*
Complaint

Page 5

MLF0037051

1  including Plaintiff – when it was structurally practical to do so.[1]

2  <u>Failure to Make an Altered Facility Accessible</u>

3      26.    Plaintiff alleges on information and belief that the Facility was modified after

4  January 26, 1992, independently triggering access requirements under the ADA.

5      27.    The ADA also requires that facilities altered in a manner that affects (or could

6  affect) its usability must be made readily accessible to individuals with disabilities to the

7  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's

8  primary function also requires making the paths of travel, bathrooms, telephones, and drinking

9  fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

10     28.    Here, Defendants altered the Facility in a manner that violated the ADA and

11  was not readily accessible to the physically disabled public – including Plaintiff – to the

12  maximum extent feasible.

13  <u>Failure to Modify Existing Policies and Procedures</u>

14     29.    The ADA also requires reasonable modifications in policies, practices, or

15  procedures, when necessary to afford such goods, services, facilities, or accommodations to

16  individuals with disabilities, unless the entity can demonstrate that making such modifications

17  would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

18     30.    Here, Defendants violated the ADA by failing to make reasonable modifications

19  in policies, practices, or procedures at the Facility, when these modifications were necessary to

20  afford (and would not fundamentally alter the nature of) these goods, services, facilities, or

21  accommodations.

22     31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney

23  fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

24     32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants

25  violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

26

27

28

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. Albashah, et al.*
Complaint
Page 6

MLF0037052

EX. 13-14

### VII.   SECOND CLAIM

#### Unruh Act

33.     Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.     California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.     California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.     Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.     Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### VIII. THIRD CLAIM

#### Denial of Full and Equal Access to Public Facilities

41.     Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.     Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of

*Moore v. Albashah, et al.*
Complaint

MLF0037053

EX. 13-15

1   Government Code § 4450.

2       43.    Health and Safety Code § 19959 states, in part, that: Every existing (non-

3   exempt) public accommodation constructed prior to July 1, 1970, which is altered or

4   structurally repaired, is required to comply with this chapter.

5       44.    Plaintiff alleges the Facility is a public accommodation constructed, altered, or

6   repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code

7   § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

8       45.    Defendants' non-compliance with these requirements at the Facility aggrieved

9   (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

10  Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

11                      **IX.    PRAYER FOR RELIEF**

12      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

13      1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

14      2.    Declaratory relief that Defendants violated the ADA for the purposes of Unruh

15            Act damages.

16      3.    Statutory minimum damages under section 52(a) of the California Civil Code

17            according to proof.

18      4.    Attorneys' fees, litigation expense, and costs of suit.[2]

19      5.    Interest at the legal rate from the date of the filing of this action.

20      6.    For such other and further relief as the Court deems proper.

21

22  Dated: June 20, 2014              MOORE LAW FIRM, P.C.

23                            /s/ Tanya E. Moore

24                            Tanya E. Moore

25                            Attorneys for Plaintiff
                              Ronald Moore

26

27

28

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Albashah, et al.*
Complaint

MLF0037054

EX. 13-16

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.


Dated:____June 20, 2014_____            */s/ Ronald Moore*_____
                                         Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                         */s/ Tanya E. Moore*_____
                                         Tanya E. Moore, Attorney for
                                         Plaintiff, Ronald Moore

*Ronald Moore v. Ahmed Albashah, et al.*

MLF0037055

EX. 13-17

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 6/20/14                              _Ronald Moore_
                                            Ronald Moore

*Ronald Moore v. Ahmed Albashah, et al.*

MLF0037060

EX. 13-18

# MOORE LAW FIRM, PROFESSIONAL CORPORATION
**332 N. Second Street**
**San Jose, CA 95112**
**(408) 298-2000**

    I hereby agree that the Moore Law Firm, PC has my permission to execute any kind of settlement agreement and/or endorse any settlement check or document in connection with my Americans with Disabilities Act Lawsuit against **Albashah (#1 Star Mini Mart).**

