# Exhibit 21

**ELITE LIQUORS**
5191 E BELMONT AVE 3 PEACH AVE
FRESNO, CA 93727
(559) 252-7949

| DATE | 07/29/2013 | MON |
|------|-----------|-----|
| WAVE PACK 11 | | $4.09 |
| TAX1 AMT | | $0.34 |
| **TOTAL** | | **$4.43** |
| **CASH** | | **$5.00** |
| **CHANGE** | | **$0.57** |

NO.000261 REG 01 1 EMPLOYEE   TIME 16:59

We Appriciate Your Business
**THANK YOU !!**
** SHOPPING WITH US **

MLF0049669

EX. 21-2

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE
ADAI No.
(Facility)

1. What is the name of the Facility? _Elite Liquors_

2. When did you visit the Facility? _7/28/13_ (Date) _5pm_ (Time)

3. What is the address of the Facility? _5151 E Belmont Ave and peach Ave_

4. Was this your first visit to the Facility? _No_

5. How many times have you visited the Facility? _few_ If more than one visit, please list the date and time if you know it. _8_

6. What was the purpose of your visit? _Smokes_

7. Who accompanied you to the Facility? _Lynn my wife_

8. What car did you drive to the Facility? _Mine_

9. Did you drive yourself of did you get a ride from someone else? _I drove_

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _In D/P parking in front_

11. Was it difficult for you to park there? _No_

12. Why? _____

13. How did you unload from your vehicle? _Rear_

14. What side of the vehicle did you unload from? Driver or passenger? _Driver_

15. Did anyone help you to transfer onto your wheelchair? _No_

16. What problems did you encounter transferring onto your wheelchair?

_None_

17. Which way did you go from the parking to the entrance of the Facility? _No Access Issle_

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.
_Ramp Steep and went into Access Issle_

19. Did you encounter any problems opening the door? Describe why. _Door Hard to open_

20. Did you have any problems inside the Facility? Describe. _Yes counter to high_

MLF0049657

EX. 21-3

*Cashier Brought smoke's Around counter to me
gave him money Then he handed me my change
over the counter was hard to get change*

21. What did you purchase (or what meal did you have there). Describe: *smoke's*

22. Have you used the restroom at the Facility? *NO*

23. Why did you need to use the restroom? _____

24. Did you use the sink? _____

25. Any problems? _____

26. Did you use the urinal? _____

27. Did you use the toilet? _____

28. Did you use the toilet paper? _____

29. Did you use paper towels? _____

30. Did you use the soap dispenser? _____

31. Did you have any problem maneuvering inside the restroom? _____

32. Where did you sit? _____

33. Was there any seating provided inside the Facility? _____

34. Was it wheelchair accessible? _____

35. Where you comfortable at the table? _____

36. Did you use the counter to pay for purchase? _____

37. Which counter did you use? *I was @ the one on Left syde he told me
over there to Right side Then he came around counter*

38. Was the counter accessible? *NO*

39. Which way did you go after you left the Facility? *out Door to Left down Ramp*

40. Any problems getting back to your vehicle? *NO*

41. Any problems transferring from your wheelchair to your vehicle? *no*

42. If you have any additional information you believe would assist us in evaluating this inquiry.

MLF0049658

EX. 21-4

**BARRIER MEMO**

ADAI No. :        01732

Case Name:       Moore v. Elite Liquors

Address:         5191 E Belmont Ave, Fresno

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Built-up curb ramp, steep | The built-up curb ramp from the parking lot to the sidewalk in front of the Facility entrance was improperly configured and steep, which made it difficult for Plaintiff to maneuver up and down the ramp. | Yes |
| Door hard to open | The entry door was difficult for Plaintiff to open. | Yes |
| Counter improperly configured and lacked necessary wc clearances for approach | The transaction counter was improperly configured and lacked appropriate wc approach, making it difficult for Plaintiff to pay for his purchase and take his change. | Yes |

1

MLF0049659

EX. 21-5

Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: tanya@moorelawfirm.com

Attorneys for Plaintiff
Ronald Moore

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>        Plaintiff,<br><br>    vs.<br><br>BALWANT SINGH BHAURLA dba ELITE LIQUORS; VAN NESS INVESTMENT COMPANY, a partnership;<br><br>        Defendants. | No.<br><br>**COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |

## I. SUMMARY

1.    This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

        Elite Liquors
        5191 East Belmont Avenue
        Fresno, CA 93727
        (hereafter "the Facility")

2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against BALWANT SINGH BHAURLA dba ELITE LIQUORS; and VAN NESS INVESTMENT COMPANY, a partnership (hereinafter collectively referred to as

MLF0049660

EX. 21-6

1  "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et

2  seq.) ("ADA") and related California statutes.

## II.    JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.    VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.    PARTIES

7.    Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8.    Plaintiff requires the use of a wheelchair when traveling about in public. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.    FACTS

9.    The Facility is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.    Plaintiff visited the Facility and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. Plaintiff personally encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or about July 29, 2013:

a)    The ramp from the designated accessible parking to the sidewalk leading to the Facility entrance was a steep, improperly configured built-up curb

*Moore v. Bhaurla, et al.*
Complaint
Page 2

MLF0049661

EX. 21-7

1                 ramp, which made it difficult for Plaintiff to maneuver up and down the

2                 ramp.

3        b)      The entrance door was heavy and hard for Plaintiff to open.

4        c)      The transaction counter was improperly configured and lacked sufficient

5                 approach clearance, making it difficult for Plaintiff to pay for his

6                 purchase and take his change.

7      11.     The barriers identified in paragraph 10 herein are only those that Plaintiff

8 personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist

9 at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once

10 such additional barriers are identified as it is Plaintiff's intention to have all barriers which

11 exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12      12.     Plaintiff was, and continues to be, deterred from visiting the Facility because

13 Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

14 accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

15 Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

16 once the barriers are removed.

17      13.     Defendants knew, or should have known, that these elements and areas of the

18 Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

19 the physically disabled. Moreover, Defendants have the financial resources to remove these

20 barriers from the Facility (without much difficulty or expense), and make the Facility

21 accessible to the physically disabled. To date, however, Defendants refuse to either remove

22 those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

23      14.     At all relevant times, Defendants have possessed and enjoyed sufficient control

24 and authority to modify the Facility to remove impediments to wheelchair access and to

25 comply with the 2010 Standards for Accessible Design and the California Code of Regulations

26 Title 24. Defendants have not removed such impediments and have not modified the Facility to

27 conform to accessibility standards. Defendants have intentionally maintained the Facility in its

28 current condition and have intentionally refrained from altering the Facility so that it complies

*Moore v. Bhaurla, et al.*
Complaint

MLF0049662

EX. 21-8

1   with the accessibility standards.

2       15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility is

3   so obvious as to establish Defendants' discriminatory intent. On information and belief,

4   Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

5   to relevant building standards; disregard for the building plans and permits issued for the

6   Facility; conscientious decision to maintain the architectural layout (as it currently exists) at

7   the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

8   property continues to exist in its non-compliant state. Plaintiff further alleges, on information

9   and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

10  Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

11                  **VI.    FIRST CLAIM**

12                **Americans with Disabilities Act of 1990**

13          Denial of "Full and Equal" Enjoyment and Use

14      16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

15  this claim.

16      17.    Title III of the ADA holds as a "general rule" that no individual shall be

17  discriminated against on the basis of disability in the full and equal enjoyment (or use) of

18  goods, services, facilities, privileges, and accommodations offered by any person who owns,

19  operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

20      18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

21  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

22  Facility during each visit and each incident of deterrence.

23         Failure to Remove Architectural Barriers in an Existing Facility

24      19.    The ADA specifically prohibits failing to remove architectural barriers, which

25  are structural in nature, in existing facilities where such removal is readily achievable. 42

26  U.S.C. § 12182(b)(2)(A)(iv).

27      20.    When an entity can demonstrate that removal of a barrier is not readily

28  achievable, a failure to make goods, services, facilities, or accommodations available through

*Moore v. Bhaurla, et al.*
Complaint

MLF0049663

EX. 21-9

1  alternative methods is also specifically prohibited if these methods are readily achievable. Id.

2  § 12182(b)(2)(A)(v).

3    21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

4  barriers at the Facility without much difficulty or expense, and that Defendants violated the

5  ADA by failing to remove those barriers, when it was readily achievable to do so.

6    22.    In the alternative, if it was not "readily achievable" for Defendants to remove

7  the Facility's barriers, then Defendants violated the ADA by failing to make the required

8  services available through alternative methods, which are readily achievable.

9    <u>Failure to Design and Construct an Accessible Facility</u>

10    23.    Plaintiff alleges on information and belief that the Facility was designed and

11  constructed (or both) after January 26, 1992 – independently triggering access requirements

12  under Title III of the ADA.

13    24.    The ADA also prohibits designing and constructing facilities for first occupancy

14  after January 16, 1993, that aren't readily accessible to, and usable by, individuals with

15  disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

16    25.    Here, Defendants violated the ADA by designing and constructing (or both) the

17  Facility in a manner that was not readily accessible to the physically disabled public –

18  including Plaintiff – when it was structurally practical to do so.[1]

19    <u>Failure to Make an Altered Facility Accessible</u>

20    26.    Plaintiff alleges on information and belief that the Facility was modified after

21  January 26, 1992, independently triggering access requirements under the ADA.

22    27.    The ADA also requires that facilities altered in a manner that affects (or could

23  affect) its usability must be made readily accessible to individuals with disabilities to the

24  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's

25  primary function also requires making the paths of travel, bathrooms, telephones, and drinking

26  fountains serving that area accessible to the maximum extent feasible. Id.

27

28

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. Bhaurla, et al.*
Complaint

MLF0049664

EX. 21-10

28.    Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.    Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

**VII.    SECOND CLAIM**

**Unruh Act**

33.    Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.    California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

*Moore v. Bhaurla, et al.*
Complaint
                                Page 6

MLF0049665

EX. 21-11

37.    Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.    Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

43.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

44.    Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

45.    Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

MLF0049666

EX. 21-12

1.  Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.  Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3.  Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

4.  Attorneys' fees, litigation expense, and costs of suit.[2]

5.  Interest at the legal rate from the date of the filing of this action.

6.  For such other and further relief as the Court deems proper.

Dated: June 17, 2014                    MOORE LAW FIRM, P.C.

_/s/ Tanya E. Moore_
Tanya E. Moore
Attorneys for Plaintiff
Ronald Moore

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

_Moore v. Bhaurla, et al._
Complaint

Page 8

MLF0049667

EX. 21-13

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:_____June 17, 2014_____          */s/ Ronald Moore*_____
                                          Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                          */s/ Tanya E. Moore*_____
                                          Tanya E. Moore, Attorney for
                                          Plaintiff, Ronald Moore

*Ronald Moore v. Balwant Singh Bhaurla, et al.*

MLF0049668

EX. 21-14

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: ___6/17/14___          _Ronald Moore_
                              Ronald Moore

*Ronald Moore v. Balwant Singh Bhourla (Elite Liquors)*

MLF0049670

EX. 21-15

# Exhibit 22

# FOLDER BREAK

Folder:     MSJ Exhibits\Borrelli (El Ranchito 02015)

# FOLDER BREAK

EX. 22-2

EL RANCHITO BAKERY
417 W SHIELDS AVE
FRESNO CA 93705
559-226-0284

Merchant ID: 000006569076
Term ID: 00869615     Ref #: 0081

Sale

1************7245

MASTERCARD  Entry Method: Swiped

Total:          $       28.47

05/25/14              19:54:17
Inv #: 000081  Appr Code: 90036Z
Apprvd: Online    Batch#: 000741

Customer Copy

**MLF0049980**

EX. 22-3

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

1. What is the name of the Facility? El Ranchito Bakery

2. What is the address of the Facility? 417 West shields Ave Fresno, CA

3. When did you visit the Facility? 5/25/14 (Date) 7:50 PM (Time)

4. Was this your first visit to the Facility? No

5. If you have been to the Facility before, please list the date and times of each visit if you can remember, or give an estimate of how often you go.

6. What was the purpose of your visit? To get dinner

7. Who accompanied you to the Facility? Grandsons Ronny, Jason and Jhonny

8. What car did you drive to the Facility? Mine

9. Did you drive yourself or did you get a ride from someone else? I drove

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. In dp parking spot

11. Was it difficult for you to park there? If so, why? No

12. How did you unload from your vehicle? Rear

13. What side of the vehicle did you unload from? Driver or passenger? Driver

14. Did anyone help you to transfer onto your wheelchair? Who? Yes, Jhonny

15. Did you encounter any problems transferring onto your wheelchair? Describe. No, because Jhonny helped me with my chair.

16. Which way did you go from the parking to the entrance of the Facility? To access isle

17. Did you encounter any problems on your way to the entrance, for example a ramp? Describe. Yes, ramp went into access isle and into street.

18. Did you encounter any problems opening the door? Describe. Yes, door was heavy closed on me going in and out.

19. What did you purchase (or what meal did you have there)? Dinner

20. Did you need to use the restroom while you were at the Facility? Why? No

21. Describe any problems you encountered with the following (or write "Did not need to use" or "No problems"):

MLF0049978

EX. 22-4

## PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

Sink: N/A

Toilet: N/A

Urinal: N/A

Toilet paper: N/A

Toilet seat covers: N/A

Paper towels/hand dryer: N/A

Soap dispenser: N/A

Other: N/A

22. Did you have any problem maneuvering inside the restroom? N/A

23. Was there any seating provided inside the Facility? Yes

24. Were you able to sit comfortably at the table? If not, why? No, because when people walked by and to move because isle too small.

25. Did you use the counter to pay for purchase? Which one? Yes, only one

26. Did you pay with cash or credit card? Credit

27. Was the counter accessible? If not, describe: No, because counter was wide Jhonny had to get reciept from worker and hand it to me.

28. Did you have any other problems inside the Facility? Describe. Yes, couldn't get food because counter too high and isle too narrow with people in the way Jhonny and Ronny had to get food.

29. Which way did you go after you left the Facility? Out door too access isle to ramp to vehicle.

30. Any problems getting back to your vehicle? Yes, the ramp went into access isle and street.

31. Any problems transferring from your wheelchair to your vehicle? No, because Jhonny helped me with chair.

32. Any additional information you believe would assist us in evaluating this inquiry?
Yes, couldn't reach fountain drinks because they were too high.

MLF0049979



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

June 11, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

      RE:    ADAI No.    02015
           *El Ranchito Bakery (417 W. Shields Ave, Fresno, CA)*

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF0050010

EX. 22-6

**BARRIER MEMO**

ADAI No. :    02015

Case Name:    Moore v. El Ranchito Bakery

Address:    417 W. Shields Ave, Fresno

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Built-up curb ramp | The ramp from the designated accessible parking to the sidewalk leading to the Facility entrance was an improperly configured built-up curb ramp which extended into the access aisle, causing Plaintiff to fear that his wheelchair would roll off the sloped sides of the ramp. | Yes |
| Door heavy | The entrance door was heavy and it closed on Plaintiff while he was entering. | Yes |
| Aisles narrow/no space at seating | The aisle around Plaintiff's seating space lacked necessary wheelchair clearances and his wheelchair obstructed the aisle. He had to move out of the way so that people could pass by him, which was embarrassing. | Yes |
| Service counter high/lacked clear approach | The service counter was too high and Plaintiff could not reach up to get his food. Additionally, the aisle lacked proper clear space in front of it and Plaintiff could not maneuver close to the counter due to people in the way. | Yes |
| Transaction counter too deep | The transaction counter was too deep and Plaintiff could not reach over the counter to hand payment to take his receipt from the cashier. His grandson had to take the receipt and hand it to him. | Yes |
| Fountain drinks too high | The self-serve fountain drinks were too high for Plaintiff to reach. | Yes |

1

MLF0049966

EX. 22-7



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

July 7, 2014

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

>    **RE:    ADAI No.    02015**
>    **Borrelli (El Ranchito Bakery)**
>    *417 W. Shields Ave, Fresno, CA*

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

*Dictated but not read.*
*Sent without signature to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

Enclosure:  Fee Agreement

**MLF0049981**

# MOORE LAW FIRM, PROFESSIONAL CORPORATION

**332 N. Second Street**
**San Jose, CA 95112**
**(408) 298-2000**

I hereby agree that the Moore Law Firm, PC has my permission to execute any kind of settlement agreement and/or endorse any settlement check or document in connection with my Americans with Disabilities Act Lawsuit against **Borrelli (El Ranchito Bakery).**

DATE: _____

_____
CLIENT'S SIGNATURE- RONALD MOORE

_____
ADDRESS

_____
CITY

_____
TELEPHONE

DATE:_____

MOORE LAW FIRM, PC
ATTORNEY FOR RONALD MOORE

MLF0049982

## *CIVIL RIGHTS LAWSUIT FEE AGREEMENT*

# MOORE LAW FIRM, PROFESSIONAL CORPORATION
**332 N. Second Street**
**San Jose, CA 95112**
**(408) 298-2000**

THIS AGREEMENT, made this _____ at **San Jose, CA,** by and between <u>Ronald Moore</u>, hereinafter designated as "Client," and **the Moore Law Firm, PC,** hereinafter designated as "Attorney," witnesseth:

In consideration of all services rendered by Attorney to Client, Client retains Attorney to represent him/her as his/her attorney at law in the case against ***Borrelli (El Ranchito Bakery)*** and whosoever may be liable. No tort action shall be filed for emotional distress (unless otherwise agreed).

PARAGRAPH 1. ATTORNEY TAKES ALL STEPS NECESSARY: Client empowers Attorney to take all steps the Attorney deems advisable to institute appropriate legal proceedings and resolve Client's claims.

PARAGRAPH 2. COOPERATION: Client agrees to cooperate fully throughout litigation and immediately notify Attorney of any changes in address, phone number, or employment. If Client fails to cooperate and Attorney withdraws from the case, the lien provisions of Paragraph 6 will apply.

## **FEE ARRANGEMENTS**

PARAGRAPH 3(a). CONTINGENCY FEE ARRANGEMENTS: If the Client doesn't recover, or fees are not awarded to the Attorney, no fee will be charged to the Client. In any contingency fee agreement, the fee is not set by law, but is negotiable between Attorney and Client unless the claim is subject to Business and Professions Code Section 6146, (i.e. an action filed on behalf of a minor where the fee which in contingent upon court approval.) In any event, any fee that requires court approval will be the fee that controls this agreement.

MLF0049983

PARAGRAPH 3(b). PURPOSE OF THE CIVIL RIGHTS ACTION: Client understands and acknowledges that in civil rights actions, this action's primary purpose is to enforce Client's civil rights through injunctive relief. Injunctive relief does not entitle the claimant/client to any monetary recovery and separate claims for tort or personal injury actions will not be filed. Emotional distress and personal injury claims will be incorporated, wherein appropriate, in claims for discrimination, but not set forth as an independent and separate claim. As noted, some claims may include personal injury and statutory violations. Civil rights actions alleging discrimination, *vis-à-vis*, emotional distress and personal injury, seek compensatory damages (money) that may be significantly less than the hourly attorneys' fees generated.

