# Exhibit 41

ABES LIQUOR FOOD
423 W BARSTOW AVE
CLOVIS, CA 93612

06/17/2014      13:50:04
Merchant ID:   000000002514591
Terminal ID:     04471901
3452551908B5

CREDIT CARD

VISA SALE

CARD #    XXXXXXXXXXXX400B
INVOICE       005B
Batch #:      000548
Approval Code:   00160B
Entry Method:    Swiped
Mode:       Online

SALE AMOUNT   $51.25

CUSTOMER COPY

MLF0043650

EX. 41-2

1. What is the name of the Facility? Abe's Liquor Food

2. What is the address of the Facility? 423 W. Barstow Ave. Clais, CA

3. When did you visit the Facility? 6/17/14 (Date) 1:50 (Time)

4. Was this your first visit to the Facility? NO

5. If you have been to the Facility before, please list the date and times of each visit if you can remember, or give an estimate of how often you go. When I need gas in that area

6. What was the purpose of your visit? Gas and drink

7. Who accompanied you to the Facility? Grandson Ronny

8. What car did you drive to the Facility? Mine

9. Did you drive yourself or did you get a ride from someone else? I drove

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. At gas pump #3

11. Was it difficult for you to park there? If so, why? NO

12. How did you unload from your vehicle? Rear

13. What side of the vehicle did you unload from? Driver or passenger? Driver

14. Did anyone help you to transfer onto your wheelchair? Who? Grandson Ronny

15. Did you encounter any problems transferring onto your wheelchair? Describe. NO Grandson helped Me

16. Which way did you go from the parking to the entrance of the Facility? threw Street to ramp

17. Did you encounter any problems on your way to the entrance, for example a ramp? Describe. Yes No access isle. Ramp opes into street. Propane tanks and trash cans in way of getting to the do

18. Did you encounter any problems opening the door? Describe. door proped open

19. What did you purchase (or what meal did you have there)? Soda and gas

20. Did you need to use the restroom while you were at the Facility? Why? NO

21. Describe any problems you encountered with the following (or write "Did not need to use" or "No problems")

MLF0043647

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

Sink: _N/A_

Toilet: _N/A_

Urinal: _N/A_

Toilet paper: _N/A_

Toilet seat covers: _N/A_

Paper towels/hand dryer: _N/A_

Soap dispenser: _N/A_

Other: _N/A_

22. Did you have any problem maneuvering inside the restroom? _N/A_

23. Was there any seating provided inside the Facility? _NO_

24. Were you able to sit comfortably at the table? If not, why? _N/A_

25. Did you use the counter to pay for purchase? Which one? _yes, only one._

26. Did you pay with cash or credit card? _Credit_

27. Was the counter accessible? If not, describe: _NO to high grandson had to sign reciept_

28. Did you have any other problems inside the Facility? Describe. _fountain drinks to high to reach grandson had to get it for Me._

29. Which way did you go after you left the Facility? _Out door down ramp to car_

30. Any problems getting back to your vehicle? _No access isle_

31. Any problems transferring from your wheelchair to your vehicle? _No grandson brought that to car and put chair in car._

32. Any additional information you believe would assist us in evaluating this inquiry?

MLF0043648

EX. 41-4



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

July 2, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

    **RE:**    **ADAI No.**    **02049**
                **Abe's Liquor Food** *(423 W. Barstow Ave, Clovis, CA 93612)*

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF0043649

## BARRIER MEMO

**ADAI No. :** 02049

**Case Name:** Moore v. Abe's Liquor Food

**Address:** 423 W. Barstow Ave, Clovis

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| No accessible pump provided | Plaintiff could not locate an accessible pump and he parked at pump #3. He could not pay at the pump and had to go inside to pay for gas. | Yes |
| No route of travel from pump #3 | Plaintiff parked at pump #3 and was unable to find an accessible route of travel to the entrance. He had to travel through the path of vehicular traffic, and navigate a very narrow path between a pole, propane tank and the trash can to get to the entrance of the facility. | yes |
| Built-up curb ramp | The ramp from the parking lot to the sidewalk was an improperly configured built-up curb ramp and was difficult to ascend. | Not sure, probably |
| Sidewalk obstructed | The route from the ramp to the entrance was obstructed by propane tanks and trash cans, making it difficult for Plaintiff to maneuver to the entrance. | Yes |
| Fountain drinks too high | Plaintiff could not reach the soda fountain because it was positioned too high and his grandson had to help him fill his cup. | Yes |
| Counter too high | The transaction counter was too high for Plaintiff to sign his receipt and his grandson had to sign for him. | Yes |

1

MLF0056341

EX. 41-6



**MOORE**
LAW FIRM, P.C.

February 23, 2015

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California

    Re:   ADAI No.   02049
           Abe's Liquor Food (423 W. Barstow Ave, Clovis, CA 93612)

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records.  Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

*Tanya Moore*

Tanya E. Moore

TEM:ed

Enclosure: Fee Agreement

MLF0043637

1 | Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
2 | 332 North Second Street
San Jose, California 95112
3 | Telephone (408) 298-2000
Facsimile (408) 298-6046
4 | E-mail: tanya@moorelawfirm.com

5 | Attorneys for Plaintiff
Ronald Moore

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA**

10

11 | RONALD MOORE, ) No.
)
12 | Plaintiff, ) **COMPLAINT ASSERTING DENIAL OF**
) **RIGHT OF ACCESS UNDER**
13 | vs. ) **AMERICANS WITH DISABILITIES ACT**
) **FOR INJUNCTIVE RELIEF,**
14 | EDWARD GHARIBEH dba ABE'S LIQUOR ) **DECLARATORY RELIEF, DAMAGES,**
& FOOD; IBRAHIM I. GHARIBEH; ) **ATTORNEYS' FEES AND COSTS (ADA)**
15 | )
)
16 | Defendants. )
)
17 | )
)
18 | _____ )

19 | **I. SUMMARY**

20 |     1.    This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

21 | discrimination at the building, structure, facility, complex, property, land, development, and/or

22 | surrounding business complex known as:

23 |         Abe's Liquor & Food
        423 West Barstow Avenue
24 |         Clovis, CA 93612
        (hereafter "the Facility")
25 |

26 |     2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

27 | costs, against EDWARD GHARIBEH dba ABE'S LIQUOR & FOOD and IBRAHIM I.

28 | GHARIBEH (hereinafter collectively referred to as "Defendants"), pursuant to the Americans

*Moore v. Gharibeh, et al.*
Complaint

MLF0043638

EX. 41-8

1 with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California
2 statutes.

## II.    JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5. Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.    VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.    PARTIES

7. Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8. Plaintiff is substantially limited in his ability to walk, and must use a wheelchair for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.    FACTS

9. The Facility is open to the public, intended for non-residential use, and its operation affects commerce. The Facility is therefore a public accommodation as defined by applicable state and federal laws.

10. Plaintiff visited the Facility and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. Plaintiff personally encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or about June 17, 2014:

MLF0043639

EX. 41-9

    a)     The sidewalk along the route from the gas pump to the Facility store entrance was difficult for Plaintiff to navigate. The top landing of the ramp from the parking lot to the sidewalk was obstructed by a column, newspaper box, and propane storage. Thereafter, the sidewalk was further obstructed by another column and a large trash can. It was difficult for Plaintiff to maneuver his wheelchair between the obstructions in order to travel up the ramp and to the store entrance.

    b)     Plaintiff was unable to reach the self-service soda fountain controls in order to fill his beverage cup, as they were positioned too high, and he required assistance from his grandson in order to get a drink.

    c)     The transaction counter was too high for Plaintiff to sign his receipt on the counter, and his grandson had to sign the receipt for him.

11.    The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12.    Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

13.    Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

MLF0043640

EX. 41-10

1     14.    At all relevant times, Defendants have possessed and enjoyed sufficient control

2 and authority to modify the Facility to remove impediments to wheelchair access and to

3 comply with the 1991 ADA Accessibility Guidelines and/or the 2010 Standards for Accessible

4 Design. Defendants have not removed such impediments and have not modified the Facility to

5 conform to accessibility standards. Defendants have intentionally maintained the Facility in its

6 current condition and have intentionally refrained from altering the Facility so that it complies

7 with the accessibility standards.

8     15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility is

9 so obvious as to establish Defendants' discriminatory intent. On information and belief,

10 Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

11 to relevant building standards; disregard for the building plans and permits issued for the

12 Facility; conscientious decision to maintain the architectural layout (as it currently exists) at

13 the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

14 property continues to exist in its non-compliant state. Plaintiff further alleges, on information

15 and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

16 Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

17             **VI.    FIRST CLAIM**

18           **Americans with Disabilities Act of 1990**

19          Denial of "Full and Equal" Enjoyment and Use

20     16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

21 this claim.

22     17.    Title III of the ADA holds as a "general rule" that no individual shall be

23 discriminated against on the basis of disability in the full and equal enjoyment (or use) of

24 goods, services, facilities, privileges, and accommodations offered by any person who owns,

25 operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

26     18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

27 enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

28 Facility during each visit and each incident of deterrence.

*Moore v. Gharibeh, et al.*
Complaint

MLF0043641

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id</u>. § 12182(b)(2)(A)(v).

21.    Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.    In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

23.    Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

24.    The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25.    Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.[1]

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

MLF0043642

EX. 41-12

<u>Failure to Make an Altered Facility Accessible</u>

26.     Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.     The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

28.     Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29.     The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.     Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.     Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.     Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

## VII.     SECOND CLAIM

### Unruh Act

33.     Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

MLF0043643

EX. 41-13

34.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.    California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.    Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.    Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

43.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

MLF0043644

EX. 41-14

44.   Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

45.   Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.   Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.   Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3.   Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

4.   Attorneys' fees, litigation expense, and costs of suit.[2]

5.   Interest at the legal rate from the date of the filing of this action.

6.   For such other and further relief as the Court deems proper.

Dated: February 23, 2015                    MOORE LAW FIRM, P.C.

                                            /s/ Tanya E. Moore
                                            Tanya E. Moore
                                            Attorneys for Plaintiff
                                            Ronald Moore

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Gharibeh, et al.*
Complaint

                              Page 8

MLF0043645

EX. 41-15

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: February 23, 2015          /s/ Ronald Moore
                                  Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

/s/ Tanya E. Moore
Tanya E. Moore, Attorney for
Plaintiff, Ronald Moore

*Moore v. Gharibeh, et al.*
*Verification*

MLF0043646

EX. 41-16

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 2/23/15                              _____
                                             Ronald Moore

*Moore v. Gharibeh (Abe's Liquor & Food)*

MLF0043651

**Exhibit 42**

JOHNNY QUIK(SHELL)#143
2126 TAFT HWY
BAKERSFIELD CA 93313

SHELL
2126 TAFT HWY
BAKERSFIELD   CA   93313
62683220173

02/06/2014 6:19:14 PM
Register: 1 Trans #: 3493 Op ID: 91
Your cashier: Area

```
PENN 10-30            $5.58   1
TEA                   $0.99   1
.10 LRG SNGL CRV      $0.10   1
HALLS                 $1.59  99
LOTTO                $12.00  99
WAVE                  $4.00   1
                   -----------
           Subtotal = $24.25
                Tax =  $0.80
                   -----------
              Total = $25.06

         Change Due =  $0.00

Credit               $25.06

XXXX XXXX XXXX 4008, VISA
INVOICE 532168
AUTH 012748
Buyer agrees to pay the total, according
To the agreement with the card issuer
```

THANK YOU!!!

---

JOHNNY QUIK(SHELL)#143
2126 TAFT HWY
BAKERSFIELD CA 93313

SHELL
2126 TAFT HWY
BAKERSFIELD   CA   93313
62683220173

02/06/2014 6:21:54 PM
Register: 1 Trans #: 3494 Op ID: 91
Your cashier: Area

*** PREPAID RECEIPT ***

```
UNLEADED CR   PUMP#4       $75.00  99
                   -----------
           Subtotal =      $75.00
                Tax =       $0.00
                   -----------
              Total =      $75.00

         Change Due =       $0.00

Credit                     $75.00

XXXX XXXX XXXX 4370, MASTERCARD
INVOICE 532192
AUTH 099662
Buyer agrees to pay the total, according
To the agreement with the card issuer
```

THANK YOU!!!

EX. 42-2

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

ADAI No. _____

(Facility)

1. What is the name of the Facility? *Johnny Quick*

2. When did you visit the Facility? *2/6/14* (Date) *6:20* (Time)

3. What is the address of the Facility? *2126 Taft Highway Bakersfield, CA.*

4. Was this your first visit to the Facility? *NO*

5. How many times have you visited the Facility? *?* If more than one visit, please list the date and time if you know it. *?*

6. What was the purpose of your visit? *Cough drops Drinks Smokes lotto tix gas*

7. Who accompanied you to the Facility? _____

8. What car did you drive to the Facility? *Mine*

9. Did you drive yourself of did you get a ride from someone else? *I Drove*

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _____

11. Was it difficult for you to park there? _____

12. Why? _____

13. How did you unload from your vehicle? *Rear*

14. What side of the vehicle did you unload from? Driver or passenger? *Driver*

15. Did anyone help you to transfer onto your wheelchair? _____

16. What problems did you encounter transferring onto your wheelchair?

*Road cracked and uneven*

17. Which way did you go from the parking to the entrance of the Facility? _____

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

*Ramp goes into Street No route of travel*

19. Did you encounter any problems opening the door? Describe why. _____

20. Did you have any problems inside the Facility? Describe. ~~~~ *~~~ ges Drinks to*

MLF0037734

EX. 42-3

_high to reach hard to knock it down with My cane_
_Hot food to high. Istle to get oil was very Small_

