# Exhibit 90

**K&A LIQUOR**

| DATE | 02/19/2014 | WED |
|------|-----------|-----|
| **LOTTO** | | $10.00 |
| 2 X | @ 0.99 | |
| ARIZONA FT1 | | $1.98 |
| 2 X | @ 0.10 | |
| CRV/SODA FT1 | | $0.20 |
| TAX1 AMT | | $0.18 |
| **TOTAL** | | **$12.36** |
| **CASH** | | **$100.00** |
| CHANGE | | $87.64 |

NO.000187 REG01 1 EMPLOYEE   TIME 19:16

**THANK YOU!**

MLF0038063

EX. 90-2

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

ADAI No. 1916

(Facility)

1. What is the name of the Facility? K & A liquor

2. When did you visit the Facility? 2/19/14 (Date) 7:16 (Time)

3. What is the address of the Facility? 777 West Ashland Chris CA

4. Was this your first visit to the Facility? NO

5. How many times have you visited the Facility? ? if more than one visit, please list the date and time if you know it. ?

6. What was the purpose of your visit? lotto tickets

7. Who accompanied you to the Facility? Grandson Ronny

8. What car did you drive to the Facility? Mine

9. Did you drive yourself of did you get a ride from someone else? I Drove.

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle.

11. Was it difficult for you to park there? Yes No DP parking or signs

12. Why? No route of travel /access isle

13. How did you unload from your vehicle? Rear

14. What side of the vehicle did you unload from? Driver or passenger? Driver

15. Did anyone help you to transfer onto your wheelchair? Grandson Ronny

16. What problems did you encounter transferring onto your wheelchair?

Not Much grandson helped me

17. Which way did you go from the parking to the entrance of the Facility? towards door

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

No ramp

19. Did you encounter any problems opening the door? Describe why. Doors were proped open

20. Did you have any problems inside the Facility? Describe. Yes

MLF0038061

EX. 90-3

Couldn't reach fountain drinks or get to coolers in back of store grandson had to get My drink

21. What did you purchase (or what meal did you have there). Describe: 2 drinks and lotto tickets

22. Have you used the restroom at the Facility? NO

23. Why did you need to use the restroom? N/A

24. Did you use the sink? N/A

25. Any problems? N/A

26. Did you use the urinal? N/A

27. Did you use the toilet? N/A

28. Did you use the toilet paper? N/A

29. Did you use paper towels? N/A

30. Did you use the soap dispenser? N/A

31. Did you have any problem maneuvering inside the restroom? N/A

32. Where did you sit? N/A

33. Was there any seating provided inside the Facility? N/A

34. Was it wheelchair accessible? NO

35. Where you comfortable at the table? N/A

36. Did you use the counter to pay for purchase? Yes

37. Which counter did you use? only one

38. Was the counter accessible? No to high

39. Which way did you go after you left the Facility? out door to car

40. Any problems getting back to your vehicle? Yes no ramp. Street cracked

41. Any problems transferring from your wheelchair to your vehicle? Not Much grandson helped Me to My door

42. If you have any additional information you believe would assist us in evaluating this inquiry.

MLF0038062

EX. 90-4



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Nore
Attorney at Law

Marejka Sas
Paralegal

March 6, 2014

Mr. Ronald Moore
80 N. Hughes Ave.
Clovis, CA 93612

**RE:** **ADAI No. 1916**
**K&A Liquor (777 West Ashlan Avenue, Clovis, CA)**

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF0038074

**BARRIER MEMO**

ADAI No. :     01916

Case Name:     Moore v. K & A Liquor – POTENTIALLY SUED BEFORE ONE OF THE FIRST CASES, PLEASE
DOAUBLE CHECK.   IF SUED BEFORE NOTHING WAS DONE.

Address:     777 W. Ashland Ave, Clovis

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| No accessible parking | Plaintiff was unable to locate a designated accessible parking space at the Facility and was forced to park in a standard parking space which was improperly configured, making it difficult for him to transfer between his vehicle and his wheelchair and causing him to require his grandson's assistance. | Yes |
| No route from parking to entrance | Plaintiff was unable to locate an accessible route of travel from his parking space to the Facility entrance. The surface of the parking lot was cracked, creating an uneven surface that was difficult to wheel over. He also could not find a ramp to access the sidewalk and needed his grandson's help to wheel over the curb. | Yes |
| Fountain drinks out of reach | Plaintiff wanted to buy a drink at the Facility but found that the self-serve soda fountain controls were too high for him to reach. | Yes |
| Aisles too narrow | Some of the aisles inside the store lacked necessary wheelchair clearances, preventing Plaintiff from maneuvering freely around. He was unable to get to the drink coolers at the back of the store and had to have his grandson help him to get a drink. | Yes |
| Counter high | The transaction counter was too high, making it difficult for Plaintiff to conduct his transaction. | Yes |

1

MLF0038064

EX. 90-6

Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: tanya@moorelawfirm.com

Attorneys for Plaintiff
Ronald Moore

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE, | No. |
| Plaintiff, | **COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |
| vs. | |
| KANAWAL PREET SINGH, aka KANWALP SINGH, individually and dba STOP N SHOP LIQUOR #1 aka K & A LIQUOR; SURJIT SINGH, individually and dba STOP N SHOP LIQUOR #1 aka K & A LIQUOR; | |
| Defendants. | |

## I. SUMMARY

1.     This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

K & A Liquor (aka Stop N Shop Liquor #1)
777 West Ashlan Avenue
Clovis, CA 93612
(hereafter "the Facility")

2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against KANAWAL PREET SINGH, aka KANWALP SINGH, individually and dba

*Moore v. Singh, et al.*
Complaint

MLF0038065

EX. 90-7

1   STOP N SHOP LIQUOR #1 aka K & A LIQUOR; SURJIT SINGH, individually and dba

2   STOP N SHOP LIQUOR #1 aka K & A LIQUOR (hereinafter collectively referred to as

3   "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et

4   seq.) ("ADA") and related California statutes.

5                                    **II.    JURISDICTION**

6          3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

7   claims.

8          4.      Supplemental jurisdiction for claims brought under parallel California law –

9   arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

10         5.      Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

11                                     **III.    VENUE**

12         6.      All actions complained of herein take place within the jurisdiction of the United

13  States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.

14  § 1391(b), (c).

15                                    **IV.    PARTIES**

16         7.      Defendants own, operate, and/or lease the Facility, and consist of a person (or

17  persons), firm, and/or corporation.

18         8.      Plaintiff requires the use of a wheelchair when traveling about in public.

19  Consequently, Plaintiff is "physically disabled," as defined by all applicable California and

20  United States laws, and a member of the public whose rights are protected by these laws.

21                                     **V.    FACTS**

22         9.      The Facility is a public accommodation facility, open to the public, which is

23  intended for nonresidential use and whose operation affects commerce.

24         10.     Plaintiff visited the Facility and encountered barriers (both physical and

25  intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

26  goods, services, privileges and accommodations offered at the Facility. Plaintiff personally

27  encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

28  about February 19, 2014:

*Moore v. Singh, et al.*
Complaint

MLF0038066

EX. 90-8

     a)     Plaintiff was unable to locate a designated accessible parking space at the Facility and was forced to instead park in a standard parking space, which was improperly configured. This made it difficult for Plaintiff to transfer between his vehicle and his wheelchair and caused him to require his grandson's assistance.

     b)     Plaintiff was unable to locate an accessible route of travel from his parking space to the Facility entrance. The surface of the parking lot was cracked, creating an uneven surface that was difficult to wheel over. Further, Plaintiff could not find a ramp that would afford access to the sidewalk that surrounded the building entrance, and his grandson had to help wheel him over the curb.

     c)     Plaintiff wanted to buy a drink at the Facility but found that the self-serve soda fountain controls were too high for him to reach.

     d)     Some of the aisles within the Facility lacked necessary wheelchair clearances, preventing Plaintiff from maneuvering freely around inside the store. He was unable to make his way to the drink coolers at the back of the store and had to ask his grandson to get him a drink.

     e)     The transaction counter was too high, making it difficult for Plaintiff to conduct his transaction.

11.     The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12.     Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

MLF0038067

EX. 90-9

1   once the barriers are removed.

2       13.   Defendants knew, or should have known, that these elements and areas of the

3   Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

4   the physically disabled. Moreover, Defendants have the financial resources to remove these

5   barriers from the Facility (without much difficulty or expense), and make the Facility

6   accessible to the physically disabled. To date, however, Defendants refuse to either remove

7   those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

8       14.   At all relevant times, Defendants have possessed and enjoyed sufficient control

9   and authority to modify the Facility to remove impediments to wheelchair access and to

10  comply with the 2010 Standards for Accessible Design and the California Code of Regulations

11  Title 24. Defendants have not removed such impediments and have not modified the Facility to

12  conform to accessibility standards. Defendants have intentionally maintained the Facility in its

13  current condition and have intentionally refrained from altering the Facility so that it complies

14  with the accessibility standards.

15      15.   Plaintiff further alleges that the (continued) presence of barriers at the Facility is

16  so obvious as to establish Defendants' discriminatory intent. On information and belief,

17  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

18  to relevant building standards; disregard for the building plans and permits issued for the

19  Facility; conscientious decision to maintain the architectural layout (as it currently exists) at

20  the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

21  property continues to exist in its non-compliant state. Plaintiff further alleges, on information

22  and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

23  Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

24                          **VI.     FIRST CLAIM**

25                  **Americans with Disabilities Act of 1990**

26                  Denial of "Full and Equal" Enjoyment and Use

27      16.   Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

28  this claim.

*Moore v. Singh, et al.*
Complaint
                          Page 4

MLF0038068

EX. 90-10

17.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.     Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

19.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.     Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.     In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

23.     Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

24.     The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

*Moore v. Singh, et al.*
Complaint

MLF0038069

EX. 90-11

1        25.     Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

26.     Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.     The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28.     Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

29.     The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.     Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.     Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. Singh, et al.*
Complaint

MLF0038070

EX. 90-12

32.   Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

### VII.   SECOND CLAIM

#### Unruh Act

33.   Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.   California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.   Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.   Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.   Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### VIII. THIRD CLAIM

#### Denial of Full and Equal Access to Public Facilities

41.   Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

*Moore v. Singh, et al.*
Complaint

MLF0038071

EX. 90-13

42.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

43.   Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

44.   Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

45.   Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.   Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.   Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3.   Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

4.   Attorneys' fees, litigation expense, and costs of suit.[2]

5.   Interest at the legal rate from the date of the filing of this action.

6.   For such other and further relief as the Court deems proper.

Dated: August 21, 2014                    MOORE LAW FIRM, P.C.


                                         /s/ Tanya E. Moore
                                         Tanya E. Moore
                                         Attorneys for Plaintiff
                                         Ronald Moore

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Singh, et al.*
Complaint
                              Page 8

**MLF0038072**

EX. 90-14

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:   August 21, 2014        */s/ Ronald Moore*
                               Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                       */s/ Tanya E. Moore*
                       Tanya E. Moore, Attorney for
                       Plaintiff, Ronald Moore

*Moore v. Singh, et al.*
*Verification*

MLF0038073

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 8/21/14                    _Ronald Moore_
                                   Ronald Moore

*Ronald Moore v. Kanawal Preet Singh (K & A Liquor)*

MLF0038075

EX. 90-16

# Exhibit 91

PP LIQUOR ,FOOD
1805 W OLIVE AVE
FRESNO, CA 93728

02/11/2014                    20:10:31
MID: 000000003346672    TID: 05053473
372231560882

CREDIT CARD

VISA SALE

CARD #              XXXXXXXXXXX4008
INVOICE                        0021
Batch #:                     000199
Approval Code:               00981B
Entry Method:                Swiped
Mode:                        Online

SALE AMOUNT                   $2.20

CUSTOMER COPY

MLF0036932

EX. 91-2

# PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

ADAI No.

(Facility)

1. What is the name of the Facility? PB liquor-Food

2. When did you visit the Facility? 2|11|14 (Date) 8:00 (Time)

3. What is the address of the Facility? 1805 W. Olive Ave. Fresno, Cali.

4. Was this your first visit to the Facility? No

5. How many times have you visited the Facility? ? If more than one visit, please list the date and time if you know it. ?

6. What was the purpose of your visit? get sobthing to drink

7. Who accompanied you to the Facility? Grandson Ronny

8. What car did you drive to the Facility? Mine

9. Did you drive yourself of did you get a ride from someone else? I Drove

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. In front of Store

11. Was it difficult for you to park there? Yes

12. Why? road was uneven

13. How did you unload from your vehicle? Rear

14. What side of the vehicle did you unload from? Driver or passenger? Driver

15. Did anyone help you to transfer onto your wheelchair? Grandson Ronny

16. What problems did you encounter transferring onto your wheelchair?

road was cracked and uneven

17. Which way did you go from the parking to the entrance of the Facility? Up ramp to door

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

ramp was cracked and uneven

19. Did you encounter any problems opening the door? Describe why. Yes too Very heavy and high threshold

20. Did you have any problems inside the Facility? Describe. Yes

MLF0036930

EX. 91-3

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

ADAI No.

(Facility)

Drinks in cooler too high couldn't reach grandson
had to get it for Me and couldn't reach counter grandson
had to sign

21. What did you purchase (or what meal did you have there). Describe: Drinks and scratchers

_____

22. Have you used the restroom at the Facility? N/A

23. Why did you need to use the restroom? N/A

24. Did you use the sink? N/A

25. Any problems? N/A

26. Did you use the urinal? N/A

27. Did you use the toilet? N/A

28. Did you use the toilet paper? N/A

29. Did you use paper towels? N/A

30. Did you use the soap dispenser? N/A

31. Did you have any problem maneuvering inside the restroom? N/A

32. Where did you sit? N/A

33. Was there any seating provided inside the Facility? N/A

34. Was it wheelchair accessible? NO

35. Where you comfortable at the table? N/A

36. Did you use the counter to pay for purchase? Yes

37. Which counter did you use? Only one

38. Was the counter accessible? No couldn't reach to sign grandson had to sign recipt

39. Which way did you go after you left the Facility? Out door towards car

40. Any problems getting back to your vehicle? Yes road and ramp cracked and uneven

41. Any problems transferring from your wheelchair to your vehicle? Not Much grandson brought Me to My door

42. If you have any additional information you believe would assist us in evaluating this inquiry.

MLF0036931

EX. 91-4

February 18, 2014

Mr. Ronald Moore
80 N. Hughes Ave.
Clovis, CA 93612

       **RE:**    **ADAI No. 01896**
                **PB Liquor Food (1805 West Olive Avenue, Fresno)**

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF0056314

EX. 91-5

**BARRIER MEMO**

ADAI No. :      01896

Case Name:    Moore v. PB Liquor Food

Address:       1805 W Olive, Fresno

| Barrier | Description | Is it a valid barrier?<br>Y / N |
|---|---|---|
| Parking space cracked and uneven | Plaintiff parked in front of the store. The surface of his parking space and the area around it was cracked and uneven, which made it difficult for him to transfer between his vehicle and his wheelchair and to maneuver to and from the ramp. | |
| Ramp cracked and uneven | The surface of the ramp was also cracked and uneven, making it difficult for Plaintiff to ascend and descend the ramp. | |
| Door heavy, high threshold | The entrance door was heavy and it had a raised threshold. It was difficult for Plaintiff to open the door and to hold it open while maneuvering over the threshold. | |
| Drinks in cooler too high | Plaintiff could not reach the drinks in the cooler because they were too high, so he had to have his grandson get one out for him. | |
| Counter high | Plaintiff could not reach the counter to pay for his purchase or sign his receipt. His grandson had to pay and sign the receipt for him. | |

1

MLF0036878

EX. 91-6

# BARRIER MEMO

**ADAI No. :**      01896

**Case Name:**      Moore v. PB Liquor Food

**Address:**      1805 W Olive, Fresno

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Parking space cracked and uneven | Plaintiff parked in front of the store. The surface of his parking space and the area around it was cracked and uneven, which made it difficult for him to transfer between his vehicle and his wheelchair and to maneuver to and from the ramp. | Yes, Not so much with cracks but slope in parking area un-even. |
| Ramp cracked and uneven | The surface of the ramp was also cracked and uneven, making it difficult for Plaintiff to ascend and descend the ramp. | Access ramp was not cracked but sloped on sides into acces aisle. Another Ramp on far side of walk (not by access parking) is cracked and not properly constructed. |
| Door heavy, high threshold | The entrance door was heavy and it had a raised threshold. It was difficult for Plaintiff to open the door and to hold it open while maneuvering over the threshold. | Yes, door heavy with threshold. |
| Drinks in cooler too high | Plaintiff could not reach the drinks in the cooler because they were too high, so he had to have his grandson get one out for him. | Yes, Cooler was approximately 7'. |
| Counter high | Plaintiff could not reach the counter to pay for his purchase or sign his receipt. His grandson had to pay and sign the receipt for him. | Yes, counter approximately 38" |

1

MLF0036877

EX. 91-7



**MOORE**
**LAW FIRM, P.C.**

January 5, 2015

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

     Re:    ADAI No.    01896
              PB Liquor Food (1805 West Olive Avenue, Fresno, CA)

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.


