# Exhibit 105

```
KEVIN & ALEX LIQUOR DELI
4233 E SHIELDS AVE
FRESNO CA 93726
559-224-0989

Merchant ID: 000007013290
Term ID: 00914758    Ref #: 0068


              Sale

xxxxxxxxxxxx7245
MASTERCARD  Entry Method: Swiped

Total:          $      23.19

04/24/14              20:33:46
Inv #: 000058  Appr Code: 855242
Apprvd: Online   Batch#: 000621


           Signature Line
```

MLF0044399

EX. 105-2

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

1. What is the name of the Facility? _Kevin and Alex Liquor Deli_

2. What is the address of the Facility? _4233 E. Shields Ave. Fresno CA_

3. When did you visit the Facility? _4/24/14_ (Date) _8:30_ (Time)

4. Was this your first visit to the Facility? _NO_

5. If you have been to the Facility before, please list the date and times of each visit if you can remember, or give an estimate of how often you go. _?_

6. What was the purpose of your visit? _Chewing tobacco_

7. Who accompanied you to the Facility? _Grandson Ronny_

8. What car did you drive to the Facility? _Mine_

9. Did you drive yourself or did you get a ride from someone else? _I Drove_

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _in front of store_

11. Was it difficult for you to park there? If so, why? _Street was all cracked up._

12. How did you unload from your vehicle? _Rear_

13. What side of the vehicle did you unload from? Driver or passenger? _Driver_

14. Did anyone help you to transfer onto your wheelchair? Who? _Grandson Ronny_

15. Did you encounter any problems transferring onto your wheelchair? Describe. _Street all cracked up_

16. Which way did you go from the parking to the entrance of the Facility? _up curb to door_

17. Did you encounter any problems on your way to the entrance, for example a ramp? Describe. _Yes there was no ramp grandson had to lift me up curb_

18. Did you encounter any problems opening the door? Describe. _heavy and threshold high_

19. What did you purchase (or what meal did you have there)? _Chew and liquid for e-cig_

20. Did you need to use the restroom while you were at the Facility? Why? ~~no~~ _NO restroom_

21. Describe any problems you encountered with the following (or write "Did not need to use" or "No problems"):

MLF0044396

EX. 105-3

Sink: N/A

Toilet: N/A

Urinal: N/A

Toilet paper: N/A

Toilet seat covers: N/A

Paper towels/hand dryer: N/A

Soap dispenser: N/A

Other: N/A

22. Did you have any problem maneuvering inside the restroom? N/A

23. Was there any seating provided inside the Facility? N/A

24. Were you able to sit comfortably at the table? If not, why? N/A

25. Did you use the counter to pay for purchase? Which one? Yes only one

26. Did you pay with cash or credit card? Credit

27. Was the counter accessible? If not, describe: No very high

28. Did you have any other problems inside the Facility? Describe. Yes isles small Couldn't reach top of coolers and fountain drinks high

29. Which way did you go after you left the Facility? Out door off curb towards car

30. Any problems getting back to your vehicle? No ramp street cracked

31. Any problems transferring from your wheelchair to your vehicle? No grandson brought me to My door and put chair in back of car

32. Any additional information you believe would assist us in evaluating this inquiry?
No ramp grandson had to lift me up curb

MLF0044397



# MOORE LAW FIRM
### PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

July 2, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

      RE:    ADAI No.    02058
               **Kevin & Alex Liquor Deli *(4233 E Shields Ave, Fresno, CA)***

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF0044398

## BARRIER MEMO

**ADAI No. :**    02058

**Case Name:**    Moore v. Kevin & Alex Liquor Deli

**Address:**    4233 E Shields Ave, Fresno, CA

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Cracked Pavement | The pavement leading to the entrance of the facility was severely cracked which made it difficult for the plaintiff to stabilize his chair while wheeling himself to the facility. Luckily, the plaintiff was with his grandson who was able to help him. | |
| No Ramp | The facility had no ramp, so the plaintiff's grandson was forced to lift the plaintiff up over the curb. | |
| Heavy Door | The door to the entrance of the facility was heavy for the plaintiff to open while in his chair and even more difficult to hold open while wheeling himself inside. The plaintiff, however, had help from his grandson. | |
| High Threshold | The threshold at the entrance to the facility was high so the plaintiff had to pop up his chair a few times in order to propel himself inside. This action, however, often causes the plaintiff to hit his knuckles on the door frame which is painful and embarrassing. | |
| High Counter | The counter in the facility was very high for the plaintiff to access, so his grandson made the transaction for him. | |
| Narrow Aisles | The aisles in the facility were tight and narrow which made it difficult for the plaintiff to travel through them without knocking items off of the shelves or getting stuck. | |
| High Coolers | The plaintiff could not reach the top of the cooler in order to retrieve an Arizona Iced Tea, so he asked his grandson for help. | |
| High Soda Dispenser | The soda dispenser was too high for the plaintiff to reach so he just gave up. | |

1

MLF0044327

EX. 105-6

## BARRIER MEMO

**ADAI No. :** 02058

**Case Name:** Moore v. Kevin & Alex Liquor Deli

**Address:** 4233 E Shields Ave, Fresno, CA

| Barrier | Description | Is it a valid barrier? **Y** / N |
|---------|-------------|-------------------------------|
| Cracked Pavement | The pavement leading to the entrance of the facility was severely cracked which made it difficult for the plaintiff to stabilize his chair while wheeling himself to the facility. Luckily, the plaintiff was with his grandson who was able to help him. | Yes, Asphalt cracked and uneven. |
| No Ramp | The facility had no ramp, so the plaintiff's grandson was forced to lift the plaintiff up over the curb. | Yes |
| Heavy Door | The door to the entrance of the facility was heavy for the plaintiff to open while in his chair and even more difficult to hold open while wheeling himself inside. The plaintiff, however, had help from his grandson. | Yes |
| High Threshold | The threshold at the entrance to the facility was high so the plaintiff had to pop up his chair a few times in order to propel himself inside. This action, however, often causes the plaintiff to hit his knuckles on the door frame which is painful and embarrassing. | Yes |
| High Counter | The counter in the facility was very high for the plaintiff to access, so his grandson made the transaction for him. | Yes, over 38" |
| Narrow Aisles | The aisles in the facility were tight and narrow which made it difficult for the plaintiff to travel through them without knocking items off of the shelves or getting stuck. | Yes, chokepoints found. |
| High Coolers | The plaintiff could not reach the top of the cooler in order to retrieve an Arizona Iced Tea, so he asked his grandson for help. | Yes |
| High Soda Dispenser | The soda dispenser was too high for the plaintiff to reach so he just gave up. | Yes, over 48" |

Note: Approximately 70 parking spaces at the shopping center, could only find 1 disabled/access parking spot, on the further side of shopping center by closed store.

MLF0044326

EX. 105-7



**MOORE**
**LAW FIRM, P.C.**

February 17, 2015

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

Re:    ADAI No.    02058
       Kevin & Alex Liquor Deli (4233 E Shields Ave, Fresno, CA)

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

*Tanya Moore*

Tanya E. Moore

TEM:ed

Enclosure: Fee Agreement

MLF0044385

EX. 105-8

Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: tanya@moorelawfirm.com

Attorneys for Plaintiff
Ronald Moore

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE, <br><br> Plaintiff, <br><br> vs. <br><br> MARK TOPOOZIAN, Co-Trustee of the HARRY TOPOOZIAN 2011 TRUST dated August 22, 2011; THOMAS H. TOPOOZIAN, Co-Trustee of the HARRY TOPOOZIAN 2011 TRUST dated August 22, 2011; HARRY TOPOOZIAN, Co-Trustee of the HARRY TOPOOZIAN 2011 TRUST dated August 22, 2011; AJMER S. BAINS dba KEVIN & ALEX LIQUOR DELI; STEVIE S. GHAG dba KEVIN & ALEX LIQUOR DELI; <br><br> Defendants. | No. <br><br> **COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |

## I. SUMMARY

1.     This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

    Kevin & Alex Liquor Deli
    4233 East Shields Avenue
    Fresno, CA 93726
    (hereafter "the Facility")

*Moore v. Topoozian, et al.*
Complaint

MLF0044386

2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against MARK TOPOOZIAN, Co-Trustee of the HARRY TOPOOZIAN 2011 TRUST dated August 22, 2011; THOMAS H. TOPOOZIAN, Co-Trustee of the HARRY TOPOOZIAN 2011 TRUST dated August 22, 2011; HARRY TOPOOZIAN, Co-Trustee of the HARRY TOPOOZIAN 2011 TRUST dated August 22, 2011; AJMER S. BAINS dba KEVIN & ALEX LIQUOR DELI; and STEVIE S. GHAG dba KEVIN & ALEX LIQUOR DELI (hereinafter collectively referred to as "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II.     JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California law — arising from the same nucleus of operative facts -- is predicated on 28 U.S.C. § 1367.

5.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.     VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.     PARTIES

7.     Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8.     Plaintiff is substantially limited in his ability to walk, and must use a wheelchair for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.     FACTS

9.     The Facility is open to the public, intended for non-residential use, and its operation affects commerce. The Facility is therefore a public accommodation as defined by

*Moore v. Topoozian, et al.*
Complaint

MLF0044387

EX. 105-10

1  applicable state and federal laws.

2        10.    Plaintiff visited the Facility and encountered barriers (both physical and

3  intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

4  goods, services, privileges and accommodations offered at the Facility. Plaintiff personally

5  encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

6  about April 24, 2014:

7            a)    Plaintiff was unable to find a designated accessible parking stall at the

8      Facility and was forced to park in a standard stall, which was improperly

9      configured and had cracked, uneven pavement, making it difficult for

10      Plaintiff to transfer between his vehicle and his wheelchair and to

11      maneuver toward the Facility entrance.

12            b)    Plaintiff could not find a ramp affording access from the parking lot to

13      the sidewalk in front of the Facility entrance. His grandson, who was

14      accompanying him, had to help lift Plaintiff's wheelchair up and onto

15      the curb.

16            c)    The entrance door was heavy and had a raised threshold, making it

17      difficult for Plaintiff to hold the door open long enough to maneuver his

18      wheelchair over the threshold and into the Facility.

19            d)    Some of the aisles inside the Facility lacked sufficient wheelchair

20      clearances and were obstructed by merchandise displayed within the

21      aisles, preventing Plaintiff from maneuvering freely around the store.

22            e)    Plaintiff wanted to purchase a drink from the self-service soda fountain,

23      but the controls were too high for him to reach. He was forced to choose

24      a beverage from the cooler instead.

25            f)    The transaction counter was too high, which made it difficult for

26      Plaintiff to reach up to make his purchase.

27        11.    The barriers identified in paragraph 10 herein are only those that Plaintiff

28  personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist

*Moore v. Topoozian, et al.*
Complaint

MLF0044388

EX. 105-11

1   at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once

2   such additional barriers are identified as it is Plaintiff's intention to have all barriers which

3   exist at the Facility and relate to his disabilities removed to afford him full and equal access.

4       12.   Plaintiff was, and continues to be, deterred from visiting the Facility because

5   Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

6   accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

7   Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

8   once the barriers are removed.

9       13.   Defendants knew, or should have known, that these elements and areas of the

10  Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

11  the physically disabled. Moreover, Defendants have the financial resources to remove these

12  barriers from the Facility (without much difficulty or expense), and make the Facility

13  accessible to the physically disabled. To date, however, Defendants refuse to either remove

14  those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

15      14.   At all relevant times, Defendants have possessed and enjoyed sufficient control

16  and authority to modify the Facility to remove impediments to wheelchair access and to

17  comply with the 1991 ADA Accessibility Guidelines and/or the 2010 Standards for Accessible

18  Design. Defendants have not removed such impediments and have not modified the Facility to

19  conform to accessibility standards. Defendants have intentionally maintained the Facility in its

20  current condition and have intentionally refrained from altering the Facility so that it complies

21  with the accessibility standards.

22      15.   Plaintiff further alleges that the (continued) presence of barriers at the Facility is

23  so obvious as to establish Defendants' discriminatory intent. On information and belief,

24  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

25  to relevant building standards; disregard for the building plans and permits issued for the

26  Facility; conscientious decision to maintain the architectural layout (as it currently exists) at

27  the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

28  property continues to exist in its non-compliant state. Plaintiff further alleges, on information

MLF0044389

EX. 105-12

1   and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

2   Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

3                              **VI.    FIRST CLAIM**

4                        **Americans with Disabilities Act of 1990**

5                        <u>Denial of "Full and Equal" Enjoyment and Use</u>

6        16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

7   this claim.

8        17.    Title III of the ADA holds as a "general rule" that no individual shall be

9   discriminated against on the basis of disability in the full and equal enjoyment (or use) of

10  goods, services, facilities, privileges, and accommodations offered by any person who owns,

11  operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

12       18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

13  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

14  Facility during each visit and each incident of deterrence.

15                <u>Failure to Remove Architectural Barriers in an Existing Facility</u>

16       19.    The ADA specifically prohibits failing to remove architectural barriers, which

17  are structural in nature, in existing facilities where such removal is readily achievable. 42

18  U.S.C. § 12182(b)(2)(A)(iv).

19       20.    When an entity can demonstrate that removal of a barrier is not readily

20  achievable, a failure to make goods, services, facilities, or accommodations available through

21  alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id</u>.

22  § 12182(b)(2)(A)(v).

23       21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

24  barriers at the Facility without much difficulty or expense, and that Defendants violated the

25  ADA by failing to remove those barriers, when it was readily achievable to do so.

26       22.    In the alternative, if it was not "readily achievable" for Defendants to remove

27  the Facility's barriers, then Defendants violated the ADA by failing to make the required

28  services available through alternative methods, which are readily achievable.

MLF0044390

EX. 105-13

1  <u>Failure to Design and Construct an Accessible Facility</u>

2       23.    Plaintiff alleges on information and belief that the Facility was designed and
3  constructed (or both) after January 26, 1992 – independently triggering access requirements
4  under Title III of the ADA.

5       24.    The ADA also prohibits designing and constructing facilities for first occupancy
6  after January 16, 1993, that aren't readily accessible to, and usable by, individuals with
7  disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

8       25.    Here, Defendants violated the ADA by designing and constructing (or both) the
9  Facility in a manner that was not readily accessible to the physically disabled public –
10  including Plaintiff – when it was structurally practical to do so.[1]

11  <u>Failure to Make an Altered Facility Accessible</u>

12       26.    Plaintiff alleges on information and belief that the Facility was modified after
13  January 26, 1992, independently triggering access requirements under the ADA.

14       27.    The ADA also requires that facilities altered in a manner that affects (or could
15  affect) its usability must be made readily accessible to individuals with disabilities to the
16  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's
17  primary function also requires making the paths of travel, bathrooms, telephones, and drinking
18  fountains serving that area accessible to the maximum extent feasible. <u>Id.</u>

19       28.    Here, Defendants altered the Facility in a manner that violated the ADA and
20  was not readily accessible to the physically disabled public – including Plaintiff – to the
21  maximum extent feasible.

22  <u>Failure to Modify Existing Policies and Procedures</u>

23       29.    The ADA also requires reasonable modifications in policies, practices, or
24  procedures, when necessary to afford such goods, services, facilities, or accommodations to
25  individuals with disabilities, unless the entity can demonstrate that making such modifications
26  would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

27

28
_____

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. Topoozian, et al.*
Complaint

MLF0044391

EX. 105-14

30.   Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.   Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.   Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

## VII.   SECOND CLAIM

### Unruh Act

33.   Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.   California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.   Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.   Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.   Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

MLF0044392

EX. 105-15

1  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

2  § 52(a).

### VIII. THIRD CLAIM

#### Denial of Full and Equal Access to Public Facilities

5   41.    Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for

6  this claim.

7   42.    Health and Safety Code § 19955(a) states, in part, that: California public

8  accommodations or facilities (built with private funds) shall adhere to the provisions of

9  Government Code § 4450.

10   43.    Health and Safety Code § 19959 states, in part, that: Every existing (non-

11  exempt) public accommodation constructed prior to July 1, 1970, which is altered or

12  structurally repaired, is required to comply with this chapter.

13   44.    Plaintiff alleges the Facility is a public accommodation constructed, altered, or

14  repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code

15  § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

16   45.    Defendants' non-compliance with these requirements at the Facility aggrieved

17  (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

18  Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

### IX.    PRAYER FOR RELIEF

20  WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

21   1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

22   2.    Declaratory relief that Defendants violated the ADA for the purposes of Unruh

23         Act damages.

24   3.    Statutory minimum damages under section 52(a) of the California Civil Code

25         according to proof.

26   4.    Attorneys' fees, litigation expense, and costs of suit.[2]

27   5.    Interest at the legal rate from the date of the filing of this action.

28

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Topoozian, et al.*
Complaint

MLF0044393

1    6.    For such other and further relief as the Court deems proper.

2

3   Dated: February 17, 2015                 MOORE LAW FIRM, P.C.

4                                            */s/ Tanya E. Moore*
                                             Tanya E. Moore
5                                            Attorneys for Plaintiff
                                             Ronald Moore
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Moore v. Topoozian, et al.*
Complaint

                              Page 9

MLF0044394

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.


