UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATEMEH SANIEFAR,<br><br>Plaintiff,<br><br>v.<br><br>TANYA E. MOORE, et al.,<br><br>Defendants. | No. 1:17-cv-00823-LJO-BAM<br><br>**ORDER DENYING DEFENDANTS'** *EX PARTE* **APPLICATION TO MODIFY DISCOVERY ORDER AND EXTEND TIME UNDER LOCAL RULE 144**<br>(Doc. No. 22) |

On October 16, 2019, Defendants' filed an *Ex Parte* Application to extend the deadline to comply with the Court's October 3, 2019 Order compelling the production of communications in the form of text messages, Facebook messages and similar social media communications between Defendants and between Defendants and third parties regarding this lawsuit. Specifically, Defendants request modification of the Court's Order to extend the deadline for production of Tanya Moore and Marejka Sacks' texts by fourteen (14) days from October 10, 2019, until October 24, 2019. Defendant now represents that there are 70,000 potentially responsive documents. Defendants also seek to modify the scope of production and to limit the description on the privilege log for text communications with defense counsel. (Doc. 222.)

Plaintiff filed an opposition to the *Ex Parte* Application on October 17, 2019, urging denial of the application as untimely pursuant to Local Rule 144, and requesting the issuance of

1

sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and (C) based on Defendants' failure to obey a discovery order. Plaintiff's counsel reiterated that the documents at issue have been subject to a request for production first served on October 11, 2018, and Plaintiff only learned of the existence of additional responsive documents following the deposition of third-party witnesses in March and August 2019, and during the October 3, 2019 hearing, which Defendants should have, but did not produce. (Doc. 224.)

A hearing on Defendants' *Ex Parte* application was held on October 18, 2019, before the undersigned. Mozhgan Saniefar and Hayley Grunvald appeared by telephone on behalf of Plaintiff Fatemeh Saniefar. Steven Inouye appeared by telephone on behalf of Defendants Moore Law Firm, P.C., Tanya E. Moore, Ronald D. Moore, Zachary M. Best, Marejka Sacks, Mission Law Firm, A.P.C., E. LeRoy Falk, Rick D. Moore, West Coast CASp and ADA Services and Ronny Loreto.

Having considered the parties' briefing and arguments, and the entirety of the record in this action, Defendants' application will be denied for multiple reasons. First, Defendants' application does not comply with Local Rule 144.[1] In relevant part, Local Rule 144 requires that counsel must "seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent" and requests for "extensions brought on the required … date … are looked upon with disfavor." Local Rule 144(d). Here, Defendants' request for an extension of time is untimely, filed six (6) days after the compliance deadline of October 10, 2019. Additionally, Local Rule 144 requires that *ex parte* extensions include an explanation from counsel as to why "a stipulation extending time cannot reasonably be obtained." Local Rule 144(c). In this case, Defendants made no effort to meet and confer with Plaintiff's counsel regarding the inability to meet the court-ordered deadline prior to filing the *ex parte* application, nor is there any indication that Defendants attempted to secure a stipulation to extend time. At the hearing, Defendants proffered no explanation as to why

---

[1] Defendants assert that the instant application is brought pursuant to Local Rule 44. Local Rule 44 does not exist. The Court therefore construes Defendants' *ex parte* application as one for an extension of time pursuant to Local Rule 144.

2

Defendants did not communicate with opposing counsel. Defendants also offered no explanation as to why they did not communicate with the Court regarding their inability to comply with the Court's deadline.