DATE: _____

        _____

        CLIENT'S SIGNATURE- RONALD MOORE

        _____

        ADDRESS

        _____

        CITY

        _____

        TELEPHONE

DATE:_____

        MOORE LAW FIRM, PC
        ATTORNEY FOR RONALD MOORE

MLF0037039

*CIVIL RIGHTS LAWSUIT FEE AGREEMENT*

---

## MOORE LAW FIRM, PROFESSIONAL CORPORATION

**332 N. Second Street**
**San Jose, CA 95112**
**(408) 298-2000**

THIS AGREEMENT, made this _____ at **San Jose, CA**, by and between <u>Ronald Moore</u>, hereinafter designated as "Client," and **the Moore Law Firm, PC**, hereinafter designated as "Attorney," witnesseth:

In consideration of all services rendered by Attorney to Client, Client retains Attorney to represent him/her as his/her attorney at law in the case against ***Albashah (#1 Star Mini Mart)*** and whosoever may be liable. No tort action shall be filed for emotional distress (unless otherwise agreed).

PARAGRAPH 1. ATTORNEY TAKES ALL STEPS NECESSARY: Client empowers Attorney to take all steps the Attorney deems advisable to institute appropriate legal proceedings and resolve Client's claims.

PARAGRAPH 2. COOPERATION: Client agrees to cooperate fully throughout litigation and immediately notify Attorney of any changes in address, phone number, or employment. If Client fails to cooperate and Attorney withdraws from the case, the lien provisions of Paragraph 6 will apply.

### FEE ARRANGEMENTS

PARAGRAPH 3(a). CONTINGENCY FEE ARRANGEMENTS: If the Client doesn't recover, or fees are not awarded to the Attorney, no fee will be charged to the Client. In any contingency fee agreement, the fee is not set by law, but is negotiable between Attorney and Client unless the claim is subject to Business and Professions Code Section 6146, (i.e. an action filed on behalf of a minor where the fee which in contingent upon court approval.) In any event, any fee that requires court approval will be the fee that controls this agreement.

MLF0037040

PARAGRAPH 3(b). PURPOSE OF THE CIVIL RIGHTS ACTION: Client understands and acknowledges that in civil rights actions, this action's primary purpose is to enforce Client's civil rights through injunctive relief. Injunctive relief does not entitle the claimant/client to any monetary recovery and separate claims for tort or personal injury actions will not be filed. Emotional distress and personal injury claims will be incorporated, wherein appropriate, in claims for discrimination, but not set forth as an independent and separate claim. As noted, some claims may include personal injury and statutory violations. Civil rights actions alleging discrimination, *vis-à-vis*, emotional distress and personal injury, seek compensatory damages (money) that may be significantly less than the hourly attorneys' fees generated.

PARAGRAPH 3( c ). NO GUARANTEES: Attorney cannot guarantee that the Client will receive a monetary recovery.

PARAGRAPH 3 (d)(i). PREVAILING PARTY: If the Client is prevailing party, (as defined by statute) their attorneys' fee may be paid by the defendant(s). The operative language of these statutes is the court "may" award reasonable attorneys' fees; there is no guarantee that the Attorney will receive any fees. However, considering the primary purpose of this civil rights action, the Client understands that Attorney will seek fees and costs for services rendered under Paragraph 3(e).

PARAGRAPH 3 (d)(ii). CLIENT AND ATTORNEY CONFLICT OF INTEREST: Notwithstanding the previous paragraph, Client understands that attorneys' fees in civil rights cases usually exceed monetary settlements from mediation, arbitration, or a trial verdict. Client understands the Attorney may receive nothing for services rendered and costs advanced. Client also understands there is a potential conflict of interest, if the Attorney is required to negotiate the Client's damages and the attorneys' fee with either the defendant or the Client. The Client understands that where insurance coverage exists, defendant will often attempt to offset attorneys' fees by paying more in compensatory damages to reduce the monetary amount paid with defendant's personal assets toward settlement. The Client should consult with any other lawyer for legal advice before entering into this contract. Client

MLF0037041

agrees that by entering into this contract he/she is waiving any objection to this potential conflict of interest, and authorizes the Attorney to negotiate any possible settlement as to both the Client's recovery and the attorneys' fees and costs.

## FEES

Hence, Client agrees to pay the fees herein described, duly noting the conflict that exists, at the option of Attorney, as set forth under Fee Determination, as follows:

PARAGRAPH 3(e). FEE DETERMINATION AT ATTORNEY'S OPTION:

(i)     Attorneys' fees based upon services rendered at the billing rate listed in paragraph 3(f) or negotiated with Client as part of the settlement;

OR

(ii)    Attorneys' fees negotiated with defendants as part of settlement, or the fee awarded by the court;

OR

(iii)   In the event the attorneys' fees awarded by the court arbitration, mediation, or settlement, are less than the amount sought, then the Client will pay the balance of fees;

OR

(iv)    In addition to the attorneys' fees based upon the Paragraph 3(f) billing rate or negotiated with Client as part of the settlement, a third of the total amount recovered by way of settlement, mediation, arbitration or trial for any claims of discrimination, emotional distress, personal injury, statute violation, loss of earnings or any other compensatory damages. This third constitutes a multiplier-bonus for the risk of litigation and costs advanced by Attorney on behalf of the Client;

OR

(v)     The fee of 40% of the total amounts recovered by way of settlement, mediation, arbitration or trial for any claims, plus any attorneys' fees awarded by the court or negotiated with defendant(s) as part of settlement. [40% X (Client recovery + Attorneys' fees)].

MLF0037042

PARAGRAPH 3(f). BILLING RATE: Attorney's billing rate is from $350.00 to $685.00 per hour. Outside associated attorneys hired are billed at $125.00 to $200.00 per hour, paralegals/legal assistants are billed at $115.00 per hour. Administrative staff is billed at $70.00 to $90.00 per hour.

PARAGRAPH 3(g). PUNITIVE DAMAGES: Punitive damages based upon defendants' despicable conduct may be sought in addition to the compensatory damages. These damages are awarded in a sufficient amount to punish or make an example of the defendant(s). Therefore, if any punitive damages are awarded, Client and Attorney agree to divide punitive damages equally.

PARAGRAPH 3(h). MINOR'S RECOVERY: Client acknowledges that if Client is a minor, the fee set by the Court shall prevail over this Agreement. If the minor reaches the age of majority, the fee set forth in Paragraphs 3(e)(l) of 3(e)(ii) shall prevail at the attorney's option.

PARAGRAPH 3(i). NO RECOVERY NO FEE: As to all attorneys' fees provisions and costs stated herein, if there is no recovery for the Client(s) or no fees awarded the Attorney, no fees will be charged to Client .

PARAGRAPH 3(j). DISBURSEMENT AFTER RECOVERY: For any previously described contingency agreement, hourly fee agreement, or combination thereof, the fee shall be taken from the total settlement and then costs shall be deducted. If Attorney is representing multiple claims in one case a consolidated action, or related actions arising out of the substantially same facts, costs will be allocated on a pro rata recovery for all Clients. If one Client settles before any other, the costs will be divided equally at that point in time or divided by Attorney, as Attorney deems equitable. If the Client and Attorney agree to outstanding liens, or they are statutory by nature, they will be paid.

The balance is Client's net recovery.

In the event of a partial recovery, Client agrees to apply Client's share of the partial recovery toward future costs. Said money will be held in Attorney's trust account.

PARAGRAPH 3(k). COST REIMBURSEMENT: Client agrees to reimburse Attorney for all costs if there is no recovery. Costs include, but not limited to, the following: filing fees, service

MLF0037043

of process, postage, messenger service, overnight delivery service, investigation, interpreter, experts, record procurement, reference material, computer time/research, medical illustrations, scale drawing, beeper, photography, deposition fees/charges, costs incurred for trial/arbitration/mediation, mileage, word processing, facsimile, and photocopying. A minimum charge of $115.00 will be assessed for opening the file, photocopying and postage. A minimum charge of $500.00 will be charged for on-line computer research. Facsimile charge is $1.00 per page sending/receiving. Photocopying charge is 45¢ per page. When Attorney travels, the mode of travel, travel classification and accommodation shall be determined by the Attorney and constitute costs. It is further acknowledged that the costs of medical care rendered to Client for personal injuries are the Client's responsibility, and do not constitute costs under this Agreement, or charges against Attorney.

PARAGRAPH 3(l). TRAVEL: Client acknowledges and agrees that for purposes of fee determination, time is charged from the time Attorney leaves Attorney's office until return to said office.

PARAGRAPH 3(m). POWER OF ATTORNEY: Client grants a Power of Attorney to Attorney to endorse and deposit, on behalf of Client, any negotiable instruments made payable to the Client and Attorney. Client further instructs and directs Attorney to make all disbursements deemed appropriate by Attorney and to place Client's funds in an interest bearing trust account.

PARAGRAPH 4. APPEALS: Client acknowledges that no Appeals need to be taken without both parties' consent. The fee for an Appeal is separate and apart from this Agreement and negotiable between Client and Attorney.

PARAGRAPH 5. ERRORS AND OMISSIONS INSURANCE: Attorney does not maintain errors and omissions insurance applicable to the services to be rendered under this agreement. Disclosure is pursuant to Business and Professions Code §6148(a)(4).

PARAGRAPH 6. LIEN. FIRING/DISCHARGING ATTORNEY: In the event the Client fires/discharges Attorney, the Client hereby grants Attorney a lien upon the case, and upon any documents, records, or papers in connection therewith, and upon any sum received for fees and costs

MLF0037044

incurred or advanced. Said lien is based upon the reasonable value of Attorney's services valued at $350.00 per hour. In addition, Attorney may elect compensation based upon any offer to Client to settle the matter prior to Attorney's discharge, on the basis of *quantum meruit* for the overall value of the services provided, or under any option listed in paragraph 3(e). Client further agrees that any recovery obtained after attorney's discharge will contain Attorney's name on any draft/check and be deposited in any interest-bearing trust account bearing Attorney's name and the name of Client's new lawyer(s), and require Attorney to be signatory to said trust account together with Client's new lawyer(s). Client agrees that any recovery disagreement or fee dispute will be submitted to the California State Bar Association for resolution pursuant to said Bar's procedures, subject to whether the action was filed in Northern or Southern California. Actions filed outside the State of California will be subject to the procedures of the California State Bar Association. Each side will bear its own Arbitration costs. If the Client discharges the Attorney, the Attorney shall retain a copy of the file, and the cost of duplicating the file will be assessed the Client as a cost.

PARAGRAPH 7. SETTLEMENT: Client acknowledges that no settlement shall be made without the consent of both Client and Attorney. Client further acknowledges that settlement agreements and releases which contain language releasing claims for personal injury and emotional distress, etc. is for the purpose of giving defendant(s) a full release of all claims and to ensure, (to the extent possible) that Client's recovery will not be taxable as income. Attorney makes no guarantee as to any tax consequences for Client and is not advising Client as to same.

PARAGRAPH 8. Client acknowledges that Attorney has made no guarantees regarding the successful termination of this case, and all expressions relative thereto are matters of his opinion only.

The undersigned acknowledges and agrees to the foregoing terms and conditions of said Retainer Agreement. If more than one Client, this agreement may be signed in counterparts. Client acknowledges receipt of duplicate copy of this Agreement.

_____Initial                    _____Initial

MLF0037045

DATE:_____          _____
                               CLIENT'S SIGNATURE

DATE:_____          _____
                               CLIENT'S NAME

                               _____
                               ADDRESS

                               _____
                               CITY

                               _____
                               TELEPHONE

MY WITNESS(S) ARE _____
(if none please indicate so)

DATE:_____          MOORE LAW FIRM, PC

                               _____
                               ATTORNEY FOR RONALD MOORE

MLF0037046