PARAGRAPH 3( c ). NO GUARANTEES: Attorney cannot guarantee that the Client will receive a monetary recovery.

PARAGRAPH 3 (d)(i). PREVAILING PARTY: If the Client is prevailing party, (as defined by statute) their attorneys' fee may be paid by the defendant(s). The operative language of these statutes is the court "may" award reasonable attorneys' fees; there is no guarantee that the Attorney will receive any fees. However, considering the primary purpose of this civil rights action, the Client understands that Attorney will seek fees and costs for services rendered under Paragraph 3(e).

PARAGRAPH 3 (d)(ii). CLIENT AND ATTORNEY CONFLICT OF INTEREST: Notwithstanding the previous paragraph, Client understands that attorneys' fees in civil rights cases usually exceed monetary settlements from mediation, arbitration, or a trial verdict. Client understands the Attorney may receive nothing for services rendered and costs advanced. Client also understands there is a potential conflict of interest, if the Attorney is required to negotiate the Client's damages and the attorneys' fee with either the defendant or the Client. The Client understands that where insurance coverage exists, defendant will often attempt to offset attorneys' fees by paying more in compensatory damages to reduce the monetary amount paid with defendant's personal assets toward settlement. The Client should consult with any other lawyer for legal advice before entering into this contract. Client

MLF0049984

agrees that by entering into this contract he/she is waiving any objection to this potential conflict of interest, and authorizes the Attorney to negotiate any possible settlement as to both the Client's recovery and the attorneys' fees and costs.

## FEES

Hence, Client agrees to pay the fees herein described, duly noting the conflict that exists, at the option of Attorney, as set forth under Fee Determination, as follows:

PARAGRAPH 3(e).  FEE DETERMINATION AT ATTORNEY'S OPTION:

(i)    Attorneys' fees based upon services rendered at the billing rate listed in paragraph 3(f) or negotiated with Client as part of the settlement;

OR

(ii)    Attorneys' fees negotiated with defendants as part of settlement, or the fee awarded by the court;

OR

(iii)    In the event the attorneys' fees awarded by the court arbitration, mediation, or settlement, are less than the amount sought, then the Client will pay the balance of fees;

OR

(iv)    In addition to the attorneys' fees based upon the Paragraph 3(f) billing rate or negotiated with Client as part of the settlement, a third of the total amount recovered by way of settlement, mediation, arbitration or trial for any claims of discrimination, emotional distress, personal injury, statute violation, loss of earnings or any other compensatory damages.  This third constitutes a multiplier-bonus for the risk of litigation and costs advanced by Attorney on behalf of the Client;

OR

(v)    The fee of 40% of the total amounts recovered by way of settlement, mediation, arbitration or trial for any claims, plus any attorneys' fees awarded by the court or negotiated with defendant(s) as part of settlement. [40% X (Client recovery + Attorneys' fees)].

MLF0049985

PARAGRAPH 3(f). BILLING RATE: Attorney's billing rate is from $350.00 to $685.00 per hour. Outside associated attorneys hired are billed at $125.00 to $200.00 per hour, paralegals/legal assistants are billed at $115.00 per hour. Administrative staff is billed at $70.00 to $90.00 per hour.

PARAGRAPH 3(g). PUNITIVE DAMAGES: Punitive damages based upon defendants' despicable conduct may be sought in addition to the compensatory damages. These damages are awarded in a sufficient amount to punish or make an example of the defendant(s). Therefore, if any punitive damages are awarded, Client and Attorney agree to divide punitive damages equally.

PARAGRAPH 3(h). MINOR'S RECOVERY: Client acknowledges that if Client is a minor, the fee set by the Court shall prevail over this Agreement. If the minor reaches the age of majority, the fee set forth in Paragraphs 3(e)(l) of 3(e)(ii) shall prevail at the attorney's option.

PARAGRAPH 3(i). NO RECOVERY NO FEE: As to all attorneys' fees provisions and costs stated herein, if there is no recovery for the Client(s) or no fees awarded the Attorney, <u>no fees will be charged to Client</u> .

PARAGRAPH 3(j). DISBURSEMENT AFTER RECOVERY: For any previously described contingency agreement, hourly fee agreement, or combination thereof, the fee shall be taken from the total settlement and then costs shall be deducted. If Attorney is representing multiple claims in one case a consolidated action, or related actions arising out of the substantially same facts, costs will be allocated on a pro rata recovery for all Clients. If one Client settles before any other, the costs will be divided equally at that point in time or divided by Attorney, as Attorney deems equitable. If the Client and Attorney agree to outstanding liens, or they are statutory by nature, they will be paid.

The balance is Client's net recovery.

In the event of a partial recovery, Client agrees to apply Client's share of the partial recovery toward future costs. Said money will be held in Attorney's trust account.

PARAGRAPH 3(k). COST REIMBURSEMENT: Client agrees to reimburse Attorney for all costs if there is no recovery. Costs include, but not limited to, the following: filing fees, service

MLF0049986

of process, postage, messenger service, overnight delivery service, investigation, interpreter, experts, record procurement, reference material, computer time/research, medical illustrations, scale drawing, beeper, photography, deposition fees/charges, costs incurred for trial/arbitration/mediation, mileage, word processing, facsimile, and photocopying. A minimum charge of $115.00 will be assessed for opening the file, photocopying and postage. A minimum charge of $500.00 will be charged for on-line computer research. Facsimile charge is $1.00 per page sending/receiving. Photocopying charge is 45¢ per page. When Attorney travels, the mode of travel, travel classification and accommodation shall be determined by the Attorney and constitute costs. It is further acknowledged that the costs of medical care rendered to Client for personal injuries are the Client's responsibility, and do not constitute costs under this Agreement, or charges against Attorney.

PARAGRAPH 3(l). TRAVEL: Client acknowledges and agrees that for purposes of fee determination, time is charged from the time Attorney leaves Attorney's office until return to said office.

PARAGRAPH 3(m). POWER OF ATTORNEY: Client grants a Power of Attorney to Attorney to endorse and deposit, on behalf of Client, any negotiable instruments made payable to the Client and Attorney. Client further instructs and directs Attorney to make all disbursements deemed appropriate by Attorney and to place Client's funds in an interest bearing trust account.

PARAGRAPH 4. APPEALS: Client acknowledges that no Appeals need to be taken without both parties' consent. The fee for an Appeal is separate and apart from this Agreement and negotiable between Client and Attorney.

PARAGRAPH 5. ERRORS AND OMISSIONS INSURANCE: Attorney does not maintain errors and omissions insurance applicable to the services to be rendered under this agreement. Disclosure is pursuant to Business and Professions Code §6148(a)(4).

PARAGRAPH 6. LIEN. FIRING/DISCHARGING ATTORNEY: In the event the Client fires/discharges Attorney, the Client hereby grants Attorney a lien upon the case, and upon any documents, records, or papers in connection therewith, and upon any sum received for fees and costs

MLF0049987

incurred or advanced. Said lien is based upon the reasonable value of Attorney's services valued at $350.00 per hour. In addition, Attorney may elect compensation based upon any offer to Client to settle the matter prior to Attorney's discharge, on the basis of *quantum meruit* for the overall value of the services provided, or under any option listed in paragraph 3(e). Client further agrees that any recovery obtained after attorney's discharge will contain Attorney's name on any draft/check and be deposited in any interest-bearing trust account bearing Attorney's name and the name of Client's new lawyer(s), and require Attorney to be signatory to said trust account together with Client's new lawyer(s). Client agrees that any recovery disagreement or fee dispute will be submitted to the California State Bar Association for resolution pursuant to said Bar's procedures, subject to whether the action was filed in Northern or Southern California. Actions filed outside the State of California will be subject to the procedures of the California State Bar Association. Each side will bear its own Arbitration costs. If the Client discharges the Attorney, the Attorney shall retain a copy of the file, and the cost of duplicating the file will be assessed the Client as a cost.

PARAGRAPH 7. SETTLEMENT: Client acknowledges that no settlement shall be made without the consent of both Client and Attorney. Client further acknowledges that settlement agreements and releases which contain language releasing claims for personal injury and emotional distress, etc. is for the purpose of giving defendant(s) a full release of all claims and to ensure, (to the extent possible) that Client's recovery will not be taxable as income. Attorney makes no guarantee as to any tax consequences for Client and is not advising Client as to same.

PARAGRAPH 8. Client acknowledges that Attorney has made no guarantees regarding the successful termination of this case, and all expressions relative thereto are matters of his opinion only.

The undersigned acknowledges and agrees to the foregoing terms and conditions of said Retainer Agreement. If more than one Client, this agreement may be signed in counterparts. Client acknowledges receipt of duplicate copy of this Agreement.

_____Initial                _____Initial

MLF0049988

DATE:_____          _____
                               CLIENT'S SIGNATURE

DATE:_____          _____
                               CLIENT'S NAME

                               _____
                               ADDRESS

                               _____
                               CITY

                               _____
                               TELEPHONE

MY WITNESS(S) ARE _____
(if none please indicate so)

DATE:_____          MOORE LAW FIRM, PC

                               _____
                               ATTORNEY FOR RONALD MOORE

MLF0049989

1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: tanya@moorelawfirm.com

5  Attorneys for Plaintiff
   Ronald Moore

6

7

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10

11  RONALD MOORE,                     ) No.
                                      )
12          Plaintiff,                ) **COMPLAINT ASSERTING DENIAL OF**
                                      ) **RIGHT OF ACCESS UNDER**
13      vs.                           ) **AMERICANS WITH DISABILITIES ACT**
                                      ) **FOR INJUNCTIVE RELIEF,**
14  ARCANGELO BORRELLI, Trustee of THE ) **DECLARATORY RELIEF, DAMAGES,**
    BORRELLI LIVING TRUST, dated      ) **ATTORNEYS' FEES AND COSTS (ADA)**
15  November 15, 2011; LUISA BORRELLI, )
    Trustee of THE BORRELLI LIVING TRUST, )
16  dated November 15, 2011; JORGE LUIS )
    RIVERA dba EL RANCHITO BAKERY;    )
17                                     )
                                      )
18          Defendants.               )
                                      )
19  _____ )

20                    **I. SUMMARY**

21      1.    This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

22  discrimination at the building, structure, facility, complex, property, land, development, and/or

23  surrounding business complex known as:

24          El Ranchito Bakery
            417 West Shields Avenue
25          Fresno, CA 93705
            (hereafter "the Facility")
26

27      2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

28  costs, against ARCANGELO BORRELLI, Trustee of THE BORRELLI LIVING TRUST,

---

*Moore v. Borrelli, et al.*
Complaint
                        Page 1

MLF0049990

1  dated November 15, 2011; LUISA BORRELLI, Trustee of THE BORRELLI LIVING

2  TRUST, dated November 15, 2011; and JORGE LUIS RIVERA dba EL RANCHITO

3  BAKERY (hereinafter collectively referred to as "Defendants"), pursuant to the Americans

4  with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California

5  statutes.

## II.    JURISDICTION

7      3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

8  claims.

9      4.     Supplemental jurisdiction for claims brought under parallel California law –

10  arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

11      5.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.    VENUE

13      6.     All actions complained of herein take place within the jurisdiction of the United

14  States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.

15  § 1391(b), (c).

## IV.    PARTIES

17      7.     Defendants own, operate, and/or lease the Facility, and consist of a person (or

18  persons), firm, and/or corporation.

19      8.     Plaintiff requires the use of a wheelchair when traveling about in public.

20  Consequently, Plaintiff is "physically disabled," as defined by all applicable California and

21  United States laws, and a member of the public whose rights are protected by these laws.

## V.    FACTS

23      9.     The Facility is a public accommodation facility, open to the public, which is

24  intended for nonresidential use and whose operation affects commerce.

25      10.    Plaintiff visited the Facility and encountered barriers (both physical and

26  intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

27  goods, services, privileges and accommodations offered at the Facility. Plaintiff personally

28  encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

*Moore v. Borrelli, et al.*
Complaint

MLF0049991

EX. 22-18

1   about May 25, 2014:

2      a)   The ramp from the designated accessible parking to the sidewalk leading
3             to the Facility entrance was an improperly configured built-up curb ramp
4             which extended into the access aisle, causing Plaintiff to fear that his
5             wheelchair would roll off the sloped sides of the ramp.

6      b)   The entrance door was heavy, and Plaintiff was unable to hold it open
7             while he maneuvered through the doorway, causing it to swing into him
8             on his way in and out of the Facility.

9      c)   Plaintiff was unable to locate a seating space with sufficient clear space
10           around it. The aisle around his seating space lacked necessary
11           wheelchair clearances, and Plaintiff's wheelchair obstructed the aisle.
12           He had to move out of the way whenever people needed to pass by,
13           which was embarrassing.

14      d)   The service counter was too high and Plaintiff could not reach up to get
15           his food. Additionally, the counter lacked proper clear space in front of
16           it and Plaintiff could not maneuver close to the counter. He had to send
17           his grandsons to get his food.

18      e)   The self-serve soda fountain was positioned too high for Plaintiff to use
19           the controls.

20      f)   The transaction counter was improperly configured, and Plaintiff could
21           not reach over the counter to hand payment to the cashier and take his
22           receipt. His grandson had to take the receipt and hand it to him.

23    11.   The barriers identified in paragraph 10 herein are only those that Plaintiff
24   personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist
25   at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once
26   such additional barriers are identified as it is Plaintiff's intention to have all barriers which
27   exist at the Facility and relate to his disabilities removed to afford him full and equal access.

28    12.   Plaintiff was, and continues to be, deterred from visiting the Facility because

MLF0049992

EX. 22-19

1  Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

2  accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

3  Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

4  once the barriers are removed.

5       13.    Defendants knew, or should have known, that these elements and areas of the

6  Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

7  the physically disabled. Moreover, Defendants have the financial resources to remove these

8  barriers from the Facility (without much difficulty or expense), and make the Facility

9  accessible to the physically disabled. To date, however, Defendants refuse to either remove

10  those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

11       14.    At all relevant times, Defendants have possessed and enjoyed sufficient control

12  and authority to modify the Facility to remove impediments to wheelchair access and to

13  comply with the 2010 Standards for Accessible Design and the California Code of Regulations

14  Title 24. Defendants have not removed such impediments and have not modified the Facility to

15  conform to accessibility standards. Defendants have intentionally maintained the Facility in its

16  current condition and have intentionally refrained from altering the Facility so that it complies

17  with the accessibility standards.

18       15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility is

19  so obvious as to establish Defendants' discriminatory intent. On information and belief,

20  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

21  to relevant building standards; disregard for the building plans and permits issued for the

22  Facility; conscientious decision to maintain the architectural layout (as it currently exists) at

23  the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

24  property continues to exist in its non-compliant state. Plaintiff further alleges, on information

25  and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

26  Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

27  ///

28  ///

*Moore v. Borrelli, et al.*
Complaint

MLF0049993

EX. 22-20

## VI.    FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

#### Failure to Remove Architectural Barriers in an Existing Facility

19.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.    Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.    In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

#### Failure to Design and Construct an Accessible Facility

23.    Plaintiff alleges on information and belief that the Facility was designed and

MLF0049994

EX. 22-21

1  constructed (or both) after January 26, 1992 – independently triggering access requirements
2  under Title III of the ADA.

3      24.    The ADA also prohibits designing and constructing facilities for first occupancy
4  after January 16, 1993, that aren't readily accessible to, and usable by, individuals with
5  disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

6      25.    Here, Defendants violated the ADA by designing and constructing (or both) the
7  Facility in a manner that was not readily accessible to the physically disabled public –
8  including Plaintiff – when it was structurally practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

10     26.    Plaintiff alleges on information and belief that the Facility was modified after
11 January 26, 1992, independently triggering access requirements under the ADA.

12     27.    The ADA also requires that facilities altered in a manner that affects (or could
13 affect) its usability must be made readily accessible to individuals with disabilities to the
14 maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's
15 primary function also requires making the paths of travel, bathrooms, telephones, and drinking
16 fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

17     28.    Here, Defendants altered the Facility in a manner that violated the ADA and
18 was not readily accessible to the physically disabled public – including Plaintiff – to the
19 maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

21     29.    The ADA also requires reasonable modifications in policies, practices, or
22 procedures, when necessary to afford such goods, services, facilities, or accommodations to
23 individuals with disabilities, unless the entity can demonstrate that making such modifications
24 would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

25     30.    Here, Defendants violated the ADA by failing to make reasonable modifications
26 in policies, practices, or procedures at the Facility, when these modifications were necessary to

27

28
_____
[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a
private attorney general under either state or federal statutes.

*Moore v. Borrelli, et al.*
Complaint
                                    Page 6

1    afford (and would not fundamentally alter the nature of) these goods, services, facilities, or
2    accommodations.

3        31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney
4    fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

5        32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants
6    violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

7                  **VII.   SECOND CLAIM**
8                       **Unruh Act**

9        33.    Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for
10   this claim.

11       34.    California Civil Code § 51 states, in part, that: All persons within the
12   jurisdiction of this state are entitled to the full and equal accommodations, advantages,
13   facilities, privileges, or services in all business establishments of every kind whatsoever.

14       35.    California Civil Code § 51.5 also states, in part that: No business establishment
15   of any kind whatsoever shall discriminate against any person in this state because of the
16   disability of the person.

17       36.    California Civil Code § 51(f) specifically incorporates (by reference) an
18   individual's rights under the ADA into the Unruh Act.

19       37.    Defendants' aforementioned acts and omissions denied the physically disabled
20   public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges
21   and services in a business establishment (because of their physical disability).

22       38.    These acts and omissions (including the ones that violate the ADA) denied,
23   aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

24       39.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory
25   minimum damages of four thousand dollars ($4,000) for each offense.

26       40.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and
27   ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code
28   § 52(a).

*Moore v. Borrelli, et al.*
Complaint

MLF0049996

EX. 22-23

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.    Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

43.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

44.    Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

45.    Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3.    Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

///
///
///
///
///

*Moore v. Borrelli, et al.*
Complaint

MLF0049997

EX. 22-24

1    4.      Attorneys' fees, litigation expense, and costs of suit.[2]

2    5.      Interest at the legal rate from the date of the filing of this action.

3    6.      For such other and further relief as the Court deems proper.

4

5    Dated: July 1, 2014                          MOORE LAW FIRM, P.C.

6                                                 /s/ Tanya E. Moore

7                                                 Tanya E. Moore
                                                  Attorneys for Plaintiff
8                                                 Ronald Moore

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Borrelli, et al.*
Complaint

Page 9

MLF0049998

EX. 22-25

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.


Dated:___July 1, 2014_____          */s/ Ronald Moore*_____
                                        Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                        */s/ Tanya E. Moore*_____
                                        Tanya E. Moore, Attorney for
                                        Plaintiff, Ronald Moore

*Moore v. Borrelli, et al.*
*Verification*

MLF0049999

EX. 22-26

# Exhibit 23

```
              SUNRISE MINI MART
                10015 S ALTA
              REEDLEY, CA 93654
                559-637-0000

       Merchant ID: 0000087002
       Term ID: 00963379   Ref #: 0001

                   Sale

       XXXXXXXXXXXX4370

       MASTERCARD  Entry Method: Swiped

       Total:        $      50.00

       03/22/13              19:35:33
       Inv #: 000001  Appr Code: R4432Z
       Apprvd: Online   Batch#: 000090


           Customer Copy

           THANK YOU!
```

MLF0049514

EX. 23-2

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE        01602

ADAI No.   01602

(Facility)

1. What is the name of the Facility?  SUNRISE mini MART

2. When did you visit the Facility?  3/22/13 (Date)  745 pm (Time)

3. What is the address of the Facility?  10015 S ALTA AVE Reedley CA 93654

4. Was this your first visit to the Facility?  yes

5. How many times have you visited the Facility? _____ If more than one visit, please list the date and time if you know it. _____

6. What was the purpose of your visit?  GAS

7. Who accompanied you to the Facility?  No one

8. What car did you drive to the Facility?  mine

9. Did you drive yourself of did you get a ride from someone else?  I Drove

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. Right in Front of store pump #3

11. Was it difficult for you to park there?  No

12. Why?  _____

13. How did you unload from your vehicle?  Rear

14. What side of the vehicle did you unload from? Driver or passenger?  Driver

15. Did anyone help you to transfer onto your wheelchair?  N/a

16. What problems did you encounter transferring onto your wheelchair?

    None

17. Which way did you go from the parking to the entrance of the Facility? Copress right to Acccce Issle

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

CW   Yes went tight to Access Isle to Small  had to make a Right Tu
BNF  to get onto side walk Cracks and holes I payment my chair
19. Did you encounter any problems opening the door? Describe why.

20. Did you have any problems inside the Facility? Describe  All Issle to small expect

EX. 23-3

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE
ADA! No.
(Facility)

One that had Fontine DRINKS To high to get to
Also cups onto G Reach Coffee same way

**21. What did you purchase (or what meal did you have there). Describe:** GAS

**22. Have you used the restroom at the Facility?** Yes

**23. Why did you need to use the restroom?** had to ge

**24. Did you use the sink?** Yes

**25. Any problems?** mirrow to High Also paper towels to high

**26. Did you use the urinal?** NO

**27. Did you use the toilet?** Yes

**28. Did you use the toilet paper?** No

**29. Did you use paper towels?** Yes

**30. Did you use the soap dispenser?** Yes

**31. Did you have any problem maneuvering inside the restroom?** NO

**32. Where did you sit?** N/A

**33. Was there any seating provided inside the Facility?** No

**34. Was it wheelchair accessible?** NO

**35. Where you comfortable at the table?** N/A

**36. Did you use the counter to pay for purchase?** Yes

**37. Which counter did you use?** the checkout Frist one as you walk into Door

**38. Was the counter accessible?** No way to high And had All kinds of Candy and stuff on counter couns had to sign receipt on top of Candy

**39. Which way did you go after you left the Facility?**

**40. Any problems getting back to your vehicle?** I Just went Right off the CURB to my Car

**41. Any problems transferring from your wheelchair to your vehicle?** No

**42. If you have any addition information you believe would assist us in evaluating this inquiry.**

MLF0049516

EX. 23-4

April 11, 2013

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, CA 93612

      **RE:    ADAI No. 01602**
              **Sunrise Mini Mart**

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/dg

MLF0049512

EX. 23-5

# BARRIER MEMO

ADAI No. :    01602

Case Name:    Moore v. Sunrise Mini Mart

Address:    10015 S. Alta, Reedley, CA 93654

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Route of travel not stable | The access aisle at the Facility was poorly maintained, having several cracks and a hole at the location where the access ramp and sidewalk meet. Plaintiff's wheelchair became stuck in the hole causing Plaintiff difficulty in maneuvering his wheelchair onto the sidewalk. Plaintiff was forced to "pop" the front tire of the wheelchair out of the hole to move forward toward the Facility entrance door. | |
| Route of travel did not have adequate clearance | The sidewalk at the Facility was blocked by newspaper racks placed near the access ramp. Plaintiff had difficulty maneuvering his wheelchair toward the entrance of the Facility. | |
| Accessible route of travel in Facility too narrow | Plaintiff had difficulty maneuvering his wheelchair within the Facility; the width of most of the aisles were extremely narrow; | |
| Difficulty reaching paper towel dispenser in restroom | The paper towel dispenser in the restroom was too high, causing the Plaintiff difficulty in accessing. Plaintiff was forced to push up from the wheelchair to reach the paper towels. | |
| Unable to reach fountain drink dispenser | The fountain dispenser in the Facility was too high for Plaintiff to be able to access. Plaintiff was denied the ability to obtain the product for purchase, forcing him to leave without making such purchase. | |
| Cashier counter too high | The cashier counter within the Facility was too high for Plaintiff to access to complete his purchase and sign the receipt. A lower shelf was being used as a display counter, containing miscellaneous candies for sale. Plaintiff had difficulty signing the receipt, signing on top of the candies. | |

1

MLF0049501

EX. 23-6

## BARRIER MEMO

ADAI No. :   01602

Case Name:   Moore v. Sunrise Mini Mart

Address:   10015 S. Alta, Reedley, CA 93654

| Barrier | Description | Is it a valid barrier? Y / N |
|---------|-------------|------------------------------|
| Route of travel not level | The access aisle at the Facility was poorly maintained, having several cracks and a hole at the location where the access ramp and sidewalk meet. Plaintiff's wheelchair became stuck in the hole causing Plaintiff difficulty in maneuvering his wheelchair onto the sidewalk. Plaintiff was forced to "pop" the front tire of the wheelchair out of the hole to move forward toward the Facility entrance door. | Yes |
| Route of travel did not have adequate width | The sidewalk at the Facility was blocked by newspaper racks placed near the access ramp. Plaintiff had difficulty maneuvering his wheelchair toward the entrance of the Facility. | Yes |
| Accessible route of travel in Facility too narrow | Plaintiff had difficulty maneuvering his wheelchair within the Facility; the width of most of the aisles were extremely narrow; | Yes |
| Difficulty reaching paper towel dispenser in restroom | The paper towel dispenser in the restroom was too high, causing the Plaintiff difficulty in accessing. Plaintiff was forced to push up from the wheelchair to reach the paper towels. | Yes |
| Unable to reach fountain drink dispenser | The fountain dispenser in the Facility was too high for Plaintiff to be able to access. Plaintiff was denied the ability to obtain the product for purchase, forcing him to leave without making such purchase. | Yes |
| Cashier counter too high | The cashier counter within the Facility was too high for Plaintiff to access to complete his purchase and sign the receipt. A lower shelf was being used as a display counter, containing miscellaneous candies for sale. Plaintiff had difficulty signing the receipt, signing on top of the candies. | Yes |

1

MLF0049500

EX. 23-7

Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail:  tanya@moorelawfirm.com

Attorneys for Plaintiff
Ronald Moore

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>       Plaintiff,<br><br>vs.<br><br>HASSAN CHAIBI, dba SUNRISE MINI MART; HASSANIN CHAIBI<br><br>       Defendants. | No.<br><br>**COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |

## I. SUMMARY

1.    This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> Sunrise Mini Mart
> 10015 S. Alta Avenue
> Reedley, California
> (hereafter "the Facility")

2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against   HASSAN CHAIBI, dba SUNRISE MINI MART and HASSANIN CHAIBI (hereinafter collectively referred to as "Defendants"), pursuant to the Americans with

*Moore v. Hassan Chaibi, et al.*
Complaint

MLF0049502

EX. 23-8

1    Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California

2    statutes.

## II.    JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for
ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law –
arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.    VENUE

6.    All actions complained of herein take place within the jurisdiction of the
United States District Court, Eastern District of California, and venue is invoked pursuant to
28 U.S.C. § 1391(b), (c).

## IV.    PARTIES

7.    Defendants own, operate, and/or lease the Facility, and consist of a person (or
persons), firm, and/or corporation.

8.    Plaintiff requires the use of a wheelchair when traveling about in public.
Consequently, Plaintiff is "physically disabled," as defined by all applicable California and
United States laws, and a member of the public whose rights are protected by these laws.

## V.    FACTS

9.    The Facility is a public accommodation facility, open to the public, which is
intended for nonresidential use and whose operation affects commerce.

10.    Plaintiff visited the Facility and encountered barriers (both physical and
intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the
goods, services, privileges and accommodations offered at the Facility.  Plaintiff personally
encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or
about March 22, 2013:

   a)    The access aisle at the Facility was poorly maintained, with cracks and
         a hole at the location where the access ramp and sidewalk meet.

*Moore v. Hassan Chaibi, et al.*
Complaint

MLF0049503

EX. 23-9

1        Plaintiff's wheelchair became stuck in the hole causing Plaintiff

2        difficulty in maneuvering his wheelchair onto the sidewalk. Plaintiff

3        was forced to lurch the front tire of the wheelchair out of the hole to

4        move forward toward the Facility entrance door.

5    b)    The sidewalk at the Facility was blocked by newspaper racks placed

6        near the access ramp. Plaintiff had difficulty maneuvering his

7        wheelchair toward the entrance of the Facility.

8    c)    Plaintiff had difficulty maneuvering his wheelchair within the Facility

9        because the widths of most of the aisles were extremely narrow.

10    d)    The paper towel dispenser in the restroom was too high, causing the

11        Plaintiff difficulty in accessing to dry his hands. Plaintiff was forced to

12        lift himself partially out of the wheelchair to reach the paper towels.

13    e)    The fountain dispenser in the Facility was too high for Plaintiff to be

14        able to access. Plaintiff was denied the ability to obtain the product for

15        purchase, forcing him to leave without making such a purchase.

16    f)    The cashier counter within the Facility was too high for Plaintiff to

17        access to complete his purchase and sign the receipt. A lower shelf was

18        being used as a display counter, containing miscellaneous candies for

19        sale. Plaintiff had difficulty signing the receipt, signing on top of the

20        candies.

21    11.    The barriers identified in paragraph 10 herein are only those that Plaintiff

22  personally encountered. Plaintiff is presently unaware of other barriers which may in fact

23  exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint

24  once such additional barriers are identified as it is Plaintiff's intention to have all barriers

25  which exist at the Facility and relate to his disabilities removed to afford him full and equal

26  access.

27    12.    Plaintiff was, and continues to be, deterred from visiting the Facility because

28  Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

*Moore v. Hassan Chaibi, et al.*
Complaint

Page 3

MLF0049504

EX. 23-10

1   accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

2   Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

3   once the barriers are removed.

4           13.    Defendants knew, or should have known, that these elements and areas of the

5   Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

6   the physically disabled.  Moreover, Defendants have the financial resources to remove these

7   barriers from the Facility (without much difficulty or expense), and make the Facility

8   accessible to the physically disabled.  To date, however, Defendants refuse to either remove

9   those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

10          14.    At all relevant times, Defendants have possessed and enjoyed sufficient

11  control and authority to modify the Facility to remove impediments to wheelchair access and

12  to comply with the 2010 Standards for Accessible Design and the California Code of

13  Regulations Title 24.  Defendants have not removed such impediments and have not

14  modified the Facility to conform to accessibility standards.  Defendants have intentionally

15  maintained the Facility in its current condition and have intentionally refrained from altering

16  the Facility so that it complies with the accessibility standards.

17          15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility

18  is so obvious as to establish Defendants discriminatory intent.  On information and belief,

19  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to

20  adhere to relevant building standards; disregard for the building plans and permits issued for

21  the Facility; conscientious decision to maintain the architectural layout (as it currently exists)

22  at the Facility; decision not to remove barriers from the Facility; and allowance that

23  Defendants' property continues to exist in its non-compliance state.  Plaintiff further alleges,

24  on information and belief, that the Facility is not in the midst of a remodel, and that the

25  barriers present at the Facility are not isolated (or temporary) interruptions in access due to

26  maintenance or repairs.

27                          **VI.    FIRST CLAIM**

28                  **Americans with Disabilities Act of 1990**

*Moore v. Hassan Chaibi, et al.*
Complaint

MLF0049505

EX. 23-11

<div align="center">Denial of "Full and Equal" Enjoyment and Use</div>

16.     Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

18.     Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

<div align="center">Failure to Remove Architectural Barriers in an Existing Facility</div>

19.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).

20.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable.  Id. § 12182(b)(2)(A)(v).

21.     Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.     In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<div align="center">Failure to Design and Construct an Accessible Facility</div>

23.     Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

*Moore v. Hassan Chaibi, et al.*
Complaint

<div align="center">Page 5</div>

MLF0049506

1    24.    The ADA also prohibits designing and constructing facilities for first

2  occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

3  with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

4    25.    Here, Defendants violated the ADA by designing and constructing (or both)

5  the Facility in a manner that was not readily accessible to the physically disabled public –

6  including Plaintiff – when it was structurally practical to do so.[1]

7                    Failure to Make an Altered Facility Accessible

8    26.    Plaintiff alleges on information and belief that the Facility was modified after

9  January 26, 1992, independently triggering access requirements under the ADA.

10    27.    The ADA also requires that facilities altered in a manner that affects (or could

11  affect) its usability must be made readily accessible to individuals with disabilities to the

12  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a

13  facility's primary function also requires making the paths of travel, bathrooms, telephones,

14  and drinking fountains serving that area accessible to the maximum extent feasible. Id.

15    28.    Here, Defendants altered the Facility in a manner that violated the ADA and

16  was not readily accessible to the physically disabled public – including Plaintiff – to the

17  maximum extent feasible.

18                  Failure to Modify Existing Policies and Procedures

19    29.    The ADA also requires reasonable modifications in policies, practices, or

20  procedures, when necessary to afford such goods, services, facilities, or accommodations to

21  individuals with disabilities, unless the entity can demonstrate that making such

22  modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

23    30.    Here, Defendants violated the ADA by failing to make reasonable

24  modifications in policies, practices, or procedures at the Facility, when these modifications

25  were necessary to afford (and would not fundamentally alter the nature of) these goods,

26  services, facilities, or accommodations.

27    31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief,

28

---

[1] General under either state or federal statutes

*Moore v. Hassan Chaibi, et al.*
Complaint

Page 6

MLF0049507

1   attorney fees, costs, legal expense) for these aforementioned violations.  42 U.S.C. § 12205.

2       32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that

3   Defendants violated the ADA in order to pursue damages under California's Unruh Civil

4   Rights Act or Disabled Persons Act.

5                          **VII.    SECOND CLAIM**

6                              **Unruh Act**

7       33.    Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for

8   this claim.

9       34.    California Civil Code § 51 states, in part, that:  All persons within the

10  jurisdiction of this state are entitled to the full and equal accommodations, advantages,

11  facilities, privileges, or services in all business establishments of every kind whatsoever.

12      35.    California Civil Code § 51.5 also states, in part that:  No business

13  establishment of any kind whatsoever shall discriminate against any person in this state

14  because of the disability of the person.

15      36.    California Civil Code § 51(f) specifically incorporates (by reference) an

16  individual's rights under the ADA into the Unruh Act.

17      37.    Defendants' aforementioned acts and omissions denied the physically

18  disabled public – including Plaintiff – full and equal accommodations, advantages, facilities,

19  privileges and services in a business establishment (because of their physical disability).

20      38.    These acts and omissions (including the ones that violate the ADA) denied,

21  aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

22      39.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

23  minimum damages of four thousand dollars ($4,000) for each offense.

24      40.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

25  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

26  § 52(a).

27  ///

28  ///

*Moore v. Hassan Chaibi, et al.*
Complaint

MLF0049508

EX. 23-14

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.    Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.    Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

43.    Health and Safety Code § 19959 states, in part, that:  Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

44.    Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

45.    Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

### IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3.    Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

4.    Attorneys' fees, litigation expense, and costs of suit.[2]

5.    Interest at the legal rate from the date of the filing of this action.

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Hassan Chaibi, et al.*
Complaint

Page 8

MLF0049509

EX. 23-15

6.      For such other and further relief as the Court deems proper.

Dated: May 9, 2013                              MOORE LAW FIRM, P.C.


                                                /s/ Tanya E. Moore
                                                Tanya E. Moore
                                                Attorneys for Plaintiff,
                                                Ronald Moore

*Moore v. Hassan Chaibi, et al.*
Complaint

MLF0049510

EX. 23-16

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.


Dated:___May 9, 2013_____        _/s/ Ronald Moore_____
                                    Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                    _/s/ Tanya E. Moore_____
                                    Tanya E. Moore, Attorney for
                                    Plaintiff, Ronald Moore


*Ronald Moore v. Hassan Chaibi, et al.*

MLF0049511

EX. 23-17

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 5/9/13                          _Ronald Moore_
                                       Ronald Moore

*Ronald Moore v. Hassan Chaibi, et al.*

MLF0049513

**Exhibit 24**



| Date | Table | Guests | Server | 052274 |
|------|-------|--------|--------|--------|

APPT – SOUP/SAL – ENTREE – VEG/POT – DESSERT – BEV

Cft.VbSP

# $5.40

**CHAN'S CEDAR CHINESE FOODS**
3333 N CEDAR
FRESNO, CA 93726

| | Tax |
|--|-----|
| | Total |

Thank You — Please Come Again

3516    WaitRpad®    www.nationalchecking.com    USA

CHAN'S CEDAR CHINESE
3333 N CEDAR AVE
FRESNO, CA 93726
559-222-6804

Terminal ID:        098606
Merchant #:      898100049995

MASTERCARD
XXXXXXXXXXXX4370 EXP:XX/XX    SWIPED
SALE
BATCH: 000969    INV: 000044
Jan 26, 13        17:37
RRN: 093-00843    AUTH: F07312
TRACE #: MPLIE7WVSO126

AP

BASE            $7.35

TIP             _____

TOTAL           $7.35

RONALD D MOORE

X _____
I AGREE TO PAY ABOVE TOTAL AMOUNT
ACCORDING TO CARD ISSUER AGREEMENT
MERCHANT AGREEMENT IF CREDIT VOUCHER

THANK YOU!
PLEASE COME AGAIN!

MLF0051591

EX. 24-2

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

ADAI No.

(Facility)

1. What is the name of the Facility? CHANS Chinese Food

2. When did you visit the Facility? 1/28/13 (Date) 255 pm (Time)

3. What is the address of the Facility? 3333 Fountain

4. Was this your first visit to the Facility? Yes

5. How many times have you visited the Facility? _____ If more than one visit, please list the date and time if you know it. _____

6. What was the purpose of your visit? To get soup for Lynn

7. Who accompanied you to the Facility? Me

8. What car did you drive to the Facility? Mine

9. Did you drive yourself of did you get a ride from someone else? I Drive

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. In Front of Restaurant

11. Was it difficult for you to park there? Yes

12. Why? No signs Road All messed up

13. How did you unload from your vehicle? Real

14. What side of the vehicle did you unload from? Driver or passenger? Driver

15. Did anyone help you to transfer onto your wheelchair? No

16. What problems did you encounter transferring onto your wheelchair?

In middle of the Road

17. Which way did you go from the parking to the entrance of the Facility? In street o why way to go

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

Holes in Road Ramp gos into street

19. Did you encounter any problems opening the door? Describe why. Treshold very high Door closed on me trying to get In

20. Did you have any problems inside the Facility? Describe. Counter to pay

*No way to sign credit card slip had to do it on my leg*

21. What did you purchase (or what meal did you have there). Describe: *Won ton soup Veg soup*

22. Have you used the restroom at the Facility? *No*

23. Why did you need to use the restroom? _____

24. Did you use the sink? _____

25. Any problems? _____

26. Did you use the urinal? _____

27. Did you use the toilet? _____

28. Did you use the toilet paper? _____

29. Did you use paper towels? _____

30. Did you use the soap dispenser? _____

31. Did you have any problem maneuvering inside the restroom? _____

32. Where did you sit? _____

33. Was there any seating provided inside the Facility? _____

34. Was it wheelchair accessible? *Not Really*

35. Where you comfortable at the table? *No so I left*

36. Did you use the counter to pay for purchase? *Yes*

37. Which counter did you use? *Only one*

38. Was the counter accessible? *No*

39. Which way did you go after you left the Facility? *To the Right Then into Street Very holey my soup sliped trying to leave at door shut on me*

40. Any problems getting back to your vehicle? *They had to Bring me another Bag Because Soup was in Bag*

41. Any problems transferring from your wheelchair to your vehicle? *Just the holes in Road*

42. If you have any addition information you believe would assist us in evaluating this inquiry.

MLF0053060



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

March 4, 2013

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

RE: **ADAI No. 01561**
**Chan's Cedar Chinese Food, 3333 N. Cedar Ave., Fresno**

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/wl

MLF0053094

EX. 24-5

## Whitney Law

| | |
|---|---|
| **From:** | Whitney Law |
| **Sent:** | Monday, March 04, 2013 10:33 AM |
| **To:** | glevinsoncasp@gmail.com |
| **Cc:** | tanya@moorelawfirm.com |
| **Subject:** | Site inspection: 01561 Moore v. Chan's Cedar Chinese Food |
| **Attachments:** | Barrier Memo.docx |

Josh,

Please do a site inspection:

Chan's Cedar Chinese Food
3333 N. Cedar Ave
Fresno, CA 93726

Attached is the barrier memo.

Thanks,

Whitney Law
Paralegal
**Moore Law Firm, P.C.**
332 North Second Street
San Jose, California 95112
(408) 298-2000 Extension 238
(408) 298-6046 Facsimile
whitney@moorelawfirm.com

1

MLF0053096

EX. 24-6

**BARRIER MEMO**

ADAI No. :     01561

Case Name:    Moore v. Chan's Cedar Chinese Food

Address:      3333 N. Cedar Avenue, Fresno CA 93726

| Barrier | Description | Is it a valid barrier? |
|---|---|---|
| Poor accessible parking | Plaintiff parked in a space near the entrance of the Facility that was designated accessible, with only a faint accessible sign painted on the asphalt and no visible signage. Plaintiff was unable to locate an accessible route from the parking space to the entrance of the Facility, and was required to travel across a lane of traffic within the parking lot and over extremely uneven and cracked surfaces to reach the ramp leading to the entrance of the Facility. | Y / N |
| Ramp is very bad | The ramp leading from the parking lot to the sidewalk in front of the entrance to the Facility was very narrow, with an uneven surface, and leads out into the path of traffic within the parking lot, making it difficult and dangerous for Plaintiff to maneuver up and down the ramp in his wheelchair. | Y / N |
| High threshold at entrance | Plaintiff encountered a raised threshold at the door to the Facility which made it difficult for him to roll his wheelchair in and out of the door. The door closed on Plaintiff while he was attempting to get over the threshold on his way in and out of the Facility. On his way out of the Facility carrying his take-out meal, when the door closed onto Plaintiff it caused hot soup to spill from the bag Plaintiff was holding onto his lap, burning Plaintiff and requiring that he ask Facility staff for a new bag in which to carry his food. | Y / N |
| Counter not accessible | The cashier counter at the Facility was improperly configured and Plaintiff was not able to pull his wheelchair up close enough to reach to sign his credit card receipt. Plaintiff was required to sign his credit card receipt on his lap, which was difficult and embarrassing. | Y / N |

1

MLF0053097

EX. 24-7

| No accessible seating | Plaintiff was unable to locate an accessible table at which to eat his meal, and was forced to order his food to go. | Y / N |
|---|---|---|

MLF0053098

EX. 24-8

## Whitney Law

| | |
|---|---|
| **From:** | Geoshua Levinson |
| **Sent:** | Friday, March 15, 2013 5:16 PM |
| **To:** | Whitney Law |
| **Subject:** | Chan's Cedar Chinese Food, 3333 N. Cedar Ave, Fresno |
| **Attachments:** | Barrier Memo (8).docx |

Dropbox/Share with Josh/Chan's Cedar Chinese Food, 3333 N. Cedar Ave, Fresno

MLF0053099

EX. 24-9

**BARRIER MEMO**

**ADAI No. :**   01561

**Case Name:**   Moore v. Chan's Cedar Chinese Food

**Address:**   3333 N. Cedar Avenue, Fresno CA 93726

| Barrier | Description | Is it a valid barrier? |
|---|---|---|
| Poor accessible parking | Plaintiff parked in a space near the entrance of the Facility that was designated accessible, with only a faint accessible sign painted on the asphalt and no visible signage. Plaintiff was unable to locate an accessible route from the parking space to the entrance of the Facility, and was required to travel across a lane of traffic within the parking lot and over extremely uneven and cracked surfaces to reach the ramp leading to the entrance of the Facility. | Y |
| Ramp is very bad | The ramp leading from the parking lot to the sidewalk in front of the entrance to the Facility was very narrow, with an uneven surface, and leads out into the path of traffic within the parking lot, making it difficult and dangerous for Plaintiff to maneuver up and down the ramp in his wheelchair. | Y |
| High threshold at entrance | Plaintiff encountered a raised threshold at the door to the Facility which made it difficult for him to roll his wheelchair in and out of the door. The door closed on Plaintiff while he was attempting to get over the threshold on his way in and out of the Facility. On his way out of the Facility carrying his take-out meal, when the door closed onto Plaintiff it caused hot soup to spill from the bag Plaintiff was holding onto his lap, burning Plaintiff and requiring that he ask Facility staff for a new bag in which to carry his food. | Y |
| Counter not accessible | The cashier counter at the Facility was improperly configured and Plaintiff was not able to pull his wheelchair up close enough to reach to sign his credit card receipt. Plaintiff was required to sign his credit card receipt on his lap, which was difficult and embarrassing. | Y |

1

MLF0053100

EX. 24-10

| No accessible seating | Plaintiff was unable to locate an accessible table at which to eat his meal, and was forced to order his food to go. | Y / N |
|---|---|---|

MLF0053101

EX. 24-11



**Whitney Law**

| | |
|---|---|
| **From:** | Whitney Law |
| **Sent:** | Monday, March 18, 2013 9:13 AM |
| **To:** | tanya@moorelawfirm.com |
| **Subject:** | FW: Chan's Cedar Chinese Food, 3333 N. Cedar Ave, Fresno |
| **Attachments:** | Barrier Memo (8).docx |

Tanya, please review and let me know if we should prepare a complaint.

Thanks,

Whitney Law
Paralegal
Moore Law Firm, P.C.
332 North Second Street
San Jose, California 95112
(408) 298-2000 Extension 238
(408) 298-6046 Facsimile
whitney@moorelawfirm.com

-----Original Message-----
From: Geoshua Levinson [mailto:glevinson@westcoastcasp.com]
Sent: Friday, March 15, 2013 5:16 PM
To: Whitney Law
Subject: Chan's Cedar Chinese Food, 3333 N. Cedar Ave, Fresno

Dropbox/Share with Josh/Chan's Cedar Chinese Food, 3333 N. Cedar Ave, Fresno

1

MLF0053102

EX. 24-12



**Whitney Law**

| From: | Whitney Law |
| --- | --- |
| Sent: | Monday, March 18, 2013 9:13 AM |
| To: | tanya@moorelawfirm.com |
| Subject: | FW: Chan's Cedar Chinese Food, 3333 N. Cedar Ave, Fresno |
| Attachments: | Barrier Memo (8).docx |

Tanya, please review and let me know if we should prepare a complaint.

Thanks,

Whitney Law
Paralegal
Moore Law Firm, P.C.
332 North Second Street
San Jose, California 95112
(408) 298-2000 Extension 238
(408) 298-6046 Facsimile
whitney@moorelawfirm.com

-----Original Message-----
From: Geoshua Levinson [mailto:glevinson@westcoastcasp.com]
Sent: Friday, March 15, 2013 5:16 PM
To: Whitney Law
Subject: Chan's Cedar Chinese Food, 3333 N. Cedar Ave, Fresno

Dropbox/Share with Josh/Chan's Cedar Chinese Food, 3333 N. Cedar Ave, Fresno

1

MLF0053102

EX. 24-13

## Whitney Law

Yes, please proceed.

Tanya

-----Original Message-----
From: Whitney Law [mailto:whitney@moorelawfirm.com]
Sent: Monday, March 18, 2013 9:13 AM
To: tanya@moorelawfirm.com
Subject: FW: Chan's Cedar Chinese Food, 3333 N. Cedar Ave, Fresno

Tanya, please review and let me know if we should prepare a complaint.

Thanks,

Whitney Law
Paralegal
Moore Law Firm, P.C.
332 North Second Street
San Jose, California 95112
(408) 298-2000 Extension 238
(408) 298-6046 Facsimile
whitney@moorelawfirm.com


-----Original Message-----
From: Geoshua Levinson [mailto:glevinson@westcoastcasp.com]
Sent: Friday, March 15, 2013 5:16 PM
To: Whitney Law
Subject: Chan's Cedar Chinese Food, 3333 N. Cedar Ave, Fresno

Dropbox/Share with Josh/Chan's Cedar Chinese Food, 3333 N. Cedar Ave, Fresno

1

MLF0053103

EX. 24-14



# MOORE LAW FIRM
### PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

March 18, 2013

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

**RE:**   **ADAI No. 01561**
**Chan's Cedar Chinese Food, 3333 N. Cedar Ave, Fresno**

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for these matters. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

*Dictated but not read.*
*Sent without signature to avoid delay.*

Tanya Moore
Attorney at Law

TM/wl

Enclosure:  Fee Agreement

MLF0053095

EX. 24-15

**Whitney Law**

| | |
|---|---|
| **From:** | Whitney Law |
| **Sent:** | Tuesday, March 19, 2013 3:31 PM |
| **To:** | ronmoore441@gmail.com |
| **Subject:** | Chan's Cedar Chinese Food |
| **Attachments:** | ADA Complaint draft 2.pdf |

Dear Mr. Moore:

Attached please find a revised draft Complaint for your review. Please call when you are ready for me to fax you a Verification form.

Thank you,

Whitney Law
Paralegal
**Moore Law Firm, P.C.**
332 North Second Street
San Jose, California 95112
(408) 298-2000 Extension 238
(408) 298-6046 Facsimile
whitney@moorelawfirm.com

1

MLF0053074

EX. 24-16

1    Tanya E. Moore, SBN 206683
     MOORE LAW FIRM, P.C.
2    332 North Second Street
     San Jose, California 95112
3    Telephone (408) 298-2000
     Facsimile (408) 298-6046
4    E-mail: tanya@moorelawfirm.com

5    Attorneys for Plaintiff
     RONALD MOORE

6

7

8                 UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11   RONALD MOORE,                          )  No.
                                            )
12                  Plaintiff,              )  COMPLAINT ASSERTING DENIAL OF
                                            )  RIGHT OF ACCESS UNDER
13          vs.                             )  AMERICANS WITH DISABILITIES ACT
                                            )  FOR INJUNCTIVE RELIEF,
14   CHAN'S CEDAR CHINESE FOOD, LLC;        )  DECLARATORY RELIEF, DAMAGES,
     PASQUALE DESANTIS; CARMELA             )  ATTORNEYS' FEES AND COSTS (ADA)
15   DESANTIS; PIETRO DESANTIS;             )
                                            )
16                  Defendants.             )
                                            )
17                                          )
                                            )
18   ─────────────────────────────────────

19                        I. SUMMARY

20          1.      This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

21   discrimination at the building, structure, facility, complex, property, land, development,

22   and/or surrounding business complex known as:

23                  Chan's Cedar Chinese Food
                    3333 North Cedar Avenue
24                  Fresno, CA 93726
                    (hereafter "the Facility")
25

26          2.      Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

27   costs, against CHAN'S CEDAR CHINESE FOOD, LLC; PASQUALE DESANTIS;

28   CARMELA DESANTIS; PIETRO DESANTIS (hereinafter collectively referred to as

_____
*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

                        Page 1

MLF0053075

"Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II.    JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.    VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.    PARTIES

7.    Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8.    Plaintiff requires the use of a wheelchair when traveling about in public. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.    FACTS

9.    The Facility is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.    Plaintiff visited the Facility and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. Plaintiff personally encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or about January 26, 2013:

a)    Plaintiff parked in a space designated as accessible located at the east
        end of the row of parking spaces near the entrance to the Facility.

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

Page 2

MLF0053076

EX. 24-18

| | | |
|---|---|---|
| 1 | | Plaintiff was unable to locate an accessible route from the parking space |
| 2 | | to the entrance of the Facility, and was forced to travel across a lane of |
| 3 | | traffic within the parking lot and over extremely uneven and cracked |
| 4 | | surfaces to reach the ramp on the east end of the sidewalk leading to the |
| 5 | | entrance of the Facility. |
| 6 | b) | The ramp leading from the parking lot to the east end of the sidewalk in |
| 7 | | front of the entrance to the Facility was very narrow, with an uneven |
| 8 | | surface, and extended out into a route of vehicle traffic between two |
| 9 | | buildings, making it difficult and dangerous for Plaintiff to maneuver up |
| 10 | | and down the ramp in his wheelchair. When Plaintiff went down the |
| 11 | | ramp, his wheelchair rolled into the route of traffic. |
| 12 | c) | Plaintiff encountered a raised threshold at the door to the Facility which |
| 13 | | made it difficult for him to roll his wheelchair in and out of the door. |
| 14 | | The door closed on Plaintiff while he was attempting to get over the |
| 15 | | threshold on his way in and out of the Facility. When the door closed |
| 16 | | onto Plaintiff while he was exiting the Facility and carrying his takeout |
| 17 | | meal, it caused hot soup to spill from the bag Plaintiff was holding on |
| 18 | | his lap, burning Plaintiff and requiring that he ask Facility staff for a |
| 19 | | new bag in which to carry his food. |
| 20 | d) | The cashier counter at the Facility was improperly configured and |
| 21 | | Plaintiff was not able to pull his wheelchair close enough to reach to |
| 22 | | sign his credit card receipt. Plaintiff was required to sign his credit card |
| 23 | | receipt on his lap, which was both difficult and embarrassing. |
| 24 | e) | Plaintiff was unable to locate an accessible table at which to eat his meal |
| 25 | | and was forced to place his order to go and take it home to eat it. |

26    11.    The barriers identified in paragraph 10 herein are only those that Plaintiff

27  personally encountered.  Plaintiff is presently unaware of other barriers which may in fact

28  exist at the Facility and relate to his disabilities.  Plaintiff will seek to amend this Complaint

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

Page 3

MLF0053077

EX. 24-19

1   once such additional barriers are identified as it is Plaintiff's intention to have all barriers

2   which exist at the Facility and relate to his disabilities removed to afford him full and equal

3   access.

4       12.    Plaintiff was, and continues to be, deterred from visiting the Facility because

5   Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

6   accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

7   Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

8   once the barriers are removed.

9       13.    Defendants knew, or should have known, that these elements and areas of the

10  Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

11  the physically disabled.  Moreover, Defendants have the financial resources to remove these

12  barriers from the Facility (without much difficulty or expense), and make the Facility

13  accessible to the physically disabled.  To date, however, Defendants refuse to either remove

14  those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

15      14.    At all relevant times, Defendants have possessed and enjoyed sufficient

16  control and authority to modify the Facility to remove impediments to wheelchair access and

17  to comply with the 2010 Standards for Accessible Design and the California Code of

18  Regulations Title 24.  Defendants have not removed such impediments and have not

19  modified the Facility to conform to accessibility standards.  Defendants have intentionally

20  maintained the Facility in its current condition and have intentionally refrained from altering

21  the Facility so that it complies with the accessibility standards.

22      15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility

23  is so obvious as to establish Defendants discriminatory intent.  On information and belief,

24  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to

25  adhere to relevant building standards; disregard for the building plans and permits issued for

26  the Facility; conscientious decision to maintain the architectural layout (as it currently exists)

27  at the Facility; decision not to remove barriers from the Facility; and allowance that

28  Defendants' property continues to exist in its non-compliance state.  Plaintiff further alleges,

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

Page 4

MLF0053078

EX. 24-20

1   on information and belief, that the Facility is not in the midst of a remodel, and that the

2   barriers present at the Facility are not isolated (or temporary) interruptions in access due to

3   maintenance or repairs.

### VI.     FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

7   16.     Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

8   this claim.

9   17.     Title III of the ADA holds as a "general rule" that no individual shall be

10  discriminated against on the basis of disability in the full and equal enjoyment (or use) of

11  goods, services, facilities, privileges, and accommodations offered by any person who owns,

12  operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

13  18.     Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

14  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

15  Facility during each visit and each incident of deterrence.

#### Failure to Remove Architectural Barriers in an Existing Facility

17  19.     The ADA specifically prohibits failing to remove architectural barriers, which

18  are structural in nature, in existing facilities where such removal is readily achievable.  42

19  U.S.C. § 12182(b)(2)(A)(iv).

20  20.     When an entity can demonstrate that removal of a barrier is not readily

21  achievable, a failure to make goods, services, facilities, or accommodations available through

22  alternative methods is also specifically prohibited if these methods are readily achievable.

23  Id. § 12182(b)(2)(A)(v).

24  21.     Here, Plaintiff alleges that Defendants can easily remove the architectural

25  barriers at the Facility without much difficulty or expense, and that Defendants violated the

26  ADA by failing to remove those barriers, when it was readily achievable to do so.

27  22.     In the alternative, if it was not "readily achievable" for Defendants to remove

28  the Facility's barriers, then Defendants violated the ADA by failing to make the required

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0053079

EX. 24-21

1   services available through alternative methods, which are readily achievable.

2 <div align="center">Failure to Design and Construct an Accessible Facility</div>

3      23.    Plaintiff alleges on information and belief that the Facility was designed and

4 constructed (or both) after January 26, 1992 – independently triggering access requirements

5 under Title III of the ADA.

6      24.    The ADA also prohibits designing and constructing facilities for first

7 occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

8 with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

9      25.    Here, Defendants violated the ADA by designing and constructing (or both)

10 the Facility in a manner that was not readily accessible to the physically disabled public –

11 including Plaintiff – when it was structurally practical to do so.[1]

12 <div align="center">Failure to Make an Altered Facility Accessible</div>

13      26.    Plaintiff alleges on information and belief that the Facility was modified after

14 January 26, 1992, independently triggering access requirements under the ADA.

15      27.    The ADA also requires that facilities altered in a manner that affects (or could

16 affect) its usability must be made readily accessible to individuals with disabilities to the

17 maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a

18 facility's primary function also requires making the paths of travel, bathrooms, telephones,

19 and drinking fountains serving that area accessible to the maximum extent feasible. Id.

20      28.    Here, Defendants altered the Facility in a manner that violated the ADA and

21 was not readily accessible to the physically disabled public – including Plaintiff – to the

22 maximum extent feasible.

23 <div align="center">Failure to Modify Existing Policies and Procedures</div>

24      29.    The ADA also requires reasonable modifications in policies, practices, or

25 procedures, when necessary to afford such goods, services, facilities, or accommodations to

26 individuals with disabilities, unless the entity can demonstrate that making such

27 modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

28

[1] General under either state or federal statues

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

<div align="center">Page 6</div>

MLF0053080

<div align="center">EX. 24-22</div>

30. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32. Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII.    SECOND CLAIM

### Unruh Act

33. Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34. California Civil Code § 51 states, in part, that:  All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35. California Civil Code § 51.5 also states, in part that:  No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37. Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39. Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0053081

EX. 24-23

1    40.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

2    ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

3    § 52(a).

4                              **VIII. THIRD CLAIM**

5                **Denial of Full and Equal Access to Public Facilities**

6        41.    Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for

7    this claim.

8        42.    Health and Safety Code § 19955(a) states, in part, that:  California public

9    accommodations or facilities (built with private funds) shall adhere to the provisions of

10   Government Code § 4450.

11       43.    Health and Safety Code § 19959 states, in part, that:  Every existing (non-

12   exempt) public accommodation constructed prior to July 1, 1970, which is altered or

13   structurally repaired, is required to comply with this chapter.

14       44.    Plaintiff alleges the Facility is a public accommodation constructed, altered,

15   or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government

16   Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code

17   § 19956.

18       45.    Defendants' non-compliance with these requirements at the Facility aggrieved

19   (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

20   Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code

21   § 19953.

22                       **IX.    PRAYER FOR RELIEF**

23       . WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

24       1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

25       2.    Declaratory relief that Defendants violated the ADA for the purposes of

26   Unruh Act damages.

27       3.    Statutory minimum damages under section 52(a) of the California Civil Code

28   according to proof.

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0053082

EX. 24-24

1     4.    Attorneys' fees, litigation expense, and costs of suit.[2]

2     5.    Interest at the legal rate from the date of the filing of this action.

3     6.    For such other and further relief as the Court deems proper.

4

Dated: March 19, 2013             MOORE LAW FIRM, P.C.

5

6                           /s/ Tanya E. Moore

7                           Tanya E. Moore
                           Attorneys for Plaintiff,

8                           Ronald Moore

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0053083

EX. 24-25

**Whitney Law**

| | |
|---|---|
| **From:** | Whitney Law |
| **Sent:** | Tuesday, March 19, 2013 9:11 AM |
| **To:** | ronmoore441@gmail.com |
| **Subject:** | Chan's Cedar Chinese Food |
| **Attachments:** | ADA Complaint.pdf |

Dear Mr. Moore:

Attached please find a draft complaint in your claim against Chan's Cedar Chinese Food.

Please review it for accuracy and then give me a call so that I can fax you a Verification for your signature.

Thank you,

Whitney Law
Paralegal
**Moore Law Firm, P.C.**
332 North Second Street
San Jose, California 95112
(408) 298-2000 Extension 238
(408) 298-6046 Facsimile
whitney@moorelawfirm.com

MLF0053084

EX. 24-26

Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: tanya@moorelawfirm.com

Attorneys for Plaintiff
RONALD MOORE

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE, <br><br> Plaintiff, <br><br> vs. <br><br> CHAN'S CEDAR CHINESE FOOD, LLC; PASQUALE DESANTIS; CARMELA DESANTIS; PIETRO DESANTIS; <br><br> Defendants. | No. <br><br> **COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |

### I. SUMMARY

1.      This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> Chan's Cedar Chinese Food
> 3333 North Cedar Avenue
> Fresno, CA 93726
> (hereafter "the Facility")

2.      Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against CHAN'S CEDAR CHINESE FOOD, LLC; PASQUALE DESANTIS; CARMELA DESANTIS; PIETRO DESANTIS (hereinafter collectively referred to as

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0053085

EX. 24-27

"Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II.   JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.   PARTIES

7.     Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8.     Plaintiff requires the use of a wheelchair when traveling about in public. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.   FACTS

9.     The Facility is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.     Plaintiff visited the Facility and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility.   Plaintiff personally encountered the following barriers at the Facility during Plaintiff's visits to the Facility on or about January 26, 2013 and February 20, 2013:

a)     Plaintiff parked in a space designated as accessible located at the east end of the row of parking spaces near the entrance to the Facility.

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

Page 2

MLF0053086

EX. 24-28

| | | |
|---|---|---|
| 1 | | Plaintiff was unable to locate an accessible route from the parking space |
| 2 | | to the entrance of the Facility, and was forced to travel across a lane of |
| 3 | | traffic within the parking lot and over extremely uneven and cracked |
| 4 | | surfaces to reach the ramp on the east end of the sidewalk leading to the |
| 5 | | entrance of the Facility. |
| 6 | b) | The ramp leading from the parking lot to the east end of the sidewalk in |
| 7 | | front of the entrance to the Facility was very narrow, with an uneven |
| 8 | | surface, and extended out into the parking lot, making it difficult and |
| 9 | | dangerous for Plaintiff to maneuver up and down the ramp in his |
| 10 | | wheelchair. When Plaintiff went down the ramp, his wheelchair rolled |
| 11 | | into the path of traffic within the parking lot. |
| 12 | c) | Plaintiff encountered a raised threshold at the door to the Facility which |
| 13 | | made it difficult for him to roll his wheelchair in and out of the door. |
| 14 | | The door closed on Plaintiff while he was attempting to get over the |
| 15 | | threshold on his way in and out of the Facility. When the door closed |
| 16 | | onto Plaintiff while he was exiting the Facility and carrying his take-out |
| 17 | | meal, it caused hot soup to spill from the bag Plaintiff was holding on |
| 18 | | his lap, burning Plaintiff and requiring that he ask Facility staff for a |
| 19 | | new bag in which to carry his food. |
| 20 | d) | The cashier counter at the Facility was improperly configured and |
| 21 | | Plaintiff was not able to pull his wheelchair close enough to reach to |
| 22 | | sign his credit card receipt. Plaintiff was required to sign his credit card |
| 23 | | receipt on his lap, which was both difficult and embarrassing. |
| 24 | e) | During Plaintiff's visit to the Facility on or about January 26, 2013, |
| 25 | | Plaintiff was unable to locate an accessible table at which to eat his meal |
| 26 | | and was forced to change his order to takeout and go home to eat it. |
| 27 | | During Plaintiff's visit to the Facility on or about February 20, 2013, |
| 28 | | Plaintiff remembered that he could not locate an accessible table at his |

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0053087

EX. 24-29

1         earlier visit and was again forced to order his meal to go.

2       11.    The barriers identified in paragraph 10 herein are only those that Plaintiff

3 personally encountered. Plaintiff is presently unaware of other barriers which may in fact

4 exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint

5 once such additional barriers are identified as it is Plaintiff's intention to have all barriers

6 which exist at the Facility and relate to his disabilities removed to afford him full and equal

7 access.

8       12.    Plaintiff was, and continues to be, deterred from visiting the Facility because

9 Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

10 accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

11 Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

12 once the barriers are removed.

13       13.    Defendants knew, or should have known, that these elements and areas of the

14 Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

15 the physically disabled. Moreover, Defendants have the financial resources to remove these

16 barriers from the Facility (without much difficulty or expense), and make the Facility

17 accessible to the physically disabled. To date, however, Defendants refuse to either remove

18 those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

19       14.    At all relevant times, Defendants have possessed and enjoyed sufficient

20 control and authority to modify the Facility to remove impediments to wheelchair access and

21 to comply with the 2010 Standards for Accessible Design and the California Code of

22 Regulations Title 24. Defendants have not removed such impediments and have not

23 modified the Facility to conform to accessibility standards. Defendants have intentionally

24 maintained the Facility in its current condition and have intentionally refrained from altering

25 the Facility so that it complies with the accessibility standards.

26       15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility

27 is so obvious as to establish Defendants discriminatory intent. On information and belief,

28 Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

Page 4

MLF0053088

EX. 24-30

1  adhere to relevant building standards; disregard for the building plans and permits issued for

2  the Facility; conscientious decision to maintain the architectural layout (as it currently exists)

3  at the Facility; decision not to remove barriers from the Facility; and allowance that

4  Defendants' property continues to exist in its non-compliance state. Plaintiff further alleges,

5  on information and belief, that the Facility is not in the midst of a remodel, and that the

6  barriers present at the Facility are not isolated (or temporary) interruptions in access due to

7  maintenance or repairs.

## VI.    FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

11      16.     Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

12  this claim.

13      17.     Title III of the ADA holds as a "general rule" that no individual shall be

14  discriminated against on the basis of disability in the full and equal enjoyment (or use) of

15  goods, services, facilities, privileges, and accommodations offered by any person who owns,

16  operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

17      18.     Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

18  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

19  Facility during each visit and each incident of deterrence.

#### Failure to Remove Architectural Barriers in an Existing Facility

21      19.     The ADA specifically prohibits failing to remove architectural barriers, which

22  are structural in nature, in existing facilities where such removal is readily achievable. 42

23  U.S.C. § 12182(b)(2)(A)(iv).

24      20.     When an entity can demonstrate that removal of a barrier is not readily

25  achievable, a failure to make goods, services, facilities, or accommodations available through

26  alternative methods is also specifically prohibited if these methods are readily achievable.

27  Id. § 12182(b)(2)(A)(v).

28      21.     Here, Plaintiff alleges that Defendants can easily remove the architectural

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0053089

EX. 24-31

1 barriers at the Facility without much difficulty or expense, and that Defendants violated the

2 ADA by failing to remove those barriers, when it was readily achievable to do so.

3     22.    In the alternative, if it was not "readily achievable" for Defendants to remove

4 the Facility's barriers, then Defendants violated the ADA by failing to make the required

5 services available through alternative methods, which are readily achievable.

6 <u>Failure to Design and Construct an Accessible Facility</u>

7     23.    Plaintiff alleges on information and belief that the Facility was designed and

8 constructed (or both) after January 26, 1992 – independently triggering access requirements

9 under Title III of the ADA.

10     24.    The ADA also prohibits designing and constructing facilities for first

11 occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

12 with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

13     25.    Here, Defendants violated the ADA by designing and constructing (or both)

14 the Facility in a manner that was not readily accessible to the physically disabled public –

15 including Plaintiff – when it was structurally practical to do so.[1]

16 <u>Failure to Make an Altered Facility Accessible</u>

17     26.    Plaintiff alleges on information and belief that the Facility was modified after

18 January 26, 1992, independently triggering access requirements under the ADA.

19     27.    The ADA also requires that facilities altered in a manner that affects (or could

20 affect) its usability must be made readily accessible to individuals with disabilities to the

21 maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a

22 facility's primary function also requires making the paths of travel, bathrooms, telephones,

23 and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

24     28.    Here, Defendants altered the Facility in a manner that violated the ADA and

25 was not readily accessible to the physically disabled public – including Plaintiff – to the

26 maximum extent feasible.

27 //

28

---

[1] General under either state or federal statues

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0053090

EX. 24-32

<u>Failure to Modify Existing Policies and Procedures</u>

29.     The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).

30.     Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.     Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations.  42 U.S.C. § 12205.

32.     Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII.     SECOND CLAIM
### Unruh Act

33.     Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.     California Civil Code § 51 states, in part, that:  All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.     California Civil Code § 51.5 also states, in part that:  No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.     Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities,

MLF0053091

EX. 24-33

1    privileges and services in a business establishment (because of their physical disability).

2        38.     These acts and omissions (including the ones that violate the ADA) denied,

3    aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

4        39.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

5    minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

6        40.     Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

7    ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

8    § 52(a).

9                    **VIII. THIRD CLAIM**

10          **Denial of Full and Equal Access to Public Facilities**

11        41.     Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for

12    this claim.

13        42.     Health and Safety Code § 19955(a) states, in part, that:  California public

14    accommodations or facilities (built with private funds) shall adhere to the provisions of

15    Government Code § 4450.

16        43.     Health and Safety Code § 19959 states, in part, that:  Every existing (non-

17    exempt) public accommodation constructed prior to July 1, 1970, which is altered or

18    structurally repaired, is required to comply with this chapter.

19        44.     Plaintiff alleges the Facility is a public accommodation constructed, altered,

20    or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government

21    Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code

22    § 19956.

23        45.     Defendants' non-compliance with these requirements at the Facility aggrieved

24    (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

25    Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code

26    § 19953.

27    //

28    //

MLF0053092

EX. 24-34

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3.    Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

4.    Attorneys' fees, litigation expense, and costs of suit.[2]

5.    Interest at the legal rate from the date of the filing of this action.

6.    For such other and further relief as the Court deems proper.


Dated: March 19, 2013                    MOORE LAW FIRM, P.C.


                                         /s/ Tanya E. Moore
                                         Tanya E. Moore
                                         Attorneys for Plaintiff,
                                         Ronald Moore

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0053093

EX. 24-35

1  Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
2  332 North Second Street
San Jose, California 95112
3  Telephone (408) 298-2000
Facsimile (408) 298-6046
4  E-mail: tanya@moorelawfirm.com

5  Attorneys for Plaintiff
RONALD MOORE

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  RONALD MOORE,                        )  No.
                                         )
12              Plaintiff,               )  COMPLAINT ASSERTING DENIAL OF
                                         )  RIGHT OF ACCESS UNDER
13      vs.                              )  AMERICANS WITH DISABILITIES ACT
                                         )  FOR INJUNCTIVE RELIEF,
14  CHAN'S CEDAR CHINESE FOOD, LLC;      )  DECLARATORY RELIEF, DAMAGES,
    PASQUALE DESANTIS; CARMELA           )  ATTORNEYS' FEES AND COSTS (ADA)
15  DESANTIS; PIETRO DESANTIS;           )
                                         )
16              Defendants.              )
                                         )
17                                       )
                                         )
18  _____  )

19                          I. SUMMARY

20      1.      This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

21  discrimination at the building, structure, facility, complex, property, land, development,

22  and/or surrounding business complex known as:

23              Chan's Cedar Chinese Food
                3333 North Cedar Avenue
24              Fresno, CA 93726
                (hereafter "the Facility")
25

26      2.      Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

27  costs, against CHAN'S CEDAR CHINESE FOOD, LLC; PASQUALE DESANTIS;

28  CARMELA DESANTIS; PIETRO DESANTIS (hereinafter collectively referred to as

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

                          Page 1

MLF0053062



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

March 20, 2013

Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

Re:   **ADAI No. 01561**
*Ronald Moore v. Chan's Cedar Chinese Food, LLC, et al.*
*Case No. 1:13-cv-00411-AWI-SMS*

Dear Mr. Moore:

Enclosed please find a copy of the filed Complaint in the above-captioned matter for your records.

Sincerely,

Whitney Law
Paralegal

Enclosure

MLF0053061

EX. 24-37

Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: tanya@moorelawfirm.com

Attorneys for Plaintiff
RONALD MOORE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>          Plaintiff,<br><br>     vs.<br><br>CHAN'S CEDAR CHINESE FOOD, LLC;<br>PASQUALE DESANTIS; CARMELA<br>DESANTIS; PIETRO DESANTIS;<br><br>          Defendants. | No.<br><br>**COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |

## I. SUMMARY

1.     This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> Chan's Cedar Chinese Food
> 3333 North Cedar Avenue
> Fresno, CA 93726
> (hereafter "the Facility")

2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against CHAN'S CEDAR CHINESE FOOD, LLC; PASQUALE DESANTIS; CARMELA DESANTIS; PIETRO DESANTIS (hereinafter collectively referred to as

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0049183

EX. 24-38

1  "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101

2  et seq.) ("ADA") and related California statutes.

### II.   JURISDICTION

3      3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for

4  ADA claims.

5      4.    Supplemental jurisdiction for claims brought under parallel California law –

6  arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

7      5.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

### III.   VENUE

8      6.    All actions complained of herein take place within the jurisdiction of the

9  United States District Court, Eastern District of California, and venue is invoked pursuant to

10  28 U.S.C. § 1391(b), (c).

### IV.   PARTIES

11      7.    Defendants own, operate, and/or lease the Facility, and consist of a person (or

12  persons), firm, and/or corporation.

13      8.    Plaintiff requires the use of a wheelchair when traveling about in public.

14  Consequently, Plaintiff is "physically disabled," as defined by all applicable California and

15  United States laws, and a member of the public whose rights are protected by these laws.

### V.   FACTS

16      9.    The Facility is a public accommodation facility, open to the public, which is

17  intended for nonresidential use and whose operation affects commerce.

18      10.    Plaintiff visited the Facility and encountered barriers (both physical and

19  intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

20  goods, services, privileges and accommodations offered at the Facility.  Plaintiff personally

21  encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

22  about January 26, 2013:

23      a)    Plaintiff parked in a space designated as accessible located at the east

24      end of the row of parking spaces near the entrance to the Facility.

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0049184

EX. 24-39

Plaintiff was unable to locate an accessible route from the parking space to the entrance of the Facility, and was forced to travel across a lane of traffic within the parking lot and over extremely uneven and cracked surfaces to reach the ramp on the east end of the sidewalk leading to the entrance of the Facility.

b) The ramp leading from the parking lot to the east end of the sidewalk in front of the entrance to the Facility was very narrow, with an uneven surface, and extended out into a route of vehicle traffic between two buildings, making it difficult and dangerous for Plaintiff to maneuver up and down the ramp in his wheelchair. When Plaintiff went down the ramp, his wheelchair rolled into the route of traffic.

c) Plaintiff encountered a raised threshold at the door to the Facility which made it difficult for him to roll his wheelchair in and out of the door. The door closed on Plaintiff while he was attempting to get over the threshold on his way in and out of the Facility. When the door closed onto Plaintiff while he was exiting the Facility and carrying his takeout meal, it caused hot soup to spill from the bag Plaintiff was holding on his lap, burning Plaintiff and requiring that he ask Facility staff for a new bag in which to carry his food.

d) The cashier counter at the Facility was improperly configured and Plaintiff was not able to pull his wheelchair close enough to reach to sign his credit card receipt. Plaintiff was required to sign his credit card receipt on his lap, which was both difficult and embarrassing.

e) Plaintiff was unable to locate an accessible table at which to eat his meal and was forced to place his order to go and take it home to eat it.

11. The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

Page 3

MLF0049185

1  once such additional barriers are identified as it is Plaintiff's intention to have all barriers

2  which exist at the Facility and relate to his disabilities removed to afford him full and equal

3  access.

4      12.  Plaintiff was, and continues to be, deterred from visiting the Facility because

5  Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

6  accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

7  Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

8  once the barriers are removed.

9      13.  Defendants knew, or should have known, that these elements and areas of the

10  Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

11  the physically disabled.  Moreover, Defendants have the financial resources to remove these

12  barriers from the Facility (without much difficulty or expense), and make the Facility

13  accessible to the physically disabled.  To date, however, Defendants refuse to either remove

14  those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

15      14.  At all relevant times, Defendants have possessed and enjoyed sufficient

16  control and authority to modify the Facility to remove impediments to wheelchair access and

17  to comply with the 2010 Standards for Accessible Design and the California Code of

18  Regulations Title 24.  Defendants have not removed such impediments and have not

19  modified the Facility to conform to accessibility standards.  Defendants have intentionally

20  maintained the Facility in its current condition and have intentionally refrained from altering

21  the Facility so that it complies with the accessibility standards.

22      15.  Plaintiff further alleges that the (continued) presence of barriers at the Facility

23  is so obvious as to establish Defendants discriminatory intent.  On information and belief,

24  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to

25  adhere to relevant building standards; disregard for the building plans and permits issued for

26  the Facility; conscientious decision to maintain the architectural layout (as it currently exists)

27  at the Facility; decision not to remove barriers from the Facility; and allowance that

28  Defendants' property continues to exist in its non-compliance state.  Plaintiff further alleges,

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0049186

EX. 24-41

1  on information and belief, that the Facility is not in the midst of a remodel, and that the

2  barriers present at the Facility are not isolated (or temporary) interruptions in access due to

3  maintenance or repairs.

## VI.   FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

7      16.   Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

8  this claim.

9      17.   Title III of the ADA holds as a "general rule" that no individual shall be

10  discriminated against on the basis of disability in the full and equal enjoyment (or use) of

11  goods, services, facilities, privileges, and accommodations offered by any person who owns,

12  operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

13      18.   Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

14  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

15  Facility during each visit and each incident of deterrence.

#### Failure to Remove Architectural Barriers in an Existing Facility

17      19.   The ADA specifically prohibits failing to remove architectural barriers, which

18  are structural in nature, in existing facilities where such removal is readily achievable.  42

19  U.S.C. § 12182(b)(2)(A)(iv).

20      20.   When an entity can demonstrate that removal of a barrier is not readily

21  achievable, a failure to make goods, services, facilities, or accommodations available through

22  alternative methods is also specifically prohibited if these methods are readily achievable.

23  Id. § 12182(b)(2)(A)(v).

24      21.   Here, Plaintiff alleges that Defendants can easily remove the architectural

25  barriers at the Facility without much difficulty or expense, and that Defendants violated the

26  ADA by failing to remove those barriers, when it was readily achievable to do so.

27      22.   In the alternative, if it was not "readily achievable" for Defendants to remove

28  the Facility's barriers, then Defendants violated the ADA by failing to make the required

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0049187

1  services available through alternative methods, which are readily achievable.

2  <center>Failure to Design and Construct an Accessible Facility</center>

3      23.    Plaintiff alleges on information and belief that the Facility was designed and

4  constructed (or both) after January 26, 1992 – independently triggering access requirements

5  under Title III of the ADA.

6      24.    The ADA also prohibits designing and constructing facilities for first

7  occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

8  with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

9      25.    Here, Defendants violated the ADA by designing and constructing (or both)

10  the Facility in a manner that was not readily accessible to the physically disabled public –

11  including Plaintiff – when it was structurally practical to do so.[1]

12  <center>Failure to Make an Altered Facility Accessible</center>

13      26.    Plaintiff alleges on information and belief that the Facility was modified after

14  January 26, 1992, independently triggering access requirements under the ADA.

15      27.    The ADA also requires that facilities altered in a manner that affects (or could

16  affect) its usability must be made readily accessible to individuals with disabilities to the

17  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a

18  facility's primary function also requires making the paths of travel, bathrooms, telephones,

19  and drinking fountains serving that area accessible to the maximum extent feasible. Id.

20      28.    Here, Defendants altered the Facility in a manner that violated the ADA and

21  was not readily accessible to the physically disabled public – including Plaintiff – to the

22  maximum extent feasible.

23  <center>Failure to Modify Existing Policies and Procedures</center>

24      29.    The ADA also requires reasonable modifications in policies, practices, or

25  procedures, when necessary to afford such goods, services, facilities, or accommodations to

26  individuals with disabilities, unless the entity can demonstrate that making such

27  modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

28

---

[1] General under either state or federal statues

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0049188

30.     Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.     Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations.  42 U.S.C. § 12205.

32.     Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII.     SECOND CLAIM

### Unruh Act

33.     Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.     California Civil Code § 51 states, in part, that:  All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.     California Civil Code § 51.5 also states, in part that:  No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.     Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0049189

EX. 24-44

1    40.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

2  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

3  § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

6    41.    Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for

7  this claim.

8    42.    Health and Safety Code § 19955(a) states, in part, that:  California public

9  accommodations or facilities (built with private funds) shall adhere to the provisions of

10  Government Code § 4450.

11    43.    Health and Safety Code § 19959 states, in part, that:  Every existing (non-

12  exempt) public accommodation constructed prior to July 1, 1970, which is altered or

13  structurally repaired, is required to comply with this chapter.

14    44.    Plaintiff alleges the Facility is a public accommodation constructed, altered,

15  or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government

16  Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code

17  § 19956.

18    45.    Defendants' non-compliance with these requirements at the Facility aggrieved

19  (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

20  Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code

21  § 19953.

## IX.    PRAYER FOR RELIEF

23    WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

24    1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

25    2.    Declaratory relief that Defendants violated the ADA for the purposes of

26  Unruh Act damages.

27    3.    Statutory minimum damages under section 52(a) of the California Civil Code

28  according to proof.

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0049190

EX. 24-45

4.     Attorneys' fees, litigation expense, and costs of suit.[2]

5.     Interest at the legal rate from the date of the filing of this action.

6.     For such other and further relief as the Court deems proper.

Dated: March 19, 2013                          MOORE LAW FIRM, P.C.


                                               /s/ Tanya E. Moore
                                               Tanya E. Moore
                                               Attorneys for Plaintiff,
                                               Ronald Moore

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*
Complaint

MLF0049191

EX. 24-46

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: _3/19/13_ 

Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

/s/ Tanya E. Moore
Tanya E. Moore, Attorney for
Plaintiff, Ronald Moore

*Moore v. Chan's Cedar Chinese Food, LLC, et al.*

MLF0049192

EX. 24-47

**Exhibit 25**

h Marie

MEXICAN RESTAURANT
THANK YOU

01/31/2012  2:37PM    25
000000#3668    CLERK25

NO SALE

EL GRAN RODEO
MEXICAN RESTAURANT
THANK YOU

01/31/2012  3:02PM    25
000000#3669    CLERK25

DEPT.01         11 $5.25
DEPT.01         11 $5.25
                2 @ $2.00
DEPT.01         11 $4.00
MDSE ST         $14.50
TAX1            $1.30

ITEMS          4Q
               $15.80



TAKE ORDER
LEFT TO RIGHT —
CLOCKWISE

| Date | Table | Guests | Server | 316158 |

APPT — SOUP/SAL — ENTREE — VEG/POT — DESSERT — BEV

3 CP Tacos      5.25

3 CP Tacos      5.25

1 Hor           2.00
1 Ice           2.00

Tax
Total          15.80

Thank You — Please Come Again

NCC 3516    WAITRPAD™    www.nationalchecking.com    MADE IN THE USA



Serrano Chipotle
Mexican Restaurant
Hector Serrano
OWNER

Ph.(559)454-0516
4815 E. Mckinley Ave. Fresno, CA. 93703

2

MLF0027238

EX. 25-2

R. Moore

```
EL GRAN RODEO
MEXICAN RESTAURANT
     THANK YOU

01/15/2014  3:42PM    25
000000#2872      CLERK25

DEPT.01            $1.75
DEPT.01            $1.75
NOSE SI            $3.50
TAXI               $0.31

ITEMS       20
***TOTAL        $3. 81
CASH            $10.00
CHA
```

Ring go's into
Street,
Bathroon
Front Door
Same place
Just Another
Name there using

MLF0027239

EX. 25-3

No parking
No signs
No Rings
Front Door
Bath Room Door

Tacos @ Resturant
next to Taco Bell
McKinley & chestnut
Shopping Center

MyYP.com

Valley
YellowPages.
The better book. Since 1973.

MLF0027240

EX. 25-4



| Day | Amount | Guests | |
|-----|--------|--------|--------|
| 02/22 | #1797 | #4 | 196485 |

Thank you! ☺

Guest Receipt

Serrano
chikolte
mckinley

MLF0027241

EX. 25-5

Tanya E. Moore, SBN 206683
K. Randolph Moore, SBN 106933
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
Email: tanya@moorelawfirm.com

Attorneys for Plaintiff
RONALD MOORE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>       Plaintiff,<br><br>       vs.<br><br>JUAN CISNEROS, HECTOR M. SERRANO dba SERRANO CHIPOTLE MEXICAN RESTAURANT,<br><br>       Defendants. | No.<br><br>**PLAINTIFF'S COMPLAINT ASSERTING DENIAL OF RIGHT OF ACESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |

## I. SUMMARY

1.    This is a civil rights action by plaintiff RONALD MOORE ("MOORE") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Serrano Chipotle Mexican Restaurant
4815 E. McKinley Avenue
Fresno, CA 93703
(hereafter "the Facility")

2.    Moore seeks damages, injunctive and declaratory relief, attorney fees and costs, against Juan Cisneros, Hector M. Serrano dba Serrano Chipotle Mexican Restaurant,

*Moore v. Cisneros, et al*

Complaint

MLF0027266

EX. 25-6

(hereinafter referred to as "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II.   JURISDICTION

3.   This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.   Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.   Moore's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

6.   All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.   PARTIES

7.   Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8.   Moore requires the use of a wheelchair when traveling about in public. Consequently, Moore is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.   FACTS

9.   The Facility is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.   Moore visited the Facility and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Moore's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility.   Moore personally encountered the following barriers at the Facility:

  a)  Moore had difficulty transferring from his vehicle to his wheelchair because of the illegal, built up ramp located in the access aisle;

*Moore v. Cisneros, et al*                                                                                                Complaint

MLF0027267

EX. 25-7

b)    Moore had further difficulty entering the Facility as the front door configuration made it difficult for him to enter without injuring his hands;

c)    The front door slammed on his wheelchair as he was trying to make it in;

d)    The bathroom door was configured in a way that made it quite difficult for Moore to exit the restroom.

11.    Moore was, and continues to be, deterred from visiting the Facility because he knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Moore due to his physical disabilities. Moore continues to be deterred from visiting the Facility because of the future threats of injury created by these barriers due to his physical disabilities including, but not limited to:

a) Missing and/or incorrect warning signage is installed at the parking facilities;

b) Accessible parking spaces and access aisles are not properly configured and/or exceed the maximum slope allowed;

c) Parking spaces and/or access aisles reserved for persons with disabilities are improperly marked and/or identified;

d) There is no properly configured and/or identified accessible route provided within the boundary of the site;

e) There are no sufficient clearances provided for a wheelchair inside the Facility;

f) There is no accessible seating provided in the Facility;

g) There is no accessible restroom provided.

Moore enjoys the goods and services offered at the Facility, lives nearby, and will return to the Facility once the barriers are removed.

12.    Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

*Moore v. Cisneros, et al*                                               Complaint

MLF0027268

EX. 25-8

13.    At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.   Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards.   Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

## VI.    FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

14.    Moore incorporates the allegations contained in paragraphs 1 through 13 for this claim.

15.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

16.    Defendants discriminated against Moore by denying him "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

#### Failure to Remove Architectural Barriers in an Existing Facility

17.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

18.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable.

*Moore v. Cisneros, et al*                                                                                    Complaint

MLF0027269

EX. 25-9

1  Id. § 12182(b)(2)(A)(v).

2      19.    Here, Moore alleges that Defendants can easily remove the architectural

3  barriers at the Facility without much difficulty or expense, and that Defendants violated the

4  ADA by failing to remove those barriers, when it was readily achievable to do so.

5      20.    In the alternative, if it was not "readily achievable" for Defendants to remove

6  the Facility's barriers, then Defendants violated the ADA by failing to make the required

7  services available through alternative methods, which are readily achievable.

8                    Failure to Design and Construct and Accessible Facility

9      21.    Moore alleges on information and belief that the Facility was designed and

10  constructed (or both) after January 26, 1992 – independently triggering access requirements

11  under Title III of the ADA.

12      22.    The ADA also prohibits designing and constructing facilities for first

13  occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

14  with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).

15      23.    Here, Defendants violated the ADA by designing and constructing (or both)

16  the Facility in a manner that was not readily accessible to the physically disabled public,

17  including Moore, when it was structurally practical to do so.[1]

18                    Failure to Make an Altered Facility Accessible

19      24.    Moore alleges on information and belief that the Facility was modified after

20  January 26, 1992, independently triggering access requirements under the ADA.

21      25.    The ADA also requires that facilities altered in a manner that affects (or could

22  affect) its usability must be made readily accessible to individuals with disabilities to the

23  maximum extent feasible.  42 U.S.C. § 12183(a)(2).  Altering an area that contains a

24  facility's primary function also requires making the paths of travel, bathrooms, telephones,

25  and drinking fountains serving that area accessible to the maximum extent feasible. Id.

26

27

28

---

[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a
private attorney general under either state or federal statutes.

Moore v. Cisneros, et al                                                      Complaint

MLF0027270

EX. 25-10

1    26.    Here, Defendants altered the Facility in a manner that violated the ADA and

2    was not readily accessible to the physically disabled public, including Moore, to the

3    maximum extent feasible.

4                    Failure to Modify Existing Policies and Procedures

5    27.    The ADA also requires reasonable modifications in policies, practices, or

6    procedures, when necessary to afford such goods, services, facilities, or accommodations to

7    individuals with disabilities, unless the entity can demonstrate that making such

8    modifications would fundamentally alter their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).

9    28.    Here, Defendants violated the ADA by failing to make reasonable

10   modifications in policies, practices, or procedures at the Facility, when these modifications

11   were necessary to afford (and would not fundamentally alter the nature of) these goods,

12   services, facilities, or accommodations.

13   29.    Moore seeks all relief available under the ADA (i.e., injunctive relief, attorney

14   fees, costs, legal expense) for these aforementioned violations.  42 U.S.C. § 12205.

15   30.    Moore also seeks a finding from this Court (i.e., declaratory relief) that

16   Defendants violated the ADA in order to pursue damages under California's Unruh Civil

17   Rights Act or Disabled Persons Act.

18                    **VII.    SECOND CLAIM**

19                    **Disabled Persons Act**

20   31.    Moore incorporates the allegations contained in paragraphs 1 through 30 for

21   this claim.

22   32.    California Civil Code § 54 states, in part, that: Individuals with disabilities

23   have the same right as the general public to the full and free use of the streets, sidewalks,

24   walkways, public buildings and facilities, and other public places.

25   33.    California Civil Code § 54.1 also states, in part, that: Individuals with

26   disabilities shall be entitled to full and equal access to accommodations, facilities, telephone

27   facilities, places of public accommodation, and other places to which the general public is

28   invited.

*Moore v. Cisneros, et al*                                              Complaint

MLF0027271

EX. 25-11

1      34.    Both sections specifically incorporate (by reference) an individual's rights

2 under the ADA. *See* Civil Code §§ 54(c) and 54.1(d).

3      35.    Here, Defendants discriminated against the physically disabled public,

4 including Moore, by denying them full and equal access to the Facility. Defendants also

5 violated Moores's rights under the ADA, and therefore, infringed upon or violated (or both)

6 Moore's rights under the Disabled Persons Act.

7      36.    For each offense of the Disabled Persons Act, Moore seeks actual damages

8 (both general and special damages), statutory minimum damages of one thousand dollars

9 ($1,000), declaratory relief, and any other remedy available under California Civil Code §

10 54.3.

11      37.    Moore also seeks to enjoin Defendants from violating the Disabled Persons

12 Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees

13 and costs incurred under California Civil Code §§ 54.3 and 55.

14               **VIII.   THIRD CLAIM**

15               **Unruh Civil Rights Act**

16      38.    Moore incorporates the allegations contained in paragraphs 1 through 37 for

17 this claim.

18      39.    California Civil Code § 51 states, in part, that: All persons within the

19 jurisdiction of this state are entitled to the full and equal accommodations, advantages,

20 facilities, privileges, or services in all business establishments of every kind whatsoever.

21      40.    California Civil Code § 51.5 also states, in part that: No business

22 establishment of any kind whatsoever shall discriminate against any person in this state

23 because of the disability of the person.

24      41.    California Civil Code § 51(f) specifically incorporates (by reference) an

25 individual's rights under the ADA into the Unruh Act.

26      42.    Defendants' aforementioned acts and omissions denied the physically

27 disabled public, including Moore, full and equal accommodations, advantages, facilities,

28 privileges and services in a business establishment (because of their physical disability).

*Moore v. Cisneros, et al*                                      Complaint

MLF0027272

EX. 25-12

1    43.   These acts and omissions (including the ones that violate the ADA) denied,

2  aided or incited a denial, or discriminated against Moore by violating the Unruh Act.

3    44.   Moore was damaged by Defendants' wrongful conduct, and seeks statutory

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Moore v. Cisneros, et al*                                             Complaint

MLF0027273

EX. 25-13

1   minimum damages of four thousand dollars ($4,000) for each offense.

2       45.    Moore also seeks to enjoin Defendants from violating the Unruh Act (and

3   ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

4   § 52(a).

5   ## IX. FOURTH CLAIM

6   ### Denial of Full and Equal Access to Public Facilities

7       46.    Moore incorporates the allegations contained in paragraphs 1 through 45 for

8   this claim.

9       47.    Health and Safety Code § 19955(a) states, in part, that:  California public

10  accommodations or facilities (built with private funds) shall adhere to the provisions of

11  Government Code § 4450.

12      48.    Health and Safety Code § 19959 states, in part, that: Every existing (non-

13  exempt) public accommodation constructed prior to July 1, 1970, which is altered or

14  structurally repaired, is required to comply with this chapter.

15      49.    Moore alleges the Facility is a public accommodation constructed, altered, or

16  repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government

17  Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code §

18  19956.

19      50.   Defendants' non-compliance with these requirements at the Facility aggrieved

20  (or potentially aggrieved) Moore and other persons with physical disabilities.  Accordingly,

21  Moore seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

22  ## X.    PRAYER FOR RELIEF

23      WHEREFORE, Moore prays judgment against Defendants, and each of them, for:

24      1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

25      2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh

26      Act or Disabled Persons Act damages.

27      3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the

28      California Civil Code (but not both) according to proof.

*Moore v. Cisneros, et al*                                       Complaint

MLF0027274

EX. 25-14

4. Attorneys' fees, litigation expense, and costs of suit.[2]

5. Interest at the legal rate from the date of the filing of this action.

6. For such other and further relief as the Court deems proper.

Dated: February 9, 2012

MOORE LAW FIRM, P.C.

/s/ Tanya E. Moore
Tanya E. Moore
Attorneys for Plaintiff,
Ronald Moore

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Cisneros, et al*

Complaint

Page 10

MLF0027275

EX. 25-15

# Exhibit 26

YOUR RECEIPT
THANK YOU
CALL AGAIN

S C HOUSE OF DONUTS
& PASTRIES 2014 N MAPLE
FRESNO CA 93720
559-222-6948

REC: 22-2010 19:17
0000b

DEPT 12          $3.69
TOTAL            $3.69
CASH             $5.00
CHANGE           $1.31
OPEN 7 days
always fresh
RODAS FAMILY

next door to
my slice pizza
also Bad parking
& no Ramp Bad Table

YOUR RECEIPT
THANK YOU
CALL AGAIN

S C HOUSE OF DONUTS
& PASTRIES 2014 N MAPLE
FRESNO CA 93720
559-222-6948

REC: 22-2010 19:17
0000b

DEPT 12          $3.69
TOTAL            $3.69
CASH             $5.00
CHANGE           $1.31
OPEN 7 days
always fresh
RODAS FAMILY

MLF0046772

EX. 26-2

K&C HOUSE OF DONUTS
7017 N MAPLE AVE
FRESNO, CA 93720

TERMINAL I.D.:
MERCHANT #:

MASTERCARD

SALE

BATCH #
DATE DEC 17, 12          INV#: 000012
                         TPS: 1503
RRN:                AUTH#:971751
AVS RESP#:

TOTAL                    $7.49

I AGREE TO PAY ABOVE TOTAL AMOUNT
ACCORDING TO CARD ISSUER AGREEMENT
(MERCHANT AGREEMENT IF CREDIT VOUCH)
THANK YOU

TOP COPY - MERCHANT
BOTTOM COPY - CUSTOMER

MLF0046819

EX. 26-3

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

ADAI No. 00792

(Facility)

1. What is the name of the Facility? _KJC Donuts_

2. When did you visit the Facility? get onnut (Date) 2/22/10 (Time) 7:00pm

3. What is the address of the Facility? 7014 maple Ave RPOSWGA

4. Was this your first visit to the Facility? _R No_

5. How many times have you visited the Facility? _?_ If more than one visit, please list the date and time if you know it. _Don't Know_

6. What was the purpose of your visit? _to get Donut's_

7. Who accompanied you to the Facility? _My Grandson Ronny_

8. What car did you drive to the Facility? _m jwe_

9. Did you drive yourself of did you get a ride from someone else? _+ above_

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _in Front_

11. Was it difficult for you to park there? _Yes_

12. Why? _no H/P parking_

13. How did you unload from your vehicle? _Rear_

14. What side of the vehicle did you unload from? Driver or passenger? _Driver_

15. Did anyone help you to transfer onto your wheelchair? _Grandson Ronny_

16. What problems did you encounter transferring onto your wheelchair?
_No Ramp Grandson had to Help me up onto sidewalk_

17. Which way did you go from the parking to the entrance of the Facility? _to the Right behind cars to empty spot up the curb_

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.
_No Ramp Then saw there was a Ramp at the End of the Row and had to go Behind car to get Back to my car_

19. Did you encounter any problems opening the door? Describe why. _Yes Door opened outward_

20. Did you have any problems inside the Facility? Describe. _Couldn't see everything_

MLF0046796

EX. 26-4

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

ADAI No. _OO792_

(Facility)

1. What is the name of the Facility? _KJC Donuts_

2. When did you visit the Facility? _got coming_ (Date) _4/22/10_ (Time) _740pm_

3. What is the address of the Facility? _7014 maple Ave Rposwga_

4. Was this your first visit to the Facility? _No_

5. How many times have you visited the Facility? _?_ If more than one visit, please list the date and time if you know it. _Don't Know_

6. What was the purpose of your visit? _to get Donuts_

7. Who accompanied you to the Facility? _My Grandson Ronny_

8. What car did you drive to the Facility? _m jwe_

9. Did you drive yourself of did you get a ride from someone else? _I Drove_

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _IN FRONT_

11. Was it difficult for you to park there? _yes_

12. Why? _No H/C parking_

13. How did you unload from your vehicle? _Ran_

14. What side of the vehicle did you unload from? Driver or passenger? _Driver_

15. Did anyone help you to transfer onto your wheelchair? _Grandson Ronny_

16. What problems did you encounter transferring onto your wheelchair?

_No Ramp Grandson had to Help me up onto sidwaulk_

17. Which way did you go from the parking to the entrance of the Facility? _to the Right Behind cars to emtys spot up the curb_

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

_No Ramp Then saw there was a Ramp at the End of the Row and Had to go Behind car to get Back to my Car_

19. Did you encounter any problems opening the door? Describe why. _Yes Door opened outward_

20. Did you have any problems inside the Facility? Describe. _Could not see Everthing_

MLF0046817

EX. 26-5

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE
ADAI No. _792_
(Facility)

_____

_____

21. What did you purchase (or what meal did you have there). Describe: _Donuts_

_____

22. Have you used the restroom at the Facility? _No_

23. Why did you need to use the restroom? _No_

24. Did you use the sink? _NO_

25. Any problems? _No_

26. Did you use the urinal? _No_

27. Did you use the toilet? _No_

28. Did you use the toilet paper? _No_

29. Did you use paper towels? _No_

30. Did you use the soap dispenser? _No_

31. Did you have any problem maneuvering inside the restroom? _No_

32. Where did you sit? _at the End of the table_

33. Was there any seating provided inside the Facility? _yes Little Booths_

34. Was it wheelchair accessible? _No_

35. Where you comfortable at the table? _No_

36. Did you use the counter to pay for purchase? _yes_

37. Which counter did you use? _Counter in Front_

38. Was the counter accessible? _Not Really_

39. Which way did you go after you left the Facility? _Left_

40. Any problems getting back to your vehicle? _yes had to go into street Behind All the Cars to get Back to my car no Rest of travel_

41. Any problems transferring from your wheelchair to your vehicle? _yes It's on a Slope_

42. If you have any addition information you believe would assist us in evaluating this inquiry.
_No Sign's No rest of travel_

MLF0046818

EX. 26-6



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
Attorney at Law

Martha H. Alvizo
Paralegal

September 10, 2010

Mr. Ronald Moore
80 N. Hughes Ave
Clovis, CA 93612

Re: *El Pueblito Restaurant, BJ'S Kountry Kitchen, Burger King, Chapala Mexican Restaurant, Chile My Corona, Clovis 8, El Gran Rodeo, Donut Shop, Mateos, Donut Nation, DO Cakes, Los Banos Donuts, Fajita Fiesta, Fresh & Easy, Fosters Freeze, Ihop, Handi Stop, Joes Steakhouse, Kwik Serve Mkt, La Nobleza, My Slice Pizza, K & C, McDonalds, Rite Aid, Robertitos, Ryan's Place, SaveMart, Susie's Deals, Subway, Shushi and Sake Bar, Smokehouse, Supercuts, Royal Palace, Tahoe's Joe's, The Original, Valli Gas, Yogurt.*

Dear Mr. Moore:

This letter is to inform you that we have received your request to file a lawsuit on your behalf against the above-referenced facility along with the receipt of purchase you provided. Please be advised that we will investigate the barriers to access encountered by you and advise you within three weeks if we decide to accept this case.

Thank you for sending us this information. If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

Tanya Moore

Tanya Moore
Attorney at Law

TM/ma

MLF0046737

EX. 26-7





# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

October 17, 2012

Mr. Ronald Moore
80 N. Hughes Ave.
Clovis, CA 93612

Re:   **ADAI No.0792**

**K & C Donuts (Facility), 7014 Maple Ave, Fresno CA**

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt of purchase you provided.

In order for us to evaluate the inquiry and determine if you have a cause of action under the ADA and applicable California statutes we must first obtain information from you regarding the barriers you encountered at the time of your visit to the Facility.   Please complete the questionnaire provided with this letter.  Please provide specific details. This information will assist us in documenting the existence of the barriers at the Facility.

Your complete and prompt response to this questionnaire is crucial information that is necessary.  Please be advised that we will not be able to proceed with this case until we receive the completely filled out questionnaire.

Kindest regarding,

Tanya Moore
Attorney at Law

TM/ms

Enclosure:    Public Accommodation Visit Questionnaire

MLF0046797

EX. 26-8



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER.

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

January 28, 2013

Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

Re:    ADAI No. 0792
       *Moore v. Stephen Ronald Cloud, Sr., et al.*

Dear Mr. Moore:

Enclosed for your review is a Complaint in your claim against K & C House of Donuts for your review prior to filing. Please specifically review Paragraph 10 for factual accuracy and promptly call us if we need to make any changes.

As you know, you are required by law to now sign a verification that will be attached to every complaint we file on your behalf. If the Complaint is factually accurate, please **sign AND date** the enclosed Verification then scan or fax it back to us at your earliest convenience so that we may file your claim as soon as possible.

Thank you for your attention and we look forward to your response.

Sincerely,

Whitney Law
Paralegal

Enclosures

MLF0046785

1    Tanya E. Moore, SBN 206683
     MOORE LAW FIRM, P.C.
2    332 North Second Street
     San Jose, California 95112
3    Telephone (408) 298-2000
     Facsimile (408) 298-6046
4    E-mail: tanya@moorelawfirm.com

5    Attorneys for Plaintiff
     Ronald Moore

6

7

8                 **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11    RONALD MOORE,           )   No.

12          Plaintiff,          )   **COMPLAINT ASSERTING DENIAL OF**

13         vs.              )   **RIGHT OF ACCESS UNDER**
                                   )   **AMERICANS WITH DISABILITIES ACT**

14    STEPHEN RONALD CLOUD, SR., Trustee )   **FOR INJUNCTIVE RELIEF,**
     under the Ryan John Cloud Irrevocable Trust )   **DECLARATORY RELIEF, DAMAGES,**

15    dated May 30, 1986, as to an undivided ½   )   **ATTORNEYS' FEES AND COSTS (ADA)**
     interest; STEPHEN RONALD CLOUD, SR., )

16    Trustee under the Stephen Ronald Cloud, Jr. )

17    Irrevocable Trust dated May 30, 1986, as to an )
     undivided ½ interest; ALEXIS RODAS, dba )

18    K & C HOUSE OF DONUTS;        )

19                                    )

20          Defendants.         )
                                   )

21    ───────────────────────── )

22                        **I. SUMMARY**

23        1.     This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

24    discrimination at the building, structure, facility, complex, property, land, development,

25    and/or surrounding business complex known as:

26          K & C House of Donuts
         7014 N. Maple Avenue

27          Fresno, CA 93720
         (hereafter "the Facility")

28    //

*Moore v. Stephen Ronald Cloud, Sr., et al*                    Complaint

MLF0046786

1    2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and
2  costs, against STEPHEN RONALD CLOUD, SR., Trustee under the Ryan John Cloud
3  Irrevocable Trust dated May 30, 1986, as to an undivided ½ interest; STEPHEN RONALD
4  CLOUD, SR., Trustee under the Stephen Ronald Cloud, Jr. Irrevocable Trust dated May 30,
5  1986, as to an undivided ½ interest; ALEXIS RODAS, dba K & C HOUSE OF DONUTS
6  (hereinafter collectively referred to as "Defendants"), pursuant to the Americans with
7  Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California
8  statutes.

9                              II.    JURISDICTION
10   3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for
11  ADA claims.
12   4.    Supplemental jurisdiction for claims brought under parallel California law –
13  arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.
14   5.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

15                              III.    VENUE
16   6.    All actions complained of herein take place within the jurisdiction of the
17  United States District Court, Eastern District of California, and venue is invoked pursuant to
18  28 U.S.C. § 1391(b), (c).

19                              IV.    PARTIES
20   7.    Defendants own, operate, and/or lease the Facility, and consist of a person (or
21  persons), firm, and/or corporation.
22   8.    Plaintiff requires the use of a wheelchair when traveling about in public.
23  Consequently, Plaintiff is "physically disabled," as defined by all applicable California and
24  United States laws, and a member of the public whose rights are protected by these laws.

25                              V.    FACTS
26   9.    The Facility is a public accommodation facility, open to the public, which is
27  intended for nonresidential use and whose operation affects commerce.
28   10.    Plaintiff visited the Facility and encountered barriers (both physical and

MLF0046787

EX. 26-11

intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. Plaintiff personally encountered the following barriers at the Facility during his visit to the Facility on December 17, 2012:

    a)      Upon arrival at the Facility, Plaintiff was unable to locate a parking space designated as accessible, forcing him to park in the parking lot directly in front of the Facility in a space that was not designated as accessible. Upon disembarking from his vehicle and attempting to get into his wheelchair, Plaintiff discovered that the parking lot was sloped, making it difficult to get in and out of his wheelchair without the wheelchair rolling. Plaintiff required assistance from his grandson to hold the wheelchair steady while Plaintiff got in and out.

    b)      When attempting to enter the Facility, Plaintiff was not able to locate an identified accessible route from the parking lot where he parked to the entrance of the Facility, nor could Plaintiff locate a ramp to get up onto the sidewalk to access the entrance of the Facility. Plaintiff had difficulty pushing his wheelchair up over the curb to get onto the sidewalk, and required assistance from his grandson to do so.

    c)      The entrance to the Facility had a raised threshold, which made it difficult for Plaintiff to push his wheelchair through the entrance. While Plaintiff was attempting to push his wheelchair over the raised threshold, the door slammed shut onto him.

    d)      The service counter and display cases within the Facility were too high for Plaintiff to be able to see the items on display and to reach the register counter. Plaintiff had to reach very far up and over the counter from his wheelchair in order to give payment to the cashier, which was both difficult and uncomfortable. Plaintiff could not see the items on display at the top of the display case, and had to ask the cashier for the

*Moore v. Stephen Ronald Cloud, Sr., et al*

Complaint

Page 3

MLF0046788

EX. 26-12

varieties of donuts Plaintiff wanted without being able to see the entire selection.

e)  Plaintiff was unable to locate an accessible table within the Facility to sit at, as all of the tables Plaintiff could locate had immobile seats attached to them, leaving no room for Plaintiff to pull up his wheelchair.

f)  Upon leaving the Facility and making his way back to his vehicle, Plaintiff discovered that there was a ramp at the far end of the sidewalk in front of the Facility, which Plaintiff used to get down from the sidewalk to the parking lot; however, this required that Plaintiff then travel though the parking lot in his wheelchair, on uneven and sloped surfaces and behind parked cars, to reach his vehicle parked in front of the Facility, compromising Plaintiff's safety and causing him difficulty.

11.  The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12.  Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

13.  Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these

MLF0046789

EX. 26-13

1  barriers from the Facility (without much difficulty or expense), and make the Facility
2  accessible to the physically disabled.  To date, however, Defendants refuse to either remove
3  those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

4      14.    At all relevant times, Defendants have possessed and enjoyed sufficient
5  control and authority to modify the Facility to remove impediments to wheelchair access and
6  to comply with the 2010 Standards for Accessible Design and the California Code of
7  Regulations Title 24.  Defendants. have not removed such impediments and have not
8  modified the Facility to conform to accessibility standards.  Defendants have intentionally
9  maintained the Facility in its current condition and have intentionally refrained from altering
10 the Facility so that it complies with the accessibility standards.

11     15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility
12 is so obvious as to establish Defendants discriminatory intent.  On information and belief,
13 Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to
14 adhere to relevant building standards; disregard for the building plans and permits issued for
15 the Facility; conscientious decision to maintain the architectural layout (as it currently exists)
16 at the Facility; decision not to remove barriers from the Facility; and allowance that
17 Defendants' property continues to exist in its non-compliance state.  Plaintiff further alleges,
18 on information and belief, that the Facility is not in the midst of a remodel, and that the
19 barriers present at the Facility are not isolated (or temporary) interruptions in access due to
20 maintenance or repairs.

22         **VI.**    **FIRST CLAIM**
23         **Americans with Disabilities Act of 1990**
24         <u>Denial of "Full and Equal" Enjoyment and Use</u>
25     16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for
26 this claim.
27     17.    Title III of the ADA holds as a "general rule" that no individual shall be
28 discriminated against on the basis of disability in the full and equal enjoyment (or use) of

*Moore v. Stephen Ronald Cloud, Sr., et al*                                   Complaint

MLF0046790

EX. 26-14

1 | goods, services, facilities, privileges, and accommodations offered by any person who owns,
2 | operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).
3 |     18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal
4 | enjoyment" and use of the goods, services, facilities, privileges and accommodations of the
5 | Facility during each visit and each incident of deterrence.

6 | <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

7 |     19.    The ADA specifically prohibits failing to remove architectural barriers, which
8 | are structural in nature, in existing facilities where such removal is readily achievable. 42
9 | U.S.C. § 12182(b)(2)(A)(iv).

10 |     20.    When an entity can demonstrate that removal of a barrier is not readily
11 | achievable, a failure to make goods, services, facilities, or accommodations available through
12 | alternative methods is also specifically prohibited if these methods are readily achievable.
13 | <u>Id.</u> § 12182(b)(2)(A)(v).

14 |     21.    Here, Plaintiff alleges that Defendants can easily remove the architectural
15 | barriers at the Facility without much difficulty or expense, and that Defendants violated the
16 | ADA by failing to remove those barriers, when it was readily achievable to do so.

17 |     22.    In the alternative, if it was not "readily achievable" for Defendants to remove
18 | the Facility's barriers, then Defendants violated the ADA by failing to make the required
19 | services available through alternative methods, which are readily achievable.

20 | <u>Failure to Design and Construct an Accessible Facility</u>

21 |     23.    Plaintiff alleges on information and belief that the Facility was designed and
22 | constructed (or both) after January 26, 1992 – independently triggering access requirements
23 | under Title III of the ADA.

24 |     24.    The ADA also prohibits designing and constructing facilities for first
25 | occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals
26 | with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

27 |     25.    Here, Defendants violated the ADA by designing and constructing (or both)
28 | the Facility in a manner that was not readily accessible to the physically disabled public –

*Moore v. Stephen Ronald Cloud, Sr., et al*                                   Complaint

MLF0046791

1  including Plaintiff – when it was structurally practical to do so.[1]

<div align="center">Failure to Make an Altered Facility Accessible</div>

3  26.  Plaintiff alleges on information and belief that the Facility was modified after
4  January 26, 1992, independently triggering access requirements under the ADA.

5  27.  The ADA also requires that facilities altered in a manner that affects (or could
6  affect) its usability must be made readily accessible to individuals with disabilities to the
7  maximum extent feasible. 42 U.S.C. §·12183(a)(2). Altering an area that contains a
8  facility's primary function also requires making the paths of travel, bathrooms, telephones,
9  and drinking fountains serving that area accessible to the maximum extent feasible. Id.

10  28.  Here, Defendants altered the Facility in a manner that violated the ADA and
11  was not readily accessible to the physically disabled public – including Plaintiff – to the
12  maximum extent feasible.

<div align="center">Failure to Modify Existing Policies and Procedures</div>

14  29.  The ADA also requires reasonable modifications in policies, practices, or
15  procedures, when necessary to afford such goods, services, facilities, or accommodations to
16  individuals with disabilities, unless the entity can demonstrate that making such
17  modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

18  30.  Here, Defendants violated the ADA by failing to make reasonable
19  modifications in policies, practices, or procedures at the Facility, when these modifications
20  were necessary to afford (and would not fundamentally alter the nature of) these goods,
21  services, facilities, or accommodations.

22  31.  Plaintiff seeks all relief available under the ADA (i.e., injunctive relief,
23  attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

24  32.  Plaintiff seeks a finding from this Court (i.e., declaratory relief) that
25  Defendants violated the ADA in order to pursue damages under California's Unruh Civil
26  Rights Act or Disabled Persons Act.

27  //

28

---

[1] General under either state or federal statues

*Moore v. Stephen Ronald Cloud, Sr., et al*                                    Complaint

MLF0046792

EX. 26-16

## VII.   SECOND CLAIM

### Unruh Act

33.     Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.     California Civil Code § 51 states, in part, that:  All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.     California Civil Code § 51.5 also states, in part that:  No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.     Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.     Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.     Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.     Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (built with private funds) shall adhere to the provisions of

*Moore v. Stephen Ronald Cloud, Sr., et al*                                          Complaint

MLF0046793

EX. 26-17

1 Government Code § 4450.

2     43.   Health and Safety Code § 19959 states, in part, that: Every existing (non-
3 exempt) public accommodation constructed prior to July 1, 1970, which is altered or
4 structurally repaired, is required to comply with this chapter.

5     44.   Plaintiff alleges the Facility is a public accommodation constructed, altered,
6 or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government
7 Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code
8 § 19956.

9     45.   Defendants' non-compliance with these requirements at the Facility aggrieved
10 (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,
11 Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code
12 § 19953.

13             **IX.    PRAYER FOR RELIEF**

14     WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

15     1.   Injunctive relief, preventive relief, or any other relief the Court deems proper.

16     2.   Declaratory relief that Defendants violated the ADA for the purposes of
17 Unruh Act damages.

18     3.   Statutory minimum damages under section 52(a) of the California Civil Code
19 according to proof.

20     4.   Attorneys' fees, litigation expense, and costs of suit.[2]

21     5.   Interest at the legal rate from the date of the filing of this action.

22     6.   For such other and further relief as the Court deems proper.

23 Dated: January 28, 2013            MOORE LAW FIRM, P.C.
24

25                     /s/ Tanya E. Moore
26                     Tanya E. Moore
                      Attorneys for Plaintiff,
27                     Ronald Moore

28 ――――――――――――――
[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Stephen Ronald Cloud, Sr., et al*              Complaint

MLF0046794

EX. 26-18

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:_____          _____
                                 Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                 /s/ Tanya E. Moore_____
                                 Tanya E. Moore, Attorney for
                                 Plaintiff, Ronald Moore

*Moore v. Stephen Ronald Cloud, Sr., et al.*

MLF0046795

EX. 26-19



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

February 4, 2013

Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

Re:   ADAI No. 0792
*Moore v. Stephen Ronald Cloud, Sr., et al.*
Case No. 1:13-cv-00156-LJO-BAM

Dear Mr. Moore:

Enclosed please find a copy of the filed Complaint in the above-captioned matter for your records.

Sincerely,

Whitney Law
Paralegal

Enclosures

MLF0046773

00792

1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: tanya@moorelawfirm.com

5  Attorneys for Plaintiff
   Ronald Moore
6

7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11  RONALD MOORE,                        )  No.
                                         )
12            Plaintiff,                 )  COMPLAINT ASSERTING DENIAL OF
                                         )  RIGHT OF ACCESS UNDER
13       vs.                             )  AMERICANS WITH DISABILITIES ACT
                                         )  FOR INJUNCTIVE RELIEF,
14  STEPHEN RONALD CLOUD, SR., Trustee   )  DECLARATORY RELIEF, DAMAGES,
    under the Ryan John Cloud Irrevocable Trust )  ATTORNEYS' FEES AND COSTS (ADA)
15  dated May 30, 1986, as to an undivided ½ )
    interest; STEPHEN RONALD CLOUD, SR., )
16  Trustee under the Stephen Ronald Cloud, Jr. )
    Irrevocable Trust dated May 30, 1986, as to an )
17  undivided ½ interest; ALEXIS RODAS, dba )
    K & C HOUSE OF DONUTS;               )
18                                       )
                                         )
19                                       )
            Defendants.                  )
20                                       )

21

22                I. SUMMARY

23       1.     This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

24  discrimination at the building, structure, facility, complex, property, land, development,

25  and/or surrounding business complex known as:

26            K & C House of Donuts
              7014 N. Maple Avenue
27            Fresno, CA 93720
              (hereafter "the Facility")

28  //

*Moore v. Stephen Ronald Cloud, Sr., et al*                    Complaint

MLF0026495

EX. 26-21

2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against STEPHEN RONALD CLOUD, SR., Trustee under the Ryan John Cloud Irrevocable Trust dated May 30, 1986, as to an undivided ½ interest; STEPHEN RONALD CLOUD, SR., Trustee under the Stephen Ronald Cloud, Jr. Irrevocable Trust dated May 30, 1986, as to an undivided ½ interest; ALEXIS RODAS, dba K & C HOUSE OF DONUTS (hereinafter collectively referred to as "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II.    JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.    VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.    PARTIES

7.     Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8.     Plaintiff requires the use of a wheelchair when traveling about in public. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.    FACTS

9.     The Facility is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.     Plaintiff visited the Facility and encountered barriers (both physical and

*Moore v. Stephen Ronald Cloud, Sr., et al*                                      Complaint

MLF0026496

EX. 26-22

intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility.   Plaintiff personally encountered the following barriers at the Facility during his visit to the Facility on December 17, 2012:

    a)    Upon arrival at the Facility, Plaintiff was unable to locate a parking space designated as accessible, forcing him to park in the parking lot directly in front of the Facility in a space that was not designated as accessible. Upon disembarking from his vehicle and attempting to get into his wheelchair, Plaintiff discovered that the parking lot was sloped, making it difficult to get in and out of his wheelchair without the wheelchair rolling. Plaintiff required assistance from his grandson to hold the wheelchair steady while Plaintiff got in and out.

    b)    When attempting to enter the Facility, Plaintiff was not able to locate an identified accessible route from the parking lot where he parked to the entrance of the Facility, nor could Plaintiff locate a ramp to get up onto the sidewalk to access the entrance of the Facility. Plaintiff had difficulty pushing his wheelchair up over the curb to get onto the sidewalk, and required assistance from his grandson to do so.

    c)    The entrance to the Facility had a raised threshold, which made it difficult for Plaintiff to push his wheelchair through the entrance. While Plaintiff was attempting to push his wheelchair over the raised threshold, the door slammed shut onto him.

    d)    The service counter and display cases within the Facility were too high for Plaintiff to be able to see the items on display and to reach the register counter. Plaintiff had to reach very far up and over the counter from his wheelchair in order to give payment to the cashier, which was both difficult and uncomfortable. Plaintiff could not see the items on display at the top of the display case, and had to ask the cashier for the

*Moore v. Stephen Ronald Cloud, Sr., et al*                                                      Complaint

MLF0026497

EX. 26-23

1          varieties of donuts Plaintiff wanted without being able to see the entire

2          selection.

3     e)     Plaintiff was unable to locate an accessible table within the Facility to

4          sit at, as all of the tables Plaintiff could locate had immobile seats

5          attached to them, leaving no room for Plaintiff to pull up his

6          wheelchair.

7     f)     Upon leaving the Facility and making his way back to his vehicle,

8          Plaintiff discovered that there was a ramp at the far end of the

9          sidewalk in front of the Facility, which Plaintiff used to get down from

10          the sidewalk to the parking lot; however, this required that Plaintiff

11          then travel though the parking lot in his wheelchair, on uneven and

12          sloped surfaces and behind parked cars, to reach his vehicle parked in

13          front of the Facility, compromising Plaintiff's safety and causing him

14          difficulty.

15     11.     The barriers identified in paragraph 10 herein are only those that Plaintiff

16 personally encountered. Plaintiff is presently unaware of other barriers which may in fact

17 exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint

18 once such additional barriers are identified as it is Plaintiff's intention to have all barriers

19 which exist at the Facility and relate to his disabilities removed to afford him full and equal

20 access.

21     12.     Plaintiff was, and continues to be, deterred from visiting the Facility because

22 Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

23 accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

24 Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

25 once the barriers are removed.

26     13.     Defendants knew, or should have known, that these elements and areas of the

27 Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

28 the physically disabled. Moreover, Defendants have the financial resources to remove these

MLF0026498

EX. 26-24

1   barriers from the Facility (without much difficulty or expense), and make the Facility

2   accessible to the physically disabled.  To date, however, Defendants refuse to either remove

3   those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

4         14.    At all relevant times, Defendants have possessed and enjoyed sufficient

5   control and authority to modify the Facility to remove impediments to wheelchair access and

6   to comply with the 2010 Standards for Accessible Design and the California Code of

7   Regulations Title 24.  Defendants have not removed such impediments and have not

8   modified the Facility to conform to accessibility standards.  Defendants have intentionally

9   maintained the Facility in its current condition and have intentionally refrained from altering

10   the Facility so that it complies with the accessibility standards.

11         15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility

12   is so obvious as to establish Defendants discriminatory intent.  On information and belief,

13   Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to

14   adhere to relevant building standards; disregard for the building plans and permits issued for

15   the Facility; conscientious decision to maintain the architectural layout (as it currently exists)

16   at the Facility; decision not to remove barriers from the Facility; and allowance that

17   Defendants' property continues to exist in its non-compliance state.  Plaintiff further alleges,

18   on information and belief, that the Facility is not in the midst of a remodel, and that the

19   barriers present at the Facility are not isolated (or temporary) interruptions in access due to

20   maintenance or repairs.

21

22                     **VI.   FIRST CLAIM**

23               **Americans with Disabilities Act of 1990**

24              **Denial of "Full and Equal" Enjoyment and Use**

25         16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

26   this claim.

27         17.    Title III of the ADA holds as a "general rule" that no individual shall be

28   discriminated against on the basis of disability in the full and equal enjoyment (or use) of

MLF0026499

EX. 26-25

1   goods, services, facilities, privileges, and accommodations offered by any person who owns,

2   operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

3        18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

4   enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

5   Facility during each visit and each incident of deterrence.

6        <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

7        19.    The ADA specifically prohibits failing to remove architectural barriers, which

8   are structural in nature, in existing facilities where such removal is readily achievable. 42

9   U.S.C. § 12182(b)(2)(A)(iv).

10       20.    When an entity can demonstrate that removal of a barrier is not readily

11  achievable, a failure to make goods, services, facilities, or accommodations available through

12  alternative methods is also specifically prohibited if these methods are readily achievable.

13  <u>Id</u>. § 12182(b)(2)(A)(v).

14       21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

15  barriers at the Facility without much difficulty or expense, and that Defendants violated the

16  ADA by failing to remove those barriers, when it was readily achievable to do so.

17       22.    In the alternative, if it was not "readily achievable" for Defendants to remove

18  the Facility's barriers, then Defendants violated the ADA by failing to make the required

19  services available through alternative methods, which are readily achievable.

20       <u>Failure to Design and Construct an Accessible Facility</u>

21       23.    Plaintiff alleges on information and belief that the Facility was designed and

22  constructed (or both) after January 26, 1992 – independently triggering access requirements

23  under Title III of the ADA.

24       24.    The ADA also prohibits designing and constructing facilities for first

25  occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

26  with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).

27       25.    Here, Defendants violated the ADA by designing and constructing (or both)

28  the Facility in a manner that was not readily accessible to the physically disabled public –

MLF0026500

EX. 26-26

1  including Plaintiff – when it was structurally practical to do so.[1]

2  <u>Failure to Make an Altered Facility Accessible</u>

3      26.   Plaintiff alleges on information and belief that the Facility was modified after

4  January 26, 1992, independently triggering access requirements under the ADA.

5      27.   The ADA also requires that facilities altered in a manner that affects (or could

6  affect) its usability must be made readily accessible to individuals with disabilities to the

7  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a

8  facility's primary function also requires making the paths of travel, bathrooms, telephones,

9  and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id.</u>

10      28.   Here, Defendants altered the Facility in a manner that violated the ADA and

11  was not readily accessible to the physically disabled public – including Plaintiff – to the

12  maximum extent feasible.

13  <u>Failure to Modify Existing Policies and Procedures</u>

14      29.   The ADA also requires reasonable modifications in policies, practices, or

15  procedures, when necessary to afford such goods, services, facilities, or accommodations to

16  individuals with disabilities, unless the entity can demonstrate that making such

17  modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

18      30.   Here, Defendants violated the ADA by failing to make reasonable

19  modifications in policies, practices, or procedures at the Facility, when these modifications

20  were necessary to afford (and would not fundamentally alter the nature of) these goods,

21  services, facilities, or accommodations.

22      31.   Plaintiff seeks all relief available under the ADA (i.e., injunctive relief,

23  attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

24      32.   Plaintiff seeks a finding from this Court (i.e., declaratory relief) that

25  Defendants violated the ADA in order to pursue damages under California's Unruh Civil

26  Rights Act or Disabled Persons Act.

27  //

28

---

[1] General under either state or federal statues

*Moore v. Stephen Ronald Cloud, Sr., et al*                                        Complaint

MLF0026501

EX. 26-27

1

## VII.   SECOND CLAIM

2

### Unruh Act

3      33.   Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for

4    this claim.

5      34.   California Civil Code § 51 states, in part, that:  All persons within the

6    jurisdiction of this state are entitled to the full and equal accommodations, advantages,

7    facilities, privileges, or services in all business establishments of every kind whatsoever.

8      35.   California Civil Code § 51.5 also states, in part that:  No business

9    establishment of any kind whatsoever shall discriminate against any person in this state

10   because of the disability of the person.

11     36.   California Civil Code § 51(f) specifically incorporates (by reference) an

12   individual's rights under the ADA into the Unruh Act.

13     37.   Defendants' aforementioned acts and omissions denied the physically

14   disabled public – including Plaintiff – full and equal accommodations, advantages, facilities,

15   privileges and services in a business establishment (because of their physical disability).

16     38.   These acts and omissions (including the ones that violate the ADA) denied,

17   aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

18     39.   Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

19   minimum damages of four thousand dollars ($4,000) for each offense.

20     40.   Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

21   ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

22   § 52(a).

23

## VIII. THIRD CLAIM

24

### Denial of Full and Equal Access to Public Facilities

25     41.   Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for

26   this claim.

27     42.   Health and Safety Code § 19955(a) states, in part, that:  California public

28   accommodations or facilities (built with private funds) shall adhere to the provisions of

*Moore v. Stephen Ronald Cloud, Sr., et al*                                    Complaint

MLF0026502

EX. 26-28

1   Government Code § 4450.

2        43.    Health and Safety Code § 19959 states, in part, that:  Every existing (non-

3   exempt) public accommodation constructed prior to July 1, 1970, which is altered or

4   structurally repaired, is required to comply with this chapter.

5        44.    Plaintiff alleges the Facility is a public accommodation constructed, altered,

6   or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government

7   Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code

8   § 19956.

9        45.    Defendants' non-compliance with these requirements at the Facility aggrieved

10  (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

11  Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code

12  § 19953.

13                        IX.    PRAYER FOR RELIEF

14       WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

15       1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

16       2.     Declaratory relief that Defendants violated the ADA for the purposes of

17  Unruh Act damages.

18       3.     Statutory minimum damages under section 52(a) of the California Civil Code

19  according to proof.

20       4.     Attorneys' fees, litigation expense, and costs of suit.[2]

21       5.     Interest at the legal rate from the date of the filing of this action.

22       6.     For such other and further relief as the Court deems proper.

23
24  Dated: January 30, 2013                    MOORE LAW FIRM, P.C.

25                                             /s/ Tanya E. Moore
26                                             Tanya E. Moore
                                               Attorneys for Plaintiff,
27                                             Ronald Moore

28  _____
    [2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

    *Moore v. Stephen Ronald Cloud, Sr., et al*                          Complaint


                                 Page 9

MLF0026503

EX. 26-29

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 1/3C/i3                    _Ronald Moore_
                                  Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

/s/ Tanya E. Moore
Tanya E. Moore, Attorney for
Plaintiff, Ronald Moore

*Moore v. Stephen Ronald Cloud, Sr., et al.*

MLF0026504

EX. 26-30