21. What did you purchase (or what meal did you have there). Describe: _gas smokes lotto tix_
_Drink_

22. Have you used the restroom at the Facility? _Yes_

23. Why did you need to use the restroom? _had to go_

24. Did you use the sink? _NO couldn't reach it_

25. Any problems? _____

26. Did you use the urinal? _NO_

27. Did you use the toilet? _Yes only one hand rail_

28. Did you use the toilet paper? _Yes but it was far_

29. Did you use paper towels? _Out of reach_

30. Did you use the soap dispenser? _____

31. Did you have any problem maneuvering inside the restroom? _____

32. Where did you sit? _N/A_

33. Was there any seating provided inside the Facility? _N/A_

34. Was it wheelchair accessible? _NO_

35. Where you comfortable at the table? _N/A_

36. Did you use the counter to pay for purchase? _Yes_

37. Which counter did you use? _____

38. Was the counter accessible? _No couldn't reach to Swipe card or sign_
_receipt_

39. Which way did you go after you left the Facility? _____

40. Any problems getting back to your vehicle? _rump cracked and uneven and so is_
_street_

41. Any problems transferring from your wheelchair to your vehicle? _____

42. If you have any additional information you believe would assist us in evaluating this inquiry.

MLF0037735

EX. 42-4

February 24, 2014

Mr. Ronald Moore
80 N. Hughes Ave.
Clovis, CA 93612

      **RE:**    **ADAI No. 01908**
               **Johnny Quik #143 (2126 Taft Highway, Bakersfield, CA 93313)**

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF0037755

<u>BARRIER MEMO</u>

ADAI No. :     01908

Case Name:     Moore v. Johnny Quik #143

Address:     2126 Taft Highway, Bakersfield

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Pavement cracked and uneven | The pavement along the route to the entrance was cracked and uneven, making it difficult for Plaintiff to maneuver. | Yes, very uneven |
| Built up curb ramp, cracked, uneven | The ramp to the sidewalk was an improperly configured built-up curb ramp, with a cracked, uneven surface. It was difficult for Plaintiff to ascend and descend the ramp. | Not marked, cracked, warped, uneven.  Yes |
| Drinks too high to reach | The drinks in the refrigerator were too high for Plaintiff to reach and he had to use his cane to knock one down. | Yes but it also did not have wc clearances in front making it difficult for Ron to open the door and get to it. |
| Hot food too high | Plaintiff wanted to buy hot food, but the self-serve displays were positioned out of his reach. | Yes |
| Only one grab bar at toilet | The toilet in the restroom lacked proper grab bars, and Plaintiff had difficulty transferring to and from the toilet. | Yes |
| Toilet paper far away | The toilet paper was positioned too far away from the toilet and it was hard for Plaintiff to reach it. | Yes |
| Sink and paper towels out of reach | Plaintiff was unable to use the sink and paper towels in the restroom because they were positioned out of reach. | Yes |
| Counter and card reader too high | The transaction counter and card reader were too high for Plaintiff to reach. | Not sure but access obstructed by merchandise maybe why it was difficult |

1

MLF0037719

EX. 42-6



# MOORE LAW FIRM
### PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

May 6, 2014

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

> RE: ADAI No.    01908
> Ghuman (Johnny Quik #143)
> *2126 Taft Highway, Bakersfield, CA 93313*

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

*Dictated but not read.*
*Sent without signature to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

Enclosure: Fee Agreement

MLF0056315

EX. 42-7

1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: tanya@moorelawfirm.com

5  Attorneys for Plaintiff
   Ronald Moore

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11 RONALD MOORE,                          ) No.
                                          )
12          Plaintiff,                     ) **COMPLAINT ASSERTING DENIAL OF**
                                          ) **RIGHT OF ACCESS UNDER**
13     vs.                                ) **AMERICANS WITH DISABILITIES ACT**
                                          ) **FOR INJUNCTIVE RELIEF,**
14 KULJIT GHUMAN, aka KULJIT SINGH        ) **DECLARATORY RELIEF, DAMAGES,**
   GHUMAN, aka KULJIT S. GHUMAN,          ) **ATTORNEYS' FEES AND COSTS (ADA)**
15 individually and dba JOHNNY QUIK #143; )
                                          )
16                                        )
            Defendant.                    )
17                                        )
                                          )
18 _____)

19                      **I. SUMMARY**

20     1.    This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

21 discrimination at the building, structure, facility, complex, property, land, development,

22 and/or surrounding business complex known as:

23          Johnny Quik #143
            2126 Taft Highway
24          Bakersfield, CA 93383
            (hereafter "the Facility")
25

26     2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

27 costs, against KULJIT GHUMAN, aka KULJIT SINGH GHUMAN, aka KULJIT S.

28 GHUMAN, individually and dba JOHNNY QUIK #143 (hereinafter referred to as

*Moore v. Ghuman*
Complaint
                            Page 1

MLF0037745

EX. 42-8

1   "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101

2   et seq.) ("ADA") and related California statutes.

## II.   JURISDICTION

3.   This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.   Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.   Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

6.   All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.   PARTIES

7.   Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8.   Plaintiff requires the use of a wheelchair when traveling about in public. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.   FACTS

9.   The Facility is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.   Plaintiff visited the Facility and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. Plaintiff personally encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or about February 6, 2014:

a)   The pavement along the route through the parking lot to the entrance of the Facility was cracked and uneven, making it difficult for Plaintiff

*Moore v. Ghuman*
Complaint

MLF0037746

EX. 42-9

1             to maneuver toward the entrance.

2        b)     The ramp from the parking lot to the sidewalk leading to the Facility

3                  entrance was an improperly configured built-up curb ramp, with a

4                  cracked, uneven surface. It was difficult for Plaintiff to maneuver up

5                  and down the ramp.

6        c)     The drinks in the refrigerator were too high, and the refrigerator lacked

7                  proper clearance in front of it, preventing Plaintiff from reaching a

8                  drink. He was forced to use his cane to knock down the drink he

9                  wanted.

10       d)     Plaintiff wanted to buy hot food at the Facility, but he was unable to

11                 do so because the self-serve hot food displays were positioned out of

12                 his reach.

13       e)     The toilet in the restroom lacked proper grab bars, causing Plaintiff

14                 difficulty transferring between his wheelchair and the toilet.

15       f)     The toilet paper dispenser in the restroom was positioned too far away

16                 from the toilet, making it difficult for Plaintiff to reach the toilet paper.

17       g)     Plaintiff was unable to use the lavatory in the restroom to wash his

18                 hands after using the toilet because the lavatory and paper towels were

19                 positioned out of his reach.

20       h)     The transaction counter was improperly configured and obstructed by

21                 merchandise, and Plaintiff was unable to reach to use the credit card

22                 reader or sign his receipt.

23      11.     The barriers identified in paragraph 10 herein are only those that Plaintiff

24 personally encountered. Plaintiff is presently unaware of other barriers which may in fact

25 exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint

26 once such additional barriers are identified as it is Plaintiff's intention to have all barriers

27 which exist at the Facility and relate to his disabilities removed to afford him full and equal

28 access.

*Moore v. Ghuman*
Complaint

MLF0037747

EX. 42-10

12.     Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

13.     Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled.  To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.     At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair access and to comply with the 2010 Standards for Accessible Design and the California Code of Regulations Title 24.  Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards.  Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

15.     Plaintiff further alleges that the (continued) presence of barriers at the Facility is so obvious as to establish Defendants' discriminatory intent.  On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the Facility; decision not to remove barriers from the Facility; and allowance that Defendants' property continues to exist in its non-compliant state.  Plaintiff further alleges, on information and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

*Moore v. Ghuman*
Complaint

Page 4

MLF0037748

EX. 42-11

## VI.    FIRST CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

19.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).

20.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.    Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.    In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

Failure to Design and Construct an Accessible Facility

23.    Plaintiff alleges on information and belief that the Facility was designed and

MLF0037749

EX. 42-12

1  constructed (or both) after January 26, 1992 – independently triggering access requirements

2  under Title III of the ADA.

3     24.    The ADA also prohibits designing and constructing facilities for first

4  occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

5  with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).

6     25.    Here, Defendants violated the ADA by designing and constructing (or both)

7  the Facility in a manner that was not readily accessible to the physically disabled public –

8  including Plaintiff – when it was structurally practical to do so.[1]

9                   Failure to Make an Altered Facility Accessible

10     26.    Plaintiff alleges on information and belief that the Facility was modified after

11  January 26, 1992, independently triggering access requirements under the ADA.

12     27.    The ADA also requires that facilities altered in a manner that affects (or could

13  affect) its usability must be made readily accessible to individuals with disabilities to the

14  maximum extent feasible.   42 U.S.C. § 12183(a)(2).   Altering an area that contains a

15  facility's primary function also requires making the paths of travel, bathrooms, telephones,

16  and drinking fountains serving that area accessible to the maximum extent feasible. Id.

17     28.    Here, Defendants altered the Facility in a manner that violated the ADA and

18  was not readily accessible to the physically disabled public – including Plaintiff – to the

19  maximum extent feasible.

20                   Failure to Modify Existing Policies and Procedures

21     29.    The ADA also requires reasonable modifications in policies, practices, or

22  procedures, when necessary to afford such goods, services, facilities, or accommodations to

23  individuals with disabilities, unless the entity can demonstrate that making such

24  modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

25     30.    Here, Defendants violated the ADA by failing to make reasonable

26  modifications in policies, practices, or procedures at the Facility, when these modifications

27

28

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. Ghuman*
Complaint
                                    Page 6

MLF0037750

EX. 42-13

1  were necessary to afford (and would not fundamentally alter the nature of) these goods,

2  services, facilities, or accommodations.

3      31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief,

4  attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

5      32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that

6  Defendants violated the ADA in order to pursue damages under California's Unruh Civil

7  Rights Act.

8                        **VII.   SECOND CLAIM**

9                            **Unruh Act**

10     33.    Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for

11  this claim.

12     34.    California Civil Code § 51 states, in part, that:   All persons within the

13  jurisdiction of this state are entitled to the full and equal accommodations, advantages,

14  facilities, privileges, or services in all business establishments of every kind whatsoever.

15     35.    California Civil Code § 51.5 also states, in part that:   No business

16  establishment of any kind whatsoever shall discriminate against any person in this state

17  because of the disability of the person.

18     36.    California Civil Code § 51(f) specifically incorporates (by reference) an

19  individual's rights under the ADA into the Unruh Act.

20     37.    Defendants' aforementioned acts and omissions denied the physically

21  disabled public – including Plaintiff – full and equal accommodations, advantages, facilities,

22  privileges and services in a business establishment (because of their physical disability).

23     38.    These acts and omissions (including the ones that violate the ADA) denied,

24  aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

25     39.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

26  minimum damages of four thousand dollars ($4,000) for each offense.

27     40.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

28  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

*Moore v. Ghuman*
Complaint

MLF0037751

EX. 42-14

§ 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.     Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.     Health and Safety Code § 19955(a) states, in part, that:   California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

43.     Health and Safety Code § 19959 states, in part, that:  Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

44.     Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

45.     Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3.     Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

4.     Attorneys' fees, litigation expense, and costs of suit.[2]

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Ghuman*
Complaint

Page 8

**MLF0037752**

EX. 42-15

5.     Interest at the legal rate from the date of the filing of this action.

6.     For such other and further relief as the Court deems proper.

Dated: April 28, 2014                    MOORE LAW FIRM, P.C.

                                         /s/ Tanya E. Moore
                                         Tanya E. Moore
                                         Attorneys for Plaintiff
                                         Ronald Moore

*Moore v. Ghuman*
Complaint
                              Page 9

MLF0037753

EX. 42-16

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:  4/28/14                          /s/  Ronald Moore
                                         Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                         /s/ Tanya E. Moore
                                         Tanya E. Moore, Attorney for
                                         Plaintiff, Ronald Moore

*Moore v. Ghuman*
*Verification*

MLF0037754

EX. 42-17

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 4/28/04

_Ronald Moore_

Ronald Moore

*Moore v. Ghuman*
*Verification*

MLF0037757

EX. 42-18

# Exhibit 43

KITCHEN CHECK

| Date | Table | Guests | Server | 513641 |
|------|-------|--------|--------|--------|

APPT-SOUP/SAL-ENTREE-VEG/POT-DESSERT-BEV

8/4/2010

$11.92

WIN WAH CHINESE RESTAURANT
731 E. BULLARD AVE.
FRESNO, CA 93710

MLF0025469

EX. 43-2

```
     STOP-N-SAVE LIQUOR
     5787 NORTH FIRST ST
          FRESNO    CA
  Call Again
          111111511114444448
  PEPSI 1             2.99
  ITEM 1          1
  TAX                 0.27
  TOTAL            3.26
  CASH TO            20.00
  CHANGE             16.74
  08-04-2019    PM 09:08
                     2019
```

MLF0025467

TOM'S BARBERSHOP
5781 N 1ST ST
FRESNO, CA  93710
559/439-3302

## SALE

MID: 520002712008
TID: 002               REF#: 00000008
Batch #: 157001        RRN: 020503711
06/06/14                      15:44:00
APPR CODE: 67443Z
MASTERCARD                    Swiped
************7245

**AMOUNT**              $32.00

**TIP**        $ _____

**TOTAL**      $ _____

APPROVED

THANK YOU
PLEASE COME AGAIN

CUSTOMER COPY

MLF0025465

EX. 43-4

```
              Baskin-Robbins
               PC # 361040
            5711 N. First Street
            Fresno, CA, 93710


              Table Q#1
    Trans#: 60190        Serv: Manager
    07/18/2013 07:08 PM        # Cust:1
    ===================================
    Quan  Description           Cost
    ===================================
       2 Single Scoop          $5.58
    ===================================
           Net Total:          $5.58
                           ===============
           TOTAL: $5.58
    ===================================
    CASH                      $20.00
    Change                    $14.42


        WANT $1 OFF YOUR
         NEXT PURCHASE
        OF $4 OR MORE?
     Go to www.tellbaskinrobbins.com
    within 3 days & tell us about your visit
    Bring receipt with code to redeem offer
      at the above Baskin-Robbins location
    Enter Validation Code: _____
    Offer not valid on Dunkin' K-Cup Packs,
      Keurig Brewers, or any gift cards
        Visit Baskin-Robbins.com for
         offer redemption restrictions
       Te invitamos a participar en
            nuestra encuesta

    Survey Code: 19002-61040-1907-1835
```

MLF0025464

EX. 43-5

# Estimate

**Yellow Dog Signs & Graphics**
5741 N.First St
Fresno, Ca  93710
ph.  (559) 435-6263
fax  (559) 451-0530
email: email@YellowDogGraphics.com



Estimate:          12263

Printed      5/21/2014  2:31:32PM

---

Description:    **3x10 banner**
Prepared For:  Walk-in                              ph: (559) 0-
Company:       Walk-in

Dear :

Thank you for considering Yellow Dog for your sign needs. If you have any questions, please don't hesistate to call me at (559) 435-6263.

Pricing on any line item on this invoice is valid only 30 days after official ESTIMATE is created.  After this 30 day period all prices are subject to change without notice.

Yellow Dog Signs & Graphics

| Product | Font | Qty | Sides | Height | Width | Unit Cost | Item Total |
|---|---|---|---|---|---|---|---|
| 1  DIGITAL BANNER - With He | | 1 | 1 | 36 | 120 | $150.00 | $150.00 |

Color:
**Description:**
Text:        Elva's Jewel Joy
             World's first  Jewelry Cleaner
             Gauranteed Safe for Perals and Opals

Notes:

| | |
|---|---|
| Line Item Total: | $150.00 |
| Subtotal: | $150.00 |
| Taxes: | $12.34 |
| Total: | $162.34 |
| Deposit Required: | $81.17 |

---

Company:  Walk-in
          Fresno, Ca

Received/Accepted By:
                                                          /   /
_____

**www.YellowDogGraphics.com**

MLF0025472

EX. 43-6

Barbard & first

(Ron)    8/4/10

Bad parking Ramp comes out
into the Hc access, Grade too
steep. Could not get into the
-dults only area Because there
were Pepsi Displays in the
way. Counter was too
high for Ron to see what
Kind of chewing Tobacco
he wanted. Door was
propped open when we
got there.

On Same Center as
Win Wah & Baskin Robins

MLF0025307

EX. 43-7

Bullaid & first
8-4-10

(Ron)

Win Wah chinese food.

There is only parking
for Win Wah with name
of Tow Co that will tow.
No H/C spots or Signs.
Door is Very Heavy.
Ron Could not get
in the door to get to
the mens Restroom.
There were also chairs
stacked against the wall
in the hall to Bathroom
that would prevent him
from getting to Bathroom
also. Dont think the
door would Be wide
enough anyway.

MLF0025308

EX. 43-8

AD A
OO736

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE
ADAI No.
(Facility)

1. What is the name of the Facility? _Baskin RoBBins_

2. When did you visit the Facility? _7/18/13 (Date) 7:00 pm (Time)_

3. What is the address of the Facility? _5711 N First St Fresno CA 93710_

4. Was this your first visit to the Facility? _No_

5. How many times have you visited the Facility? _few_ If more than one visit, please list the date and time if you know it. _?_

6. What was the purpose of your visit? _get Ice Creams_

7. Who accompanied you to the Facility? _My wife Lynn_

8. What car did you drive to the Facility? _Nurl_

9. Did you drive yourself of did you get a ride from someone else? _I Drove_

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _Right in front of Door_

11. Was it difficult for you to park there? _yes_

12. Why? _No Sign No parking_

13. How did you unload from your vehicle? _Rear_

14. What side of the vehicle did you unload from? Driver or passenger? _Drivers_

15. Did anyone help you to transfer onto your wheelchair? _No_

16. What problems did you encounter transferring onto your wheelchair?

_No_

17. Which way did you go from the parking to the entrance of the Facility? _on Drivers side to sidewalk to Door_

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

_Cracks in payment_

19. Did you encounter any problems opening the door? Describe why. _Door was Heavey and closed on me going Thru Because of Thrishold_

20. Did you have any problems inside the Facility? Describe. _yes I could not see the Ice cream in the_

MLF0025226

EX. 43-9

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE
ADAI No.
(Facility)

_Display case's so I could not pick out_
_had to get something I Already Knew._

21. What did you purchase (or what meal did you have there). Describe: _Ice cream_

22. Have you used the restroom at the Facility? _NO_

23. Why did you need to use the restroom? _____

24. Did you use the sink? _____

25. Any problems? _____

26. Did you use the urinal? _____

27. Did you use the toilet? _____

28. Did you use the toilet paper? _____

29. Did you use paper towels? _____

30. Did you use the soap dispenser? _____

31. Did you have any problem maneuvering inside the restroom? _____

32. Where did you sit? _NO_

33. Was there any seating provided inside the Facility? _Yes_

34. Was it wheelchair accessible? _NO_

35. Where you comfortable at the table? _NO_

36. Did you use the counter to pay for purchase? _Yes_

37. Which counter did you use? _Only one_

38. Was the counter accessible? _It was kind of Back in corner Hard_
_to get out once I paid had to give my Ice cream to Lynn so_
39. Which way did you go after you left the Facility? _I could Back out Because of Ice_
_Box And counters in Way_
40. Any problems getting back to your vehicle? _NO_

41. Any problems transferring from your wheelchair to your vehicle? _NO_

42. If you have any addition information you believe would assist us in evaluating this inquiry.

MLF0025227

EX. 43-10

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE
ADAI No.
(Facility)

1. What is the name of the Facility? _BAskin RoBBins_

2. When did you visit the Facility? _7/18/13_ (Date) _200 pm_ (Time)

3. What is the address of the Facility? _5711 N Frist St Fresno CA 93710_

4. Was this your first visit to the Facility? _No_

5. How many times have you visited the Facility? _few_ If more than one visit, please list the date and time if you know it. _?_

6. What was the purpose of your visit? _got Ice creams_

7. Who accompanied you to the Facility? _My wife Lynn_

8. What car did you drive to the Facility? _mine_

9. Did you drive yourself or did you get a ride from someone else? _I drove_

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _Right in Front of Door_

11. Was it difficult for you to park there? _yes_

12. Why? _No Sign No parking_

13. How did you unload from your vehicle? _Rear_

14. What side of the vehicle did you unload from? Driver or passenger? _Drivers's_

15. Did anyone help you to transfer onto your wheelchair? _No_

16. What problems did you encounter transferring onto your wheelchair?

_No_

17. Which way did you go from the parking to the entrance of the Facility? _on Driver side to sidewalk to Door_

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

_Crack's in payment_

19. Did you encounter any problems opening the door? Describe why. _Door WAS Heavey and closed On me going Thru Because of Threshold_

20. Did you have any problems inside the Facility? Describe. _yes I could not see the Ice cream in the_

MLF0025332

EX. 43-11

Display case's so I could not pick out
had to get something I Already Knew.

21. What did you purchase (or what meal did you have there). Describe: _Ice creams_

_____

22. Have you used the restroom at the Facility? _NO_

23. Why did you need to use the restroom? _____

24. Did you use the sink? _____

25. Any problems? _____

26. Did you use the urinal? _____

27. Did you use the toilet? _____

28. Did you use the toilet paper? _____

29. Did you use paper towels? _____

30. Did you use the soap dispenser? _____

31. Did you have any problem maneuvering inside the restroom? _____

32. Where did you sit? _NO_

33. Was there any seating provided inside the Facility? _Yes_

34. Was it wheelchair accessible? _NO_

35. Where you comfortable at the table? _NO_

36. Did you use the counter to pay for purchase? _Yes_

37. Which counter did you use? _Only one_

38. Was the counter accessible? _It was kind of Back in corner Hard_
to get out once I paid had to give my Ice cream to Lynn so

39. Which way did you go after you left the Facility? _I could Back out Because of Ice_
Box and counters on way

40. Any problems getting back to your vehicle? _NO_

41. Any problems transferring from your wheelchair to your vehicle? _NO_

42. If you have any addition information you believe would assist us in evaluating this inquiry.

MLF0025333

EX. 43-12

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE
ADAI No.
(Facility)

1. What is the name of the Facility? Yellow Dog Signs and Graphics

2. When did you visit the Facility? 5/21/14 (Date) 2:30 (Time)

3. What is the address of the Facility? 5741 N. First St. Fresno CA

4. Was this your first visit to the Facility? Yes

5. How many times have you visited the Facility? ? If more than one visit, please list the date and time if you know it. I don't know if My father and I went before

6. What was the purpose of your visit? A banner

7. Who accompanied you to the Facility? Grandson Ronny

8. What car did you drive to the Facility? Mine

9. Did you drive yourself of did you get a ride from someone else? I drove

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. in front of store by ramp

11. Was it difficult for you to park there? Yes, ramp into street

12. Why? No signs

13. How did you unload from your vehicle? Rear

14. What side of the vehicle did you unload from? Driver or passenger? Driver

15. Did anyone help you to transfer onto your wheelchair? Grandson Ronny

16. What problems did you encounter transferring onto your wheelchair?

None, grandson helped Me

17. Which way did you go from the parking to the entrance of the Facility? Up ramp to door

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

Ramp goes into street and access isle

19. Did you encounter any problems opening the door? Describe why. Door heavy threshold high

20. Did you have any problems inside the Facility? Describe. Yes

MLF0025470

EX. 43-13

*No were, for me to sit. Had to sit in middle of room. Grandson had to write out banner idea because I couldn't reach counter.*

**21.** What did you purchase (or what meal did you have there). Describe: ~~I~~ got an estimate on how much a banner cost

**22.** Have you used the restroom at the Facility? No bathroom

**23.** Why did you need to use the restroom? N/A

**24.** Did you use the sink? N/A

**25.** Any problems? N/A

**26.** Did you use the urinal? N/A

**27.** Did you use the toilet? N/A

**28.** Did you use the toilet paper? N/A

**29.** Did you use paper towels? N/A

**30.** Did you use the soap dispenser? N/A

**31.** Did you have any problem maneuvering inside the restroom? N/A

**32.** Where did you sit? ~~Bar~~ in middle of room

**33.** Was there any seating provided inside the Facility? Yes

**34.** Was it wheelchair accessible? No

**35.** Where you comfortable at the table? No tables

**36.** Did you use the counter to pay for purchase? Yes

**37.** Which counter did you use? only one

**38.** Was the counter accessible? No to high

**39.** Which way did you go after you left the Facility? Out door ~~&~~ down ramp to car

**40.** Any problems getting back to your vehicle? Yes ramp steep

**41.** Any problems transferring from your wheelchair to your vehicle? No Grandson brought me to ~~the~~ my door and put chair in car

**42.** If you have any additional information you believe would assist us in evaluating this inquiry.

MLF0025471

**BARRIER MEMO**

ADAI No. :   00736

Case Name:   Moore v. Gong & Young

Address:   Yellow Dog Signs & Graphics – 5741 N First St, Fresno

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| No signage for accessible parking | Plaintiff had difficulty locating the designated accessible parking because it lacked signage. | **Yes, also appears the owners car is parked in the one that looks like designated for disable** |
| Built-up curb ramp | The ramp from the parking to the sidewalk was an improperly configured built-up curb ramp, which extended into the access aisle. | Yes |
| Door heavy/threshold high | The door was heavy and it had a raised threshold. It was hard for Plaintiff to hold the door open while he maneuvered over the raised threshold. | Yes |
| No space in waiting area | Plaintiff could not find a clear space in the waiting area large enough for his wheelchair and had to sit in the middle of the room. | Yes |
| Counter high | The service counter was high, and Plaintiff could not reach to write down his sign request. His grandchildren had to write it for him. | Yes |

MLF0025228

EX. 43-15

**ADAI No. :**  00736

**Case Name:**  Moore v. Gong and Young, Inc.

**Address:**  Baskin-Robbins, 5711 N. First Street, Fresno
Win Wah Chinese Restaurant, 731 E. Bullard Avenue, Fresno
Stop N Save, 5787 N. First Street, Fresno

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Baskin-Robbins: No accessible parking | Plaintiff was unable to find an accessible parking space at the Baskin-Robbins Facility and was forced to park in a standard parking space which was improperly configured, which made it difficult for Plaintiff to transfer between his vehicle and his wheelchair. | |
| Baskin-Robbins: Parking lot surface uneven | The surface of the parking lot at the Baskin-Robbins Facility was uneven, making it difficult for Plaintiff to transfer between his vehicle and his wheelchair and to maneuver his wheelchair on the parking lot. | |
| Baskin-Robbins: Door heavy | The entrance/exit door at the Baskin-Robbins Facility was heavy, making it difficult for Plaintiff to open. | |
| Baskin-Robbins: Raised threshold at entrance | There was a raised threshold at the entrance to the Baskin-Robbins Facility, which made it difficult for Plaintiff to maneuver his wheelchair through the doorway while attempting to hold the heavy door open. | |
| Baskin-Robbins: Ice cream display too high | The ice cream display at the Baskin-Robbins Facility was improperly configured such that it was difficult for Plaintiff to see into the display to view the different flavors of ice cream available. Plaintiff was forced to order a flavor he remembered from a previous occasion because he could not see the selection. | |
| Baskin-Robbins: No accessible tables | Plaintiff was unable to locate an accessible table at the Baskin-Robbins Facility and was forced to sit at a table that was improperly configured, which was uncomfortable. | |
| Baskin-Robbins: Register | There was insufficient clear space provided at the | |

1

MLF0025229

EX. 43-16

| | | |
|---|---|---|
| counter lacks proper clearances | register counter at the Baskin-Robbins Facility, making it difficult for Plaintiff to maneuver his wheelchair away from the counter after he finished paying for his purchase. Plaintiff required assistance from his wife to hold his ice cream while he backed up away from the counter as he was unable to turn around. | |
| Win Wah: No accessible parking | Plaintiff was unable to find an accessible parking space at the Win Wah Facility and was forced to park in a standard parking space which was improperly configured, which made it difficult for Plaintiff to transfer between his vehicle and his wheelchair. | |
| Win Wah: Door heavy | The entrance/exit door at the Win Wah Facility was heavy, making it difficult for Plaintiff to open. | |
| Win Wah: Route to restroom too narrow | The route to the men's restroom at the Win Wah Facility lacked necessary wheelchair clearances, preventing Plaintiff from entering the restroom. The restroom was located down a hallway which was obstructed by chairs stacked along the wall. Additionally, Plaintiff could see that the doorway to the men's restroom was too narrow for his wheelchair to fit through, even if he were able to move the obstructions from the hallway. | |
| Stop N Save: Ramp steep and goes into access aisle | The ramp from the designated accessible parking space to the sidewalk leading to the entrance of the Stop N Save Facility was steep and protruded into the access aisle, making it difficult for Plaintiff to maneuver up and down the ramp in his wheelchair. | |
| Stop N Save: Aisles too narrow | The aisles within the Stop N Save Facility lacked necessary wheelchair clearances, making it difficult for Plaintiff to maneuver his wheelchair around the store. | |
| Stop N Save: Counter too high | The counter at the Stop N Save Facility was too high, preventing Plaintiff from being able to see the merchandise offered. | |

MLF0025230

EX. 43-17



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

June 13, 2014

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

**RE: ADAI No. 00736**
**Gong & Young, Inc. (Baskin Robbins, Stop N Save, Yellow**
**Dog Signs)**
*5711 N First St, Fresno, CA*

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

*Dictated but not read.*
*Sent without signature to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

Enclosure: Fee Agreement

EX. 43-18

MLF0056222

# MOORE LAW FIRM, PROFESSIONAL CORPORATION

**332 N. Second Street**
**San Jose, CA 95112**
**(408) 298-2000**

I hereby agree that the Moore Law Firm, PC has my permission to execute any kind of settlement agreement and/or endorse any settlement check or document in connection with my Americans with Disabilities Act Lawsuit against **Gong & Young, Inc. (Baskin Robbins, Stop N Save, Yellow Dog Signs).**

DATE: _____

_____
CLIENT'S SIGNATURE- RONALD MOORE

_____
ADDRESS

_____
CITY

_____
TELEPHONE

DATE:_____

MOORE LAW FIRM, PC
ATTORNEY FOR RONALD MOORE

MLF0056223

EX. 43-19

# *CIVIL RIGHTS LAWSUIT FEE AGREEMENT*

---

## MOORE LAW FIRM, PROFESSIONAL CORPORATION

332 N. Second Street
San Jose, CA 95112
(408) 298-2000

THIS AGREEMENT, made this _____ at **San Jose, CA,** by and between Ronald

Moore, hereinafter designated as "Client," and **the Moore Law Firm, PC,** hereinafter designated as

"Attorney," witnesseth:

In consideration of all services rendered by Attorney to Client, Client retains Attorney to

represent him/her as his/her attorney at law in the case against ***Gong & Young, Inc. (Baskin Robbins,***

***Stop N Save, Yellow Dog Signs)*** and whosoever may be liable. No tort action shall be filed for

emotional distress (unless otherwise agreed).

PARAGRAPH 1. ATTORNEY TAKES ALL STEPS NECESSARY:  Client empowers

Attorney to take all steps the Attorney deems advisable to institute appropriate legal proceedings and

resolve Client's claims.

PARAGRAPH 2. COOPERATION: Client agrees to cooperate fully throughout litigation and

immediately notify Attorney of any changes in address, phone number, or employment.  If Client fails to

cooperate and Attorney withdraws from the case, the lien provisions of Paragraph 6 will apply.

### FEE ARRANGEMENTS

PARAGRAPH 3(a).  CONTINGENCY FEE ARRANGEMENTS:  If the Client doesn't recover,

or fees are not awarded to the Attorney, no fee will be charged to the Client. In any contingency fee

agreement, the fee is not set by law, but is negotiable between Attorney and Client unless the claim is

subject to Business and Professions Code Section 6146, (i.e. an action filed on behalf of a minor where

the fee which in contingent upon court approval.)  In any event, any fee that requires court approval will

be the fee that controls this agreement.

MLF0056224

PARAGRAPH 3(b). PURPOSE OF THE CIVIL RIGHTS ACTION: Client understands and acknowledges that in civil rights actions, this action's primary purpose is to enforce Client's civil rights through injunctive relief. Injunctive relief does not entitle the claimant/client to any monetary recovery and separate claims for tort or personal injury actions will not be filed. Emotional distress and personal injury claims will be incorporated, wherein appropriate, in claims for discrimination, but not set forth as an independent and separate claim. As noted, some claims may include personal injury and statutory violations. Civil rights actions alleging discrimination, *vis-à-vis*, emotional distress and personal injury, seek compensatory damages (money) that may be significantly less than the hourly attorneys' fees generated.

PARAGRAPH 3( c ). NO GUARANTEES: Attorney cannot guarantee that the Client will receive a monetary recovery.

PARAGRAPH 3 (d)(i). PREVAILING PARTY: If the Client is prevailing party, (as defined by statute) their attorneys' fee may be paid by the defendant(s). The operative language of these statutes is the court "may" award reasonable attorneys' fees; there is no guarantee that the Attorney will receive any fees. However, considering the primary purpose of this civil rights action, the Client understands that Attorney will seek fees and costs for services rendered under Paragraph 3(e).

PARAGRAPH 3 (d)(ii). CLIENT AND ATTORNEY CONFLICT OF INTEREST: Notwithstanding the previous paragraph, Client understands that attorneys' fees in civil rights cases usually exceed monetary settlements from mediation, arbitration, or a trial verdict. Client understands the Attorney may receive nothing for services rendered and costs advanced. Client also understands there is a potential conflict of interest, if the Attorney is required to negotiate the Client's damages and the attorneys' fee with either the defendant or the Client. The Client understands that where insurance coverage exists, defendant will often attempt to offset attorneys' fees by paying more in compensatory damages to reduce the monetary amount paid with defendant's personal assets toward settlement. The Client should consult with any other lawyer for legal advice before entering into this contract. Client

MLF0056225

EX. 43-21

agrees that by entering into this contract he/she is waiving any objection to this potential conflict of interest, and authorizes the Attorney to negotiate any possible settlement as to both the Client's recovery and the attorneys' fees and costs.

## FEES

Hence, Client agrees to pay the fees herein described, duly noting the conflict that exists, at the option of Attorney, as set forth under Fee Determination, as follows:

PARAGRAPH 3(e). FEE DETERMINATION AT ATTORNEY'S OPTION:

(i)     Attorneys' fees based upon services rendered at the billing rate listed in paragraph 3(f) or negotiated with Client as part of the settlement;

OR

(ii)    Attorneys' fees negotiated with defendants as part of settlement, or the fee awarded by the court;

OR

(iii)   In the event the attorneys' fees awarded by the court arbitration, mediation, or settlement, are less than the amount sought, then the Client will pay the balance of fees;

OR

(iv)    In addition to the attorneys' fees based upon the Paragraph 3(f) billing rate or negotiated with Client as part of the settlement, a third of the total amount recovered by way of settlement, mediation, arbitration or trial for any claims of discrimination, emotional distress, personal injury, statute violation, loss of earnings or any other compensatory damages. This third constitutes a multiplier-bonus for the risk of litigation and costs advanced by Attorney on behalf of the Client;

OR

(v)     The fee of 40% of the total amounts recovered by way of settlement, mediation, arbitration or trial for any claims, plus any attorneys' fees awarded by the court or negotiated with defendant(s) as part of settlement. [40% X (Client recovery + Attorneys' fees)].

MLF0056226

EX. 43-22

PARAGRAPH 3(f). BILLING RATE: Attorney's billing rate is from $350.00 to $685.00 per hour. Outside associated attorneys hired are billed at $125.00 to $200.00 per hour, paralegals/legal assistants are billed at $115.00 per hour. Administrative staff is billed at $70.00 to $90.00 per hour.

PARAGRAPH 3(g). PUNITIVE DAMAGES: Punitive damages based upon defendants' despicable conduct may be sought in addition to the compensatory damages. These damages are awarded in a sufficient amount to punish or make an example of the defendant(s). Therefore, if any punitive damages are awarded, Client and Attorney agree to divide punitive damages equally.

PARAGRAPH 3(h). MINOR'S RECOVERY: Client acknowledges that if Client is a minor, the fee set by the Court shall prevail over this Agreement. If the minor reaches the age of majority, the fee set forth in Paragraphs 3(e)(l) of 3(e)(ii) shall prevail at the attorney's option.

PARAGRAPH 3(i). NO RECOVERY NO FEE: As to all attorneys' fees provisions and costs stated herein, if there is no recovery for the Client(s) or no fees awarded the Attorney, no fees will be charged to Client .

PARAGRAPH 3(j). DISBURSEMENT AFTER RECOVERY: For any previously described contingency agreement, hourly fee agreement, or combination thereof, the fee shall be taken from the total settlement and then costs shall be deducted. If Attorney is representing multiple claims in one case a consolidated action, or related actions arising out of the substantially same facts, costs will be allocated on a pro rata recovery for all Clients. If one Client settles before any other, the costs will be divided equally at that point in time or divided by Attorney, as Attorney deems equitable. If the Client and Attorney agree to outstanding liens, or they are statutory by nature, they will be paid.

The balance is Client's net recovery.

In the event of a partial recovery, Client agrees to apply Client's share of the partial recovery toward future costs. Said money will be held in Attorney's trust account.

PARAGRAPH 3(k). COST REIMBURSEMENT: Client agrees to reimburse Attorney for all costs if there is no recovery. Costs include, but not limited to, the following: filing fees, service

MLF0056227

EX. 43-23

of process, postage, messenger service, overnight delivery service, investigation, interpreter, experts, record procurement, reference material, computer time/research, medical illustrations, scale drawing, beeper, photography, deposition fees/charges, costs incurred for trial/arbitration/mediation, mileage, word processing, facsimile, and photocopying. A minimum charge of $115.00 will be assessed for opening the file, photocopying and postage. A minimum charge of $500.00 will be charged for on-line computer research. Facsimile charge is $1.00 per page sending/receiving. Photocopying charge is 45¢ per page. When Attorney travels, the mode of travel, travel classification and accommodation shall be determined by the Attorney and constitute costs. It is further acknowledged that the costs of medical care rendered to Client for personal injuries are the Client's responsibility, and do not constitute costs under this Agreement, or charges against Attorney.

PARAGRAPH 3(l). TRAVEL: Client acknowledges and agrees that for purposes of fee determination, time is charged from the time Attorney leaves Attorney's office until return to said office.

PARAGRAPH 3(m). POWER OF ATTORNEY: Client grants a Power of Attorney to Attorney to endorse and deposit, on behalf of Client, any negotiable instruments made payable to the Client and Attorney. Client further instructs and directs Attorney to make all disbursements deemed appropriate by Attorney and to place Client's funds in an interest bearing trust account.

PARAGRAPH 4. APPEALS: Client acknowledges that no Appeals need to be taken without both parties' consent. The fee for an Appeal is separate and apart from this Agreement and negotiable between Client and Attorney.

PARAGRAPH 5. ERRORS AND OMISSIONS INSURANCE: Attorney does not maintain errors and omissions insurance applicable to the services to be rendered under this agreement. Disclosure is pursuant to Business and Professions Code §6148(a)(4).

PARAGRAPH 6. LIEN. FIRING/DISCHARGING ATTORNEY: In the event the Client fires/discharges Attorney, the Client hereby grants Attorney a lien upon the case, and upon any documents, records, or papers in connection therewith, and upon any sum received for fees and costs

MLF0056228

EX. 43-24

incurred or advanced. Said lien is based upon the reasonable value of Attorney's services valued at $350.00 per hour. In addition, Attorney may elect compensation based upon any offer to Client to settle the matter prior to Attorney's discharge, on the basis of *quantum meruit* for the overall value of the services provided, or under any option listed in paragraph 3(e). Client further agrees that any recovery obtained after attorney's discharge will contain Attorney's name on any draft/check and be deposited in any interest-bearing trust account bearing Attorney's name and the name of Client's new lawyer(s), and require Attorney to be signatory to said trust account together with Client's new lawyer(s). Client agrees that any recovery disagreement or fee dispute will be submitted to the California State Bar Association for resolution pursuant to said Bar's procedures, subject to whether the action was filed in Northern or Southern California. Actions filed outside the State of California will be subject to the procedures of the California State Bar Association. Each side will bear its own Arbitration costs. If the Client discharges the Attorney, the Attorney shall retain a copy of the file, and the cost of duplicating the file will be assessed the Client as a cost.

PARAGRAPH 7. SETTLEMENT: Client acknowledges that no settlement shall be made without the consent of both Client and Attorney. Client further acknowledges that settlement agreements and releases which contain language releasing claims for personal injury and emotional distress, etc. is for the purpose of giving defendant(s) a full release of all claims and to ensure, (to the extent possible) that Client's recovery will not be taxable as income. Attorney makes no guarantee as to any tax consequences for Client and is not advising Client as to same.

PARAGRAPH 8. Client acknowledges that Attorney has made no guarantees regarding the successful termination of this case, and all expressions relative thereto are matters of his opinion only.

The undersigned acknowledges and agrees to the foregoing terms and conditions of said Retainer Agreement. If more than one Client, this agreement may be signed in counterparts. Client acknowledges receipt of duplicate copy of this Agreement.

_____Initial             _____Initial

MLF0056229

DATE:_____          _____
                                CLIENT'S SIGNATURE


DATE:_____          _____
                                CLIENT'S NAME

                                _____
                                ADDRESS


                                _____
                                CITY


                                _____
                                TELEPHONE

MY WITNESS(S) ARE _____
(if none please indicate so)



DATE:_____          MOORE LAW FIRM, PC


                                _____
                                ATTORNEY FOR RONALD MOORE

MLF0056230

1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: tanya@moorelawfirm.com

5  Attorneys for Plaintiff
   Ronald Moore
6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 RONALD MOORE,                          )  No.
                                          )
12          Plaintiff,                     )  COMPLAINT ASSERTING DENIAL OF
                                          )  RIGHT OF ACCESS UNDER
13      vs.                                )  AMERICANS WITH DISABILITIES ACT
                                          )  FOR INJUNCTIVE RELIEF,
14 GONG & YOUNG, INC., a California        )  DECLARATORY RELIEF, DAMAGES,
   corporation, aka GONG, CHUN & YOUNG,    )  ATTORNEYS' FEES AND COSTS (ADA)
15 INC.; TASHJIAN, INC., a California      )
   corporation, dba BASKIN-ROBBINS #2033; )
16 DHILLON HOLDINGS LTD, a California      )
   corporation, dba STOP N SAVE LIQUOR;   )
17                                         )
                                          )
18          Defendants.                    )
                                          )
19 _____)

20                            I. SUMMARY

21      1.      This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

22 discrimination at the building, structure, facility, complex, property, land, development,

23 and/or surrounding business complex known as:

24          a)      Baskin-Robbins #2033
                    5711 North First Street
25                  Fresno, CA 93710      (hereafter "the Baskin-Robbins Facility")

26
            b)      Stop N Save Liquor
27                  5787 North First Street
                    Fresno, CA 93710      (hereafter "the Stop N Save Facility")
28

*Moore v. Gong & Young, Inc., et al.*
Complaint

MLF0025309

EX. 43-27

1  Each of the facilities identified above shall be collectively hereafter referred to as
2  "the Facilities."

3  2.  Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and
4  costs, pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.)
5  ("ADA") and related California statutes, against:

6  a)  GONG & YOUNG, INC., a California corporation, aka GONG,
7  CHUN & YOUNG, INC. (hereinafter "the Landlord Defendant");

8  b)  TASHJIAN, INC., a California corporation, dba BASKIN-ROBBINS
9  #2033 (hereinafter "the Baskin-Robbins Defendant"); and

10  c)  DHILLON HOLDINGS LTD, a California corporation, dba STOP N
11  SAVE LIQUOR (hereinafter "the Stop N Save Defendant").

12  The Baskin-Robbins Defendant and the Stop N Save Defendant are collectively
13  referred to herein as "the Tenant Defendants," and together with the Landlord Defendant,
14  collectively the "Defendants."

## II.  JURISDICTION

16  3.  This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for
17  ADA claims.

18  4.  Supplemental jurisdiction for claims brought under parallel California law –
19  arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

20  5.  Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.  VENUE

22  6.  All actions complained of herein take place within the jurisdiction of the
23  United States District Court, Eastern District of California, and venue is invoked pursuant to
24  28 U.S.C. § 1391(b), (c).

## IV.  PARTIES

26  7.  Plaintiff believes, and thereon alleges, that the Landlord Defendant owns,
27  operates, and/or leases the real property consisting of the real property and common areas of
28  the Facilities as well as the physical structures thereon (including the buildings in which each

*Moore v. Gong & Young, Inc., et al.*
Complaint

MLF0025310

EX. 43-28

of the individual Tenant Defendants' Facilities is located), and consists of a person (or persons), firm, or corporation. Plaintiff further believes, and thereon alleges, that the Landlord Defendant leases the respective Facilities to the Tenant Defendants as follows:

      a)    The Baskin-Robbins Defendant owns, operates, and/or leases the Baskin-Robbins Facility, and leases the Baskin-Robbins Facility from the Landlord Defendant; and

      b)    The Stop N Save Defendant owns, operates, and/or leases the Stop N Save Facility, and leases the Stop N Save Facility from the Landlord Defendant.

8.    Plaintiff requires the use of a wheelchair when traveling about in public. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and is a member of the public whose rights are protected by these laws.

V.    FACTS

9.    The Facilities are public accommodations, open to the public, which are intended for nonresidential use and whose operation affects commerce.

10.    Plaintiff visited the Facilities and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facilities. Plaintiff personally encountered the following barriers at the Facilities during Plaintiff's visits to the Facilities:

      a)    During Plaintiff's visit to the Baskin-Robbins Facility on or about July 18, 2013, Plaintiff encountered the following barriers:

          1)    Plaintiff was unable to find an accessible parking space near the Baskin-Robbins Facility and was forced to park in a standard parking space which was improperly configured and had an uneven surface, making it difficult for Plaintiff to transfer between his vehicle and his wheelchair.

          2)    The surface of the parking lot was uneven, making it difficult for Plaintiff to maneuver his wheelchair from his parking space

MLF0025311

EX. 43-29

toward the Baskin-Robbins Facility entrance.

3)  The Baskin-Robbins Facility entry door was heavy, making it difficult for Plaintiff to open the door. Additionally, there was a raised threshold at the entrance to the Baskin-Robbins Facility, and Plaintiff struggled to maneuver his wheelchair over the threshold while holding the heavy door open.

4)  The ice cream display case was improperly configured such that it was difficult for Plaintiff to see into the display to view the different flavors of ice cream available. Plaintiff was forced to order a flavor he remembered from a previous visit to the store because he could not see the selection.

5)  Plaintiff was unable to locate an accessible table at the Baskin-Robbins Facility and was forced to sit at a table that was improperly configured, which was uncomfortable.

6)  There was insufficient clear space provided at the register counter, making it difficult for Plaintiff to maneuver his wheelchair away from the counter after he finished paying for his purchase. Plaintiff required assistance from his wife to hold his ice cream while he backed away from the counter, as he was unable to turn around.

b)  Plaintiff visited the Stop N Save Facility on or about August 4, 2010 and encountered the following barriers:

1)  Plaintiff parked in a designated accessible parking space near the Stop N Save Facility. The ramp from the parking space to the sidewalk leading to the entrance of the Stop N Save Facility was an improperly configured built-up curb ramp which was steep and protruded into the access aisle, making it difficult for Plaintiff to maneuver up and down the ramp in his

*Moore v. Gong & Young, Inc., et al.*
Complaint

MLF0025312

EX. 43-30

1   wheelchair.

2       2)   Some of the aisles inside the Stop N Save Facility lacked

3   necessary wheelchair clearances, making it difficult for

4   Plaintiff to maneuver his wheelchair around the store.

5       3)   The counter at the Stop N Save Facility was too high,

6   preventing Plaintiff from being able to see the merchandise

7   offered.

8      c)   On or about July 18, 2013, Plaintiff wanted to shop at the Stop N Save

9   Facility again and drove to the designated accessible parking space

10   near the Stop N Save Facility. However, he could see that the barriers

11   he had encountered on his previous visit still remained. Remembering

12   the difficulties he had faced during his previous visit, Plaintiff decided

13   not to try to go into the Stop N Save Facility again.

14      11.   The barriers identified in paragraph 10 herein are only those that Plaintiff

15   personally encountered. Plaintiff is presently unaware of other barriers which may in fact

16   exist at the Facilities and relate to his disabilities. Plaintiff will seek to amend this Complaint

17   once such additional barriers are identified as it is Plaintiff's intention to have all barriers

18   which exist at the Facilities and relate to his disabilities removed to afford him full and equal

19   access.

20      12.   Plaintiff was, and continues to be, deterred from visiting the Facilities because

21   Plaintiff knows that the Facilities' goods, services, facilities, privileges, advantages, and

22   accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

23   Plaintiff enjoys the goods and services offered at the Facilities, and will return to the

24   Facilities once the barriers are removed.

25      13.   Defendants knew, or should have known, that these elements and areas of the

26   Facilities were inaccessible, violate state and federal law, and interfere with (or deny) access

27   to the physically disabled. Moreover, Defendants have the financial resources to remove

28   these barriers from the Facilities (without much difficulty or expense), and make the

*Moore v. Gong & Young, Inc., et al.*
Complaint

MLF0025313

EX. 43-31

1   Facilities accessible to the physically disabled.  To date, however, Defendants refuse to either

2   remove those barriers or seek an unreasonable hardship exemption to excuse non-

3   compliance.

4         14.    At all relevant times, Defendants have possessed and enjoyed sufficient

5   control and authority to modify the Facilities to remove impediments to wheelchair access

6   and to comply with the 2010 Standards for Accessible Design and the California Code of

7   Regulations Title 24.  Defendants have not removed such impediments and have not

8   modified the Facilities to conform to accessibility standards.  Defendants have intentionally

9   maintained the Facilities in their current condition and have intentionally refrained from

10   altering the Facilities so that they comply with the accessibility standards.

11         15.    Plaintiff further alleges that the (continued) presence of barriers at the

12   Facilities is so obvious as to establish Defendants discriminatory intent.  On information and

13   belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal

14   to adhere to relevant building standards; disregard for the building plans and permits issued

15   for the Facilities; conscientious decision to maintain the architectural layout (as it currently

16   exists) at the Facilities; decision not to remove barriers from the Facilities; and allowance

17   that Defendants' property continues to exist in its non-compliance state.  Plaintiff further

18   alleges, on information and belief, that the Facilities are not in the midst of a remodel, and

19   that the barriers present at the Facilities are not isolated (or temporary) interruptions in access

20   due to maintenance or repairs.

21         **VI.**    **FIRST CLAIM**

22         **Americans with Disabilities Act of 1990**

23         Denial of "Full and Equal" Enjoyment and Use

24         16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

25   this claim.

26         17.    Title III of the ADA holds as a "general rule" that no individual shall be

27   discriminated against on the basis of disability in the full and equal enjoyment (or use) of

28   goods, services, facilities, privileges, and accommodations offered by any person who owns,

*Moore v. Gong & Young, Inc., et al.*
Complaint

MLF0025314

EX. 43-32

1  operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

2      18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

3  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

4  Facilities during each visit and each incident of deterrence.

5      Failure to Remove Architectural Barriers in an Existing Facility

6      19.    The ADA specifically prohibits failing to remove architectural barriers, which

7  are structural in nature, in existing facilities where such removal is readily achievable.  42

8      U.S.C. § 12182(b)(2)(A)(iv).

9      20.    When an entity can demonstrate that removal of a barrier is not readily

10  achievable, a failure to make goods, services, facilities, or accommodations available through

11  alternative methods is also specifically prohibited if these methods are readily achievable.

12  Id. § 12182(b)(2)(A)(v).

13      21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

14  barriers at the Facilities without much difficulty or expense, and that Defendants violated the

15  ADA by failing to remove those barriers, when it was readily achievable to do so.

16      22.    In the alternative, if it was not "readily achievable" for Defendants to remove

17  the Facilities' barriers, then Defendants violated the ADA by failing to make the required

18  services available through alternative methods, which are readily achievable.

19      Failure to Design and Construct an Accessible Facility

20      23.    Plaintiff alleges on information and belief that the Facilities were designed

21  and constructed (or both) after January 26, 1992 – independently triggering access

22  requirements under Title III of the ADA.

23      24.    The ADA also prohibits designing and constructing facilities for first

24  occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

25  with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

26      25.    Here, Defendants violated the ADA by designing and constructing (or both)

27  the Facilities in a manner that was not readily accessible to the physically disabled public –

28

*Moore v. Gong & Young, Inc., et al.*
Complaint

MLF0025315

EX. 43-33

1  including Plaintiff – when it was structurally practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

26.   Plaintiff alleges on information and belief that the Facilities were modified after January 26, 1992, independently triggering access requirements under the ADA.

27.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28.   Here, Defendants altered the Facilities in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.   Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facilities, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.   Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.   Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

---

[1] Nothing within this complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. Gong & Young, Inc., et al.*
Complaint

MLF0025316

EX. 43-34

## VII.   SECOND CLAIM

### Unruh Act

33.   Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.   California Civil Code § 51 states, in part, that:   All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.   California Civil Code § 51.5 also states, in part that:   No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.   Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.   Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.   Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.   Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.   Health and Safety Code § 19955(a) states, in part, that:   California public accommodations or facilities (built with private funds) shall adhere to the provisions of

*Moore v. Gong & Young, Inc., et al.*
Complaint

MLF0025317

EX. 43-35

1   Government Code § 4450.

2        43.    Health and Safety Code § 19959 states, in part, that:  Every existing (non-

3   exempt) public accommodation constructed prior to July 1, 1970, which is altered or

4   structurally repaired, is required to comply with this chapter.

5        44.    Plaintiff alleges the Facilities are public accommodations constructed, altered,

6   or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government

7   Code § 4450 (or both), and that the Facilities were not exempt under Health and Safety Code

8   § 19956.

9        45.    Defendants' non-compliance with these requirements at the Facilities

10   aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities.

11   Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety

12   Code § 19953.

13                    IX.    PRAYER FOR RELIEF

14        WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

15        1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

16        2.    Declaratory relief that Defendants violated the ADA for the purposes of

17   Unruh Act damages.

18        3.    Statutory minimum damages under section 52(a) of the California Civil Code

19   according to proof.

20        4.    Attorneys' fees, litigation expense, and costs of suit.[2]

21        5.    Interest at the legal rate from the date of the filing of this action.

22        6.    For such other and further relief as the Court deems proper.

23   Dated: May 30, 2014                MOORE LAW FIRM, P.C.

24

25                                  /s/ Tanya E. Moore
                                    Tanya E. Moore
26                                  Attorneys for Plaintiff
                                    Ronald Moore
27

28   ─────────────────────
     [2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

     *Moore v. Gong & Young, Inc., et al.*
     Complaint

                         Page 10

MLF0025318

EX. 43-36

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.


Dated:__May 30, 2014_____          _/s/ Ronald Moore_____
                                    Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                    _/s/ Tanya E. Moore_____
                                    Tanya E. Moore, Attorney for
                                    Plaintiff, Ronald Moore


*Moore v. Gong & Young, Inc., et al.*
*Verification*

MLF0025319

EX. 43-37

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 5/30/14

Ronald Moore

*Moore v. Gong & Young, Inc., et al.*
*Verification*

MLF0025466

EX. 43-38

**Exhibit 44**

Chapala Sanger Ran
2nd Receipt for this locatec
in Sanger

already
in wsf

CHAPALA MEXICAN
RESTAURANT
1839 ACADEMY ST
SANGER, CA 93657
(559) 875-9103

C O P Y
04/15/2010 23:32:57
Sale:

Transaction #          18
Card Type:    MasterCard
Acc
Entry
Srvr #
Bse Amt:     $ 21

$ 3 44

Tip

Total Amt: $ 25.00

Auth Code:
Respon    APPROVED       4502

CUSTOMER COPY

Bathroom

not enough Room
to get in & out
of Restroom
Ran got stuck
owner & I had to
get him. He got
wedged Between
the Wall & Bathroom
door —

Side walk

H C
parking

MLF0053667

EX. 44-2

[ DATE \@ "MMMM d, yyyy" ]

Mr. Ronald Moore
80 N. Hughes Ave.
Clovis, CA 93612

Re: *Original Pizza, Chapala Mexican Pizza, Johnny Quik, Country Waffles, Casa Quintero Mexican.*

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facilities. If you visit the facilities again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for these matters. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,


Tanya Moore
Attorney at Law

MLF0053668

EX. 44-3





## MOORE LAW FIRM
### PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

December 20, 2011

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

Mr. Ronald Moore
80 N. Hughes Ave.
Clovis, CA 93612

Re: *Original Pizza, ==Chapala Mexican Pizza==, Johnny Quik, Country Waffles, Casa Quintero Mexican.*

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facilities. If you visit the facilities again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for these matters. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

*Tanya Moore*

Tanya Moore
Attorney at Law

MLF0026413



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Martha H. Alvizo
*Paralegal*

September 10, 2010

Mr. Ronald Moore
80 N. Hughes Ave
Clovis, CA 93612

Re: *El Pueblito Restaurant, BJ'S Kountry Kitchen, Burger King, Chapala Mexican Restaurant, Chile My Corona, Clovis 8, El Gran Rodeo, Donut Shop, Mateos, Donut Nation, DO Cakes, Los Banos Donuts, Fajita Fiesta, Fresh & Easy, Fosters Freeze, Ihop, Handi Stop, Joes Steakhouse, Kwik Serve Mkt, La Nobleza, My Slice Pizza, K & C, McDonalds, Rite Aid, Robertitos, Ryan's Place, SaveMart, Susie's Deals, Subway, Shushi and Sake Bar, Smokehouse, Supercuts, Royal Palace, Tahoe's Joe's, The Original, Valli Gas, Yogurt.*

Dear Mr. Moore:

This letter is to inform you that we have received your request to file a lawsuit on your behalf against the above-referenced facility along with the receipt of purchase you provided. Please be advised that we will investigate the barriers to access encountered by you and advise you within three weeks if we decide to accept this case.

Thank you for sending us this information. If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

*Tanya Moore*

Tanya Moore
Attorney at Law

TM/ma

MLF0046737

EX. 44-5

# Exhibit 45

KWIK KORNER

03-22-2013        NO

FOOD              3.00
CRV               0.20 T
TAX               0.02
TOTAL             3.22
CATERD            5.00
CHANGE            1.78

6505 16:42TH

MLF0050805

EX. 45-2



MLF0053367

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

ADAI No.

(Facility)

1. What is the name of the Facility? Kwik Korner

2. When did you visit the Facility? 3/22/13 (Date) 5:50 pm (Time)

3. What is the address of the Facility? 701 I St Reedley CA 93654

4. Was this your first visit to the Facility? No

5. How many times have you visited the Facility? few If more than one visit, please list the date and time if you know it. ?

6. What was the purpose of your visit? Get something to DRINK

7. Who accompanied you to the Facility? No one

8. What car did you drive to the Facility? miNi

9. Did you drive yourself of did you get a ride from someone else? I drove

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. H/c parking spot Right in front of Store

11. Was it difficult for you to park there? yes

12. Why? Because gas pumps Right Behind me

13. How did you unload from your vehicle? Rear

14. What side of the vehicle did you unload from? Driver or passenger? Driver

15. Did anyone help you to transfer onto your wheelchair? N/o

16. What problems did you encounter transferring onto your wheelchair?

parking space go's into gas Issle

17. Which way did you go from the parking to the entrance of the Facility? Straight Then Right

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

19. Did you encounter any problems opening the door? Describe why. Door open

20. Did you have any problems inside the Facility? Describe. yes Issle to small to get down

MLF0050803

EX. 45-4

I got A water Then Found out I could get
Down middle Isle So put water Back and got
Gatorade tryed to get Back Another Isle had to move Back to
get By.

**21. What did you purchase (or what meal did you have there). Describe:**

Gatorade I Just ate wanted something

**22. Have you used the restroom at the Facility?** No

**23. Why did you need to use the restroom?**

**24. Did you use the sink?**

**25. Any problems?**

**26. Did you use the urinal?**

**27. Did you use the toilet?**

**28. Did you use the toilet paper?**

**29. Did you use paper towels?**

**30. Did you use the soap dispenser?**

**31. Did you have any problem maneuvering inside the restroom?**

**32. Where did you sit?**

**33. Was there any seating provided inside the Facility?**

**34. Was it wheelchair accessible?** No Store not enough Room to get Down Issles

**35. Where you comfortable at the table?**

**36. Did you use the counter to pay for purchase?** Yes

**37. Which counter did you use?** The 2nd Cashier From Door could Not

**38. Was the counter accessible?** had to pull up side ways to counter to pay
pulled mussel in my Neck Reaching to pay and get change.

**39. Which way did you go after you left the Facility?** Right then left to my car

**40. Any problems getting back to your vehicle?** there was a Suburban getting
Cars Right Behind me not much Room to get Chair in Car

**41. Any problems transferring from your wheelchair to your vehicle?** Just making sure not
to Hit Car Behind me.

**42. If you have any addition information you believe would assist us in evaluating this inquiry.**

MLF0050804

EX. 45-5



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

January 2, 2013

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

Mr. Ronald Moore
80 N. Hughes Ave.
Clovis, CA 93612

RE:    ADAI No. 1524
       *Kwik Korner Liquor* ( Facility) 701 I Street, Reedley, CA 93654

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above referenced facility along with the reciept of purchase you provied.

In order for us to evaluate the inquiry and determine if you have a cause of action under the ADA and applicable California statutes, we must first obtain information from you regarding the barriers you encountered at the time of your visit to the Facility.

Please complete the questionnaire provided with this letter. Please provide specific details. This information will assist us in in documenting the existence of the barriers at the Facility.

Your complete and prompt response to this questionnaire is crucial. Please be advised that we will not be able to proceed with this case until we receive the completely filled out questionnaire.

Kindest regards,

*Dictated but not read*
*Sent in my absence*
*To avoid delay*

Tanya Moore
Attorney at Law

TM/mb

Enclosure:  Public Accomodation Visit Questionnaire

MLF0046278

EX. 45-6

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE
ADAI No.1524

**Kwik Korner Liquor (Facility) 701 I Street, Reedley, CA 93654**

1. What is the name of the Facility? _____

2. When did you visit the Facility? _____(Date) _____(Time)

3. What is the address of the Facility?_____

4. Was this your first visit to the Facility? _____

5. How many times have you visited the Facility? _____ If more than one visit, please list the date and time if you
   know it. _____

6. What was the purpose of your visit? _____

7. Who accompanied you to the Facility? _____

8. What car did you drive to the Facility?_____

9. Did you drive yourself of did you get a ride from someone else? _____

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your
    vehicle. _____

11. Was it difficult for you to park there? _____

12. Why? _____

13. How did you unload from your vehicle? _____

14. What side of the vehicle did you unload from? Driver or passenger? _____

15. Did anyone help you to transfer onto your wheelchair? _____

16. What problems did you encounter transferring onto your wheelchair?

    _____

17. Which way did you go from the parking to the entrance of the Facility? _____

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

    _____

19. Did you encounter any problems opening the door? Describe why. _____

20. Did you have any problems inside the Facility? Describe. _____

MLF0050775

EX. 45-7

_____

_____

21. What did you purchase (or what meal did you have there). Describe: _____

_____

22. Have you used the restroom at the Facility?_____

23. Why did you need to use the restroom? _____

24. Did you use the sink? _____

25. Any problems? _____

26. Did you use the urinal? _____

27. Did you use the toilet? _____

28. Did you use the toilet paper?_____

29. Did you use paper towels?_____

30. Did you use the soap dispenser?_____

31. Did you have any problem maneuvering inside the restroom? _____

32. Where did you sit? _____

33. Was there any seating provided inside the Facility? _____

34. Was it wheelchair accessible? _____

35. Where you comfortable at the table?_____

36. Did you use the counter to pay for purchase? _____

37. Which counter did you use? _____

38. Was the counter accessible? _____

39. Which way did you go after you left the Facility? _____

40. Any problems getting back to your vehicle? _____

41. Any problems transferring from your wheelchair to your vehicle? _____

42. If you have any addition information you believe would assist us in evaluating this inquiry.

MLF0050776

**BARRIER MEMO**

ADAI No. :  01524

Case Name:  Moore v. Kwik Korner Liquor

Address:  701 I Street, Reedley, CA 93654

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Accessible parking space too short | Plaintiff parked in a designated accessible parking space, which was too short such that a vehicle parked at the gas pump behind Plaintiff's parking space was blocking Plaintiff from unloading his wheelchair from the rear of his vehicle. Plaintiff was forced to wait for the vehicle to move so that he could get his wheelchair from the back of his vehicle and transfer into it. | |
| Aisles too narrow | The aisles within the Facility lacked necessary wheelchair clearances and were obstructed by merchandise displays, making it difficult for Plaintiff to maneuver his wheelchair around the store. Plaintiff could only access the middle aisle and was forced to move a display rack out of his way so that his wheelchair would fit past. | |
| Cashier counter (second from the door) improperly configured | The cashier counter was improperly configured such that the bottom of the counter prevented Plaintiff from pulling his wheelchair up close enough to the counter to reach it when approaching it head on. Plaintiff was forced to pull up to the counter sideways and to reach very far over the counter to hand payment to the cashier and take his change, which was both difficult and uncomfortable. | |

1

MLF0050779

EX. 45-9

## BARRIER MEMO

**ADAI No. :**    01524

**Case Name:**    Moore v. Kwik Korner Liquor

**Address:**    701 I Street, Reedley, CA 93654

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Accessible parking space too short | Plaintiff parked in a designated accessible parking space, which was too short such that a vehicle parked at the gas pump behind Plaintiff's parking space was blocking Plaintiff from unloading his wheelchair from the rear of his vehicle. Plaintiff was forced to wait for the vehicle to move so that he could get his wheelchair from the back of his vehicle and transfer into it. | Yes, improperly configured as well |
| Aisles too narrow | The aisles within the Facility lacked necessary wheelchair clearances and were obstructed by merchandise displays, making it difficult for Plaintiff to maneuver his wheelchair around the store. Plaintiff could only access the middle aisle and was forced to move a display rack out of his way so that his wheelchair would fit past. | Yes |
| Cashier counter (second from the door) improperly configured | The cashier counter was improperly configured such that the bottom of the counter prevented Plaintiff from pulling his wheelchair up close enough to the counter to reach it when approaching it head on. Plaintiff was forced to pull up to the counter sideways and to reach very far over the counter to hand payment to the cashier and take his change, which was both difficult and uncomfortable. | Yes |

1

MLF0050778

EX. 45-10



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

May 9, 2013

**K. RANDOLPH MOORE**
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

     **RE:   ADAI No. 01524**
          **Kwik Korner Liquor, 701 I Street, Reedley**

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

*Dictated but not read.*
*Sent without signature to avoid delay.*

Tanya Moore
Attorney at Law

TM/wl

Enclosure: Fee Agreement

MLF0050806

EX. 45-11

1 | Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
2 | 332 North Second Street
San Jose, California 95112
3 | Telephone (408) 298-2000
Facsimile (408) 298-6046
4 | E-mail: tanya@moorelawfirm.com

5 | Attorneys for Plaintiff
RONALD MOORE

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA**

10

11 | RONALD MOORE,                                ) No.
                                                )
12 |              Plaintiff,                     ) **COMPLAINT ASSERTING DENIAL OF**
                                                ) **RIGHT OF ACCESS UNDER**
13 |     vs.                                     ) **AMERICANS WITH DISABILITIES ACT**
                                                ) **FOR INJUNCTIVE RELIEF,**
14 | AMIN GULAMALI; NILOFER KABANI;               ) **DECLARATORY RELIEF, DAMAGES,**
      RAMZAN GULAMALI; IRENE                      ) **ATTORNEYS' FEES AND COSTS (ADA)**
15 | GULAMALI; DALBIR SINGH BEHLA, dba            )
      KWIK KORNER; JASBINDER SINGH, aka           )
16 | JASBIR SINGH, dba KWIK KORNER;               )
      SWINDER SINGH, dba KWIK KORNER;             )
17 |                                              )
18 |              Defendants.                     )
                                                )
19 | _____ )

20 |                         **I. SUMMARY**

21 |     1.     This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

22 | discrimination at the building, structure, facility, complex, property, land, development,

23 | and/or surrounding business complex known as:

24 |              Kwik Korner
               701 I Street
25 |              Reedley, CA 93654
26 |              (hereafter "the Facility")

27 |     2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

28 | costs, against AMIN GULAMALI; NILOFER KABANI; RAMZAN GULAMALI; IRENE

*Moore v. Gulamali, et al.*
Complaint

Page 1

MLF0050807

EX. 45-12

1  GULAMALI; DALBIR SINGH BEHLA, dba KWIK KORNER; JASBINDER SINGH, aka

2  JASBIR SINGH, dba KWIK KORNER; SWINDER SINGH, dba KWIK KORNER

3  (hereinafter collectively referred to as "Defendants"), pursuant to the Americans with

4  Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California

5  statutes.

6  **II.    JURISDICTION**

7  3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for

8  ADA claims.

9  4.    Supplemental jurisdiction for claims brought under parallel California law –

10  arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

11  5.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

12  **III.   VENUE**

13  6.    All actions complained of herein take place within the jurisdiction of the

14  United States District Court, Eastern District of California, and venue is invoked pursuant to

15  28 U.S.C. § 1391(b), (c).

16  **IV.   PARTIES**

17  7.    Defendants own, operate, and/or lease the Facility, and consist of a person (or

18  persons), firm, and/or corporation.

19  8.    Plaintiff requires the use of a wheelchair when traveling about in public.

20  Consequently, Plaintiff is "physically disabled," as defined by all applicable California and

21  United States laws, and a member of the public whose rights are protected by these laws.

22  **V.    FACTS**

23  9.    The Facility is a public accommodation facility, open to the public, which is

24  intended for nonresidential use and whose operation affects commerce.

25  10.    Plaintiff visited the Facility and encountered barriers (both physical and

26  intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

27  goods, services, privileges and accommodations offered at the Facility.  Plaintiff personally

28  encountered the following barriers at the Facility during Plaintiff's visits to the Facility on or

*Moore v. Gulamali, et al.*
Complaint

MLF0050808

EX. 45-13

1   about September 7, 2012 and March 22, 2013:

       a)    Plaintiff parked in a designated accessible parking space, which was improperly configured and was too short such that a vehicle parked at the gas pump behind Plaintiff's parking space was blocking Plaintiff from unloading his wheelchair from the rear of his vehicle. Plaintiff was forced to wait for the vehicle to move so that he could get his wheelchair from the back of his vehicle and transfer into it.

       b)    The aisles within the Facility lacked necessary wheelchair clearances and were obstructed by merchandise displays, making it difficult for Plaintiff to maneuver his wheelchair around the store. Plaintiff could only access the middle aisle and was forced to move a display rack out of his way so that his wheelchair would fit past.

       c)    The cashier counter at the Facility was improperly configured such that the bottom of the counter prevented Plaintiff from pulling his wheelchair up close enough to the counter to reach it when approaching it head on. Plaintiff was forced to pull up to the counter sideways and to reach very far over the counter to hand payment to the cashier and take his change, which was both difficult and uncomfortable.

11.   The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12.   Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

*Moore v. Gulamali, et al.*
Complaint

MLF0050809

EX. 45-14

13.     Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled.  To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.     At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair access and to comply with the 2010 Standards for Accessible Design and the California Code of Regulations Title 24.  Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards.  Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

15.     Plaintiff further alleges that the (continued) presence of barriers at the Facility is so obvious as to establish Defendants discriminatory intent.  On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the Facility; decision not to remove barriers from the Facility; and allowance that Defendants' property continues to exist in its non-compliance state.  Plaintiff further alleges, on information and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

## VI.     FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

16.     Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for this claim.

*Moore v. Gulamali, et al.*
Complaint

MLF0050810

EX. 45-15

1    17.    Title III of the ADA holds as a "general rule" that no individual shall be

2    discriminated against on the basis of disability in the full and equal enjoyment (or use) of

3    goods, services, facilities, privileges, and accommodations offered by any person who owns,

4    operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

5    18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

6    enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

7    Facility during each visit and each incident of deterrence.

8    <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

9    19.    The ADA specifically prohibits failing to remove architectural barriers, which

10   are structural in nature, in existing facilities where such removal is readily achievable.  42

11   U.S.C. § 12182(b)(2)(A)(iv).

12   20.    When an entity can demonstrate that removal of a barrier is not readily

13   achievable, a failure to make goods, services, facilities, or accommodations available through

14   alternative methods is also specifically prohibited if these methods are readily achievable.

15   Id. § 12182(b)(2)(A)(v).

16   21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

17   barriers at the Facility without much difficulty or expense, and that Defendants violated the

18   ADA by failing to remove those barriers, when it was readily achievable to do so.

19   22.    In the alternative, if it was not "readily achievable" for Defendants to remove

20   the Facility's barriers, then Defendants violated the ADA by failing to make the required

21   services available through alternative methods, which are readily achievable.

22   <u>Failure to Design and Construct an Accessible Facility</u>

23   23.    Plaintiff alleges on information and belief that the Facility was designed and

24   constructed (or both) after January 26, 1992 – independently triggering access requirements

25   under Title III of the ADA.

26   24.    The ADA also prohibits designing and constructing facilities for first

27   occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

28   with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).

*Moore v. Gulamali, et al.*
Complaint

Page 5

EX. 45-16

MLF0050811

25.   Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

26.   Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28.   Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

29.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.   Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.   Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.   Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil

---

[1] General under either state or federal statutes

*Moore v. Gulamali, et al.*
Complaint

MLF0050812

EX. 45-17

1  Rights Act or Disabled Persons Act.

2  ### VII.   SECOND CLAIM

3  #### Unruh Act

4  33.    Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for

5  this claim.

6  34.    California Civil Code § 51 states, in part, that:  All persons within the

7  jurisdiction of this state are entitled to the full and equal accommodations, advantages,

8  facilities, privileges, or services in all business establishments of every kind whatsoever.

9  35.    California Civil Code § 51.5 also states, in part that:  No business

10  establishment of any kind whatsoever shall discriminate against any person in this state

11  because of the disability of the person.

12  36.    California Civil Code § 51(f) specifically incorporates (by reference) an

13  individual's rights under the ADA into the Unruh Act.

14  37.    Defendants' aforementioned acts and omissions denied the physically

15  disabled public – including Plaintiff – full and equal accommodations, advantages, facilities,

16  privileges and services in a business establishment (because of their physical disability).

17  38.    These acts and omissions (including the ones that violate the ADA) denied,

18  aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

19  39.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

20  minimum damages of four thousand dollars ($4,000) for each offense.

21  40.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

22  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

23  § 52(a).

24  ### VIII. THIRD CLAIM

25  #### Denial of Full and Equal Access to Public Facilities

26  41.    Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for

27  this claim.

28  42.    Health and Safety Code § 19955(a) states, in part, that:  California public

*Moore v. Gulamali, et al.*
Complaint

Page 7

MLF0050813

EX. 45-18

1    accommodations or facilities (built with private funds) shall adhere to the provisions of

2    Government Code § 4450.

3        43.    Health and Safety Code § 19959 states, in part, that: Every existing (non-

4    exempt) public accommodation constructed prior to July 1, 1970, which is altered or

5    structurally repaired, is required to comply with this chapter.

6        44.    Plaintiff alleges the Facility is a public accommodation constructed, altered,

7    or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government

8    Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code

9    § 19956.

10       45.    Defendants' non-compliance with these requirements at the Facility aggrieved

11   (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

12   Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code

13   § 19953.

14                    **IX.    PRAYER FOR RELIEF**

15       WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

16       1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

17       2.    Declaratory relief that Defendants violated the ADA for the purposes of

18   Unruh Act damages.

19       3.    Statutory minimum damages under section 52(a) of the California Civil Code

20   according to proof.

21       4.    Attorneys' fees, litigation expense, and costs of suit.[2]

22       5.    Interest at the legal rate from the date of the filing of this action.

23       6.    For such other and further relief as the Court deems proper.

24   //

25   //

26   //

27   //

28

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Gulamali, et al.*
Complaint

Page 8

MLF0050814

Dated: May 9, 2013

MOORE LAW FIRM, P.C.

/s/ Tanya E. Moore
Tanya E. Moore
Attorneys for Plaintiff,
Ronald Moore

*Moore v. Gulamali, et al.*
Complaint

MLF0050815

EX. 45-20

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.


Dated: May 9, 2013                      /s/ Ronald Moore
                                        Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                        /s/ Tanya E. Moore
                                        Tanya E. Moore, Attorney for
                                        Plaintiff, Ronald Moore




*Moore v. Gulamali, et al.*

MLF0050816

EX. 45-21

# Exhibit 46

```
            M.DERA MINI MART
             16540 ROAD 26
            MADERA, CA 93638
              559-661-2470
Merchant ID: 213001467
Term ID: 2020

              Sale

MASTERCARD
XXXXXXXXXXXX7245
Entry Method: Swiped
Appr : Online   Batch#: 000001
05/31/14              20:16:46

Inv#: 0000401 Appr Code: 71716Z
Total        $        7.29

           Customer Copy
            THANK YOU!
```

MLF0043218

EX. 46-2

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

1. What is the name of the Facility? _Madera Mini Mart_

2. What is the address of the Facility? _16540 Road 26 Madera, CA_

3. When did you visit the Facility? _5/31/14_ (Date) _8:15 pm_ (Time)

4. Was this your first visit to the Facility? _No_

5. If you have been to the Facility before, please list the date and times of each visit if you can remember, or give an estimate of how often you go. _?_

6. What was the purpose of your visit? _Drink and cigarettes_

7. Who accompanied you to the Facility? _Grandson Ronny and Jhonny_

8. What car did you drive to the Facility? _Mine_

9. Did you drive yourself or did you get a ride from someone else? _I drove_

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _In dp parking spot_

11. Was it difficult for you to park there? If so, why? _No_

12. How did you unload from your vehicle? _Rear_

13. What side of the vehicle did you unload from? Driver or passenger? _Drive_

14. Did anyone help you to transfer onto your wheelchair? Who? _Yes, Jhonny_

15. Did you encounter any problems transferring onto your wheelchair? Describe. _No, because Jhonny helped me with my chair._

16. Which way did you go from the parking to the entrance of the Facility? _To access isle_

17. Did you encounter any problems on your way to the entrance, for example a ramp? Describe. _Yes, ramp very short and steep it's on the side of a hill and a curb was at the edge. Pavement and ramp cracked._

18. Did you encounter any problems opening the door? Describe. _Yes, door heavy and threshold._

19. What did you purchase (or what meal did you have there)? _Drink and cigarettes_

20. Did you need to use the restroom while you were at the Facility? Why? _No_

21. Describe any problems you encountered with the following (or write "Did not need to use" or "No problems"):

MLF0043216

EX. 46-3

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

Sink: _NIA_

Toilet: _NIA_

Urinal: _NIA_

Toilet paper: _NIA_

Toilet seat covers: _NIA_

Paper towels/hand dryer: _NIA_

Soap dispenser: _NIA_

Other: _NIA_

22. Did you have any problem maneuvering inside the restroom? _NIA_

23. Was there any seating provided inside the Facility? _NIA_

24. Were you able to sit comfortably at the table? If not, why? _NIA_

25. Did you use the counter to pay for purchase? Which one? _Yes, only one_

26. Did you pay with cash or credit card? _Credit card_

27. Was the counter accessible? If not, describe: _No, counter too high_
_Grandson gave card and signed reciept._

28. Did you have any other problems inside the Facility? Describe. _Yes, isles too_
_narrow, fountain drinks too high and drinks_
_in cooler too high._

29. Which way did you go after you left the Facility? _Out door too ramp too car_

30. Any problems getting back to your vehicle? _Yes, ramp short and steep_

31. Any problems transferring from your wheelchair to your vehicle? _No, Jhonny helped_
_me with my chair._

32. Any additional information you believe would assist us in evaluating this inquiry?
_Yes, there was a curb at the endor_
_the ramp I hit it and was almost ejected_
_out of my chair._

MLF0043217



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

July 1, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

    **RE:   ADAI No.   02040**
          **Madera Mini Mart *(16540 Road 26, Madera, CA 93638)***

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF0043219

EX. 46-5

**BARRIER MEMO**

ADAI No. :     02040

Case Name:     Moore v. Madera Mini Mart

Address:     16540 Road 26, Madera, CA 93638

| Barrier | Description | Is it a valid barrier? Y / N |
|---------|-------------|------------------------------|
| Short, Steep, Cracked Ramp | The ramp leading to the facility was short, cracked and steep. It was on the side of a hill and there was a curb at the edge of it. | YES |
| Cracked Pavement | The pavement leading to the facility was cracked and uneven which made it difficult for the plaintiff to wheel himself along safely and without teetering over in his chair. However, the plaintiff's grandson was there to help stabilize his chair. | YES |
| Heavy Door/raised threshold | The door to the facility was very heavy and had a raised threshold. The door was difficult for the plaintiff to open while in his wheel chair and even harder to hold open as he tried to wheel himself inside over the threshold. | YES |
| High Counter | The counter in the facility was too high for the plaintiff to access, so his grandson made the transaction for him and signed the receipt. | YES |
| Narrow Aisles | The aisles in the facility were too narrow for the plaintiff to travel through without knocking items off of the shelves or getting stuck, so the plaintiff did not get any merchandise that was located down those aisles. | YES |
| High Soda Dispenser | The soda dispenser was very high for the plaintiff to reach. | YES |
| High Cooler | The drinks in the coolers were too high for the plaintiff to reach so his grandson helped him reach the items he wanted to purchase. | YES |
| Curb at the Bottom of Ramp | On his way down the ramp, the plaintiff was almost ejected out of his chair because he hit a curb that was built at the bottom of the ramp. | Not a curb but is still improper |

MLF0043205

EX. 46-6

1 | Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
2 | 332 North Second Street
San Jose, California 95112
3 | Telephone (408) 298-2000
Facsimile (408) 298-6046
4 | E-mail: tanya@moorelawfirm.com

5 | Attorneys for Plaintiff
Ronald Moore

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA**

10

11 | RONALD MOORE,                                )   No.
                                             )
12 |           Plaintiff,                       )   **COMPLAINT ASSERTING DENIAL OF**
                                             )   **RIGHT OF ACCESS UNDER**
13 |     vs.                                     )   **AMERICANS WITH DISABILITIES ACT**
                                             )   **FOR INJUNCTIVE RELIEF,**
14 | EPHRAIM HADJIS; LAURA HADJIS;            )   **DECLARATORY RELIEF, DAMAGES,**
DILBAG SINGH dba MADERA MINI            )   **ATTORNEYS' FEES AND COSTS (ADA)**
15 | MART;                                      )
                                             )
16 |           Defendants.                      )
                                             )
17                                           )
                                             )
18                                           )
                                             )
19                                           )
                                             )
20                                           )
                                             )
21 | _____ )

22 | **I. SUMMARY**

23 |     1.     This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

24 | discrimination at the building, structure, facility, complex, property, land, development, and/or

25 | surrounding business complex known as:

26 |           Madera Mini Mart
              16540 Road 26
27 |           Madera, CA 93638
              (hereafter "the Facility")
28

*Moore v. Hadjis, et al.*
Complaint

MLF0043206

EX. 46-7

1      2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

2  costs, against EPHRAIM HADJIS; LAURA HADJIS; and DILBAG SINGH dba MADERA

3  MINI MART (hereinafter collectively referred to as "Defendants"), pursuant to the Americans

4  with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California

5  statutes.

6            **II.    JURISDICTION**

7      3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

8  claims.

9      4.     Supplemental jurisdiction for claims brought under parallel California law –

10  arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

11      5.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

12            **III.    VENUE**

13      6.     All actions complained of herein take place within the jurisdiction of the United

14  States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.

15  § 1391(b), (c).

16            **IV.    PARTIES**

17      7.     Defendants own, operate, and/or lease the Facility, and consist of a person (or

18  persons), firm, and/or corporation.

19      8.     Plaintiff requires the use of a wheelchair when traveling about in public.

20  Consequently, Plaintiff is "physically disabled," as defined by all applicable California and

21  United States laws, and a member of the public whose rights are protected by these laws.

22            **V.    FACTS**

23      9.     The Facility is a public accommodation facility, open to the public, which is

24  intended for nonresidential use and whose operation affects commerce.

25      10.    Plaintiff visited the Facility and encountered barriers (both physical and

26  intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

27  goods, services, privileges and accommodations offered at the Facility. Plaintiff personally

28  encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

*Moore v. Hadjis, et al.*
Complaint

MLF0043207

EX. 46-8

about May 31, 2014:

    a)   The surface of the parking lot was cracked and uneven, making it difficult for Plaintiff to maneuver from his vehicle toward the curb ramp.

    b)   The curb ramp from the parking lot to the sidewalk leading to the Facility entrance was an improperly configured built-up ramp which was steep and had a cracked, uneven surface. It was difficult for Plaintiff to wheel up and down the ramp and he feared that his wheelchair would roll off the sloped edge of the ramp. On his way down the ramp, he ran into a raised curb located at the bottom landing of the ramp which caused his wheelchair to almost tip over.

    c)   The door to the Facility was heavy and it had a raised threshold. It was difficult for Plaintiff to open the door and to hold it open long enough to wheel himself over the threshold.

    d)   The aisles within the Facility lacked necessary wheelchair clearances, making it difficult for Plaintiff to maneuver around the store without knocking items off shelves or becoming stuck. He was prevented from traveling down certain aisles entirely due to the lack of clearances.

    e)   Plaintiff wanted to purchase a soda; however, the soda fountain controls were too high for him to reach.

    f)   The drinks in the refrigerators were also too high for Plaintiff to reach, and he had to ask his grandson to get one down for him.

    g)   The transaction counter was too high for Plaintiff to use, and Plaintiff's grandson had to conduct the transaction and sign Plaintiff's receipt for him.

11.   The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which

*Moore v. Hadjis, et al.*
Complaint

Page 3

MLF0043208

EX. 46-9

1  exist at the Facility and relate to his disabilities removed to afford him full and equal access.

2       12.    Plaintiff was, and continues to be, deterred from visiting the Facility because

3  Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

4  accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

5  Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

6  once the barriers are removed.

7       13.    Defendants knew, or should have known, that these elements and areas of the

8  Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

9  the physically disabled. Moreover, Defendants have the financial resources to remove these

10  barriers from the Facility (without much difficulty or expense), and make the Facility

11  accessible to the physically disabled. To date, however, Defendants refuse to either remove

12  those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

13       14.    At all relevant times, Defendants have possessed and enjoyed sufficient control

14  and authority to modify the Facility to remove impediments to wheelchair access and to

15  comply with the 2010 Standards for Accessible Design and the California Code of Regulations

16  Title 24. Defendants have not removed such impediments and have not modified the Facility to

17  conform to accessibility standards. Defendants have intentionally maintained the Facility in its

18  current condition and have intentionally refrained from altering the Facility so that it complies

19  with the accessibility standards.

20       15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility is

21  so obvious as to establish Defendants' discriminatory intent. On information and belief,

22  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

23  to relevant building standards; disregard for the building plans and permits issued for the

24  Facility; conscientious decision to maintain the architectural layout (as it currently exists) at

25  the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

26  property continues to exist in its non-compliant state. Plaintiff further alleges, on information

27  and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

28  Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

MLF0043209

EX. 46-10

## VI.   FIRST CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

16.   Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.   Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

19.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.   Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.   In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

//

//

MLF0043210

EX. 46-11

Failure to Design and Construct an Accessible Facility

23.   Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

24.   The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25.   Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.[1]

Failure to Make an Altered Facility Accessible

26.   Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28.   Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

29.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. Hadjis, et al.*
Complaint

Page 6

MLF0043211

EX. 46-12

30. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32. Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

## VII.    SECOND CLAIM

### Unruh Act

33. Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37. Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39. Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40. Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

*Moore v. Hadjis, et al.*
Complaint

MLF0043212

EX. 46-13

1  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

2  § 52(a).

### VIII. THIRD CLAIM

**Denial of Full and Equal Access to Public Facilities**

5  41.     Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for

6  this claim.

7  42.     Health and Safety Code § 19955(a) states, in part, that: California public

8  accommodations or facilities (built with private funds) shall adhere to the provisions of

9  Government Code § 4450.

10  43.     Health and Safety Code § 19959 states, in part, that: Every existing (non-

11  exempt) public accommodation constructed prior to July 1, 1970, which is altered or

12  structurally repaired, is required to comply with this chapter.

13  44.     Plaintiff alleges the Facility is a public accommodation constructed, altered, or

14  repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code

15  § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

16  45.     Defendants' non-compliance with these requirements at the Facility aggrieved

17  (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

18  Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

### IX.     PRAYER FOR RELIEF

20  WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

21  1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

22  2.     Declaratory relief that Defendants violated the ADA for the purposes of Unruh

23  Act damages.

24  3.     Statutory minimum damages under section 52(a) of the California Civil Code

25  according to proof.

26  4.     Attorneys' fees, litigation expense, and costs of suit.[2]

27  5.     Interest at the legal rate from the date of the filing of this action.

28

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Hadjis, et al.*
Complaint

MLF0043213

EX. 46-14

6.    For such other and further relief as the Court deems proper.

Dated: August 11, 2014                          MOORE LAW FIRM, P.C.


                                                /s/ Tanya E. Moore
                                                Tanya E. Moore
                                                Attorneys for Plaintiff
                                                Ronald Moore

*Moore v. Hadjis, et al.*
Complaint
                                Page 9

MLF0043214

EX. 46-15

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:___August 11, 2014___      /s/ Ronald Moore_____
                                 Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                 /s/ Tanya E. Moore_____
                                 Tanya E. Moore, Attorney for
                                 Plaintiff, Ronald Moore

*Ronald Moore v. Ephraim Hadjis (Madera Mini Mart)*

MLF0043215

EX. 46-16

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 8/11/14

_Ronald Moore_
Ronald Moore

*Ronald Moore v. Hadjis (Madera Mini Mart)*

MLF0043220

EX. 46-17

# Exhibit 67



ARCO am/pm B3176
6725 N Golden State Blvd
Fresno
CA 93725
Tel : 5592762100
Site Number   11909155

| Qty Name | Price | Total |
|---|---|---|
| 1 HOT DOG BEEF REGULAR | 0.99 | 0.99 T |
| 1 COFFEE 12OZ | 1.39 | 1.39 T |
| 1 FOUNTAIN DRINK 32OZ | 1.19 | 1.19 T |
| SubTotal | | 3.57 |
| SALES TAX   @ 8.22% on | 3.57 | 0.29 |
| Total | | 3.86 |

Cash                        $    5.00
Change due customer             -1.14

Receipt 2447262          ORIGINAL
2 FABIOLA G          04/06/2014 18:38
        Thank you for choosing AMPM

MLF0036081

EX. 67-2

ARCO am/pm 63176
6725 N Golden State Blvd
Fresno
CA 93725
Tel : 5592762100
Site Number 11909155

| Qty Name | Price | Total |
|---|---|---|
| | | 100.00 |
| 1 PrePay Fuel | | |
| Pump: 7   0.000 Gallon | $0.000/Gallon | 100.00 |
| SubTotal | | 100.00 |
| Total | | 100.00 |
| | $ | 100.00 |

Cash

Receipt 2007745                    ORIGINAL
2 CARMEN                    07/16/2013 13:37
*PREPAY*
          Thank you for choosing AMPM

MLF0036082

EX. 67-3

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE
ADAI No.
(Facility)

1. What is the name of the Facility? _Arco AM/PM_

2. When did you visit the Facility? _4/6/14_ (Date) _6:40_ (Time)

3. What is the address of the Facility? _6725 N. Golden State Blvd. Fresno_

4. Was this your first visit to the Facility? _NO_

5. How many times have you visited the Facility? _?_ If more than one visit, please list the date and time if you know it. _?_

6. What was the purpose of your visit? _To get drinks and a Snack_

7. Who accompanied you to the Facility? _My Grandson Ronny_

8. What car did you drive to the Facility? _Mine_

9. Did you drive yourself of did you get a ride from someone else? _I Drove_

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _To the left of door in dp parking_

11. Was it difficult for you to park there? _No_

12. Why? _____

13. How did you unload from your vehicle? _From rear_

14. What side of the vehicle did you unload from? Driver or passenger? _Driver_

15. Did anyone help you to transfer onto your wheelchair? _Grandson Ronny_

16. What problems did you encounter transferring onto your wheelchair?

_None_

17. Which way did you go from the parking to the entrance of the Facility? _Up ramp to door_

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe. _Yes ramp has ditch at beggining they filled with cement_

19. Did you encounter any problems opening the door? Describe why. _Door was heavy_

20. Did you have any problems inside the Facility? Describe. _Yes fountain drinks,_

MLF0036083

EX. 67-4

Cups, hot foods, condiments, sauces, coffee, and coffee, flavorings out of reach

21. What did you purchase (or what meal did you have there). Describe: a fountain drink cup of coffee, and a hot dog

22. Have you used the restroom at the Facility? Yes door was heavy

23. Why did you need to use the restroom? had to go

24. Did you use the sink? Yes

25. Any problems? hard to reach soap

26. Did you use the urinal? ~~NO~~ NO

27. Did you use the toilet? Yes stall door didn't shut all the way

28. Did you use the toilet paper? Yes

29. Did you use paper towels? Yes

30. Did you use the soap dispenser? divider by sink made it hard to get to soap

31. Did you have any problem maneuvering inside the restroom? Yes couldn't get to sink and soap because of divider

32. Where did you sit? Outside in seating area

33. Was there any seating provided inside the Facility? NO

34. Was it wheelchair accessible? NO

35. Where you comfortable at the table? NO

36. Did you use the counter to pay for purchase? Yes

37. Which counter did you use? Only one

38. Was the counter accessible? NO, chips and candy bars in front of counter couldn't reach grandson made transaction

39. Which way did you go after you left the Facility? to seating area to eat hot dog and drink coffee

40. Any problems getting back to your vehicle? Ramp cracked and broken

41. Any problems transferring from your wheelchair to your vehicle? NO because grandson helped me

42. If you have any additional information you believe would assist us in evaluating this inquiry.

MLF0036084

**BARRIER MEMO**

ADAI No. :      **01888**

Case Name:      **Moore v. Arco am/pm #83176**

Address:        **6725 N Golden State Blvd, Fresno**

| Barrier | Description | Is it a valid barrier? Y / N |
|---------|-------------|------------------------------|
| Ramp cracked, broken, uneven at bottom landing | The ramp from the parking lot to the sidewalk leading to the entrance was cracked and broken and the bottom landing was uneven, with a ditch that had been filled with cement. It was difficult for Plaintiff to maneuver over this uneven surface. | Yes |
| Door heavy | The entrance door was heavy, making it difficult for Plaintiff to open the door. | Yes |
| Fountain drinks, cups, hot foods, condiments, sauces, coffee, and coffee flavorings out of reach | Plaintiff wanted to purchase food at the Facility, but found that he could not reach many of the items. The fountain drinks, cups, hot foods, condiments, sauces, coffee, and coffee flavorings were all positioned out of his reach. He was forced to ask his grandson for assistance to get the drink and food he wanted. | Yes |
| Restroom door heavy | The door to the restroom was heavy and difficult for Plaintiff to open. | Yes |
| Sink and soap obstructed/hard to reach | The lavatory in the restroom was obstructed by a partition and it was difficult for Plaintiff to reach the lavatory and the soap dispenser. | Yes |
| Stall too small | The stall in the restroom lacked necessary clearance for Plaintiff's wheelchair to be fully within the stall, and he was not able to close the stall door all the way. | Yes |
| No accessible table | Plaintiff was unable to find an accessible table at the Facility's outdoor seating area and was forced to sit at a table that was improperly configured, which was uncomfortable. | Yes |
| Counter obstructed | The transaction counter was obstructed by chips and candy bars displayed in front of it, and Plaintiff was unable to maneuver to the counter to pay. He was forced to have his grandson go to the counter to pay. | Yes |

1

MLF0036085

EX. 67-6

MLF0036086

EX. 67-7

Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: tanya@moorelawfirm.com

Attorneys for Plaintiff
Ronald Moore

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>       Plaintiff,<br><br>  vs.<br><br>MILLENNIUM ACQUISITIONS, LLC;<br>TIMELESS INVESTMENTS, INC., dba<br>ARCO AM/PM #83176;<br><br>      Defendants. | No.<br><br>**COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |

## I. SUMMARY

1.     This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Arco am/pm #83176
6725 North Golden State Boulevard
Fresno, CA 93722
(hereafter "the Facility")

*Moore v. Millennium Acquisitions, LLC, et al.*
Complaint

Page 1

MLF0036096

EX. 67-8

2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against MILLENNIUM ACQUISITIONS, LLC; and TIMELESS INVESTMENTS, INC., dba ARCO AM/PM #83176 (hereinafter collectively referred to as "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II.     JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.     VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.     PARTIES

7.     Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8.     Plaintiff requires the use of a wheelchair when traveling about in public. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.     FACTS

9.     The Facility is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.     Plaintiff visited the Facility and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. Plaintiff personally encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

*Moore v. Millennium Acquisitions, LLC, et al.*
Complaint

MLF0036097

EX. 67-9

1  about April 6, 2014:

2        a)   The bottom portion of the ramp from the parking lot to the sidewalk

3              leading to the entrance of the Facility was cracked and uneven, with a

4              ditch that had been filled with cement. It was difficult for Plaintiff to

5              maneuver over this uneven surface.

6        b)   The building entrance door was heavy, making it difficult for Plaintiff to

7              open the door to the Facility.

8        c)   Plaintiff wanted to purchase food at the Facility, but found that he could

9              not reach many of the food items, condiments, and beverages because

10             they were positioned out of his reach. He was forced to ask his grandson

11             for assistance to get the drink and food he wanted.

12        d)   The door to the men's restroom in the Facility was heavy and difficult

13             for Plaintiff to open.

14        e)   Plaintiff's approach to the lavatory in the men's restroom was obstructed

15             by a partition, which made it difficult for Plaintiff to reach the faucet and

16             the soap dispenser.

17        f)   The stall in the men's restroom lacked sufficient clearance for Plaintiff's

18             wheelchair to fully enter the stall, and he was therefore not able to close

19             the stall door all the way.

20        g)   Plaintiff was unable to find an accessible table at the Facility's outdoor

21             seating area and was forced to sit at a table that was improperly

22             configured, which was uncomfortable.

23        h)   The transaction counter was obstructed by chips and candy bars

24             displayed in front of it, and Plaintiff was unable to maneuver to the

25             counter to pay. He was forced to have his grandson go to the counter and

26             pay for him.

27     11.   The barriers identified in paragraph 10 herein are only those that Plaintiff

28  personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist

*Moore v. Millennium Acquisitions, LLC, et al.*
Complaint

MLF0036098

EX. 67-10

1    at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once

2    such additional barriers are identified as it is Plaintiff's intention to have all barriers which

3    exist at the Facility and relate to his disabilities removed to afford him full and equal access.

4        12.    Plaintiff was, and continues to be, deterred from visiting the Facility because

5    Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

6    accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

7    Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

8    once the barriers are removed.

9        13.    Defendants knew, or should have known, that these elements and areas of the

10   Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

11   the physically disabled. Moreover, Defendants have the financial resources to remove these

12   barriers from the Facility (without much difficulty or expense), and make the Facility

13   accessible to the physically disabled. To date, however, Defendants refuse to either remove

14   those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

15       14.    At all relevant times, Defendants have possessed and enjoyed sufficient control

16   and authority to modify the Facility to remove impediments to wheelchair access and to

17   comply with the 2010 Standards for Accessible Design and the California Code of Regulations

18   Title 24. Defendants have not removed such impediments and have not modified the Facility to

19   conform to accessibility standards. Defendants have intentionally maintained the Facility in its

20   current condition and have intentionally refrained from altering the Facility so that it complies

21   with the accessibility standards.

22       15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility is

23   so obvious as to establish Defendants' discriminatory intent. On information and belief,

24   Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

25   to relevant building standards; disregard for the building plans and permits issued for the

26   Facility; conscientious decision to maintain the architectural layout (as it currently exists) at

27   the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

28   property continues to exist in its non-compliant state. Plaintiff further alleges, on information

MLF0036099

EX. 67-11

and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

## VI.   FIRST CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

16.   Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.   Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

19.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.   Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.   In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

MLF0036100

EX. 67-12

Failure to Design and Construct an Accessible Facility

23.　　Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

24.　　The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25.　　Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.[1]

Failure to Make an Altered Facility Accessible

26.　　Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.　　The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28.　　Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

29.　　The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

MLF0036101

EX. 67-13

30.     Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.     Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.     Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

## VII.   SECOND CLAIM

### Unruh Act

33.     Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.     California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.     California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.     Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.     Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

MLF0036102

EX. 67-14

1    ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

2    § 52(a).

3    **VIII. THIRD CLAIM**

4    **Denial of Full and Equal Access to Public Facilities**

5    41.    Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for

6    this claim.

7    42.    Health and Safety Code § 19955(a) states, in part, that: California public

8    accommodations or facilities (built with private funds) shall adhere to the provisions of

9    Government Code § 4450.

10    43.    Health and Safety Code § 19959 states, in part, that: Every existing (non-

11    exempt) public accommodation constructed prior to July 1, 1970, which is altered or

12    structurally repaired, is required to comply with this chapter.

13    44.    Plaintiff alleges the Facility is a public accommodation constructed, altered, or

14    repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code

15    § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

16    45.    Defendants' non-compliance with these requirements at the Facility aggrieved

17    (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

18    Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

19    **IX.    PRAYER FOR RELIEF**

20    WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

21    1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

22    2.    Declaratory relief that Defendants violated the ADA for the purposes of Unruh

23         Act damages.

24    3.    Statutory minimum damages under section 52(a) of the California Civil Code

25         according to proof.

26    4.    Attorneys' fees, litigation expense, and costs of suit.[2]

27    5.    Interest at the legal rate from the date of the filing of this action.

28

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Millennium Acquisitions, LLC, et al.*
Complaint

MLF0036103

EX. 67-15

6.      For such other and further relief as the Court deems proper.

Dated: August 26, 2014                    MOORE LAW FIRM, P.C.


                                          /s/ Tanya E. Moore
                                          Tanya E. Moore
                                          Attorneys for Plaintiff
                                          Ronald Moore

MLF0036104

EX. 67-16

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: August 26, 2014          */s/ Ronald Moore*
                                 Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                 */s/ Tanya E. Moore*
                                 Tanya E. Moore, Attorney for
                                 Plaintiff, Ronald Moore

*Moore v. Millennium Acquisitions, LLC, et al.*
*Verification*

MLF0036105

EX. 67-17

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing First Amended Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 3/24/15                              _Ronald Moore_
                                            Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                            /s/ Tanya E. Moore
                                            Tanya E. Moore, Attorney for
                                            Plaintiff, Ronald Moore

*Moore v. Millennium Acquisitions, LLC, et al.*
*Verification*

MLF0036118

EX. 67-18

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: _8/26/14_                          _Ronald Moore_
                                          Ronald Moore

*Ronald Moore v. Millennium Acquisitions, LLC, et al (Arco AM/PM #83176)*

MLFO0036119

EX. 67-19