Sincerely,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed
Enclosure: Fee Agreement

---

MLF0036912

EX. 91-8

Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: tanya@moorelawfirm.com

Attorneys for Plaintiff
Ronald Moore

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>        Plaintiff,<br><br>    vs.<br><br>INDERPAL SINGH, individually and dba PB LIQUOR & FOOD; TARSEM SINGH, individually and dba PB LIQUOR & FOOD;<br><br>        Defendants. | No.<br><br>**COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |

### I. SUMMARY

1.    This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> PB Liquor & Food
> 1805 West Olive Avenue
> Fresno, CA 93728
> (hereafter "the Facility")

2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against INDERPAL SINGH, individually and dba PB LIQUOR & FOOD; TARSEM SINGH, individually and dba PB LIQUOR & FOOD (hereinafter collectively referred to as

MLF0036913

EX. 91-9

1   "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et
2   seq.) ("ADA") and related California statutes.

### II.   JURISDICTION

3
4       3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA
5   claims.
6       4.      Supplemental jurisdiction for claims brought under parallel California law –
7   arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.
8       5.      Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

### III.   VENUE

9
10      6.      All actions complained of herein take place within the jurisdiction of the United
11  States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.
12  § 1391(b), (c).

### IV.   PARTIES

13
14      7.      Defendants own, operate, and/or lease the Facility, and consist of a person (or
15  persons), firm, and/or corporation.
16      8.      Plaintiff is substantially limited in his ability to walk, and must use a wheelchair
17  for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable
18  California and United States laws, and a member of the public whose rights are protected by
19  these laws.

### V.   FACTS

20
21      9.      The Facility is open to the public, intended for non-residential use, and its
22  operation affects commerce. The Facility is therefore a public accommodation as defined by
23  applicable state and federal laws.
24      10.     Plaintiff visited the Facility and encountered barriers (both physical and
25  intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the
26  goods, services, privileges and accommodations offered at the Facility. Plaintiff personally
27  encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or
28  about February 11, 2014:

*Moore v. Singh, et al.*
Complaint

MLF0036914

EX. 91-10

a)    Plaintiff parked in a designated accessible parking stall at the Facility. The surface of his parking stall and the area around it, including the adjacent access aisle, was excessively and unevenly sloped, which made it difficult for Plaintiff to transfer between his vehicle and wheelchair and maneuver along the access aisle to reach the sidewalk leading to the Facility entrance.

b)    The building entrance door was heavy and had a raised threshold. It was difficult for Plaintiff to pull the door open and to hold it open while maneuvering over the threshold.

c)    The transaction counter was too high and Plaintiff was unable to reach to sign his credit card receipt on the counter. His grandson, who was accompanying him, had to sign the receipt for him.

11.    The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12.    Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

13.    Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

MLF0036915

EX. 91-11

14.     At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair access and to comply with the 1991 ADA Accessibility Guidelines and/or the 2010 Standards for Accessible Design. Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards. Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

15.     Plaintiff further alleges that the (continued) presence of barriers at the Facility is so obvious as to establish Defendants' discriminatory intent. On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the Facility; decision not to remove barriers from the Facility; and allowance that Defendants' property continues to exist in its non-compliant state. Plaintiff further alleges, on information and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

## VI.     FIRST CLAIM

### · Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16.     Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.     Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

*Moore v. Singh, et al.*
Complaint

Page 4

MLF0036916

EX. 91-12

1        <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

2        19.    The ADA specifically prohibits failing to remove architectural barriers, which

3  are structural in nature, in existing facilities where such removal is readily achievable. 42

4  U.S.C. § 12182(b)(2)(A)(iv).

5        20.    When an entity can demonstrate that removal of a barrier is not readily

6  achievable, a failure to make goods, services, facilities, or accommodations available through

7  alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id</u>.

8  § 12182(b)(2)(A)(v).

9        21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

10  barriers at the Facility without much difficulty or expense, and that Defendants violated the

11  ADA by failing to remove those barriers, when it was readily achievable to do so.

12        22.    In the alternative, if it was not "readily achievable" for Defendants to remove

13  the Facility's barriers, then Defendants violated the ADA by failing to make the required

14  services available through alternative methods, which are readily achievable.

15        <u>Failure to Design and Construct an Accessible Facility</u>

16        23.    Plaintiff alleges on information and belief that the Facility was designed and

17  constructed (or both) after January 26, 1992 – independently triggering access requirements

18  under Title III of the ADA.

19        24.    The ADA also prohibits designing and constructing facilities for first occupancy

20  after January 16, 1993, that aren't readily accessible to, and usable by, individuals with

21  disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

22        25.    Here, Defendants violated the ADA by designing and constructing (or both) the

23  Facility in a manner that was not readily accessible to the physically disabled public –

24  including Plaintiff – when it was structurally practical to do so.[1]

25

26

27

28
_____

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a
private attorney general under either state or federal statutes.

*Moore v. Singh, et al.*
Complaint

MLF0036917

EX. 91-13

<u>Failure to Make an Altered Facility Accessible</u>

26.   Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.   The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

28.   Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29.   The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.   Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.   Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.   Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

## VII.   SECOND CLAIM
### Unruh Act

33.   Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

*Moore v. Singh, et al.*
Complaint

MLF0036918

EX. 91-14

1    34.    California Civil Code § 51 states, in part, that: All persons within the
2    jurisdiction of this state are entitled to the full and equal accommodations, advantages,
3    facilities, privileges, or services in all business establishments of every kind whatsoever.

4    35.    California Civil Code § 51.5 also states, in part that: No business establishment
5    of any kind whatsoever shall discriminate against any person in this state because of the
6    disability of the person.

7    36.    California Civil Code § 51(f) specifically incorporates (by reference) an
8    individual's rights under the ADA into the Unruh Act.

9    37.    Defendants' aforementioned acts and omissions denied the physically disabled
10   public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges
11   and services in a business establishment (because of their physical disability).

12   38.    These acts and omissions (including the ones that violate the ADA) denied,
13   aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

14   39.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory
15   minimum damages of four thousand dollars ($4,000) for each offense.

16   40.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and
17   ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code
18   § 52(a).

### VIII. THIRD CLAIM

#### Denial of Full and Equal Access to Public Facilities

21   41.    Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for
22   this claim.

23   42.    Health and Safety Code § 19955(a) states, in part, that: California public
24   accommodations or facilities (built with private funds) shall adhere to the provisions of
25   Government Code § 4450.

26   43.    Health and Safety Code § 19959 states, in part, that: Every existing (non-
27   exempt) public accommodation constructed prior to July 1, 1970, which is altered or
28   structurally repaired, is required to comply with this chapter.

*Moore v. Singh, et al.*
Complaint

MLF0036919

EX. 91-15

44.     Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

45.     Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3.     Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

4.     Attorneys' fees, litigation expense, and costs of suit.[2]

5.     Interest at the legal rate from the date of the filing of this action.

6.     For such other and further relief as the Court deems proper.

Dated: December 19, 2014                    MOORE LAW FIRM, P.C.

                                            /s/ Tanya E. Moore
                                            Tanya E. Moore
                                            Attorneys for Plaintiff
                                            Ronald Moore

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Singh, et al.*
Complaint

MLF0036920

EX. 91-16

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.


Dated:  December 19, 2014          */s/ Ronald Moore*_____
                                   Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                   */s/ Tanya E. Moore*_____
                                   Tanya E. Moore, Attorney for
                                   Plaintiff, Cecil Shaw


*Ronald Moore v. Inderpal Singh, et al.*

MLF0036921

EX. 91-17

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 12/19/14                    _Ronald Moore_
                                   Ronald Moore

_Ronald Moore v. Inderpal Singh, et al._

MLF0036933

# Exhibit 92

QUIK STOP MINI MART
12945 S ELM
CARUTHERS,CA 93609
1806614604-001

| Descr. | qty / | amount |
| --- | --- | --- |
| GROCERY | 1 | 1.79 |
| Prepay CA#06 | | 18.21 |

Sub Total        20.00
Tax         0.00
TOTAL    20.00
CASH $    20.00
THANKS-COME AGAIN
REG# 0001 CSH# 004 DRW 01  TRAN# 19642
04/23/14  14:14:48         ST# AB123

MLF0040902

EX. 92-2

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

1. What is the name of the Facility? Quik Stop Mini Mart

2. What is the address of the Facility? 12945 S. Elm Caruthers, CA

3. When did you visit the Facility? 6/23/14 (Date) 2:10 (Time)

4. Was this your first visit to the Facility? Yes

5. If you have been to the Facility before, please list the date and times of each visit if you can remember, or give an estimate of how often you go. ?

6. What was the purpose of your visit? Gas

7. Who accompanied you to the Facility? Grandson Ronny

8. What car did you drive to the Facility? Mine

9. Did you drive yourself or did you get a ride from someone else? I drove

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. at pump #6

11. Was it difficult for you to park there? If so, why? NO

12. How did you unload from your vehicle? No exit

13. What side of the vehicle did you unload from? Driver or passenger? Driver

14. Did anyone help you to transfer onto your wheelchair? Who? Grandson Ronny

15. Did you encounter any problems transferring onto your wheelchair? Describe. No grandson helped me.

16. Which way did you go from the parking to the entrance of the Facility? Across Street to pump to door

17. Did you encounter any problems on your way to the entrance, for example a ramp? Describe. ramp steep hard to get between poles by door. No rite of travel

18. Did you encounter any problems opening the door? Describe. No grandson held it open

19. What did you purchase (or what meal did you have there)? Gas and Soda

20. Did you need to use the restroom while you were at the Facility? Why? No restroom

21. Describe any problems you encountered with the following (or write "Did not need to use" or "No problems"):

MLF0040900

EX. 92-3

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

Sink: N/A

Toilet: N/A

Urinal: N/A

Toilet paper: N/A

Toilet seat covers: N/A

Paper towels/hand dryer: N/A

Soap dispenser: N/A

Other: N/A

22. Did you have any problem maneuvering inside the restroom? N/A

23. Was there any seating provided inside the Facility? NO

24. Were you able to sit comfortably at the table? If not, why? N/A

25. Did you use the counter to pay for purchase? Which one? Yes, only one

26. Did you pay with cash or credit card? Cash

27. Was the counter accessible? If not, describe: No, to high grandson gave them the money

28. Did you have any other problems inside the Facility? Describe. Fountain drinks to high to reach grandson had to get it for me

29. Which way did you go after you left the Facility? Out door, down ramp, to car

30. Any problems getting back to your vehicle? ramp steep, no route of travel

31. Any problems transferring from your wheelchair to your vehicle? No grandson brought me to door and put chair in car.

32. Any additional information you believe would assist us in evaluating this inquiry?

MLF0040901



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

July 1, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

  RE:  **ADAI No.**  **02035**
      **Quik Stop Mini Mart** *(12945 S. Elm, Caruthers, CA 93609)*

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF0040903

EX. 92-5

**BARRIER MEMO**

**ADAI No. :**    02035

**Case Name:**    Moore v. Quik Stop Mini Mart

**Address:**    12945 S. Elm, Caruthers, CA 93609

| Barrier | Description | Is it a valid barrier?<br>Y  /  N |
|---------|-------------|-----------------------|
| Steep Ramp | The ramp leading to the facility was very steep. This caused the plaintiff unnecessary exertion and discomfort trying to wheel himself up to the facility. | |
| No Route of Travel | The plaintiff parked at gas pump #6 but had no direct route of travel to the facility. The plaintiff, however, still wanted soda so he crossed the passage between the gas pump and the facility where vehicles enter the plaza; thereby risking the chance that a driver might not notice him due to the lack of any aisles or signs. | |
| Two Poles by Entrance Creating Narrow Passage | There were two poles by the entrance of the facility which created a narrow passage through which the plaintiff barely made it through. | |
| High Counter | The counter at the facility was too high for the plaintiff to reach in order to make his transaction. Instead, the plaintiff gave his credit card to his grandson who paid for the items and signed the receipt. | |
| High Soda Dispenser | The soda dispenser in the facility was too high for the plaintiff to reach so his grandson helped pour him his drink. | |
| | | |
| | | |

1

MLF0056338

EX. 92-6



# MOORE
## LAW FIRM, P.C.

March 19, 2015

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

      Re:    ADAI No.    02035
             Quik Stop Mini Mart (12945 S. Elm, Caruthers, CA 93609)

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

*Tanya Moore*

Tanya E. Moore

TEM:ed

Enclosure: Fee Agreement

MLF0040879

EX. 92-7

1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: tanya@moorelawfirm.com

5  Attorneys for Plaintiff
   Ronald Moore
6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  RONALD MOORE,                        )  No.
                                         )
12              Plaintiff,               )  COMPLAINT ASSERTING DENIAL OF
                                         )  RIGHT OF ACCESS UNDER
13       vs.                             )  AMERICANS WITH DISABILITIES ACT
                                         )  FOR INJUNCTIVE RELIEF,
14  BALDEV SINGH, individually and dba   )  DECLARATORY RELIEF, DAMAGES,
    QUICK STOP MINI MART; PARKASH        )  ATTORNEYS' FEES AND COSTS (ADA)
15  SINGH, individually and dba QUICK STOP )
    MINI MART;                           )
16                                       )
                                         )
17              Defendants.              )
                                         )
18                                       )
                                         )
19                                       )
                                         )
20                                       )
                                         )
21  _____ )

22                       I. SUMMARY

23       1.    This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

24  discrimination at the building, structure, facility, complex, property, land, development, and/or

25  surrounding business complex known as:

26              Quick Stop Mini Mart
                12945 South Elm Avenue
27              Caruthers, CA 93609
                (hereafter "the Facility")
28

*Moore v. Singh, et al.*
Complaint
                            Page 1

**MLF0040880**

EX. 92-8

1    2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

2  costs, against BALDEV SINGH, individually and dba QUICK STOP MINI MART;

3  PARKASH SINGH, individually and dba QUICK STOP MINI MART (hereinafter

4  collectively referred to as "Defendants"), pursuant to the Americans with Disabilities Act of

5  1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

6                          **II.    JURISDICTION**

7    3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

8  claims.

9    4.    Supplemental jurisdiction for claims brought under parallel California law –

10  arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

11    5.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

12                          **III.    VENUE**

13    6.    All actions complained of herein take place within the jurisdiction of the United

14  States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.

15  § 1391(b), (c).

16                          **IV.    PARTIES**

17    7.    Defendants own, operate, and/or lease the Facility, and consist of a person (or

18  persons), firm, and/or corporation.

19    8.    Plaintiff is substantially limited in his ability to walk, and must use a wheelchair

20  for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable

21  California and United States laws, and a member of the public whose rights are protected by

22  these laws.

23                          **V.    FACTS**

24    9.    The Facility is open to the public, intended for non-residential use, and its

25  operation affects commerce. The Facility is therefore a public accommodation as defined by

26  applicable state and federal laws.

27    10.    Plaintiff visited the Facility and encountered barriers (both physical and

28  intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

*Moore v. Singh, et al.*
Complaint
                          Page 2

**MLF0040881**

EX. 92-9

1   goods, services, privileges and accommodations offered at the Facility. Plaintiff personally

2   encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

3   about June 23, 2014:

4       a)   Plaintiff parked at a gas pump and could not locate an accessible route

5            of travel from his vehicle to the Facility store entrance. He was forced to

6            travel through the vehicular way to reach the entrance. The route was

7            obstructed by bollards located directly in front of the doorway, which

8            were positioned too close together such that it was difficult for Plaintiff

9            to maneuver his wheelchair between them. Additionally, the landing

10           outside the entrance door, where the bollards were located, was

11           excessively sloped, which further hampered Plaintiff's efforts to

12           navigate between the bollards and up to the entrance. His grandson had

13           to hold the entrance door open as Plaintiff was unable to open it himself

14           while wheeling up the slope and through the doorway.

15      b)   The transaction counter inside the Facility store was too high, and

16           Plaintiff was unable to reach over it to make his purchase. Plaintiff's

17           grandson had to hand payment to the cashier and sign Plaintiff's credit

18           card receipt.

19      11.   The barriers identified in paragraph 10 herein are only those that Plaintiff

20  personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist

21  at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once

22  such additional barriers are identified as it is Plaintiff's intention to have all barriers which

23  exist at the Facility and relate to his disabilities removed to afford him full and equal access.

24      12.   Plaintiff was, and continues to be, deterred from visiting the Facility because

25  Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

26  accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

27  Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

28  once the barriers are removed.

*Moore v. Singh, et al.*
Complaint

MLF0040882

EX. 92-10

1     13.    Defendants knew, or should have known, that these elements and areas of the

2 Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

3 the physically disabled. Moreover, Defendants have the financial resources to remove these

4 barriers from the Facility (without much difficulty or expense), and make the Facility

5 accessible to the physically disabled. To date, however, Defendants refuse to either remove

6 those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

7     14.    At all relevant times, Defendants have possessed and enjoyed sufficient control

8 and authority to modify the Facility to remove impediments to wheelchair access and to

9 comply with the 1991 ADA Accessibility Guidelines and/or the 2010 Standards for Accessible

10 Design. Defendants have not removed such impediments and have not modified the Facility to

11 conform to accessibility standards. Defendants have intentionally maintained the Facility in its

12 current condition and have intentionally refrained from altering the Facility so that it complies

13 with the accessibility standards.

14     15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility is

15 so obvious as to establish Defendants' discriminatory intent. On information and belief,

16 Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

17 to relevant building standards; disregard for the building plans and permits issued for the

18 Facility; conscientious decision to maintain the architectural layout (as it currently exists) at

19 the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

20 property continues to exist in its non-compliant state. Plaintiff further alleges, on information

21 and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

22 Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

## VI.    FIRST CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

26     16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

27 this claim.

28     17.    Title III of the ADA holds as a "general rule" that no individual shall be

MLF0040883

EX. 92-11

1  discriminated against on the basis of disability in the full and equal enjoyment (or use) of

2  goods, services, facilities, privileges, and accommodations offered by any person who owns,

3  operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

4      18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

5  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

6  Facility during each visit and each incident of deterrence.

7              Failure to Remove Architectural Barriers in an Existing Facility

8      19.    The ADA specifically prohibits failing to remove architectural barriers, which

9  are structural in nature, in existing facilities where such removal is readily achievable. 42

10  U.S.C. § 12182(b)(2)(A)(iv).

11      20.    When an entity can demonstrate that removal of a barrier is not readily

12  achievable, a failure to make goods, services, facilities, or accommodations available through

13  alternative methods is also specifically prohibited if these methods are readily achievable. Id.

14  § 12182(b)(2)(A)(v).

15      21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

16  barriers at the Facility without much difficulty or expense, and that Defendants violated the

17  ADA by failing to remove those barriers, when it was readily achievable to do so.

18      22.    In the alternative, if it was not "readily achievable" for Defendants to remove

19  the Facility's barriers, then Defendants violated the ADA by failing to make the required

20  services available through alternative methods, which are readily achievable.

21              Failure to Design and Construct an Accessible Facility

22      23.    Plaintiff alleges on information and belief that the Facility was designed and

23  constructed (or both) after January 26, 1993 – independently triggering access requirements

24  under Title III of the ADA.

25      24.    The ADA also prohibits designing and constructing facilities for first occupancy

26  after January 26, 1993, that aren't readily accessible to, and usable by, individuals with

27  disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

28      25.    Here, Defendants violated the ADA by designing and constructing (or both) the

MLF0040884

EX. 92-12

1  Facility in a manner that was not readily accessible to the physically disabled public –
2  including Plaintiff – when it was structurally practical to do so.[1]

3                    Failure to Make an Altered Facility Accessible

4         26.    Plaintiff alleges on information and belief that the Facility was modified after
5  January 26, 1992, independently triggering access requirements under the ADA.

6         27.    The ADA also requires that facilities altered in a manner that affects (or could
7  affect) its usability must be made readily accessible to individuals with disabilities to the
8  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's
9  primary function also requires making the paths of travel, bathrooms, telephones, and drinking
10 fountains serving that area accessible to the maximum extent feasible. Id.

11        28.    Here, Defendants altered the Facility in a manner that violated the ADA and
12 was not readily accessible to the physically disabled public – including Plaintiff – to the
13 maximum extent feasible.

14                  Failure to Modify Existing Policies and Procedures

15        29.    The ADA also requires reasonable modifications in policies, practices, or
16 procedures, when necessary to afford such goods, services, facilities, or accommodations to
17 individuals with disabilities, unless the entity can demonstrate that making such modifications
18 would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

19        30.    Here, Defendants violated the ADA by failing to make reasonable modifications
20 in policies, practices, or procedures at the Facility, when these modifications were necessary to
21 afford (and would not fundamentally alter the nature of) these goods, services, facilities, or
22 accommodations.

23        31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney
24 fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

25        32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants
26 violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

27

28
---
[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a
private attorney general under either state or federal statutes.

*Moore v. Singh, et al.*
Complaint
                                    Page 6

MLF0040885

EX. 92-13

## VII.   SECOND CLAIM

### Unruh Act

33.    Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.    California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.    Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.    Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of

*Moore v. Singh, et al.*
Complaint

MLF0040886

EX. 92-14

1 Government Code § 4450.

2    43.    Health and Safety Code § 19959 states, in part, that: Every existing (non-
3 exempt) public accommodation constructed prior to July 1, 1970, which is altered or
4 structurally repaired, is required to comply with this chapter.

5    44.    Plaintiff alleges the Facility is a public accommodation constructed, altered, or
6 repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code
7 § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

8    45.    Defendants' non-compliance with these requirements at the Facility aggrieved
9 (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,
10 Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

11                    IX.    PRAYER FOR RELIEF

12    WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

13    1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

14    2.    Declaratory relief that Defendants violated the ADA for the purposes of Unruh
15          Act damages.

16    3.    Statutory minimum damages under section 52(a) of the California Civil Code
17          according to proof.

18    4.    Attorneys' fees, litigation expense, and costs of suit.[2]

19    5.    Interest at the legal rate from the date of the filing of this action.

20    6.    For such other and further relief as the Court deems proper.

21
22 Dated: March 19, 2015            MOORE LAW FIRM, P.C.

23                    /s/ Tanya E. Moore
24                    Tanya E. Moore
                      Attorneys for Plaintiff
25                    Ronald Moore
26
27
28

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Singh, et al.*
Complaint                    Page 8

MLF0040887

EX. 92-15

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.


Dated: March 19, 2015             /s/ Ronald Moore
                                  Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                  /s/ Tanya E. Moore
                                  Tanya E. Moore, Attorney for
                                  Plaintiff, Ronald Moore


*Moore v. Singh, et al.*
*Verification*

MLF0040888

EX. 92-16

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 3/19/15                    _Ronald Moore_
                                  Ronald Moore

*Moore v. Singh (Quick Stop Mini Mart)*

MLF0040905

EX. 92-17

# Exhibit 93

AUTO SHOP GAS
1204 W PHILLIPS AVE
FRESNO, CA 93722

17-45-09
0000666195-2593
02971443

CREDIT CARD
MC SALE

XXXXXXXXXXXX4370
INV. DATE                    0046
Batch #:                  000733
Approval Code:            R15942
Entry Method:            Swiped
Mode:                     Online

$100.50

CUSTOMER COPY

MLF0049389

EX. 93-2

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

ADAI No.

(Facility)

1. What is the name of the Facility? _Su Kis Auto Shop Gas_

2. When did you visit the Facility? _3/8/13_ (Date) _545 pm_ (Time)

3. What is the address of the Facility? _4386 w shields Ave Fresno_

4. Was this your first visit to the Facility? _yes_

5. How many times have you visited the Facility? _____ If more than one visit, please list the date and time if you

   know it. _____

6. What was the purpose of your visit? _Gas_

7. Who accompanied you to the Facility? _Myself_

8. What car did you drive to the Facility? _mind_

9. Did you drive yourself of did you get a ride from someone else? _I Drive_

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your

    vehicle. _In Front of Gas pumps #3 I Think_

11. Was it difficult for you to park there? _yes Because I had to go Around car to_
    _get into store_

12. Why? _Because of cars And pavment And gas pump hols_

13. How did you unload from your vehicle? _Rear_

14. What side of the vehicle did you unload from? Driver or passenger? _Driver_

15. Did anyone help you to transfer onto your wheelchair? _No_

16. What problems did you encounter transferring onto your wheelchair?

    _Just pavment uneven_

17. Which way did you go from the parking to the entrance of the Facility? _To the Right Around_
    _Car_

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

    _Road pavement cars at pumps had to go Around_
    _Them, to get to Door_

19. Did you encounter any problems opening the door? Describe why. _Door open_

20. Did you have any problems inside the Facility? Describe. _Ice cream machine in Door way_

MLF0049390

EX. 93-3

Had to pay at conner to sign Recipte

Rest Room outside Around BACK No Ramp to get onto side walk
guy from store had to come out And left the BACK of my chair to get on

**21. What did you purchase (or what meal did you have there). Describe:** Gas       sideway

going around No Ramp Then it was Rocks Thats when guy came out to help me.

**22. Have you used the restroom at the Facility?** yes

**23. Why did you need to use the restroom?** Had to go

**24. Did you use the sink?** yes

**25. Any problems?**

**26. Did you use the urinal?** Yes

**27. Did you use the toilet?** No

**28. Did you use the toilet paper?** No

**29. Did you use paper towels?** yes

**30. Did you use the soap dispenser?** yes Bottle of sink

**31. Did you have any problem maneuvering inside the restroom?**

**32. Where did you sit?**

**33. Was there any seating provided inside the Facility?**

**34. Was it wheelchair accessible?**

**35. Where you comfortable at the table?**

**36. Did you use the counter to pay for purchase?** yes

**37. Which counter did you use?** The one on left side

**38. Was the counter accessible?** No

**39. Which way did you go after you left the Facility?** Straight out to my cnd

**40. Any problems getting back to your vehicle?** pavment had to Roll off side walk
Because No Ramp

**41. Any problems transferring from your wheelchair to your vehicle?** No

**42. If you have any addition information you believe would assist us in evaluating this inquiry.**

MLF0049391

EX. 93-4

March 25, 2013

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

   **RE:  ADAI No. 01579**
      **Sukis Auto Shop Gas**

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/wl

MLF0056264

EX. 93-5

**BARRIER MEMO**

ADAI No. :    01579

Case Name:    Moore v. Sukis Auto Shop Gas

Address:    4386 W. Shields Ave., Fresno, CA

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| The route of travel from the vehicle to the entrance was not stable | Plaintiff had difficulty maneuvering his wheelchair from his vehicle to the entrance of the Facility; over several raised metal covers to underground gas tanks. | Y |
| Entry door narrow | Plaintiff had difficulty entering the Facility which did not have adequate clearance to allow Plaintiff easy access. | Y |
| Accessible pathway partially blocked | The pathway, from the doorway and the counter, was not easily accessible, causing Plaintiff difficulty in maneuvering his wheelchair around an obstacle, similar to an ice machine, located within feet of the entrance way. | Y |
| Service counter not accessible | The service counter at the Facility was not accessible to the Plaintiff. Plaintiff was not able to access the counter due to inadequate knee space below the counter. Plaintiff was embarrassed that he had to use a corner of the counter, not normally used, to be able to reach to sign the receipt. | Y |
| No accessible route to restroom | Plaintiff was not able to locate an accessible route from the Facility entry door to the restroom, located outside and to the rear of the building. The only route available forced Plaintiff to maneuver his wheelchair over gravel, which caused him great difficulty in moving the wheelchair forward. Plaintiff then came upon a raised walkway to access the restroom door. An employee of the Facility then arrived, assisted Plaintiff by lifting the wheelchair onto the walkway, and opened the door to the restroom. This caused great embarrassment to client. | Y |
| No accessible route from restroom | Plaintiff was unable to locate an accessible means of egress from the restroom to the service area. Plaintiff, after being left alone by the facility employee, maneuvered his wheelchair to an area where, with difficulty and the possibility of being injured, rolled off the raised walkway to ground level. | Y |

1

MLF0049386

EX. 93-6

June 27, 2013

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

> RE:   **ADAI No. 01579**
>       **Suki's Auto Shop Gas (Facility) 4386 W. Shields Ave., Fresno**

Dear Mr. Moore

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

*Dictated but not read.*
*Sent without signature to avoid delay.*

Tanya Moore
Attorney at Law

TM/dg

Enclosure:  Fee Agreement

MLF0056263

EX. 93-7

# MOORE LAW FIRM, PROFESSIONAL CORPORATION

**332 N. Second Street**
**San Jose, CA 95112**
**(408) 298-2000**

I hereby agree that the Moore Law Firm, PC has my permission to execute any kind of settlement agreement and/or endorse any settlement check or document in connection with my Americans with Disabilities Act Lawsuit against **Suki's Auto Shop Gas**

DATE: _____

_____
CLIENT'S SIGNATURE- RONALD MOORE

_____
ADDRESS

_____
CITY

_____
TELEPHONE

DATE:_____

MOORE LAW FIRM, PC
ATTORNEY FOR RONALD MOORE

MLF0056255

EX. 93-8

*CIVIL RIGHTS LAWSUIT FEE AGREEMENT*

---

# MOORE LAW FIRM, PROFESSIONAL CORPORATION
**332 N. Second Street**
**San Jose, CA 95112**
**(408) 298-2000**

THIS AGREEMENT, made this _____ at **San Jose, CA**, by and between <u>Ronald Moore</u> hereinafter designated as "Client," and **the Moore Law Firm, PC**, hereinafter designated as "Attorney," witnesseth:

In consideration of all services rendered by Attorney to Client, Client retains Attorney to represent him/her as his/her attorney at law in the case against ***Suki's Auto Shop Gas*** and whosoever may be liable. No tort action shall be filed for emotional distress (unless otherwise agreed).

PARAGRAPH 1. ATTORNEY TAKES ALL STEPS NECESSARY: Client empowers Attorney to take all steps the Attorney deems advisable to institute appropriate legal proceedings and resolve Client's claims.

PARAGRAPH 2. COOPERATION: Client agrees to cooperate fully throughout litigation and immediately notify Attorney of any changes in address, phone number, or employment. If Client fails to cooperate and Attorney withdraws from the case, the lien provisions of Paragraph 6 will apply.

## FEE ARRANGEMENTS

PARAGRAPH 3(a). CONTINGENCY FEE ARRANGEMENTS: If the Client doesn't recover, or fees are not awarded to the Attorney, no fee will be charged to the Client. In any contingency fee agreement, the fee is not set by law, but is negotiable between Attorney and Client unless the claim is subject to Business and Professions Code Section 6146, (i.e. an action filed on behalf of a minor where the fee which in contingent upon court approval.) In any event, any fee that requires court approval will be the fee that controls this agreement.

MLF0056256

EX. 93-9

PARAGRAPH 3(b). PURPOSE OF THE CIVIL RIGHTS ACTION: Client understands and acknowledges that in civil rights actions, this action's primary purpose is to enforce Client's civil rights through injunctive relief. Injunctive relief does not entitle the claimant/client to any monetary recovery and separate claims for tort or personal injury actions will not be filed. Emotional distress and personal injury claims will be incorporated, wherein appropriate, in claims for discrimination, but not set forth as an independent and separate claim. As noted, some claims may include personal injury and statutory violations. Civil rights actions alleging discrimination, *vis-à-vis*, emotional distress and personal injury, seek compensatory damages (money) that may be significantly less than the hourly attorneys' fees generated.

PARAGRAPH 3( c ). NO GUARANTEES: Attorney cannot guarantee that the Client will receive a monetary recovery.

PARAGRAPH 3 (d)(i). PREVAILING PARTY: If the Client is prevailing party, (as defined by statute) their attorneys' fee may be paid by the defendant(s). The operative language of these statutes is the court "may" award reasonable attorneys' fees; there is no guarantee that the Attorney will receive any fees. However, considering the primary purpose of this civil rights action, the Client understands that Attorney will seek fees and costs for services rendered under Paragraph 3(e).

PARAGRAPH 3 (d)(ii). CLIENT AND ATTORNEY CONFLICT OF INTEREST: Notwithstanding the previous paragraph, Client understands that attorneys' fees in civil rights cases usually exceed monetary settlements from mediation, arbitration, or a trial verdict. Client understands the Attorney may receive nothing for services rendered and costs advanced. Client also understands there is a potential conflict of interest, if the Attorney is required to negotiate the Client's damages and the attorneys' fee with either the defendant or the Client. The Client understands that where insurance coverage exists, defendant will often attempt to offset attorneys' fees by paying more in compensatory damages to reduce the monetary amount paid with defendant's personal assets toward settlement. The Client should consult with any other lawyer for legal advice before entering into this contract. Client

MLF0056257

EX. 93-10

agrees that by entering into this contract he/she is waiving any objection to this potential conflict of interest, and authorizes the Attorney to negotiate any possible settlement as to both the Client's recovery and the attorneys' fees and costs.

FEES

Hence, Client agrees to pay the fees herein described, duly noting the conflict that exists, at the option of Attorney, as set forth under Fee Determination, as follows:

PARAGRAPH 3(e). FEE DETERMINATION AT ATTORNEY'S OPTION:

(i)   Attorneys' fees based upon services rendered at the billing rate listed in paragraph 3(f) or negotiated with Client as part of the settlement;

OR

(ii)   Attorneys' fees negotiated with defendants as part of settlement, or the fee awarded by the court;

OR

(iii)   In the event the attorneys' fees awarded by the court arbitration, mediation, or settlement, are less than the amount sought, then the Client will pay the balance of fees;

OR

(iv)   In addition to the attorneys' fees based upon the Paragraph 3(f) billing rate or negotiated with Client as part of the settlement, a third of the total amount recovered by way of settlement, mediation, arbitration or trial for any claims of discrimination, emotional distress, personal injury, statute violation, loss of earnings or any other compensatory damages. This third constitutes a multiplier-bonus for the risk of litigation and costs advanced by Attorney on behalf of the Client;

OR

(v)   The fee of 40% of the total amounts recovered by way of settlement, mediation, arbitration or trial for any claims, plus any attorneys' fees awarded by the court or negotiated with defendant(s) as part of settlement. [40% X (Client recovery + Attorneys' fees)].

MLF0056258

EX. 93-11

PARAGRAPH 3(f). BILLING RATE:  Attorney's billing rate is from $350.00 to $685.00 per hour. Outside associated attorneys hired are billed at $125.00 to $200.00 per hour, paralegals/legal assistants are billed at $115.00 per hour.  Administrative staff is billed at $70.00 to $90.00 per hour.

PARAGRAPH 3(g). PUNITIVE DAMAGES:  Punitive damages based upon defendants' despicable conduct may be sought in addition to the compensatory damages.  These damages are awarded in a sufficient amount to punish or make an example of the defendant(s).  Therefore, if any punitive damages are awarded, Client and Attorney agree to divide punitive damages equally.

PARAGRAPH 3(h).  MINOR'S RECOVERY:  Client acknowledges that if Client is a minor, the fee set by the Court shall prevail over this Agreement.  If the minor reaches the age of majority, the fee set forth in Paragraphs 3(e)(l) of 3(e)(ii) shall prevail at the attorney's option.

PARAGRAPH 3(i).  NO RECOVERY NO FEE:  As to all attorneys' fees provisions and costs stated herein, if there is no recovery for the Client(s) or no fees awarded the Attorney, <u>no fees will be charged to Client</u>       .

PARAGRAPH 3(j).  DISBURSEMENT AFTER RECOVERY:  For any previously described contingency agreement, hourly fee agreement, or combination thereof, the fee shall be taken from the total settlement and then costs shall be deducted. If Attorney is representing multiple claims in one case a consolidated action, or related actions arising out of the substantially same facts, costs will be allocated on a pro rata recovery for all Clients. If one Client settles before any other, the costs will be divided equally at that point in time or divided by Attorney, as Attorney deems equitable.  If the Client and Attorney agree to outstanding liens, or they are statutory by nature, they will be paid.

The balance is Client's net recovery.

In the event of a partial recovery, Client agrees to apply Client's share of the partial recovery toward future costs.  Said money will be held in Attorney's trust account.

PARAGRAPH 3(k).  COST REIMBURSEMENT:  Client agrees to reimburse Attorney for all costs if there is no recovery.  Costs include, but not limited to, the following: filing fees, service

MLF0056259

EX. 93-12

of process, postage, messenger service, overnight delivery service, investigation, interpreter, experts, record procurement, reference material, computer time/research, medical illustrations, scale drawing, beeper, photography, deposition fees/charges, costs incurred for trial/arbitration/mediation, mileage, word processing, facsimile, and photocopying. A minimum charge of $115.00 will be assessed for opening the file, photocopying and postage. A minimum charge of $500.00 will be charged for on-line computer research. Facsimile charge is $1.00 per page sending/receiving. Photocopying charge is 45¢ per page. When Attorney travels, the mode of travel, travel classification and accommodation shall be determined by the Attorney and constitute costs. It is further acknowledged that the costs of medical care rendered to Client for personal injuries are the Client's responsibility, and do not constitute costs under this Agreement, or charges against Attorney.

PARAGRAPH 3(l). TRAVEL: Client acknowledges and agrees that for purposes of fee determination, time is charged from the time Attorney leaves Attorney's office until return to said office.

PARAGRAPH 3(m). POWER OF ATTORNEY: Client grants a Power of Attorney to Attorney to endorse and deposit, on behalf of Client, any negotiable instruments made payable to the Client and Attorney. Client further instructs and directs Attorney to make all disbursements deemed appropriate by Attorney and to place Client's funds in an interest bearing trust account.

PARAGRAPH 4. APPEALS: Client acknowledges that no Appeals need to be taken without both parties' consent. The fee for an Appeal is separate and apart from this Agreement and negotiable between Client and Attorney.

PARAGRAPH 5. ERRORS AND OMISSIONS INSURANCE: Attorney does not maintain errors and omissions insurance applicable to the services to be rendered under this agreement. Disclosure is pursuant to Business and Professions Code §6148(a)(4).

PARAGRAPH 6. LIEN. FIRING/DISCHARGING ATTORNEY: In the event the Client fires/discharges Attorney, the Client hereby grants Attorney a lien upon the case, and upon any documents, records, or papers in connection therewith, and upon any sum received for fees and costs

MLF0056260

EX. 93-13

incurred or advanced. Said lien is based upon the reasonable value of Attorney's services valued at

$350.00 per hour. In addition, Attorney may elect compensation based upon any offer to Client to settle

the matter prior to Attorney's discharge, on the basis of *quantum meruit* for the overall value of the

services provided, or under any option listed in paragraph 3(e). Client further agrees that any recovery

obtained after attorney's discharge will contain Attorney's name on any draft/check and be deposited in

any interest-bearing trust account bearing Attorney's name and the name of Client's new lawyer(s), and

require Attorney to be signatory to said trust account together with Client's new lawyer(s). Client agrees

that any recovery disagreement or fee dispute will be submitted to the California State Bar Association

for resolution pursuant to said Bar's procedures, subject to whether the action was filed in Northern or

Southern California. Actions filed outside the State of California will be subject to the procedures of the

California State Bar Association. Each side will bear its own Arbitration costs. If the Client discharges

the Attorney, the Attorney shall retain a copy of the file, and the cost of duplicating the file will be

assessed the Client as a cost.

PARAGRAPH 7. SETTLEMENT: Client acknowledges that no settlement shall be made

without the consent of both Client and Attorney. Client further acknowledges that settlement

agreements and releases which contain language releasing claims for personal injury and emotional

distress, etc. is for the purpose of giving defendant(s) a full release of all claims and to ensure, (to the

extent possible) that Client's recovery will not be taxable as income. Attorney makes no guarantee as to

any tax consequences for Client and is not advising Client as to same.

PARAGRAPH 8. Client acknowledges that Attorney has made no guarantees regarding the

successful termination of this case, and all expressions relative thereto are matters of his opinion only.

The undersigned acknowledges and agrees to the foregoing terms and conditions of said Retainer

Agreement. If more than one Client, this agreement may be signed in counterparts. Client

acknowledges receipt of duplicate copy of this Agreement.

_____Initial                    _____Initial

MLF0056261

DATE:_____

CLIENT'S SIGNATURE
_____

DATE:_____

CLIENT'S NAME
_____

ADDRESS
_____

CITY
_____

TELEPHONE

MY WITNESS(S) ARE _____
(if none please indicate so)

DATE:_____

MOORE LAW FIRM, PC

_____
ATTORNEY FOR RONALD MOORE

MLF0056262

Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail:  tanya@moorelawfirm.com

Attorneys for Plaintiff
Ronald Moore

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>                 Plaintiff,<br><br>         vs.<br><br>SUKHWINDER S. SINGH dba SUKI'S AUTO/SHOP GAS; NEENA SINGH aka JATINDER SINGH; SUKHWINDER SINGH,<br><br>                 Defendants. | No.<br><br>**COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |

## I. SUMMARY

1.   This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> Suki's Auto Shop Gas
> 4386 W. Shields Ave.
> Fresno, CA 93722
> (hereafter "the Facility")

2.   Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against SUKHWINDER S. SINGH dba SUKI'S AUTO/SHOP GAS; NEENA SINGH aka JATINDER SINGH; and SUKHWINDER SINGH,  (hereinafter collectively referred to

*Moore v. Sukhwinder Singh, et al.*
Complaint

MLF0049402

EX. 93-16

1    as "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§
2    12101 et seq.) ("ADA") and related California statutes.

### II.    JURISDICTION

4    3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for
5    ADA claims.

6    4.    Supplemental jurisdiction for claims brought under parallel California law –
7    arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

8    5.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

### III.    VENUE

10   6.    All actions complained of herein take place within the jurisdiction of the
11   United States District Court, Eastern District of California, and venue is invoked pursuant to
12   28 U.S.C. § 1391(b), (c).

### IV.    PARTIES

14   7.    Defendants own, operate, and/or lease the Facility, and consist of a person (or
15   persons), firm, and/or corporation.

16   8.    Plaintiff requires the use of a wheelchair when traveling about in public.
17   Consequently, Plaintiff is "physically disabled," as defined by all applicable California and
18   United States laws, and a member of the public whose rights are protected by these laws.

### V.    FACTS

20   9.    The Facility is a public accommodation facility, open to the public, which is
21   intended for nonresidential use and whose operation affects commerce.

22   10.   Plaintiff visited the Facility and encountered barriers (both physical and
23   intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the
24   goods, services, privileges and accommodations offered at the Facility.  Plaintiff personally
25   encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or
26   about March 8, 2013:

27   a)    Plaintiff was unable to locate an accessible route of travel from his
28         vehicle at the gas pumps to the entrance of the Facility.  Plaintiff was

*Moore v. Sukhwinder Singh, et al.*
Complaint

MLF0049403

EX. 93-17

1    required to travel to the Facility entrance because it lacked a pay at the

2    pump capability.  Plaintiff was forced to maneuver his wheelchair from

3    his vehicle, around other vehicles and over raised underground gas tank

4    covers.

5    b)    Plaintiff had difficulty accessing the entry way of the Facility because it

6    was too narrow, causing him difficulty passing as he tried not to hit his

7    hands on the door frame.

8    c)    Plaintiff had difficulty maneuvering his wheelchair around an obstacle

9    located inside the Facility, which blocked the route of travel from the

10    entrance way to the counter.

11    d)    Plaintiff was not able to access the service counter because of

12    inadequate space under the counter, which prevented Plaintiff from

13    moving close to the counter.  Plaintiff was embarrassed that he was

14    required to use a corner of the counter that was not normally used for the

15    purpose of signing the receipt.

16    e)    Plaintiff was not able to locate an accessible route of travel from the

17    Facility door to the restroom, located outside and to the rear of the

18    Facility.  The only route of travel available forced Plaintiff to maneuver

19    his wheelchair over gravel, which caused Plaintiff great difficulty.

20    Plaintiff then encountered a raised walkway to access the restroom door.

21    Plaintiff was only able to access the restroom when an employee of the

22    Facility assisted Plaintiff by lifting the wheelchair in which Plaintiff sat

23    onto the walkway and opened the door to the restroom.  This caused

24    great embarrassment to Plaintiff.

25    f)    Plaintiff was unable to locate an accessible means of egress from the

26    restroom to his vehicle.  Plaintiff did not have any assistance and was

27    forced to maneuver his wheelchair to an area on the walkway where,

28    with difficulty and the concern he would be injured, rolled his

*Moore v. Sukhwinder Singh, et al.*
Complaint

Page 3

MLF0049404

EX. 93-18

wheelchair off the raised walkway to ground level.

11.    The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered.  Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities.  Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12.    Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

13.    Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled.  To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.    At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair access and to comply with the 2010 Standards for Accessible Design and the California Code of Regulations Title 24.  Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards.  Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility is so obvious as to establish Defendants discriminatory intent.  On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to

*Moore v. Sukhwinder Singh, et al.*
Complaint

MLF0049405

1  adhere to relevant building standards; disregard for the building plans and permits issued for

2  the Facility; conscientious decision to maintain the architectural layout (as it currently exists)

3  at the Facility; decision not to remove barriers from the Facility; and allowance that

4  Defendants' property continues to exist in its non-compliance state.  Plaintiff further alleges,

5  on information and belief, that the Facility is not in the midst of a remodel, and that the

6  barriers present at the Facility are not isolated (or temporary) interruptions in access due to

7  maintenance or repairs.

8  **VI.   FIRST CLAIM**

9  **Americans with Disabilities Act of 1990**

10  Denial of "Full and Equal" Enjoyment and Use

11  16.   Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

12  this claim.

13  17.   Title III of the ADA holds as a "general rule" that no individual shall be

14  discriminated against on the basis of disability in the full and equal enjoyment (or use) of

15  goods, services, facilities, privileges, and accommodations offered by any person who owns,

16  operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

17  18.   Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

18  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

19  Facility during each visit and each incident of deterrence.

20  Failure to Remove Architectural Barriers in an Existing Facility

21  19.   The ADA specifically prohibits failing to remove architectural barriers, which

22  are structural in nature, in existing facilities where such removal is readily achievable.  42

23  U.S.C. § 12182(b)(2)(A)(iv).

24  20.   When an entity can demonstrate that removal of a barrier is not readily

25  achievable, a failure to make goods, services, facilities, or accommodations available through

26  alternative methods is also specifically prohibited if these methods are readily achievable.

27  Id. § 12182(b)(2)(A)(v).

28  21.   Here, Plaintiff alleges that Defendants can easily remove the architectural

*Moore v. Sukhwinder Singh, et al.*
Complaint

Page 5

**MLF0049406**

EX. 93-20

1  barriers at the Facility without much difficulty or expense, and that Defendants violated the

2  ADA by failing to remove those barriers, when it was readily achievable to do so.

3      22.    In the alternative, if it was not "readily achievable" for Defendants to remove

4  the Facility's barriers, then Defendants violated the ADA by failing to make the required

5  services available through alternative methods, which are readily achievable.

6  <u>Failure to Design and Construct an Accessible Facility</u>

7      23.    Plaintiff alleges on information and belief that the Facility was designed and

8  constructed (or both) after January 26, 1992 – independently triggering access requirements

9  under Title III of the ADA.

10      24.    The ADA also prohibits designing and constructing facilities for first

11  occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

12  with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

13      25.    Here, Defendants violated the ADA by designing and constructing (or both)

14  the Facility in a manner that was not readily accessible to the physically disabled public –

15  including Plaintiff – when it was structurally practical to do so.[1]

16  <u>Failure to Make an Altered Facility Accessible</u>

17      26.    Plaintiff alleges on information and belief that the Facility was modified after

18  January 26, 1992, independently triggering access requirements under the ADA.

19      27.    The ADA also requires that facilities altered in a manner that affects (or could

20  affect) its usability must be made readily accessible to individuals with disabilities to the

21  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a

22  facility's primary function also requires making the paths of travel, bathrooms, telephones,

23  and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

24      28.    Here, Defendants altered the Facility in a manner that violated the ADA and

25  was not readily accessible to the physically disabled public – including Plaintiff – to the

26  maximum extent feasible.

27  <u>Failure to Modify Existing Policies and Procedures</u>

28

[1] General under either state or federal statutes

*Moore v. Sukhwinder Singh, et al.*
Complaint

Page 6

MLF0049407

EX. 93-21

1    29.    The ADA also requires reasonable modifications in policies, practices, or

2  procedures, when necessary to afford such goods, services, facilities, or accommodations to

3  individuals with disabilities, unless the entity can demonstrate that making such

4  modifications would fundamentally alter their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).

5    30.    Here, Defendants violated the ADA by failing to make reasonable

6  modifications in policies, practices, or procedures at the Facility, when these modifications

7  were necessary to afford (and would not fundamentally alter the nature of) these goods,

8  services, facilities, or accommodations.

9    31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief,

10  attorney fees, costs, legal expense) for these aforementioned violations.  42 U.S.C. § 12205.

11    32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that

12  Defendants violated the ADA in order to pursue damages under California's Unruh Civil

13  Rights Act or Disabled Persons Act.

14                      **VII.    SECOND CLAIM**

15                          **Unruh Act**

16    33.    Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for

17  this claim.

18    34.    California Civil Code § 51 states, in part, that:  All persons within the

19  jurisdiction of this state are entitled to the full and equal accommodations, advantages,

20  facilities, privileges, or services in all business establishments of every kind whatsoever.

21    35.    California Civil Code § 51.5 also states, in part that:  No business

22  establishment of any kind whatsoever shall discriminate against any person in this state

23  because of the disability of the person.

24    36.    California Civil Code § 51(f) specifically incorporates (by reference) an

25  individual's rights under the ADA into the Unruh Act.

26    37.    Defendants' aforementioned acts and omissions denied the physically

27  disabled public – including Plaintiff – full and equal accommodations, advantages, facilities,

28  privileges and services in a business establishment (because of their physical disability).

*Moore v. Sukhwinder Singh, et al.*
Complaint

MLF0049408

EX. 93-22

1   38.    These acts and omissions (including the ones that violate the ADA) denied,
2  aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.
3   39.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory
4  minimum damages of four thousand dollars ($4,000) for each offense.
5   40.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and
6  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code
7  § 52(a).

8               **VIII. THIRD CLAIM**
9       **Denial of Full and Equal Access to Public Facilities**

10   41.    Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for
11  this claim.
12   42.    Health and Safety Code § 19955(a) states, in part, that:  California public
13  accommodations or facilities (built with private funds) shall adhere to the provisions of
14  Government Code § 4450.
15   43.    Health and Safety Code § 19959 states, in part, that:  Every existing (non-
16  exempt) public accommodation constructed prior to July 1, 1970, which is altered or
17  structurally repaired, is required to comply with this chapter.
18   44.    Plaintiff alleges the Facility is a public accommodation constructed, altered,
19  or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government
20  Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code
21  § 19956.
22   45.    Defendants' non-compliance with these requirements at the Facility aggrieved
23  (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,
24  Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code
25  § 19953.

26        **IX.    PRAYER FOR RELIEF**
27  WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:
28   1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

*Moore v. Sukhwinder Singh, et al.*
Complaint

Page 8

MLF0049409

EX. 93-23

1     2.    Declaratory relief that Defendants violated the ADA for the purposes of

2 Unruh Act damages.

3     3.    Statutory minimum damages under section 52(a) of the California Civil Code

4 according to proof.

5     4.    Attorneys' fees, litigation expense, and costs of suit.[2]

6     5.    Interest at the legal rate from the date of the filing of this action.

7     6.    For such other and further relief as the Court deems proper.

8 Dated: June 28, 2013         MOORE LAW FIRM, P.C.

9

10     /s/ Tanya E. Moore

11     Tanya E. Moore
    Attorneys for Plaintiff,

12     Ronald Moore

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Sukhwinder Singh, et al.*
Complaint

Page 9

MLF0049410

EX. 93-24

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:  June 28, 2013         /s/ Ronald Moore
                              Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                              /s/ Tanya E. Moore
                              Tanya E. Moore, Attorney for
                              Plaintiff, Ronald Moore

*Ronald Moore v. Sukhwinder S. Singh*

MLF0049411

EX. 93-25

# Exhibit 94

QUIKWAY FOOD STORE
3147 N CLOVIS AVE
FRESNO CA 93727
L30698391T001

02/03/2014 9:26:51 PM
Register: 1 Trans #: 4005 Op ID: 2
Your cashier: SONIA

| Wave 100 | $4.54 | 101 |
| Wave 100 | $4.54 | 101 |
| Mos Energy Drnk 16oz. | $2.69 | 101 |
| Crv | $0.05 | 101 |
| Mos Energy Drnk 16oz. | $1.31 | 101 |
| Crv | $0.05 | 101 |

Subtotal = $13.18
Tax = $1.08

Total = $14.26

Change Due = $0.00

Credit                              $14.26

XXXX XXXX XXXX 4008, Visa
MOORE/RONALD
INVOICE 035834
AUTH 095468

Sequence Number 04016
APPROVED 09546B

I agree to pay the above total amount
according to the card issuer agreement.

CARWASH SPECIAL FOR $5.00

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

ADAI No.

(Facility)

1. What is the name of the Facility? Quickway Food Store

2. When did you visit the Facility? 2/3/14 (Date) 9:26 (Time)

3. What is the address of the Facility? 347 N. Clovis Ave. Fresno Cali.

4. Was this your first visit to the Facility? No?

5. How many times have you visited the Facility? 7 If more than one visit, please list the date and time if you know it. 7

6. What was the purpose of your visit? Drinks and Snokes

7. Who accompanied you to the Facility? Grandson Ronny

8. What car did you drive to the Facility? Mine

9. Did you drive yourself of did you get a ride from someone else? I Drove

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. in DP parking to the left of the door

11. Was it difficult for you to park there? Yes

12. Why? had to back up and Move over to get My chair through

13. How did you unload from your vehicle? Rear

14. What side of the vehicle did you unload from? Driver or passenger? Driver

15. Did anyone help you to transfer onto your wheelchair? Grandson Ronny

16. What problems did you encounter transferring onto your wheelchair?
Road was uneven

17. Which way did you go from the parking to the entrance of the Facility? Up the ramp to the door

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.
ramp went into street and was steep

19. Did you encounter any problems opening the door? Describe why. Yes door was heavy high threshold

20. Did you have any problems inside the Facility? Describe. Drinks were high tried to get it with My cane but Grandson had to get them

MLF0034814

EX. 94-3

Canter was wide couldn't reach grandson had to sign for me

**21. What did you purchase (or what meal did you have there). Describe:** 2 Nos energy drinks and 2 Packs of smokes

**22. Have you used the restroom at the Facility?** Yes door was very very heavy

**23. Why did you need to use the restroom?** had to go

**24. Did you use the sink?** Yes

**25. Any problems?** Not Much

**26. Did you use the urinal?** NO

**27. Did you use the toilet?** Yes

**28. Did you use the toilet paper?** NO

**29. Did you use paper towels?** Yes

**30. Did you use the soap dispenser?** Yes

**31. Did you have any problem maneuvering inside the restroom?** had to Move trash can by dar

**32. Where did you sit?** N/A

**33. Was there any seating provided inside the Facility?** N/A

**34. Was it wheelchair accessible?** N/A

**35. Where you comfortable at the table?** N/A

**36. Did you use the counter to pay for purchase?** Yes

**37. Which counter did you use?** one for food store

**38. Was the counter accessible?** No couldn't reach grandson had to sign

**39. Which way did you go after you left the Facility?** out door down ramp to left towards car

**Any problems getting back to your vehicle?** ramp was steep and uneven it ran Me into My car

**Any problems transferring from your wheelchair to your vehicle?** No grandson brought Me to My car door

If you have any additional information you believe would assist us in evaluating this inquiry.

MLF0034815

EX. 94-4

February 18, 2014

Mr. Ronald Moore
80 N. Hughes Ave.
Clovis, CA 93612

**RE:** **ADAI No. 1875**
**Quikway Food Store**
**3147 North Clovis Avenue, Fresno, CA 93727**

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF0034816

**BARRIER MEMO**

**ADAI No. :**     **01875**

**Case Name: Moore v. Quickway Food Store**

**Address:**      **3147 N Clovis Ave, Fresno**

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Parking space too narrow? | Plaintiff parked in the designated accessible parking space to the left of the door. After he parked, he realized that his grandson could not wheel the wheelchair to the driver's side of the vehicle because of the curb to the left of the parking space. Therefore, Plaintiff had to back up the vehicle and move it over, into the adjacent access aisle, in order to create enough space on the left of his vehicle for the wheelchair. | Yes, disabled parking spot seemed excessively small. |
| Parking space uneven | The surface of the parking space was uneven, which also made it difficult for Plaintiff to transfer between his vehicle and his wheelchair. | Yes, the access aisle has a slight slope and the elevated ramp is on access aisle. |
| Built-up curb ramp, steep | The ramp from the parking lot to the sidewalk was an improperly configured built-up curb ramp, and was steep. It was difficult for Plaintiff to ascend and descend the ramp and he feared that his wheelchair would roll down the sloped sides. In fact, when returning to his vehicle his wheelchair did roll into the side of his vehicle that was parked next to the ramp. | Yes, elevated ramp not compliant. |
| Door heavy, high threshold | The entrance door was heavy and it had a raised threshold. It was difficult for Plaintiff to open the door and hold it open while maneuvering over the threshold. | Yes, had metal thick threshold. |
| Drinks in cooler high | The drinks in the cooler were too high for Plaintiff to reach, even when he tried to hook one with his cane. His grandson had to reach up to get one for him. | Yes, coolers were well over 6 ½ feet. |

1

MLF0034800

EX. 94-6

| | | |
|---|---|---|
| Counter too deep | The food store counter was too deep for Plaintiff to reach his receipt to sign it. His grandson had to sign for him. | Yes, Racks made counter access narrow. |
| Restroom door heavy | The door to the restroom was extremely heavy and difficult for Plaintiff to open. | Yes |

MLF0034801



**MOORE**
LAW FIRM, P.C.

February 17, 2015

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

Re:   ADAI No.    01875
      SNL Corp. (Quickway Food Store)
      3147 North Clovis Avenue, Fresno, CA 93727

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

*Tanya Moore*

Tanya E. Moore

TEM:ed

Enclosure: Fee Agreement

---

MLF0034803

EX. 94-8

| | | |
|---|---|---|
| Restroom clear space obstructed by trash can | The trash can inside the restroom obstructed the required maneuvering space, and Plaintiff had to move it in order to maneuver around. | |

2

MLF0O34802

Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: tanya@moorelawfirm.com

Attorneys for Plaintiff
Ronald Moore

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE, | ) No. |
| Plaintiff, | ) **COMPLAINT ASSERTING DENIAL OF** |
| | ) **RIGHT OF ACCESS UNDER** |
| vs. | ) **AMERICANS WITH DISABILITIES ACT** |
| | ) **FOR INJUNCTIVE RELIEF,** |
| SNL CORP. dba QUICKWAY FOOD | ) **DECLARATORY RELIEF, DAMAGES,** |
| STORE; SANDHU BROS GAS STATION | ) **ATTORNEYS' FEES AND COSTS (ADA)** |
| INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## I. SUMMARY

1.    This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> Quickway Food Store
> 3147 N. Clovis Ave.
> Fresno, CA 93727
> (hereafter "the Facility")

2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against SNL CORP. dba QUICKWAY FOOD STORE; and SANDHU BROS GAS STATION INC. (hereinafter collectively referred to as "Defendants"), pursuant to the

MLF0034804

EX. 94-10

1   Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related
2   California statutes.

## II.   JURISDICTION

3       3.   This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA
5   claims.

6       4.   Supplemental jurisdiction for claims brought under parallel California law –
7   arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

8       5.   Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

10       6.   All actions complained of herein take place within the jurisdiction of the United
11   States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.
12   § 1391(b), (c).

## IV.   PARTIES

14       7.   Defendants own, operate, and/or lease the Facility, and consist of a person (or
15   persons), firm, and/or corporation.

16       8.   Plaintiff is substantially limited in his ability to walk, and must use a wheelchair
17   for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable
18   California and United States laws, and a member of the public whose rights are protected by
19   these laws.

## V.   FACTS

21       9.   The Facility is open to the public, intended for non-residential use, and its
22   operation affects commerce. The Facility is therefore a public accommodation as defined by
23   applicable state and federal laws.

24       10.   Plaintiff visited the Facility and encountered barriers (both physical and
25   intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the
26   goods, services, privileges and accommodations offered at the Facility. Plaintiff personally
27   encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or
28   about February 3, 2014:

*Moore v. SNL Corp., et al.*
Complaint

Page 2

MLF0034805

EX. 94-11

a)    Plaintiff parked in a designated accessible parking space near the Facility entrance. The parking space was narrow and the curb ramp affording access to the sidewalk was located within the adjacent access aisle, making it difficult for Plaintiff to park in such a way that he would be able to unload from the driver's side of his vehicle and still able to use the curb ramp without his vehicle obstructing it. He was forced to back up and re-park his vehicle after the first attempt did not leave enough clearance.

b)    The ramp from the parking lot to the sidewalk was an improperly configured built-up curb ramp located within the access aisle adjacent to Plaintiff's parking space, and the ramp was excessively sloped. It was difficult for Plaintiff to ascend and descend the ramp, and he feared that his wheelchair would roll down the sloped sides. When returning to his vehicle Plaintiff was not able to control the wheelchair's movement and rolled into the side of his vehicle that was parked next to the ramp.

c)    Plaintiff had difficulty maneuvering his wheelchair into the Facility because the door was heavy and the entrance had a raised threshold. It was difficult for Plaintiff to open the door and hold it open while maneuvering over the threshold.

d)    The transaction counter was obstructed by racks of merchandise, preventing Plaintiff from being able to reach over to sign the receipt for his purchase on the counter. His grandson had to sign the receipt for him.

g)    The door to the restroom was heavy, making it difficult for Plaintiff to open.

h)    A trash can obstructed the required maneuvering space within the restroom, and Plaintiff was forced to move it out of his way so that he could maneuver his wheelchair.

MLF0034806

EX. 94-12

11.    The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12.    Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

13.    Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.    At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair access and to comply with the 1991 ADA Accessibility Guidelines and/or the 2010 Standards for Accessible Design. Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards. Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility is so obvious as to establish Defendants' discriminatory intent. On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facility; conscientious decision to maintain the architectural layout (as it currently exists) at

MLF0034807

EX. 94-13

1  the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

2  property continues to exist in its non-compliant state. Plaintiff further alleges, on information

3  and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

4  Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

5          **VI.      FIRST CLAIM**

6          **Americans with Disabilities Act of 1990**

7          Denial of "Full and Equal" Enjoyment and Use

8          16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

9  this claim.

10         17.    Title III of the ADA holds as a "general rule" that no individual shall be

11 discriminated against on the basis of disability in the full and equal enjoyment (or use) of

12 goods, services, facilities, privileges, and accommodations offered by any person who owns,

13 operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

14         18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

15 enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

16 Facility during each visit and each incident of deterrence.

17         Failure to Remove Architectural Barriers in an Existing Facility

18         19.    The ADA specifically prohibits failing to remove architectural barriers, which

19 are structural in nature, in existing facilities where such removal is readily achievable. 42

20 U.S.C. § 12182(b)(2)(A)(iv).

21         20.    When an entity can demonstrate that removal of a barrier is not readily

22 achievable, a failure to make goods, services, facilities, or accommodations available through

23 alternative methods is also specifically prohibited if these methods are readily achievable. Id.

24 § 12182(b)(2)(A)(v).

25         21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

26 barriers at the Facility without much difficulty or expense, and that Defendants violated the

27 ADA by failing to remove those barriers, when it was readily achievable to do so.

28         22.    In the alternative, if it was not "readily achievable" for Defendants to remove

*Moore v. SNL Corp., et al.*
Complaint
                              Page 5

MLF0034808

1  the Facility's barriers, then Defendants violated the ADA by failing to make the required

2  services available through alternative methods, which are readily achievable.

### Failure to Design and Construct an Accessible Facility

3

4  23.   Plaintiff alleges on information and belief that the Facility was designed and

5  constructed (or both) after January 26, 1992 – independently triggering access requirements

6  under Title III of the ADA.

7  24.   The ADA also prohibits designing and constructing facilities for first occupancy

8  after January 16, 1993, that aren't readily accessible to, and usable by, individuals with

9  disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

10  25.   Here, Defendants violated the ADA by designing and constructing (or both) the

11  Facility in a manner that was not readily accessible to the physically disabled public –

12  including Plaintiff – when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

13

14  26.   Plaintiff alleges on information and belief that the Facility was modified after

15  January 26, 1992, independently triggering access requirements under the ADA.

16  27.   The ADA also requires that facilities altered in a manner that affects (or could

17  affect) its usability must be made readily accessible to individuals with disabilities to the

18  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's

19  primary function also requires making the paths of travel, bathrooms, telephones, and drinking

20  fountains serving that area accessible to the maximum extent feasible. Id.

21  28.   Here, Defendants altered the Facility in a manner that violated the ADA and

22  was not readily accessible to the physically disabled public – including Plaintiff – to the

23  maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

24

25  29.   The ADA also requires reasonable modifications in policies, practices, or

26  procedures, when necessary to afford such goods, services, facilities, or accommodations to

27

28

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. SNL Corp., et al.*
Complaint

MLF0034809

EX. 94-15

1  individuals with disabilities, unless the entity can demonstrate that making such modifications

2  would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

3      30.    Here, Defendants violated the ADA by failing to make reasonable modifications

4  in policies, practices, or procedures at the Facility, when these modifications were necessary to

5  afford (and would not fundamentally alter the nature of) these goods, services, facilities, or

6  accommodations.

7      31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney

8  fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

9      32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants

10  violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

11              **VII.    SECOND CLAIM**

12                 **Unruh Act**

13      33.    Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for

14  this claim.

15      34.    California Civil Code § 51 states, in part, that: All persons within the

16  jurisdiction of this state are entitled to the full and equal accommodations, advantages,

17  facilities, privileges, or services in all business establishments of every kind whatsoever.

18      35.    California Civil Code § 51.5 also states, in part that: No business establishment

19  of any kind whatsoever shall discriminate against any person in this state because of the

20  disability of the person.

21      36.    California Civil Code § 51(f) specifically incorporates (by reference) an

22  individual's rights under the ADA into the Unruh Act.

23      37.    Defendants' aforementioned acts and omissions denied the physically disabled

24  public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges

25  and services in a business establishment (because of their physical disability).

26      38.    These acts and omissions (including the ones that violate the ADA) denied,

27  aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

28      39.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

MLF0034810

EX. 94-16

1    minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

2        40.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

3    ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

4    § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

7        41.    Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for

8    this claim.

9        42.    Health and Safety Code § 19955(a) states, in part, that: California public

10    accommodations or facilities (built with private funds) shall adhere to the provisions of

11    Government Code § 4450.

12        43.    Health and Safety Code § 19959 states, in part, that: Every existing (non-

13    exempt) public accommodation constructed prior to July 1, 1970, which is altered or

14    structurally repaired, is required to comply with this chapter.

15        44.    Plaintiff alleges the Facility is a public accommodation constructed, altered, or

16    repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code

17    § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

18        45.    Defendants' non-compliance with these requirements at the Facility aggrieved

19    (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

20    Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

### IX.     PRAYER FOR RELIEF

22    WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

23      1.      Injunctive relief, preventive relief, or any other relief the Court deems proper.

24      2.      Declaratory relief that Defendants violated the ADA for the purposes of Unruh

25            Act damages.

26      3.      Statutory minimum damages under section 52(a) of the California Civil Code

27            according to proof.

28

*Moore v. SNL Corp., et al.*
Complaint

Page 8

MLF0034811

EX. 94-17

4.     Attorneys' fees, litigation expense, and costs of suit.[2]

5.     Interest at the legal rate from the date of the filing of this action.

6.     For such other and further relief as the Court deems proper.

Dated: February 18, 2015                 MOORE LAW FIRM, P.C.

                                        /s/ Tanya E. Moore
                                        Tanya E. Moore
                                        Attorneys for Plaintiff
                                        Ronald Moore

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. SNL Corp., et al.*
Complaint
                                Page 9

MLF0034812

EX. 94-18

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:   February 18, 2015            /s/  Ronald Moore
                                      Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                      /s/ Tanya E. Moore
                                      Tanya E. Moore, Attorney for
                                      Plaintiff, Ronald Moore

*Moore v. SNL Corp., et al.*
*Verification*

MLF0034813

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 2/18/15                      _Ronald Moore_
                                     Ronald Moore

*Ronald Moore v. SNL Corp. (Quickway Food Store)*

MLF0034818

**Exhibit 95**

B & B LIQUOR
11 ROBERTSON BLVD
CHOWCHILLA, CA 93610
559-665-3224

Merchant ID: 000003620329
Term ID: 00515656                    Ref #: 0027

                    Sale

xxxxxxxxxx4088
VISA                    Entry Method: Swiped

Total:                  $        5.75

06/21/14                         20:23:03
Inv #: 000037          Appr Code: 031278
Apprvd: Online          BatchN: 000002

              Customer Copy
               THANK YOU!

MLF0042578

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

1. What is the name of the Facility? BB Liquor

2. What is the address of the Facility? 11 Robertson Blvd Chowchilla CA

3. When did you visit the Facility? 6/21/14 (Date) 8:15 pm (Time)

4. Was this your first visit to the Facility? NO

5. If you have been to the Facility before, please list the date and times of each visit if you can remember, or give an estimate of how often you go. As Needed.

6. What was the purpose of your visit? Drink

7. Who accompanied you to the Facility? Ronny

8. What car did you drive to the Facility? Mine

9. Did you drive yourself or did you get a ride from someone else? I Drove

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. Yes

11. Was it difficult for you to park there? If so, why? No Signs no parking spaces

12. How did you unload from your vehicle? Rear

13. What side of the vehicle did you unload from? Driver or passenger? Drivers

14. Did anyone help you to transfer onto your wheelchair? Who? Ronny

15. Did you encounter any problems transferring onto your wheelchair? Describe. NO

16. Which way did you go from the parking to the entrance of the Facility? To the Right to Door

17. Did you encounter any problems on your way to the entrance, for example a ramp? Describe. Ramp comes Right out of the Door.

18. Did you encounter any problems opening the door? Describe. Door Open

19. What did you purchase (or what meal did you have there)? Drinks and Ice Cream

20. Did you need to use the restroom while you were at the Facility? Why? NO

21. Describe any problems you encountered with the following (or write "Did not need to use" or "No problems"):

MLF0042576

EX. 95-3

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

Sink: _N/A_

Toilet: _N/A_

Urinal: _N/A_

Toilet paper: _N/A_

Toilet seat covers: _N/A_

Paper towels/hand dryer: _N/A_

Soap dispenser: _N/A_

Other: _____

22. Did you have any problem maneuvering inside the restroom? _N/A_

23. Was there any seating provided inside the Facility? _N/A_

24. Were you able to sit comfortably at the table? If not, why? _N/A_

25. Did you use the counter to pay for purchase? Which one? _Yes_

26. Did you pay with cash or credit card? _Credit card_

27. Was the counter accessible? If not, describe: _Ramp had to pay had to get to counter_

28. Did you have any other problems inside the Facility? Describe. _Yes I could not get Down the Isles to small All most All of them._

29. Which way did you go after you left the Facility? _out Door to Right to my car_

30. Any problems getting back to your vehicle? _Threshold and Ramp_

31. Any problems transferring from your wheelchair to your vehicle? _No_

32. Any additional information you believe would assist us in evaluating this inquiry?

_Gap Between Ramp and sidewalk then Trishold_

MLF0042577

EX. 95-4



# MOORE LAW FIRM
### PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

July 1, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

     RE:    ADAI No.   02036
               **BB Liquor *(11 Robertson Blvd, Chowchilla, CA 93610)***

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF0042579

EX. 95-5

**BARRIER MEMO**

ADAI No. :     02036

Case Name:     Moore v. BB Liquor

Address:     11 Robertson Blvd, Chowchilla, CA 93610

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| No Handicap Parking | The facility did not provide any handicap parking, so the plaintiff was forced to park in a regular parking spot. *The plaintiff doesn't remember where exactly he parked and how.* | **No, but not complaint** |
| Ramp comes out of the door | The ramp that lead to the facility came right into the door way which made it challenging for the plaintiff to safely wheel himself inside the facility. (note: the door was propped open) | **YES** |
| Hard to get to counter | Plaintiff could not reach the counter so his grandson made the transaction and signed the receipt for him. | **YES** |
| Gap between Ramp and Sidewalk | The transition between the ramp and the sidewalk created a large crack through which it was very difficult to wheel over, but the plaintiff managed to do it by himself. | **YES** |
| Threshold | The threshold at the entrance to the facility was high and the plaintiff had to pop up his chair in order to make it inside, which Is often dangerous. | **YES** |
| Narrow Aisles | There was only one aisle through which the plaintiff could fit his wheel chair without getting stuck or knocking items off of the shelves and the rest were too narrow. So, the plaintiff's grandson had to get his drink for him. | **YES** |

1

MLF0042554

EX. 95-6



**MOORE**
**LAW FIRM, P.C.**

October 17, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

Re:  ADAI No.    02036
Songu (B & B Liquor)
11 Robertson Blvd, Chowchilla, CA 93610

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records.  Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

*Tanya Moore*

Tanya E. Moore

TEM:ed

Enclosure: Fee Agreement

MLF0042555

EX. 95-7

1   Tanya E. Moore, SBN 206683
    MOORE LAW FIRM, P.C.
2   332 North Second Street
    San Jose, California 95112
3   Telephone (408) 298-2000
    Facsimile (408) 298-6046
4   E-mail: tanya@moorelawfirm.com

5   Attorneys for Plaintiff
    Ronald Moore

6

7

8                   **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

11   RONALD MOORE,            )  No.

12         Plaintiff,       )  **COMPLAINT ASSERTING DENIAL OF**
                          )  **RIGHT OF ACCESS UNDER**

13     vs.                  )  **AMERICANS WITH DISABILITIES ACT**
                          )  **FOR INJUNCTIVE RELIEF,**

14   CHARANJIT SONGU dba B & B LIQUOR;  )  **DECLARATORY RELIEF, DAMAGES,**
    JANAK RANI SONGU dba B & B LIQUOR;  )  **ATTORNEYS' FEES AND COSTS (ADA)**

15   GURDIAL SINGH; BALDIR KAUR;      )

16                          )
        Defendants.      )

17                          )

18                          )

19                          )

20                          )

21   _____)

22                       **I. SUMMARY**

23      1.    This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

24  discrimination at the building, structure, facility, complex, property, land, development, and/or

25  surrounding business complex known as:

26         B & B Liquor
          11 Robertson Boulevard
27       Chowchilla, CA 93610
         (hereafter "the Facility")
28

*Moore v. Songu, et al.*
Complaint
                         Page 1

MLF0042556

EX. 95-8

1      2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

2  costs, against CHARANJIT SONGU dba B & B LIQUOR; JANAK RANI SONGU dba B & B

3  LIQUOR; GURDIAL SINGH; and BALDIR KAUR (hereinafter collectively referred to as

4  "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et

5  seq.) ("ADA") and related California statutes.

6                  **II.    JURISDICTION**

7      3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

8  claims.

9      4.     Supplemental jurisdiction for claims brought under parallel California law –

10  arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

11      5.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

12                  **III.    VENUE**

13      6.     All actions complained of herein take place within the jurisdiction of the United

14  States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.

15  § 1391(b), (c).

16                  **IV.    PARTIES**

17      7.     Defendants own, operate, and/or lease the Facility, and consist of a person (or

18  persons), firm, and/or corporation.

19      8.     Plaintiff is substantially limited in his ability to walk, and must use a wheelchair

20  for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable

21  California and United States laws, and a member of the public whose rights are protected by

22  these laws.

23                  **V.    FACTS**

24      9.     The Facility is open to the public, intended for non-residential use, and its

25  operation affects commerce. The Facility is therefore a public accommodation as defined by

26  applicable state and federal laws.

27      10.    Plaintiff visited the Facility and encountered barriers (both physical and

28  intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

*Moore v. Songu, et al.*
Complaint

MLF0042557

EX. 95-9

goods, services, privileges and accommodations offered at the Facility. Plaintiff personally encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or about June 21, 2014:

     a)    The ramp from the parking lot to the sidewalk was an improperly configured built-up curb ramp with a cracked, uneven surface, and there was a large crack at the base of the ramp. This made it difficult for Plaintiff to wheel himself up and down the ramp.

     b)    The threshold at the entrance to the Facility was high and the landing outside the door was not level, which made it difficult for Plaintiff to maneuver through the doorway.

     c)    The aisles inside the Facility lacked necessary wheelchair clearances and Plaintiff was unable to wheel down most of the aisles without getting stuck or knocking items off the shelves. He was unable to enter the aisles where the items he wanted to purchase were located and had to send his grandson to retrieve the items for him. Additionally, Plaintiff was unable to maneuver to the transaction counter due to the lack of clearances and had to have his grandson take his purchase to the counter and complete the transaction.

     11.    The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

     12.    Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

*Moore v. Songu, et al.*
Complaint

MLF0042558

EX. 95-10

1    13.   Defendants knew, or should have known, that these elements and areas of the

2   Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

3   the physically disabled. Moreover, Defendants have the financial resources to remove these

4   barriers from the Facility (without much difficulty or expense), and make the Facility

5   accessible to the physically disabled. To date, however, Defendants refuse to either remove

6   those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

7    14.   At all relevant times, Defendants have possessed and enjoyed sufficient control

8   and authority to modify the Facility to remove impediments to wheelchair access and to

9   comply with the 1991 ADA Accessibility Guidelines and/or the 2010 Standards for Accessible

10   Design. Defendants have not removed such impediments and have not modified the Facility to

11   conform to accessibility standards. Defendants have intentionally maintained the Facility in its

12   current condition and have intentionally refrained from altering the Facility so that it complies

13   with the accessibility standards.

14    15.   Plaintiff further alleges that the (continued) presence of barriers at the Facility is

15   so obvious as to establish Defendants' discriminatory intent. On information and belief,

16   Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

17   to relevant building standards; disregard for the building plans and permits issued for the

18   Facility; conscientious decision to maintain the architectural layout (as it currently exists) at

19   the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

20   property continues to exist in its non-compliant state. Plaintiff further alleges, on information

21   and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

22   Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

23                    **VI.    FIRST CLAIM**

24              **Americans with Disabilities Act of 1990**

25              Denial of "Full and Equal" Enjoyment and Use

26    16.   Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

27   this claim.

28    17.   Title III of the ADA holds as a "general rule" that no individual shall be

*Moore v. Songu, et al.*
Complaint

MLF0042559

EX. 95-11

1   discriminated against on the basis of disability in the full and equal enjoyment (or use) of

2   goods, services, facilities, privileges, and accommodations offered by any person who owns,

3   operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

4       18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

5   enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

6   Facility during each visit and each incident of deterrence.

7           Failure to Remove Architectural Barriers in an Existing Facility

8       19.    The ADA specifically prohibits failing to remove architectural barriers, which

9   are structural in nature, in existing facilities where such removal is readily achievable. 42

10  U.S.C. § 12182(b)(2)(A)(iv).

11      20.    When an entity can demonstrate that removal of a barrier is not readily

12  achievable, a failure to make goods, services, facilities, or accommodations available through

13  alternative methods is also specifically prohibited if these methods are readily achievable. Id.

14  § 12182(b)(2)(A)(v).

15      21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

16  barriers at the Facility without much difficulty or expense, and that Defendants violated the

17  ADA by failing to remove those barriers, when it was readily achievable to do so.

18      22.    In the alternative, if it was not "readily achievable" for Defendants to remove

19  the Facility's barriers, then Defendants violated the ADA by failing to make the required

20  services available through alternative methods, which are readily achievable.

21          Failure to Design and Construct an Accessible Facility

22      23.    Plaintiff alleges on information and belief that the Facility was designed and

23  constructed (or both) after January 26, 1992 – independently triggering access requirements

24  under Title III of the ADA.

25      24.    The ADA also prohibits designing and constructing facilities for first occupancy

26  after January 16, 1993, that aren't readily accessible to, and usable by, individuals with

27  disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

28      25.    Here, Defendants violated the ADA by designing and constructing (or both) the

MLF0042560

EX. 95-12

1  Facility in a manner that was not readily accessible to the physically disabled public –
2  including Plaintiff – when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

3  26.    Plaintiff alleges on information and belief that the Facility was modified after
4  January 26, 1992, independently triggering access requirements under the ADA.

5  27.    The ADA also requires that facilities altered in a manner that affects (or could
6  affect) its usability must be made readily accessible to individuals with disabilities to the
7  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's
8  primary function also requires making the paths of travel, bathrooms, telephones, and drinking
9  fountains serving that area accessible to the maximum extent feasible. Id.

10  28.    Here, Defendants altered the Facility in a manner that violated the ADA and
11  was not readily accessible to the physically disabled public – including Plaintiff – to the
12  maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

13  29.    The ADA also requires reasonable modifications in policies, practices, or
14  procedures, when necessary to afford such goods, services, facilities, or accommodations to
15  individuals with disabilities, unless the entity can demonstrate that making such modifications
16  would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

17  30.    Here, Defendants violated the ADA by failing to make reasonable modifications
18  in policies, practices, or procedures at the Facility, when these modifications were necessary to
19  afford (and would not fundamentally alter the nature of) these goods, services, facilities, or
20  accommodations.

21  31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney
22  fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

23  32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants
24  violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. Songu, et al.*
Complaint

MLF0042561

EX. 95-13

## VII.   SECOND CLAIM

### Unruh Act

33.   Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.   California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.   Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.   Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.   Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.   Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.   Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of

*Moore v. Songu, et al.*
Complaint

MLF0042562

EX. 95-14

1 | Government Code § 4450.

2 | 43.   Health and Safety Code § 19959 states, in part, that: Every existing (non-
3 | exempt) public accommodation constructed prior to July 1, 1970, which is altered or
4 | structurally repaired, is required to comply with this chapter.

5 | 44.   Plaintiff alleges the Facility is a public accommodation constructed, altered, or
6 | repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code
7 | § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

8 | 45.   Defendants' non-compliance with these requirements at the Facility aggrieved
9 | (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,
10 | Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

11 | **IX.     PRAYER FOR RELIEF**

12 | WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

13 | 1.   Injunctive relief, preventive relief, or any other relief the Court deems proper.

14 | 2.   Declaratory relief that Defendants violated the ADA for the purposes of Unruh
15 | Act damages.

16 | 3.   Statutory minimum damages under section 52(a) of the California Civil Code
17 | according to proof.

18 | 4.   Attorneys' fees, litigation expense, and costs of suit.[2]

19 | 5.   Interest at the legal rate from the date of the filing of this action.

20 | 6.   For such other and further relief as the Court deems proper.

21 |
22 | Dated: October 13, 2014                MOORE LAW FIRM, P.C.

23 | _/s/ Tanya E. Moore_
24 | Tanya E. Moore
   | Attorneys for Plaintiff
25 | Ronald Moore

26 |
27 |
28 |

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Songu, et al.*
Complaint
Page 8

MLF0042563

EX. 95-15

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: October 13, 2014        /s/ Ronald Moore
                                    Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                    /s/ Tanya E. Moore
                                    Tanya E. Moore, Attorney for
                                    Plaintiff, Ronald Moore

*Moore v. Songu, et al.*
*Verification*

MLF0042564

EX. 95-16

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 10/13/14                    _Ronald Moore_
                                   Ronald Moore

*Ronald Moore v. Charanjit Songu (B + B Liquor)*

MLF0042581

EX. 95-17

# Exhibit 96

LA ENCHILADA MEXICAN F
3844 N BLACKSTONE AVE
FRESNO, CA 93726
5592270244

TERMINAL ID:             71656858
MERCHANT #:          000000102633

VISA
XXXXXXXXXXXX4008 EXP:XX/XX       SWIPED
SALE
BATCH: 000317    INV: 000006
   Aug 08, 14          19:34
RRN: 422192202731   AUTH:036668
TRAN SEQ #: 004461

APPROVAL 036668

BASE                    $28.45

TIP        $_____

TOTAL      $   32.45

RONALD MOORE

NO REFUNDS


        CUSTOMER COPY

MLF0044950

EX. 96-2

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

1. What is the name of the Facility? *LA Enchilada*

2. What is the address of the Facility? *3844 N Blackstone*

3. When did you visit the Facility? *8/8/14* (Date) *7 pm.* (Time)

4. Was this your first visit to the Facility? *yes*

5. If you have been to the Facility before, please list the date and times of each visit if you can remember, or give
   an estimate of how often you go. _____

6. What was the purpose of your visit? *To eat*

7. Who accompanied you to the Facility? *Grandson and wife*

8. What car did you drive to the Facility? *mine*

9. Did you drive yourself or did you get a ride from someone else? *I drove*

10. Describe a specific location where you parked your vehicle.
    *In D/P spot*

11. Was it difficult for you to park there?        No ☐              Yes ☒

    If you marked yes, please describe **HOW** it was difficult:
    *The street was all cracked up*

12. How did you unload from your vehicle? *Rear*

13. What side of the vehicle did you unload from? Driver or passenger? *Driver*

14. Did anyone help you to transfer onto your wheelchair? Who? *Ronny*

15. Did you encounter any problems transferring onto your wheelchair?    No ☒    Yes ☐

    If you marked yes, please describe these problems and **HOW** they prevented you from accessing your
    wheelchair:

    a) _____

    b) _____

    c) _____

16. Which way did you go from the parking to the entrance of the Facility? *to the Ramp.*

17. Did you encounter any problems on your way to the entrance?    No ☐    Yes ☒

MLF0044945

EX. 96-3

If you marked yes, list each problem and ***HOW/WHY*** it made it difficult for you to get to the facility:

a) *The Street All cracked up*

b) *The Ramp went from sideway out into street*

c) *~~test~~*

18. Did you encounter any problems opening the door?　　　No ☐　　　Yes ☒

If you marked yes, list each problem and **HOW/WHY** it made it difficult for you to get inside the facility:

a) *Door closed on me*

b) *Heavy*

c) _____

19. What did you purchase (or what meal did you have there)? *3 Meals*

20. Did you need to use the restroom while you were at the Facility? Why? *No Because I could not get to it. Thur Kitchen*

21. List any problems you encountered and **HOW** they prevented you from accessing any of the following (or write "Did not need to use" or "No problems"):

Sink: *Waiter Had to Bring me towels to wash my Hands*

Toilet: _____

Urinal: _____

Toilet paper: _____

Toilet seat covers: _____

Paper towels: _____

Hand dryer: _____

Soap dispenser: _____

Other: _____

22. Did you have any problem maneuvering inside the restroom?　　　No ☐　　　Yes ☐

If you marked yes, list each problem and ***HOW/WHY*** it prevented or made it hard to move around the restroom:

a) _____

b) _____

MLF0044946

EX. 96-4

23. Did you want to sit down in the facility?  No ☐    Yes ☒

24. If you answered yes to the question above, please describe a specific location of where you sat:

_sat at table waiter Had to put 2 tables together so I could sit at table_

25. Were you able to sit comfortably in the seating provided?    No ☒    Yes ☐

    If you marked no, list each reason **WHY** you were not able to sit comfortably in the seating provided:

    a) _Could not sit All the way up to table._

    b) _____

    c) _____

26. Did you use the counter to pay for purchase? Which one?  _No_

27. Did you pay with cash or credit card?  _credit card_

28. Was the counter accessible?    No ☐    Yes ☐    _N/A_

    If you marked no, list each reason **WHY and HOW** the counter was not accessible:

    a) _____

    b) _____

    c) _____

29. Did you have any other problems inside the Facility?    No ☒    Yes ☐

    If you marked yes, list each problem and **HOW and WHY** they caused you to feel uncomfortable in the facility:

    a) _____

    b) _____

    c) _____

30. Which way did you go after you left the Facility?  _to the left to Ramp_

31. Any problems getting back to your vehicle?    No ☐    Yes ☒

    If you marked yes, list each problem and **HOW** it was a barrier for you to get back to your vehicle:

    a) _Street Very Bad_

    b) _____

MLF0044947

EX. 96-5

c) _____

32. Any problems transferring from your wheelchair to your vehicle? *Street* _____

33. Any additional information you believe would assist us in evaluating this inquiry?

_____

_____

MLF0044948

EX. 96-6


**MOORE**
LAW FIRM, P.C.

August 20, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

      Re:    ADAI No.   02151
               La Enchilada (3844 N Blackstone Ave, Fresno, CA)

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Sincerely,

*Tanya Moore*

Tanya E. Moore

TEM:ed

**MLF0044949**

EX. 96-7

## BARRIER MEMO

ADAI No. :     02151

Case Name:     Moore v. La Enchilada

Address:     3844 N Blackstone Ave, Fresno

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Parking lot cracked | Plaintiff parked in the designated accessible parking stall. The surface of the parking lot at and around the parking space was cracked, making it difficult for him to park and to maneuver to and from the ramp. | Y<br><br>Uneven surface |
| Built-up curb ramp | The ramp from the parking lot to the sidewalk was an improperly configured built-up curb ramp and it was difficult for Plaintiff to ascend. | Not a barrier |
| Door heavy | The door to the Facility was heavy and it closed on Plaintiff as he was trying to enter. | Y, door kick plate not provided |
| No route to restroom | Plaintiff needed to use the restroom while at the Facility but he could not access it because the route went through the kitchen and lacked necessary wheelchair clearances. In order to wash his hands prior to eating, he had to ask the waiter to bring him a damp towel. | Y<br><br>Restroom route leads through kitchen and narrow turns |
| No accessible table | The waiter pushed two tables together to create a place for Plaintiff to sit. Plaintiff was still unable to pull all the way up to the table and had to sit at an uncomfortable distance from the table for the duration of his meal. | Y<br><br>No seating at counter and no tables with wc clearance |

1

MLF0044895

EX. 96-8



# MOORE
## LAW FIRM, P.C.

December 8, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

     Re:    ADAI No.   02151
               La Enchilada (3844 N Blackstone Ave, Fresno, CA)

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

Tanya Moore

Tanya E. Moore

TEM:ed

Enclosure: Fee Agreement

---

MLF0044944

Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: tanya@moorelawfirm.com

Attorneys for Plaintiff
Ronald Moore

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>      Plaintiff,<br><br>      vs.<br><br>JOVA SOTO dba LA ENCHILADA; JUAN SOTO dba LA ENCHILADA; MANCHESTER MOTEL, LLC, a California limited liability company;<br><br>      Defendants. | No.<br><br>**COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |

## I. SUMMARY

1.     This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> La Enchilada
> 3844 North Blackstone Avenue
> Fresno, CA 93726
> (hereafter "the Facility")

2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against JOVA SOTO dba LA ENCHILADA; JUAN SOTO dba LA ENCHILADA; and MANCHESTER MOTEL, LLC, a California limited liability company (hereinafter

MLF0044896

EX. 96-10

1    collectively referred to as "Defendants"), pursuant to the Americans with Disabilities Act of
2    1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

3                  **II.     JURISDICTION**

4         3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA
5    claims.

6         4.      Supplemental jurisdiction for claims brought under parallel California law –
7    arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

8         5.      Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

9                   **III.    VENUE**

10        6.      All actions complained of herein take place within the jurisdiction of the United
11   States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.
12   § 1391(b), (c).

13                 **IV.    PARTIES**

14        7.      Defendants own, operate, and/or lease the Facility, and consist of a person (or
15   persons), firm, and/or corporation.

16        8.      Plaintiff is substantially limited in his ability to walk, and must use a wheelchair
17   for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable
18   California and United States laws, and a member of the public whose rights are protected by
19   these laws.

20                 **V.     FACTS**

21        9.      The Facility is open to the public, intended for non-residential use, and its
22   operation affects commerce. The Facility is therefore a public accommodation as defined by
23   applicable state and federal laws.

24       10.     Plaintiff visited the Facility and encountered barriers (both physical and
25   intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the
26   goods, services, privileges and accommodations offered at the Facility. Plaintiff personally
27   encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or
28   about August 8, 2014:

*Moore v. Soto, et al.*
Complaint
                          Page 2

MLF0044897

EX. 96-11

a) Plaintiff parked in a designated accessible parking stall at the Facility. The surface of his parking stall and the area around it was cracked and uneven, which made it difficult for Plaintiff to transfer between his vehicle and his wheelchair and to maneuver to the nearby ramp.

b) The door to the Facility was improperly configured and heavy, which made it difficult for Plaintiff to open the door and hold it open long enough to maneuver his wheelchair through. As a result, the door closed on Plaintiff while he was trying to enter the restaurant.

c) Plaintiff was unable to locate an accessible table at the Facility. An employee pushed two tables together to create a place for Plaintiff to sit, but the seating space was improperly configured and Plaintiff was unable to pull his wheelchair close to the table. He was forced to sit at an uncomfortable distance from the table for the duration of his meal.

d) Plaintiff needed to use the restroom while at the Facility, but was unable to as the route through the kitchen to the restroom lacked necessary wheelchair clearances. Plaintiff was prevented from using the toilet, and in order to wash his hands prior to eating, had to ask a Facility employee to bring him a damp towel.

11. The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12. Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

*Moore v. Soto, et al.*
Complaint

MLF0044898

EX. 96-12

1    13.    Defendants knew, or should have known, that these elements and areas of the

2  Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

3  the physically disabled. Moreover, Defendants have the financial resources to remove these

4  barriers from the Facility (without much difficulty or expense), and make the Facility

5  accessible to the physically disabled. To date, however, Defendants refuse to either remove

6  those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

7    14.    At all relevant times, Defendants have possessed and enjoyed sufficient control

8  and authority to modify the Facility to remove impediments to wheelchair access and to

9  comply with the 1991 ADA Accessibility Guidelines and/or the 2010 Standards for Accessible

10  Design. Defendants have not removed such impediments and have not modified the Facility to

11  conform to accessibility standards. Defendants have intentionally maintained the Facility in its

12  current condition and have intentionally refrained from altering the Facility so that it complies

13  with the accessibility standards.

14    15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility is

15  so obvious as to establish Defendants' discriminatory intent. On information and belief,

16  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

17  to relevant building standards; disregard for the building plans and permits issued for the

18  Facility; conscientious decision to maintain the architectural layout (as it currently exists) at

19  the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

20  property continues to exist in its non-compliant state. Plaintiff further alleges, on information

21  and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

22  Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

## VI.    FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

26    16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

27  this claim.

28    17.    Title III of the ADA holds as a "general rule" that no individual shall be

*Moore v. Soto, et al.*
Complaint

MLF0044899

EX. 96-13

1  discriminated against on the basis of disability in the full and equal enjoyment (or use) of

2  goods, services, facilities, privileges, and accommodations offered by any person who owns,

3  operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

4      18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

5  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

6  Facility during each visit and each incident of deterrence.

7          Failure to Remove Architectural Barriers in an Existing Facility

8      19.    The ADA specifically prohibits failing to remove architectural barriers, which

9  are structural in nature, in existing facilities where such removal is readily achievable. 42

10  U.S.C. § 12182(b)(2)(A)(iv).

11      20.    When an entity can demonstrate that removal of a barrier is not readily

12  achievable, a failure to make goods, services, facilities, or accommodations available through

13  alternative methods is also specifically prohibited if these methods are readily achievable. Id.

14  § 12182(b)(2)(A)(v).

15      21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

16  barriers at the Facility without much difficulty or expense, and that Defendants violated the

17  ADA by failing to remove those barriers, when it was readily achievable to do so.

18      22.    In the alternative, if it was not "readily achievable" for Defendants to remove

19  the Facility's barriers, then Defendants violated the ADA by failing to make the required

20  services available through alternative methods, which are readily achievable.

21          Failure to Design and Construct an Accessible Facility

22      23.    Plaintiff alleges on information and belief that the Facility was designed and

23  constructed (or both) after January 26, 1992 – independently triggering access requirements

24  under Title III of the ADA.

25      24.    The ADA also prohibits designing and constructing facilities for first occupancy

26  after January 16, 1993, that aren't readily accessible to, and usable by, individuals with

27  disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

28      25.    Here, Defendants violated the ADA by designing and constructing (or both) the

*Moore v. Soto, et al.*
Complaint

MLF0044900

Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

26.    Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

28.    Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.    Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. Soto, et al.*
Complaint

MLF0044901

EX. 96-15

## VII. SECOND CLAIM

### Unruh Act

33. Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37. Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39. Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40. Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

### VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41. Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of

MLF0044902

EX. 96-16

1 | Government Code § 4450.

2      43.    Health and Safety Code § 19959 states, in part, that: Every existing (non-
3 exempt) public accommodation constructed prior to July 1, 1970, which is altered or
4 structurally repaired, is required to comply with this chapter.

5      44.    Plaintiff alleges the Facility is a public accommodation constructed, altered, or
6 repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code
7 § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

8      45.    Defendants' non-compliance with these requirements at the Facility aggrieved
9 (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,
10 Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

11               **IX.    PRAYER FOR RELIEF**

12      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

13      1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

14      2.     Declaratory relief that Defendants violated the ADA for the purposes of Unruh
15          Act damages.

16      3.     Statutory minimum damages under section 52(a) of the California Civil Code
17          according to proof.

18      4.     Attorneys' fees, litigation expense, and costs of suit.[2]

19      5.     Interest at the legal rate from the date of the filing of this action.

20      6.     For such other and further relief as the Court deems proper.

21
22   Dated: December 5, 2014          MOORE LAW FIRM, P.C.

23                     */s/ Tanya E. Moore*
24                     Tanya E. Moore
                        Attorneys for Plaintiff
25                     Ronald Moore

26
27
28

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Soto, et al.*
Complaint
                        Page 8

MLF0044903

EX. 96-17

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: __December 5, 2014__        _/s/ Ronald Moore_____
                                   Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                   _/s/ Tanya E. Moore_____
                                   Tanya E. Moore, Attorney for
                                   Plaintiff, Ronald Moore

*Moore v. Soto, et al.*
*Verification*

MLF0044904

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 12/5/14                          _Ronald Moore_
                                        Ronald Moore

*Moore v. Soto (La Enchilada)*

MLF0044951

EX. 96-19

**Exhibit 97**

STOP N SHOP
777 W. ASHLAN AVE.
CLOVIS, CA. 93612
*******************
NON TAXABLE
TAXABLE 1                1.00
TAXABLE 1                1.49
ITEM CT                  0.10
TAX              3
                         0.15
TOTAL            2.74
CASH TD                  5.00
CHANGE                   2.26
03-12-2010       AM 11:44
                         6651

_Moose_

MLF0052517

EX. 97-2

new or existing?

stop-n-shop

```
     777 W. ASHLAN AVE.
     CLOVIS, CA. 93612
  **************************
  TAXABLE I           1.69
  TAXABLE I           0.10
  ITEM CT
  TAX                 0.16
  CASH                1.95
  03-08-2010     PM 01:24
                     5517
```

MLF0052516

EX. 97-3



# MOORE LAW FIRM

## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

June 18, 2010

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Martha H. Alvizo
*Paralegal*

Ronald Moore
80 N. Hughes Ave.
Clovis, CA 93612

Re:     *Stop N Shop 777 W. Ashlan Ave., Clovis, CA 93612*

Greetings:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review this document and keep it for your records. Please sign the signature page where indicated and return to our office in the enclosed envelope. **In addition to your signature page, please send the return receipts from the letters sent via certified mail to the defendants in this case, if any.**

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

*Tanya Moore*

Tanya Moore
Attorney at Law

MLF0052518

EX. 97-4

# Exhibit 98

```
                  Bobby Salazar's Taqueria
                    393 West Shaw Ave
                       Fresno, CA

        Check #: 3919                    7/15/13
        Server: Alma C                   7:30 PM
        TAB: 3919
        --------------------------------------------

                   === Entree ===

        1 Fancy Burrito                    8.29
        1 Open Food                       24.99
        1 Open Food                        7.50
        --------------------------------------------
        Sub-total                         40.78
        Sales Tax                          3.35
        TOTAL                             44.13

        PAYMENTS
        Cash Payment                     100.00
        CHANGE                            55.87

        TOTAL PAYMENTS                    44.13
        TOTAL TIPS                         0.00
        --------------------------------------------
        Balance Due                        0.00

        We appreciate your patronage, please come
                     again soon.
```

MLF0033866

EX. 98-2

ADA# No.

(Facility)

1. What is the name of the Facility? _BoBBy Salazars_

2. When did you visit the Facility? _7/15/13_ (Date) _7 30 pm_ (Time)

3. What is the address of the Facility? _393 west Shaw Ave Fresno Ca_

4. Was this your first visit to the Facility? _No_

5. How many times have you visited the Facility? _Few_ If more than one visit, please list the date and time if you know it. _?_

6. What was the purpose of your visit? _To eat_

7. Who accompanied you to the Facility? _My wife and 4 Grand Kids_
Jason Tyler McKenzie Lauren.

8. What car did you drive to the Facility? _minivan_

9. Did you drive yourself or did you get a ride from someone else? _I drive_

10. Where did you park when you arrived at the Facility?  Describe a specific location where you parked your vehicle. _Right in front_

11. Was it difficult for you to park there? _No_

12. Why? _____

13. How did you unload from your vehicle? _Ramp_

14. What side of the vehicle did you unload from? Driver or passenger? _Driver_

15. Did anyone help you to transfer onto your wheelchair? _Grandson Jason_

16. What problems did you encounter transferring onto your wheelchair?

_None_

17. Which way did you go from the parking to the entrance of the Facility? _Forward to Ramp_

18. Did you encounter any problems on your way to the entrance, for example a ramp?  Describe.

19. Did you encounter any problems opening the door? Describe why. _My Grand Kids opened Door for me Fresh hold_

20. Did you have any problems inside the Facility? Describe. _No table had to pit table_

MLF0033853

EX. 98-3

together whiel my wife was ording food

21. What did you purchase (or what meal did you have there). Describe: Food for me my wife and grand Kids.

22. Have you used the restroom at the Facility? yes

23. Why did you need to use the restroom? Had to go

24. Did you use the sink? yes

25. Any problems? ~~Faus~~ ~~Faueet~~ Mirro

26. Did you use the urinal?

27. Did you use the toilet? yes

28. Did you use the toilet paper? yes

29. Did you use paper towels? yes

30. Did you use the soap dispenser? yes

31. Did you have any problem maneuvering inside the restroom? No

32. Where did you sit? put Tables together

33. Was there any seating provided inside the Facility? No

34. Was it wheelchair accessible? No

35. Where you comfortable at the table? No There was Asked to go outsid to eat went outsid- No place for me to sit had to eat with a tray in my lap

36. Did you use the counter to pay for purchase? No

37. Which counter did you use? My wife paid Because could not Reach ~~the~~ Food she gave me a tray Then I went outsid

38. Was the counter accessible? Not to pick up my Food But my wife paid Don't Know.

39. Which way did you go after you left the Facility? Back to Rooms to my car

40. Any problems getting back to your vehicle? No

41. Any problems transferring from your wheelchair to your vehicle? No.

42. If you have any addition information you believe would assist us in evaluating this inquiry.

MLF0033854

EX. 98-4

**BARRIER MEMO**

ADAI No. :     01740

Case Name:     Moore v. Bobby Salazar's

Address:     393 West Shaw Ave., Fresno, CA

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| High Threshold at the Entrance | The threshold at the entrance of the facility was too high for the client's chair to wheel over smoothly. The client had to pop up his chair to get over the threshold which caused him to hit his knuckles. | Yes |
| Could Not Reach Counter to Get Food | The client could not reach his food because the counter was too high, so his wife retrieved his tray of food and gave it to him. | Yes, they put trays on the top of the higher portion of the service counter |
| Could Not Reach Counter to Pay | The client could not pay for the meal because the counter was also too high. So his wife stepped in and paid. | Not sure, don't include |
| No Accessible Seating | The restaurant workers told the client and his family that because their order was to-go, they had to eat outside. However, there was no accessible seating outside for the client. The only seating they had was in the form of large, cement picnic tables which the client was not able to even wheel himself up to. Therefore, the client was forced to eat his meal from the tray in his lap which was extremely uncomfortable. | Yes |
| The Restroom Mirror | The mirror in the restroom was too high and the client could not see himself to check if there was anything on his face, his clothes, etc. | Yes |
| | | |
| | | |

1

MLF0033855

EX. 98-5



# MOORE
## LAW FIRM, P.C.

September 5, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

    Re:    ADAI No.    01740
              Sunflower Clovis Investors, LLC (Bobby Salazar's Taqueria)
              393 West Shaw Ave, Clovis, CA

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

*Tanya Moore*

Tanya E. Moore

TEM:ed

Enclosure: Fee Agreement

---

**MLF0033856**

EX. 98-6

1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: tanya@moorelawfirm.com

5  Attorneys for Plaintiff
   Ronald Moore
6

7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11 | RONALD MOORE,              ) No.
                               )
12 |         Plaintiff,         ) COMPLAINT ASSERTING DENIAL OF
                               ) RIGHT OF ACCESS UNDER
13 |   vs.                      ) AMERICANS WITH DISABILITIES ACT
                               ) FOR INJUNCTIVE RELIEF,
14 | SUNFLOWER CLOVIS INVESTORS, LLC; ) DECLARATORY RELIEF, DAMAGES,
   BOBBY SALAZAR'S MEXICAN      ) ATTORNEYS' FEES AND COSTS (ADA)
15 | RESTAURANT AND CANTINA, INC. dba )
   BOBBY SALAZAR'S TAQUERIA;    )
16                              )
                               )
17 |         Defendants.        )
                               )
18 |_____)

19                    I. SUMMARY

20      1.    This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

21 discrimination at the building, structure, facility, complex, property, land, development, and/or

22 surrounding business complex known as:

23            Bobby Salazar's Taqueria
              393 W. Shaw Avenue
24            Clovis, CA 93611
              (hereafter "the Facility")
25

26      2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

27 costs, against SUNFLOWER CLOVIS INVESTORS, LLC; BOBBY SALAZAR'S

28 MEXICAN RESTAURANT AND CANTINA, INC. dba BOBBY SALAZAR'S TAQUERIA

*Moore v. Sunflower Clovis Investors, LLC, et al.*
Complaint
                        Page 1

MLF0033857

(hereinafter collectively referred to as "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II.   JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.   PARTIES

7.     Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8.     Plaintiff requires the use of a wheelchair when traveling about in public. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.   FACTS

9.     The Facility is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.     Plaintiff visited the Facility and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility. Plaintiff personally encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or about July 15, 2013:

a)     The threshold at the entrance of the Facility was too high for Plaintiff's wheelchair to wheel over smoothly. Plaintiff had to "pop up" the front

*Moore v. Sunflower Clovis Investors, LLC, et al.*
Complaint

MLF0033858

EX. 98-8

wheels of his chair in order to get over the threshold, which in turn caused him to hit his knuckles on the door frame.

b)   Plaintiff could not reach his food because the service counter in the Facility was too high, so his wife was forced to retrieve the tray of food for him.

c)   The Facility employees informed Plaintiff and his family that because their order was to-go, they had to eat outside. However, Plaintiff could find no accessible seating in the outdoor dining area. The only seating available was in the form of large, cement picnic tables which were improperly configured and impossible for Plaintiff to wheel himself up to. Therefore, Plaintiff was forced to eat his meal from the tray in his lap, which was very uncomfortable.

d)   While visiting the restroom at the Facility, Plaintiff attempted to look in the mirror to check whether there was anything on his face or clothes but could not see himself in the mirror due to its height.

11.   The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12.   Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

13.   Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these

*Moore v. Sunflower Clovis Investors, LLC, et al.*
Complaint

MLF0033859

EX. 98-9

1 barriers from the Facility (without much difficulty or expense), and make the Facility
2 accessible to the physically disabled. To date, however, Defendants refuse to either remove
3 those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

4      14.    At all relevant times, Defendants have possessed and enjoyed sufficient control
5 and authority to modify the Facility to remove impediments to wheelchair access and to
6 comply with the 2010 Standards for Accessible Design and the California Code of Regulations
7 Title 24. Defendants have not removed such impediments and have not modified the Facility to
8 conform to accessibility standards. Defendants have intentionally maintained the Facility in its
9 current condition and have intentionally refrained from altering the Facility so that it complies
10 with the accessibility standards.

11      15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility is
12 so obvious as to establish Defendants' discriminatory intent. On information and belief,
13 Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere
14 to relevant building standards; disregard for the building plans and permits issued for the
15 Facility; conscientious decision to maintain the architectural layout (as it currently exists) at
16 the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'
17 property continues to exist in its non-compliant state. Plaintiff further alleges, on information
18 and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the
19 Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

20                **VI.**    **FIRST CLAIM**
21                **Americans with Disabilities Act of 1990**
22                Denial of "Full and Equal" Enjoyment and Use

23      16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for
24 this claim.

25      17.    Title III of the ADA holds as a "general rule" that no individual shall be
26 discriminated against on the basis of disability in the full and equal enjoyment (or use) of
27 goods, services, facilities, privileges, and accommodations offered by any person who owns,
28 operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

*Moore v. Sunflower Clovis Investors, LLC, et al.*
Complaint
               Page 4

MLF0033860

18.   Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.   Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.   In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

23.   Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

24.   The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25.   Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public –

MLF0033861

EX. 98-11

1  including Plaintiff – when it was structurally practical to do so.[1]

2  ### Failure to Make an Altered Facility Accessible

3    26. Plaintiff alleges on information and belief that the Facility was modified after
4  January 26, 1992, independently triggering access requirements under the ADA.

5    27. The ADA also requires that facilities altered in a manner that affects (or could
6  affect) its usability must be made readily accessible to individuals with disabilities to the
7  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's
8  primary function also requires making the paths of travel, bathrooms, telephones, and drinking
9  fountains serving that area accessible to the maximum extent feasible. Id.

10    28. Here, Defendants altered the Facility in a manner that violated the ADA and
11  was not readily accessible to the physically disabled public – including Plaintiff – to the
12  maximum extent feasible.

13  ### Failure to Modify Existing Policies and Procedures

14    29. The ADA also requires reasonable modifications in policies, practices, or
15  procedures, when necessary to afford such goods, services, facilities, or accommodations to
16  individuals with disabilities, unless the entity can demonstrate that making such modifications
17  would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

18    30. Here, Defendants violated the ADA by failing to make reasonable modifications
19  in policies, practices, or procedures at the Facility, when these modifications were necessary to
20  afford (and would not fundamentally alter the nature of) these goods, services, facilities, or
21  accommodations.

22    31. Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney
23  fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

24    32. Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants
25  violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

26

27

28

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. Sunflower Clovis Investors, LLC, et al.*
Complaint

MLF0033862

EX. 98-12

## VII.  SECOND CLAIM

### Unruh Act

33.  Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.  California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.  California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.  California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.  Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.  These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.  Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.  Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.  Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.  Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of

*Moore v. Sunflower Clovis Investors, LLC, et al.*
Complaint

MLF0033863

EX. 98-13

1  Government Code § 4450.

2      43.    Health and Safety Code § 19959 states, in part, that: Every existing (non-

3  exempt) public accommodation constructed prior to July 1, 1970, which is altered or

4  structurally repaired, is required to comply with this chapter.

5      44.    Plaintiff alleges the Facility is a public accommodation constructed, altered, or

6  repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code

7  § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

8      45.    Defendants' non-compliance with these requirements at the Facility aggrieved

9  (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

10  Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

11                          **IX.    PRAYER FOR RELIEF**

12      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

13      1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

14      2.    Declaratory relief that Defendants violated the ADA for the purposes of Unruh

15            Act damages.

16      3.    Statutory minimum damages under section 52(a) of the California Civil Code

17            according to proof.

18      4.    Attorneys' fees, litigation expense, and costs of suit.[2]

19      5.    Interest at the legal rate from the date of the filing of this action.

20      6.    For such other and further relief as the Court deems proper.

21

22  Dated: August 26, 2014                    MOORE LAW FIRM, P.C.

23                                   /s/ Tanya E. Moore
                                     Tanya E. Moore
24                                   Attorneys for Plaintiff
                                     Ronald Moore
25

26

27

28  _____
    [2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Sunflower Clovis Investors, LLC, et al.*
Complaint
                          Page 8

MLF0033864

EX. 98-14

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:  August 26, 2014 _____        /s/  Ronald Moore _____
                                    Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                    /s/ Tanya E. Moore _____
                                    Tanya E. Moore, Attorney for
                                    Plaintiff, Ronald Moore

*Moore v. Sunflower Clovis Investors, LLC, et al.*
*Verification*

MLF0033865

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: _8/26/14_                    _Ronald Moore_
                                    Ronald Moore

*Ronald Moore v. Sunflower Clovis Investors, LLC, et al. (Bobby Salazar's Taqueria)*

MLF0033867

EX. 98-16