Dated: February 17, 2015          /s/ Ronald Moore
                                  Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                  /s/ Tanya E. Moore
                                  Tanya E. Moore, Attorney for
                                  Plaintiff, Ronald Moore


*Moore v. Topoozian, et al.*
*Verification*

MLF0044395

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 2/17/15

Ronald Moore

*Ronald Moore v. Mark Topoozian, et al.*

MLF0044400

# Exhibit 106

more

THANK YOU!
PLEASE COME AGAIN

ANDRE'S LIQUOR
3953 N BLACKSTONE
(222-1353)

DATE 02/27/2012 MON   TIME 17:21
  1 TOBACCO    11 $3.99
    TAX1 AMT        $0.32
    TOTAL        $4.31
    CASH         $5.00
    CHANGE       $0.69
EMPLOYEE1  NO.000195   REG 01

THANK YOU!
PLEASE COME AGAIN

sign
parkig
Front Door
is too small

MLF0028870

EX. 106-2

THANK YOU!
PLEASE COME AGAIN

ANDRE'S LIQUOR
153 N BLACKSTONE
(222-1353)

DATE 02/27/2017 MON   TIME 17:21
  1 TOBACCO   k1  $3.99
    TAX1 AMT       $0.32
    TOTAL      $4.31
    CASH       $5.00
    CHANGE     $0.69
EMPLOYEE  NO.000195   REG 01

        Ni
        COME AGAIN

MLF0051573

Sign.
parking
Front Door
is (is to small

MLF0051574

**BARRIER MEMO**

ADAI No. :       01283-Moore

Case Name:     Moore v. Andre's Liquor

Address:        3953 N. Blackstone Ave Fresno, CA

| Barrier | Description | Is it a valid barrier? Y / N |
|---------|-------------|------------------------------|
| No Accessible parking | Plaintiff had difficulty finding and using accessible parking because it was improperly marked and had no access aisle | Yes, not properly marked and no access aisle |
| Aisles too narrow | Plaintiff could not easily maneuver his wheelchair around the facility because the aisles were too narrow | Yes |
| Kick plate encroached by metal bars | Plaintiff's foot was stuck when he tried to push the door open with his feet on the foot rests also thinks the door may be too heavy | Yes, did not measure door pressure |

1

MLF0028872

EX. 106-5



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

June 6, 2013

**K. RANDOLPH MOORE**
ESQUIRE
AND FOUNDER

*Tanya E. Moore*
*Attorney at Law*

*Marejka Sacks*
*Paralegal*

Ron Moore
80 N. Hughes Ave.
Clovis, CA 93612

RE:     ADAI No. 1283
         Andre's Liquor (Facility) 3953 N. Blackstone Ave, Fresno CA

Dear Mr. Moore

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

*Tanya Moore*

Tanya Moore
Attorney at Law

TM/ms

Enclosure: Fee Agreement

MLF0028871

EX. 106-6

Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: tanya@moorelawfirm.com

Attorneys for Plaintiff
Ronald Moore

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>       Plaintiff,<br><br>vs.<br><br>ANDRE TORIGIAN dba ANDRE'S LIQUOR and as Trustee of the Takoohi and Andre Torigian Trust; TAKOOHI TORIGIAN dba ANDRE'S LIQUOR and as Trustee of the Takoohi and Andre Torigian Trust,<br><br>       Defendants. | No.<br><br>**COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |

## I. SUMMARY

1.    This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

        Andre's Liquor
        3953 N. Blackstone Ave.
        Fresno, CA 93726
        (hereafter "the Facility")

2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against ANDRE TORIGIAN dba ANDRE'S LIQUOR and as Trustee of the Takoohi

*Moore v. Torigian, et al.*
Complaint

MLF0028884

EX. 106-7

1   and Andre Torigian Trust; and TAKOOHI TORIGIAN dba ANDRE'S LIQUOR and as

2   Trustee of the Takoohi and Andre Torigian Trust (hereinafter collectively referred to as

3   "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101

4   et seq.) ("ADA") and related California statutes.

## II.   JURISDICTION

6       3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for

7   ADA claims.

8       4.      Supplemental jurisdiction for claims brought under parallel California law –

9   arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

10      5.      Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

12      6.      All actions complained of herein take place within the jurisdiction of the

13   United States District Court, Eastern District of California, and venue is invoked pursuant to

14   28 U.S.C. § 1391(b), (c).

## IV.   PARTIES

16      7.      Defendants own, operate, and/or lease the Facility, and consist of a person (or

17   persons), firm, and/or corporation.

18      8.      Plaintiff requires the use of a wheelchair when traveling about in public.

19   Consequently, Plaintiff is "physically disabled," as defined by all applicable California and

20   United States laws, and a member of the public whose rights are protected by these laws.

## V.   FACTS

22      9.      The Facility is a public accommodation facility, open to the public, which is

23   intended for nonresidential use and whose operation affects commerce.

24      10.     Plaintiff visited the Facility and encountered barriers (both physical and

25   intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

26   goods, services, privileges and accommodations offered at the Facility.   Plaintiff personally

27   encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

28   about February 27, 2012 and July 1, 2013:

*Moore v. Torigian, et al.*
Complaint

MLF0028885

EX. 106-8

a)   On all occasions Plaintiff was unable to locate an identified accessible parking space at the Facility.  Plaintiff parked in the closest available parking space near the entrance to the Facility.   Plaintiff was forced to transfer to his wheelchair in the area of motor vehicle traffic in the parking lot.

b)   On all occasions Plaintiff had difficulty maneuvering his wheelchair from his vehicle to the entrance of the Facility because there were cracks in the asphalt parking lot between his vehicle and the ramp.  This required Plaintiff to exert more force than is normal to maneuver the wheelchair forward.

c)   On all occasions Plaintiff had difficulty maneuvering his wheelchair within the Facility aisles because some aisles were not wide enough to allow his wheelchair access.  Plaintiff had to forego purchasing the items he wanted located in those aisles.

d)   On all occasions Plaintiff had difficulty maneuvering his wheelchair through the entrance door of the Facility.  This was caused by the raised threshold, heavy door, and the walkway outside of the entrance sloping away from the building.

e)   On February 27, 2012 Plaintiff had difficulty leaving the Facility as he tried to push the door open with his foot rests which then became stuck in the metal bars that encroached on the door's kick plate.

11.   The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered.  Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities.  Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12.   Plaintiff was, and continues to be, deterred from visiting the Facility because

*Moore v. Torigian, et al.*
Complaint

MLF0028886

EX. 106-9

1  Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

2  accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

3  Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

4  once the barriers are removed.

5      13.    Defendants knew, or should have known, that these elements and areas of the

6  Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

7  the physically disabled.  Moreover, Defendants have the financial resources to remove these

8  barriers from the Facility (without much difficulty or expense), and make the Facility

9  accessible to the physically disabled.  To date, however, Defendants refuse to either remove

10  those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

11      14.    At all relevant times, Defendants have possessed and enjoyed sufficient

12  control and authority to modify the Facility to remove impediments to wheelchair access and

13  to comply with the 2010 Standards for Accessible Design and the California Code of

14  Regulations Title 24.  Defendants have not removed such impediments and have not

15  modified the Facility to conform to accessibility standards.  Defendants have intentionally

16  maintained the Facility in its current condition and have intentionally refrained from altering

17  the Facility so that it complies with the accessibility standards.

18      15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility

19  is so obvious as to establish Defendants discriminatory intent.  On information and belief,

20  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to

21  adhere to relevant building standards; disregard for the building plans and permits issued for

22  the Facility; conscientious decision to maintain the architectural layout (as it currently exists)

23  at the Facility; decision not to remove barriers from the Facility; and allowance that

24  Defendants' property continues to exist in its non-compliance state.  Plaintiff further alleges,

25  on information and belief, that the Facility is not in the midst of a remodel, and that the

26  barriers present at the Facility are not isolated (or temporary) interruptions in access due to

27  maintenance or repairs.

28  ///

*Moore v. Torigian, et al.*
Complaint

MLF0028887

EX. 106-10

**VI.   FIRST CLAIM**

**Americans with Disabilities Act of 1990**

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16.     Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

18.     Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).

20.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable.  <u>Id</u>. § 12182(b)(2)(A)(v).

21.     Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.     In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

23.     Plaintiff alleges on information and belief that the Facility was designed and

*Moore v. Torigian, et al.*
Complaint

Page 5

MLF0028888

EX. 106-11

1   constructed (or both) after January 26, 1992 – independently triggering access requirements

2   under Title III of the ADA.

3       24.    The ADA also prohibits designing and constructing facilities for first

4   occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

5   with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).

6       25.    Here, Defendants violated the ADA by designing and constructing (or both)

7   the Facility in a manner that was not readily accessible to the physically disabled public –

8   including Plaintiff – when it was structurally practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

10       26.    Plaintiff alleges on information and belief that the Facility was modified after

11   January 26, 1992, independently triggering access requirements under the ADA.

12       27.    The ADA also requires that facilities altered in a manner that affects (or could

13   affect) its usability must be made readily accessible to individuals with disabilities to the

14   maximum extent feasible.  42 U.S.C. § 12183(a)(2).  Altering an area that contains a

15   facility's primary function also requires making the paths of travel, bathrooms, telephones,

16   and drinking fountains serving that area accessible to the maximum extent feasible.  <u>Id</u>.

17       28.    Here, Defendants altered the Facility in a manner that violated the ADA and

18   was not readily accessible to the physically disabled public – including Plaintiff – to the

19   maximum extent feasible.

20   <u>Failure to Modify Existing Policies and Procedures</u>

21       29.    The ADA also requires reasonable modifications in policies, practices, or

22   procedures, when necessary to afford such goods, services, facilities, or accommodations to

23   individuals with disabilities, unless the entity can demonstrate that making such

24   modifications would fundamentally alter their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).

25       30.    Here, Defendants violated the ADA by failing to make reasonable

26   modifications in policies, practices, or procedures at the Facility, when these modifications

27   were necessary to afford (and would not fundamentally alter the nature of) these goods,

28

---

[1] General under either state or federal statutes

*Moore v. Torigian, et al.*
Complaint

Page 6

MLF0028889

EX. 106-12

1   services, facilities, or accommodations.

2       31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief,

3   attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

4       32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that

5   Defendants violated the ADA in order to pursue damages under California's Unruh Civil

6   Rights Act or Disabled Persons Act.

7                 VII.    SECOND CLAIM

8                     Unruh Act

9       33.    Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for

10   this claim.

11       34.    California Civil Code § 51 states, in part, that:  All persons within the

12   jurisdiction of this state are entitled to the full and equal accommodations, advantages,

13   facilities, privileges, or services in all business establishments of every kind whatsoever.

14       35.    California Civil Code § 51.5 also states, in part that:  No business

15   establishment of any kind whatsoever shall discriminate against any person in this state

16   because of the disability of the person.

17       36.    California Civil Code § 51(f) specifically incorporates (by reference) an

18   individual's rights under the ADA into the Unruh Act.

19       37.    Defendants' aforementioned acts and omissions denied the physically

20   disabled public – including Plaintiff – full and equal accommodations, advantages, facilities,

21   privileges and services in a business establishment (because of their physical disability).

22       38.    These acts and omissions (including the ones that violate the ADA) denied,

23   aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

24       39.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

25   minimum damages of four thousand dollars ($4,000) for each offense.

26       40.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

27   ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

28   § 52(a).

*Moore v. Torigian, et al.*
Complaint

MLF0028890

EX. 106-13

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.     Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.     Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

43.     Health and Safety Code § 19959 states, in part, that:  Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

44.     Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

45.     Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

### IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.      Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.      Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3.      Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

4.      Attorneys' fees, litigation expense, and costs of suit.[2]

5.      Interest at the legal rate from the date of the filing of this action.

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Torigian, et al.*
Complaint

MLF0028891

EX. 106-14

6.     For such other and further relief as the Court deems proper.

Dated: July 10, 2013                    MOORE LAW FIRM, P.C.

                                        /s/ Tanya E. Moore
                                        Tanya E. Moore
                                        Attorneys for Plaintiff,
                                        Ronald Moore

*Moore v. Torigian, et al.*
Complaint

MLF0028892

EX. 106-15

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:____July 10, 2013_____        _/s/ Ronald Moore___
                                     Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                     _/s/ Tanya E. Moore_____
                                     Tanya E. Moore, Attorney for
                                     Plaintiff, Ronald Moore

*Ronald Moore v. Andre Torigian dba Andre's Liquor, et al.*

MLF0028893

EX. 106-16

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 7/10/13

Ronald Moore

*Ronald Moore v. Andre Torigian dba Andre's Liquor, et al.*

MLF0028894

EX. 106-17

# Exhibit 107

```
IRINIS BEACON         MID# Y406955075301
601 G STREET
FRESNO       CA 93706

PRODUCT               QTY  PRICE    AMOUNT
GENERAL MERCH                         1.50
                           TAX        0.00
SEQ# 011858

AUTH# 087788
AXXXXXXXXXXX4370      MASTERCARD
CREDIT    SALE        06-27-14 17:39

APPROVED 087788


       THANK YOU FOR YOUR PURCHASE TODAY!
              PLEASE COME AGAIN

              CUSTOMER COPY
```

MLF0033919

EX. 107-2

TRINIS BEACON          MID# VX06953079001
603 G STREET
FRESNO       CA 93706

PRODUCT              QTY  PRICE   AMOUNT
UNLEADED          S 27.785  3.599   100.00
                             TAX     0.00
SE0# 024915                  TOTAL $100.00

CASH    SALE              08-12-13 13:50

      THANK YOU FOR YOUR PURCHASE TODAY!
            PLEASE COME AGAIN

              CUSTOMER COPY

TRINIS BEACON          MID# VX06953079001
603 G STREET
FRESNO       CA 93706

PRODUCT              QTY  PRICE   AMOUNT
UNLEADED          S 27.785  3.599   100.00
                             TAX     0.00
SE0# 024915                  TOTAL $100.00

CASH    SALE              08-12-13 13:50

      THANK YOU FOR YOUR PURCHASE TODAY!
            PLEASE COME AGAIN

              MERCHANT COPY

MLF0033920

EX. 107-3

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

ADAI No.

(Facility)

1. What is the name of the Facility? _Beacon_

2. When did you visit the Facility? _8/12/13_ (Date) _1:50 pm_ (Time)

3. What is the address of the Facility? _603 G St Fresno_

4. Was this your first visit to the Facility? _No_

5. How many times have you visited the Facility? _Few_ If more than one visit, please list the date and time if you know it. _5_

6. What was the purpose of your visit? _GAS_

7. Who accompanied you to the Facility? _Jhon Gouker Friend_

8. What car did you drive to the Facility? _Mine_

9. Did you drive yourself of did you get a ride from someone else? _I Drove_

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _@ pump #5_

11. Was it difficult for you to park there? _yes_

12. Why? _Because No Point of Travel_

13. How did you unload from your vehicle? _Rear_

14. What side of the vehicle did you unload from? Driver or passenger? _Driver_

15. Did anyone help you to transfer onto your wheelchair? _No_

16. What problems did you encounter transferring onto your wheelchair?

_NONE_

17. Which way did you go from the parking to the entrance of the Facility? _to the Right_

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe. _Pavement in Front of Ramp was Built up._

19. Did you encounter any problems opening the door? Describe why. _Door very heavy_

20. Did you have any problems inside the Facility? Describe. _could not get_

MLF0033907

EX. 107-4

Inside Because of Rack's in the way had my Friend go pay

21. What did you purchase (or what meal did you have there). Describe: GAS could not go Into get a Drink

22. Have you used the restroom at the Facility? No Restroom

23. Why did you need to use the restroom? _____

24. Did you use the sink? _____

25. Any problems? _____

26. Did you use the urinal? _____

27. Did you use the toilet? _____

28. Did you use the toilet paper? _____

29. Did you use paper towels? _____

30. Did you use the soap dispenser? _____

31. Did you have any problem maneuvering inside the restroom? _____

32. Where did you sit? _____

33. Was there any seating provided inside the Facility? _____

34. Was it wheelchair accessible? _____

35. Where you comfortable at the table? _____

36. Did you use the counter to pay for purchase? Counter High

37. Which counter did you use? Could not get in so I had my friend go inside to pay

38. Was the counter accessible? No

39. Which way did you go after you left the Facility? Down Ramp across passed pumps to my Car

40. Any problems getting back to your vehicle? getting around Car parked that was Getting gas

41. Any problems transferring from your wheelchair to your vehicle? No

42. If you have any addition information you believe would assist us in evaluating this inquiry.

MLF0033908

EX. 107-5

<u>BARRIER MEMO</u>

ADAI No. :     01745

Case Name:     Moore v. Trinis Beacon

Address:       603 G Street, Fresno

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Pavement sloped at ramp | Plaintiff parked at a gas pump and made his way toward the entrance of the building. The route was sloped up to the ramp to the sidewalk outside the entrance, which made it difficult for Plaintiff to maneuver. | Yes, built up ramp, uneven all the way . |
| Door heavy | It was difficult for Plaintiff to open the entry door because it was too heavy. | Yes, heavy plus the landing is very small, improperly configured, making opening the door very difficult |
| No clearance inside entrance | Just inside the entrance, racks obstructed the path of travel which prevented Plaintiff from entering the store. He had to ask his friend to go inside and pay for his gas. | Yes, no way to enter, no clearances for wc period. |

1

MLF0033909

EX. 107-6



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION
332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

May 22, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

     RE:    **ADAI No.**
               **Trini's Oil, Inc. (Trinis Beacon)**
               *603 G. Street, Fresno CA 93706*

Dear Mr. Moore

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

*Dictated but not read.*
*Sent without signature to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

Enclosure: Fee Agreement

MLF0056303

EX. 107-7

# MOORE LAW FIRM, PROFESSIONAL CORPORATION

**332 N. Second Street**
**San Jose, CA 95112**
**(408) 298-2000**

      I hereby agree that the Moore Law Firm, PC has my permission to execute any kind of settlement agreement and/or endorse any settlement check or document in connection with my Americans with Disabilities Act Lawsuit against **Trini's Oil, Inc. (Trinis Beacon).**


DATE: _____

                       _____
                       CLIENT'S SIGNATURE- RONALD MOORE

                       _____
                       ADDRESS

                       _____
                       CITY

                       _____
                       TELEPHONE


DATE:_____

                       MOORE LAW FIRM, PC
                       ATTORNEY FOR RONALD MOORE

MLF0056304

EX. 107-8

*CIVIL RIGHTS LAWSUIT FEE AGREEMENT*

---

# MOORE LAW FIRM, PROFESSIONAL CORPORATION
**332 N. Second Street**
**San Jose, CA  95112**
**(408) 298-2000**

THIS AGREEMENT, made this _____ at **San Jose, CA,** by and between <u>Ronald Moore</u>, hereinafter designated as "Client," and **the Moore Law Firm, PC,** hereinafter designated as "Attorney," witnesseth:

In consideration of all services rendered by Attorney to Client, Client retains Attorney to represent him/her as his/her attorney at law in the case against ***Trini's Oil, Inc. (Trinis Beacon)*** and whosoever may be liable. No tort action shall be filed for emotional distress (unless otherwise agreed).

PARAGRAPH 1. ATTORNEY TAKES ALL STEPS NECESSARY: Client empowers Attorney to take all steps the Attorney deems advisable to institute appropriate legal proceedings and resolve Client's claims.

PARAGRAPH 2. COOPERATION: Client agrees to cooperate fully throughout litigation and immediately notify Attorney of any changes in address, phone number, or employment. If Client fails to cooperate and Attorney withdraws from the case, the lien provisions of Paragraph 6 will apply.

## FEE ARRANGEMENTS

PARAGRAPH 3(a). CONTINGENCY FEE ARRANGEMENTS: If the Client doesn't recover, or fees are not awarded to the Attorney, no fee will be charged to the Client. In any contingency fee agreement, the fee is not set by law, but is negotiable between Attorney and Client unless the claim is subject to Business and Professions Code Section 6146, (i.e. an action filed on behalf of a minor where the fee which in contingent upon court approval.) In any event, any fee that requires court approval will be the fee that controls this agreement.

MLF0056305

EX. 107-9

PARAGRAPH 3(b). PURPOSE OF THE CIVIL RIGHTS ACTION: Client understands and acknowledges that in civil rights actions, this action's primary purpose is to enforce Client's civil rights through injunctive relief. Injunctive relief does not entitle the claimant/client to any monetary recovery and separate claims for tort or personal injury actions will not be filed. Emotional distress and personal injury claims will be incorporated, wherein appropriate, in claims for discrimination, but not set forth as an independent and separate claim. As noted, some claims may include personal injury and statutory violations. Civil rights actions alleging discrimination, *vis-à-vis*, emotional distress and personal injury, seek compensatory damages (money) that may be significantly less than the hourly attorneys' fees generated.

PARAGRAPH 3( c ). NO GUARANTEES: Attorney cannot guarantee that the Client will receive a monetary recovery.

PARAGRAPH 3 (d)(i). PREVAILING PARTY: If the Client is prevailing party, (as defined by statute) their attorneys' fee may be paid by the defendant(s). The operative language of these statutes is the court "may" award reasonable attorneys' fees; there is no guarantee that the Attorney will receive any fees. However, considering the primary purpose of this civil rights action, the Client understands that Attorney will seek fees and costs for services rendered under Paragraph 3(e).

PARAGRAPH 3 (d)(ii). CLIENT AND ATTORNEY CONFLICT OF INTEREST: Notwithstanding the previous paragraph, Client understands that attorneys' fees in civil rights cases usually exceed monetary settlements from mediation, arbitration, or a trial verdict. Client understands the Attorney may receive nothing for services rendered and costs advanced. Client also understands there is a potential conflict of interest, if the Attorney is required to negotiate the Client's damages and the attorneys' fee with either the defendant or the Client. The Client understands that where insurance coverage exists, defendant will often attempt to offset attorneys' fees by paying more in compensatory damages to reduce the monetary amount paid with defendant's personal assets toward settlement. The Client should consult with any other lawyer for legal advice before entering into this contract. Client

MLF0056306

EX. 107-10

agrees that by entering into this contract he/she is waiving any objection to this potential conflict of interest, and authorizes the Attorney to negotiate any possible settlement as to both the Client's recovery and the attorneys' fees and costs.

## FEES

Hence, Client agrees to pay the fees herein described, duly noting the conflict that exists, at the option of Attorney, as set forth under Fee Determination, as follows:

PARAGRAPH 3(e). FEE DETERMINATION AT ATTORNEY'S OPTION:

(i)      Attorneys' fees based upon services rendered at the billing rate listed in paragraph 3(f) or negotiated with Client as part of the settlement;

OR

(ii)      Attorneys' fees negotiated with defendants as part of settlement, or the fee awarded by the court;

OR

(iii)      In the event the attorneys' fees awarded by the court arbitration, mediation, or settlement, are less than the amount sought, then the Client will pay the balance of fees;

OR

(iv)      In addition to the attorneys' fees based upon the Paragraph 3(f) billing rate or negotiated with Client as part of the settlement, a third of the total amount recovered by way of settlement, mediation, arbitration or trial for any claims of discrimination, emotional distress, personal injury, statute violation, loss of earnings or any other compensatory damages. This third constitutes a multiplier-bonus for the risk of litigation and costs advanced by Attorney on behalf of the Client;

OR

(v)      The fee of 40% of the total amounts recovered by way of settlement, mediation, arbitration or trial for any claims, plus any attorneys' fees awarded by the court or negotiated with defendant(s) as part of settlement. [40% X (Client recovery + Attorneys' fees)].

MLF0056307

PARAGRAPH 3(f). BILLING RATE: Attorney's billing rate is from $350.00 to $685.00 per hour. Outside associated attorneys hired are billed at $125.00 to $200.00 per hour, paralegals/legal assistants are billed at $115.00 per hour. Administrative staff is billed at $70.00 to $90.00 per hour.

PARAGRAPH 3(g). PUNITIVE DAMAGES: Punitive damages based upon defendants' despicable conduct may be sought in addition to the compensatory damages. These damages are awarded in a sufficient amount to punish or make an example of the defendant(s). Therefore, if any punitive damages are awarded, Client and Attorney agree to divide punitive damages equally.

PARAGRAPH 3(h). MINOR'S RECOVERY: Client acknowledges that if Client is a minor, the fee set by the Court shall prevail over this Agreement. If the minor reaches the age of majority, the fee set forth in Paragraphs 3(e)(l) of 3(e)(ii) shall prevail at the attorney's option.

PARAGRAPH 3(i). NO RECOVERY NO FEE: As to all attorneys' fees provisions and costs stated herein, if there is no recovery for the Client(s) or no fees awarded the Attorney, no fees will be charged to Client .

PARAGRAPH 3(j). DISBURSEMENT AFTER RECOVERY: For any previously described contingency agreement, hourly fee agreement, or combination thereof, the fee shall be taken from the total settlement and then costs shall be deducted. If Attorney is representing multiple claims in one case a consolidated action, or related actions arising out of the substantially same facts, costs will be allocated on a pro rata recovery for all Clients. If one Client settles before any other, the costs will be divided equally at that point in time or divided by Attorney, as Attorney deems equitable. If the Client and Attorney agree to outstanding liens, or they are statutory by nature, they will be paid.

The balance is Client's net recovery.

In the event of a partial recovery, Client agrees to apply Client's share of the partial recovery toward future costs. Said money will be held in Attorney's trust account.

PARAGRAPH 3(k). COST REIMBURSEMENT: Client agrees to reimburse Attorney for all costs if there is no recovery. Costs include, but not limited to, the following: filing fees, service

MLF0056308

of process, postage, messenger service, overnight delivery service, investigation, interpreter, experts, record procurement, reference material, computer time/research, medical illustrations, scale drawing, beeper, photography, deposition fees/charges, costs incurred for trial/arbitration/mediation, mileage, word processing, facsimile, and photocopying. A minimum charge of $115.00 will be assessed for opening the file, photocopying and postage. A minimum charge of $500.00 will be charged for on-line computer research. Facsimile charge is $1.00 per page sending/receiving. Photocopying charge is 45¢ per page. When Attorney travels, the mode of travel, travel classification and accommodation shall be determined by the Attorney and constitute costs. It is further acknowledged that the costs of medical care rendered to Client for personal injuries are the Client's responsibility, and do not constitute costs under this Agreement, or charges against Attorney.

PARAGRAPH 3(l). TRAVEL: Client acknowledges and agrees that for purposes of fee determination, time is charged from the time Attorney leaves Attorney's office until return to said office.

PARAGRAPH 3(m). POWER OF ATTORNEY: Client grants a Power of Attorney to Attorney to endorse and deposit, on behalf of Client, any negotiable instruments made payable to the Client and Attorney. Client further instructs and directs Attorney to make all disbursements deemed appropriate by Attorney and to place Client's funds in an interest bearing trust account.

PARAGRAPH 4. APPEALS: Client acknowledges that no Appeals need to be taken without both parties' consent. The fee for an Appeal is separate and apart from this Agreement and negotiable between Client and Attorney.

PARAGRAPH 5. ERRORS AND OMISSIONS INSURANCE: Attorney does not maintain errors and omissions insurance applicable to the services to be rendered under this agreement. Disclosure is pursuant to Business and Professions Code §6148(a)(4).

PARAGRAPH 6. LIEN. FIRING/DISCHARGING ATTORNEY: In the event the Client fires/discharges Attorney, the Client hereby grants Attorney a lien upon the case, and upon any documents, records, or papers in connection therewith, and upon any sum received for fees and costs

MLF0056309

incurred or advanced. Said lien is based upon the reasonable value of Attorney's services valued at $350.00 per hour. In addition, Attorney may elect compensation based upon any offer to Client to settle the matter prior to Attorney's discharge, on the basis of *quantum meruit* for the overall value of the services provided, or under any option listed in paragraph 3(e). Client further agrees that any recovery obtained after attorney's discharge will contain Attorney's name on any draft/check and be deposited in any interest-bearing trust account bearing Attorney's name and the name of Client's new lawyer(s), and require Attorney to be signatory to said trust account together with Client's new lawyer(s). Client agrees that any recovery disagreement or fee dispute will be submitted to the California State Bar Association for resolution pursuant to said Bar's procedures, subject to whether the action was filed in Northern or Southern California. Actions filed outside the State of California will be subject to the procedures of the California State Bar Association. Each side will bear its own Arbitration costs. If the Client discharges the Attorney, the Attorney shall retain a copy of the file, and the cost of duplicating the file will be assessed the Client as a cost.

PARAGRAPH 7. SETTLEMENT: Client acknowledges that no settlement shall be made without the consent of both Client and Attorney. Client further acknowledges that settlement agreements and releases which contain language releasing claims for personal injury and emotional distress, etc. is for the purpose of giving defendant(s) a full release of all claims and to ensure, (to the extent possible) that Client's recovery will not be taxable as income. Attorney makes no guarantee as to any tax consequences for Client and is not advising Client as to same.

PARAGRAPH 8. Client acknowledges that Attorney has made no guarantees regarding the successful termination of this case, and all expressions relative thereto are matters of his opinion only.

The undersigned acknowledges and agrees to the foregoing terms and conditions of said Retainer Agreement. If more than one Client, this agreement may be signed in counterparts. Client acknowledges receipt of duplicate copy of this Agreement.

_____Initial          _____Initial

MLF0056310

DATE:_____          _____
                               CLIENT'S SIGNATURE

DATE:_____          _____
                               CLIENT'S NAME

                               _____
                               ADDRESS

                               _____
                               CITY

                               _____
                               TELEPHONE

MY WITNESS(S) ARE _____
(if none please indicate so)

DATE:_____          MOORE LAW FIRM, PC

                               _____
                               ATTORNEY FOR RONALD MOORE

MLF0056311

EX. 107-15

1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: tanya@moorelawfirm.com

5  Attorneys for Plaintiff
   Ronald Moore
6

7

8              UNITED STATES DISTRICT COURT

9             EASTERN DISTRICT OF CALIFORNIA

10

11  RONALD MOORE,                    )  No.
                                     )
12          Plaintiff,               )  COMPLAINT ASSERTING DENIAL OF
                                     )  RIGHT OF ACCESS UNDER
13     vs.                           )  AMERICANS WITH DISABILITIES ACT
                                     )  FOR INJUNCTIVE RELIEF,
14  TRINI'S OIL, INC., dba TRINI'S BEACON;  )  DECLARATORY RELIEF, DAMAGES,
    TRINIDAD TORRES, as Trustee of the  )  ATTORNEYS' FEES AND COSTS (ADA)
15  TORRES FAMILY LIVING TRUST DATED  )
    NOVEMBER 9, 1998, and dba TRINI'S  )
16  BEACON; PAULINE TORRES, as Trustee of )
    the TORRES FAMILY LIVING TRUST    )
17  DATED NOVEMBER 9, 1998, and dba   )
    TRINI'S BEACON; MICHAEL TORRES;   )
18                                    )
19          Defendants.              )
                                     )
20                                   )
                                     )
21  _____ )

22                  **I. SUMMARY**

23      1.    This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

24  discrimination at the building, structure, facility, complex, property, land, development, and/or

25  surrounding business complex known as:

26          Trini's Beacon
            603 G Street
27          Fresno, CA 93706
            (hereafter "the Facility")
28

*Moore v. Trini's Oil, Inc., et al.*
Complaint
                          Page 1

MLF0033910

2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against TRINI'S OIL, INC., dba TRINI'S BEACON; TRINIDAD TORRES, as Trustee of the TORRES FAMILY LIVING TRUST DATED NOVEMBER 9, 1998, and dba TRINI'S BEACON; PAULINE TORRES, as Trustee of the TORRES FAMILY LIVING TRUST DATED NOVEMBER 9, 1998, and dba TRINI'S BEACON; and MICHAEL TORRES (hereinafter collectively referred to as "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

## II.   JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5.     Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III.   VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV.   PARTIES

7.     Defendants own, operate, and/or lease the Facility, and consist of a person (or persons), firm, and/or corporation.

8.     Plaintiff requires the use of a wheelchair when traveling about in public. Consequently, Plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V.   FACTS

9.     The Facility is a public accommodation facility, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.     Plaintiff visited the Facility and encountered barriers (both physical and intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

MLF0033911

EX. 107-17

goods, services, privileges and accommodations offered at the Facility. Plaintiff personally encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or about August 12, 2013:

      a)    Plaintiff parked at a gas pump and made his way to the entrance of the Facility's store. The ramp from the parking lot to the sidewalk leading to the entrance of the Facility was an improperly configured built-up curb ramp with an uneven surface, and it was difficult for Plaintiff to maneuver up the ramp toward the entrance.

      b)    The building entrance was improperly configured, lacking sufficient maneuvering clearance, and the door was heavy, making it difficult for Plaintiff to open the door.

      c)    The interior of the Facility's store lacked necessary wheelchair clearances and Plaintiff was unable to even enter the store because racks positioned just inside the entrance blocked his way. He was forced to send his friend into the store to pay for Plaintiff's gas while Plaintiff waited outside.

      11.    The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

      12.    Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

      13.    Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

*Moore v. Trini's Oil, Inc., et al.*
Complaint

MLF0033912

EX. 107-18

1   the physically disabled. Moreover, Defendants have the financial resources to remove these
2   barriers from the Facility (without much difficulty or expense), and make the Facility
3   accessible to the physically disabled. To date, however, Defendants refuse to either remove
4   those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

5        14.     At all relevant times, Defendants have possessed and enjoyed sufficient control
6   and authority to modify the Facility to remove impediments to wheelchair access and to
7   comply with the 2010 Standards for Accessible Design and the California Code of Regulations
8   Title 24. Defendants have not removed such impediments and have not modified the Facility to
9   conform to accessibility standards. Defendants have intentionally maintained the Facility in its
10  current condition and have intentionally refrained from altering the Facility so that it complies
11  with the accessibility standards.

12       15.     Plaintiff further alleges that the (continued) presence of barriers at the Facility is
13  so obvious as to establish Defendants' discriminatory intent. On information and belief,
14  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere
15  to relevant building standards; disregard for the building plans and permits issued for the
16  Facility; conscientious decision to maintain the architectural layout (as it currently exists) at
17  the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'
18  property continues to exist in its non-compliant state. Plaintiff further alleges, on information
19  and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the
20  Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

21                              **VI.    FIRST CLAIM**
22                    **Americans with Disabilities Act of 1990**
23                    Denial of "Full and Equal" Enjoyment and Use

24       16.     Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for
25  this claim.

26       17.     Title III of the ADA holds as a "general rule" that no individual shall be
27  discriminated against on the basis of disability in the full and equal enjoyment (or use) of
28  goods, services, facilities, privileges, and accommodations offered by any person who owns,

MLF0033913

EX. 107-19

1   operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

2       18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

3   enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

4   Facility during each visit and each incident of deterrence.

5                   Failure to Remove Architectural Barriers in an Existing Facility

6       19.    The ADA specifically prohibits failing to remove architectural barriers, which

7   are structural in nature, in existing facilities where such removal is readily achievable. 42

8   U.S.C. § 12182(b)(2)(A)(iv).

9       20.    When an entity can demonstrate that removal of a barrier is not readily

10  achievable, a failure to make goods, services, facilities, or accommodations available through

11  alternative methods is also specifically prohibited if these methods are readily achievable. Id.

12  § 12182(b)(2)(A)(v).

13      21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

14  barriers at the Facility without much difficulty or expense, and that Defendants violated the

15  ADA by failing to remove those barriers, when it was readily achievable to do so.

16      22.    In the alternative, if it was not "readily achievable" for Defendants to remove

17  the Facility's barriers, then Defendants violated the ADA by failing to make the required

18  services available through alternative methods, which are readily achievable.

19                  Failure to Design and Construct an Accessible Facility

20      23.    Plaintiff alleges on information and belief that the Facility was designed and

21  constructed (or both) after January 26, 1992 – independently triggering access requirements

22  under Title III of the ADA.

23      24.    The ADA also prohibits designing and constructing facilities for first occupancy

24  after January 16, 1993, that aren't readily accessible to, and usable by, individuals with

25  disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

26      25.    Here, Defendants violated the ADA by designing and constructing (or both) the

27  Facility in a manner that was not readily accessible to the physically disabled public –

28

*Moore v. Trini's Oil, Inc., et al.*
Complaint

Page 5

MLF0033914

1   including Plaintiff – when it was structurally practical to do so.[1]

2                    <u>Failure to Make an Altered Facility Accessible</u>

3          26.    Plaintiff alleges on information and belief that the Facility was modified after

4   January 26, 1992, independently triggering access requirements under the ADA.

5          27.    The ADA also requires that facilities altered in a manner that affects (or could

6   affect) its usability must be made readily accessible to individuals with disabilities to the

7   maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's

8   primary function also requires making the paths of travel, bathrooms, telephones, and drinking

9   fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

10         28.    Here, Defendants altered the Facility in a manner that violated the ADA and

11  was not readily accessible to the physically disabled public – including Plaintiff – to the

12  maximum extent feasible.

13                  <u>Failure to Modify Existing Policies and Procedures</u>

14         29.    The ADA also requires reasonable modifications in policies, practices, or

15  procedures, when necessary to afford such goods, services, facilities, or accommodations to

16  individuals with disabilities, unless the entity can demonstrate that making such modifications

17  would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

18         30.    Here, Defendants violated the ADA by failing to make reasonable modifications

19  in policies, practices, or procedures at the Facility, when these modifications were necessary to

20  afford (and would not fundamentally alter the nature of) these goods, services, facilities, or

21  accommodations.

22         31.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney

23  fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

24         32.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants

25  violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

26

27

28
    _____
    [1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a
    private attorney general under either state or federal statutes.

    *Moore v. Trini's Oil, Inc., et al.*
    Complaint
                                          Page 6

MLF0033915

## VII.   SECOND CLAIM

### Unruh Act

33.     Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.     California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.     California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.     Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

40.     Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.     Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.     Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of

*Moore v. Trini's Oil, Inc., et al.*
Complaint

MLF0033916

EX. 107-22

1   Government Code § 4450.

2       43.    Health and Safety Code § 19959 states, in part, that: Every existing (non-

3   exempt) public accommodation constructed prior to July 1, 1970, which is altered or

4   structurally repaired, is required to comply with this chapter.

5       44.    Plaintiff alleges the Facility is a public accommodation constructed, altered, or

6   repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code

7   § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

8       45.    Defendants' non-compliance with these requirements at the Facility aggrieved

9   (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

10  Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

11                        **IX.    PRAYER FOR RELIEF**

12      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

13      1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

14      2.    Declaratory relief that Defendants violated the ADA for the purposes of Unruh

15            Act damages.

16      3.    Statutory minimum damages under section 52(a) of the California Civil Code

17            according to proof.

18      4.    Attorneys' fees, litigation expense, and costs of suit.[2]

19      5.    Interest at the legal rate from the date of the filing of this action.

20      6.    For such other and further relief as the Court deems proper.

21

22  Dated: May 19, 2014                    MOORE LAW FIRM, P.C.

23                                         */s/ Tanya E. Moore*
                                           Tanya E. Moore
24                                         Attorneys for Plaintiff
25                                         Ronald Moore

26

27

28
   _____
   [2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.


*Moore v. Trini's Oil, Inc., et al.*
Complaint
                              Page 8

MLF0033917

EX. 107-23

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.


Dated:___May 19, 2014_____        _/s/ Ronald Moore_____
                                     Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                     _/s/ Tanya E. Moore_____
                                     Tanya E. Moore, Attorney for
                                     Plaintiff, Ronald Moore

*Moore v. Trini's Oil, Inc., et al.*
*Verification*

MLF0033918

EX. 107-24

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 5/19/14

_Ronald Moore_

Ronald Moore

*Moore v. Trini's Oil, Inc., et al.*
*Verification*

MLF0033921

EX. 107-25

# Exhibit 108

```
    --------------------
         KING
          OF
         KABOB
    --------------------


    DATE 08.05.'10    THU


    L BEEF KBOB X1   $8.95
    MISC X1          $7.95
    MISC X1          $7.95
    TAX1 AMT         $1.98
    TOTAL           $26.83
    CASH            $26.83
    CLERK 1      NO.020053
    TIME 16:36        0000
```

MLF0026538

EX. 108-2

(Ron)

King of Kabob
Corner of Fresno +
Bullard

there is no H/C
parking or Signs at all.
Counters are too high to
pay. Have a Hard time
getting in Bathroom Because
there are High chairs + Racks
then once you get in there's
No light switch in Bathroom
So you have to go look
out to turn on light.

also front door Slams
Shut.

MLF0026539

EX. 108-3



# MOORE LAW FIRM
### PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
· Attorney at Law

Martha H. Alvizo
Paralegal

August 17, 2010

Mr. Ron Moore
80 N. Hughes Ave
Clovis, CA 93612

Re: *Arby's, Applebee's, Alberto's Mexican Food, Baskin Robins,Country Waffles, Stop N Save Liquor ,Susie's Deal, Win Wah Chinese Restaurant,Varsity Liquor ,Villa Food Mart, Oshard Supply, King of Kabob.*

Dear Mr. Moore:

This letter is to inform you that we have received your request to file a lawsuit on your behalf against the above-referenced facility along with the receipt of purchase you provided. Please be advised that we will investigate the barriers to access encountered by you and advise you within three weeks if we decide to accept this case.

Thank you for sending us this information. If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

*Tanya Moore*

Tanya Moore
Attorney at Law

TM/ma

MLF0046738

EX. 108-4

ADAI No. :     00794-Moore

Case Name:     Moore v. King of Kabob

Address:       424 E Bullard Ave, Fresno

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| There is no accessible parking near the entrance | Plaintiff could not locate any accessible parking, was looking for signs but did not see any and had to park in a non-accessible space | Yes |
| There was no accessible route provided to the entrance | Plaintiff had difficulty using the built-up curb ramp in order to get to the entrance because it was too narrow and sloped | Yes, looks that way but could not measure it and it does not look right |
| Sidewalk narrow and obstructed by newsstands | The sidewalk leading to the entrance of the Facility lacked necessary wheelchair clearances and was obstructed by newspaper displays, making it difficult for Plaintiff to maneuver his wheelchair down the sidewalk and around the obstacles. | Yes, but leave it out of the complaint, because sidewalk obstructions are mainly in front of 7/11 |
| No accessible table | Plaintiff could not find an accessible table to eat at | Yes |
| Register counter was too high | Plaintiff had difficulty reaching up onto the counter | Yes |
| Fixtures in the bathroom are not accessible | Plaintiff had difficulty reaching the seat cover dispenser.

When he went to wash his hands he had difficulty using the sink because it was too high. | Yes no CFS either

Yes 38", max is 34" |
| Insufficient wheelchair clearances inside | Plaintiff had difficulty getting around the place because the paths were obstructed by high chairs and racks. | Yes |

1

MLF0026552

EX. 108-5



# MOORE LAW FIRM
### PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

May 23, 2013

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

Ron Moore
80 N. Hughes Ave.
Clovis, CA 93612

**RE:**    ADAI No. 0794
      **King of Kabob (Facility) 424 E. Bullard Ave, Fresno**

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,

Tanya Moore

Tanya Moore
Attorney at Law

TM/ms

Enclosure: Fee Agreement

MLF0026543

Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail:  tanya@moorelawfirm.com

Attorney for Plaintiff
Ronald Moore

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>            Plaintiff,<br><br>     vs.<br><br>VICTORIA FRESNO REALTY, LLC;<br>ARMEN MKHITARYAN dba KING OF<br>KABOB aka KING OF KABOBS; GREG<br>KOHAYAN dba KING OF KABOB aka<br>KING OF KABOBS; OGANES HAKOPYAN<br>dba KING OF KABOB aka KING OF<br>KABOBS,<br><br>            Defendants. | No. <br><br>**COMPLAINT ASSERTING DENIAL OF<br>RIGHT OF ACCESS UNDER<br>AMERICANS WITH DISABILITIES ACT<br>FOR INJUNCTIVE RELIEF,<br>DECLARATORY RELIEF, DAMAGES,<br>ATTORNEYS' FEES AND COSTS (ADA)** |

## I. SUMMARY

1.       This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

discrimination at the building, structure, facility, complex, property, land, development,

and/or surrounding business complex known as:

> King of Kabob
> 424 E. Bullard Ave.
> Fresno, CA  93710
> (hereafter "the Facility")

2.       Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

costs, against VICTORIA FRESNO REALTY, LLC; ARMEN MKHITARYAN dba KING

MLF0026575

EX. 108-7

1   OF KABOB aka KING OF KABOBS; GREG KOHAYAN dba KING OF KABOB aka

2   KING OF KABOBS; OGANES HAKOPYAN dba KING OF KABOB aka KING OF

3   KABOBS (hereinafter collectively referred to as "Defendants"), pursuant to the Americans

4   with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California

5   statutes.

**II.    JURISDICTION**

7       3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for

8   ADA claims.

9       4.      Supplemental jurisdiction for claims brought under parallel California law –

10  arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

11      5.      Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

**III.    VENUE**

13      6.      All actions complained of herein take place within the jurisdiction of the

14  United States District Court, Eastern District of California, and venue is invoked pursuant to

15  28 U.S.C. § 1391(b), (c).

**IV.    PARTIES**

17      7.      Defendants own, operate, and/or lease the Facility, and consist of a person (or

18  persons), firm, and/or corporation.

19      8.      Plaintiff requires the use of a wheelchair when traveling about in public.

20  Consequently, Plaintiff is "physically disabled," as defined by all applicable California and

21  United States laws, and a member of the public whose rights are protected by these laws.

**V.    FACTS**

23      9.      The Facility is a public accommodation facility, open to the public, which is

24  intended for nonresidential use and whose operation affects commerce.

25      10.     Plaintiff visited the Facility and encountered barriers (both physical and

26  intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

27  goods, services, privileges and accommodations offered at the Facility.  Plaintiff personally

28  encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

*Moore v. Victoria Fresno Realty, LLC, et al.*
Complaint

MLF0026576

EX. 108-8

1    about August 5, 2010:

2         a)   Plaintiff was unable to locate any accessible parking and was forced to
3              park in a standard parking space, making it difficult for him to transfer
4              between his vehicle and wheelchair.

5         b)   Plaintiff was unable to locate an accessible route of travel from the
6              parking lot to the entrance of the Facility. Plaintiff had difficulty
7              accessing the curb ramp because it was sloped and too narrow.

8         c)   Plaintiff was not able to find an accessible table to eat. Plaintiff was
9              forced to sit at a standard table where he ate by extending his body to
10             reach the food on the table. This was uncomfortable for Plaintiff,
11             causing pain to his back.

12        d)   Plaintiff had difficulty completing his transaction because the register
13             counter was too high. Plaintiff had to extend his body to hand the
14             Facility employee his money. This was uncomfortable for Plaintiff,
15             causing pain to his back.

16        e)   Plaintiff had difficulty using the restroom because the fixtures were not
17             accessible. The seat cover dispenser was out of reach denying him the
18             use of the item and the sink was too high, which forced Plaintiff to
19             extend his body to reach the faucet, which was uncomfortable, causing
20             pain to Plaintiff's back.

21        f)   Plaintiff had difficulty maneuvering his wheelchair within the Facility
22             because the paths of travel were obstructed by chairs and racks.

23        11.  The barriers identified in paragraph 10 herein are only those that Plaintiff
24   personally encountered. Plaintiff is presently unaware of other barriers which may in fact
25   exist at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint
26   once such additional barriers are identified as it is Plaintiff's intention to have all barriers
27   which exist at the Facility and relate to his disabilities removed to afford him full and equal
28   access.

*Moore v. Victoria Fresno Realty, LLC, et al.*
Complaint

MLF0026577

EX. 108-9

12.    Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

13.    Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled.  To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.    At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair access and to comply with the 2010 Standards for Accessible Design and the California Code of Regulations Title 24.  Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards.  Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

15.    Plaintiff further alleges that the (continued) presence of barriers at the Facility is so obvious as to establish Defendants discriminatory intent.  On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the Facility; decision not to remove barriers from the Facility; and allowance that Defendants' property continues to exist in its non-compliance state. Plaintiff further alleges, on information and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

*Moore v. Victoria Fresno Realty, LLC, et al.*
Complaint

Page 4

MLF0026578

EX. 108-10

## VI.    FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).

20.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable.  <u>Id</u>. § 12182(b)(2)(A)(v).

21.    Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.    In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

23.    Plaintiff alleges on information and belief that the Facility was designed and

*Moore v. Victoria Fresno Realty, LLC, et al.*
Complaint

MLF0026579

EX. 108-11

1  constructed (or both) after January 26, 1992 – independently triggering access requirements

2  under Title III of the ADA.

3      24.    The ADA also prohibits designing and constructing facilities for first

4  occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals

5  with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

6      25.    Here, Defendants violated the ADA by designing and constructing (or both)

7  the Facility in a manner that was not readily accessible to the physically disabled public –

8  including Plaintiff – when it was structurally practical to do so.[1]

9  Failure to Make an Altered Facility Accessible

10      26.    Plaintiff alleges on information and belief that the Facility was modified after

11  January 26, 1992, independently triggering access requirements under the ADA.

12      27.    The ADA also requires that facilities altered in a manner that affects (or could

13  affect) its usability must be made readily accessible to individuals with disabilities to the

14  maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a

15  facility's primary function also requires making the paths of travel, bathrooms, telephones,

16  and drinking fountains serving that area accessible to the maximum extent feasible. Id.

17      28.    Here, Defendants altered the Facility in a manner that violated the ADA and

18  was not readily accessible to the physically disabled public – including Plaintiff – to the

19  maximum extent feasible.

20  Failure to Modify Existing Policies and Procedures

21      29.    The ADA also requires reasonable modifications in policies, practices, or

22  procedures, when necessary to afford such goods, services, facilities, or accommodations to

23  individuals with disabilities, unless the entity can demonstrate that making such

24  modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

25      30.    Here, Defendants violated the ADA by failing to make reasonable

26  modifications in policies, practices, or procedures at the Facility, when these modifications

27  

28  _____

[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. Victoria Fresno Realty, LLC, et al.*
Complaint

Page 6

MLF0026580

EX. 108-12

1  were necessary to afford (and would not fundamentally alter the nature of) these goods,

2  services, facilities, or accommodations.

3      31.   Plaintiff seeks all relief available under the ADA (i.e., injunctive relief,

4  attorney fees, costs, legal expense) for these aforementioned violations.  42 U.S.C. § 12205.

5      32.   Plaintiff seeks a finding from this Court (i.e., declaratory relief) that

6  Defendants violated the ADA in order to pursue damages under California's Unruh Civil

7  Rights Act or Disabled Persons Act.

8                    VII.    SECOND CLAIM

9                        Unruh Act

10     33.   Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for

11  this claim.

12     34.   California Civil Code § 51 states, in part, that:  All persons within the

13  jurisdiction of this state are entitled to the full and equal accommodations, advantages,

14  facilities, privileges, or services in all business establishments of every kind whatsoever.

15     35.   California Civil Code § 51.5 also states, in part that:  No business

16  establishment of any kind whatsoever shall discriminate against any person in this state

17  because of the disability of the person.

18     36.   California Civil Code § 51(f) specifically incorporates (by reference) an

19  individual's rights under the ADA into the Unruh Act.

20     37.   Defendants' aforementioned acts and omissions denied the physically

21  disabled public – including Plaintiff – full and equal accommodations, advantages, facilities,

22  privileges and services in a business establishment (because of their physical disability).

23     38.   These acts and omissions (including the ones that violate the ADA) denied,

24  aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

25     39.   Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

26  minimum damages of four thousand dollars ($4,000) for each offense.

27     40.   Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

28  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

*Moore v. Victoria Fresno Realty, LLC, et al.*
Complaint

MLF0026581

EX. 108-13

1  § 52(a).

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.     Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.     Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

43.     Health and Safety Code § 19959 states, in part, that:  Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

44.     Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

45.     Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3.     Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

4.     Attorneys' fees, litigation expense, and costs of suit.[2]

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Victoria Fresno Realty, LLC, et al.*
Complaint

Page 8

**MLF0026582**

EX. 108-14

1    5.    Interest at the legal rate from the date of the filing of this action.

2    6.    For such other and further relief as the Court deems proper.

3

Dated: August 11, 2013                    MOORE LAW FIRM, P.C.

4

5                                          /s/ Tanya E. Moore
                                           Tanya E. Moore
6                                          Attorneys for Plaintiff,
                                           Ronald Moore
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Moore v. Victoria Fresno Realty, LLC, et al.*
Complaint

MLF0026583

EX. 108-15

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.


Dated:_____8/11/13_____            _/s/  Ronald Moore_____
                                      Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                      /s/ Tanya E. Moore_____
                                      Tanya E. Moore, Attorney for
                                      Plaintiff, Ronald Moore

*Ronald Moore v. Victoria Fresno Realty, LLC, et al.*

Verification

MLF0026584

EX. 108-16

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 8/11/13                              _Ronald Moore_

                                            Ronald Moore

*Ronald Moore v. Victoria Fresno Realty, LLC, et al.*

Verification

MLF0026585

EX. 108-17

# Exhibit 109

(Ron)

Shell gas aka Villa food mart (clovis)

Have a HK spot with no
Ramp, Have to go out
into street to access.
~~Ran~~ Ramp to front
Door (which) may
Be a little too steep.

Bullards and Villa
Foodmart
Shell on
Bad sign so when
parking have to
go into the street
Then Grade of
Ramp is Bad
Doors Bad to get
in word of
Counter to check
out was High.

```
REPRINT
SHELL             1234

VILLA FOOD MART
185 W. BULLARD
CLOVIS CA 93612

08/06/10      18:33
SM BAG ICE   $1.79T
TOTAL         $1.95
CASH         $18.95

TL/NOTAX      $1.79
TAX PD        $0.16
CHANGE       $17.00
RECEIPT NO. 2-6468

THANK YOU
PLEASE COME
AGAIN!!!
```

```
08/06/10      18:33
GREEN-TEA     $1.05
SUBTOT        $1.05
TOTAL         $1.05
CASH         $20.00

TL/NOTAX      $1.05
TAX PD        $0.00
CHANGE       $18.95
RECEIPT NO. 2-6467
```

MLF0053659

VILLA FOOD MART
185 W. BULLARD
CLOVIS CA 93612

Villa Food Mart
185 W. Bullard
Clovis, CA 93612

Register: 1 Trans #: 6329 to ID: 3
Your Cashier: Yong

GRIZZLY          1          $3.19

Subtotal =    $3.19
Tax =    $0.25
Total =    $3.44
Change Due =    $-1.55

Cash          $5.00

THANK YOU PLEASE
PLEASE COME AGAIN !!!

---

VILLA FOOD MART
185 W. BULLARD
CLOVIS CA 93612

SHELL
185 W BULLARD AVE
CLOVIS        CA   93612
5000409353

1/03/2013 6:45:23 PM
Register: 2 Trans #: 7372 to ID: 6
Your cashier: Lauren

$5 LOTTO          $5.00 NT
$5 LOTTO          $5.00 NT
BURRITO           $1.01 T
BURRITO

Subtotal =    $13.00
Tax =    $0.25
Total =    $13.25

Change Due =    $0.00

Credit          $13.25

XXXX XXXX XXXX 4370, MASTERCARD
AUTH R10222
INVOICE 860129
Buyer agrees to pay the total, according
to the agreement with the card issuer

THANK YOU PLEASE
PLEASE COME AGAIN !!!

Villa Mart, Inc.
185 W. Bullard Ave,
Clovis, CA 93612

To: Moore Law Firm P.C.
332 North 2nd St
San Jose, Ca. 95112

from:

MLF0053663



# MOORE LAW FIRM
## P R O F E S S I O N A L   C O R P O R A T I O N

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Martha H. Alvizo
*Paralegal*

August 17, 2010

Mr. Ron Moore
80 N. Hughes Ave
Clovis, CA 93612

Re:   *Arby's, Applebee's, Alberto's Mexican Food, Baskin Robins, Country Waffles, Stop N Save Liquor, Susie's Deal, Win Wah Chinese Restaurant, Varsity Liquor, Villa Food Mart, Oshard Supply, King of Kabob.*

Dear Mr. Moore:

This letter is to inform you that we have received your request to file a lawsuit on your behalf against the above-referenced facility along with the receipt of purchase you provided. Please be advised that we will investigate the barriers to access encountered by you and advise you within three weeks if we decide to accept this case.

Thank you for sending us this information. If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

Tanya Moore
Tanya Moore
Attorney at Law

TM/ma

MLF0046738

EX. 109-4





**PROFESSIONAL CORPORATION**

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

April 4, 2012

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

Ronald Moore
80 N. Hughes Avenue
Clovis, CA 93612

Re:   <u>Moore v. Villa Food Mart</u>
      <u>Moore v. Inang's Kitchen</u>

Dear Mr. Moore:

This letter is written confirmation of my telephone request to you of this afternoon.

As I informed you, we have somehow misplaced the receipt dated 8/6/2010 for Green-Tea ($1.05) that you sent us from Shell Villa Food Mart located at 185 W. Bullard in Clovis. As way of reminder, your comments were that they had no van parking, the signs were wrong and that to get access to the ramp to the front door, you had to go all the way out to the street. You also mentioned that the cashier counter was too high. Although we have the scanned receipt, which shows you were there, it's always better to have an original. Should you return to the Shell Villa Food Mart in the near future, please keep the receipt and forward it to me. I have enclosed a self-addressed, stamped envelope for your convenience.

I also explained to you that it looks like Inang's Kitchen located at 75 Bullard in Clovis has closed down. If you happen to go buy it and see that it is ever open, please give me a call and we can file the complaint that has been prepared on your behalf in that matter.

Thank you for your cooperation.

Very truly yours,

Kathy

Kathy Powell, Paralegal to
TANYA MOORE

Encl.

MLF0053660

1  Tanya E. Moore, SBN 206683
   MOORE LAW FIRM, P.C.
2  332 North Second Street
   San Jose, California 95112
3  Telephone (408) 298-2000
   Facsimile (408) 298-6046
4  E-mail: tanya@moorelawfirm.com

5  Attorneys for Plaintiff
   RONALD MOORE

6

7

8                   UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11  RONALD MOORE,                          )  No.
                                           )
12          Plaintiff,                     )  PLAINTIFF'S COMPLAINT ASSERTING
                                           )  DENIAL OF RIGHT OF ACCESS UNDER
13      vs.                                )  AMERICANS WITH DISABILITIES ACT
                                           )  FOR INJUNCTIVE RELIEF,
14  VILLA MART, INC.; KEUM SOOK LEE and    )  DECLARATORY RELIEF, DAMAGES,
    KI HONG LEE dba VILLA FOOD MART,       )  ATTORNEYS' FEES AND COSTS (ADA)
15                                         )
                                           )
16          Defendants.                    )
                                           )
17  _____       )

18                      I. SUMMARY

19      1.      This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

20  discrimination at the building, structure, facility, complex, property, land, development,

21  and/or surrounding business complex known as:

22  Villa Food Mart
    185 W. Bullard Avenue
23  Clovis, CA  93612
24  (hereafter "the Facility")

25      2.      Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

26  costs, against Villa Mart, Inc.; Keum Sook Lee and Ki Hong Lee dba Villa Food Mart,

27  (hereinafter collectively referred to as "Defendants"), pursuant to the Americans with

28  Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

*Moore v. Villa Mart, Inc., et al*                                    Complaint

MLF0053662

EX. 109-6

# MOORE LAW FIRM, PROFESSIONAL CORPORATION

**332 N. Second Street**
**San Jose, CA 95112**
**(408) 298-2000**

I hereby agree that the Moore Law Firm, PC has my permission to execute any kind of settlement agreement and/or endorse any settlement check or document in connection with my Americans with Disabilities Act Lawsuit against  Villa Food Mart .

DATE: 2/24/2012

*Ronald Moore*

CLIENT'S SIGNATURE – Ronald Moore

*80 N Hughes*

ADDRESS

*Clovis CA 93612*

CITY

*559 298 3228*

TELEPHONE

DATE:_____

MOORE LAW FIRM, PC
ATTORNEY FOR

MLF056514

EX. 109-7

incurred or advanced. Said lien is based upon the reasonable value of Attorney's services valued at $350.00 per hour. In addition, Attorney may elect compensation based upon any offer to Client to settle the matter prior to Attorney's discharge, on the basis of *quantum meruit* for the overall value of the services provided, or under any option listed in paragraph 3(e). Client further agrees that any recovery obtained after attorney's discharge will contain Attorney's name on any draft/check and be deposited in any interest-bearing trust account bearing Attorney's name and the name of Client's new lawyer(s), and require Attorney to be signatory to said trust account together with Client's new lawyer(s). Client agrees that any recovery disagreement or fee dispute will be submitted to the California State Bar Association for resolution pursuant to said Bar's procedures, subject to whether the action was filed in Northern or Southern California. Actions filed outside the State of California will be subject to the procedures of the California State Bar Association. Each side will bear its own Arbitration costs. If the Client discharges the Attorney, the Attorney shall retain a copy of the file, and the cost of duplicating the file will be assessed the Client as a cost.

PARAGRAPH 7. SETTLEMENT: Client acknowledges that no settlement shall be made without the consent of both Client and Attorney. Client further acknowledges that settlement agreements and releases which contain language releasing claims for personal injury and emotional distress, etc. is for the purpose of giving defendant(s) a full release of all claims and to ensure, (to the extent possible) that Client's recovery will not be taxable as income. Attorney makes no guarantee as to any tax consequences for Client and is not advising Client as to same.

PARAGRAPH 8. Client acknowledges that Attorney has made no guarantees regarding the successful termination of this case, and all expressions relative thereto are matters of his opinion only.

The undersigned acknowledges and agrees to the foregoing terms and conditions of said Retainer Agreement. If more than one Client, this agreement may be signed in counterparts. Client acknowledges receipt of duplicate copy of this Agreement.

_____Initial          _____Initial

MLF056515

EX. 109-8

DATE: _12/27/12_

_Ronald Moore_
CLIENT'S SIGNATURE

DATE: _12/27/12_

_Ronald Moore_
CLIENT'S NAME

_80 N Hughes_
ADDRESS

_Clovis CA 93612_
CITY

_559 298 3228_
TELEPHONE

MY WITNESS(S) ARE _____
(if none please indicate so)

DATE:_____

MOORE LAW FIRM, PC

_____
ATTORNEY FOR

MLF056516

EX. 109-9

# MOORE LAW FIRM, PROFESSIONAL CORPORATION

332 N. Second Street
San Jose, CA 95112
(408) 298-2000

 

I hereby agree that the Moore Law Firm, PC has my permission to execute any kind of settlement agreement and/or endorse any settlement check or document in connection with my Americans with Disabilities Act Lawsuit against __Villa Food Mart__ .

 

DATE: 2/24/2012

_____
CLIENT'S SIGNATURE – Ronald Moore

_____
ADDRESS

_____
CITY

_____
TELEPHONE

DATE:_____

MOORE LAW FIRM, PC
ATTORNEY FOR

MLF056517

EX. 109-10

*CIVIL RIGHTS LAWSUIT FEE AGREEMENT*

# MOORE LAW FIRM, PROFESSIONAL CORPORATION
**332 N. Second Street**
**San Jose, CA 95112**
**(408) 298-2000**

THIS AGREEMENT, made this 2/22/12 at **San Jose, CA,** by and between <u>RONALD MOORE</u>

hereinafter designated as "Client," and **the Moore Law Firm, PC,** hereinafter designated as "Attorney,"

witnesseth:

In consideration of all services rendered by Attorney to Client, Client retains Attorney to

represent him/her as his/her attorney at law in the case against <u>***Villa Food Mart***</u> and whosoever may

be liable. No tort action shall be filed for emotional distress (unless otherwise agreed).

PARAGRAPH 1. ATTORNEY TAKES ALL STEPS NECESSARY: Client empowers

Attorney to take all steps the Attorney deems advisable to institute appropriate legal proceedings and

resolve Client's claims.

PARAGRAPH 2. COOPERATION: Client agrees to cooperate fully throughout litigation and

immediately notify Attorney of any changes in address, phone number, or employment. If Client fails to

cooperate and Attorney withdraws from the case, the lien provisions of Paragraph 6 will apply.

## FEE ARRANGEMENTS

PARAGRAPH 3(a). CONTINGENCY FEE ARRANGEMENTS: If the Client doesn't recover,

or fees are not awarded to the Attorney, no fee will be charged to the Client. In any contingency fee

agreement, the fee is not set by law, but is negotiable between Attorney and Client unless the claim is

subject to Business and Professions Code Section 6146, (i.e. an action filed on behalf of a minor where

the fee which in contingent upon court approval.) In any event, any fee that requires court approval will

be the fee that controls this agreement.

MLF056518

PARAGRAPH 3(b). PURPOSE OF THE CIVIL RIGHTS ACTION: Client understands and acknowledges that in civil rights actions, this action's primary purpose is to enforce Client's civil rights through injunctive relief. Injunctive relief does not entitle the claimant/client to any monetary recovery and separate claims for tort or personal injury actions will not be filed. Emotional distress and personal injury claims will be incorporated, wherein appropriate, in claims for discrimination, but not set forth as an independent and separate claim. As noted, some claims may include personal injury and statutory violations. Civil rights actions alleging discrimination, *vis-à-vis*, emotional distress and personal injury, seek compensatory damages (money) that may be significantly less than the hourly attorneys' fees generated.

PARAGRAPH 3( c ). NO GUARANTEES: Attorney cannot guarantee that the Client will receive a monetary recovery.

PARAGRAPH 3 (d)(i). PREVAILING PARTY: If the Client is prevailing party, (as defined by statute) their attorneys' fee may be paid by the defendant(s). The operative language of these statutes is the court "may" award reasonable attorneys' fees; there is no guarantee that the Attorney will receive any fees. However, considering the primary purpose of this civil rights action, the Client understands that Attorney will seek fees and costs for services rendered under Paragraph 3(e).

PARAGRAPH 3 (d)(ii). CLIENT AND ATTORNEY CONFLICT OF INTEREST: Notwithstanding the previous paragraph, Client understands that attorneys' fees in civil rights cases usually exceed monetary settlements from mediation, arbitration, or a trial verdict. Client understands the Attorney may receive nothing for services rendered and costs advanced. Client also understands there is a potential conflict of interest, if the Attorney is required to negotiate the Client's damages and the attorneys' fee with either the defendant or the Client. The Client understands that where insurance coverage exists, defendant will often attempt to offset attorneys' fees by paying more in compensatory damages to reduce the monetary amount paid with defendant's personal assets toward settlement. The Client should consult with any other lawyer for legal advice before entering into this contract. Client

MLF056519

agrees that by entering into this contract he/she is waiving any objection to this potential conflict of interest, and authorizes the Attorney to negotiate any possible settlement as to both the Client's recovery and the attorneys' fees and costs.

## FEES

Hence, Client agrees to pay the fees herein described, duly noting the conflict that exists, at the option of Attorney, as set forth under Fee Determination, as follows:

PARAGRAPH 3(e). FEE DETERMINATION AT ATTORNEY'S OPTION:

(i)     Attorneys' fees based upon services rendered at the billing rate listed in paragraph 3(f) or negotiated with Client as part of the settlement;

OR

(ii)     Attorneys' fees negotiated with defendants as part of settlement, or the fee awarded by the court;

OR

(iii)     In the event the attorneys' fees awarded by the court arbitration, mediation, or settlement, are less than the amount sought, then the Client will pay the balance of fees;

OR

(iv)     In addition to the attorneys' fees based upon the Paragraph 3(f) billing rate or negotiated with Client as part of the settlement, a third of the total amount recovered by way of settlement, mediation, arbitration or trial for any claims of discrimination, emotional distress, personal injury, statute violation, loss of earnings or any other compensatory damages. This third constitutes a multiplier-bonus for the risk of litigation and costs advanced by Attorney on behalf of the Client;

OR

(v)     The fee of 40% of the total amounts recovered by way of settlement, mediation, arbitration or trial for any claims, plus any attorneys' fees awarded by the court or negotiated with defendant(s) as part of settlement. [40% X (Client recovery + Attorneys' fees)].

MLF056520

EX. 109-13

PARAGRAPH 3(f). BILLING RATE: Attorney's billing rate is from $350.00 to $685.00 per hour. Outside associated attorneys hired are billed at $125.00 to $200.00 per hour, paralegals/legal assistants are billed at $115.00 per hour. Administrative staff is billed at $70.00 to $90.00 per hour.

PARAGRAPH 3(g). PUNITIVE DAMAGES: Punitive damages based upon defendants' despicable conduct may be sought in addition to the compensatory damages. These damages are awarded in a sufficient amount to punish or make an example of the defendant(s). Therefore, if any punitive damages are awarded, Client and Attorney agree to divide punitive damages equally.

PARAGRAPH 3(h). MINOR'S RECOVERY: Client acknowledges that if Client is a minor, the fee set by the Court shall prevail over this Agreement. If the minor reaches the age of majority, the fee set forth in Paragraphs 3(e)(l) of 3(e)(ii) shall prevail at the attorney's option.

PARAGRAPH 3(i). NO RECOVERY NO FEE: As to all attorneys' fees provisions and costs stated herein, if there is no recovery for the Client(s) or no fees awarded the Attorney, <u>no fees will be charged to Client</u> .

PARAGRAPH 3(j). DISBURSEMENT AFTER RECOVERY: For any previously described contingency agreement, hourly fee agreement, or combination thereof, the fee shall be taken from the total settlement and then costs shall be deducted. If Attorney is representing multiple claims in one case a consolidated action, or related actions arising out of the substantially same facts, costs will be allocated on a pro rata recovery for all Clients. If one Client settles before any other, the costs will be divided equally at that point in time or divided by Attorney, as Attorney deems equitable. If the Client and Attorney agree to outstanding liens, or they are statutory by nature, they will be paid.

The balance is Client's net recovery.

In the event of a partial recovery, Client agrees to apply Client's share of the partial recovery toward future costs. Said money will be held in Attorney's trust account.

PARAGRAPH 3(k). COST REIMBURSEMENT: Client agrees to reimburse Attorney for all costs if there is no recovery. Costs include, but not limited to, the following: filing fees, service

MLF056521

EX. 109-14

of process, postage, messenger service, overnight delivery service, investigation, interpreter, experts, record procurement, reference material, computer time/research, medical illustrations, scale drawing, beeper, photography, deposition fees/charges, costs incurred for trial/arbitration/mediation, mileage, word processing, facsimile, and photocopying. A minimum charge of $115.00 will be assessed for opening the file, photocopying and postage. A minimum charge of $500.00 will be charged for on-line computer research. Facsimile charge is $1.00 per page sending/receiving. Photocopying charge is 45¢ per page. When Attorney travels, the mode of travel, travel classification and accommodation shall be determined by the Attorney and constitute costs. It is further acknowledged that the costs of medical care rendered to Client for personal injuries are the Client's responsibility, and do not constitute costs under this Agreement, or charges against Attorney.

PARAGRAPH 3(l). TRAVEL: Client acknowledges and agrees that for purposes of fee determination, time is charged from the time Attorney leaves Attorney's office until return to said office.

PARAGRAPH 3(m). POWER OF ATTORNEY: Client grants a Power of Attorney to Attorney to endorse and deposit, on behalf of Client, any negotiable instruments made payable to the Client and Attorney. Client further instructs and directs Attorney to make all disbursements deemed appropriate by Attorney and to place Client's funds in an interest bearing trust account.

PARAGRAPH 4. APPEALS: Client acknowledges that no Appeals need to be taken without both parties' consent. The fee for an Appeal is separate and apart from this Agreement and negotiable between Client and Attorney.

PARAGRAPH 5. ERRORS AND OMISSIONS INSURANCE: Attorney does not maintain errors and omissions insurance applicable to the services to be rendered under this agreement. Disclosure is pursuant to Business and Professions Code §6148(a)(4).

PARAGRAPH 6. LIEN. FIRING/DISCHARGING ATTORNEY: In the event the Client fires/discharges Attorney, the Client hereby grants Attorney a lien upon the case, and upon any documents, records, or papers in connection therewith, and upon any sum received for fees and costs

MLF056522

incurred or advanced. Said lien is based upon the reasonable value of Attorney's services valued at

$350.00 per hour. In addition, Attorney may elect compensation based upon any offer to Client to settle

the matter prior to Attorney's discharge, on the basis of *quantum meruit* for the overall value of the

services provided, or under any option listed in paragraph 3(e). Client further agrees that any recovery

obtained after attorney's discharge will contain Attorney's name on any draft/check and be deposited in

any interest-bearing trust account bearing Attorney's name and the name of Client's new lawyer(s), and

require Attorney to be signatory to said trust account together with Client's new lawyer(s). Client agrees

that any recovery disagreement or fee dispute will be submitted to the California State Bar Association

for resolution pursuant to said Bar's procedures, subject to whether the action was filed in Northern or

Southern California. Actions filed outside the State of California will be subject to the procedures of the

California State Bar Association. Each side will bear its own Arbitration costs. If the Client discharges

the Attorney, the Attorney shall retain a copy of the file, and the cost of duplicating the file will be

assessed the Client as a cost.

PARAGRAPH 7. SETTLEMENT: Client acknowledges that no settlement shall be made

without the consent of both Client and Attorney. Client further acknowledges that settlement

agreements and releases which contain language releasing claims for personal injury and emotional

distress, etc. is for the purpose of giving defendant(s) a full release of all claims and to ensure, (to the

extent possible) that Client's recovery will not be taxable as income. Attorney makes no guarantee as to

any tax consequences for Client and is not advising Client as to same.

PARAGRAPH 8. Client acknowledges that Attorney has made no guarantees regarding the

successful termination of this case, and all expressions relative thereto are matters of his opinion only.

The undersigned acknowledges and agrees to the foregoing terms and conditions of said Retainer

Agreement. If more than one Client, this agreement may be signed in counterparts. Client

acknowledges receipt of duplicate copy of this Agreement.

_____Initial                    _____Initial

MLF056523

DATE:_____

_____
CLIENT'S SIGNATURE

DATE:_____

_____
CLIENT'S NAME

_____
ADDRESS

_____
CITY

_____
TELEPHONE

MY WITNESS(S) ARE _____
(if none please indicate so)

DATE:_____          MOORE LAW FIRM, PC

_____
ATTORNEY FOR

MLF056524

# Exhibit 110

```
*****************************************
For a Chance to WIN
    see back of receipt
       Survey Code
     H830012053l144256
*****************************************
```

```
            KFC

      Restaurant #H830012

    1144 Country Club Drive
          Madera
        (559)673-4341

        Ticket #4256
2014-05-31              7:45 PM
     H830012 4 34 4256
_____
Cashier: Deelanie
_____
  6P SPCL OR COM        12.12
    Breast
  2 Leg
  2 Thigh
    Wing
    + Lg CSlaw
    + Lg Msh/Grvy
  4 + Biscuit

Tax                      0.97
CARRY OUT              $13.09

ETenderCredit         $13.09
Change
```

 

```
            KFC
    1144 Country Club Drive
      Madera, CA 93638
        (559)673-4341
        2014-05-31
```

## CREDIT SALE

### CHARGE DETAIL

```
Name:       RONALD D MOORE
Card Type:  MasterCard
Account:    ***********7245 S
Auth Code:  05441Z
Trans #:    4256
Auth Ref:   12002PMZ
Sequence #: 023349
```

**AUTH AMT:        $13.09**
**BALANCE:          $0.00**

```
2014-05-31    L1 T4      7:45 PM
```

## CUSTOMER COPY

MLF0042311

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

1. What is the name of the Facility? K.F.C.

2. What is the address of the Facility? 1144 Country Club Dr.

3. When did you visit the Facility? 5/31/14 _____ (Date) _____ (Time)

4. Was this your first visit to the Facility? NO

5. If you have been to the Facility before, please list the date and times of each visit if you can remember, or give an estimate of how often you go. yes? When I there and hungry

6. What was the purpose of your visit? To eat

7. Who accompanied you to the Facility? Ronny and Johnny

8. What car did you drive to the Facility? mine

9. Did you drive yourself or did you get a ride from someone else? I Drove

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. In D/p spot

11. Was it difficult for you to park there? If so, why? Yes Road All cracked up And not enough Room on Drivers side car There

12. How did you unload from your vehicle? ~~Arm~~ ~~me so to the~~ Rear

13. What side of the vehicle did you unload from? Driver or passenger? Drivers Side

14. Did anyone help you to transfer onto your wheelchair? Who? Johnny did Brought my chair to me

15. Did you encounter any problems transferring onto your wheelchair? Describe. No

16. Which way did you go from the parking to the entrance of the Facility? Around car to Access Isle

17. Did you encounter any problems on your way to the entrance, for example a ramp? Describe. yes Ramp went into Street and Access Isle Ramp Very Bad Just a Bunch of pavment Dumped on ground

18. Did you encounter any problems opening the door? Describe. yes Heavy

19. What did you purchase (or what meal did you have there)? Dinner

20. Did you need to use the restroom while you were at the Facility? Why? yes had to pee and wash Hands

21. Describe any problems you encountered with the following (or write "Did not need to use" or "No problems"):

MLF0042308

EX. 110-3

Sink: _Yes___ not wraped_____

Toilet: _yes_____

Urinal: _NO_____

Toilet paper: ~~~~~ _Yes to High_____

Toilet seat covers: _yes to High_____

Paper towels/hand dryer: _yes_____

Soap dispenser: _yes_____

Other: _____

22. Did you have any problem maneuvering inside the restroom? _No_____

23. Was there any seating provided inside the Facility? _yes____

24. Were you able to sit comfortably at the table? If not, why? _No Because could not sit All the way up to the table Because of Leg injury_

25. Did you use the counter to pay for purchase? Which one? _yes only one_

26. Did you pay with cash or credit card? _credit card_

27. Was the counter accessible? If not, describe: _No to High to write ques ronson Ronny signal Reciept_

28. Did you have any other problems inside the Facility? Describe. _Just the Door at the way out And Bathroom Door_

29. Which way did you go after you left the Facility? _To Left Down Ramp to car_

30. Any problems getting back to your vehicle? _Ramp cracked and steep_

31. Any problems transferring from your wheelchair to your vehicle? _No Thoany took me to my Door Then put chair in car payment Real Bad_

32. Any additional information you believe would assist us in evaluating this inquiry?

_____

_____

MLF0042309



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

June 20, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

> RE:  ADAI No.     02030
>       KFC (1144 Country Club Drive, Madera, CA 93638)

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF0042310

EX. 110-5

**BARRIER MEMO**

**ADAI No. :**    02030

**Case Name:**    Moore v. KFC

**Address:**    1144 Country Club Drive, Madera, CA 93638

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| Cracked and Uneven Pavement | The pavement leading to the entrance of the facility was littered with cracks which made it difficult for the plaintiff to wheel his chair over easily and safely. | Y |
| No Room to Unload | The plaintiff parked in the designated handicap parking spot but the access aisle was on the passenger's side and the plaintiff had to unload from the driver's side. This became even more challenging when a car parked right next to the plaintiff's vehicle on the driver's side. With some help from his grandsons, the plaintiff was able to unload into his chair, but with great difficulty. | Y |
| Ramp Extends Far into Street | The ramp leading to the entrance of the facility extended very far into the street which compromised the plaintiff's safety due to the amount of cars that passed by. | Y |
| Access Aisle Ramp Bumpy, Cracked and Steep | The ramp was steep which made it difficult for the plaintiff to smoothly wheel himself up to the facility without losing control of his chair and wheel backwards. In addition, the ramp was very bumpy and cracked which could have caused the plaintiff to tip over if he did not control his wheel chair well enough. | Y |
| Heavy Front Door | The door to the facility was heavy for the client to pull open while in his chair, and even harder to hold open while he wheeled himself inside. Luckily, the plaintiff's grandsons were able to help him. | Y |
| Sink not Wrapped | The sink in the restroom was not wrapped which made it hard for the plaintiff to wheel up to the counter fully to wash his hands for fear of burning his legs on the hot pipes underneath. | ? |
| Toilet Paper Dispenser too High | The toilet paper in the restroom was too high which made it very difficult for the plaintiff to access it. | ? |
| Toilet Seat Covers too High | The toilet seat covers in the restroom were too high which made it hard for the plaintiff to use them. | ? |
| No Accessible Seating | There was a large leg underneath the table at which the plaintiff was sitting which made it impossible for him to wheel up to the table fully. This caused the | Y |

1

MLF0042295

EX. 110-6

| | plaintiff to eat his meal in discomfort. | |
|---|---|---|
| Counter too High and too Wide | The counter was too high and too wide for the plaintiff to wheel up to and reach in order to pay for his meal, so the plaintiff's grandson helped make the transaction. | Y |
| Heavy Restroom Door | The door to the restroom was heavy for the plaintiff to open and to hold open while he wheeled himself inside. | Y |

2

MLF0042296



# MOORE
## LAW FIRM, P.C.

November 17, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

Re: ADAI No. 02030
Vituma Properties, LLC (KFC)
1144 Country Club Drive, Madera, CA 93638

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

*Tanya Moore*

Tanya E. Moore

TEM:ed

Enclosure: Fee Agreement

MLF0042297

EX. 110-8

Tanya E. Moore, SBN 206683
MOORE LAW FIRM, P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: tanya@moorelawfirm.com

Attorneys for Plaintiff
Ronald Moore

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RONALD MOORE, <br><br> Plaintiff, <br><br> vs. <br><br> VITUMA PROPERTIES, LLC; JOINT HEIRS FOOD CORPORATION dba KFC, <br><br> Defendants. | No. <br><br> **COMPLAINT ASSERTING DENIAL OF RIGHT OF ACCESS UNDER AMERICANS WITH DISABILITIES ACT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, ATTORNEYS' FEES AND COSTS (ADA)** |

## I. SUMMARY

1.     This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> KFC
> 1144 Country Club Dr.
> Madera, CA 93638-1582
> (hereafter "the Facility")

2.     Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and costs, against VITUMA PROPERTIES, LLC and JOINT HEIRS FOOD CORPORATION dba KFC (hereinafter collectively referred to as "Defendants"), pursuant to the Americans with

*Moore v. Vituma Properties, LLC, et al.*
Complaint .

MLF0042298

EX. 110-9

1  Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

2  ## II.   JURISDICTION

3      3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

4  claims.

5  .   4.      Supplemental jurisdiction for claims brought under parallel California law –

6  arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

7      5.      Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

8  ## III.   VENUE

9      6.      All actions complained of herein take place within the jurisdiction of the United

10 States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.

11 § 1391(b), (c).

12 ## IV.   PARTIES

13     7.      Defendants own, operate, and/or lease the Facility, and consist of a person (or

14 persons), firm, and/or corporation.

15     8.      Plaintiff is substantially limited in his ability to walk, and must use a wheelchair

16 for mobility. Consequently, Plaintiff is "physically disabled," as defined by all applicable

17 California and United States laws, and a member of the public whose rights are protected by

18 these laws.

19 ## V.   FACTS

20     9.      The Facility is open to the public, intended for non-residential use, and its

21 operation affects commerce. The Facility is therefore a public accommodation as defined by

22 applicable state and federal laws.

23     10.     Plaintiff visited the Facility and encountered barriers (both physical and

24 intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

25 goods, services, privileges and accommodations offered at the Facility. Plaintiff personally

26 encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

27 about May 31, 2014:

28          a)      Plaintiff parked in a designated accessible parking space at the Facility.

*Moore v. Vituma Properties, LLC, et al.*
Complaint

Page 2

MLF0042299

EX. 110-10

The pavement at and around Plaintiff's parking stall was littered with cracks, creating an uneven surface which made it difficult for Plaintiff to transfer between his vehicle and his wheelchair and to maneuver toward the building entrance.

b)   The ramp from the parking lot to the sidewalk leading to the entrance of the Facility was an improperly configured, built-up ramp which was excessively sloped and had a cracked, bumpy surface, making it difficult for Plaintiff to maneuver up the ramp.

c)   The Facility entrance door was heavy, making it difficult for Plaintiff to open the door and to hold it open while he wheeled himself inside. Plaintiff's grandsons had to help him by holding the door open as he entered.

d)   Plaintiff was unable to locate an accessible table and was forced to sit at a table with a leg underneath it, preventing him from wheeling up close to the table. He was forced to sit at an uncomfortable distance from the table for the duration of his meal.

e)   The transaction counter was high, which made it challenging for Plaintiff to reach over it to pay for his meal. Plaintiff's grandson had to help him make the transaction.

f)   The door to the men's restroom was heavy, making it hard for Plaintiff to open and to hold open while he wheeled himself inside.

g)   The toilet paper and seat covers in the men's restroom were positioned too high, which made it difficult for Plaintiff to reach them.

h)   The plumbing below the lavatory in the men's restroom was not properly insulated, causing Plaintiff to fear that he would burn his legs on the hot pipes underneath.

11.   The barriers identified in paragraph 10 herein are only those that Plaintiff personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist

*Moore v. Vituma Properties, LLC, et al.*
Complaint

MLF0042300

EX. 110-11

at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intention to have all barriers which exist at the Facility and relate to his disabilities removed to afford him full and equal access.

12.     Plaintiff was, and continues to be, deterred from visiting the Facility because Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities. Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility once the barriers are removed.

13.     Defendants knew, or should have known, that these elements and areas of the Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Facility (without much difficulty or expense), and make the Facility accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.     At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Facility to remove impediments to wheelchair access and to comply with the 1991 ADA Accessibility Guidelines and/or the 2010 Standards for Accessible Design. Defendants have not removed such impediments and have not modified the Facility to conform to accessibility standards. Defendants have intentionally maintained the Facility in its current condition and have intentionally refrained from altering the Facility so that it complies with the accessibility standards.

15.     Plaintiff further alleges that the (continued) presence of barriers at the Facility is so obvious as to establish Defendants' discriminatory intent. On information and belief, Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Facility; conscientious decision to maintain the architectural layout (as it currently exists) at the Facility; decision not to remove barriers from the Facility; and allowance that Defendants' property continues to exist in its non-compliant state. Plaintiff further alleges, on information

*Moore v. Vituma Properties, LLC, et al.*
Complaint

MLF0042301

EX. 110-12

1  and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

2  Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

### VI.    FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

6      16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for

7  this claim.

8      17.    Title III of the ADA holds as a "general rule" that no individual shall be

9  discriminated against on the basis of disability in the full and equal enjoyment (or use) of

10  goods, services, facilities, privileges, and accommodations offered by any person who owns,

11  operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

12      18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal

13  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

14  Facility during each visit and each incident of deterrence.

#### Failure to Remove Architectural Barriers in an Existing Facility

16      19.    The ADA specifically prohibits failing to remove architectural barriers, which

17  are structural in nature, in existing facilities where such removal is readily achievable. 42

18  U.S.C. § 12182(b)(2)(A)(iv).

19      20.    When an entity can demonstrate that removal of a barrier is not readily

20  achievable, a failure to make goods, services, facilities, or accommodations available through

21  alternative methods is also specifically prohibited if these methods are readily achievable. Id.

22  § 12182(b)(2)(A)(v).

23      21.    Here, Plaintiff alleges that Defendants can easily remove the architectural

24  barriers at the Facility without much difficulty or expense, and that Defendants violated the

25  ADA by failing to remove those barriers, when it was readily achievable to do so.

26      22.    In the alternative, if it was not "readily achievable" for Defendants to remove

27  the Facility's barriers, then Defendants violated the ADA by failing to make the required

28  services available through alternative methods, which are readily achievable.

MLF0042302

EX. 110-13

<u>Failure to Design and Construct an Accessible Facility</u>

23.     Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

24.     The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25.     Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

26.     Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.     The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

28.     Here, Defendants altered the Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29.     The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. Vituma Properties, LLC, et al.*
Complaint

MLF0042303

EX. 110-14

30.     Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.     Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.     Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

## VII.    SECOND CLAIM

### Unruh Act

33.     Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for this claim.

34.     California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

35.     California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

36.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

37.     Defendants' aforementioned acts and omissions denied the physically disabled public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

38.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

39.     Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

40.     Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

*Moore v. Vituma Properties, LLC, et al.*
Complaint

MLF0042304

EX. 110-15

1  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

2  § 52(a).

3  ### VIII. THIRD CLAIM

4  #### Denial of Full and Equal Access to Public Facilities

5      41.   Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for

6  this claim.

7      42.   Health and Safety Code § 19955(a) states, in part, that: California public

8  accommodations or facilities (built with private funds) shall adhere to the provisions of

9  Government Code § 4450.

10      43.   Health and Safety Code § 19959 states, in part, that: Every existing (non-

11  exempt) public accommodation constructed prior to July 1, 1970, which is altered or

12  structurally repaired, is required to comply with this chapter.

13      44.   Plaintiff alleges the Facility is a public accommodation constructed, altered, or

14  repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code

15  § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

16      45.   Defendants' non-compliance with these requirements at the Facility aggrieved

17  (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

18  Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

19  ### IX.   PRAYER FOR RELIEF

20      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

21      1.   Injunctive relief, preventive relief, or any other relief the Court deems proper.

22      2.   Declaratory relief that Defendants violated the ADA for the purposes of Unruh

23         Act damages.

24      3.   Statutory minimum damages under section 52(a) of the California Civil Code

25         according to proof.

26      4.   Attorneys' fees, litigation expense, and costs of suit.[2]

27

28

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Vituma Properties, LLC, et al.*
Complaint

MLF0042305

EX. 110-16

5.   Interest at the legal rate from the date of the filing of this action.

6.   For such other and further relief as the Court deems proper.

Dated: November 11, 2014                     MOORE LAW FIRM, P.C.

                                             /s/ Tanya E. Moore
                                             Tanya E. Moore
                                             Attorneys for Plaintiff
                                             Ronald Moore

*Moore v. Vituma Properties, LLC, et al.*
Complaint

Page 9

MLF0042306

EX. 110-17

# VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.


Dated: _November 11, 2014_        _/s/ Ronald Moore_____
                                  Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                  _/s/ Tanya E. Moore_____
                                  Tanya E. Moore, Attorney for
                                  Plaintiff, Ronald Moore




*Ronald Moore v. Vituma Properties, LLC, et al.*

MLF0042307

EX. 110-18

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 11/11/14                                _Ronald Moore_
                                               Ronald Moore

_Ronald Moore v. Vituma Properties, LLC, et al. (KFC)_

MLF0042312

# Exhibit 111

```
ARCO 83617
3076 E Gettysburg
Fresno
CA 93726
Tel : 5592272310
Site Number  12083617

Qty Name              Price    Total
  1 PrePay Fuel                20.00
Pump: 3   0.000 Gallon  $0.000/Gallon
SubTotal                      20.00
Total                         20.00

Cash                    $     20.00

Receipt 122419         ORIGINAL
2 Vikram               06/06/2014 12:10
*PREPAY*
       Thank you for shopping with us
```

MLF0041325

EX. 111-2



ARCO 83617
3076 E Gettysburg
Fresno
CA 93726
Tel : 5592272310
Site Number  12083617

| Qty Name | Price | Total |
|---|---|---|
| 2 Grocery Dump | 1.15 | 2.30 |
| 1 SNICKERS 1.86 OZ | 1.09 | 1.09 |
| 1 KING SIZE CANDY | 1.99 | 1.99 |
| 1 FOUNTAIN DRINK 32OZ | 0.79 | 0.79 T |
| SubTotal | | 6.17 |
| SALES TAX  @ 8.22% on | 0.79 | 0.07 |
| Total | | 6.24 |

| Cash | $ | 20.00 |
|---|---|---|
| Change due customer | | -13.76 |

Receipt 98974           ORIGINAL
2 Vikram              05/25/2014 16:24
      Thank you for shopping with us

MLF0041310

EX. 111-3

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

1. What is the name of the Facility? _Arco_

2. What is the address of the Facility? _3076 East Gettysburg Fresno, CA_

3. When did you visit the Facility? _5/25/14_ (Date) _5:30pm_ (Time)

4. Was this your first visit to the Facility? _No_

5. If you have been to the Facility before, please list the date and times of each visit if you can remember, or give an estimate of how often you go. _?_

6. What was the purpose of your visit? _Drinks and snacks_

7. Who accompanied you to the Facility? _Grandsons Ronny, Jason, and Jhonny_

8. What car did you drive to the Facility? _Mine_

9. Did you drive yourself or did you get a ride from someone else? _I drove_

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. _In dp parking spot_

11. Was it difficult for you to park there? If so, why? _Yes, because no signs._

12. How did you unload from your vehicle? _Rear_

13. What side of the vehicle did you unload from? Driver or passenger? _Driver_

14. Did anyone help you to transfer onto your wheelchair? Who? _Yes, Jhonny_

15. Did you encounter any problems transferring onto your wheelchair? Describe. _No, because Jhonny helped me with chair._

16. Which way did you go from the parking to the entrance of the Facility? _To access it le_

17. Did you encounter any problems on your way to the entrance, for example a ramp? Describe. _Yes, ramp has cracks in it and went into street._

18. Did you encounter any problems opening the door? Describe. _Yes, door heavy and opens outward and started going down ramp when opening the door_

19. What did you purchase (or what meal did you have there)? _Snacks and drinks_

20. Did you need to use the restroom while you were at the Facility? Why? _Yes, because I had to go._

21. Describe any problems you encountered with the following (or write "Did not need to use" or "No problems"):

MLF0041308

EX. 111-4

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

Sink: Yes, too high

Toilet: Yes

Urinal: No

Toilet paper: Yes, very high

Toilet seat covers: Yes, very high

Paper towels/hand dryer: Yes, very

Soap dispenser: Yes, very high

Other:

22. Did you have any problem maneuvering inside the restroom? No

23. Was there any seating provided inside the Facility? N/A

24. Were you able to sit comfortably at the table? If not, why? N/A

25. Did you use the counter to pay for purchase? Which one? Yes, only one

26. Did you pay with cash or credit card? Credit card

27. Was the counter accessible? If not, describe: No, counter was very high grandson had to give card and sign reciept

28. Did you have any other problems inside the Facility? Describe. Yes, fountain drinks high, hotdogs high, isles small.

29. Which way did you go after you left the Facility? Out door to across isle to car, went out to street.

30. Any problems getting back to your vehicle? Yes, ramp had cracks and

31. Any problems transferring from your wheelchair to your vehicle? No, because Jhonny helped me with chair

32. Any additional information you believe would assist us in evaluating this inquiry?
Yes, bathroom door was very heavy and everything was too high in bathroom.

MLF0041309

EX. 111-5



# MOORE LAW FIRM
### PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
*Attorney at Law*

Marejka Sacks
*Paralegal*

June 11, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

> RE:  ADAI No.   02018
>      Arco #83617 *(3076 E. Gettysburg, Fresno, CA)*

Dear Mr. Moore:

This letter is to inform you that we have received your inquiry regarding potentially filing a lawsuit on your behalf against the above-referenced facility along with the receipt and notes you provided.

Our office will be evaluating the inquiry to determine if you have a cause of action under the ADA and applicable California statutes.

We will be following up with you regarding the status of this case.

If you have any questions, please feel free to contact our office.

Kindest regards,

*Dictated but not read.*
*Sent in Tanya Moore's absence to avoid delay.*

Tanya Moore
Attorney at Law

TM/ed

MLF0041326

EX. 111-6

**BARRIER MEMO**

ADAI No. :     02018

Case Name:     Moore v. Arco #83617

Address:     3076 E Gettysburg, Fresno

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| No signs at designated accessible parking . | Plaintiff had difficulty locating a designated accessible parking space at the Facility because it lacked signage. | Yes |
| Built-up curb ramp, cracked | The ramp from the parking lot to the sidewalk was an improperly configured built-up curb ramp and had a cracked surface. | YES |
| Door heavy and lacks flat landing | The entrance door was heavy and lacked a proper clear level landing. It was difficult for Plaintiff to open the door, compounded by his wheelchair rolling backwards down the sloped landing. | YES |
| Restroom door heavy | The door to the restroom was heavy and difficult for Plaintiff to open. | YES |
| Lavatory too high | The lavatory in the restroom was too high, making it hard for Plaintiff to reach. | YES |
| Toilet paper, paper towels, soap dispenser, and toilet seat covers too high | The toilet paper, paper towels, soap dispenser, and toilet seat covers were too high, and were very difficult for Plaintiff to reach. | YES |
| Counter too high | The transaction counter was too high and Plaintiff could not reach to hand his card to the cashier or sign the receipt. His grandson had to do it. | YES |
| Fountain drinks, hot dogs too high | Plaintiff wanted to buy a soda and hot dog; however, the self-serve soda fountain and hot dog display were too high for him to reach. His grandson had to help him. | YES |
| Aisles narrow | The aisles lacked necessary wheelchair clearances, making it difficult for Plaintiff to maneuver around inside the store. | YES |

MLF0041311

EX. 111-7

**BARRIER MEMO**

**ADAI No. :** 02018

**Case Name:** Moore v. Arco #83617

**Address:** 3076 E Gettysburg, Fresno

| Barrier | Description | Is it a valid barrier? Y / N |
|---|---|---|
| No signs at designated accessible parking | Plaintiff had difficulty locating a designated accessible parking space at the Facility because it lacked signage. | Yes |
| Built-up curb ramp, cracked | The ramp from the parking lot to the sidewalk was an improperly configured built-up curb ramp and had a cracked surface. | YES |
| Door heavy and lacks flat landing | The entrance door was heavy and lacked a proper clear level landing. It was difficult for Plaintiff to open the door, compounded by his wheelchair rolling backwards down the sloped landing. | YES |
| Restroom door heavy | The door to the restroom was heavy and difficult for Plaintiff to open. | YES |
| Lavatory too high | The lavatory in the restroom was too high, making it hard for Plaintiff to reach. | YES |
| Toilet paper, paper towels, soap dispenser, and toilet seat covers too high | The toilet paper, paper towels, soap dispenser, and toilet seat covers were too high, and were very difficult for Plaintiff to reach. | YES |
| Counter too high | The transaction counter was too high and Plaintiff could not reach to hand his card to the cashier or sign the receipt. His grandson had to do it. | YES |
| Fountain drinks, hot dogs too high | Plaintiff wanted to buy a soda and hot dog; however, the self-serve soda fountain and hot dog display were too high for him to reach. His grandson had to help him. | YES |
| Aisles narrow | The aisles lacked necessary wheelchair clearances, making it difficult for Plaintiff to maneuver around inside the store. | YES |

MLF0041312

EX. 111-8



**MOORE**
**LAW FIRM, P.C.**

August 7, 2014

Mr. Ronald Moore
80 N. Hughes Avenue
Clovis, California 93612

Re: ADAI No. 02018
Vohra (Arco #83617)
3076 E. Gettysburg, Fresno, CA

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facility. If you visit the facility again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for this matter. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

*Tanya Moore*

Tanya E. Moore

TEM:ed

Enclosure: Fee Agreement

MLF0041313

EX. 111-9

1  | Tanya E. Moore, SBN 206683
2  | MOORE LAW FIRM, P.C.
   | 332 North Second Street
   | San Jose, California 95112
3  | Telephone (408) 298-2000
   | Facsimile (408) 298-6046
4  | E-mail: tanya@moorelawfirm.com

5  | Attorneys for Plaintiff
   | Ronald Moore

6

7

8  | UNITED STATES DISTRICT COURT

9  | EASTERN DISTRICT OF CALIFORNIA

10

11 | RONALD MOORE,                                          No.

12 |              Plaintiff,                                 COMPLAINT ASSERTING DENIAL OF
                                                            RIGHT OF ACCESS UNDER
13 |      vs.                                               AMERICANS WITH DISABILITIES ACT
                                                            FOR INJUNCTIVE RELIEF,
14 | VINAY VOHRA, individually and dba ARCO                 DECLARATORY RELIEF, DAMAGES,
   | #83617 aka FAST 'N' EASY #14; VIKRAM                   ATTORNEYS' FEES AND COSTS (ADA)
15 | VOHRA, individually and dba ARCO #83617
   | aka FAST 'N' EASY #14;
16

17 |              Defendants.

18

19

20 |                        I. SUMMARY

21 |      1.      This is a civil rights action by plaintiff RONALD MOORE ("Plaintiff") for

22 | discrimination at the building, structure, facility, complex, property, land, development, and/or

23 | surrounding business complex known as:

24 |              Arco #83617 (aka Fast 'N' Easy #14)
   |              3076 East Gettysburg Avenue
25 |              Fresno, CA 93726
   |              (hereafter "the Facility")
26

27 |      2.      Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

28 | costs, against VINAY VOHRA, individually and dba ARCO #83617 aka FAST 'N' EASY

MLF0041314

EX. 111-10

1   #14; VIKRAM VOHRA, individually and dba ARCO #83617 aka FAST 'N' EASY #14

2   (hereinafter collectively referred to as "Defendants"), pursuant to the Americans with

3   Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes.

**II.   JURISDICTION**

5   3.   This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA

6   claims.

7   4.   Supplemental jurisdiction for claims brought under parallel California law –

8   arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

9   5.   Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

**III.   VENUE**

11   6.   All actions complained of herein take place within the jurisdiction of the United

12   States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C.

13   § 1391(b), (c).

**IV.   PARTIES**

15   7.   Defendants own, operate, and/or lease the Facility, and consist of a person (or

16   persons), firm, and/or corporation.

17   8.   Plaintiff requires the use of a wheelchair when traveling about in public.

18   Consequently, Plaintiff is "physically disabled," as defined by all applicable California and

19   United States laws, and a member of the public whose rights are protected by these laws.

**V.   FACTS**

21   9.   The Facility is a public accommodation facility, open to the public, which is

22   intended for nonresidential use and whose operation affects commerce.

23   10.   Plaintiff visited the Facility and encountered barriers (both physical and

24   intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

25   goods, services, privileges and accommodations offered at the Facility. Plaintiff personally

26   encountered the following barriers at the Facility during Plaintiff's visit to the Facility on or

27   about May 25, 2014:

28   a)   Plaintiff had difficulty locating the designated accessible parking space

*Moore v. Vohra, et al.*
Complaint

Page 2

MLF0041315

EX. 111-11

1        at the Facility because it lacked proper signage.

2    b)    The ramp from the parking lot of the Facility to the sidewalk was an

3        improperly configured built-up curb ramp and had a cracked surface.

4        This made it difficult for Plaintiff to wheel up and down the ramp in his

5        wheelchair.

6    c)    The entrance door to the Facility was heavy and lacked a proper clear

7        level landing. It was difficult for Plaintiff to open the door, which was

8        compounded by his wheelchair rolling backwards down the sloped

9        landing.

10    d)    The door to the restroom at the Facility was heavy and difficult for

11        Plaintiff to open.

12    e)    The lavatory in the restroom was too high, making it hard for Plaintiff to

13        reach the faucet to wash his hands.

14    f)    The toilet paper, paper towels, soap dispenser, and toilet seat covers in

15        the restroom were all too high and difficult for Plaintiff to reach.

16    g)    The aisles in the Facility lacked necessary wheelchair clearances,

17        making it difficult for Plaintiff to maneuver around inside of the Facility.

18    h)    Plaintiff wanted to buy a soda and a hot dog; however, the self-serve

19        soda fountain and hot dog display were too high for him to reach. His

20        grandson had to help him.

21    i)    The transaction counter at the Facility was too high and Plaintiff could

22        not reach up to hand his card to the cashier or sign the receipt on the

23        counter. His grandson had to conduct the transaction and sign the

24        receipt.

25    11.    The barriers identified in paragraph 10 herein are only those that Plaintiff

26  personally encountered. Plaintiff is presently unaware of other barriers which may in fact exist

27  at the Facility and relate to his disabilities. Plaintiff will seek to amend this Complaint once

28  such additional barriers are identified as it is Plaintiff's intention to have all barriers which

*Moore v. Vohra, et al.*
Complaint

Page 3

MLF0041316

EX. 111-12

1  exist at the Facility and relate to his disabilities removed to afford him full and equal access.

2       12.     Plaintiff was, and continues to be, deterred from visiting the Facility because

3  Plaintiff knows that the Facility's goods, services, facilities, privileges, advantages, and

4  accommodations were and are unavailable to Plaintiff due to Plaintiff's physical disabilities.

5  Plaintiff enjoys the goods and services offered at the Facility, and will return to the Facility

6  once the barriers are removed.

7       13.     Defendants knew, or should have known, that these elements and areas of the

8  Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

9  the physically disabled. Moreover, Defendants have the financial resources to remove these

10  barriers from the Facility (without much difficulty or expense), and make the Facility

11  accessible to the physically disabled. To date, however, Defendants refuse to either remove

12  those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

13       14.     At all relevant times, Defendants have possessed and enjoyed sufficient control

14  and authority to modify the Facility to remove impediments to wheelchair access and to

15  comply with the 2010 Standards for Accessible Design and the California Code of Regulations

16  Title 24. Defendants have not removed such impediments and have not modified the Facility to

17  conform to accessibility standards. Defendants have intentionally maintained the Facility in its

18  current condition and have intentionally refrained from altering the Facility so that it complies

19  with the accessibility standards.

20       15.     Plaintiff further alleges that the (continued) presence of barriers at the Facility is

21  so obvious as to establish Defendants' discriminatory intent. On information and belief,

22  Plaintiff avers that evidence of this discriminatory intent includes Defendants' refusal to adhere

23  to relevant building standards; disregard for the building plans and permits issued for the

24  Facility; conscientious decision to maintain the architectural layout (as it currently exists) at

25  the Facility; decision not to remove barriers from the Facility; and allowance that Defendants'

26  property continues to exist in its non-compliant state. Plaintiff further alleges, on information

27  and belief, that the Facility is not in the midst of a remodel, and that the barriers present at the

28  Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.

MLF0041317

EX. 111-13

## VI.    FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

16.    Plaintiff incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Facility during each visit and each incident of deterrence.

#### Failure to Remove Architectural Barriers in an Existing Facility

19.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).

20.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.    Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.    In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

#### Failure to Design and Construct an Accessible Facility

23.    Plaintiff alleges on information and belief that the Facility was designed and

MLF0041318

EX. 111-14

1   constructed (or both) after January 26, 1992 – independently triggering access requirements

2   under Title III of the ADA.

3        24.    The ADA also prohibits designing and constructing facilities for first occupancy

4   after January 16, 1993, that aren't readily accessible to, and usable by, individuals with

5   disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

6        25.    Here, Defendants violated the ADA by designing and constructing (or both) the

7   Facility in a manner that was not readily accessible to the physically disabled public –

8   including Plaintiff – when it was structurally practical to do so.[1]

9   <u>Failure to Make an Altered Facility Accessible</u>

10      26.    Plaintiff alleges on information and belief that the Facility was modified after

11   January 26, 1992, independently triggering access requirements under the ADA.

12      27.    The ADA also requires that facilities altered in a manner that affects (or could

13   affect) its usability must be made readily accessible to individuals with disabilities to the

14   maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's

15   primary function also requires making the paths of travel, bathrooms, telephones, and drinking

16   fountains serving that area accessible to the maximum extent feasible. <u>Id</u>.

17      28.    Here, Defendants altered the Facility in a manner that violated the ADA and

18   was not readily accessible to the physically disabled public – including Plaintiff – to the

19   maximum extent feasible.

20   <u>Failure to Modify Existing Policies and Procedures</u>

21      29.    The ADA also requires reasonable modifications in policies, practices, or

22   procedures, when necessary to afford such goods, services, facilities, or accommodations to

23   individuals with disabilities, unless the entity can demonstrate that making such modifications

24   would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

25      30.    Here, Defendants violated the ADA by failing to make reasonable modifications

26   in policies, practices, or procedures at the Facility, when these modifications were necessary to

27

28

---

[1] Nothing within this Complaint should be construed as an allegation that Plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. Vohra, et al.*
Complaint

MLF0041319

EX. 111-15

1  afford (and would not fundamentally alter the nature of) these goods, services, facilities, or

2  accommodations.

3      31.   Plaintiff seeks all relief available under the ADA (i.e., injunctive relief, attorney

4  fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

5      32.   Plaintiff seeks a finding from this Court (i.e., declaratory relief) that Defendants

6  violated the ADA in order to pursue damages under California's Unruh Civil Rights Act.

7              **VII.   SECOND CLAIM**

8                  **Unruh Act**

9      33.   Plaintiff incorporates the allegations contained in paragraphs 1 through 32 for

10  this claim.

11      34.   California Civil Code § 51 states, in part, that: All persons within the

12  jurisdiction of this state are entitled to the full and equal accommodations, advantages,

13  facilities, privileges, or services in all business establishments of every kind whatsoever.

14      35.   California Civil Code § 51.5 also states, in part that: No business establishment

15  of any kind whatsoever shall discriminate against any person in this state because of the

16  disability of the person.

17      36.   California Civil Code § 51(f) specifically incorporates (by reference) an

18  individual's rights under the ADA into the Unruh Act.

19      37.   Defendants' aforementioned acts and omissions denied the physically disabled

20  public – including Plaintiff – full and equal accommodations, advantages, facilities, privileges

21  and services in a business establishment (because of their physical disability).

22      38.   These acts and omissions (including the ones that violate the ADA) denied,

23  aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

24      39.   Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

25  minimum damages of four thousand dollars ($4,000) for each offense.

26      40.   Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

27  ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

28  § 52(a).

*Moore v. Vohra, et al.*
Complaint

MLF0041320

EX. 111-16

## VIII. THIRD CLAIM

### Denial of Full and Equal Access to Public Facilities

41.     Plaintiff incorporates the allegations contained in paragraphs 1 through 40 for this claim.

42.     Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

43.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

44.     Plaintiff alleges the Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code § 19956.

45.     Defendants' non-compliance with these requirements at the Facility aggrieved (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly, Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

### IX.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.     Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.     Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act damages.

3.     Statutory minimum damages under section 52(a) of the California Civil Code according to proof.

///
///
///
///
///

*Moore v. Vohra, et al.*
Complaint

MLF0041321

EX. 111-17

1    4.    Attorneys' fees, litigation expense, and costs of suit.[2]

2    5.    Interest at the legal rate from the date of the filing of this action.

3    6.    For such other and further relief as the Court deems proper.

4
     Dated: August 6, 2014                    MOORE LAW FIRM, P.C.
5

6                                             /s/ Tanya E. Moore
7                                             Tanya E. Moore
                                              Attorneys for Plaintiff
8                                             Ronald Moore

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     _____
     [2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.


     *Moore v. Vohra, et al.*
     Complaint
                                    Page 9

MLF0041322

EX. 111-18

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.


Dated: August 6, 2014              /s/ Ronald Moore
                                   Ronald Moore

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                   /s/ Tanya E. Moore
                                   Tanya E. Moore, Attorney for
                                   Plaintiff, Ronald Moore

*Moore v. Vohra, et al.*
*Verification*

MLF0041323

EX. 111-19

## VERIFICATION

I, RONALD MOORE, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated: 8/6/14

_Ronald Moore_
Ronald Moore

_Ronald Moore v. Vinay Vohra (Arco #83617)_

MLF0041327

# Exhibit 112

CASH                          $9.72
CHANGE                       $20.00
                             $10.28
                          tbn # : 1
CLERK 1      No.002999    00000

ROBERTITO'S
TACO SHOP
3830 N CEDAR
(559) 227-6434

DATE 08/24/2013 SAT     TIME 14:58

AUTO#                        #619
PBAL                        $0.00
BURR VERDE T1               $4.69
BURR BEEF T1                $4.29
TAX1                        $0.74
CHECKS P                    $9.72
TOTAL                       $9.72
CASH                       $20.00
CHANGE                     $10.28
         ** ORDER# 17  **
CLERK 1      No.002998    00000

ROBERTITO'S
TACO SHOP
3830 N CEDAR
(559) 227-6434

DATE 08/24/2013 SAT     TIME 15:03

AUTO#                        #620
PBAL                        $0.00
SIDE JALAP T1               $0.99
TAX1                        $0.08
CHECKS PAID                 $1.07
TOTAL                       $1.07
CASH                        $1.07
        ** ORDER# 1773 **
CLERK 1      No.003000    00000

ROBERTITO'
TACO

ROBERTITO'S
TACO SHOP
3830 N CEDAR
(559) 227-6434

DATE 0           AT   TIME 14:58

AUTO#                        #619
BURR VERDE T1               $4.69
BURR BEEF T1               $4.29
TAX1                        $0.74
CHECKS PAID                 $9.72
TOTAL
CASH

MLF0046355

EX. 112-2

PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

ADAI No.

(Facility)

1. What is the name of the Facility? *Robertito's taco shop*

2. When did you visit the Facility? *8/24/13* (Date) *300pm* (Time)

3. What is the address of the Facility? *3830 N Cedar Ave Fresno CA*

4. Was this your first visit to the Facility? *No*

5. How many times have you visited the Facility? *Few* If more than one visit, please list the date and time if you know it. *?*

6. What was the purpose of your visit? *to eat*

7. Who accompanied you to the Facility? *my wife Lynn*

8. What car did you drive to the Facility? *Mine*

9. Did you drive yourself of did you get a ride from someone else? *I drove*

10. Where did you park when you arrived at the Facility? Describe a specific location where you parked your vehicle. *In D/P spot*

11. Was it difficult for you to park there? *yes*

12. Why? *pavements*

13. How did you unload from your vehicle? *Rear*

14. What side of the vehicle did you unload from? Driver or passenger? *Driver*

15. Did anyone help you to transfer onto your wheelchair? *Lynn*

16. What problems did you encounter transferring onto your wheelchair?

*pavement cracked*

17. Which way did you go from the parking to the entrance of the Facility? *to Ramp*

18. Did you encounter any problems on your way to the entrance, for example a ramp? Describe.

*Ramp short and steep Ramp All Cracked Up Across pavements Cracked*

19. Did you encounter any problems opening the door? Describe why. *No Door*

20. Did you have any problems inside the Facility? Describe. *out side*

MLF0046356

EX. 112-3

# PUBLIC ACCOMMODATION VISIT QUESTIONNAIRE

## ADAI No.

### (Facility)

there was some kind of water main at top of cover ~~they~~

Ramp my wheel get stuck in it. Side walk was on a sloop

21. What did you purchase (or what meal did you have there). Describe: _Chilli Verde Burritos_

_and Beef Burrito_

22. Have you used the restroom at the Facility? _NO_

23. Why did you need to use the restroom? _____

24. Did you use the sink? _____

25. Any problems? _____

26. Did you use the urinal? _____

27. Did you use the toilet? _____

28. Did you use the toilet paper? _____

29. Did you use paper towels? _____

30. Did you use the soap dispenser? _____

31. Did you have any problem maneuvering inside the restroom? _____

32. Where did you sit? _____

33. Was there any seating provided inside the Facility? _Yes_

34. Was it wheelchair accessible? _No it was at a Angle had to sit Crooked_

35. Where you comfortable at the table? _No_

36. Did you use the counter to pay for purchase? _Yes_

37. Which counter did you use? _only one_

38. Was the counter accessible? _it was very wide had to get thru_

39. Which way did you go after you left the Facility? _to the Right to my Car_

40. Any problems getting back to your vehicle? _got stuck in water main cover a Ramp WAS BAD_

41. Any problems transferring from your wheelchair to your vehicle? _No Lynn Help me_

42. If you have any addition information you believe would assist us in evaluating this inquiry.

MLF0046357

EX. 112-4



# MOORE LAW FIRM
## PROFESSIONAL CORPORATION

332 North Second Street
San Jose, CA 95112
Office (408) 298-2000 Fax (408) 298-6046

July 30, 2012

K. RANDOLPH MOORE
ESQUIRE
AND FOUNDER

Tanya E. Moore
Attorney at Law

Marejka Sacks
Paralegal

Ronald Moore
80 N. Hughes
Clovis, CA 93612

Re:    *Receipts*

Dear Mr. Moore:

This letter is to inform you that we have received your request to file lawsuits on your behalf and the receipts you provided for the following Facilities:

1. Kerman Carnitas;
2. Robertito's Taco Shop;
3. Radio Shack;
4. Bob's Liquor;
5. Supercuts;
6. Arco;
7. Smart & Final;
8. Arsenio's Mexican Food;
9. Six Star 76, 1;
10. El Realito De Oro;
11. El Bajio;
12. Buy Rite;
13. Firebaugh Mart, 1;
14. Las Canago Restaurant;
15. Super Burger;
16. City Hart #2;
17. Clovis Fair Deal Liquor Market;
18. Best Buy Liquor;
19. Big Lots;
20. Kings Market;
21. Dollar Tree Stores, Inc;
22. Burger King;
23. Big 5 Sporting Goods #376;
24. Dave's Liquor & Gas;
25. Wendy's Old Fashion Hamburgers Store #437;
26. Airport Liquor;
27. Ross Dress For Less;
28. Bobby Salazar's;
29. Cal-Fresno Oils Union 76 Twin Stations;
30. Das Palas.

MLF0046308

Please be advised that we will investigate the barriers to access encountered by you and advise you within three weeks if we decide to accept these cases.

Thank you for sending us this information. If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Sincerely,

*Dictated but not read.*
*Sent to avoid delay.*

Tanya Moore
Attorney at Law

TM/mg

MLF0046309

May 14, 2012

Mr. Ronald Moore
80 No. Hughes Ave.
Clovis, CA 93612

      Re: <u>Robertito's on Cedar, Fresno</u>

Dear Mr. Moore:

This letter is to inform you that we are filing a lawsuit on your behalf against the above referenced facilities. If you visit the facilities again prior to this lawsuit settling, it is very important that you continue to send the receipts to my office. Make sure that you reference that the case has already been filed so that it does not get put with your "pending cases."

I am enclosing a copy of the Fee Agreement for these matters. Please review these documents and keep a copy for your records. Please sign the signature pages where indicated and return to our office in the enclosed envelope.

Also, you are being asked to provide us with the name of your witness/any person who accompanied you to the facility and witnessed the violations.

If you have any questions, or want to discuss something specific about this matter, please do not hesitate to contact me.

Kindest regards,


Tanya Moore
Attorney at Law

MLF0051324

1   Tanya E. Moore, SBN 206683
2   MOORE LAW FIRM, P.C.
    332 North Second Street
    San Jose, California 95112
3   Telephone (408) 298-2000
    Facsimile (408) 298-6046
4   E-mail: tanya@moorelawfirm.com

5   Attorneys for Plaintiff
    RONALD MOORE

6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **EASTERN DISTRICT OF CALIFORNIA**

10

11  RONALD MOORE,                          ) No.
                                           )
12              Plaintiff,                  ) **PLAINTIFF'S COMPLAINT ASSERTING**
                                           ) **DENIAL OF RIGHT OF ACCESS UNDER**
13      vs.                                ) **AMERICANS WITH DISABILITIES ACT**
                                           ) **FOR INJUNCTIVE RELIEF,**
14  WESTFIELD INVESTMENT &                 ) **DECLARATORY RELIEF, DAMAGES,**
    ASSOCIATES, LLC; JORGE DOMINGUEZ       ) **ATTORNEYS' FEES AND COSTS (ADA)**
15  aka JUAN DOMINGUEZ dba                 )
    ROBERTITO'S TACO SHOP aka              )
16  ROBERTITOS TACO SHOP,                  )
                                           )
17                                         )
                Defendants.                )
18                                         )
                                           )
19                                         )
                                           )
20                                         )
                                           )
21  _____   )

22                        **I. SUMMARY**

23          1.      This is a civil rights action by plaintiff Ronald Moore ("Plaintiff") for

24  discrimination at the building, structure, facility, complex, property, land, development,

25  and/or surrounding business complex known as:

26  Robertito's Taco Shop
    3830 N. Cedar Avenue
27  Fresno, CA 93726
    (hereafter "the Facility")
28

*Moore v. Westfield Investment & Associates, LLC, et al.*                    Complaint

MLF0051325

EX. 112-8

1    2.    Plaintiff seeks damages, injunctive and declaratory relief, attorney fees and

2    costs, against Westfield Investment & Associates, LLC and Jorge Dominguez aka Juan

3    Dominguez dba Robertito's Taco Shop aka Robertitos Taco Shop, (hereinafter collectively

4    referred to as "Defendants"), pursuant to the Americans with Disabilities Act of 1990 (42

5    U.S.C. §§ 12101 et seq.) ("ADA") and related California statutes

6                        **II.    JURISDICTION**

7    3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for

8    ADA claims.

9    4.    Supplemental jurisdiction for claims brought under parallel California law –

10   arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

11   5.    Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

12                       **III.    VENUE**

13   6.    All actions complained of herein take place within the jurisdiction of the

14   United States District Court, Eastern District of California, and venue is invoked pursuant to

15   28 U.S.C. § 1391(b), (c).

16                       **IV.    PARTIES**

17   7.    Defendants own, operate, and/or lease the Facility, and consist of a person (or

18   persons), firm, and/or corporation.

19   8.    Plaintiff requires the use of a wheelchair when traveling about in public.

20   Consequently, Plaintiff is "physically disabled," as defined by all applicable California and

21   United States laws, and a member of the public whose rights are protected by these laws.

22                       **V.    FACTS**

23   9.    The Facility is a public accommodation facility, open to the public, which is

24   intended for nonresidential use and whose operation affects commerce.

25   10.   Plaintiff visited the Facility and encountered barriers (both physical and

26   intangible) that interfered with, if not outright denied, Plaintiff's ability to use and enjoy the

27   goods, services, privileges and accommodations offered at the Facility.   Plaintiff personally

28   encountered the following barriers at the Facility:

*Moore v. Westfield Investment & Associates, LLC, et al.*                    Complaint

Page 2

MLF0051326

EX. 112-9

1           a) Plaintiff experienced difficulty while ascending the illegal built-up ramp

2           located between the parking and the Facility. The ramp contains warped

3           and uneven surface and Plaintiff almost lost control of his wheelchair while

4           ascending the ramp;

5           b) Plaintiff could not find any accessible seating and had to sit outside of the

6           covered area while eating his food.

7        11.    Plaintiff was, and continues to be, deterred from visiting the Facility

8    because he knows that the Facility's goods, services, facilities, privileges, advantages, and

9    accommodations were and are unavailable to him due to Plaintiff's physical disabilities due

10   to the existence of the following architectural barriers:

11       a)    Missing and/or incorrect warning signage is installed at the parking facilities;

12       b)    Accessible parking spaces and access aisles are not properly configured

13       and/or exceed the maximum slope allowed;

14       c)    Parking spaces and/or access aisles reserved for persons with disabilities are

15       improperly marked and/or identified;

16       d)    There is no properly configured and/or identified accessible route provided

17       within the boundary of the site;

18       e)    There are no sufficient clearances provided for a wheelchair;

19       f)    There is no accessible seating provided in the Facility;

20       g)    Defendants have failed to create, implement or provide policies and

21       procedures to ensure that the architectural barriers identified herein are removed and

22       that the Facility is maintained in a fully accessible condition.

23       Plaintiff enjoys the goods and services offered at the Facility, lives nearby, and will

24   return to the Facility once the barriers are removed.

25       12.    Defendants knew, or should have known, that these elements and areas of the

26   Facility were inaccessible, violate state and federal law, and interfere with (or deny) access to

27   the physically disabled. Moreover, Defendants have the financial resources to remove these

28   ///

*Moore v. Westfield Investment & Associates, LLC, et al.*                Complaint

MLF0051327

EX. 112-10

1  barriers from the Facility (without much difficulty or expense), and make the Facility

2  accessible to the physically disabled. To date, however, Defendants refuse to either remove

3  those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

4      13.   At all relevant times, Defendants have possessed and enjoyed sufficient

5  control and authority to modify the Facility to remove impediments to wheelchair access and

6  to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24

7  regulations. Defendants have not removed such impediments and have not modified the

8  Facility to conform to accessibility standards. Defendants have intentionally maintained the

9  Facility in its current condition and have intentionally refrained from altering the Facility so

10  that it complies with the accessibility standards.

11  **VI.   FIRST CLAIM**

12  **Americans with Disabilities Act of 1990**

13  Denial of "Full and Equal" Enjoyment and Use

14      14.   Plaintiff incorporates the allegations contained in paragraphs 1 through 13 for

15  this claim.

16      15.   Title III of the ADA holds as a "general rule" that no individual shall be

17  discriminated against on the basis of disability in the full and equal enjoyment (or use) of

18  goods, services, facilities, privileges, and accommodations offered by any person who owns,

19  operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

20      16.   Defendants discriminated against Plaintiff by denying him "full and equal

21  enjoyment" and use of the goods, services, facilities, privileges and accommodations of the

22  Facility during each visit and each incident of deterrence.

23  Failure to Remove Architectural Barriers in an Existing Facility

24      17.   The ADA specifically prohibits failing to remove architectural barriers, which

25  are structural in nature, in existing facilities where such removal is readily achievable. 42

26  U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily

27  accomplishable and able to be carried out without much difficulty or expense." Id. §

28  12181(9).

*Moore v. Westfield Investment & Associates, LLC, et al.*          Complaint

MLF0051328

EX. 112-11

18.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

19.     Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Facility without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

20.     In the alternative, if it was not "readily achievable" for Defendants to remove the Facility's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

21.     Plaintiff alleges on information and belief that the Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III of the ADA.

22.     The ADA also prohibits designing and constructing facilities for first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so.  42 U.S.C. § 12183(a)(1).

23.     Here, Defendants violated the ADA by designing and constructing (or both) the Facility in a manner that was not readily accessible to the physically disabled public – including Plaintiff – when it was structurally practical to do so.[1]

<u>Failure to Make an Altered Facility Accessible</u>

24.     Plaintiff alleges on information and belief that the Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

25.     The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible.  42 U.S.C. § 12183(a)(2).  Altering an area that contains a

///

---

[1] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Moore v. Westfield Investment & Associates, LLC, et al.*                    Complaint

Page 5

MLF0051329

EX. 112-12

1   Facility's primary function also requires making the paths of travel, bathrooms, telephones,

2   and drinking fountains serving that area accessible to the maximum extent feasible. Id.

3       26.    Here, Defendants altered the Facility in a manner that violated the ADA and

4   was not readily accessible to the physically disabled public – including Plaintiff – to the

5   maximum extent feasible.

6   Failure to Modify Existing Policies and Procedures

7       27.    The ADA also requires reasonable modifications in policies, practices, or

8   procedures, when necessary to afford such goods, services, facilities, or accommodations to

9   individuals with disabilities, unless the entity can demonstrate that making such

10   modifications would fundamentally alter their nature.  42 U.S.C. § 12182(b)(2)(A)(ii).

11       28.    Here, Defendants violated the ADA by failing to make reasonable

12   modifications in policies, practices, or procedures at the Facility, when these modifications

13   were necessary to afford (and would not fundamentally alter the nature of) these goods,

14   services, facilities, or accommodations.

15       29.    Plaintiff seeks all relief available under the ADA (i.e., injunctive relief,

16   attorney fees, costs, legal expense) for these aforementioned violations.  42 U.S.C. § 12205.

17       30.    Plaintiff seeks a finding from this Court (i.e., declaratory relief) that

18   Defendants violated the ADA in order to pursue damages under California's Unruh Civil

19   Rights Act or Disabled Persons Act.

20   VII.   SECOND CLAIM

21   Disabled Persons Act

22       31.    Plaintiff incorporates the allegations contained in paragraphs 1 through 30 for

23   this claim.

24       32.    California Civil Code § 54 states, in part, that: Individuals with disabilities

25   have the same right as the general public to the full and free use of the streets, sidewalks,

26   walkways, public buildings and facilities, and other public places.

27       33.    California Civil Code § 54.1 also states, in part, that: Individuals with

28   disabilities shall be entitled to full and equal access to accommodations, facilities, telephone

*Moore v. Westfield Investment & Associates, LLC, et al.*        Complaint

MLF0051330

EX. 112-13

1  facilities, places of public accommodation, and other places to which the general public is

2  invited.

3       34.   Both sections specifically incorporate (by reference) an individual's rights

4  under the ADA. *See* Civil Code §§ 54(c) and 54.1(d).

5       35.   Here, Defendants discriminated against the physically disabled public –

6  including Plaintiff - by denying them full and equal access to the Facility. Defendants also

7  violated Plaintiff's rights under the ADA, and therefore, infringed upon or violated (or both)

8  Plaintiff's rights under the Disabled Persons Act.

9       36.   For each offense of the Disabled Persons Act, seeks statutory minimum

10  damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available

11  under California Civil Code § 54.3.

12       37.   Plaintiff also seeks to enjoin Defendants from violating the Disabled Persons

13  Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees

14  and costs incurred under California Civil Code §§ 54.3 and 55.

15               **VIII.   THIRD CLAIM**

16               **Unruh Civil Rights Act**

17       38.   Plaintiff incorporates the allegations contained in paragraphs 1 through 37 for

18  this claim.

19       39.   California Civil Code § 51 states, in part, that: All persons within the

20  jurisdiction of this state are entitled to the full and equal accommodations, advantages,

21  facilities, privileges, or services in all business establishments of every kind whatsoever.

22       40.   California Civil Code § 51.5 also states, in part that: No business

23  establishment of any kind whatsoever shall discriminate against any person in this state

24  because of the disability of the person.

25       41.   California Civil Code § 51(f) specifically incorporates (by reference) an

26  individual's rights under the ADA into the Unruh Act.

27       42.   Defendants' aforementioned acts and omissions denied the physically

28  disabled public – including Plaintiff – full and equal accommodations, advantages, facilities,

*Moore v. Westfield Investment & Associates, LLC, et al.*               Complaint

MLF0051331

EX. 112-14

1 privileges and services in a business establishment (because of their physical disability).

2       43.    These acts and omissions (including the ones that violate the ADA) denied,

3 aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

4       44.    Plaintiff was damaged by Defendants' wrongful conduct, and seeks statutory

5 minimum damages of four thousand dollars ($4,000) for each offense.

6       45.    Plaintiff also seeks to enjoin Defendants from violating the Unruh Act (and

7 ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code

8 § 52(a).

9 **IX. FOURTH CLAIM**

10 **Denial of Full and Equal Access to Public Facilities**

11       46.    Plaintiff incorporates the allegations contained in paragraphs 1 through 45 for

12 this claim.

13       47.    Health and Safety Code § 19955(a) states, in part, that:  California public

14 accommodations or facilities (built with private funds) shall adhere to the provisions of

15 Government Code § 4450.

16       48.    Health and Safety Code § 19959 states, in part, that:  Every existing (non-

17 exempt) public accommodation constructed prior to July 1, 1970, which is altered or

18 structurally repaired, is required to comply with this chapter.

19       49.    Plaintiff alleges the Facility is a public accommodation constructed, altered,

20 or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government

21 Code § 4450 (or both), and that the Facility was not exempt under Health and Safety Code §

22 19956.

23       50.    Defendants' non-compliance with these requirements at the Facility aggrieved

24 (or potentially aggrieved) Plaintiff and other persons with physical disabilities. Accordingly,

25 Plaintiff seeks injunctive relief and attorney fees pursuant to Health and Safety Code §

26 19953.

27 ///

28 ///

*Moore v. Westfield Investment & Associates, LLC, et al.*               Complaint

MLF0051332

EX. 112-15

X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expense, and costs of suit.[2]

5.    Interest at the legal rate from the date of the filing of this action.

6.    For such other and further relief as the Court deems proper.


Dated:  June 26, 2012                                        MOORE LAW FIRM, P.C.


                                        /s/ Tanya E. Moore
                                        Tanya E. Moore
                                        Attorneys for Plaintiff,
                                        Ronald Moore

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Westfield Investment & Associates, LLC, et al.*                    Complaint

MLF0051333

EX. 112-16