Second, Defendants' application does not demonstrate any "unforeseen circumstances" warranting an extension of time. On October 3, 2019, after numerous conferences on various discovery disputes, the Court held an informal discovery conference with the parties to address Plaintiff's Motion to Compel the Production of Documents in response to Plaintiff's Request for Production, Set One (Doc. 208). At the conference, and in letter briefing, defense counsel affirmatively represented that Defendants would be able to produce either responsive documents or a privilege log for Marejka Sacks and Tanya Moore's communications by October 10, 2019, although Plaintiff requested earlier production. (*See* Doc. 214.) The Court accommodated this representation and ordered that Defendants produce responsive documents or a privilege log for Marejka Sacks and Tanya Moore by October 10, 2019. (Doc. 217.) Defendants knew prior to the hearing that a privilege log likely would be necessary because the documents included communications from attorney Tanya Moore and Ms. Sacks to third parties. Despite this knowledge, defense counsel represented to the Court that the documents or privilege log could be produced by October 10, 2019. It is apparent to the Court that defense counsel had been ill-informed, misinformed or uninformed about the number of potentially responsive documents. At the hearing on October 18, 2019, defense counsel admitted to underestimating the number of text messages potentially responsive to the request, but counsel provided no explanation as to why this discovery of the volume of documents did not occur earlier in this litigation or why it could not have been addressed during the October 3 conference or prior to the expiration of the court-ordered deadline of October 10, 2019. In this day and age of electronic communications, it is fairly inconceivable that such communications were not known to be requested or not provided by Defendants (i.e., withheld) and reviewed until after the last court hearing. The Court therefore does not believe there are excusable unforeseen circumstances, as represented by counsel in the *ex parte* application. Production of the documents requested long ago is now overdue.

Third, the history of this case compels the Court to find that Defendants have waived

privilege and work product protections for the responsive documents. This case is replete with ongoing discovery disputes, possible/probable concealment of information (a defendant's auto-delete function), and even witness tampering. (*See* Doc. 176.) As detailed in Plaintiff's opposition, Plaintiff only became aware that responsive documents existed by happenstance, through third-party productions, and despite Defendants' responses that no such documents or such documents minimally existed. Plaintiff also raised the question of spoliation of evidence when Defendants' document production did not match those of third-party witnesses, which was possibly admitted by a defendant. When brought to the Court's attention that documents existed, but had not been produced, the Court ordered the production of these documents within the timeframe expressly proposed by Defendants. Defendants have failed to meet their own proposed deadline in compliance with the Court's order.

Given this backdrop, and despite defense counsel's assurances, the Court is not convinced that full production of the documents will occur, as it should have, at least months ago, and as it was represented it would be. The Court therefore finds that Defendants have waived certain privileges and protections by the untimely production. Although Plaintiff has requested waiver of *any* privilege for Defendants' long failure to produce texts which admittedly existed, but were never produced, such a request is overbroad notwithstanding the history of this case. The Court therefore finds it appropriate to find waiver as to (1) any privilege or protection of texts between Ms. Moore or Ms. Sacks and other defendants, and (2) any privilege or protection of texts between Ms. Moore or Ms. Sacks with third parties. But, the Court does not find waiver of any privilege or protection of texts as between Ms. Moore or Ms. Sacks and their attorneys of record in this case. *See Burlington Northern & Santa Fe Ry. Co. v. United States Dist. Court for Dist. of Montana*, 408 F.3d 1142, 1148 (9th Cir. 2005) (Failure to produce a privilege log in a particular format or within Rule 34's 30-day time for response may waive the privilege.) Aside from the untimely production, the Court finds that the privileges and protections identified above have been waived because Defendants are, in most part, lawyers or those employed by lawyers. They are sophisticated litigation parties. They know the procedures and mechanisms for production yet have failed to make the necessary production in a timely manner. The assertion now advanced by

Defendants that responding in a timely fashion and with a privilege log was impossible or overly burdensome is hard to justify. Plaintiff repeatedly requested the text documents, initially in October 2018, and through the summer of 2019. The Court does not accept that the text messages were only recently "at issue" at the most recent court hearings. The documents were requested a year ago, were discussed months ago, were the subject of a motion, and were ordered to be produced according to Defendants' proposed schedule, but were not. This newly requested delay is more of the same and smacks of gamesmanship.

For these reasons, Defendants' *ex parte* application is HEREBY DENIED. Defendants SHALL produce responsive documents, as detailed in the Court's October 3, 2019 Order, and subject to the privilege and protection waivers in this order, for Marejka Sacks and Tanya Moore on or before 10:00 a.m. October 21, 2019. If Defendants fail to comply with this Order, Plaintiff may file a separate motion for sanctions, including evidentiary sanctions, witness preclusion, and monetary sanctions.

IT IS SO ORDERED.

Dated: **October 18, 2019**      /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE